KENT SUPERIOR COURT
FILED

06 DEC -1 PM 3:03

STATE OF RHODE ISLAND
KENT, SC.

SUPERIOR COURT

ASTRO-MED, INC.,
Plaintiff,

vs.

KEVIN PLANT,
Defendant.

C.A. No. 06- KC 1112

# VERIFIED COMPLAINT

Plaintiff, Astro-Med, Inc. ("Astro-Med"), for its complaint against defendant, Kevin Plant ("Plant"), alleges as follows:

## PARTIES

1. Astro-Med is a Rhode Island corporation with its principal place of business at 600 East Greenwich Avenue, West Warwick, Rhode Island 02893.

2. Upon information and belief, Plant is a resident of Florida and resides at 402 Randon Terrace, Lake Mary, Florida. Plant is a former District Sales Manager for Astro-Med.

## JURISDICTION

3. This Court has subject matter jurisdiction over this matter because Astro-Med seeks equitable relief and monetary damages in excess of $10,000.

4. This Court has personal jurisdiction over Plant because the Employment Agreement sought to be enforced was entered into in Rhode Island. In addition, Plant has had sufficient contacts with Rhode Island to provide this Court with jurisdiction, including numerous communications with, and trips to, Astro-Med's Rhode Island facility.

True Copy Attest

Office ... Superior Court
County of Kent
Warwick, Rhode Island

## FACTS

**Astro-Med's Business**

5. Astro-Med's Grass Technologies product group manufactures, sells and distributes instruments for sleep and neurological research and clinical applications of sleep science and brain wave recording and analysis. The life sciences industry is extremely competitive, and Astro-Med's customers, distribution, pricing and marketing information systems contribute to its position as a leading supplier of these products. Although the identity of some of its customers may be generally known in the industry, Astro-Med's financial arrangements with its sales people, its marketing strategy and its pricing and cost structure are all highly confidential.

6. Astro-Med actively protects its trade secrets and other confidential information, including its marketing strategies, the details of its arrangements with its dealers and distributors, customer information and pricing and cost policies. It does so by, among other things, requiring its key employees, as a condition of employment with Astro-Med, to execute an agreement not to compete with Astro-Med for a period of one year after employment termination and not to use or disclose confidential information or trade secrets of Astro-Med.

**Plant's Employment with Astro-Med**

7. In October 2002, Plant joined Astro-Med as a Product Specialist, responsible for the demonstration and training of the Grass Technologies product line for Astro-Med sales personnel.

8. Prior to joining Astro-Med, Plant had no experience with sales of medical-neurology products.

9. On July 12, 2004, Astro-Med promoted Plant to District Sales Manager for sales of Grass Technologies products. He was based in Florida.

True Copy Attest
Office [illegible] Superior Court
County of Kent
Warwick, Rhode Island

10. As District Sales Manager, Plant had access to and used Astro-Med's trade secrets, including confidential marketing, pricing, and customer information. During his employment, Plant became intimately familiar with these customers and their preferences, as well as Astro-Med's pricing strategy and cost data. He also had knowledge of Astro-Med's suppliers, products Astro-Med purchased from those suppliers, and to whom those products were sold. Finally, Plant had knowledge and insight as to Astro-Med's research and development efforts with respect to its Grass Technologies product line.

11. At the time he joined Astro-Med, and as a condition of his employment, Plant signed an Employee Agreement (the "Agreement") with the company that contained, in pertinent part, a non-competition provision:

> 4. I recognize that the Company sells its products throughout North America and Europe; as such, upon termination of my employment at the Company, for whatever reason, I shall not directly or indirectly enter into or engage in a business that competes with the Company, in a territory consisting of North America, and Europe, either as an individual, partner, joint venturer, employee, agent or salesman for any person, or as an officer, director or stockholder of a corporation or otherwise, for a period of one year thereafter.

(A true copy of the Agreement is attached hereto as Exhibit A.)

