# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,

Plaintiff,

v. C.A. No. 06-533-ML

KEVIN PLANT,

Defendant.

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION

Defendant Kevin Plant, through counsel, hereby opposes Plaintiff's Application for Temporary Restraining Order and Motion for Preliminary Injunction. In support of his Opposition, Plaintiff submits the accompanying memorandum of law.

KEVIN PLANT

By His Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Lisa M. Martinelli
Michael A. Gamboli (#4684)
Lisa M. Martinelli (#6350)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
mag@psh.com
lmm@psh.com

DATED: December 19, 2006

Of Counsel:
E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405
(310) 450-9353
(310) 581-8006 FAX

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing DEFENDANT'S MEMORANDUM IN SUPPORT OF OPPOSITION TO PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION was filed with the Clerk of the United States District Court for the District of Rhode Island this 19th day of December, 2006 and is available for viewing and downloading to the following ECF registered counsel of record:

Robert J. O'Keefe, Esq.
rokeefe@duffysweeney.com

Craig M. Scott
cscott@duffysweeney.com

/

s/ Lisa M. Martinelli

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ASTRO-MED, INC.,

Plaintiff,

v. C.A. No. 06-533-ML

KEVIN PLANT,

Defendant.

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION**

Defendant Kevin Plant, through counsel, submits the following memorandum in support of his Opposition to Plaintiff's Application for Temporary Restraining Order and Motion for Preliminary Injunction.

## I. INTRODUCTION

Plaintiff Astro-Med, Inc. ("Astro-Med") fails to demonstrate, by the required clear showing, that this Court should enjoin its former employee, defendant Kevin Plant ("Plant"), from working as a salesperson for his current employer, Nihon Kohden America, Inc. ("Nihon Kohden"). Plaintiff's request is based on its Complaint, a pleading that, while verified, provides a wholly inadequate basis for granting a preliminary injunction in the instant matter. Plaintiff's allegations consist of factual assertions made upon "information and belief," unsupported legal conclusions, and conjecture as to Mr. Plant's alleged contact with Astro-Med's customers that, as Mr. Plant's Affidavit shows, remain unproven and sharply in dispute. Because its motion rests upon generalized assertions -- which Mr. Plant's affidavit directly and

substantially controverts -- Astro-Med's showing fails to establish its need for, or entitlement to, a preliminary injunction against Mr. Plant.

Simply put, Plaintiff's wish to be free from competition in its business sector is not a protectable interest. *See, e.g.*, Dial Media, Inc. v. Schiff, 612 F. Supp. 1483, 1489 (D.R.I. 1985) (Rhode Island company's requested injunction against its former salesperson working in Florida denied because the non-compete agreement meant to stifle competition). Restraining orders and injunctions are appropriately granted only to enforce valid non-competition agreements. Durapin, Inc. v. American Prods., 559 A.2d 1051, 1057 (R.I. 1989). Here, the alleged "agreement" Astro-Med relies upon for its requested restraining order and preliminary injunction against Mr. Plant is not enforceable. Moreover, Astro-Med has failed to establish irreparable harm to its business, its likelihood of success on the merits, the need to balance equities, or a legitimate need to preserve the status quo. Based upon the foregoing, Plaintiff's motion should be denied.

## II. STATEMENT OF FACTS

Mr. Plant began his employment with Astro-Med in October 2002. (Affidavit of Kevin Plant, hereinafter "Plant Aff.", Exhibit 1, ¶ 2.) Among the documents Astro-Med presented to Mr. Plant upon his acceptance of their employment offer was a document entitled "Employee Agreement," which he signed. (*Id.*) This document contained the non-compete provision at issue in this action. Astro-Med provided no consideration to Mr. Plant for his agreement to the non-compete provision. (*Id.*). After years of dedicated service, in July 2004, Astro-Med promoted Mr. Plant to a sales position for Astro-Med's Grass Technologies product line in the Southeast Region of the U.S. (Plant Aff. ¶ 3.)

Mr. Plant's official new job title at Astro-Med from July 2004 through September 29, 2006, was "District Sales Manager;" his job duties, however, were limited to selling Astro-

Med's Grass Technologies product line to its customers in the Southeast Region. (*Id*.) Mr. Plant's responsibilities included: (a) demonstrating the Grass Technologies products to customers; (b) having purchasing customers sign sales contracts for the products; and (c) putting customers in contact with Astro-Med's billing department. (*Id*.) At no time did Mr. Plant possess or have access to Astro-Med's confidential marketing information, pricing strategies, cost data, or Astro-Med's arrangements with its suppliers. (Plant Aff. ¶ 4.) Additionally, Mr. Plant did not have knowledge of, or insight into, Astro-Med's research and development information, or information about its product pricing. (*Id*.)

