# AFFIDAVIT OF KEVIN PLANT

I, Kevin Plant, declare as follows:

1. I am a citizen of the State of Florida over the age of eighteen. The matters set forth herein are based upon my personal knowledge, and if called upon as a witness, I could and would testify competently thereto.
2. I was employed by Astro-Med, Inc. ("Astro-Med"), beginning in October 2002, until September 29, 2006. Among the documents that Astro-Med presented to me upon my acceptance of their employment offer was a document entitled "Employee Agreement," which I signed. The "Employee Agreement" contained language regarding restrictions on competition with Astro-Med. I received no money, services, or anything else from Astro-Med in exchange for signing the "Employee Agreement."
3. From July 2004 to September 29, 2006, I worked as a salesperson for Astro-Med. My official job title at Astro-Med was "District Sales Manager," however, I worked solely as a salesperson during this time period and my responsibilities were limited to selling Astro-Med's Grass Technologies product line to its customers in the southeast region of the United States, including the State of Florida. My responsibilities as an Astro-Med salesperson included:
    a. Demonstrating the Grass Technologies products to customers;
    b. Having the customer sign a sales contract; and
    c. Putting the customer in touch with Astro-Med's billing department.
4. During the entirety of my employment as a salesperson with Astro-Med, I never possessed nor had access to Astro-Med's confidential marketing information, pricing strategies, cost data, or Astro-Med's arrangements with its suppliers. During my employment as a salesperson for Astro-Med, I did

not have knowledge of or insight into Astro-Med's research and development information. In fact, the information I did have about the pricing of Astro-Med's products was limited to the retail prices of the Grass Technologies products I sold, and my commission rates for the sale of these products.

5. At the time I began working in my position as an Astro-Med salesperson, Astro-Med provided me with very little training and a laptop computer that contained customer contact information. All of the other customers I interacted with during my employment with Astro-Med, I found by making "cold calls" to cardiology and neurology personnel at hospitals, and to companies listed in the phone book or listed on the internet. All of the customer information that I received from Astro-Med or that I gathered during my employment with Astro-Med is readily obtainable from sources available to the general public. Upon my departure from Astro-Med in September 2006, I returned to Astro-Med my entire database of customer contact information, in addition to returning all other materials Astro-Med requested from me. I did not retain any copies of any of Astro-Med's information in any form.

6. On October 1, 2006, I began my current employment with Nihon Kohden America, Inc. ("Nihon Kohden") as a salesperson covering the State of Florida. In my employment with Nihon Kohden, I have neither directly nor indirectly solicited any Astro-Med customers for the purpose of diverting their business to Nihon Kohden, or for any other purpose. I do not intend to solicit Astro-Med customers for a period of at least one year from the date of my departure from Astro-Med.

7. In my employment with Nihon Kohden, I have been provided with a list of Nihon Kohden's customers in Florida, and with training on how to sell Nihon Kohden's products, which helps me to effectively perform my job. I have not,

and do not, nor am I required to or encouraged to, use any information imparted on me by Astro-Med in my current position with Nihon Kohden.

8. During my employment with Astro-Med, I learned of several employees leaving Astro-Med to work for other employers, who directly compete with Astro-Med's business. To my knowledge, Astro-Med did not pursue enforcement of at least two former employees' non-compete provisions contained in their "Employee Agreements" with Astro-Med. These former Astro-Med employees are Guy Casler and Darren Jones.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Lake Mary, Florida, on December 19, 2006.

Kevin Plant, Affiant

STATE: FLORIDA COUNTY: SEMINOLE

NOTARY:

Subscribed and sworn to before me this 19TH day of December, 2006. BY KEVIN PLANT WHO PROVIDED A DRIVERS LICENSE AS PROOF OF IDENTITY.

NOTARY PUBLIC-STATE OF FLORIDA
Patrick C. Halpenny
Commission # DD472356
Expires: NOV 03, 2009
Bonded Thru Atlantic Bonding Co., Inc.

PATRICK C. HALPENNY

My Commission Expires: 11/3/2009