# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,

Plaintiff,

v.

KEVIN PLANT,

Defendant.

C.A. No. 06-533-ML

## DEFENDANT KEVIN PLANT'S ANSWER TO VERIFIED COMPLAINT

Defendant Kevin Plant ("Plant"), hereby answers the Verified Complaint of Plaintiff Astro-Med, Inc. ("Astro-Med"), as follows:

## PARTIES

1. Admitted.

2. Admitted.

## JURISDICTION

3. Defendant denies the allegations contained in paragraph 3 of the Complaint.

4. Defendant denies the allegations contained in paragraph 4 of the Complaint.

## FACTS

5. Except as so admitted, Defendant denies each and every allegation contained in paragraph 5. Defendant admits those portions of the allegations contained in paragraph 5 of the Complaint that read "Astro-Med's Grass Technologies product group manufactures, sells and distributes instruments for sleep and neurological research and clinical applications of sleep science and brain wave recording and analysis" on a limited basis. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the portions of the allegations

contained in paragraph 5 that read "The life sciences industry is extremely competitive, and Astro-Med's customers, distribution, pricing and marketing information systems contribute to its position as a leading supplier of these products," and on that basis denies this allegation.

6. Except as so admitted, Defendant denies each and every allegation contained in paragraph 6 of the Complaint. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the portions of the allegation contained in paragraph 6 that read "It does so by, among other things, requiring its key employees, as a condition of employment with Astro-Med, to execute an agreement not to compete with Astro-Med for a period of one year after employment termination and not to use or disclose confidential information or trade secrets of Astro-Med."

7. Admitted.

8. Admitted.

9. Admitted.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Except as so admitted, Defendant denies each and every allegation contained in paragraph 11 of the Complaint. Defendant admits those portions of the allegations contained in paragraph 11 of the Complaint that he "signed an Employee Agreement (the "Agreement") with the company that contained, in pertinent part, a non-competition provision." Defendant also admits the language quoted in paragraph 11 of the Complaint is an excerpt from this Agreement. However, Defendant denies any implication that the alleged non-competition provision is enforceable or legally valid.

12. Except as so admitted, Defendant denies each and every allegation contained in paragraph 12 of the Complaint. Defendant admits those portions of the allegations contained in paragraph 12 of the Complaint that read "Plant also agreed not to disclose Astro-Med's

confidential information as detailed in the Agreement." Defendant also admits the language quoted in paragraph 12 of the Complaint is an excerpt from this Agreement. However, Defendant denies that the Agreement is enforceable or legally valid.

13. Except as so admitted, Defendant denies each and every allegation contained in paragraph 13 of the Complaint. Defendant admits those portions of the allegations contained in paragraph 13 of the Complaint that read "The Agreement also contains a choice of law and forum selection clause, which states that the Agreement shall be governed by the laws of the State of Rhode Island, and in which Plant consented to jurisdiction in Rhode Island for any disputes arising out of the Agreement. (Agreement at ¶ 7)." However, Defendant denies that the Agreement is enforceable or legally valid.

14. Except as so admitted, Defendant denies each and every allegation contained in paragraph 14 of the Complaint. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the portions of the allegation contained in paragraph 14 that read "In early November 2006, Astro-Med learned that Plant took a position with Nihon Kohden North America ("Nihon Kohden"), of Foothill Ranch, California – a subsidiary of Nihon Kohden of Japan," and on that basis denies this allegation.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Except as so admitted, Defendant denies each and every allegation contained in paragraph 16 of the Complaint. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the portions of the allegation contained in paragraph 16 that read "This highly confidential information is extremely valuable to Astro-Med and critical to its business," and on that basis denies this allegation.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 22, and on that basis denies each and every allegation contained therein.

**COUNT I**
**(Breach of Contract)**

23. Defendant repeats and realleges his answers to paragraphs 1-22 as if each were fully set forth herein.

24. Except as so admitted, Defendant denies each and every allegation contained in paragraph 24 of the Complaint. Defendant admits those portions of the allegations contained in paragraph 24 of the Complaint that read "Astro-Med and Plant are parties to the Agreement in which Plant agreed not to disclose confidential information obtained during his employment and not to work for a competitor for one year after the termination of his employment with Astro-Med." However, Defendant denies that the Agreement is enforceable or legally valid.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

**COUNT II**
**(Misappropriation of Trade Secrets and Confidential Business Information)**

28. Defendant repeats and realleges his answers to paragraphs 1-27 as if each were fully set forth herein.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 30, and on that basis denies each and every allegation contained therein.

31. Except as so admitted, Defendant denies each and every allegation contained in paragraph 31 of the Complaint. Defendant admits those portions of the allegations contained in paragraph 31 of the complaint that read "Plant agreed not to disclose Astro-Med's trade secrets and other confidential information he received from Astro-Med to anyone upon termination of his employment." However, Defendant denies that the Agreement is enforceable or legally valid.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 35, and on that basis denies each and every allegation contained therein.

WHEREFORE, Defendant prays as follows:

A. That Astro-Med, Inc. take nothing by reason of its complaint, that judgment be rendered in favor of Defendant;

B. That Defendant be awarded his costs of suit incurred in defense of this action, including reasonable attorneys' fees; and

C. For such other relief the Court deems just and proper.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

The Complaint fails to state a claim against defendant upon which relief can be granted.

**Second Affirmative Defense**

Any recovery on Astro-Med's Complaint, or any causes of action alleged therein, is barred, because Astro-Med's agreement with Defendant lacked consideration.

**Third Affirmative Defense**

Any recovery on Astro-Med's Complaint, or any causes of action alleged therein, is barred, because Astro-Med's agreement with Defendant is unenforceable.

**Fourth Affirmative Defense**

Any recovery on Astro-Med's Complaint, or any causes of action alleged therein, is barred under the doctrine of unclean hands.

**Fifth Affirmative Defense**

Any recovery on Astro-Med's Complaint, or any causes of action alleged therein, is barred, because Astro-Med's agreement with Defendant is contrary to public policy.

**Sixth Affirmative Defense**

Any recovery on Astro-Med's Complaint, or any causes of action alleged therein, is barred because it would constitute an unreasonable restraint on trade or business.

**Seventh Affirmative Defense**

Any recovery on Astro-Med's Complaint, or any causes of action alleged therein, is barred under the doctrine of laches.

**Eighth Affirmative Defense**

Any recovery on Astro-Med's Complaint, or any causes of action alleged therein, is barred under the doctrine of estoppel.

**Ninth Affirmative Defense**

Any recovery on Astro-Med's Complaint, or any causes of action alleged therein, is barred under the doctrine of waiver.

KEVIN PLANT

By His Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Lisa M. Martinelli
Michael A. Gamboli (#4684)
Lisa M. Martinelli (#6350)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
mag@psh.com
lmm@psh.com

DATED: December 22, 2006

Of Counsel:
E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405
(310) 450-9353
(310) 581-8006 FAX

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing DEFENDANT KEVIN PLANT'S ANSWER TO VERIFIED COMPLAINT was filed with the Clerk of the United States District Court for the District of Rhode Island this 22nd day of December, 2006 and is available for viewing and downloading to the following ECF registered counsel of record:

Robert J. O'Keefe, Esq.
rokeefe@duffysweeney.com

Craig M. Scott, Esq.
cscott@duffysweeney.com

/s/ Lisa M. Martinelli

892897_1/5866-2