UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,
Plaintiff,

vs. C.A. No. 06-533 ML

KEVIN PLANT,
Defendant.

**STIPULATED PROTECTIVE ORDER**

Plaintiff, Astro-Med, Inc., and Defendant, Kevin Plant, through their respective counsel, stipulate and agree pending further order of the Court, that the following procedures designed to assure the protection of confidential information not already in public domain shall govern any discovery, including discovery from non-parties, in this action.

NOW THEREFORE, IT IS HEREBY STIPULATED by and among the parties to this Action, through their respective counsel, as follows:

1. This Order shall govern the use, designation and handling of all "Produced Information." As used in this Order, "Produced Information" means all documents, materials, discovery responses, testimony, and other information provided in response to a formal discovery request made in connection with this action and all documents, materials and other information provided by, or obtained in connection with this action from, any person who is subject to a fiduciary duty, confidentiality agreement or other obligation to keep the documents, materials or other information confidential.

2. Only information related to nonpublic, confidential information or proprietary information that is not generally available may be designated as "CONFIDENTIAL." Only information related to proprietary, trade secret, confidential research, development, business,

financial or commercial information may be designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY." The designation of any document or information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," pursuant to the tenors of this Order shall constitute the verification of counsel of record of the designating party that at least one of them has reviewed the document or information and that the designation is, in the good faith judgment of counsel, consistent with the terms of this Order.

3. As used in this Order, "Confidential Information" means any document or information designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," pursuant to this Order.

4. As used in this Order, "document" or "documents" shall have the same definition as in the Federal Rules of Civil Procedure and the Local Rules of this District.

5. Nothing in this Order shall prevent disclosure beyond the terms of this Order if either the designating person consents in writing to such disclosure or the Court allows such disclosure upon good cause shown.

6. As used in this Order, "Producing Party" shall refer to any person or entity providing "Produced Information" in connection with this litigation. "Produced Information" may be designated as "CONFIDENTIAL" or "CONFIDENTIAL- ATTORNEYS' EYES ONLY" by any party to this action, or by the non-party providing such "Produced Information," if the designator reasonably believes that the information meets the standards set forth in Paragraph 2.

7. Information shall be designated as "CONFIDENTIAL" in the following manner:

(a) In the case of documents reduced to paper form, the confidentiality designation shall be made by placing the legend "CONFIDENTIAL – SUBJECT TO

PROTECTIVE ORDER" on the document in a manner sufficient to identify the document as entitled to confidential treatment in this action. A Producing Party shall designate documents as confidential at or before the time of production, except that if a Producing Party inadvertently fails to designate documents as confidential upon their production, the Producing Party does not waive its right to designate the documents as confidential by giving written notice to all parties to this action within thirty (30) days of production. In addition, a party other than the Producing Party may designate documents as confidential by giving written notice to all parties to this action within thirty (30) days of the date on which, exercising reasonable diligence, that designating party becomes aware of their production. In either case, all parties shall then stamp or otherwise mark the designated documents as confidential with the legend described above.

(b) Information produced or provided on a computer disk, data tape or other medium that has not been reduced to paper form may be designated as Confidential Information by informing counsel for the parties to this action in writing that the computer disk, data tape or other medium contains confidential information. To the extent practical, such physical medium should also be appropriately labeled as set forth above. The party receiving such Confidential Information under this Paragraph 7(b) shall then be responsible for appropriately labeling any printed version(s) of said Confidential Information which it creates after receiving the information in electronic format.

(c) In the case of deposition testimony, the Producing Party or any party to this action may designate information disclosed during a deposition as "CONFIDENTIAL" either by identifying on the record at the deposition the material that is to be treated as confidential or by marking the portions of the deposition record to be designated as "CONFIDENTIAL"

within thirty (30) days after receipt of the transcript. When the deponent and the attending parties do not agree to waive the reading, correcting, and signing of the transcript, all information disclosed during a deposition shall be treated as "CONFIDENTIAL" before the expiration of the 30-day period unless otherwise agreed by the parties and the deposition witness. If any deposition testimony or any document or information used during the course of a deposition is designated as confidential, each page of the deposition record reflecting such material shall be stamped "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER," and the first page of the deposition record shall be stamped in a manner that makes it readily apparent that the deposition record contains Confidential Information.

8. Information shall be designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" in the same manner as information designated "CONFIDENTIAL," with the exception that such information shall be stamped "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

9. Confidential Information may be referred to in discovery, discovery responses, motions, briefs or other papers filed with the Court and may be used in depositions, oral arguments or at trial in this action either as exhibits or as the basis for questions. Confidential Information shall be filed under seal and shall be processed and retained by the Court in accordance with its rules. All materials kept under seal shall be available to the Court and to counsel for the parties for viewing and/or copying.

