# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ASTRO-MED, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN PLANT,<br><br>Defendant. | C.A. No. 06-533-ML |

## DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S INTERIM INJUNCTION ORDER

Defendant Kevin Plant, through counsel, hereby requests reconsideration of this Court's December 28, 2006 Interim Injunction Order on the grounds of newly discovered evidence and failure to comply with Federal Rules of Civil Procedure 65(c). In support of his Opposition, Plaintiff submits the accompanying Memorandum of Law with attached Exhibits.

KEVIN PLANT

By His Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Lisa M. Martinelli
Michael A. Gamboli (#4684)
Lisa M. Martinelli (#6350)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
mag@psh.com
lmm@psh.com

DATED: January 5, 2007

Of Counsel:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405
(310) 450-9353
(310) 581-8006 FAX

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S INTERIM INJUNCTION ORDER was filed with the Clerk of the United States District Court for the District of Rhode Island this 5th day of January, 2007 and is available for viewing and downloading to the following ECF registered counsel of record:

Robert J. O'Keefe, Esq.
rokeefe@duffysweeney.com

Craig M. Scott
cscott@duffysweeney.com

/s/ Lisa M. Martinell

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ASTRO-MED, INC.,<br>Plaintiff,<br>v.<br>KEVIN PLANT,<br>Defendant. | C.A. No. 06-533-ML |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT KEVIN PLANT'S MOTION FOR RECONSIDERATION OF THE COURT'S INTERIM INJUNCTION ORDER

Defendant Kevin Plant, through counsel, hereby submits the following memorandum in support of his Motion for Reconsideration of the Court's Interim Injunction Order of December 28, 2006.

## I. INTRODUCTION

"The desire to be free from competition, by itself, is not a protectable interest." Nestle Food Company v. Miller, 836 F. Supp. 69, 75 n.19 (D.R.I. 1993). Defendant Kevin Plant respectfully requests that this Court reconsider its December 28, 2006 Interim Injunction Order based on newly discovered evidence that shows Astro-Med, Inc.'s ("Astro-Med") alleged confidential "pricing strategies" are not a protectable interest warranting the Interim Injunction against him.

Despite Astro-Med's witnesses' testimony to the contrary, Mr. Plant's counsel recently learned that price quotes for nearly all medical products sold throughout the United States are available to the general public through an internet website service, MD Buyline (www.mdbuyline.com). Astro-Med based its motion for a preliminary injunction on vague allegations, made on information and belief, as set forth in its complaint. As a result, Mr. Plant

was unable to prepare, in advance of the December 27 hearing, a full and complete defense responding to charges of specific threats to Astro-Med's protectable interests. In fact, Mr. Plant was unaware of what Astro-Med meant by its allegedly confidential "pricing strategies," until the evidentiary hearing.

Upon learning of the specific claims supporting Astro-Med's claims of confidential, proprietary pricing strategies, Mr. Plant's counsel examined whether or not Astro-Med's pricing strategies constituted confidential information that could be deemed a protectable interest. Mr. Plant and his counsel found that Astro-Med's "pricing strategies" are available to the general public; as such, it is not a protectable interest. Accordingly, Mr. Plant requests relief from the Interim Injunction Order or, alternatively, requests modification of the scope of the Order in accordance with the law as set forth in Nestle.

Additionally, Defendant Plant seeks reconsideration of his request for Astro-Med to post a bond. Under Federal Rule of Civil Procedure 65(c), the party seeking enforcement of an injunction or restraining order is required to post a bond to cover the costs or damages the party enjoined or restrained may suffer. However, after evaluating the parties' motions and oppositions, as well as a day and half of testimony, the Court did not require Astro-Med to post a bond upon issuing the Interim Injunction Order. Hoechst Diafoil Co. v. Nan Ya Plastics Corp. 174 F. 3d 411, 421 (4th Cir. 1999) (failure to require a bond upon issuing injunctive relief is reversible error).

## II. ARGUMENT

### A. NEWLY DISCOVERED EVIDENCE SHOWS THAT ASTRO-MED'S "PRICING STRATEGIES" ARE AVAILABLE TO THE GENERAL PUBLIC

On motion and upon such terms as are just, this Court may relieve a party from an order based on newly discovered evidence which, under the circumstances, could not have been

presented to the Court at the evidentiary hearing. *See* Fed. R. Civ. Proc. 60(b). At the hearing December 27 and 28, 2006, Astro-Med identified for the first time its evidence in support of its unspecified allegations, based only on information and belief, that Mr. Plant had access to "confidential pricing strategies." Astro-Med's witnesses testified that the discounted prices Astro-Med provided to its customers constituted a "protectable interest," because such information was confidential and proprietary. Based on this testimony, the Court found that Astro-Med had sufficient protectable interest in the alleged "confidential pricing strategies" to warrant the issuance of an Interim Injunction Order precluding Mr. Plant from earning his livelihood for 60 days.

