**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ASTRO-MED, INC.,<br>Plaintiff,<br>v.<br>KEVIN PLANT,<br>Defendant. | C.A. No. 06-533-ML |

**DEFENDANT'S POST-HEARING MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

Defendant Kevin Plant, through counsel, hereby submits the following memorandum in support of his Opposition to Plaintiff's Motion For a Preliminary Injunction.

## I. INTRODUCTION

Plaintiff, Astro-Med, Inc. ("Astro-Med") failed to demonstrate – by the requisite clear showing – that enjoining Defendant Kevin Plant from earning a living in his home state of Florida is warranted and necessary to protect legitimately confidential and proprietary information. At best, Plaintiff demonstrated a desire to be free from competition – a non-protectable interest. The preliminary injunction requested by Plaintiff would impose undue hardship on Mr. Plant by either requiring him to change his specific profession, or uprooting his family and moving to another state. Additionally, Plaintiff's only support for its requested injunction consisted of generalized statements that failed to justify enforcement of its overly broad non-competition agreement, an agreement that was never renewed or reinstated when Mr. Plant's position and job duties materially changed during the course of his employment. In fact, the evidence offered in support of enforcing the non-competition agreement was directly contradicted or proven inaccurate. At the December 27-28, 2006 hearing, Plaintiff's "evidence"

was exaggerated, unsupported and insufficient to justify the forced resignation of its former salesperson. Astro-Med failed to establish that Mr. Plant had or intended to use confidential information or that enforcement of the Employee Agreement would safeguard any protectable interest.[1] Moreover, purported restrictions of the Employee Agreement were unenforceable after Mr. Plant's employment fundamentally changed in 2004 and again in 2006. (Exhibit 4).

## II. ARGUMENT

### A. PLAINTIFF PRESENTED NO EVIDENCE OF A THREAT OF IMMEDIATE IRREPARABLE INJURY IN SUPPORT OF ITS REQUEST FOR A PRELIMINARY INJUNCTION

Astro-Med did not establish a threat of immediate irreparable injury warranting the imposition of a preliminary injunction against Mr. Plant. Moreover, Astro-Med failed to provide any evidence that Mr. Plant has or intends to disclose any of Astro-Med's alleged confidential information.

#### 1. The Burden of Persuasion On A Motion For Preliminary Injunction

Preliminary injunction is an extraordinary remedy, which requires the moving party to satisfy its burden of persuasion by a "clear showing." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). When the evidentiary support consists largely of generalized assertions that counter-affidavits substantially controvert, courts should deny injunctive relief. K-2 Ski Co., 467 F. 2d 1987, 1088-1089 (9th Cir. 1972) (district court's granting of preliminary injunction set aside as reversible error where moving party's evidence was insufficient and controverted). Astro-Med failed to meet its burden that it has or will suffer immediate irreparable injury. Mr. Plant's absence from his former sales territory represents the only evidence that might tangentially relate to immediate irreparable injury. However, Marco Mancini testified that he has visited those customers. Such evidence fails to establish the threat of irreparable injury

[1] Mr. Plant relies upon and reincorporates the evidence and arguments in his Motion for Reconsideration, which was filed with this Court on January 5, 2007.

mandating the imposition of a draconian remedy that prohibits an individual from working in his specific profession and in his home state. *See, e.g.*, Nestle Food Co. v. Miller, 836 F. Supp. 69, 74 (D.R.I. 1993).

### 2. There Is No Evidence That Mr. Plant Disclosed Any Alleged Confidential Information

Plaintiff failed to offer any evidence to support its claims that Mr. Plant improperly solicited customers, took customer contact lists, provided Plaintiff's customers with literature about Nihon Kohden America, Inc., misappropriated trade secrets, or that Mr. Plant would, absent an injunction, cause Plaintiff irreparable harm. Plaintiff's lack of evidence of a threat of immediate irreparable harm -- the primary prerequisite showing for injunctive relief – is fatal to Plaintiff's request. Paramount Office Supply Co., Inc. v. D.A. MacIsaac, Inc., 524 A. 2d 1099, 1102 (R.I. 1987) (injunctive relief denied, because there was no evidence "to justify a finding of irreparable harm"). Instead, Plaintiff relied on generalized assertions that were either directly impeached (*e.g.*, testimony of Marc Paliotta regarding Exhibits 15A-N) or substantially contradicted by either Mr. Plant or independent sources (*e.g.*, the MD Buyline reports).[2] Accordingly, Plaintiff's motion for an extraordinary remedy against Mr. Plant lacks sufficient evidentiary support and, therefore, should be denied.

