# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ASTRO-MED, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN PLANT,<br><br>Defendant. | C.A. No. 06-533-ML |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDINGS OF FACT ON PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Defendant Kevin Plant submits this Response to Plaintiff Astro-Med, Inc.'s ("Astro-Med") Proposed Findings of Fact on Motion for Preliminary Injunction.

## I. RESPONSE TO PROPOSED FINDINGS OF FACT OF ASTRO-MED

1. Undisputed.

2. Undisputed.

3. Undisputed.

4. Undisputed.

5. Objection – Misstates the testimony cited. The evidence was that Mr. Plant traveled only in New England and within Florida. (Testimony of Marc Paliotta.)

6. Objection – Misstates the cited evidence. Mr. Plant testified that he had extensive sales, leadership, organizational and marketing skills. (Testimony of Kevin Plant)

7. Undisputed.

8. Disputed in that the proposed fact should state: "Signing the Employment Agreement was a condition of Plant's employment as a Product Specialist at Astro-Med."

9. Objection – Irrelevant and speculative as to a legal conclusion Mr. Plant may or may not have had about the Employee Agreement, *i.e.*, the enforceability of the Employee Agreement.

10. Disputed to the extent that it asserts that Mr. Plant received confidential information from the Plaintiff, which the evidence shows was, in fact, available to the general public.

11. Disputed in that it is vague as to time and, in that regard, does not correctly cite the allegedly supporting testimony. Mr. Paliotta testified only as to Product Specialists being required to sign non-competition restrictions. Mr. Mancini testified that he signed an non-competition restriction, but did not testify as to when he signed the restriction.

12. Undisputed.

13. Objection - the purported fact calls for a legal conclusion. Additionally, the evidence was that Plaintiff created the Employee Agreement with an intent to provide some protections for Astro-Med. There was no evidence that the Employee Agreement did or legally could provide any of the protections listed.

14. Objection – Irrelevant as to time. The alleged training occurred more than four years prior to Mr. Plant's separation and Plaintiff provided no evidence that such training (even assuming confidentiality at the time) conveyed information that was confidential at the time of separation, more than four years later.

15. Objection – Misstates the testimony cited. The testimony was that Mr. Plant did not have complete access to Plaintiff's J.D. Edwards program. Moreover, Plaintiff failed to establish that Mr. Plant had access to that alleged part of J.D. Edwards database. (Testimony of Kevin Plant, Marc Paliotta and Marco Mancini.)

16. Undisputed.

17. Objection – Misstates the testimony cited. Neither the testimony nor the exhibits support this proposed fact. In fact, Marco Mancini testified that Mr. Plant traveled only in New England and within Florida. Astro-Med's evidence of alleged protectable interests in research and development consisted of Mr. Plant having operated Astro-Med beta software, which was a task that one with minimal knowledge about the industry could do, as the task merely required Mr. Plant to "click" on icons. (Testimony of Marc Paliotta.) Moreover, Mr. Plant's use of this software occurred when he was a Product Specialist more than two years before the end of his employment. (Testimony Marc Paliotta.) Furthermore, Astro-Med provided no evidence that the beta software is currently in the research and development stage, or that Mr. Plant obtained confidential proprietary information regarding electroencephalographs (EEGs), polysomnographs (PSGs), or long-term monitoring for epilepsy (LTM) equipment.

18. Mr. Plant incorporates by this reference his response to No. 17.

19. Objection – Unsupported by the evidence cited. Mr. Plant's picture appearing in a document does not establish or even imply that he helped prepare manuals. Moreover, Marc Paliotta testified that Exhibits 15A-N did not include confidential information.

20. Objection – Misstates the testimony cited. Mr. Plant testified that he became aware of the sales position and applied for it.

21. Undisputed.

22. Objection – Misstates the testimony cited. Marco Mancini and Mr. Plant both testified that the division of the Southeast Territory was possible.

23. Undisputed.

24. Objection – Mischaracterizes and misstates the testimony cited. Mr. Plant testified that he never saw Exhibits 9-11 before the hearing and Marco Mancini testified that he did not recall whether or not Mr. Plant received those documents. Moreover, the proposed fact

incorrectly asserts that the customer lists were "confidential information" when, in fact, the lists only contained information that was (i) available to the general public and (ii) more than five years old.

