UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC., Plaintiff, | : | |
| vs. | : | C.A. No. 06-533 ML |
| KEVIN PLANT, Defendant. | : | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S INTERIM INJUNCTION ORDER**

Plaintiff, Astro-Med, Inc., ("Astro-Med") hereby objects to Defendant's Motion for Reconsideration of the Court's Interim Injunction Order.

In support of its objection, Astro-Med submits the accompanying Memorandum of Law.

Respectfully submitted,

ASTRO-MED, INC.

/s/ Craig M. Scott

Craig M. Scott, Esq. (# 4237)
Robert J. O'Keefe, Esq. (#6750)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile
cscott@duffysweeney.com

Dated: January 22, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that the within ***Plaintiff's Opposition to Defendant's Motion for Reconsideration of the Interim Injunction Order*** was filed through the ECF system on the 22nd day of January, 2007, and will be sent electronically to the counsel-named below who is a registered participant identified on the Notice of Electronic Filing:

Michael A. Gamboli, Esq.
Lisa M. Martinelli
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

and was served, via First Class Mail, to the counsel named below who is not a registered ECF participant:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

/s/ Craig M. Scott

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC., Plaintiff, | : | |
| vs. | : | C.A. No. 06-533 ML |
| KEVIN PLANT, Defendant. | : | |

**OPPOSITION MEMORANDUM OF PLAINTIFF, ASTRO-MED, INC., TO DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S INTERIM INJUNCTION ORDER**

Plaintiff Astro-Med, Inc. ("Astro-Med") submits this Memorandum in Opposition to defendant, Kevin Plant's ("Plant"), Motion for Reconsideration of the Court's Interim Injunction Order.

## I. INTRODUCTION

Plant's Motion for Reconsideration attempts to: (1) backfill the record with hearsay testimony and documentation that is not issue dispositive; (2) deprive Astro-Med of its right to meet that evidence through cross-examination; and (3) fault the Court for Plant's own failure to develop at the hearing a sufficient factual record for the imposition of a bond. Plant fails to meet his high burden under Fed. R. Civ. P. 60(b) and his motion is a transparent attempt to have a second bite of the apple. It should be denied.

## II. FACTS

On December 28, 2006, after a two day evidentiary hearing on Astro-Med's Motion for a Preliminary Injunction, the Court entered an Interim Injunction Order pursuant to the Employee Agreement and the other evidence adduced at hearing until its decision on Astro-Med's Motion

for Preliminary Injunction. Astro-Med's case consisted of four witnesses[1] and 31 exhibits. Plant rested without putting on a case. The preliminary injunction motion is now fully briefed.

## III. ARGUMENT

### A. Reconsideration is Extraordinary Relief and Not Warranted by the Law or Facts of this Case.

Plant seeks relief from the Interim Injunction Order pursuant to Federal Rule of Civil Procedure 60(b) on the basis of "newly discovered evidence." A party may request relief from a judgment or order on the basis of "newly discovered evidence which by due diligence could not have been discovered in time." Fed. R. Civ. P. 60(b)(2). Relief under Rule 60(b) is extraordinary in nature and motions invoking that rule should be granted sparingly. *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir. 2002).

A party seeking relief under Rule 60(b) on the basis of newly discovered evidence must persuade the court that it met the following requirements: (1) the evidence has been discovered since the hearing; (2) the evidence could not have been discovered earlier by the movant; (3) the evidence is not merely cumulative or impeaching; and (4) the evidence is of such a nature that it would probably change the result of the hearing. *See Gonzalez-Pina v. Rodriguez*, 407 F.3d 425, 433 (1st Cir. 2005), *citing U.S. Steel v. M. DeMatteo Const. Co.*, 315 F.3d 43, 52 (1st Cir. 2002).

