# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ASTRO-MED, INC., Plaintiff, v. KEVIN PLANT and NIHON KOHDEN AMERICA, INC., Defendants. | C.A. No. 06-533-ML |

## DEFENDANT KEVIN PLANT'S REPLY TO PLAINTIFF'S OPPOSITION TO ITS MOTION FOR RECONSIDERATION OF THE COURT'S INTERIM INJUNCTION ORDER

Defendant Kevin Plant, through his counsel, hereby submits the following Reply to Plaintiff Astro-Med, Inc.'s Opposition to Defendant's Motion for Reconsideration of the Court's Interim Injunction Order, dated December 28, 2006.

## I. INTRODUCTION

Based on newly discovered material evidence which controverts plaintiff Astro-Med's claim of confidential "pricing strategies," defendant Kevin Plant seeks reconsideration of the Court's December 28, 2006 Interim Injunction order. In addition, Mr. Plant seeks the Court's reconsideration of his prior request for a bond to cover damages resulting from the interim injunction, in the event this case is ultimately decided in Mr. Plant's favor. The extreme measure of injunctive relief – in view of Plaintiff's barebones pre-hearing allegations of vague, undefined "protectable interests," as well as the newly discovered material evidence disputing Plaintiff's claim – warrants granting Defendant Plant's Motion for Reconsideration of the Interim Injunction Order. Additionally, to the extent the Court allows its interim injunction, or

any portion thereof, to stand, Defendant Plant requests that the Court require Plaintiff to post a bond, in accordance with Federal Rule of Civil Procedure 65(c).

Prior to the December 27, 2006 hearing, Plaintiff had neither defined nor articulated the basis of a claimed threat to its "confidential information." Defendant Plant and his counsel first learned the basis for Astro-Med's claim at that hearing, when Marco Mancini testified that he alone made all of Astro-Med's pricing decisions. Without knowing, in advance of the hearing, Plaintiff's specific basis for requesting injunctive relief, Mr. Plant could not have determined that his pre-hearing investigation should focus on refuting Astro-Med's claim that prices of its products were confidential "strategies." Immediately upon learning the astonishingly weak basis for Plaintiff's claim against Mr. Plant – the claimed confidentiality of the prices of Astro-Med's products – Mr. Plant's counsel diligently worked to ascertain the validity and accuracy of Plaintiff's so-called confidential "pricing strategies."

Shortly thereafter, Defendant's counsel found that MD Buyline's website refutes Astro-Med's claims as to the confidentiality of its pricing information. While it is undisputed that MD Buyline provided public access to pricing information, including Astro-Med's prices, prior to the December 27, 2006 hearing, the Complaint contained only vague conclusions that some of its "pricing strategies" were protectable. But Plaintiff declined to define the basis for its alleged confidential "pricing strategies" in its Complaint. Only at the December 27 hearing did Plaintiff, through Mr. Mancini's testimony, finally define its "pricing strategies" as the amounts for which Astro-Med sold its products – new information that led Mr. Plant's counsel to search for and find sources such as the MD Buyline website, which made publicly available the listed sales prices for EEG, PSG or LTM equipment. Having omitted from its Complaint vital

information as to its claim of confidential information, Plaintiff Astro-Med now asks the Court to ignore the newly discovered material evidence refuting Plaintiff's claim of a protectable interest.

In his opposition to Plaintiff's motion for injunctive relief, defendant Plant requested that the Court require a bond from Astro-Med in connection with any injunctive relief. That counsel did not re-assert, during oral argument, Defendant's written request for the posting of a bond should not prejudice Mr. Plant's right to a bond to protect against damages he may incur as a result of the Interim Injunction Order. Fed. R. Civ. Proc. 60(b).[1] Accordingly, even if the Court concludes that Astro-Med's "desire to be free from competition" warrants injunctive relief, any such order should require Plaintiff to post a bond. Hoechst Diafoil Co. v. Nan Ya Plastics Corp. 174 F. 3d 411, 421 (4th Cir. 1999) (failure to require a bond upon issuing injunctive relief is reversible error).

