UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC.,<br>Plaintiff,<br><br>vs.<br><br>KEVIN PLANT and NIHON KOHDEN AMERICA, INC.,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 06-533 ML |

**PLAINTIFF'S RULE 16 STATEMENT OF FACTS AND ISSUES OF LAW**

Plaintiff, Astro-Med, Inc., ("Astro-Med") submits this statement of facts and issues of law pursuant to Federal Rule of Civil Procedure 16 and per order of this Court.

**Statement of Facts**

In July 2002, Kevin Plant applied for a Product Specialist position at Astro-Med. Plant had no experience marketing or selling medical equipment, including electroencephalographs (EEG), polysomnographs (PSG), or long-term monitoring for epilepsy (LTM) equipment.

Astro-Med hired Plant, and he began work on October 16, 2002. Plant signed an Employee Agreement with Astro-Med on that date as a condition of his employment. The Employee Agreement contains a one-year, non-compete clause and a non-disclosure of confidential information clause that continues in perpetuity.

As a Product Specialist, Astro-Med trained Plant in its product line of EEG's, PSG's and LTM equipment, and its proprietary customer analysis information. Plant also participated in product development and traveled to customer sites around the country for sales visits and installations. After two years as a Product Specialist, Plant requested and

received a promotion to District Manager in the newly-vacant Southeastern territory. Astro-Med provided Plant with a compilation of customer leads for the Southeastern territory. Astro-Med also gave Plant access to proprietary marketing techniques and information, sales training, and pricing information.

On September 21, 2006, Plant gave notice to Astro-Med that he was quitting. Plant denied that he was leaving to work for a competitor. Astro-Med reminded Plant in writing of his obligations under the Employee Agreement. Plant responded that he had consulted an attorney and was aware of his obligations. Plant advised Nihon Kohden of the non-compete and non-disclosure clauses in his Employment Agreement; nevertheless, Nihon Kohden hired him as a sales representative in Florida, selling the same equipment he sold for Astro-Med.

**Issues of Law**

Astro-Med must establish the enforceability of the Employee Agreement and Plant's violation of its non-compete and non-disclosure provisions. Astro-Med must show that (1) the non-compete provision is ancillary to an otherwise valid employment relationship; (2) the provision is supported by adequate consideration; (3) the provision protects Astro-Med's legitimate business interests; and (4) the provision is reasonable in time and scope. *See Durapin, Inc. v. Am. Prods., Inc.*, 559 A.2d 1051, 1053 (R.I. 1989). Astro-Med must also show that the non-disclosure provision is reasonable in scope and purpose. *See Nestle Food Co. v. Miller*, 836 F. Supp. 69, 76-77 (D.R.I. 1993).

On the common law, unfair competition claim against Plant, Astro-Med must show that Plant has access to Astro-Med's confidential and proprietary business information and misuses that information to give a competitive advantage to himself and Nihon Kohden *See*

*Abbey Medical/Abbey Rents, Inc. v. Mignacca*, 471 A.2d 189, 193 (R.I. 1984); *Rego Displays, Inc. v. Fournier*, 379 A.2d 1098, 1101-1102 (R.I. 1977).

On the intentional interference with a contractual relationship claim against Nihon Kohden, Astro-Med must show (1) the existence of a contractual relationship between Astro-med and Kevin Plant; (2) Nihon Kohden's knowledge of that contractual relationship; (3) Nihon Kohden's intentional interference with that contractual relationship; and (4) the damages resulting from that interference. *See Jolicouer Furniture Co., Inc. v. Baldelli*, 653 A.2d 740, 752 (R.I. 1995).

As to the claim of misappropriation of trade secrets and confidential business information in violation of R.I. Gen. Laws § 6-41-1 *et seq*. against both Defendants, Astro-Med must show (1) the proprietary nature of its products under development, marketing, pricing and/or customer information; (2) that these trade secrets would have economic value for Nihon Kohden; (3) that Astro-Med exposed Plant to its trade secrets while he was subject to the non-compete and non-disclosure provisions of his Employee Agreement; and (4) that Nihon Kohden hired Plant knowing he had been exposed to Astro-Med's trade secrets while he was subject to the non-compete and non-disclosure provisions of his Employee Agreement.

Respectfully submitted,

ASTRO-MED, INC.

/s/ Craig M. Scott
Craig M. Scott, Esq. (# 4237)
Robert J. O'Keefe, Esq. (#6750)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile
cscott@duffysweeney.com

Dated: January 29, 2007

## CERTIFICATE OF SERVICE

I hereby certify that the within ***Plaintiff's Rule 16 Statement of the Facts and Issues of Law*** was filed through the ECF system on the 29th day of January, 2007, and will be sent electronically to the below-named counsel who is a registered participant identified on the Notice of Electronic Filing:

Michael A. Gamboli, Esq.
Lisa M. Martinelli
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

and was served, via First Class Mail, to the counsel named below who is not a registered ECF participant:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

/s/ Craig M. Scott