# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ASTRO-MED, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN PLANT and<br>NIHON KOHDEN AMERICA, INC.<br><br>Defendants. | C.A. No. 06-533-ML |

## NIHON KOHDEN'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; OR IN THE ALTERNATIVE TO DISMISS FOR IMPROPER VENUE; OR IN THE ALTERNATIVE TO TRANSFER FOR IMPROPER VENUE; OR IN THE ALTERNATIVE TO TRANSFER FOR CONVENIENCE

Defendant Nihon Kohden America, Inc. moves for an order dismissing this action, pursuant to Federal Rule of Civil Procedure 12(b)(2), on the grounds that the court lacks personal jurisdiction over Nihon Kohden America, Inc.; or in the alternative, that pursuant to Federal Rule of Civil Procedure 12(b)(3), the action be dismissed because venue is improper; or in the alternative, to transfer this action to either the United States District Court for the Central District of California or to the United States District Court for the Middle District of Florida.

In support of its motion, Defendant Nihon Kohden Ameirca, Inc. relies upon the accompanying Memorandum of Law, filed herewith, and upon the papers, records and pleading filed herein, as well as any evidence presented at the hearing on this motion.

NIHON KOHDEN AMERICA, INC.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Lisa M. Martinelli
Michael A. Gamboli (#4684)
Lisa M. Martinelli (#6350)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
mag@psh.com
lmm@psh.com

DATED: February 19, 2007

Of Counsel:

/s/ E.P. Michael Karcis
E.P. Michael Karcis, Esq.
McLEAN & McLEAN LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405
(310) 450-9353
(310) 581-8006 FAX
michael@mcleanfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing DEFENDANT NIHON KOHDEN'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; OR IN THE ALTERNATIVE TO DISMISS FOR IMPROPER VENUE; OR IN THE ALTERNATIVE TO TRANSFER FOR IMPROPER VENUE; OR IN THE ALTERNATIVE TO TRANSFER FOR CONVENIENCE was filed with the Clerk of the United States District Court for the District of Rhode Island this 19th day of February, 2007 and is available for viewing and downloading to the following ECF registered counsel of record:

Robert J. O'Keefe, Esq.
rokeefe@duffysweeney.com

Craig M. Scott
cscott@duffysweeney.com

/s/ Lisa M. Martinelli

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ASTRO-MED, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN PLANT and<br>NIHON KOHDEN AMERICA, INC.<br><br>Defendants. | C.A. No. 06-533-ML |

**NIHON KOHDEN'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; OR IN THE ALTERNATIVE TO DISMISS FOR IMPROPER VENUE; OR IN THE ALTERNATIVE TO TRANSFER FOR IMPROPER VENUE; OR IN THE ALTERNATIVE TO TRANSFER FOR CONVENIENCE**

Defendant Nihon Kohden America, Inc., by and through its counsel, hereby submits the following memorandum in support of its Motion to Dismiss For Lack of Personal Jurisdiction, or in the Alternative, to Dismiss For Improper Venue, or in the Alternative, to Transfer For Improper Venue, or in the Alternative, to Transfer For Convenience.

## I. INTRODUCTION

The claims alleged by Plaintiff Astro-Med, Inc. ("Astro-Med") against Nihon Kohden America, Inc. ("Nihon Kohden"), a California corporation, pertain solely to the hiring by Nihon Kohden of Defendant Kevin Plant ("Mr. Plant") as a salesperson for its products within the State of Florida. Plaintiff alleges that Nihon Kohden, by offering to employ Mr. Plant (1) intentionally induced Mr. Plant to breach his Employee Agreement with Plaintiff; and (2) misappropriated Plaintiff's trade secrets. Affidavit of Michael Ohsawa ("Ohsawa Affidavit"), attached hereto and incorporated herein by reference at Exhibit A; see also Plaintiff's First

Amended Complaint, ¶¶ 56 and 61. The actions alleged occurred only in California, where Nihon Kohden interviewed Mr. Plant, and in Florida, where Mr. Plant resides and is employed by Nihon Kohden. None of the acts Plaintiff alleges against Nihon Kohden occurred in Rhode Island. Thus, the Rhode Island District Court lacks specific personal jurisdiction over Nihon Kohden.

