# EXHIBIT "D"

DUFFY SWEENEY & SCOTT, LTD
BUSINESS LAW & LITIGATION

*Robert J. O'Keefe*
*rokeefe@duffysweeney.com*

MAR 12 2007

March 9, 2007

***Via Facsimile and First Class Mail***

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

Lisa M. Martinelli, Esq.
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

Re: Astro-Med, Inc. v. Kevin Plant and Nihon Kohden America - C.A. No. 06-533-ML

Dear Mike and Lisa:

This is in response to your letter of February 28, 2007, in which you requested that Astro-Med provide a revised and corrected Customer List that conforms with the terms and scope of the Court's February 16, 2007 Modified Interim Injunction Order (the "Order").

Astro-Med has complied with the letter and spirit of the Order. As the Order states quite plainly, "The Astro-Med Customer List includes existing Astro-Med customers in Florida and prospective Astro-Med customers located in Florida that were on any lead sheet given to Plant within 90 days before Plant terminated his employment with Astro-Med." (Order ¶ 1). The Order does not, as you claim, limit this Customer List to those customers or prospective customers that Mr. Plant had contact with during his tenure as an Astro-Med sales representative in Florida.

We provided a list of only Grass Technologies® customers in Florida, including Mike Massa Video Services. Your presumption that this list includes non-medical equipment customers is incorrect. The last page of the Customer List also shows those customers on lead sheets given to Plant within 90 days of his departure.

I trust this satisfies your concerns.

Sincerely,

Robert J. O'Keefe

RJO/dms
cc: Astro-Med, Inc. (*via facsimile*)

*Astro-Med\Plant, Kevin\Letters\Karcis-Martinelli03-09-07 RJO.doc*