**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ASTRO-MED, INC.,<br><br>Plaintiff,<br>v.<br><br>KEVIN PLANT; NIHON KOHDEN AMERICA, INC.<br>Defendants. | C.A. No. 06-533-ML |

**DEFENDANTS KEVIN PLANT'S AND NIHON KOHDEN AMERICA, INC.'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER OR, IN THE ALTERNATIVE, A CASE MANAGEMENT ORDER REQUIRING PLAINTIFF TO PROVIDE REASONABLE NOTICE OF ALL DEPOSITIONS AND FOR AN ENLARGEMENT OF TIME FOR NONPARTIES TO RESPOND TO PLAINTIFF'S SUBPOENAS**

Defendants, Kevin Plant and Nihon Kohden America, Inc. will and hereby do move for a protective order or, in the alternative, for a Case Management Order (1) requiring plaintiff Astro-Med, Inc. to provide all parties, and any and all third parties, with reasonable notice of ten (10) business days, or other such minimum mandatory notice as the Court deems appropriate, for depositions, and (2) providing an enlargement of time for nonparties to respond to Plaintiff's subpoenas issued in this action.

This motion is based on this Notice of Motion and Motion, the Memorandum of Law attached hereto, the Affidavit of E.P. Michael Karcis concurrently filed herewith, and upon the papers, records and pleadings filed herein, as well as any evidence or argument that may be presented at the hearing on this motion.

KEVIN PLANT,
By His Attorneys

/s/ Bruce W. Gladstone
Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903
401-331-5700
Fax: 401-331-5787

DATED: April 2, 2007

Of Counsel:

E.P. Michael Karcis, Esq.
McLEAN & McLEAN LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405
(310) 450-9353
(310) 581-8006 FAX
michael@mcleanfirm.com

CERTIFICATION

The undersigned hereby certifies that on the 2nd day of April, 2007, a copy of the foregoing was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

| | |
|---|---|
| Craig M. Scott, Esq.<br>cscott@duffysweeney.com<br>Duffy Sweeney & Scott, Ltd.<br>One Turks Head Place, Suite 1200<br>Providence, RI 02903 | Robert J. O'Keefe, Esq.<br>rokeefe@duffysweeney.com<br>Duffy, Sweeney & Scott, Ltd.<br>One Turks Head Building, Suite 1200<br>Providence, RI 02903 |
| | |

/s/ Bruce W. Gladstone

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ASTRO-MED, INC.,<br><br>Plaintiff,<br>v.<br><br>KEVIN PLANT; NIHON KOHDEN AMERICA, INC.<br>Defendants. | C.A. No. 06-533-ML |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER, OR IN THE ALTERNATIVE, FOR A CASE MANAGEMENT ORDER**

Defendants Kevin Plant and Nihon Kohden America, Inc. ("Nihon Kohden"), by and through their counsel, hereby submit the following memorandum in support of their motion for a protective order, or in the alternative, for a case management order (1) requiring minimum advance notice to all parties and to all third parties regarding depositions, and (2) providing for an enlargement of time for nonparties to respond to subpoenas.

## I. INTRODUCTION

Defendants Kevin Plant and Nihon Kohden request this Court's issuance of a protective order, or in the alternative a Case Management Order ("CMO"), in order to ensure Plaintiff Astro-Med, Inc.'s ("Astro-Med") compliance with the Federal Rules of Civil Procedure's notice requirements.

Every discovery request and every subpoena served by Plaintiff in this action has violated the notice requirements of the Federal Rules of Civil Procedure. On or about February 27, 2007, Plaintiff served its subpoena on Mr. Dominic Chillemi of Med-Tek Solutions, Inc., a New York corporation, but failed to serve notice of the subpoena to Mr.

