# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ASTRO-MED, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN PLANT; NIHON KOHDEN AMERICA, INC.<br><br>Defendants. | C.A. No. 06-533-ML |

**AFFIDAVIT OF E.P. MICHAEL KARCIS IN SUPPORT OF DEFENDANTS KEVIN PLANT'S AND NIHON KOHDEN AMERICA, INC.'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER OR, IN THE ALTERNATIVE, A CASE MANAGEMENT ORDER REQUIRING PLAINTIFF TO PROVIDE REASONABLE NOTICE OF ALL DEPOSITIONS AND FOR AN ENLARGEMENT OF TIME FOR NONPARTIES TO RESPOND TO PLAINTIFF'S SUBPOENAS**

I, E.P. Michael Karcis, declare as follows:

1. I am an attorney at law, licensed to practice before all courts in Massachusetts and California, and am admitted Pro Hoc Vice in this matter. I am an attorney with the firm of McLean & McLean LLP, counsel of record for Defendant Kevin Plant. The following statements are made of my own personal knowledge, and if called upon as a witness, I could and would competently testify thereto.

2. On or about February 27, 2007, I received a letter signed by Dominic Chillemi regarding a subpoena he received from Plaintiff Astro-Med, Inc.'s ("Astro-Med") counsel, Robert O'Keefe. As Mr. Chillemi informed me, he is an independent

contractor who sells medical equipment for various businesses, including Nihon Kohden of America, Inc. ("Nihon Kohden"). His employer is Med-Tek Solutions, Inc. Attached hereto as **Exhibit 1** is a true and correct copy of Mr. Chillemi's letter dated February 27, 2007.

3. After receiving Mr. Chillemi's letter dated February 27, 2007, I spoke with Mr. Chillemi and his counsel via telephone about the subpoena referenced in the letter and learned that Attorney O'Keefe had contacted Mr. Chillemi about the subpoena. During this telephone conversation, I also learned that Attorney O'Keefe had attempted to intimidate Mr. Chillemi by stating that Mr. Chillemi should not assert his legal rights, because he (Attorney O'Keefe) would still be able to get the information sought in the subpoena.

4. As of the date of this affidavit, I have not received any notice of Astro-Med's deposition subpoena for Mr. Chillemi, which is referenced in Mr. Chillemi's February 27th letter.

5. Despite counsel for Astro-Med ignoring the Federal Rules of Civil Procedure ("FRCP") regarding discovery obligations (as set forth in the Motion), I have been negotiating a stipulation that would allow Astro-Med to conduct limited discovery directed only at the jurisdictional and venue issues Nihon Kohden raised in its Motion to Dismiss, filed on February 15, 2007.

6. On or about March 1, 2007, I received a proposed stipulation for jurisdictional discovery from Attorney O'Keefe. Attached hereto as **Exhibit 2** is a true and correct copy of Astro-Med's initial proposed stipulation for jurisdictional discovery.

7. Because the stipulation failed to address Astro-Med's proposed scope and extent of its jurisdictional discovery, as I had discussed with Attorney O'Keefe, I sent Attorney O'Keefe a letter dated March 2, 2007 requesting that he define Astro-Med's intended scope and extent of the proposed jurisdiction discovery. Attached hereto as **Exhibit 3** is a true and correct copy of that letter.

8. In response to my letter dated March 2, 2007, I received a proposed consent order for jurisdictional discovery, which did not address the concerns raised in my March 2 letter, from Attorney O'Keefe. Attached hereto as **Exhibit 4** is a true and correct copy of that stipulation.

9. Because its revised stipulation again failed to address my concerns about the proposed scope and extent of Astro-Med's request for limited jurisdictional discovery, I sent another, more explicit letter dated March 5, 2007 to Attorney O'Keefe. Attached hereto as **Exhibit 5** is a true and correct copy of that letter.

10. Instead of a fully revised stipulation, on March 19, 2007, I received discovery requests, via facsimile, from Astro-Med, including interrogatories and requests for production of documents. Attached hereto as **Exhibit 6** is a true and correct copy of Attorney O'Keefe's cover letter to that discovery.

11. Also on March 19, 2007, I received, via first class mail (not facsimile), notice of a deposition subpoena Astro-Med sent to a national magazine in Orange County, California, "Sleep Review," dated March 15, 2007. Attached hereto as **Exhibit 7** is a true and correct copy of the notice and subpoena.

12. Also, on March 19, 2007, I received, via first class mail (not facsimile), notice of a deposition subpoena Astro-Med sent to a national magazine in Orange County,

California, "Sleep Diagnostics And Therapy," dated March 15, 2007. Attached hereto as **Exhibit 8** is a true and correct copy of the notice and subpoena.

13. On March 19, 2007, following conversations with Attorney O'Keefe, I sent a letter setting forth specific language to include in the stipulation regarding discovery on jurisdiction. Attached hereto as **Exhibit 9** is a true and correct copy of that letter.

14. I received a letter dated March 21, 2007 from Attorney O'Keefe accompanied by another stipulation. Attached hereto as **Exhibit 10** is a true and correct copy of that letter and proposed stipulation.

15. I received a letter from Attorney O'Keefe dated March 22, 2007 wherein Attorney O'Keefe made unfounded and outrageous allegations concerning the service of a second subpoena on Dominic Chillemi, which (again) had not and has not been served on counsel for Kevin Plant or Nihon Kohden. Attached hereto as **Exhibit 11** is a true and correct copy of this letter.

16. In response to Attorney O'Keefe's incendiary and accusatory letter dated March 22, 2007, I sent a letter to him correcting his misperceptions and, in a good faith effort to meet and confer, I asked that Astro-Med ensure that it provide all parties with reasonable notice of all depositions. Attached hereto as **Exhibit 12** is a true and correct copy of that letter, which is dated March 23, 2007.

17. On Monday, March 26, 2007, I had a telephone conversation with Attorney O'Keefe who informed me for the first time that the depositions of "Sleep Review" and "Sleep Diagnostics And Therapy" -- scheduled for March 27, 2007 -- would not be going forward. Moreover, I learned (despite my March 22 letter

(Exhibit 12)), for the first time that Astro-Med had sent a deposition subpoena to a magazine in Overland, Kansas for its appearance on March 28, 2007. Attached hereto as Exhibit "13" is a true and correct copy of a letter I sent to Attorney O'Keefe confirming our conversation.

18. On March 26, 2007, my office received Astro-Med's notice of deposition for "American Society of Electroneurodiagnostic Technologists" magazine. Attached hereto as Exhibit "14" is a true and correct copy of this deposition notice.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 30th day of March in Providence, Rhode Island.

E.P. Michael Karcis, Affiant

NOTARY:
Subscribed and sworn to before me this 30th day of March, 2007 in Providence, Rhode Island.

Bruce W. Gladstone
My Commission Expires: 7/27/07