# EXHIBIT 9

McLEAN & McLEAN LLP
A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

3001 2ND STREET, SUITE E
SANTA MONICA, CALIFORNIA 90405

TELEPHONE 310.450.9350
FACSIMILE 310.581.8006

March 19, 2007

**VIA FACSIMILE TO 401-455-0701**
**& U.S. MAIL**

Robert O'Keefe, Esq.
DUFFY SWEENEY & SCOTT LTD
One Turks Head Place, Suite 1200
Providence, RI 02903

**Re** **Astro-Med, Inc. v. Kevin Plant *et al.***
**U. S. District Court, R.I. Case No. 06-CV-00533-ML**

Dear Attorney O'Keefe:

We received the proposed consent order regarding limited jurisdictional discovery in connection with Nihon Kohden America, Inc.'s ("Nihon Kohden") Motion to Dismiss. While we question your need for the discovery,[1] as well as the requirement that both Nihon Kohden and your client incur the unnecessary expenses[2] relating to the proposed discovery, we will continue our practice of cooperating in discovery issues. As for the proposed consent order, Nihon Kohden will agree to the order, provided that the following revisions are made:

Paragraph 1 – We agree to an extension of 45 days (April 23, 2007) for Plaintiff to respond to Nihon Kohden's Motion to Dismiss.

Paragraph 2 – A revised paragraph 2 is:

The proposed jurisdictional discovery shall consist of only:

a. Subpoenas duces tecum and depositions of Domenic Chillemi, and certain trade journals and trade magazines with intended circulation in the State of Rhode Island;

---

[1] It is our understanding that you have already interviewed Domenic Chillemi, a Nihon Kohden independent sales contractor.

[2] Nihon Kohden reserves the right to request an award of attorneys' fees and costs following the hearing on its Motion to Dismiss.

b. One set of no more than 20 of each interrogatories and requests for document production to Nihon Kohden, which will be deemed served upon the Court's entering the consent order; and

c. Depositions of two Nihon Kohden employees, to take place only in Orange County, California (unless otherwise agreed).

With regard to foregoing Subparagraph a., Astro-Med acknowledges and agrees as follows: (i) third parties are the subject of the proposed discovery; (ii) any discovery request Astro-Med serves on any third party will be concurrently served on counsel for Kevin Plant and Nihon Kohden; and (iii) neither Kevin Plant nor Nihon Kohden shall be considered to have control over any third party or the ability to limit any third party's objections to any of Astro-Med's discovery requests.

Paragraph 4 – At the conclusion of the sentence, please insert ", a draft of which Plaintiff's counsel shall provide to Nihon Kohden' counsel on or before March 23, 2007."

(New) Paragraph 5 – Nihon Kohden's stipulation to limited jurisdictional discovery herein shall not be interpreted in any manner (by the Court, Astro-Med, or any other entity or person) as a waiver of or limit on Nihon Kohden's (i) right to object to any discovery (on other than jurisdictional grounds related to Nihon Kohden's Motion to Dismiss) or (ii) objection to jurisdiction and venue as set forth in its Motion to Dismiss.

Please forward the revised consent order to my attention or, if you have any questions, please call.

Sincerely yours,

E.P. Michael Karcis
of McLean & McLean LLP

EPMK/jh

cc: Bruce W. Gladstone, Esq.