# EXHIBIT 10

DUFFY SWEENEY & SCOTT, LTD
BUSINESS LAW & LITIGATION

*Robert J. O'Keefe*
*rokeefe@duffysweeney.com*

March 21, 2007

***VIA FACSIMILE and***
***FIRST CLASS MAIL***

E.P. Michael Karcis
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

Re: *Astro-Med, Inc. v. Kevin Plant, Nihon Kohden America, Inc.*
USDC RI C.A. No. 06-533

Dear Mike and Bruce:

In response to Mike's letter of March 19, 2007, I enclosed a revised proposed consent order regarding the enlargement of time to conduct jurisdictional discovery as to Nihon Kohden.

In Paragraph 1, the ability to complete this discovery within 45 days would be dependant upon the cooperation we receive from Nihon Kohden. Under Federal Rules of Civil Procedure 33 and 34, Nihon Kohden has 30 day to respond to the request for production and interrogatories that we served on March 19th. The proposed response due date of April 23, 2007 does not allow enough time to depose any Nihon Kohden employee on those responses unless Nihon Kohden responds more quickly. I address this consideration in Paragraph 2(b).

With respect to Paragraph 2, I do not understand what is meant in your proposed Paragraph 2(a) regarding "trade journal and trade magazines with intended circulation in the State of Rhode Island." If these journals or magazines have Rhode Island subscribers, then there is intended circulation in Rhode Island. We have outlined our proposed discovery to third parties in hopes of reaching agreement on the consent order, but do not intend to waive any rights to issue any third-party subpoena as necessary to establish jurisdiction over Nihon Kohden.

E.P. Michael Karcis and
Bruce W. Gladstone, Esq.
Page Two
March 21, 2007

As to Paragraph 2(b) we served our interrogatories and request for production of documents to Nihon Kohden on March 19th, and there are less than 20 each. As noted above, I have included additional language which contemplates Nihon Kohden's cooperation in ensuring sufficient time to review Nihon Kohden's responses so that discovery could be completed within 45 days.

In Paragraph 2(c), we will agree to depose the two Nihon Kohden employees wherever they live or work. The remaining language under paragraph 2 with respect to third party discovery is unnecessary. Control is an issue of fact and law which we cannot stipulate to without first seeing the responses or conducting the depositions of the third parties.

In Paragraph 4, we propose that Nihon Kohden sign on to the December 27, 2006 protective order already entered in this case. We included your proposed Paragraph 5 with a minor change. I removed the language regarding how the Court should interpret the consent order.

These proposed changes should address your concerns. Please advise if you accept these changes so that we may file the consent order with the Court before your response to our motion for enlargement is due on March 22nd.

Sincerely,

Robert J. O'Keefe

RJO/rmb
Enclosure
Cc: Craig Scott, Esq. *(w/o enclosures)*

*H:\Clients\Astro-Med\Plant, Kevin\Letters\Opposing Counsel 3 21 07 rjo.doc*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC.,<br>Plaintiff,<br><br>vs.<br><br>KEVIN PLANT, NIHON KOHDEN<br>AMERICA, INC.<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 06-533 ML |

**CONSENT ORDER**

This matter having come before the Court on Plaintiff, Astro Med, Inc.'s ("Astro-Med"), Motion for Enlargement of Time to Respond to Nihon Kohden America, Inc.'s Motion to Dismiss and to Conduct Jurisdictional Discovery, and Astro-Med and Defendants, Kevin Plant and Nihon Kohden, having agreed on entry of this Consent Order, it is hereby:

**ORDERED, ADJUDGED AND DECREED:**

1. Astro-Med's Motion for Enlargement of Time is granted. Astro-Med shall have an enlargement of time of forty-five (45) days, to April 23, 2007, to respond to Nihon Kohden's Motion to Dismiss for Lack of Personal Jurisdiction for the purposes of conducting limited jurisdictional discovery as to any sales, marketing, advertising, servicing or purchasing of any Nihon Kohden products in Rhode Island; or any other contacts with Rhode Island by Nihon Kohden or anyone acting on its behalf.

2. The proposed jurisdictional discovery entemplated includes:

(a) subpoenas duces tecum to and the depositions of Domenic Chillemi and certain journals and trade magazines. Nothing herein shall limit Astro-Med's ability to subpoena other third parties as necessary;

(b) one set of interrogatories and request for production of documents to Nihon Kohden, which Nihon Kohden shall in good faith respond to in a timely manner and prior to the response date for the Motion to Dismiss; and

(c) depositions of two Nihon Kohden employees to take place where they live or work.

3. Astro-Med may conduct further jurisdictional discovery by agreement or by order of this Court if the parties are unable to reach an agreement.

4. Nihon Kohden will sign the December 27, 2006 protective order entered in this case governing the use of confidential information.

5. Nihon Kohden's stipulation to limited jurisdictional discovery herein shall not be interpreted in any manner (by the parties or any other entity or person) as a waiver of or limit on Nihon Kohden's: (i) right to object to any discovery (on other than jurisdictional grounds related to Nihon Kohden's motion to dismiss) or (ii) objection to jurisdiction and venue as set forth in its Motion to Dismiss.

ENTERED as an Order of this Court this _______ day of March, 2007.

ENTERED: PER ORDER:

______________________ C.J.

______________________ Clerk

Submitted and Agreed to:

ASTRO-MED, INC.

---

Craig M. Scott, Esq. (# 4237)
Robert J. O'Keefe, Esq. (#6750)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile

KEVIN PLANT and
NIHON KOHDEN AMERICA, INC.

---

Bruce Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903
(401) 331-5700-telephone
(401) 331-5787-facsimile

---

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

# CERTIFICATE OF SERVICE

I hereby certify that the within ***Consent Order*** was filed through the ECF system on the _____ day of March, 2007, and will be sent electronically to the counsel-named below who is a registered participant identified on the Notice of Electronic Filing:

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

and was served, via First Class Mail, to the counsel named below who is not a registered ECF participant:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite F
Santa Monica, CA 90405

______________________________