# EXHIBIT 12

McLEAN & McLEAN LLP
A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

3001 2ND STREET, SUITE E
SANTA MONICA, CALIFORNIA 90405

TELEPHONE 310.450.9553
FACSIMILE 310.581.8006

March 23, 2007

**VIA FACSIMILE 401-455-0701**
**& U.S. MAIL**

Robert O'Keefe, Esq.
DUFFY SWEENEY & SCOTT LTD
One Turks Head Place, Suite 1200
Providence, RI 02903

**Re** **Astro-Med, Inc. v. Kevin Plant, *et al.***
**U. S. District Court, R.I. Case No. 06-CV-00533-ML**

Dear Attorney O'Keefe:

We are have reviewed your revised proposed consent order regarding jurisdictional discovery, and are in receipt of your letter dated March 22, 2007. Since plaintiff Astro-Med's proposed order fails to incorporate most of our recommended revisions, which were set forth in our March 19 letter, we find the proposed consent order unacceptable, on almost every level. Additionally, we wish to set the record straight in response to your March 22 letter, which is remarkable only in the variety, audacity, and number of the inaccuracies and distortions it contains.

Your March 22 letter asserts that we "requested" re-issuance of the subpoena duces tecum you improperly served on Domenic Chillemi. To be clear, we made no such request, having had no reason to do so. Mr. Chillemi's letter to you, on February 27, sets forth his well-founded objections, including jurisdictional objections, to Astro-Med's subpoena.[1] In any event, I understand that Mr. Chillemi does not wish to waive any of his objections to your subpoena. And we do not, and will not, waive our right to notice of subpoenas issued by you, as is required under F.R.C.P. Rule 45.

You have asked us to inform you whether Mr. Chillemi will be "produced" for deposition in this action. Mr. Chillemi, however, is an *independent* sales representative, and is an employee of neither Kevin Plant nor Nihon Kohden America, Inc. You did not treat Mr. Chillemi as a Nihon Kohden employee when improperly serving your subpoena on him, so your request that

---

[1] While you might consider jurisdictional issues merely "technical," such a view is likely the minority on that subject in our profession. We consider such issues foundational.

we – who are not his counsel – now "produce" him for you is somewhat curious. Mr. Chillemi may be represented by counsel; if so, your request should be directed to his attorneys.

Our proposed revision – that the proposed consent order include the parties' acknowledgement that neither Kevin Plant nor Nihon Kohden controls (non-employee) third party witnesses – seeks not only to include a true and accurate statement, but also to prevent precisely the sort of gross distortions your letter makes. Your baseless and untrue insinuation that Mr. Chillemi is being "controlled" by Nihon Kohden underscores the necessity and importance of including our proposed revision within the text of the proposed consent order.

Please send any revised proposed consent order you would like us to consider to my attention, and please feel free to contact me at (310) 450-9353 or at (508)212 -2142, if you would like to discuss this matter.

Sincerely yours,

EPMK/jh

E.P. Michael Karcis
McLean & McLean LLP

EPMK/jh

cc: Bruce W. Gladstone, Esq.