**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ASTRO-MED, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN PLANT; NIHON KOHDEN AMERICA, INC.<br><br>Defendants. | C.A. No. 06-533-ML |

**DEFENDANTS KEVIN PLANT'S AND NIHON KOHDEN AMERICA, INC.'S OBJECTION TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO DEFENDANT NIHON KOHDEN AMERICA, INC.'S MOTION TO DISMISS**

Defendants Kevin Plant and Nihon Kohden America, Inc. ("Nihon Kohden") will and hereby do object to Plaintiff's motion for enlargement of time to respond to Nihon Kohden's motion to dismiss.

This objection is based on the Memorandum of Law attached hereto, the Affidavit of E.P. Michael Karcis concurrently filed herewith, the concurrently filed supplemental motion for a protective order, the concurrently file motion to vacate, the concurrently filed motion for order shortening time, and upon the papers, records and pleadings filed herein, as well as any evidence or argument that may be presented at the hearing on this motion.

KEVIN PLANT and
NIHON KOHDEN AMERICA, INC.

By Their Attorneys,

/s/ Bruce W. Gladstone
Bruce W. Gladstone (#2643)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
(401) 331-5700
FAX (401) 331-5787

Date: April 5, 2007

Of Counsel:
E.P. Michael Karcis, Esq.
McLEAN & McLEAN LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405
(310) 450-9353
(310) 581-8006 FAX
michael@mcleanfirm.com

CERTIFICATION

The undersigned hereby certifies that on the 5th day of April, 2007, a copy of the foregoing was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

Robert M. Duffy, Esquire
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Craig M. Scott, Esquire
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

/s/ Bruce W. Gladstone

G:\pec\PLANT, KEVIN\Pleadings\Obj to MTN for Extension.doc

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ASTRO-MED, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN PLANT; NIHON KOHDEN AMERICA, INC.<br><br>Defendants. | C.A. No. 06-533-ML |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTION TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO DEFENDANT NIHON KOHDEN AMERICA, INC.'S MOTION TO DIMISS**

Defendants Kevin Plant and Nihon Kohden America, Inc. ("Nihon Kohden"), by and through their counsel, hereby submit the following memorandum in support of their objection to the motion of Plaintiff's motion for enlargement of time to respond to Nihon Kohden's motion to dismiss, etc.

## I. INTRODUCTION

Defendants Kevin Plant and Nihon Kohden (collectively, "Defendants") have filed a motion requesting that this Court dismiss Astro-Med's claims against Nihon Kohden because of a lack of personal jurisdiction.[1] In response, Astro-Med filed a motion for an enlargement of time to respond to the motion to dismiss. However, Astro-Med has not presented facts to the Court demonstrating that jurisdiction would be found if discovery were permitted. Instead, Astro-Med makes the unfounded, non-specific and

[1] Nihon Kohden's motion to dismiss is alternatively based on improper venue and requests that the action be transferred to either the United States District Court for the Central District of California or to the United States District Court for the Middle District of Florida.

broad claims regarding alleged facts supporting the exercise of general jurisdiction over Nihon Kohden, and Plaintiff makes no claims to support specific jurisdiction. For example, Astro-Med merely claims that it has located "Rhode Island customers of Nihon Kohden," a sales agent whose territory includes Rhode Island, and a conference that may have been attended by a Nihon Kohden representative. Even if proven, these facts do not support a finding of personal jurisdiction over Nihon Kohden.

Astro-Med has also requested permission to conduct limited discovery regarding the jurisdictional issues raised in Nihon Kohden's motion to dismiss. By this request, Astro-Med has acknowledged the requirement that it must obtain a court order to conduct discovery regarding jurisdiction over Nihon Kohden. In further acknowledgement of its need for a court order to conduct discovery regarding jurisdiction over Nihon Kohden, Astro-Med has requested that Nihon Kohden stipulate to an order allowing such discovery. Nevertheless, Plaintiff propounded written discovery to Nihon Kohden and has twice subpoenaed various third parties *from all over the country*, including national trade magazines.

