# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ASTRO-MED, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN PLANT; NIHON KOHDEN AMERICA, INC.<br><br>Defendants. | C.A. No. 06-533-ML |

**AFFIDAVIT OF E.P. MICHAEL KARCIS IN SUPPORT OF DEFENDANTS KEVIN PLANT'S AND NIHON KOHDEN AMERICA, INC.'S OBJECTION TO PLAINTIFF'S MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO NIHON KOHDEN'S MOTION TO DISMISS**

I, E.P. Michael Karcis, declare as follows:

1. I am an attorney at law, licensed to practice before all courts in Massachusetts and California, and am admitted Pro Hoc Vice in this matter. I am an attorney with the firm of McLean & McLean LLP, counsel of record for Defendant Kevin Plant. The following statements are made of my own personal knowledge, and if called upon as a witness, I could and would competently testify thereto.
2. I have been negotiating a stipulation that would allow Astro-Med to conduct limited discovery directed only at the jurisdictional and venue issues Nihon Kohden raised in its Motion to Dismiss, filed on February 15, 2007.

3. On or about March 1, 2007, I received a proposed stipulation for jurisdictional discovery from Attorney O'Keefe. Attached hereto as Exhibit "1" is a true and correct copy of Astro-Med's initial proposed stipulation for jurisdictional discovery.

4. Because the stipulation failed to address Astro-Med's proposed scope and extent of its jurisdictional discovery, as I had discussed with Attorney O'Keefe, I sent Attorney O'Keefe a letter dated March 2, 2007 requesting that he define Astro-Med's intended scope and extent of the proposed jurisdiction discovery. Attached hereto as Exhibit "2" is a true and correct copy of that letter.

5. In response to my letter dated March 2, 2007, I received a revised stipulation for jurisdictional discovery, which did not address the concerns raised in my March 2 letter, from Attorney O'Keefe. Attached hereto as Exhibit "3" is a true and correct copy of that stipulation.

6. Because its revised stipulation again failed to address my concerns about the proposed scope and extent of Astro-Med's request for limited jurisdictional discovery, I sent another, more explicit letter dated March 5, 2007 to Attorney O'Keefe. Attached hereto as Exhibit "4" is a true and correct copy of that letter.

7. Instead of a fully revised stipulation, on March 19, 2007, I received discovery requests, via facsimile, from Astro-Med, including interrogatories and requests for production of documents. Attached hereto as Exhibit "5" is a true and correct copy of Attorney O'Keefe's cover letter to that discovery.

8. On March 19, 2007, following conversations with Attorney O'Keefe, I sent a letter setting forth specific language to include in the stipulation regarding

discovery on jurisdiction. Attached hereto as Exhibit "6" is a true and correct copy of that letter.

9. I received a letter dated March 21, 2007 from Attorney O'Keefe accompanied by another stipulation. Attached hereto as Exhibit "7" is a true and correct copy of that letter and proposed stipulation.

10. I received a letter from Attorney O'Keefe dated March 22, 2007 wherein Attorney O'Keefe made unfounded and outrageous allegations concerning the service of a second subpoena on Dominic Chillemi, which (again) had not and has not been served on counsel for Kevin Plant or Nihon Kohden. Attached hereto as Exhibit "8" is a true and correct copy of this letter.

11. In response to Attorney O'Keefe's incendiary and accusatory letter dated March 22, 2007, I sent a letter to him correcting his misperceptions and, in a good faith effort to meet and confer, I asked that Astro-Med ensure that it provide all parties with reasonable notice of all depositions. Attached hereto as Exhibit "9" is a true and correct copy of that letter, which is dated March 23, 2007.

12. I have spoken with Dominic Chillemi, who is an independent contractor who sells medical equipment for various businesses, including Nihon Kohden of America, Inc. He stated that his employer is Med-Tek Solutions, Inc.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 5th day of April in Providence, Rhode Island.

E.P. Michael Karcis, Affiant

NOTARY:
Subscribed and sworn to before me this 5th day of April, 2007 in Providence, Rhode Island.

Bruce W Gladstone
My Commission Expires: 2/27/07

## CERTIFICATION

The undersigned hereby certifies that on the 5th day of April, 2007, a copy of the foregoing was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

Robert M. Duffy, Esquire
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Craig M. Scott, Esquire
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

/s/ Bruce W. Gladstone