# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ASTRO-MED, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN PLANT; NIHON KOHDEN AMERICA, INC.<br><br>Defendants. | C.A. No. 06-533-ML |

## DEFENDANTS KEVIN PLANT'S AND NIHON KOHDEN AMERICA, INC.'S NOTICE OF SUPPLEMENTAL MOTION AND SUPPLEMENTAL MOTION FOR PROTECTIVE ORDER OR, IN THE ALTERNATIVE, A CASE MANAGEMENT ORDER REQUIRING PLAINTIFF TO PROVIDE REASONABLE NOTICE OF ALL DEPOSITIONS AND FOR AN ENLARGEMENT OF TIME FOR NONPARTIES TO RESPOND TO PLAINTIFF'S SUBPOENAS

Defendants Kevin Plant and Nihon Kohden America, Inc. (collectively, "Defendants") will and hereby do file this supplemental motion for a protective order or, in the alternative, for a Case Management Order:

(1) Prohibiting/staying discovery by or directed at Nihon Kohden America, Inc. ("Nihon Kohden") until this Court issues its ruling on Plaintiff's motion for an enlargement of time ("Plaintiff's Enlargement Motion") to respond to Nihon Kohden's motion to dismiss ("Nihon Kohden's MTD");

(2) Prohibiting/staying discovery by or directed at Nihon Kohden until this Court issues its ruling on Nihon Kohden's MTD;

(3) Requiring, only if this Court determines that there should be limited discovery regarding alleged jurisdiction over Nihon Kohden, Plaintiff Astro-Med, Inc. ("Astro-Med") to provide all parties, and any and all third

parties, with reasonable notice of at least ten (10) business days, or other such minimum mandatory notice as the Court deems appropriate, for depositions, and to re-notice any outstanding discovery in compliance with such order;

(4) Providing, only if this Court determines that there should be limited discovery regarding alleged jurisdiction over Nihon Kohden and Astro-Med is not required to re-notice outstanding discovery, an enlargement of time for nonparties to respond to Plaintiff's subpoenas issued in this action; and

(5) Requiring Astro-Med to concurrently serve all discovery documents and correspondence on Defendants' local counsel and counsel admitted pro hac vice.

This motion is based on this Notice of Motion and Motion, the Memorandum of Law attached hereto, the Affidavit of E.P. Michael Karcis filed as Docket Entry 44 in support of Docket Entry 43 (Motion for Protective Order), and upon the papers, records and pleadings filed herein, as well as any evidence or argument that may be presented at the hearing on this motion.

KEVIN PLANT and
NIHON KOHDEN AMERICA, INC.

By Their Attorneys,

/s/ Bruce W. Gladstone

Bruce W. Gladstone (#2643)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
(401) 331-5700
FAX (401) 331-5787

Date: April 6, 2007

Of Counsel:
E.P. Michael Karcis, Esq.
McLEAN & McLEAN LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405
(310) 450-9353
(310) 581-8006 FAX
michael@mcleanfirm.com

CERTIFICATION

The undersigned hereby certifies that on the 6th day of April, 2007, a copy of the foregoing was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

Robert M. Duffy, Esquire
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Craig M. Scott, Esquire
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

/s/ Bruce W. Gladstone

G:\pec\PLANT, KEVIN\Pleadings\suppmoprotective.doc

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ASTRO-MED, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN PLANT; NIHON KOHDEN AMERICA, INC.<br><br>Defendants. | C.A. No. 06-533-ML |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF SUPPLEMENTAL MOTION FOR PROTECTIVE ORDER, OR IN THE ALTERNATIVE, FOR A CASE MANAGEMENT ORDER

Defendants Kevin Plant and Nihon Kohden America, Inc. ("Nihon Kohden"), by and through their counsel, hereby submit the following memorandum in support of their motion for a protective order, or in the alternative, for a Case Management Order:

(1) Prohibiting/staying discovery by or directed at Nihon Kohden America, Inc. ("Nihon Kohden") until this Court issues its ruling on Plaintiff's motion for an enlargement of time ("Plaintiff's Enlargement Motion") to respond to Nihon Kohden's motion to dismiss ("Nihon Kohden's MTD");

