# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC.,<br>Plaintiff, | : | |
| vs. | : | C.A. No. 06-533 ML |
| KEVIN PLANT, NIHON KOHDEN AMERICA, Inc.<br>Defendants. | : | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO NIHON KOHDEN AMERICA, INC.**

Plaintiff, Astro-Med, Inc. ("Astro-Med"), propounds these Interrogatories, pursuant to Fed. R. Civ. P. 33, to defendant, Nihon Kohden America, Inc. ("Nihon Kohden"), to be answered in writing, under oath within thirty (30) days of service.

## I. INSTRUCTIONS AND DEFINITIONS

(a) The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

(b) The term "concerning" means referring to, describing, evidencing, or constituting.

(c) When referring to a person, to "identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(d) When referring to documents, "to identify" means to give, to the extent known, the:

(i) type of document;
(ii) general subject matter;
(iii) date of the document; and
(iv) author(s), addressee(s), and recipient(s).

(e) The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors,

employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(f) The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

(g) Whenever Nihon Kohden is asked in these interrogatories to "state," "explain," "identify" or "describe" a fact, event, item or allegation, Nihon Kohden is to explain and describe such fact, event, item or allegation in detail giving reasons therefor, the dates and places involved, and the persons and acts involved.

(h) When appropriate in these interrogatories, the singular form shall be interpreted as plural and vice versa, and the present tense includes the past tense and vice versa, and the neuter includes the masculine and feminine.

(i) If Nihon Kohden lacks the knowledge necessary to answer any interrogatory herein, it should be so stated.

(j) If any answer is made upon information and belief, Nihon Kohden should so state and identify the source of such information.

(k) Each interrogatory shall be answered fully to the extent the person answering has any information in his or her care, custody or control.

(l) As used herein "document" is defined to be synonymous in meaning and equal in scope to the use of this term in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

(m) As used herein, the term "electronic data" means all information of all kinds maintained by electronic data processing systems including all non-identical copies of such information. Electronic data includes, without limitation, computer programs (whether private, commercial or work in progress), programming notes or instructions, and input and/or output used or produced by any software program or utility (including electronic mail messages and all information referencing or relating to such messages anywhere on the computer system, word processing documents and all information stored in connection with such documents, electronic spreadsheets, databases including all records and fields and structural information, charts, graphs and outlines, arrays of information and all other information used or produced by any software), operating systems, source code of all types, programming languages, linkers and compilers, peripheral drivers, Nihon Kohden files, batch files, any and all ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists in an active file, deleted file or file fragment. Electronic data includes any and all information stored on computer memories, hard disks, floppy disks, CD ROM drivers, Bernoulli Box drivers and their equivalent, magnetic tape of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and/or transmittal. The term electronic data also includes the file, folder tabs and/or containers and labels appended

to, or associated with, any physical storage device associated with the information described above.

(n) When an interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion, allegation, or contention, the party shall

(i) identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(ii) identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(iii) state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

(iv) state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

(o) The term "Nihon Kohden" refers to Nihon Kohden America, Inc., its directors, officers, employees, representatives, agents and any other persons acting or purporting to act on its behalf.

## II. PRIVILEGE

With respect to any requested information as to which any claim of privilege is made or as to which any claim of protection from discovery is made under the Fed. R. Civ. P., identify the privilege or rule upon which Nihon Kohden relies and set forth the facts upon which such claim is based in sufficient detail to enable Astro-Med to form a judgment as to the basis and validity of the claimed privilege.

## III. INTERROGATORIES

### INTERROGATORY NO. 1:

State the name, address and relationship to Nihon Kohden of each person who provided information to answer these interrogatories and identify the substance of the information provided.

**INTERROGATORY NO. 2:**

Identify all customers and prospective customers of Nihon Kohden equipment in Rhode Island.

**INTERROGATORY NO. 3:**

Identify all sales made to customers in Rhode Island within the past five years.

**INTERROGATORY NO. 4:**

Identify all mailings sent to Rhode Island customers, prospective customers or potential customers within the past five years.

**INTERROGATORY NO. 5:**

Identify all visits made to Rhode Island for promotion, sale or service of Nihon Kohden equipment within the past five years..

**INTERROGATORY NO. 6:**

Identify any and all employees, agents, contractors or any other person who sells or re-sells Nihon Kohden products in Rhode Island.

**INTERROGATORY NO. 7:**

Identify any and all communications with any customers or prospective customers of Nihon Kohden equipment in Rhode Island.

**INTERROGATORY NO. 8:**

Identify all meetings, conventions, trade shows or conferences in Rhode Island attended by Nihon Kohden.

**INTERROGATORY NO. 9:**

Identify any price quotations for Nihon Kohden equipment made to a Rhode Island customer or prospective customer within the past five years.

**INTERROGATORY NO. 10:**

Identify any journals or trade magazines in which Nihon Kohden advertises.

**INTERROGATORY NO. 11:**

Identify all communications with Kevin Plant concerning his Employee Agreement with Astro-Med, including the date of the communications, the location of the communications, the means of communications, and the individuals involved.

**INTERROGATORY NO. 12:**

Identify all communications concerning Kevin Plant's hiring by Nihon Kohden, including the date of the communications, the location of the communications, the means of communications, and the individuals involved.

Astro-Med, Inc.
By its Attorneys,

Craig M. Scott, Esq. (# 4237)
Robert J. O'Keefe, Esq. (#6750)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701

Dated: March 6, 2007

**CERTIFICATE OF SERVICE**

TO: Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

E. P. Michael Karcis
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

I hereby certify that I caused a true copy of the within *Plaintiff's First Set of Interrogatories to Nihon Kohden America, Inc.* to be forwarded to the above-named counsel of record via Facsimile and First Class Mail on the 19th day of March, 2007.

[signature]

Astro-Med/Plant, Kevin/Pleadings/Interrogatories (1st Set) 03-14-07