12. Plant also agreed not to disclose Astro-Med's confidential information as detailed in the Agreement:

> 2. That any inventions, discoveries or improvements in any technical data, trade secrets, information or know-how, made, discovered or conceived or acquired by me during the period of my employment, whether patented or not, are to and remain the property of the Company; that, without the written authorization of the Company, I will neither use nor disclose to any person other than my superiors in the Company, any information, trade secrets, technical data or know-how relating to the Company's products, processes, methods, equipment and business practices, which I have acquired during my employment.

True Copy Attest
Office of Clerk of Superior Court
County of Kent
Warwick, Rhode Island

13. The Agreement also contains a choice of law and forum selection clause, which states that the Agreement shall be governed by the laws of the State of Rhode Island, and in which Plant consented to jurisdiction in Rhode Island for any dispute arising out of the Agreement. (Agreement at ¶ 7).

14. In early November, 2006, Astro-Med learned that Plant took a position with Nihon Kohden North America ("Nihon Kohden"), of Foothill Ranch, California – a subsidiary of Nihon Kohden of Japan. Nihon Kohden is an international company that manufactures and sells life sciences equipment similar to that sold by Astro-Med.

15. Nihon Kohden directly competes with Astro-Med throughout the United States and internationally.

16. Astro-Med has an advantage over Nihon Kohden by reason of its confidential pricing, marketing strategies and research and development efforts. This highly confidential information is extremely valuable to Astro-Med and critical to its business. It would be of significant value to Nihon Kohden.

17. Upon information and belief, on or around September 19, 2006, Plant began working for Nihon Kohden as a sales person in the same region of the United States for which he previously worked for Astro-Med, in direct violation of his Agreement. In that capacity, he is improperly soliciting Astro-Med's customers in an effort to divert their business to Nihon Kohden. In fact, Astro-Med has learned that Plant has taken his customer contact lists, handed Nihon Kohden literature to a prospect that Plant was developing for Astro-Med, and has since contacted Astro-Med customers and prospects based on information he learned from his employment with Astro-Med.

True Copy Attest
Office of Clerk of Superior Court
County of Kent
Warwick, Rhode Island

18. Upon information and belief, Plant has knowingly, willfully and maliciously misappropriated and used Astro-Med's trade secrets and other confidential business information.

19. Upon information and belief, Plant has caused and will continue to cause Astro-Med irreparable damage through any further communications or use of Astro-Med's trade secrets and other confidential business information, his employment with Nihon Kohden, and his intentional interference and attempted interference with Astro-Med's customers, business, trade and patronage.

20. Plant has violated R.I.Gen.Laws §§ 6-41-1, *et seq* in that he has, upon information and belief, disclosed or used Astro-Med's trade secrets and confidential information in violation of Rhode Island law and the Agreement.

21. Astro-Med has been damaged thereby as a direct and proximate result of Plant's conduct.

22. Astro-Med has no adequate remedy at law.

**COUNT I**
**(Breach of Contract)**

23. Astro-Med repeats and realleges paragraphs 1 through 22 as if fully set forth herein.

24. Astro-Med and Plant are parties to the Agreement in which Plant agreed not to disclose confidential information obtained during his employment and not to work for a competitor for one year after the termination of his employment with Astro-Med.

25. Plant signed the Agreement as a condition of his employment.

26. Plant breached the Agreement by working for a competitor and using confidential information he obtained through his employment at Astro-Med on behalf of a competitor.

27. Astro-Med has suffered irreparable harm as a result of Plant's breach.

True Copy Attest

Office of Clerk of Superior Court
County of Kent
Warwick, Rhode Island

**COUNT II**
**(Misappropriation of Trade Secrets and Confidential Business Information)**

28. Astro-Med repeats and realleges paragraphs 1 through 27 as if fully set forth herein.

29. While employed at Astro-Med, Plant received trade secrets and other confidential marketing, pricing, product and customer information.

30. Astro-Med maintains the confidentiality of this information, and requires its employees to sign agreements that prohibit disclosure of this information.

31. Plant agreed not to disclose Astro-Med's trade secrets and other confidential information he received from Astro-Med to anyone upon termination of his employment.

32. Upon information and belief, Plant is using Astro-Med's trade secrets and other confidential information to give a competitive advantage to his new employer, a direct competitor of Astro-Med.