In addition to his limited knowledge of product pricing, Mr. Plant's knowledge of Astro-Med's customer information was readily obtainable to the general public. (Plant Aff. ¶ 5.) Mr. Plant's knowledge of Astro-Med's pricing information was limited to the retail prices of Grass Technologies products he sold, and his commission rates on those product sales. The only information Mr. Plant maintained on his customers are obtainable from widely available sources such as the Yellow Pages or the internet. (*Id*.) Nevertheless, upon his departure from Astro-Med on September 29, 2006, Mr. Plant returned to Plaintiff all materials requested of him, including all customer contact information in his possession, without retaining any copies. (*Id*.)

**III. SINCE THE BEGINNING OF HIS EMPLOYMENT WITH NIHON KOHDEN AMERICA IN OCTOBER 2006, MR. PLANT HAS NEITHER DIRECTLY NOR INDIRECTLY SOLICITED ANY OF THE ASTRO-MED CUSTOMERS HE FORMERLY TRANSACTED SALES WITH IN ORDER TO DIVERT THEIR BUSINESS, OR FOR ANY OTHER PURPOSE. (PLANT AFF. ¶ 6.) AT THE START OF HIS CURRENT EMPLOYMENT, NIHON KOHDEN PROVIDED MR. PLANT WITH ITS OWN LIST OF FLORIDA CUSTOMERS, AND FURTHER PROVIDED MR. PLANT WITH SPECIFIC TRAINING ON HOW TO SELL ITS PRODUCTS. THIS INFORMATION AND PRODUCT-SPECIFIC TRAINING PROVIDED MR. PLANT WITH AN EFFECTIVE MEANS TO PERFORM HIS NEW JOB. MR. PLANT HAS NOT USED AND DOES NOT USE -- NOR IS HE REQUIRED OR ENCOURAGED BY NIHON KOHDEN TO USE -- ANY INFORMATION THAT WAS IMPARTED TO HIM BY PLAINTIFF IN CONNECTION WITH HIS ASTRO-MED SALES POSITION. (PLANT AFF. ¶ 7.) ARGUMENT**

**A. <u>PLAINTIFF MADE ONLY GENERALIZED ASSERTIONS IN SUPPORT OF ITS REQUEST FOR A PRELIMINARY INJUNCTION</u>**

1. **<u>Astro-Med has not established, and cannot establish that it faces immediate irreparable injury warranting the imposition of injunctive relief against Mr. Plant. Plaintiff solely relies on its verified Complaint, which contains only generalized allegations, legal conclusions, and factual assertions that are in substantial dispute. These unsubstantiated and nonspecific allegations fall far short of the standard required to restrain Mr. Plant from continued employment at Nihon Kohden.Plaintiff Fails to Meet Its Burden of Persuasion</u>**

Preliminary injunction is an extraordinary remedy, which requires the moving party to satisfy its burden of persuasion by a "clear showing." <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997). While a verified complaint or supporting affidavits may provide an adequate basis for granting preliminary injunction, if the proffered "facts" consist largely of general assertions that are substantially controverted by the defendant's counter-affidavits, injunctive relief should be denied. <u>K-2 Ski Co.</u>, 467 F. 2d 1987, 1088-1089 (9th Cir. 1972). Moreover, requests for preliminary injunction should be denied when the plaintiff's key allegations are made only upon "information and belief," and the defendant has by affidavit put the facts sharply in dispute. <u>Bartholomew *et al.* v. Port</u>, 309 F. Supp. 1340, 1343 (E.D. Wisc. 1970).