10. Materials marked "CONFIDENTIAL" shall not be disclosed, directly or indirectly, to any person other than:

(a) the Court and necessary Court personnel;

(b) up to three employees, officers and/or directors of each named party in this action, not including any in-house counsel responsible for this action;

(c) the attorneys for any named party to this action and support staff assisting such counsel, including in-house attorneys for any named party to this action;

(d) any copy service assisting counsel in this action;

(e) court reporters performing necessary duties in this action;

(f) any person who authored or received the document or information before its designation as Confidential Information;

(g) any expert retained or consulted by any party in connection with this action; and

(h) any other person whom a named party intends, in good faith, to call as a witness in any deposition, hearing or at trial in this action (and that person's attorney(s)) to the extent reasonably necessary to give his or her testimony.

11. Materials marked "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall not be disclosed, directly or indirectly, to any person other than:

(a) the Court and necessary Court personnel;

(b) the attorneys and support staff assisting such counsel for the discovering party, including one in-house attorney;

(c) any copy or computer service assisting counsel in this action;

(d) court reporters performing necessary duties in this action;

(e) any person who authored or received the document or information before its designation as Confidential Information; and

(f) any expert retained or consulted by any party in connection with this action.

12. Before receiving access to any Confidential Information, all persons to whom

Confidential Information is disclosed pursuant to ¶¶ 10 (b), (g) and (h); and/or 11 (f) of this Order, shall be required to sign the Confidentiality Acknowledgement in the form attached hereto as Exhibit A. The party disclosing any Confidential Information to said persons shall maintain the original acknowledgment and need not produce it, except by agreement or upon order of the Court for good cause shown.

13. All produced information shall be used solely in connection with this litigation and the preparation and trial of this action, or any appellate proceeding arising from this action, and not for any other purpose, including, without limitation, any other litigation or any business, competitive or governmental purpose or function.

14. Should any party object to the designation of material and the objection cannot be resolved informally, then the objecting party may move for an order determining that the material was not properly designated. At such time, the material at issue may be submitted to the Court for *in camera* inspection. The designating party shall have the burden of showing that the information is entitled to confidential treatment. Until the Court rules to the contrary, all material designated as Confidential Information shall be treated as such pursuant to this Order.

15. If Confidential Information is called for in a subpoena or other process by someone who is not a party to this action, the party to whom the subpoena or other process is directed shall promptly given written notice thereof to each person that has designated the Confidential Information and shall not produce the documents or information until (a) ten (10) days after providing written notice or (b) the return date of the subpoena or other process, whichever is later.

16. Within sixty (60) days of a written request by the Producing Party following the conclusion of this action, including any appeals, all Confidential Information, including copies, shall be returned to the Producing Party or shall be destroyed, at the election of the person or entity

in possession of the Confidential Information, unless otherwise ordered by the Court, or a motion is pending seeking relief from this paragraph. If the person or entity in possession of Confidential Information elects to destroy that information rather than return it to the Producing Party, then such person or entity shall provide to the Producing Party within twenty-one (21) days of destroying the Confidential Information a signed, sworn statement attesting that the Confidential Information has been destroyed. This paragraph shall not be construed to require the return or destruction of any regularly maintained litigation files held by the attorneys for each party as archival records or other attorney work-product created for any party. Any Confidential Information, or portions or excerpts thereof, which are not destroyed or returned pursuant to this paragraph, shall remain subject to the terms of this Order.

17. The terms of this Order do not preclude, limit, restrict or otherwise apply to the use of documents at trial, except that an unmarked copy of a document marked confidential will be used at trial if, any party so requests and provides an unmarked copy of that document. The placing of any confidentiality designation or a production identification number on the face of a document shall have no effect on the authenticity or admissibility of that document at trial.

18. This Order shall survive the final determination of this action and shall remain in full force and affect after conclusion of all proceedings in this action to provide this Court with ancillary jurisdiction to enforce its terms.

19. Nothing in this Order shall be construed to waive any right that any party may have to object to any demand for production of any documents or other method of obtaining information in this action, and nothing in this Order shall be construed to preclude any party from disclosing or otherwise using information that is not subject to the terms of this Order.

20. Filing with the Court of any document or information that is subject to this

protective order shall be considered a disclosure unless the document or information is filed under seal. No document or information may be filed under seal without prior authorization from the Court. The parties shall make every effort to avoid seeking to file documents or information under seal. Any order authorizing the filing of documents or information under seal or prohibiting the disclosure of information, shall be subject to review at the request of any party, any member of the public, or the Court *sua sponte.*

Submitted and Agreed to:

ASTRO-MED, INC.

Craig M. Scott, Esq. (# 4237)
Robert J. O'Keefe, Esq. (#6750)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile

KEVIN PLANT

Michael A. Gamboli (#4684)
Lisa M. Martinelli (#6350)
Partridge Snow & Hahn, LLP
180 South Main Street
Providence, RI 02903
(401) 861-8200-telephone
(401) 861-8210-facsimile

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

ENTERED as an Order of this Court this 27th day of December, 2006.

ENTERED:

USDJ 12/27/06 J.

PER ORDER:

Clerk

*H:\Clients\Astro-Med\Plant, Kevin\Pleadings\06-0533 USDC\Stip Protective Agrmt 12-22-06.doc*