An employer only has a right to protect confidential information "*that could not be compiled through methods available to the general public*." Paramount Office Supply v. MacIsaac, Inc. *et al.*, 524 A. 2d 1099, 1101 (R.I. 1987) (emphasis added); *see also* Nestle Food Company v. Miller, 836 F. Supp. 69, 74 (1993) ("confidential depends upon how readily ascertainable the information is to a person conducting an independent investigation"). Immediately after learning from Astro-Med's witnesses the basis for Astro-Med's claim that its "pricing strategies" are confidential, Mr. Plant's counsel researched the availability and accessibility of the prices hospitals pay for medical equipment. Defendant found that such information is readily available to the general public. (Excerpts from MD Buyline's website, attached hereto and incorporated herein by reference at Exhibits 1-3; Affidavit of Attorney Karcis, attached hereto and incorporated herein by reference at Exhibit 4.) The MD Buyline website is one source that shows Astro-Med's "pricing strategies" are not confidential. MD Buyline provides access to its database to thousands of hospitals and various medical-product vendors. This database tracks price quotes submitted by its hospital members (and has done so since 1983). (*Id*. at Exhibit 1.) In fact, as of the date of this motion, "Grass Technologies, an

Astro-Med, Inc. Product Group" is listed on MD Buyline's index of "Vendors Evaluated." (*Id*. at Exhibit 2.) Because its "pricing strategies" are obtainable through methods available to the general public, Astro-Med cannot establish the existence of a protectable interest. Accordingly, Defendant Kevin Plant respectfully requests that, based on this newly discovered evidence, the Court reconsider its issuance of the Interim Injunction Order.[1]

### B. ASTRO-MED SHOULD HAVE BEEN REQUIRED TO POST A SECURITY THE COURT ORDERED THE INTERIM INJUNCTION

#### 1. A Bond Is Required Upon Issuing Injunctive Relief

Federal Rules of Civil Procedure 65(c) requires the party applying for a preliminary injunction or temporary restraining order to give security if the requested injunction or restraining order is issued. Fed. R. Civ. Proc. 65(c). The amount of security must be sufficient, in the Court's judgment, to cover the payment of "costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." *Id*. While the amount of the bond is discretionary, the bond itself is required. Hoechst Diafoil Co. v. Nan Ya Plastics Corp. 174 F. 3d 411, 421 (4th Cir. 1999) (ordering remand after finding reversible error for failure to fix a bond). Instances in which a bond is not required are so rare that the requirement is almost mandatory. Frank's GMC Truck Center, Inc. v. General Motors Corp. 847 F. 2d 100, 103 (3rd Cir. 1988) (failure of district court to require a successful applicant to post a bond is reversible error).

If a court exercises its discretion to excuse a bond, it must specifically consider the need for a bond, and its order should set forth reasons why the court is not requiring a bond.

---

[1] As for the research and development information that Astro-Med alleged was a protectable interest, the only testimony offered claimed that Mr. Plant operated Astro-Med beta software. This is a task that anyone with minimal knowledge about the industry could do, as cross-examination established that Mr. Plant was merely required to "click" on icons. Moreover, Mr. Plant's use of this software occurred when he was a "product specialist" over two years ago, and Astro-Med provided no evidence that the beta software was still in the research and development stage.

In cases involving disputes between a company and its former employees the requirement of a bond protects the former employee who is forced, based on an injunction or restraining order, to cease performing his or her job, the adverse effects of which may be substantial and long-lasting. *See e.g.*, Equipment & Systems For Industry, Inc. v. Zevetchin, 864 F. Supp. 253, 257-258 (D. Mass. 1994). Regarding the bond amount, the Zevetchin court stated, “Fed.R.Civ.P. 65(c) requires that the party applying for a preliminary injunction give security if the injunction is issued. The amount of security to be posted must be such as the Court deems proper for the payment of costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.” *Id*. at 257.

**2. The Court Should Have Ordered Astro-Med To Post A Bond Under Federal Rule Of Civil Procedure 65(c)**

Defendant Kevin Plant requested that the Court require Astro-Med to post a bond to cover losses incurred as a result of being enjoined from earning his livelihood as a salesman. Astro-Med, however, was not required to post a bond. (Defendant’s Opposition to Plaintiff’s Request for Preliminary Injunction page 13; Interim Injunction Order dated December 28, 2006.)

The Court’s December 28, 2006 Interim Injunction Order prohibits Mr. Plant from earning his livelihood for 60 days within the entire State of Florida, where Mr. Plant and his wife live with their three-year-old child and newborn daughter. Barred from performing his job, Mr. Plant may lose salary, sales commissions, health benefits, and use of a company car, the total of which is approximately $15,000.00 over 60 days. (Affidavit of Kevin Plant, attached hereto and incorporated herein by reference at Exhibit 5.) Accordingly, if the Court decides to maintain the Interim Injunction, Defendant Kevin Plant requests that the Court modify its December 28, 2006 Interim Injunction Order to require Astro-Med to post a bond in the amount of $15,000.00 pursuant to Federal Rule of Civil Procedure 65(c).