## B. THE NON-COMPETE PROVISION SHOULD NOT BE ENFORCED

In order to enforce a non-competition provision in Rhode Island, the following three elements must be established:

(1) The non-compete clause is an ancillary provision to a valid transaction or relationship, such as an employment contract;

(2) The non-compete provision is independently supported by adequate consideration; and

[2] See Exhibits 1-4 appended to Mr. Plant's Motion for Reconsideration.

(3) A legitimate business interest exists that the non-compete provision is designed to protect.

Durapin, Inc. v. American Prods., 559 A.2d 1051, 1053 (R.I. 1989). Astro-Med's "Employee Agreement" fails this test.

**1. No Legitimate Business Interests Would Be Protected By Granting Astro-Med's Request**

"Protection of confidential information and goodwill" are the only legitimate interests the moving party may establish by the evidence. Nestle Food, *supra*, 836 F. Supp. at 75. The former employer's mere desire to be free from competition is not, by itself, a "protectable interest." Nestle Food, 836 F. Supp. at 75, n.19. An example of a protectable interest is specialized training provided to teach an employee to perform special tasks or peculiar services. Dial Media, Inc. v. Schiff, 612 F. Supp. 1483, 1489 (D.R.I. 1985). Accordingly, Plaintiff must establish that its non-compete provision was designed to safeguard a protectable interest, such as confidential information or investments in employee specialized training.

Astro-Med failed to establish that Mr. Plant gained access to confidential information or that the information Astro-Med seeks to protect is truly *confidential*:

(1) Astro-Med's alleged confidential training information did not contain confidential information. Instead, the training consisted of basic, general information available to the public. (Testimony of Marc Paliotta; Exhibits 15A-N, 17 and 19.)

(2) Astro-Med's alleged confidential customer, and potential customer, information consisted of a list of businesses whose contact information is available to the general public. (Testimony Marco Mancini; Exhibit 9-11.)

(3) Astro-Med's alleged confidential research and development information consisted of Mr. Plant's operating Astro-Med beta software while he was a product specialist more than two years before the end of his employment. This allegedly

"confidential research and development" information involved Mr. Plant merely "clicking" on computer icons, a task that one with minimal knowledge about the industry could perform. Moreover, Astro-Med provided no evidence that at the time of Mr. Plant's departure the beta software was still in the research and development stage, or that the software Mr. Plant operated related to EEGs, PSGs, or LTM equipment. (Testimony Marc Paliotta.)

(4) Astro-Med's alleged confidential pricing strategy was not confidential. Price quotes for nearly all medical products sold throughout the United States are available to the general public through an internet website service, MD Buyline (www.mdbuyline.com).[3] Moreover, Marco Mancini, not Mr. Plant, performed the analysis and made the decisions regarding the prices Plaintiff offered to customers and potential customers. (Testimony of Marco Mancini; Exhibits 19 and 20.)

Accordingly, Astro-Med failed to establish, by the required clear showing, that enforcement of the non-competition agreement safeguards a legitimate protectable interest.

**2. Fundamental Changes In Mr. Plant's Employment Status Voided The Non-Competition Restriction**

When there is a fundamental change in the employment relationship, prior employment agreements, including non-competition agreements, are voided. *See, e.g.*, AFC Cable Sys. v. Clisham, 62 F. Supp. 2d 167, 172-73 (D.Mass. 1999) (applying Massachusetts law).

[3] See Exhibits 1-3 appended to Mr. Plant's Motion for Reconsideration, which is incorporated fully herein.

During the course of Mr. Plant's employment with Astro-Med, there were *two* fundamental changes in his employment status. Mr. Plant began his employment with Astro-Med as a Product Specialist. (Testimony of Kevin Plant, Marc Paliotta and Marco Mancini; Exhibits 3, 7 and 9.) In 2004, he became a salesperson. (Testimony of Kevin Plant and Marco Mancini.) In June 2006, a substantial portion of his territory was given to other salespersons -- thereby detrimentally affecting his earning potential. (Testimony of Kevin Plant and Marco Mancini.) This latter change in Mr. Plant's employment directly led to his decision to leave Plaintiff's employment. (Testimony of Kevin Plant.)