25. Objection – Mischaracterizes the testimony cited. The fact incorrectly asserts that the customer lists were "confidential information" when, in fact, the list only contained information that was (i) available to the general public and (ii) more than over five years old.

26. Objection – Mischaracterizes and misstates the cited testimony. The fact incorrectly asserts that the customer lists were "confidential information" when, in fact, the list only contained information that was (i) available to the general public and (ii) more than over five years old. (Exhibits 9-11.) Moreover, Marc Paliotta testified that Exhibits 15A-N did not contain any confidential information. Mr. Paliotta further testified that Exhibits 17 and 18 did not contain confidential information. For example, Exhibits 17 and 18 provide such training information such as "Introduce yourself," "Speak of high-quality products," "Speak of 24/7 technical support staff." Finally, the testimony and documents did not establish that Mr. Plant received confidential pricing strategies; the evidence confirmed only that Mr. Plant received product prices from his National Sales Director. (Testimony of Marco Mancini; Exhibits 19 and 20.)

27. Objection – Misstates the testimony and exhibits cited. The evidence was that the training received by Mr. Plant did not contain confidential information, but rather consisted of general information about Plaintiff's business that is available to the general public. (Testimony of Marc Paliotta; Exhibits 15A-N.)

28. Objection – Misstates the testimony cited. Marc Paliotta testified that Astro-Med has advertised these products for sale.

29. Objection – Irrelevant; the document speaks for itself. In fact, Exhibits 17 and 18 contain a summary of what was discussed at the sales meetings. As Exhibits 17 and 18 establish, and as Marc Paliotta's testimony supported, confidential information was not the substantial topic or substance of these meetings, as the information discussed was available to the general public (*e.g.*, on the internet at www.medcompare.com) and was basic, non-confidential or proprietary information (*e.g.*, sales tips such as "Introduce yourself," "Speak of high-quality products," "Speak of 24/7 technical support staff."

30. Objection – Irrelevant. The testimony established that the strength and weaknesses of products are available to the general public, for example, on the internet at www.medcompare.com.

31. Objection – Misstates the testimony cited. The testimony established that the list prices of products are available to the general public, for example, on the internet at www.medcompare.com. Moreover, specific pricing information, as addressed in Mr. Plant's Motion for Reconsideration, was available to the general public on, for example, on the internet website for MD Buyline (www.mdbuyline.com). Finally, Exhibits 19 and 20 show that whatever considerations Plaintiff had about pricing were handled solely by Marco Mancini.

32. Mr. Plant incorporates by this reference his response to No. 31.

33. Mr. Plant incorporates by this reference his response to No. 31.

34. Mr. Plant incorporates by this reference his response to No. 31.

35. Objection – Misstates the testimony cited and is speculative. The testimony did not establish that Mr. Plant obtained specialized knowledge. Marc Paliotta's testimony is cited by Plaintiff to assert that Mr. Plant obtained specialized knowledge, lacks foundation and is speculative.

36. Undisputed.

37. Objection – Misstates the testimony cited. Mr. Plant did not testify that Plaintiff's training provided him with specialized knowledge from Plaintiff. In fact, Mr. Plant testified that Plaintiff provided only basic, generic training that was largely inadequate. (Exhibit 23.)

38. Undisputed.

39. Undisputed.

40. Objection - The proposed fact is argumentative and vague as to the alleged disclosures Mr. Plant made.

41. Undisputed, except to the extent Mr. Plant objects to the relevance of other products Nihon Kohden America, Inc. sells. Astro-Med wrongly asserts that Mr. Plant could work for another division at Nihon Kohden. However, there is no evidence that Nihon Kohden has another position available for Mr. Plant or that Nihon Kohden would decide to hire him for a different position were one available.

42. Objection – Mischaracterizes the testimony of Mr. Plant as an impermissible legal conclusion. Mr. Plant testified that he was aware of the document and told his current employer about the document. Mr. Plant did not testify that the document imposed the legal obligations asserted in the document, although Mr. Plant did testify that he thought the geographic scope set forth in the agreement was excessive.

43. Objection – Mischaracterizes the testimony cited. There was no testimony about the existence of a specialized or limited market.