As a threshold consideration under Rule 60(b)(2), the proposed evidence must be admissible as substantive evidence and not merely for impeachment purposes. *Williams v. United Dairy Farmers*, 188 F.R.D. 266, 271 (S.D. Ohio 1999); *see also Gonzalez-Pina*, 407 F.3d at 433. Plant fails to meet this threshold requirement of admissibility. Plant proffers this so-called "newly discovered evidence" of pricing statistics for capital medical products residing on

[1] Astro-Med elicited testimony from Plant, Everett Pizzuti, Astro-Med's President; Marico Mancini, Astro-Med's National Sales Manager; and Marc Paliotta, Astro-Med's Clinical Products Manager.

an Internet web site to impeach the testimony of Astro-Med's witnesses as to the proprietary and confidential nature of Astro-Med's pricing strategies. (*See* Plant's Memorandum in Support of its Motion for Reconsideration ("Plant Memo.") at p. 1 ("Despite Astro-Med's witnesses' testimony to the contrary...").) He offers no basis to admit the database for its substance. Accordingly, he is not entitled to relief under Rule 60(b)(2). *See Williams*, 188 F.R.D. at 271. Even if Plant reframes his request for relief and offers the "database" for its substance, he has not met his burden of proof pursuant to the Fed. R. Civ. P. 60(b) enumerated factors.

1. <u>Plant Knew of Web-Based Product and Pricing Data at the Time of the Hearing.</u>

Plant claims to have been unaware of the nature of Astro-Med's claims as to its confidential pricing strategies until the hearing on the preliminary injunction. (*See* Plant Memo. at pp. 1, 2.) He now offers as "newly discovered evidence" a subscription-based Internet database hosted by MD Buyline that purports to show price quotations for medical products, including products contained in Astro-Med's Grass® line.

Plant submits an attorney's affidavit for the proposition that he did not "discover" the MD Buyline database until after the hearing concluded. Plant's same counsel, however, cross-examined Marc Paliotta about Internet web sites that feature pricing and other data on Astro-Med's and its competitors' products.[2] In fact, in response to Plaintiff's Proposed Finding of Fact No. 31, Plant offers the following alternative finding of fact: "The testimony established that the list prices of products are available to the general public, for example, on the internet [sic] at www.medcompare.com." (*See* Plant's January 12, 2007 Response to Plaintiff's Proposed

[2] It is clear from Attorney Karcis' cross-examination of Mr. Paliotta concerning product pricing featured on Internet web sites such as <u>www.medcompare.com</u> that he knew that such pricing information existed at the time of the hearing, and likely before. Unfortunately, in support of Plant's Motion for Reconsideration, Attorney Karcis submits an affidavit for a contrary proposition: "Upon learning the basis for Plaintiff Astro-Med, Inc.'s claims to the confidential nature of its 'pricing strategies' for the first time at the December 27 and 28, 2006 evidentiary

Findings of Fact.) As the Court is aware, the confidentiality aspect of this case is not about list prices; nevertheless, Plant's proposed finding of fact and his counsel's questions at the hearing and affidavit in support of this motion belie his contention that he could not have conducted Internet research on the pricing of medical products prior to the hearing.

2. Plant Knew that Astro-Med Would Present Evidence on its Confidential Pricing Strategies and Failed to Offer this Evidence at the Hearing.

A party seeking relief under Rule 60(b)(2) must, at the very least, offer a convincing explanation as to why he could not have proffered the crucial evidence at an earlier stage of the proceedings. *Karak,* 288 F.3d at 20. Plant claims that he could not prepare for the specific claims about Astro-Med's protectable interests and was unaware of what Astro-Med meant by its confidential pricing strategies until the date of the hearing. (*See* Plant Memo. at p. 2, 3.) This statement simply lacks credibility. Astro-Med put Plant on notice that Astro-Med sought to protect its confidential pricing strategies when it served the Verified Complaint on December 4, 2006. The Verified Complaint makes repeated references to Astro-Med's pricing strategies. (*See* Verified Complaint, ¶¶ 5, 6, 10, 16, 29.) After Plant removed the case from the Kent County Superior Court, Astro-Med promptly served its Motion for a Preliminary Injunction and Supporting Memorandum. Astro-Med again specifically referred to confidential pricing information. (*See* Memorandum in Support of its Application for Temporary Restraining Order and Motion for Preliminary Injunction, at pp. 1, 2, 4, 6, 8-9.) At a minimum, Plant knew that Astro-Med would offer evidence about its confidential pricing strategies at the hearing, and Plant's attorney cross-examined an Astro-Med witness as to pricing availability over the Internet. Plant's contention to the contrary is false.

---

hearings in this action, I began researching whether or not the price quotes for medical devices are accessible to the general public." (January 5, 2007 Affidavit of E.P. Michael Karcis, attached as Ex. 4 to Plant Memo., at ¶ 2.)