## II. ARGUMENT

### A. Plaintiff's "Pricing Strategies" Are Not Confidential Protectable Interests

Mr. Plant could not have discovered material evidence relating to the MD Buyline website prior to the December 27-28 hearing because Plaintiff's Complaint omitted the basis and nature of Astro-Med's alleged confidential "pricing strategies." Plaintiff argues that Mr. Plant was aware that Astro-Med's claimed its prices were confidential prior to the hearing. This argument, like Plaintiff's vague and conclusory allegations, lacks merit. First, the Complaint refers only to vague "pricing strategies" that qualify as "protectable interests." Second, Mr. Plant made clear in his affidavit that he possesses no knowledge of any confidential Astro-Med

---

[1] Indeed, Plaintiff's logic would require counsel to read into the record every argument contained in its court brief. Such a requirement would be ludicrous. Requests contained in a party's court papers sufficiently raise such issues for reconsideration.

pricing information.[2] Third, the expedited hearing prevented any pre-hearing discovery to determine Plaintiff's definition of its "pricing strategies." Disallowance of Mr. Plant's newly discovered evidence controverting Plaintiff's claims would reward purposefully vague and non-specific allegations by Plaintiff seeking expedited injunctive relief. Equity does not countenance the promotion of such a skewed incentive particularly when, as here, a working individual's profession and livelihood are at stake.

As for Defendant's cross-examination of Plaintiff's witnesses regarding medcompare.com, Mr. Plant's counsel asked these questions in direct response to Mr. Paliotta's testimony that Astro-Med's sales prices for its products – not the "pricing strategy" – were protected information. On this point, even the Court posed questions to Mr. Paliotta, inquiring as to how Plaintiff's potential customers would learn about sale prices, if (as Mr. Paliotta initially testified) Plaintiff maintained its prices as confidential information.

MD Buyline allows the public to access price quotes, as well as prices paid, for various medical products, including Plaintiff's products. Because the prices customers pay for Astro-Med's products (as determined solely by Mr. Mancini), are available to the general public, such information or "strategies" are neither confidential nor a protectable interest. *See* Paramount Office Supply v. MacIsaac, Inc. *et al.*, 524 A. 2d 1099, 1101 (R.I. 1987). Without more, such publicly available price information fails to justify the imposition of an interim injunction. Accordingly, Mr. Plant respectfully requests, based on this newly discovered evidence, that the Court grant Defendant's Motion for Reconsideration of the Interim Injunction Order.

---

[2] Plaintiff's argument that Mr. Plant's testimony was refuted by evidence is fallacious. Exhibits 19 and 20 merely show that Mr. Plant provided information to Mr. Mancini and, without discussing the matter with Mr. Plant, Mr. Mancini made a decision regarding the price for which to offer a product.

**B. Astro-Med Should Be Required To Post A Bond In Connection With Any Interim Injunction Order**

In his opposition to Plaintiff's Motion for Preliminary Injunction, Mr. Plant requested that, if the Court decided to impose injunctive relief, it should require Plaintiff to post a bond. Plaintiff's argument that counsel did not reiterate its written request during closing argument finds no basis in law or in fact. Defendant requested the posting of a bond in its opposition to Plaintiff's motion, in accordance with Federal Rule of Civil Procedure 65(c). Such written request is sufficient. F. R. C. P. 65 (c) (party applying for a preliminary injunction or temporary restraining order is required to give security upon issuance of the requested injunctive relief).

Plaintiff relies upon case law that fails to support its claim that it should be excused from the statutory bond requirement. Crowley v. Furniture & Piano Moving, Furniture Store Drivers, 679 F.2d 978 (1st Cir. 1982) and Temple Univ. v. White, 941 F.2d 201, 220 (3d Cir. 1991) both involved "noncommercial matters." In Crowley, the plaintiffs, union members, sued their union to enforce their rights to a new election. Crowley, 679 F. 2d at 1000. The Crowley court distinguished the case from "commercial" cases where, as here, the applicant for an injunction is typically a merchant who "can be assumed capable of bearing most bond requirements." In contrast, the Crowley court recognized that the plaintiff union members were at a great financial disadvantage when suing their union to enforce statutory rights. *Id.*, at 1000-01.