In addition to the lack of contacts with Rhode Island relating to this case, Nihon Kohden has not availed itself of the protections of Rhode Island law, so as to subject it to general personal jurisdiction. Nihon Kohden does not direct any of its advertising or marketing efforts specifically towards Rhode Island residents. Further, Nihon Kohden has no employees, offices, bank accounts, or other contacts within Rhode Island that amount to sufficient "minimum contacts," so as to comply with "traditional notions of fair play and substantial justice." <u>See</u> <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945). Accordingly, Nihon Kohden respectfully requests dismissal of this action pursuant to Fed. R. Civ. Proc. 12(b)(2) based upon lack of personal jurisdiction.

Nihon Kohden should also be dismissed, or the action transferred to another judicial district, because Rhode Island is an improper venue. As acknowledged in Plaintiff's First Amended Complaint, Nihon Kohden's principal place of business is in Foothill Ranch, California. First Amended Complaint, ¶ 3. Moreover, the alleged acts that form the basis for Plaintiff's claims against Nihon Kohden, (the hiring of Mr. Plant to work for Nihon Kohden in Florida) occurred in California and in Florida. The actions which Plaintiff alleges constitute interference with Plaintiff's contract with Mr. Plant, or which Plaintiff alleges constitute misappropriation of trade secrets could only have occurred in California or Florida. Therefore,

the proper, or most convenient, forum is either the Central District of California or the Middle District of Florida.

Accordingly, Nihon Kohden respectfully requests that Plaintiff's claims against Nihon Kohden be dismissed under Fed. R. Civ. Proc. 12(b)(2) or (3), or in the alternative, that Plaintiff's claims be transferred to the appropriate district court in California or Florida.

## II. SUMMARY OF FACTS

Nihon Kohden's principal place of business, its business practices, and its lack of "claim-specific" contacts all compel the conclusion that Rhode Island lacks personal jurisdiction over Nihon Kohden. Plaintiff alleges that Nihon Kohden "induced" Mr. Plant to breach his agreement with Astro-Med by "offering employment to [Mr.] Plant." First Amended Complaint, ¶ 56. Plaintiff further alleges that, by hiring Mr. Plant, Nihon Kohden "misappropriated" Astro-Med's trade secrets and confidential business information. First Amended Complaint, ¶ 61. However, Nihon Kohden had no communications with Mr. Plant either from, to, or within Rhode Island; conducted no interviews with Mr. Plant in or from Rhode Island; and did not extend its offer of employment to Mr. Plant from, to, or within Rhode Island. Additionally, <u>none</u> of Mr. Plant's job duties or responsibilities as a Nihon Kohden employee involve work in or aimed at Rhode Island, communications to persons or entities in Rhode Island, or sales, marketing, distribution, or customer services in or directed to Rhode Island.

Nihon Kohden learned of Mr. Plant's interest in a sales job from its former Florida sales representative, Bob Kehoe. <u>See</u> Affidavit of Gary Reasoner("Reasoner Affidavit"), attached hereto and incorporated herein by reference at <u>Exhibit B</u>, ¶ 3. Within two months of learning of Mr. Plant's desire to leave employment with Plaintiff, Nihon Kohden received Mr. Plant's resume at its Foothill, California offices. Reasoner Affidavit <u>Exhibit B</u>, ¶ 4. After reviewing the resume, Nihon Kohden's Director of the Neurology Business Unit, Gary Reasoner

conducted several telephone interviews with Mr. Plant, while Mr. Plant was in Florida and Mr. Reasoner was in California. Id. Following these telephonic interviews, as well as exchanging several e-mails, Mr. Reasoner invited Mr. Plant to a final round of interviews to take place at Nihon Kohden's California offices. Michael Ohsawa, Nihon Kohden's Director of Operations, and Mr. Reasoner conducted the final interviews with Mr. Plant. Ohsawa Affidavit Exhibit A, ¶ 13; Reasoner Affidavit Exhibit B, ¶ 5. Upon completion of the interview process, Mr. Ohsawa and Mr. Reasoner decided to extend an offer of employment to Mr. Plant, to serve as its Florida sales representative. Mr. Ohsawa, while in California, sent Mr. Plant an offer letter, addressed to Mr. Plant's Lake Mary, Florida address. Ohsawa Affidavit Exhibit A, ¶ 13.