Plant, Nihon Kohden, or their counsel of record.[1] Plaintiff's deposition subpoena, which Mr. Chillemi received at his home in New York State, gave Mr. Chillemi *less than twenty-four hours* notice of Plaintiff's intention to take Mr. Chillemi's deposition the very next day, in Rhode Island, over 200 miles away. By letter dated February 27, 2007, Mr. Chillemi advised counsel for Plaintiff that he objected to Plaintiff's demand for his deposition (including production of documents), at an out-of-state location on less than twenty-four hours notice.[2] When Defendants first learned of Plaintiff's subpoena on Mr. Chillemi, they promptly advised Plaintiff's counsel, Robert O'Keefe, that they had received no notice of the subpoena, as required by Federal Rules of Civil Procedure 30 and 45. But rather than admit error or correct its future discovery requests to provide adequate notice, Plaintiff has continued serving inappropriate discovery requests with unreasonable notice and wholly inadequate time for response.

Following the service of their defective subpoena on Mr. Chillemi, Plaintiff served subpoenas on other nonparties, all with unreasonable deadlines to respond to its demands for production of documents.[3] Plaintiff provided Mr. Plant's and Nihon Kohden's counsel even *less* notice of these third party subpoenas, ignoring counsel's right to reasonable notice, as well as the need to make travel arrangements or address scheduling conflicts. Plaintiff's discovery tactics violate Federal Rule of Civil Procedure 45(c)(1), which requires the party issuing a subpoena to take "**reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.**" (Emphasis added.) Because Plaintiff has refused or disregarded Defendant's requests for compliance with Rule 45(c)(1), Defendants seek a protective order or CMO, to ensure reasonable notice of all further depositions in this action.

---

[1] Affidavit of E.P. Michael Karcis ("Karcis Aff.") ¶¶ 2 and 4, Exh. 1 ("Chillemi Letter").
[2] *Id.*
[3] Karcis Aff. ¶¶ 11, 12 and 17, Exh. 7 ("Sleep Review" subpoena), 8 ("Sleep Diagnostics And Therapy" subpoena), and 13 ("American Society of Electroneurodiagnostic Technologists" subpoena).

Prior to bringing this motion, Defendants sought to work out a mutually agreeable discovery schedule with Plaintiff. Defendants' counsel attempted to resolve this matter informally, by negotiating in good faith a joint stipulation to a discovery schedule, but Plaintiff's counsel has rejected all efforts to reach such an agreement, offering only to agree to its proposed stipulation, which because it set forth no restrictions or guidelines on Plaintiff, and would have had the same force and effect as no stipulation.[4] Plaintiff responded to Defendants' requests for a joint stipulation with unfounded, spurious accusations and demands apparently designed to falsely cast Nihon Kohden as "Big Brother," overseeing and manipulating all nonparties served with Plaintiff's discovery demands.[5] For example, in a letter dated March 22, 2007, Plaintiff insisted that Defendants "produce" certain nonparty witnesses for deposition, when there was no cause whatsoever for Plaintiff's demand and (thinly veiled) accusation and where common sense or simple inquiry would have confirmed that Defendants have no authority or control over the third party entities involved. Plaintiff's extreme indifference and disregard for the Federal Rules forced the filing of this motion, which would have been unnecessary had Plaintiff simply abided by basic discovery rules, and ceased employing underhanded litigation tactics.

## II. LEGAL ARGUMENT

Good cause exists for issuance of a protective order or CMO requiring Plaintiff to provide minimum notice of all depositions and subpoenas in this action. Federal Rules of Civil Procedure 30 and 45 require reasonable notice of such events, and courts have interpreted these rules as requiring at least 10 days' notice of depositions. *See* In re Stratosphere Corp. Sec. Litig., 183 F.R.D. 684, 687 (D.Nev. 1999). Defendants' counsel

---

[4] See Karcis Aff. ¶¶ 4, 5, 6, 7, 8, 13 and 14, Exhs. 2, 3, 4, 5, 9 and 10.
[5] See Karcis Aff. ¶ 15, Exh. 11.

sought to create, with Plaintiff's counsel, a mutually convenient discovery schedule, to no avail. Plaintiff has yet to provide reasonable notice, of 10 days or more, for nonparty, out-of-state depositions, or offer any explanation as to why so little notice to nonparties and Defendants is either necessary or justified in spite of the Federal Rules' notice requirements.