Despite knowing that it has not and does not avail itself of the protections of Rhode Island law, Nihon Kohden agreed to enter into a stipulation that would allow to Astro-Med to conduct reasonable discovery relating to jurisdiction. Counsel for Nihon Kohden has sought to enter into a mutually agreeable discovery schedule with Plaintiff, but these good faith efforts at informally resolving this discovery matter through a joint stipulation have been rejected by Plaintiff. Instead, Plaintiff's counsel has offered to agree only to a stipulation without any restrictions or guidelines on Plaintiff, which would have the same force and effect as no stipulation.[2] Moreover, Plaintiff's counsel validated Defendants' concerns regarding the joint stipulation when they made unfounded attacks

[2] See Karcis Aff. ¶¶ 2, 3, 4, 5, 6, 7, 8 and 9, Exhs. 1, 2, 3, 4, 5, 6 and 7.

miscasting Nihon Kohden as a puppeteer with the ability to control the action so third parties and by sending Defendants' counsel a stipulation requesting *general* discovery.[3]

## II. PLAINTIFF IS NOT ENTITLED TO JURISDICTIONAL DISCOVERY

The entitlement to jurisdictional discovery is not absolute.[4] In order to conduct jurisdictional discovery, a plaintiff must present a "colorable claim" for personal jurisdiction.[5] A Plaintiff must also be diligent in preserving its rights jurisdictional discovery, including the obligation to present facts to the court that show why jurisdiction would be found if discovery were permitted.[6] Moreover, even when a plaintiff has been diligent and has made a colorable claim for personal jurisdiction, a district court has broad discretion to determine whether jurisdictional discovery is required.

Here, as in U.S. v. Swiss Bank, Plaintiff has offered only scant evidence in support of its conclusion that Nihon Kohden has sufficient minimum contacts with Rhode Island to warrant the exercise of personal jurisdiction.[7] Plaintiff has made only vague references to (1) customers, (2) a sales agent whose territory may include Rhode Island, and (3) a trade show, in support of its argument that Rhode Island may exercise general jurisdiction over Nihon Kohden and did not raise any arguments regarding specific jurisdiction.[8] Such vague references in support of its general jurisdiction argument, even if true, would not support a finding of personal jurisdiction.

> The critical factor in the personal jurisdiction calculus -- both general and specific -- is the existence of "minimum contacts" between the nonresident defendant and the forum. It is axiomatic that a court asserting jurisdiction

---

[3] See Karcis Aff. ¶¶ 10 and 11, Exhs. 8 and 9.
[4] U.S. v. Swiss American Bank, LTD., 274 F. 3d 610, 625 (1st Cir. 2001) (denying jurisdictional discovery where the plaintiff failed to present facts to the court showing why jurisdiction would be found if discovery were permitted).
[5] *Id.* at 626.
[6] *Id.*
[7] *See* Swiss Am. Bank, 274 F. 3d at 625.
[8] Astro-Med's First Amended Complaint ¶ 5; Astro-Med's Motion For Enlargement p. 2.

> over a nonresident defendant must find that the defendant maintains sufficient contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."[9]

**A. Plaintiff Failed To Make A "Colorable Claim" For Specific Jurisdiction**

Jurisdictional discovery is properly denied where a plaintiff cannot establish a "colorable claim" for a court to exercise specific jurisdiction over a defendant. In United States v. Swiss Am. Bank, Ltd., the First Circuit Court of Appeals affirmed the District Court's denial of the plaintiff's request for jurisdictional discovery because the plaintiff failed to allege sufficient facts for a finding of specific jurisdiction under the tripartite analysis:

> A court may assert specific jurisdiction over an out-of-state defendant "where the cause of action arises directly out of, or relates to, the defendant's forum-based contacts." [Citation.] To determine whether plaintiff has alleged facts sufficient to support a finding of specific personal jurisdiction, "this circuit divides the constitutional analysis into three categories: relatedness, purposeful availment, and reasonableness." [Citation.][10]

The proponent is required to support every prong of the test for the court to make a finding of specific jurisdiction.[11]

Plaintiff has not exercised diligence in meeting its obligation to present facts to this Court supporting its argument that specific jurisdiction would be found if Plaintiff

---

[9] International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (internal quotation marks omitted).
[10] Negron-Torres v. Verizon Communications, Inc., 2007 U.S. App. LEXIS 2942, 10-11 (1st Cir. 2007).
[11] *Id.*

were permitted to conduct discovery. In fact, Plaintiff failed to present any facts to this Court supporting what amounts to a "colorable claim" of specific jurisdiction over Nihon Kohden. Nowhere in its Motion or its First Amended Complaint did Plaintiff argue that either of its causes of action against Nihon Kohden (for interference with contract or misappropriation of trade secrets) arose directly out of any forum-based activities.[12] Just the opposite, the only facts Plaintiff has presented this Court relate solely to *general* jurisdiction issues.