(2) Prohibiting/staying discovery by or directed at Nihon Kohden until this Court issues its ruling on Nihon Kohden's MTD;

(3) Requiring, only if this Court determines that there should be limited discovery regarding alleged jurisdiction over Nihon Kohden,[1] Plaintiff Astro-Med, Inc. ("Astro-Med") to provide all parties, and any and all third parties, with reasonable notice of at least ten (10) business days, or other such minimum mandatory notice as the Court deems appropriate, for depositions, and to re-notice any outstanding discovery in compliance with such order;

(4) Providing, only if this Court determines that there should be limited discovery regarding alleged jurisdiction over Nihon Kohden and Astro-Med is not required to re-notice outstanding discovery, an enlargement of time for non-parties to respond to Plaintiff's subpoenas issued in this action; and

(5) Requiring Astro-Med to concurrently serve all discovery documents and correspondence on Defendants' local counsel and counsel admitted *pro hac vice*.

## I. INTRODUCTION

In this supplementary motion,[2] Defendants Kevin Plant and Nihon Kohden reiterate their request that this Honorable Court issue a protective order, or in the

[1] As set forth in Defendants' objection to Plaintiff's Enlargement Motion and in Nihon Kohden's motion to dismiss, Plaintiff has offered no persuasive or specific fact to support its request for jurisdictional discovery.

[2] In their original motion, Defendants requested that (i) Plaintiff Astro-Med, Inc. be ordered to provide all parties, and any and all third parties, with reasonable notice of ten (10) business days, or other such minimum mandatory notice as the Court deems appropriate, for depositions, and (ii) non-parties be provided an enlargement of time to respond to Plaintiff's subpoenas issued in this action.

alternative a Case Management Order ("CMO"), in order to ensure that (i) the Court determines the issue of whether Plaintiff Astro-Med, Inc. ("Astro-Med") is entitled to conduct jurisdictional discovery regarding Nihon Kohden's MTD, and (ii) Astro-Med complies with the Federal Rules of Civil Procedure's notice requirements.[3]

Without this Court's order allowing jurisdictional discovery, Astro-Med has served the following discovery:[4]

| **Party/Non-Party Served** | **Date Discovery Sent by Plaintiff** | **Purported Purpose of Discovery**[5] |
|---|---|---|
| Dominic Chillemi (New York) | Feb. 27, 2007 (not served on Defendants' counsel) | Mr. Chillemi is an independent sales representative employed by Med-Tek Solutions, Inc. Moreover, Mr. Chillemi acts as a sales representative for other medical equipment manufacturers. |
| "Sleep Review" (California) | March 15, 2007 (via mail) | "Sleep Review" is a national magazine and e-zine and "a controlled circulation bi-monthly publication" (http://www. sleepreviewmag .com/about.asp) |
| "Sleep Diagnostics and Therapy" (California) | March 15, 2007 (via mail) | "Sleep Diagnosis and Therapy has a controlled circulation of 10,508 Sleep Physicians, Sleep Lab Managers, Polysomnographic Technologists (RPSGT), Sleep Technicians and |

3 Defendants briefed the latter issue in their motion for protective order. Thus, the focus of this supplement motion is the need for the Court to rule on a stay of jurisdictional discovery pending the Court's ruling on Plaintiff's Enlargement Motion and Nihon Kohden's MTD, the urgency of which is set forth in Defendants' motion for an order shortening time and includes the impending April 12, 2007 deposition of Dominic Chillemi.

4 See Affidavit of E.P. Michael Karcis ("Karcis Aff."), which is attached to Defendants' motion for protective order, ¶¶ 2, 4, 11, 12, 16 and 17, Exhs. 1, 7, 8, 12 and 13. As stated in the motion for protective order, the discovery was did not provide sufficient notice and/or not served on Defendants' counsel.