33. Upon information and belief, Plant did in fact use Astro-Med's trade secrets and other confidential information to contact business prospects developed during his employment at Astro-Med, and continues to use confidential customer lists to contact clients of Astro-Med on behalf of a competitor.

34. Plant's actual and threatened misappropriation of Astro-Med's trade secrets and other confidential and sensitive business information violates the Agreement and R.I. Gen. Laws §§ 6-41-1 *et seq*.

35. Astro-Med has no adequate remedy of law.

**WHEREFORE**, Astro-Med, Inc. requests that this Court:

A. Temporarily restrain and thereafter preliminarily and permanently enjoin Plant from working for any Astro-Med competitor, including Nihon Kohden or any of Nihon

**True Copy Attest**
**Office of Clerk of Superior Court**
**County of Kent**
**Warwick, Rhode Island**

Kohden's affiliates or subsidiaries, for a period of one year from the date of compliance with the Agreement.

B. Temporarily restrain and thereafter preliminarily and permanently enjoin Plant and others acting for or on his behalf or in concert with him from disclosing and using Astro-Med's trade secrets and confidential information.

C. Award Astro-Med compensatory damages.

D. Award all costs and attorney's fees incurred by Astro-Med in enforcing Plant's obligations under the Agreement and pursuant to R.I. Gen. L. §§ 9-1-45 and 6-41-4.

E. Grant Astro-Med all equitable relief the Court deems necessary and just.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY AND HEREBY DESIGNATES CRAIG M. SCOTT AS TRIAL COUNSEL.**

ASTRO-MED, INC.
By its Attorneys,

Craig M. Scott, Esq. (#4237)
Robert J. O'Keefe, Esq. (#6750)
Duffy, Sweeney & Scott, LTD
One Turks Head Place, Ste 1200
Providence, Rhode Island 02903
(401) 455-0700
(401) 455-0701 (Fax)

Dated: December 1, 2006

True Copy Attest

Office of Clerk of Superior Court
County of Kent
Warwick, Rhode Island

## VERIFICATION

I, Everett V. Pizzuti, upon oath depose and say that:

1. I am the President of plaintiff, Astro-Med, Inc., and am authorized to make this verification for and on its behalf; and

2. I have read the foregoing Verified Complaint and affirm that it is true to the best of my knowledge, except as to matters therein stated to be upon information and belief, and as to those matters, I believe them to be true.

Everett V. Pizzuti
President

STATE OF RHODE ISLAND
COUNTY OF KENT

Subscribed and sworn to before me this 1st day of December, 2006.

My Commission Expires: 6-23-2009

h:\astromed\kevin plant\pleadings\verified complaint

True Copy Attest

Office of Clerk of Superior Court
County of Kent
Warwick, Rhode Island

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
SUPERIOR COURT
CIVIL DOCKET SHEET

Case ID: KC-2006-1112 ASTRO MED INC V KEVIN PLANT

FILED
DEC 07 2006
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

Filing Date: 12-01-2006
Case Status: UNASSIGNED

Case Type: INJUNCTIVE RELIEF
Status Date: 12-01-2006

Plaintiff: ASTRO-MED INC
ID: @10876467

Attorney: ROBERT O'KEEFE

Defendant: KEVIN PLANT
ID: @10876469

Scheduled Events

| Date | Event | Location | Judge |
|---|---|---|---|
| 12-08-2006 | TEMPORARY RESTRAIN ORDER | K 4C | THOMPSON |

Prior Events

| Date | Event | Location | Judge |
|---|---|---|---|

Case Jacket

| Checked Out | Returned | Person | Comments/Text |
|---|---|---|---|

Docket Entry Information

| Date | Description | Text |
|---|---|---|
| 12-01-2006 | COMPLAINT FILED | |
| 12-01-2006 | INITIAL FILING FEE | |
| 12-01-2006 | Payment Applied | A Payment of -$160.00 was made on receipt SCK54818. |

True Copy Att.
Office ... Superior Court
County of Kent
Warwick, Rhode Island