2. **<u>Plaintiff's Key "Facts" Are Based Upon "Information And Belief"</u>**

Plaintiff utterly failed to offer the required factual support for its assertion that Mr. Plant improperly solicited its customers, took customer contact lists, provided Plaintiff's customers with literature about Nihon Kohden, misappropriated trade secrets, or that he would, absent an injunction, cause Plaintiff irreparable harm. Plaintiff's only supporting evidence is based upon "information and belief." (Plaintiff's Verified Complaint ("Complaint") ¶¶ 17, 18, 19, 20, 32 and 33.) Paragraphs 17, 28, 19, 20, 32 and 33 contain the only support for Plaintiff's assertion of a threat of "immediate irreparable harm" -- the primary prerequisite for a party requesting injunctive relief. <u>Paramount Office Supply Co., Inc. v. D.A. MacIsaac, Inc. *et al.*</u>, 524

A. 2d 1099, 1102 (1987). However, allegations made merely upon "information and belief," are insufficient to warrant a preliminary injunction. Bartholomew, 309 F. Supp. at 1343. Without more, Plaintiff's motion for the extraordinary remedy sought against Mr. Plant is factually deficient and should be denied.

**3. The Remainder of Plaintiff's Verified Complaint Consists Of Legal Conclusions And Disputed Facts**

Most of Plaintiff's remaining allegations consist of legal conclusions, or are directly and sharply disputed by Mr. Plant. When facts offered to support a motion for preliminary injunction consist largely of generalized assertions that counter-affidavits substantially controvert, courts should deny the requested relief. K-2 Ski Co., 467 F. 2d at 1088-1089 (district court's granting of preliminary injunction set aside as reversible error where moving party's evidence was lacking and controverted by counter-affidavits). Plaintiff's motion falls squarely within the scope of K-2 Ski Co., and for the same reasons should fail.

In support of its breach of contract and misappropriation charges, Plaintiff claims Mr. Plant breached the "Employee Agreement" with Plaintiff and that the alleged breach violates the Uniform Trade Secrets Act. (Complaint ¶¶ 20, 26, 27, and 34.) These are but legal conclusions that the President of Astro-Med, Everett V. Pizzuti, is not qualified to make. Thus, such unfounded assertions should not be considered in the Court's ruling on Plaintiff's motion.

Plaintiff's legal conclusions are also based on facts Mr. Plant disputes in his supporting affidavit. Specifically, Mr. Plant disputes that he possessed, or had access to, Astro-Med's confidential marketing information, pricing strategies, cost data, or Astro-Med's arrangements with its suppliers. (Plant Aff. ¶ 4.) Mr. Plant also disputes that his job duties consisted of anything other than selling Plaintiff's Grass Technologies product line within the Southeast Region of the U.S. (Plant Aff. ¶ 3.) Finally, Mr. Plant has not used nor does he intend to use any information by Astro-Med. Further, Mr. Plant's current employer has neither

encouraged nor required him to use any Astro-Med information, nor will it do so in the future. -- nor has he been required or encouraged in his current employment to use -- any information imparted to him by Astro-Med. (Plant Aff. ¶ 7.)

## B. THE NON-COMPETE PROVISION SHOULD NOT BE ENFORCED

Even assuming its verified Complaint contains support for Plaintiff's motion for a preliminary injunction, Astro-Med cannot establish that its non-compete provision is enforceable. Plaintiff cites Durapin, Inc. v. American Prods., 559 A.2d 1051, 1057 (R.I. 1989) for the elements of an enforceable non-competition covenant. However, Plaintiff mischaracterizes the elements; they are actually much more limited than Astro-Med describes. According to Durapin, the party seeking to enforce a non-competition provision must show that:

(1) the non-compete clause is an ancillary provision to a valid transaction or relationship, such as an employment contract;

(2) the non-compete provision is independently supported by adequate consideration; and

(3) a legitimate business interest exists that the non-compete provision is designed to protect.

Durapin, *supra*, 559 A.2d at 1053. Astro-Med's "Employee Agreement" fails this test.

### 1. **No Legitimate Business Interests Would Be Protected By Granting Astro-Med's Request For Injunctive Relief**

"Protection of confidential information and goodwill" are the only legitimate interests the moving party may establish by the evidence. Nestle Food Co. v. Miller, 836 F. Supp. 69 (D.R.I. 1993). The former employer's mere desire to be free from competition, by itself, is not a "protectable interest." Nestle Food, 836 F. Supp. at 75, n.19. An example of a protectable interest is specialized training provided by an employer to teach an employee to perform special tasks or peculiar services. Dial Media, Inc. v. Schiff, 612 F. Supp. 1483, 1489 (D.R.I. 1985). Accordingly, Plaintiff must demonstrate that its non-compete provision is

designed to safeguard a protectable interest, such as the protection of confidential information or to safeguard its investment in an employee's specialized training.