### C. AN ORDER REQUIRING KEVIN PLANT TO CHANGE HIS SPECIFIC LINE OF WORK OR MOVE TO ANOTHER STATE IS EXCESSIVE AND IMPOSES SEVERE, UNDUE HARDSHIP

In addition to the newly discovered evidence directly contradicting Astro-Med's claim of a "protectable interest," the December 28, 2006 Interim Injunction Order should be reconsidered due to the undue hardship it imposes upon Mr. Plant. The Order prohibits Mr. Plant from performing his job and using his accumulated knowledge, which is not proprietary to Astro-Med. The Nestle case directly addresses the Court's duty to avoid draconian restrictions on an individual's ability to work.

Lacking a protectable interest in its publicly available pricing strategies and dated research and development, the only arguable protectable interest Astro-Med might have in this action is its customer information, information that can be obtained, as the hearing testimony showed, in telephone books. This is exactly where customers in Nestle could be located. Similarities between this action and Nestle abound: (i) Both Mr. Plant and the defendant-employee in Nestle, Mr. Miller, compiled sales information (*id*. at 71); (ii) Both Astro-Med and Nestle compiled the employees' data, data from other employees, as well as information from potential customer calls, and provided salespeople with a list of the potential customers in their respective sales areas (*id*.); (iii) like Mr. Plant, Mr. Miller had no experience in the industry prior to joining Nestle (*id*.); and (iv) both Mr. Plant and Mr. Miller signed non-competition agreements, although Mr. Miller's was narrower in its scope. As the court in Nestle made clear, the former employer must establish that "in order to protect its legitimate interests, it is necessary to go to the extreme of prohibiting former employees from working for a competitor in their former territory for a period of one year." *Id*. at 75. Based upon facts strikingly similar to this case, the Nestle court concluded that Nestle's "legitimate interests [could] be adequately protected by less draconian means." *Id*. at 76. The Nestle court fashioned the less draconian

covenant that served the former employer's interests by prohibiting the defendant-employee from disclosing confidential information he learned while employed at Nestle and from soliciting his former Nestle customers. In this case, a similarly "narrowly tailored" restriction would serve to protect Astro-Med's defined interests without subjecting Mr. Plant to severe undue hardship.

## III. CONCLUSION

Under Rhode Island law, "noncompetitive covenants are not favored by the courts, and are carefully scrutinized." Nestle at 73. Moreover, courts should not impose draconian restrictions upon former employees when more narrowly-tailored means exist to protect legitimate business interests. *Id.* In light of the newly acquired evidence regarding Astro-Med's publicly available pricing strategies, the Court's decision to issue the Interim Injunction Order should be revisited, in order to avoid imposing an overly severe, draconian restriction on Mr. Plant. Astro-Med's witness testimony -- upon which the Court issued its Order -- was inaccurate, because its pricing strategies and research and development information were erroneously considered to be protectable interests under Rhode Island law.

Because the Court issued the Interim Injunction Order based on inaccurate testimony, Mr. Plant should be relieved from the broad restrictions of the Interim Injunction Order. However, should the Court find that some interim injunctive relief is necessary, the restrictive scope of the relief should be consistent with the protection found permissible in Nestle. The only protectable interest here is the relationship between the former salesman and the customer contact. Therefore, any injunction should allow Mr. Plant to work for his current employer in his current position and should only prohibit him only from directly soliciting customers he serviced while employed by Plaintiff. Finally, any injunction ordered by the Court should require Astro-Med to post a bond pursuant to Federal Rule of Civil Procedure 65(c) in the amount of $15,000.00.

WHEREFORE, Defendant Kevin Plant respectfully requests that this Honorable Court (1) reconsider its Interim Injunction and Order of December 28, 2006, and (2) require Astro-Med to post a bond pursuant to Federal Rule of Civil Procedure 65(c) in the amount of $15,000.00 or in an amount the Court deems meet and just.

KEVIN PLANT

By His Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Lisa M. Martinelli
Michael A. Gamboli (#4684)
Lisa M. Martinelli (#6350)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
mag@psh.com
lmm@psh.com

DATED: January 5, 2007

Of Counsel:
E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405
(310) 450-9353
(310) 581-8006 FAX

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Defendant's MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT KEVIN PLANT'S MOTION FOR RECONSIDERATION OF THE COURT'S INTERIM INJUNCTION ORDER was filed with the Clerk of the United States District Court for the District of Rhode Island this 5th day of January, 2007 and is available for viewing and downloading to the following ECF registered counsel of record:

Robert J. O'Keefe, Esq.
rokeefe@duffysweeney.com

Craig M. Scott, Esq.
cscott@duffysweeney.com

/s/ Lisa M. Martinelli

894595_1/5866-2