**3. The Non-Competition Restriction Is Overly Broad**

Even if the non-competition provision is deemed enforceable and Astro-Med establishes the existence of a legally protectable interest, its request for injunctive relief should be denied as excessive and overly broad. As the court in Nestle explained, more balanced restrictions can protect the former employer's legitimate business interests and the former employee right to continue working:

> [I]nstead of going to the extreme of prohibiting its salesmen from working for a competitor for one year, a more effective, practical and fair way for Nestle to protect this customer base is to prohibit its former salesman from: 1) ever revealing or using any 'confidential information' learned while at Nestle, and 2) soliciting the salesman's former customers for the period of one year. This modified provision gives Nestle's new salesman a fair chance to maintain his predecessor's "customer base" by preventing the former salesman from taking advantage of the special relationship the former salesman shares with Nestle customers, it protects Nestle's confidential information, and it gives the former Nestle salesman a chance to start fresh in a new company.

Nestle Food, *supra*, 836 F. Supp. at 76. In this regard, prohibiting Mr. Plant from earning a living in Florida in this field would impose a draconian restriction on his livelihood, a result the court in Nestle Food rejected.

Moreover, the geographic restriction contained in the "Employee Agreement" is irrefutably broad and excessive, seeking a blanket restriction on Mr. Plant's employment throughout North America and Europe. Such an overly broad geographic restriction is unenforceable. *See, e.g.*, Dryvit Sys. v. Healy, 1989 R.I. Super. LEXIS 105, *13-*15 (holding that a "restrictive covenant [that] proscribes an activity, a geographic or a time restraint that is more extensive than what is necessary to protect … legitimate interests … is unreasonable").

**III. CONCLUSION**

Astro-Med's request to enjoin Mr. Plant from earning a living as a salesperson is based upon a restrictive provision that is overbroad and improperly aimed at eliminating fair competition. Plaintiff's inability to establish through sufficient, uncontroverted evidence (rather than generalized assertions) a legally protectable interest and threat of irreparable harm fails to satisfy the prerequisites for obtaining extraordinary relief. Mr. Plant should not be enjoined from engaging in his trade and performing his job at Nihon Kohden America, Inc. based upon nonexistent, insufficient, or controverted evidence. Accordingly, defendant Kevin Plant respectfully requests that the Court deny Plaintiff's Motion for a Preliminary Injunction.

Alternatively, should the Court be inclined to grant any part of Plaintiff's motion, Mr. Plant respectfully requests that Astro-Med be required to post a bond pursuant to Federal Rule of Civil Procedure 65(c) in the amount of One Hundred Thousand and 00/100 Dollars ($100,000.00)[4]. Further, Mr. Plant respectfully requests that the Court apply a more narrowly-tailored remedy to protect legitimate business interests, while allowing Mr. Plant to work in his

[4] The amount requested is based upon Exhibit 5, Mr. Plant's Affidavit's ¶ 2, 3, and 4, appended to Defendant's Motion for Reconsideration This amount includes the $15,000.00 bond requested Mr. Plant's Motion of Reconsideration of the 60-day Interim Injunction Order.

profession as a salesperson in Florida. Nestle, 836 F. Supp. at 73. Should the Court find that some injunctive relief is warranted, the restrictive scope of the relief should be consistent with the remedy found permissible in Nestle: one that prohibits Mr. Plant's solicitation of Plaintiff's Florida customers for a period of one year from the date of his departure from Plaintiff's employment, but does not impose a draconian restriction on Mr. Plant's ability to work and earn a living.

KEVIN PLANT

By His Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Lisa M. Martinelli
Michael A. Gamboli (#4684)
Lisa M. Martinelli (#6350)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
mag@psh.com
lmm@psh.com

DATED: January 12, 2007

Of Counsel:
E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405
(310) 450-9353
(310) 581-8006 FAX

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANT'S POST-HEARING MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION was filed with the Clerk of the United States District Court for the District of Rhode Island this 12th day of January, 2007 and is available for viewing and downloading to the following ECF registered counsel of record:

Robert J. O'Keefe, Esq.
rokeefe@duffysweeney.com

Craig M. Scott
cscott@duffysweeney.com

/s/ Lisa M. Martinelli

895819_1/5866-2