44. Objection – Mischaracterizes the testimony cited. A division of Plaintiff, Grass Technologies, competes in the market. Astro-Med competes in numerous other markets, as well. (Testimony of Marc Paliotta.)

45. Objection – Irrelevant. What Astro-Med "attempts" to do to "distinguish" itself is irrelevant to this case. Moreover, the evidence establishes that Astro-Med's customer

information (Exhibits 9-11) is outdated and is not detailed. Furthermore, Mr. Plant testified, and Exhibits 17, 18 and 23 show that Astro-Med's training was inadequate.

46. Objection – Overly broad and irrelevant as to time.

47. Objection – Misstates the testimony cited. The evidence was that sales personnel interacted with customers. However, there was also testimony that customers and potential customers dealt directly with Astro-Med's home office and its National Sales Director. (Testimony of Marco Mancini.)

48. Objection – Misstates the testimony cited. Marco Mancini testified that he has visited Plaintiff's Florida customers.

49. Objection – There was no testimony on the issue Plaintiff's ability to restore good will or repair customer relationships, and Plaintiff's unsupported proposed fact is speculative and lacks foundation.

## II. <u>ADDITIONAL PROPOSED FINDINGS OF FACT</u>

51. Mr. Plant had only limited traveling duties when he was a Product Specialist. He traveled only within New England and traveled only once to Florida. (Testimony of Marco Mancini.)

52. The Employee Agreement is overly broad in its geographic scope, purporting to cover all of North America and Europe. (Exhibit 4.)

53. In July 2004, Astro-Med fundamentally changed the employment of Mr. Plant in terms of job duties and compensation, by promoting him to a salesman position. At that time, Astro-Med did not require Mr. Plant to sign new non-competition agreement. (Testimony of Kevin Plant and Marco Mancini.)

54. In June 2006, Astro-Med fundamentally changed the employment of Mr. Plant in terms of job duties and compensation, by substantially reducing his sales territory and, therefore,

his earning capacity. At that time, Astro-Med did not require Mr. Plant to sign a new non-competition agreement. (Testimony of Kevin Plant and Marco Mancini.)

55. Astro-Med's testimony regarding a protectable interest in training does not support a claim that any training provided to Mr. Plant imparted confidential information to him. Instead, the evidence established that the training materials consisted of general (generic) information and/or information available to the general public. (Testimony of Marc Paliotta; Exhibits 15A-N, 17 and 18.)

56. Astro-Med's evidence of its alleged protectable interests in customers and potential customers consisted of a list of businesses whose contact information is available to the general public. (Testimony of Marco Mancini; Exhibit 9-11.)

57. Astro-Med's evidence of its alleged protectable interests in research and development consisted of testimony that Mr. Plant, on a single occasion, operated Astro-Med beta software, task that one with minimal knowledge about the industry could do, as the task merely required Mr. Plant to "click" on icons. Moreover, Mr. Plant's limited use of this software occurred when he was a Product Specialist more than two years before the end of his employment. Furthermore, Astro-Med provided no evidence that, at the time of Mr. Plant's departure, the beta software was still in the research and development stage, or that the software Mr. Plant operated related to EEGs, PSGs, or LTM equipment. (Testimony of Marc Paliotta.)

58. Astro-Med does not have a protectable interest in what it described as its pricing strategy, because quotes for nearly all medical products sold throughout the United States, including Plaintiff's products, are available to the general public through the internet via a website service, MD Buyline (www.mdbuyline.com).

59. Plaintiff presented no evidence that Mr. Plant used any confidential information of Astro-Med.

60. Plaintiff presented no evidence that Mr. Plant intended to use any confidential information of Astro-Med.

KEVIN PLANT

By His Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Lisa M. Martinelli
Michael A. Gamboli (#4684)
Lisa M. Martinelli (#6350)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
mag@psh.com
lmm@psh.com

DATED: January 12, 2007

Of Counsel:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405
(310) 450-9353
(310) 581-8006 FAX

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDINGS OF FACT ON PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION was filed with the Clerk of the United States District Court for the District of Rhode Island this 12th day of January, 2007 and is available for viewing and downloading to the following ECF registered counsel of record:

Robert J. O'Keefe, Esq.
rokeefe@duffysweeney.com

Craig M. Scott
cscott@duffysweeney.com

/s/ Lisa M. Martinell

895801_1/5866-2