In fact, Plant addressed the confidential pricing issue in his Affidavit that accompanied his December 19, 2006 Opposition Memorandum that he filed the day before the temporary restraining order conference:

> "During the entirety of my employment as a salesperson with Astro-Med, I never possessed nor had access to Astro-Med's confidential marketing information, pricing strategies, cost data, or Astro-Med's arrangements with its suppliers … In fact, the information I did have about the pricing of Astro-Med's products was limited to the retail prices of the Grass Technologies products I sold, and my commission rates for the sale of these products."

Ex. 24, at ¶ 4. Regardless of the fact that Plant's assertion was directly refuted at the hearing through the uncontroverted testimony of Mr. Mancini and by Plant's own e-mails (Exs. 19 and 20), the averment in his Affidavit demonstrates that Plant could have presented evidence at the hearing to rebut Astro-Med's evidence of its confidential pricing strategies. Plant chose not to do so. Plant is not entitled to a second bite of the apple to present hearsay evidence when he elected not to offer such evidence at hearing or even defend his own Affidavit.

B. <u>Plant Proposes to Supplement the Record with Irrelevant Information that Would not Affect the Outcome of the Hearing.</u>

Plant's argument with respect to "price quotes" does not address the nature of the confidential pricing strategies that Astro-Med seeks to protect, nor does the proposed hearsay evidence[3] prove the proposition he advances. Astro-Med seeks protection of the *process* through which its prices are determined. As the testimony of Marco Mancini and Exhibits 19 and 20 demonstrate, Astro-Med conducts an analysis of several factors to determine price in a particular situation, including the type of customer, the prospect for future sales and the competitive landscape. Astro-Med performs analyses of its customers through information contained in the J.D. Edwards database. (Paliotta Test.) Plant himself engaged in pricing analysis with Marco

[3] The information is also inadmissible in the form presented as there is no one who could competently testify to the content of the web site.

Mancini, as they both discussed how to determine a price quotation for a customer who was also considering products from two other competitors. (*See* Ex. 19.) The factors discussed included what the customer might buy, what the customer might need, and the competitive situation with Nihon Kohden and Respironics. *Id.*

Moreover, the MD Buyline database does not support the proposition advanced by Plant. It says nothing about the factors that are considered in developing these price quotes. At most, the proferred web site content purports to state historical price quotations. Under the listings for almost all of the Grass® products in the database, the list price and the purchase price are identical. (*See* Exhibit 3A to Plant Memo., p. 16[4]; Exhibit 3B pp. 7, 8, 30, 31.) In fact, of the 11 Grass® products listed in the MD Buyline database, only two product evaluations list a price quote that differs from the list price. At the hearing, Astro-Med freely acknowledged that the list prices for Grass® products are not confidential. It is uncontroverted, however, that its products are never sold at list price. (Plant Test., Mancini Test.) The proposed supplemental hearsay evidence does not rebut Astro-Med's evidence as to the confidential nature of its pricing strategy.

Even if the Court were inclined to consider this hearsay evidence, it would not change the result of the hearing as other independent bases for the issuance of the preliminary injunction are amply supported by the record. Plant failed to offer evidence to rebut the other protectable interests asserted by Astro-Med. These include the specialized training, customer lists, and confidential product development information that Astro-Med imparted to Plant, as well as the goodwill Astro-Med developed with its customers through Plant. These are clearly legitimate and protectable interests which Astro-Med is entitled to protect through the non-compete and

[4] Citations are to the page numbers as they appear in the electronic filing of Exhibits 3A and 3B to Plant's Motion for Reconsideration.

non-disclosure clauses of Plant's Employee Agreement. *See Nestle Food Co. v. Miller*, 836 F. Supp. 69, 76 (D.R.I. 1993) (holding that goodwill and customer lists are protectable interests); *Dial Media, Inc. v. Schiff*, 612 F. Supp. 1483, 1489 (D.R.I. 1985)(noting that specialized training is a protectable interest). The confidential pricing information imparted by Astro-Med to Plant is only one of the factors that the Court considered in issuing the Interim Injunction Order. Plant failed to offer credible evidence to rebut the proprietary and confidential nature of Astro-Med's other protectable interests at the hearing, and offers none even after the close of evidence.