Here, Mr. Plant and his family bear the entire financial onus. Plaintiff, a merchant, is not advancing "important federal rights" or a "public interest;" it is simply attempting to restrain its former employee and gain a competitive advantage over Mr. Plant's employer. Likewise, the court in Temple did not impose a bond, because the applicant "sued to

enforce the rights . . . under the federal Medicaid statute, and in so doing . . . pursued a course of litigation [that was] *clearly in the public interest*" (emphasis added). Temple, 941 F. 2d at 220 (hospitals sued State of Pennsylvania's medical assistance program to enforce rights under Medicaid statute). Astro-Med's competitive business interests bear no similarity to the rights advanced by the union members in Crowley or the hospitals in Temple.

Moreover, the four determinative factors weigh in favor of requiring Plaintiff to post a bond. First, there is a clear risk of harm to Mr. Plant, who is enjoined from working in his profession within his home state. Second, with Astro-Med's claim as to the confidentiality of its prices in serious doubt, there is – at the very least – a likelihood of Mr. Plant's ultimate success on the merits of this case. Third, Astro-Med's ability to post a $15,000.00 bond is not a disputed issue. Finally, the requirement of a $15,000 bond does not impose an adverse impact on the enforcement of rights, particularly in light of the substantial impact that an injunction imposes upon Mr. Plant and his family. Thus, requiring Plaintiff to post a $15,000 bond strikes an appropriate balance, if Mr. Plant is to remain subject to the substantial and highly burdensome restrictions of the Interim Injunction Order.

### C. Plaintiff Fails To Refute The Applicability Of The Nestle Case

Because Astro-Med's prices, artfully described by Plaintiff as "pricing strategies," are publicly available and were not decided or otherwise set by Mr. Plant (*e.g.*, Exhibits 19 and 20), the underlying facts fall squarely with the holding of Nestle Food Co. v. Miller, 836 F. Supp. 69 (D.R.I. 1993). Thus, applied here, the Nestle court's "narrowly tailored" restriction protects Plaintiff's interests and subjects Plaintiff to no undue hardship.

## III. CONCLUSION

Plaintiff's "pricing strategies" are available to the general public through MD Buyline. These so-called "pricing strategies" are nothing more than pricing decisions made by

Mr. Mancini, which did not involve Mr. Plant in any way. As such, Astro-Med has no protectable interest in its prices warranting the imposition of injunctive relief against Mr. Plant. The only protectable interest for which Plaintiff may claim confidentiality would be its customer list and contacts, lists that Mr. Plant does not possess and customers that Mr. Plant has already confirmed he will not contact.

Any restrictions imposed on an employee based on a non-compete agreement must be narrowly tailored. Nestle, 36 F. Supp. at 75. The broad restrictions of the Interim Injunction Order reach far beyond the permissible scope of the restrictions set forth in Nestle. More appropriately, any injunction should allow Mr. Plant to work for his current employer in his current position and should only prohibit him only from directly soliciting customers he serviced while employed by Astro-Med. Finally, any interim injunction ordered by the Court should require Astro-Med to post a bond pursuant to Federal Rule of Civil Procedure 65(c) in the amount of $15,000.00 for the duration of the interim order.

KEVIN PLANT

By His Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Lisa M. Martinelli
Michael A. Gamboli (#4684)
Lisa M. Martinelli (#6350)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
mag@psh.com
lmm@psh.com

DATED: January 29, 2007

Of Counsel:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405
(310) 450-9353
(310) 581-8006 FAX

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANT KEVIN PLANT'S REPLY TO PLAINTIFF'S OPPOSITION TO ITS MOTION FOR RECONSIDERATION OF THE COURT'S INTERIM INJUNCTION ORDER was filed with the Clerk of the United States District Court for the District of Rhode Island this 29th day of January, 2007 and is available for viewing and downloading to the following ECF registered counsel of record:

Robert J. O'Keefe, Esq.
rokeefe@duffysweeney.com

Craig M. Scott
cscott@duffysweeney.com

/s/ Lisa M. Martinelli

898290_1/5866-2