In addition to the lack of Rhode Island contacts involved in or cited in Plaintiff's First Amended Complaint, Nihon Kohden's does not purposefully direct its activities, including its advertising or marketing efforts, directly at Rhode Island residents or Rhode Island businesses. Ohsawa Affidavit Exhibit A, ¶ 8. Nihon Kohden is a California corporation with its principal place of business in Foothill Ranch, California. Ohsawa Affidavit Exhibit A, ¶ 2. Nihon Kohden is not qualified to do business in Rhode Island, has never sought to do business in Rhode Island, and has no subsidiaries that are incorporated or qualified to do business in Rhode Island. Ohsawa Affidavit Exhibit A, ¶ 3. None of Nihon Kohden's officers, directors, or employees reside in or are domiciled in Rhode Island. Additionally, Nihon Kohden has no bank accounts, real property, personal property, employees, or facilities in Rhode Island. Ohsawa Affidavit Exhibit A, ¶¶ 6 and 7.

Due to its lack of contacts with Rhode Island, defending against Plaintiff's claims in Rhode Island would impose a substantial burden on Nihon Kohden. Nihon Kohden's employees and representatives would be required to travel from California to Rhode Island or

from Florida to Rhode Island and would not be able to work during travel time, which would substantially burden Nihon Kohden's productivity. Ohsawa Affidavit Exhibit A, ¶ 12. Moreover, a vast majority, if not all, of the documents, books, tangible evidence, and records that might be subject to discovery are located in California. Id.

## III. ARGUMENT

### A. THE RHODE ISLAND DISTRICT COURT LACKS PERSONAL JURIDICTION OVER NIHON KOHDEN

When jurisdiction is contested, the plaintiff bears the burden to establish facts sufficient to sustain jurisdiction over an out-of-state defendant. Rodriquez, et al. v. Aircraft Company, et al., 781 F.2d 9, 10 (1st Cir. 1986). The plaintiff must proffer evidence that, if credited, is enough to satisfy all of the facts essential to a finding of personal jurisdiction. Boit v. Gar-Tec Products, Inc., 967 F.2d 671, 675 (1st Cir. 1992). The plaintiff's burden extends beyond the pleadings and requires affirmative proof. Id. Thus, a plaintiff may not rely on unsupported allegations in its pleadings to make a *prima facie* showing of personal jurisdiction. Id.

The exercise of personal jurisdiction over an out-of-state defendant in a diversity action must be authorized by state statute and must comply with the Constitution. Harlow v. Children's Hospital, 432 F.3d 50, 57 (1st Cir. 2005). Rhode Island's long-arm statute provides that it has jurisdiction to the full extent permissible under the United States Constitution. See R.I. Gen. Laws § 9-5-33; Cerberus Partners, L.P., et al. v. Gadsby & Hannah, LLP, et al., 836 A.2d 1113 (R.I. 2003). Under this analysis, Rhode Island courts lack personal jurisdiction over Nihon Kohden.

Plaintiffs must meet three Constitutionally-imposed requirements to demonstrate personal jurisdiction over an out-of-state defendant. First, the out-of-state defendant must have sufficient "minimum contacts" with the state. For specific jurisdiction, the plaintiff's claims must

relate to the defendant's in-state contacts. For general jurisdiction, in which the claims need not relate to the defendant's in-state contacts, the defendant must engage in the "continuous and systematic" pursuit of general business activities within the state. Second, for specific or general jurisdiction, the plaintiff must show that the defendant's contacts with the state are "purposeful." And third, the court's exercise of jurisdiction over an out-of-state defendant must be reasonable under the circumstances. Harlow, 432 F.3d at 57-65.

Accordingly, if Plaintiff fails to proffer evidence to demonstrate that Rhode Island courts have personal jurisdiction over Nihon Kohden, then Nihon Kohden must be dismissed for lack of personal jurisdiction.

### 1. The Rhode Island District Court Lacks Specific Personal Jurisdiction Over Nihon Khoden

The First Circuit applies a tripartite test for determining whether the exercise of specific jurisdiction comports with due process. The test focuses on (1) relatedness of the claims to the out-of-state defendant's in-state contacts, (2) purposeful availment by the out-of-state defendant of the forum state's laws, and (3) reasonableness of forcing an out-of-state defendant to defend itself in the forum state. The reviewing court must make an affirmative finding on each of these elements to support a conclusion that specific jurisdiction exists as to the out-of-state defendant. However, if the court concludes that plaintiff has not satisfied either the relatedness component or the purposeful availment component of the specific jurisdiction test, it need not proceed to analyzing the reasonableness requirement. Phillips Exeter Academy v. Hoard Phillips Fund, Inc., 196 F.3d 284, 2188 (1st Cir. 1999).