### A. Plaintiff's Repeated Failure To Provide Reasonable Notice Of Depositions Violates Fed. R. Civ. Proc. 30 and 45

Federal Rules of Civil Procedure 30 and 45 require a party seeking the deposition of any person, or the production of documents, to serve each party with reasonable notice in writing. Fed. R. Civ. Proc. 30(b) and 45(b). Although "reasonableness" depends on the circumstances of the case, ten days' minimum notice is the customary standard. *See* In re Stratosphere, 183 F.R.D. at 687 (subpoena served six days before scheduled deposition (including the weekend), with five-days' notice to opposing party unacceptable as *unreasonably* short). Additionally, in determining the reasonableness of notice, one must consider the amount of time between receipt of notice and the deposition or production date, "with an eye toward [the need for] preparation and travel." In re Sulfuric Acid Antitrust Litig., 231 F.R.D. 320, 327 (N.D.Ill. 2005). No exigent circumstances exist here that would warrant the inadequate notice Plaintiff has opted to provide to both nonparties and to Defendants in this action.[6]

Plaintiff has taken off calendar -- "for now" -- the nonparty depositions of Dominic Chillemi of Med-Tek Solutions, Inc., "Sleep Review," "Sleep Diagnostics and Therapy," "Sleep Review," and "American Society of Electroneurodiagnostic Technologists," but Plaintiff's subpoenas also seek documents from these entities "in lieu of appearance."[7] Plaintiff provided even less notice for the production of documents.[8]

---

[6] Plaintiff's utter disregard for the nonparties' rights to reasonable notice, as defined under Fed. R. Civ. Proc. 45, calls into question whether they have paid the mandatory witness fees.

[7] Karcis Aff. Exhs. 7, 8, and 13.

[8] *Id.*

The chart below sets forth the dates Plaintiff issued its subpoenas, as well as the due dates set by Plaintiff. Also indicated are the dates on which Defendants received notice of the subpoenas from Plaintiff.

| NONPARTY SUBPOENAS ISSUED BY PLAINTIFF ASTRO-MED[9] | | | | | |
|---|---|---|---|---|---|
| **Nonparty Recipient of Subpoena (and recipient's location)** | **Date Subpoena Sent by Plaintiff** | **Date Notice Received by Defendants** | **Due Date For Documents Per Subpoena** | **Deposition Date Per Subpoena** | **Date of Cancellation by Plaintiff** |
| Dominic Chillemi (New York) | Feb. 27, 2007[10] | NEVER RECEIVED | Feb. 28, 2007 | Feb. 28, 2007 | NEVER RECEIVED |
| "Sleep Review" (California) | Mar. 15, 2007 (via mail) | March 19, 2007 (via mail) | March 22, 2007 | March 27, 2007 | March 26, 2007 |
| "Sleep Diagnostics and Therapy" (California) | Mar. 15, 2007 (via mail) | March 19, 2007 (via mail) | March 22, 2007 | March 27, 2007 | March 26, 2007 |
| "American Society of Electroneurodiagnostic Technologists," (Kansas) | Mar. 21, 2007 (via mail) | March 26, 2007 (via mail) | March 28, 2007 | March 28, 2007 | March 26, 2007 |

In light of the travel arrangements involved, and the time needed for out-of-state nonparties to review the request, seek legal counsel, locate and produce documents, or object or seek a protective order, if necessary, Plaintiff's subpoenas failed to provide reasonable notice as required under Federal Rule of Civil Procedure 45(b). Less than a week's notice for each of the depositions demanded by Plaintiff is patently unreasonable. Moreover, Plaintiff's failure to provide Nihon Kohden or Mr. Plant *any* notice of its February subpoena to Dominic Chillemi points to a flagrant disregard for the rules of discovery, and an intent to obtain a perceived advantage through precisely the sort of

[9] See Karcis Aff. ¶¶ 2, 4, 11, 12, 16 and 17, Exhs. 1, 7, 8, 12 and 13.
[10] Karcis Aff. ¶ 2, Exh. 1 ("This deadline of **less than 24 hours** from the time I received your subpoena is completely unreasonable and is extremely burdensome for me").