**B. <u>Plaintiff Has Not Made A Colorable Claim Of General Jurisdiction Sufficient To Warrant Jurisdictional Discovery</u>**

The standard for general jurisdiction is considerably more stringent and requires that a defendant's contacts with the forum state be much more extensive than the "minimum contacts" necessary to establish specific jurisdiction.[13] A plaintiff must show that the non-resident defendant's relationship to the forum state is both "continuous and systematic."[14] "When …defendant's only activities consist of advertising and employing salesmen to solicit orders, we think that fairness will not permit a state to assume jurisdiction. [Citation.]"[15] Moreover, when a defendant's forum-related activities are limited to the distribution of an undetermined quantity of products and the sale of an undetermined number of its merchandise, that defendant should not be subject to general jurisdiction.[16]

Astro-Med only alleges that Nihon Kohden (i) has a "sales agent" whose territory includes Rhode Island, (ii) has sold undetermined amount of merchandise, and (iii) sent mailings to Rhode Island. Such allegations are insufficient to establish general

[12] Astro-Med's First Amended Complaint ¶ 5; Astro-Med's Motion For Enlargement p. 2.
[13] <u>Glater v. Eli Lilly & Co.</u>, 744 F. 2d 213, 216 (1st Cir. 1984).
[14] <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 475 (1985).
[15] <u>Seymour v. Parke, Davis & Co.</u>, 423 F.2d 584, 588 (1st Cir. 1970).
[16] <u>PMH Research, LLC v. Life Extension Foundation</u>, 2004 U.S. Dist. LEXIS 26775, *17 (D.N.H. 2004) (dismissal of plaintiff-company's trade secret case based on lack of personal jurisdiction).

jurisdiction. In fact, Nihon Kohden's "sales agent" is an independent contractor who works for other medical supply companies.[17] Moreover, Nihon Kohden has no employees, offices, bank accounts, or other contacts within Rhode Island that amount to sufficient "minimum contacts," so as to comply with "traditional notions of fair play and substantial justice."[18]

## III. CONCLUSION

Nihon Kohden is a California company which, at the time of hiring Mr. Plant, had no reasonable expectation that it might be subject to litigation in Rhode Island. Nihon Kohden directs none of its marketing or advertising to Rhode Island citizens or businesses, and does not maintain a presence within the State. Moreover, Plaintiff bases its claims against Nihon Kohden on events that allegedly occurred, or allegedly will occur -- in Florida or California -- outside of Rhode Island. Accordingly, Nihon Kohden's contacts with Rhode Island are so infrequent, uncommon, and limited that the maintenance of this suit in this forum offends traditional notions of fair play and substantial justice and Plaintiff has yet to present facts to the Court that show why jurisdiction would be found if discovery were permitted

Based on the allegations set forth in Plaintiff's First Amended Complaint and motion for enlargement of time to respond to Nihon Kohden's motion to dismiss are just that – allegations. Astro-Med offers no "colorable claim" that, if the Court allowed discovery, it could meet its burden of establishing Rhode Island's general or specific jurisdiction over Nihon Kohden. Therefore, Defendant respectfully request that this Court deny Plaintiff's motion for enlargement of time to respond.

---

[17] See Karcis Aff. ¶ 12.
[18] *See* International Shoe, *supra*, 326 U.S. 310 (1945).

KEVIN PLANT and
NIHON KOHDEN AMERICA, INC.

By Their Attorneys,

/s/ Bruce W. Gladstone

Bruce W. Gladstone (#2643)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
(401) 331-5700
FAX (401) 331-5787

Date: April 5, 2007

Of Counsel:

E.P. Michael Karcis, Esq.
McLEAN & McLEAN LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405
(310) 450-9353
(310) 581-8006 FAX
michael@mcleanfirm.com

## CERTIFICATION

The undersigned hereby certifies that on the 5th day of April, 2007, a copy of the foregoing was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

Robert M. Duffy, Esquire
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Craig M. Scott, Esquire
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

/s/ Bruce W. Gladstone

G:\pec\PLANT, KEVIN\Pleadings\memoObj to MTN for Extension.doc