5 The importance of the information in this column directly ties into Defendant's objection to Plaintiff's Enlargement Motion and Nihon Kohden's MTD.

| | | |
|---|---|---|
| | | Pulmonologists. We publish all relevant material in an easily accessible format and since we are an independent journal, we are able to publish submitted papers quickly and efficiently" (http://sleepdt.com/AboutUs.aspx). |
| Plaintiff's First Set of Interrogatories to Nihon Kohden | March 19, 2007 (via fax) | As with the other discovery, Astro-Med served the Interrogatories without an order allowing jurisdictional discovery. Moreover, Nos. 10-12 request information that is not directed at the question of whether Nihon Kohden is subject to jurisdiction in Rhode Island.[6] |
| Plaintiff's Request for Production of Documents to Nihon Kohden | March 19, 2007 (via fax) | As with the other discovery, Astro-Med served the Requests without an order allowing jurisdictional discovery. Moreover, Nos. 8-10 request information that is not directed at the question of whether Nihon Kohden is subject to jurisdiction in Rhode Island.[7] |
| "American Society of Electroneurodiagnostic Technologists" (Kansas) | March 21, 2007 (via mail) | "The American Society of Electroneurodiagnostic Technologists, Inc. [ASET] is the largest **national** professional association for individuals involved in the study and recording of electrical activity in the brain and nervous system" (http://www.aset.org/show/Who_is_ASET). Emphasis added. |
| Ascend Media Holdings, LLC (Kansas) | March 21, 2007 (via mail) | A holding company of journals, including "Sleep Review" (http://www.sleepreviewmag.com/). |
| Deposition Notice of Nihon Kohden PMK (California) | March 30, 2007 (via mail) | Apparently limited to jurisdictional issues. |
| Deposition Notice of Kevin Plant (Florida) | March 30, 2007 (via mail) | |

The foregoing discovery, as well as any other jurisdictional discovery, should be stayed pending the Court's ruling on Plaintiff's Enlargement Motion and Nihon

---

6 A true and correct copy of the Interrogatories is attached hereto as Exhibit A.

7 A true and correct copy of the Requests is attached hereto as Exhibit B.

Kohden's MTD, unless this Court issues an order allowing Astro-Med to conduct limited jurisdictional discovery.

## II. LEGAL ARGUMENT

Good cause exists for issuance of a protective order or CMO staying outstanding discovery. Where there is a motion attacking the sufficiency of the complaint, issuing a protective order staying discovery altogether or limiting discovery to particular issues, or order that discovery be conducted in a certain sequence is proper.[8] In United States v. Swiss Am. Bank, Ltd., 116 F. Supp. 2d 217 (D.Mass. 2000), the court held that the defendants' contacts with the forum (*e.g.*, national advertising) were insufficient to create jurisdiction over the defendants, and thus granted the defendants' motion to dismiss without allowing any discovery. The decision not to allow discovery on motion to dismiss for lack of personal jurisdiction is specifically within court's discretion and "will not be disturbed ordinarily unless there are unusual circumstances showing clear abuse."[9]

If a court does not immediately rule on a motion to dismiss for lack of jurisdiction, seeking an order allowing limited jurisdictional discovery is the proper procedure.[10] The court is "entrusted" with the discretion to resolve in "discovery

---

8 *See, e.g.*, Horsley v. Feldt, 304 F.3d 1125, 1131 (11th Cir. 2002); *see also*, Johnson v. N. Y. Univ. Sch. of Educ., 205 F.R.D. 433 (S.D.N.Y. 2002) ("[p]ursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a district court may stay discovery upon a showing of 'good cause.'").

9 Villar v. Crowley Maritime Corp., 990 F.2d 1489, 1497 (5th Cir. 1993), *cert. denied*, 510 U.S. 1044 (1994).

10 *See, e.g.*, LTX Corp. v. Daewoo Corp., 979 F. Supp. 51, 54 (D.Mass. 1997).

problems [regarding] jurisdictional discovery."[11] In this regard, the court in Andersen v. Sportmart, Inc., 179 F.R.D. 236, 241-42 (N.D.Ind. 1998) stated:

> [I]t is also well established that a plaintiff does not enjoy an automatic right to discovery pertaining to personal jurisdiction in every case. [Citation.] A plaintiff must make a threshold or prima facie showing with some competent evidence demonstrating that personal jurisdiction might exist over a defendant in order to be entitled to jurisdictional discovery. [Citations.] ***[A] plaintiff's discovery request will nevertheless be denied if it is only based upon "bare," "attenuated," or "unsupported" assertions of personal jurisdiction, or when a plaintiff's claim appears to be "clearly frivolous." [Citation.]