Despite the language contained in Astro-Med's "Employee Agreement" that seeks to protect the "design, development or manufacture of Astro-Med's products", Mr. Plant never participated in nor had any knowledge of the design, development or manufacture of Astro-Med's products. (Plant Aff. ¶ 3.) Moreover, Mr. Plant received no specialized training from Plaintiff. (Plant Aff. ¶ 5).

It appears that Astro-Med's primary objective in seeking injunctive relief is to insulate itself against or to lessen business competition. Plaintiff's only evidence supporting any other purpose is merely based upon "information and belief" or on the (controverted) facts in its Complaint, including its unfounded assertions that: (i) Mr. Plant solicited Astro-Med customers;[1] (ii) Mr. Plant disclosed Astro-Med's pricing information to his current employer; and (iii) Astro-Med uniformly enforces non-competition restrictions against its former employees. (Complaint ¶ 17, 18, and 19; *cf.* Plant Aff. ¶¶ 6, 7, and 8.) These unsupported and disputed allegations do not warrant granting the requested injunction for the purpose of reducing legitimate competition.

2. **Plaintiff Provided No Consideration For The Non-Compete Provision And Did Not Require A Separate Non-Compete Agreement After Materially Changing The Employment Relationship**

Because Plaintiff provided no additional employment benefits for Mr. Plant's signing the "Employee Agreement," the "Employee Agreement" was not supported by consideration. Moreover, Plaintiff did not require Mr. Plant to execute a separate non-compete agreement after promoting him to "District Sales Manager."

[1] Astro-Med alleges that Mr. Plant solicited its customers, but does so only on information and belief. Mr. Plant specifically denies this allegation. (Plant Aff. ¶¶ 6 - 7).

Continuation of Mr. Plant's employment was not conditioned on signing the Agreement. (Plant Aff. ¶ 2.) Continued employment is not sufficient consideration for a non-competition agreement, as "courts now appear to refuse to enforce non-competition and non-solicitation agreements when the only purported consideration is the employee's continued employment." Ikon Office Solutions, Inc. v. Belanger, 59 F. Supp. 2d 125, 131 (D.Mass. 1999) (applying Massachusetts law).

Despite Plaintiff's reliance on Nestle Food Co. v. Miller, 836 F. Supp. 69 (D.R.I. 1993), for the proposition that continued employment is adequate consideration for a non-compete agreement, the Nestle court in fact explained that in Rhode Island this issue remains unsettled. Nestle, 836 F. Supp. at 78. The court stated that, because "Nestle stated [its] intention to terminate Miller unless he execute[d] the [non-compete] covenant," there was support for the conclusion that "consideration [of continued employment] is sufficient." 836 F. Supp. at 77, n. 32 (Emphasis added). Moreover, as here, when there is a material change in the employment relationship, prior employment agreements[2] are voided. *See, e.g.*, AFC Cable Sys. v. Clisham, 62 F. Supp. 2d 167 172-73 (D.Mass. 1999) (applying Massachusetts law).

Plaintiff did not condition Mr. Plant's continued employment upon his executing a non-competition covenant, and Astro-Med's motion fails to establish the existence of any such terms for Mr. Plant's continued employment. (Plant Aff. ¶¶ 2 and 3.) Additionally, when Mr. Plant was promoted to District Sales Manager approximately two years after signing the "Employee Agreement," he did not execute a separate non-compete agreement applicable to his new position. (*Id.*) Therefore, Astro-Med's "Employee Agreement" is unenforceable for lack of

[2] It is Mr. Plant's position, however, that he did not have a prior employment agreement with Astro-Med or any employment agreement with Astro-Med. However, assuming that the October 16, 2002 document was an employment agreement, it was nullified by the subsequent material change in Mr. Plant's employment position.

consideration and because Astro-Med never required Mr. Plant to execute a separate non-compete agreement when he became a "District Sales Manager" in 2004.

### 3. **The Non-Competition Restriction Is Overly Broad**

Even if the non-competition provision is deemed enforceable and Astro-Med establishes a legally protectable interest, its request for a restraining order should be denied as excessive and overly broad. As the court in Nestle explained, more balanced restrictions can both protect the former employer's legitimate business interests and the former employee's right to continue working:

> [I]nstead of going to the extreme of prohibiting its salesmen from working for a competitor for one year, a more effective, practical and fair way for Nestle to protect this customer base is to prohibit its former salesman from: 1) ever revealing or using any "confidential information" learned while at Nestle, and 2) soliciting the salesman's former customers for the period of one year. This modified provision gives Nestle's new salesman a fair chance to maintain his predecessor's "customer base" by preventing the former salesman from taking advantage of the special relationship the former salesman shares with Nestle customers, it protects Nestle's confidential information, and it gives the former Nestle salesman a chance to start fresh in a new company.