C. Plant Improperly Faults the Court for not Imposing a Bond under Rule 65(c).

In this Circuit, the district court has considerable discretion in deciding whether to require a bond under Fed. R. Civ. P. 65(c). *See Crowley v. Local No. 82, Furniture and Piano Moving*, 679 F.2d 978, 999-1000 (1st Cir. 1982), *rev'd on other grounds*, 467 U.S. 526, 104 S. Ct. 2257 (1984); *see also Temple Univ. v. White*, 941 F.2d 201, 219-20 (3rd Cir. 1991)(affirming district court's award of interim injunctive relief without requiring movant to post bond). At the time the Court issued the interim injunctive relief, Plant made no argument concerning the posting of the bond or the level of any bond that should issue, and he consented to the proposed form of order that did not call for a bond. In fact, the Court gave counsel for both sides an opportunity to argue whether and under what conditions an interim injunction order should issue. It is unfair for Plant to fault the Court because he failed to seek a bond at the hearing or develop a factual record to support the imposition of a bond.

In issuing the Interim Injunction Order, the Court considered, among other things, the following evidence: Plant signed an Employee Agreement that contained non-compete and non-disclosure clauses; Plant knew of his obligations under the Agreement; Plant told Mr. Mancini,

his direct supervisor, that he was not going to work for a competitor; Plant went to work for Nihon Kohden, a direct competitor of Astro-Med, selling the same specialized products in the same territory; and Nihon Kohden knew about Plant's non-compete and non-disclosure obligations when it hired him. As the Court correctly observed, Plant knowingly assumed a substantial risk that his work selling EEG, PSG and LTM products on behalf of an Astro-Med direct competitor in violation of his Employee Agreement may be short-lived.

D. <u>Plant Failed to Offer Evidence as to the Balance of the Equities.</u>

Plant submits a hearsay affidavit about his earnings and benefits for a two-month period and argues undue hardship unless the Interim Injunction Order is lifted. Undoubtedly, this information was clearly within Plant's personal knowledge at the time of the hearing and could have been presented as part of Plant's case to rebut Astro-Med's evidence that the balance of the equities favor the issuance of the preliminary injunction. Instead, Plant elected not to present this, or any other evidence, and attempts to augment the record post-hearing through hearsay evidence.

Importantly, this information would not change the result of the hearing. Just as he does in his post-hearing brief, Plant creates a false dilemma and argues that Astro-Med is seeking to be free from competition and to prevent Plant from earning a living as a salesperson. As is clear from Astro-Med's presentation, this case is about Plant selling EEG, PSG and LTM equipment for a direct competitor after receiving specialized training and confidential information from Astro-Med. The relief sought by Astro-Med at the conclusion of the evidence is consistent with this and is reflected in the Interim Injunction Order. Plant has shown that he is an extremely capable salesperson, and through Astro-Med he now possesses training and experience selling capital medical equipment. In fact, Plant is free to pursue his livelihood and to sell capital

medical equipment (except EEG, PSG and LTM) for Nihon Kohden or anyone else in Florida or throughout the United States. He has not offered any evidence that he cannot work as a salesman in any field except the narrow field in which his Agreement with Astro-Med prohibits him from working. The balance of the equities is decidedly in Astro-Med's favor.

## CONCLUSION

For the forgoing reasons, Astro-Med respectfully requests that the Court deny Plant's Motion for Reconsideration of the Interim Injunction Order.

Respectfully submitted,

ASTRO-MED, INC.

/s/ Craig M. Scott

Craig M. Scott, Esq. (# 4237)
Robert J. O'Keefe, Esq. (#6750)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile
cscott@duffysweeney.com

January 22, 2007

## CERTIFICATE OF SERVICE

I hereby certify that the within ***Opposition Memorandum of Plaintiff, Astro-Med, Inc., to Defendant's Motion for Reconsideration of the Interim Injunction Order*** was filed through the ECF system on the 22nd day of January, 2007, and will be sent electronically to counsel named below who are registered participants identified on the Notice of Electronic Filing:

Michael A. Gamboli, Esq.
Lisa M. Martinelli
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

and was served, via First Class Mail, to the counsel named below who is not a registered ECF participant:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

/s/ Craig M. Scott