### 2. Plaintiff's Claims Do Not Arise Out Of Any Activities Of Nihon Kohden In Rhode Island

Plaintiff alleges that Nihon Kohden "induced" Defendant Kevin Plant to breach a contract regarding alleged trade secrets and that Nihon Kohden "misappropriated" those secrets

when it offered Kevin Plant a job in Florida. First Amended Complaint, ¶¶ 56 and 61. Because this case involves alleged use of trade secrets – a body of law most closely analogous to tort law – the Court should "probe the causal nexus between the defendant's contacts and the plaintiff's cause of action. PMH Research Associates, LLC v. Life Extension Foundation, 2004 U.S. Dist. LEXIS 26775 *16 (D.N.H. 2004)(dismissal of plaintiff-company's trade secret case based upon lack of personal jurisdiction). In other words, the Court should look at the particular facts that caused the alleged trade secret violation and determine whether those facts involve or relate to the State of Rhode Island. See Id. *citing* Phillips Exeter, 196 F.3d at 289.

Plaintiff cannot establish that Nihon Kohden's hiring or employment of Mr. Plant in Florida involves or relates to the State of Rhode Island in any way. Nihon Kohden decided to hire Mr. Plant after learning about him from its former Florida sales representative. Reasoner Affidavit Exhibit B ¶ 3. All contact between Mr. Plant and Nihon Kohden occurred in Florida or California. Reasoner Affidavit Exhibit B ¶ 4. In particular, Nihon Kohden decided to hire Mr. Plant after meeting with him at its California offices and, subsequently sent Mr. Plant an offer letter from Nihon Kohden's California offices to Mr. Plant's Florida residence. Ohsawa Affidavit Exhibit A, ¶ 13; Reasoner Affidavit Exhibit B, ¶ 4. Thus, every aspect of Mr. Plant's hiring, which forms the basis of Plaintiff's claims against Nihon Kohden, occurred either in California or in Florida and not Rhode Island.

The elements of Plaintiff's claims that relate to Rhode Island are insufficient bases for personal jurisdiction over Nihon Kohden since they only focus upon Astro-Med's alleged damages in Rhode Island from alleged interference with a contract and Astro-Med's allegedly misappropriated trade secrets, alleged to be misappropriated were created in Rhode Island. First Amended Complaint ¶¶ 53-63. In PMH Research Associates, LLC v. Life

Extension Foundation, the court held that the site of creation of plaintiff's trade secret did not determine where jurisdiction exists over an out-of-state defendant. Id. at *17. The New Hampshire District Court in PMH Research further held that personal jurisdiction over an out-of-state defendant may not be imposed on the basis that plaintiff allegedly suffered injury in the forum state. Id. Instead, specific jurisdiction is only proper at the site where the activity that caused the breach occurred. Id. Under this analysis, the activity that caused the alleged breach was Nihon Kohden's hiring and employment of Mr. Plant, which occurred in California and Florida. Accordingly, because the only alleged activities in Rhode Island are unrelated to the activities that allegedly caused a breach, personal jurisdiction over Nihon Kohden is lacking in Rhode Island.

### 3. Nihon Kohden Has Not Purposefully Availed Itself Of The Protections Of Rhode Island Law

Voluntariness and foreseeability are the two cornerstones of the "purposeful availment" requirement. Ticketmaster-New York v. Alioto, 26 F.3d 201, 207 (1st Cir. 1994). This requirement focuses on any purposeful activity by the out-of-state defendant in the forum that would make exercise of jurisdiction fair, just, or reasonable. Thus, the question is "Does Nihon Kohden have sufficient contacts with Rhode Island to put it on 'fair notice' that it might be subject to litigation in Rhode Island?" See Euro-Pro Operating, LLC v. Scutte, 2006 U.S. Dist. LEXIS 3812, *13 (D. Mass 2006). The answer is no.

Nihon Kohden's hiring of Mr. Plant in Florida involved no contacts with Plaintiff or Rhode Island. Ohsawa Affidavit Exhibit A; Reasoner Affidavit Exhibit B. Nihon Kohden never had "fair notice" that it might be subject to litigation in Rhode Island because it has no employees, offices, real property, bank accounts, or personal property in Rhode Island. Ohsawa Affidavit Exhibit A, ¶¶ 3-7. Nor does it target any of its advertising or marketing efforts directly

at Rhode Island residents or Rhode Island businesses. Id. at ¶ 8. Moreover, any contact Nihon Kohden arguably had regarding Astro-Med's non-compete agreement with Mr. Plant would have occurred either in California or in Florida, not Rhode Island. Such contacts are insufficient to place Nihon Kohden on "fair notice" that it might have to defend itself in litigation brought in Rhode Island.