pressure tactics the Federal Rules were designed to discourage. After Mr. Chillemi, a New York State resident, objected to Plaintiff's demand to appear for deposition in Rhode Island and to produce documents on less than twenty-four hours' notice, Plaintiff's counsel called Mr. Chillemi and attempt to coerce him into waiving his rights.[11] Plaintiff also provided Nihon Kohden's and Mr. Plant's counsel less than twenty-four hours' notice of cancellation of most its subpoenaed depositions.[12] In fact, Defendants did not learn of the March 28 deposition in Kansas until Plaintiff's counsel called Defendants' counsel on the afternoon of March 26, 2007 to cancel it.[13]

### B. Plaintiff's Discovery Requests Are Premature And Unenforceable

Federal Rule of Civil Procedure 26(d) prohibits parties from serving discovery requests on any source prior to the issuance of a scheduling order or before the parties have stipulated as to discovery issues. This rule prevents one party from unilaterally engaging in discovery unless approved by the court or by stipulation of the parties. *See, e.g.*, Keller v. Bruce Edwards, M.D., 206 F.R.D. 412, 414 (D.Md. 2002). Thus, deposition notices and other discovery requests that violate Rule 26(d) are defective and unenforceable. *Id.* at 415.

Here, prior to any agreement on discovery or the issuance of a scheduling order Plaintiff served Nihon Kohden with notice of some of its third party discovery, as well as Requests for the Production of Documents and Interrogatories.[14] Plaintiff then refused to meet and confer in good faith to delineate the scope and extent of discovery, proceeded to serve deposition subpoenas on third parties either without notice to Defendants, or their counsel, or with inadequate, unreasonably short notice to discovery served on third parties.[15] Although the parties have attempted to reach an agreement regarding

---

[11] Karcis Aff. ¶ 3.
[12] Karcis Aff. ¶ 17, Exh. 13.
[13] *Id.*
[14] Karcis Aff. ¶¶ 10, 11, 12 and 17, Exhs. 6, 7, 8 and 13.
[15] Karcis Aff. ¶ 16, Exh. 12.

jurisdictional discovery, such efforts proved futile due to Plaintiff's refusal to stipulate to any limit to jurisdictional discovery and its insistence that Nihon Kohden "produce" third party witnesses.[16]

Since filing its motion for enlargement of time, Plaintiff has rebuffed every good faith attempt by Defendants to reach a reasonable stipulation agreement regarding discovery. Plaintiff sent Nihon Kohden an overly broad proposed discovery Consent Order and insisted that Nihon Kohden's counsel agree to its terms. When Nihon Kohden requested a general explanation of the scope and extent of Plaintiff's intended "jurisdictional discovery," Plaintiff simply sent back its Consent Order back to Nihon Kohden's counsel, virtually unchanged, except for a glib reference to "jurisdictional issues."

## IV. CONCLUSION

Plaintiff's conduct in this action is reminiscent of a schoolyard bully, one who insists on getting his way, without regard for the rules of propriety and fair play. And like the schoolyard bully who must ultimately adhere to acceptable boundaries, or face expulsion, a party that conducts itself as though the rules do not apply must be set straight -- the sooner, the better.

Plaintiff's flagrant disregard for the rules of discovery should not be countenanced. Accordingly, for all the foregoing reasons, Defendants respectfully request that the Court order the following, by way of protective order, or in the alternative, by case management order:

(1) Plaintiff shall provide all nonparties and all Defendants with at least ten (10) business days notice of any deposition or deposition subpoena with an additional three (3) days notice if served by mail;

[16] See Karcis Aff. ¶¶ 15 and 16, Exhs. 11 and 12.

(2) All nonparties shall receive no less than fifteen (15) additional days to respond to Plaintiff's subpoenas; and

(3) Plaintiff and its attorneys shall reimburse Defendants' reasonable expenses incurred in bringing this motion, including its attorneys' fees, pursuant to Federal Rules of Civil Procedure 26(c) and 37(a)(4).

Kevin Plant and Nihon Kohden
By Their Attorneys,

/s/ Bruce W. Gladstone
Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903
401-331-5700
Fax: 401-331-5787

DATED: April 2, 2007

Of Counsel:
E.P. Michael Karcis, Esq.
McLEAN & McLEAN LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405
(310) 450-9353
(310) 581-8006 FAX
michael@mcleanfirm.com

G:\pec\PLANT, KEVIN\Memo Support Case Mgnt Order.doc