Given Astro-Med's prior conduct in the action, it is not surprising that it has sought discovery from individuals throughout the United States despite the fact that it has filed a motion with this Court to allow it to conduct jurisdictional discovery. However, Astro-Med must wait (and, apparently, be required by this Court to wait) to conduct jurisdictional discovery until this Court rules on Plaintiff's Enlargement Motion.

## IV. CONCLUSION

Plaintiff has run amok, propounding discovery (purportedly regarding the issue of jurisdiction) to entities and individuals throughout the United States without a court order allowing it to do so, failing to serve Defendants' counsel with the discovery requests, and serving the discovery without proper notice. Plaintiff's crazed and unauthorized pursuit of information purportedly about jurisdiction is out of control and, if the Court allows

---

[11] Sportrust Assocs. Int'l., Inc. v. Sports Corp., 304 F. Supp. 2d 789, 794 (E.D.Va. 2004).

jurisdictional discovery, makes it necessary for the Court to specifically instruct Plaintiff's counsel to comply with the legally mandated notice and service requirements by way of protective order, or in the alternative, by case management order stating that:

(1) Plaintiff is prohibited from propounding any discovery directed at Nihon Kohden until this Court issues its ruling on Plaintiff's Enlargement Motion to respond to Nihon Kohden's MTD;

(2) Plaintiff is prohibited from propounding any discovery directed at Nihon Kohden until this Court issues its ruling on Nihon Kohden's MTD;

(3) Plaintiff shall, only if this Court determines that there should be limited discovery regarding alleged jurisdiction over Nihon Kohden, provide all parties, and any and all third parties, with reasonable notice of at least ten (10) business days, or other such minimum mandatory notice as the Court deems appropriate, for depositions, and shall re-notice any outstanding discovery in compliance with such order;

(4) Plaintiff shall have, only if this Court determines that there should be limited discovery regarding alleged jurisdiction over Nihon Kohden, 45 days in which to conduct jurisdictional discovery, shall provide all nonparties and all Defendants with at least ten (10) business days notice of any deposition or deposition subpoena with an additional three (3) days notice if served by mail, and shall be allowed only, as it relates solely to jurisdictional discovery, (i) the deposition of Domenic Chillemi in New York, (ii) issuance of subpoenas *duces tecum* to trade journals and trade magazines with circulation only in the State of Rhode Island, (iii) the propounding of one set of no more than 20 of each interrogatories and requests for document production to Nihon Kohden, and (iv) the

depositions of two Nihon Kohden employees, to take place only in Orange County, California (unless otherwise agreed by the parties);

(5) Plaintiff shall have five business days after the end of the 45-day jurisdictional discovery period in which to file its opposition to Nihon Kohden's motion to dismiss;

(6) Defendants and third parties shall have, only if this Court determines that there should be limited discovery regarding alleged jurisdiction over Nihon Kohden and Astro-Med is not required to re-notice outstanding discovery, an enlargement of time to respond to Plaintiff's subpoenas and written discovery issued in this action;

(7) Plaintiff shall concurrently serve all discovery documents and correspondence on Defendants' local counsel and counsel admitted *pro hac vice*; and

(8) Plaintiff and its attorneys shall reimburse Defendants' reasonable expenses incurred in bringing this motion, including its attorneys' fees, pursuant to Federal Rules of Civil Procedure 26(c) and 37(a)(4).

KEVIN PLANT and
NIHON KOHDEN AMERICA, INC.

By Their Attorneys,

/s/ Bruce W. Gladstone
Bruce W. Gladstone (#2643)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
(401) 331-5700
FAX (401) 331-5787

Date: April 6, 2007

Of Counsel:
E.P. Michael Karcis, Esq.
McLEAN & McLEAN LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405
(310) 450-9353
(310) 581-8006 FAX
michael@mcleanfirm.com

CERTIFICATION

The undersigned hereby certifies that on the 6th day of April, 2007, a copy of the foregoing was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

Robert M. Duffy, Esquire
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Craig M. Scott, Esquire
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

/s/ Bruce W. Gladstone

G:\pec\PLANT, KEVIN\Pleadings\memosuppmoprotective.doc