Nestle, *supra*, 836 F. Supp. at 76. Mr. Plant, by affidavit, has confirmed that he has not solicited Astro-Med's customers nor disclosed any of Astro-Med's confidential information to his current employer (as he has none of this information to disclose). Plaintiff's contrary allegations are baseless and untrue.

Astro-Med's geographic restriction is also overly broad. In Nestle, the restricted territory is "no broader than the territory covered by the salesman when he worked for Nestle." Nestle, *supra*, at 75. Here, however, Plaintiff seeks to restrict Mr. Plant's employment throughout North America and Europe, even though Mr. Plant's actual territory was limited to

Florida. Such overly broad geographic restrictions are unenforceable. *See, e.g.*, Dryvit Sys. v. Healy, 1989 R.I. Super. LEXIS 105, *13-*15 (C.A. KC89-45 Campanella, J.) (when a "restrictive covenant proscribes an activity, a geographic or a time restraint that is more extensive than what is necessary to protect his legitimate interests it is unreasonable").

Moreover, Astro-Med's sales restriction is overly broad. Mr. Plant worked in one division of Astro-Med, yet the non-competition restriction purports to prohibit Mr. Plant from working in the data recording and product labeling industries, industries in which Astro-Med sells products, but areas which Mr. Plant never worked during his employment at Astro-Med. (*See* Astro-Med's website: http://www.astro-med.com).

**C. Plaintiff's Failure To Enforce Similar Agreements Against Other Former Employees Warrants Denial Of Its Request**

An employer's failure to enforce non-competition agreements against other former employees is grounds for denying a preliminary injunction. Narragansett Coated Paper Corp. v. LaPierre, 1998 R.I. Super. LEXIS 75, *11 (C.A. No. PC97-2842, Israle, J.) (preliminary injunction denied where the moving party "singled out" the defendant for enforcement of non-competition provision). If an employer is unwilling to enforce such agreements against some former employees, it is reasonable to assume the non-compete provision is not "reasonably necessary to protect the confidentiality of its unique products and processes." *Id.* In this case, despite its contrary assertions, enforcement of Astro-Med's non-compete provision against Mr. Plant is not reasonably necessary to protect its confidential business information. In fact, Plaintiff opted not to pursue non-competition claims against at least two of its former employees, both of whom signed "Employee Agreements" similar to Mr. Plant's. (Plant Aff. ¶ 8). Thus, Plaintiff should be precluded from enforcing the same or a similar claim against Mr. Plant.

## IV. CONCLUSION

Astro-Med's request to enjoin Mr. Plant from earning a living practicing his trade as a salesperson is based on a restrictive provision that is overbroad, aimed at eliminating fair competition, and only selectively enforced. Plaintiff's arguments for a preliminary injunction, based only upon "information and belief," generalized assertions, and substantially controverted "facts," do not meet the prerequisites for granting such extraordinary relief. Mr. Plant should not be enjoined from engaging in his trade and performing his job at Nihon Kohden based on unsupported, untrue accusations.

WHEREFORE, Defendant Kevin Plant respectfully requests that the Court deny Plaintiff's Motion for a Preliminary Injunction.

Alternatively, should the court be inclined to grant any part of Plaintiff's motion, Defendant Plant requests that Astro-Med be made to post a bond, pursuant to Federal Rules of Civil Procedure 65(c), in an amount sufficient to cover the payment of any costs and damages that may be incurred or suffered by Mr. Plant if he is found to have been wrongfully enjoined or restrained.

KEVIN PLANT

By His Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Lisa M. Martinelli
Michael A. Gamboli (#4684)
Lisa M. Martinelli (#6350)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
mag@psh.com
lmm@psh.com

DATED: December 19, 2006

Of Counsel:
E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405
(310) 450-9353
(310) 581-8006 FAX

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing DEFENDANT'S MEMORANDUM IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION was filed with the Clerk of the United States District Court for the District of Rhode Island this 19th day of December, 2006 and is available for viewing and downloading to the following ECF registered counsel of record:

Robert J. O'Keefe, Esq.
rokeefe@duffysweeney.com

Craig M. Scott, Esq.
cscott@duffysweeney.com

/s/ Lisa M. Martinelli 892356_1/5866-2