In Euro-Pro Operating, LLC v. Scutte, the plaintiff was a Delaware corporation doing business in Massachusetts. Plaintiff sued in Massachusetts, alleging trade secret violations against its former employees and their competing company, both Florida residents. Id. at *1-2 Despite the defendants' continuing business relationship with the plaintiff and despite several trips by defendants to Massachusetts, the Massachusetts District Court held that it lacked personal jurisdiction over the defendants, because the forum-related activity was too sporadic and insignificant. Id. at *11-13. Here, Nihon Kohden's contacts with Rhode Island are far less than the contacts at issue in Euro-Pro Operating; thus, the Court's exercise of personal jurisdiction over Nihon Kohden would be neither fair, just, or reasonable. At the time it hired Mr. Plant, a Florida resident, to work for the Company in Florida, Nihon Kohden could not have foreseen that it would have to defend itself in litigation in Rhode Island.

**4. Exercise Of Jurisdiction By The Rhode Island District Court Would Be Unreasonable**

In Donatelli v. Nat'l Hockey League, 893 F.2d 459, 465 (1st Cir. 1990), the Court coined the criteria it must employ to analyze the reasonableness of jurisdiction over an out-of-state defendant as the "Gestalt factors." These factor are: (1) the out-of-state defendant's burden of appearing in the forum state; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief in the forum state; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the

common interest of all sovereign states in promoting substantive social policies. Harlow, 432 F. 3d at 67 (quoting Donatelli, 893 F.2d at 465). All five Gestalt factors favor a finding that the Court lacks personal jurisdiction over Nihon Kohden.

A finding of jurisdiction over Nihon Kohden in Rhode Island would impose a substantial burden on Nihon Kohden, which has no offices or employees in the State. Ohsawa Affidavit Exhibit A, ¶ 11. Litigating this action in Rhode Island would be highly burdensome to Nihon Kohden because all percipient witnesses to the hiring of Mr. Plant and any information that might be relevant to alleged misappropriation of trade secrets claims are located in California or Florida. Ohsawa Affidavit Exhibit A, ¶ 11(b). Moreover, employees and representatives would not be able to work during the extensive travel periods, which would harm Nihon Kohden due to losses in productivity. Ohsawa Affidavit Exhibit A, ¶ 11(a).

The forum state's interest in adjudicating the dispute also weighs against a finding of jurisdiction in Rhode Island. Rhode Island has an interest in providing Rhode Island-based companies with a forum for filing lawsuits; here, however, any alleged wrongdoing would have taken place in California or Florida. See First Amended Complaint, ¶¶ 56 and 62; Ohsawa Affidavit Exhibit A, ¶ 12. Conversely, California's and Florida's interest in adjudicating a dispute over conduct that occurred within its borders, between a California company and a Rhode Island company suing over customers located in Florida, outweighs Rhode Island's interest in a lawsuit against an out-of-state defendant.

Plaintiff's suit seeks remedies for alleged harm to its business interests in Florida. Therefore, litigating in Florida would not inappropriately inconvenience Plaintiff. Significantly, Plaintiff maintains a substantial business presence in the State of Florida and is currently suing its former Florida sales representative, Mr. Plant, based on alleged breach of contract, alleged

misappropriation of trade secrets, and alleged unfair competition that may harm its business in Florida. First Amended Complaint, ¶¶ 25, 40-27 and 48-52. Plaintiff's claims against Nihon Kohden arise from its hiring of Mr. Plant, a Florida resident who formerly worked for Plaintiff in Florida. The percipient witnesses are located in Florida and California. Consequently, litigating in Florida or California would not impose upon Plaintiff undue burden or unreasonable inconvenience.

With regard to the remaining two "Gestalt factors:" (1) the effective administration of justice; and (2) the interest of all sovereigns in promoting substantive social policies; both weigh against finding personal jurisdiction over Nihon Kohden. Plaintiff's claims are based upon Nihon Kohden's hiring of a Florida resident to sell products on behalf of a California corporation. The interests of effective administration of justice and the interest of sovereign states to promote and administer substantive social policies affecting their states both lead to the State of California where the hiring took place, or the State of Florida where the Plaintiff's former employee worked for Plaintiff and is currently employed by Nihon Kohden.

**B. NIHON KOHDEN DOES NOT HAVE CONTINUOUS, PURPOSEFUL, AND SYSTEMATIC CONTACTS WITH RHODE ISLAND**

Nihon Kohden does not conduct continuous and systematic business activities in Rhode Island. An out-of-state defendant may not be subject to another state's jurisdiction solely based on random, fortuitous, or attenuated contacts. PMH Research, 2004 U.S. Dist. LEXIS at *8 (*citing* Burger King Corp. v Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed. 2d 528 (1985)). General jurisdiction requires the nonresident defendant's contacts with the forum to be continuous, purposeful, and systematic, in order to subject the defendant to the general jurisdiction of that forum's courts. Cerberus Partners, 836 A.2d at 1122. Nihon Kohden's

Rhode Island "contacts" do not reach the level of "continuous, purposeful, and systematic." At most, its contacts are attenuated, limited, sporadic, or incidental.

Nihon Kohden maintains no offices in Rhode Island, has no employees living or domiciled in Rhode Island, and directs none of its advertising specifically toward Rhode Island residents or Rhode Island businesses. Ohsawa Affidavit Exhibit A, ¶¶ 5, 6 and 8. The only arguable "contacts" Nihon Kohden has with Rhode Island are through its Internet website, and an extremely limited number of unsolicited sales over the past decade. Ohsawa Affidavit Exhibit A ¶ 9. Such limited contact is plainly insufficient to subject Nihon Kohden to this forum's general jurisdiction.

Three cases further provide insight as to why Rhode Island lacks personal jurisdiction over Nihon Kohden. First, in Seymour v. Parke, Davis & Co., the First Circuit held that if an out-of-state defendant's activities consist only of advertising and employing salespersons to solicit orders within the forum, fairness does not permit the forum state to assume jurisdiction. Seymour v. Park, Davis & Co., 423 F.2d 584, 587 (1st Cir. 1970) (out-of-state defendant's six salespeople, all of whom resided in the forum state, who solicited orders and disseminated product in the forum state was insufficient contact for general for general jurisdiction). Second, in Glater v. Eli Lilly & Co., the First Circuit similarly held that the mere existence of a sales force consisting of forum residents, in addition to limited advertising in the forum state, fails to satisfy the "continuous and systematic" contacts test. Glater v. Eli Lilly & Co., 744 F.2d 213, 215-217 (1st Cir. 1984) (employing eight sales representatives who provided customers in forum state with product information and limited in-state advertising insufficient contact for general jurisdiction). Finally, in PMH Research, the court – applying Seymour and Glater to a set of facts very similar to this action – held that the forum state's exercise of general

jurisdiction over the out-of-state defendant would "violate notions of fairness incorporated into the due process clause." PMH Research, 2004 U.S. Dist. LEXIS at *13-15 (sale of undetermined number of memberships, distribution of undetermined amount of products, and distribution of magazine in forum state insufficient for general jurisdiction).

In PMH Research, as here, the defendant employed no sales people in the forum state, and had a limited number of sales within the forum state. Id. at *13. Nihon Kohden simply maintains an Internet website, which provides information accessible to all computer users. Ohsawa Affidavit Exhibit A, ¶ 9. In fact, Nihon Kohden has substantially fewer contacts than did the defendants in PMH Research, Glater and Seymour. Thus, Nihon Kohden's extremely limited activity involving Rhode Island is not continuous and systematic under PMH Research, Glater, or Seymour and, accordingly, Plaintiff's claims against Nihon Kohden should be dismissed for lack of personal jurisdiction.

## IV. RHODE ISLAND IS NOT THE PROPER VENUE FOR PLAINTIFF'S LAWSUIT AGAINST NIHON KOHDEN

In diversity cases, venue is only proper in a judicial district in which either (1) the defendant resides, (2) a substantial part of the events giving rise to the claim occurred, or (3) the defendant is subject to personal jurisdiction. 28 U.S.C. § 1391. The plaintiff bears the burden to present facts sufficient to support its allegation that venue is proper. Cordis Corp. v. Cardiac Pacemakers, 559 F.2d 1085, 1086 (1st Cir. 1979). If venue is improper in the district in which the case is originally filed, the court must dismiss the claims against the defendant or, in the interests of justice, transfer the case to a district in which the claims properly could have been filed. 28 U.S.C. § 1406(a). None of the three conditional bases set forth in 28 U.S.C. § 1391 are applicable here.

Plaintiff's First Amended Complaint makes no allegations that Nihon Kohden does business in Rhode Island or that a substantial part of the events giving rise to its claims against Nihon Kohden, a California corporation, occurred in Rhode Island. The First Amended Complaint alleges that the events that gave rise to Plaintiff's claims of interference with contractual relationship and misappropriation of trade secrets occurred when Nihon Kohden offered Mr. Plant employment as a sales person in Florida. First Amended Complaint, ¶¶ 56 and 61. All of the events Plaintiff references occurred in Florida or in California. Ohsawa Affidavit Exhibit A, ¶ 13; Reasoner Affidavit Exhibit B, ¶¶ 3-5. Moreover, Plaintiff cannot establish this forum's personal jurisdiction over Nihon Kohden due to the lack of sufficient contacts with Rhode Island. Accordingly, Plaintiff cannot establish that venue is proper in Rhode Island under any of the preconditions of 28 U.S.C. § 1391. Thus, Plaintiff's claims against Nihon Kohden should be dismissed or, in the alternative, transferred to the United States District Court for the Central District of California or, alternatively, the Middle District of Florida.

## V. TRANSFER OF PLAINTIFF'S CLAIMS AGAINST NIHON KOHDEN IS PROPER UNDER 28 U.S.C. § 1404

Even if this Court deems that Rhode Island has jurisdiction over the claims against Nihon Kohden, the balance of convenience weighs heavily in favor of venue in the state where the percipient witnesses are located and where any evidence of alleged bad acts would be found: the Central District of California or, alternatively, the Middle District of Florida, the location of Mr. Plant's hiring and employment. Under 28 U.S.C. § 1404(a), a district court may, in the interest of justice, transfer any civil action to any other district court where the action may have been brought for the convenience of the parties and witnesses. 28 U.S.C. § 1404(a). Transfer to another district court is appropriate if, as here: (1) the plaintiff could have filed in the venue where transfer is sought; and (2) the balance of convenience weighs in favor of transfer.

Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981). In this case, the balance of the private and public interests weighs definitively in favor of transfer to an alternate forum. Id.

### A. THE PRIVATE FACTORS FAVOR VENUE IN CALIFORNIA OR FLORIDA

The respective "private interests" of litigants is determined based upon:

(1) The relative ease of access to sources of proof;

(2) Availability of compulsory process for attendance of witnesses; and

(3) All of the practical problems that make conducting a trial in a particular venue easier, more expeditious and less expensive. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947).

In its First Amended Complaint, Plaintiff's allegations against Nihon Kohden relate solely to its hiring and employment of Mr. Plant, or possible communications with Mr. Plant. First Amended Complaint, ¶¶ 55-56, 60-61. All of Nihon Kohden's communications with Mr. Plant were made or sent from its office in California, and were received by Mr. Plant in Florida, where he and his family reside. Ohsawa Affidavit Exhibit A, ¶ 13; Reasoner Affdiavit Exhibit B, ¶¶ 4-5. For this reason, all of the witnesses, and all potentially discoverable documents, tangible evidence, and records relating to Nihon Kohden's hiring of Mr. Plant as its Florida sales representative, are located in California or in Florida. Ohsawa Affidavit Exhibit A, ¶ 12(b). Because all of the witnesses and evidence pertaining to (1) Nihon Kohden's hiring of Mr. Plant, and (2) alleged misappropriation of Plaintiff's trade secrets, are located in California or in Florida, a trial would be more convenient, more expeditious, and less burdensome in the Central District of California or the Middle District of Florida.

### B. PUBLIC FACTORS WEIGH IN FAVOR OF TRIAL IN CALIFORNIA OR FLORIDA

The public factors considered in determining the most convenient forum include:

(1) Administrative difficulties stemming from court congestion;

(2) "[L]ocal interest in having localized controversies decided at home;"

(3) The interest in having a diversity case tried in a forum that is familiar with the law that governs the action;

(4) Avoidance of unnecessary conflict of law problems, or problems applying foreign laws; and

(5) The fairness of imposing the burden of jury duty upon citizens of a forum that is less connected with the relevant facts than an alternative forum. Id.

No "local" interest supports a trial in this Court regarding Plaintiff's claims against Nihon Kohden. Plaintiff's allegations arise from the hiring, by a California corporation, of a Florida resident to sell the Company's products in Florida. Nihon Kohden never entered the State of Rhode Island, or even contacted anyone in Rhode Island in connection with Mr. Plant's employment. It is not disputed that Rhode Island is the proper forum for a Rhode Island company suing its former non-resident employee; however, the connection between the non-resident new employer and the Rhode Island company is extremely remote and burdensome. First Amended Complaint, ¶ 1. Rhode Island is not an appropriate forum because this action does not involve a "localized controversy" and a trial would burden Rhode Island citizens by requiring jury duty service on a case relating to events that occurred in California and Florida.

In addition to the lack of connection of Plaintiff's claims against Nihon Kohden to the State of Rhode Island, a trial outside of Rhode Island will not create unnecessary conflict of laws problems or contravene any interest Rhode Island may have in adjudicating Plaintiff's claims. Both Florida and California have trade secret laws, (see Cal. Civ. Code § 3426 *et seq.* and Fla Stat. § 688.000 *et seq.*) and both states provide causes of action for intentional

interference with contractual relationships. See Dryden v. Tri-Valley Growers, 65 Cal. App. 3d 990 (1977) and McKinney-Green, Inc. v. Davis, 606 So. 2d 393 (1992). Moreover, because the alleged misappropriation of trade secrets (or the threatened misappropriation of trade secrets) could occur only in Florida or California, and the alleged interference with contract occurred in California, Rhode Island's interest in adjudicating Plaintiff's claims is remote.

Both the private and public factors weigh in favor of transferring Plaintiff's claims against Nihon Kohden to California or Florida, where the alleged bad acts occurred. Either venue can provide an easy, expeditious and inexpensive forum for a trial and would promote the public's interest in a forum that is connected to the allegations and removing the burden of Rhode Island's citizens serving jury duty on a case about a California company that hired a Florida citizen to sell its products in Florida.

## VI. CONCLUSION

Nihon Kohden is a California company which, at the time of hiring Mr. Plant, had no reasonable expectation that it might be subject to litigation in Rhode Island. Nihon Kohden directs none of its marketing or advertising to Rhode Island citizens or businesses, and does not maintain a presence within the State. Moreover, Plaintiff bases its claims against Nihon Kohden on events that allegedly occurred, or allegedly will occur, in Florida or California. Accordingly, Nihon Kohden's contacts with Rhode Island are so infrequent, uncommon, and limited that the maintenance of this suit in this forum offends traditional notions of fair play and substantial justice.

Based on the allegations set forth in Plaintiff's First Amended Complaint, venue is improper in Rhode Island. Nihon Kohden resides thousands of miles from Rhode Island, and all of the events giving rise to Plaintiff's claims against Nihon Kohden allegedly occurred in Florida or California. Even assuming that venue or jurisdiction over Nihon Kohden was proper

in Rhode Island, venue still should be transferred to either the Central District of California or the Middle District of Florida, in the interests of justice. Thus, Plaintiff's claims against Nihon Kohden should be dismissed for lack of jurisdiction and improper venue or, in the alternative, Plaintiff's claims against Nihon Kohden should be transferred to either Florida or California.

WHEREFORE, Nihon Kohden respectfully requests that this Honorable Court:

A. Dismiss this action pursuant to Fed. R. Civ. P. 12(b)(2) based upon lack of personal jurisdiction; or

B. Dismiss this action pursuant to Fed. R. Civ. P. 12(b)(3) based upon improper venue; or

C. Transfer this action under 28 U.S.C. § 1404 to either the United States District Court for the Central District of California or to the United States District Court for the Middle District of Florida; and

D. Grant such further relief as this Court deems meet and just.

NIHON KOHDEN AMERICA, INC.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Lisa M. Martinelli
Michael A. Gamboli (#4684)
Lisa M. Martinelli (#6350)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
mag@psh.com
lmm@psh.com

DATED: February 19, 2007

Of Counsel:

/s/ E.P. Michael Karcis
E.P. Michael Karcis, Esq.
McLEAN & McLEAN LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405
(310) 450-9353
(310) 581-8006 FAX
michael@mcleanfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF NIHON KOHDEN'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; OR IN THE ALTERNATIVE TO DISMISS FOR IMPROPER VENUE; OR IN THE ALTERNATIVE TO TRANSFER FOR IMPROPER VENUE; OR IN THE ALTERNATIVE TO TRANSFER FOR CONVENIENCE was filed with the Clerk of the United States District Court for the District of Rhode Island this 19th day of February, 2007 and is available for viewing and downloading to the following ECF registered counsel of record:

Robert J. O'Keefe, Esq.
rokeefe@duffysweeney.com

Craig M. Scott
cscott@duffysweeney.com

/s/ Lisa M. Martinelli

902320_1/5866-2