UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC., Plaintiff | : | C.A. No. 06-533ML |
| v. | : | **EMERGENCY REQUEST TO SHORTEN TIME FOR OBJECTION TO AND HEARING OR OTHER DISPOSITION ON DEFENDANTS' PENDING MOTIONS FOR PROTECTIVE ORDERS, ET AL.** |
| KEVIN PLANT and NIHON KOHDEN AMERICA, INC., Defendants | : | |

EMERGENCY REQUEST TO SHORTEN TIME FOR OBJECTION TO AND HEARING OR OTHER DISPOSITION ON DEFENDANTS' PENDING MOTIONS FOR PROTECTIVE ORDER, OR IN THE ALTERNATIVE, A CASE MANAGEMENT ORDER REQUIRING PLAINTIFF TO PROVIDE REASONABLE NOTICE OF ALL DEPOSITIONS AND FOR AN ENLARGEMENT OF TIME FOR NON-PARTIES TO RESPOND TO PLAINTIFF'S SUBPOENAS, AND TO SUPPLEMENTARY MOTION SEEKING RESTRICTIONS AND/OR OTHER DIRECTION FROM THIS HONORABLE COURT RE: LIMITATIONS TO BE IMPOSED ON PLAINTIFF RE: THE SCOPE OF JURISDICTIONAL DISCOVERY AND FOR STAY

Now come the named Defendants, Kevin Plant and Nihon Kohden America, Inc., and pursuant to Federal Rule of Civil Procedure 6(d) and Local Rules of the U.S. District Court for the District of Rhode Island 9, hereby file this Emergency Request to Shorten Time for Objection To and Hearing or Other Disposition on Defendants' Pending Motions for Protective Order, or in the Alternative a Case Management Order Requiring Plaintiff to Provide Reasonable Notice of All Depositions and for an Enlargement of Time for Non-Parties to Respond to Plaintiff's Subpoenas and to Supplementary Motion for Protective Order Seeking Restrictions and/or Other Direction From This Honorable Court re: Limitations to be Imposed on Plaintiff re: the Scope of Jurisdictional Discovery, and in support of this Emergency Request, the Defendants rely on the Memorandum of Law and Fact filed in connection herewith.

WHEREFORE, the Defendants respectfully request that this Honorable Court enter an Order as follows:

(a) Shortening the time for objection to and hearing or other disposition on Defendants' pending Motions for Protective Order, or in the Alternative a Case Management Order Requiring Plaintiff to Provide Reasonable Notice of all Depositions and For An Enlargement of Time for Non Parties to Respond to Plaintiff's Subpoenas, and to Supplementary Motions Seeking a Stay and/or Seeking Restrictions and/or Other Direction from this Honorable Court re: Limitations to be Imposed on Plaintiff re: the Scope of Jurisdictional Discovery, to Monday April 9, 2007.

(b) For such other and further relief as this Honorable Court deems just and proper.

KEVIN PLANT and
NIHON KOHDEN AMERICA, INC.

By Their Attorneys,

/s/ Bruce W. Gladstone

Bruce W. Gladstone (#2643)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
(401) 331-5700
FAX (401) 331-5787

Date: April 6, 2007

Of Counsel:
E.P. Michael Karcis, Esq.
McLEAN & McLEAN LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405
(310) 450-9353
(310) 581-8006 FAX
michael@mcleanfirm.com

**CERTIFICATION**

The undersigned hereby certifies that on the 6th day of April, 2007, a copy of the foregoing was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

Robert M. Duffy, Esquire
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Craig M. Scott, Esquire
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

/s/ Bruce W. Gladstone

G:\pec\PLANT, KEVIN\Pleadings\EMERG REQUEST.doc

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC., Plaintiff | : | |
| v. | : | C.A. No. 06-533ML |
| KEVIN PLANT and NIHON KOHDEN AMERICA, INC., Defendants | : | |

**MEMORANDUM OF LAW AND FACT IN SUPPORT OF EMERGENCY REQUEST TO SHORTEN TIME FOR OBJECTION TO AND HEARING OR OTHER DISPOSITION ON DEFENDANTS' PENDING MOTIONS FOR PROTECTIVE ORDERS AND FOR STAY**

This Memorandum of Law and Fact is in support of Emergency Request to Shorten Time for Objection to and Hearing or other Disposition on Defendants' Pending Motions for Protective Orders, et al. The Motion for Protective Order, or in the Alternative, a Case Management Order Requiring Plaintiff to Provide Reasonable Notice of All Depositions and for an Enlargement of Time for Non-Parties to Respond to Plaintiff's Subpoenas and to Supplementary Motion Seeking Restrictions and/or Other Direction From This Honorable Court re: Limitations to be Imposed on Plaintiff re: the Scope of Jurisdictional Discovery and/or for the Issuance of a Stay (hereinafter, the "Motions").

Rule 6(d) of the Federal Rules of Civil Procedure does provide authority for this Honorable Court to shorten the time for objection and hearing on a motion(s) where it states:

> "A written motion, other than one which may be heard ex-parte, and notice of the hearing thereof shall be served not later than 5 days before the time specified for the hearing, unless a difference period is fixed by these rules or by order of the court. Such an order may for cause shown be made on ex parte application."

Local rule 7(b)(1) of the U.S. District Court for the District of Rhode Island ("Local Rule 7(b)(1)") does provide:

> "Any party opposing a motion shall file and serve an objection not later than ten (10) days after service of the motion"

Local Rule 9 of the U.S. District Court for the District of Rhode Island does provide that a party filing a Rule 6 Motion to Shorten Time can request emergency/expedited relief, where there is a basis to do so.

In the matter at bar, if the Plaintiff is provided with the usual time to object to the Motions under Local Rule 7(b)(1), this will result in undue prejudice to the Defendants as the purpose of the Motions is to address a number of procedural and substantive matters concerning the conducting by the Plaintiff of jurisdictional discovery, prior to Plaintiff filing a response to the Motion to Dismiss for Lack of Personal Jurisdiction filed in this matter by the Defendant, Nihon Kohden America, Inc. The Plaintiff did, according to the Certifications contained in certain Notices of Deposition, deliver to the Defendants Notices of Deposition via first class mail on the 29th day of March, 2007 for the following depositions:

1) A non-party, Domenic Chillemi, on April 12, 2007 at 11:30 a.m. in White Plains, NY;

2) A non-party, American Society of Electroneurodiagnostic Technologists on April 13, 2007 at 10:00 a.m. in Kansas City, MO;

3) The deposition of a non-party, Ascend Media Holdings, LLC on April 13, 2007 at 11:00 a.m. in Kansas City, MO;

4) The deposition of Nihon Kohden on April 25, 2007 at 9:00 a.m. in Santa Monica, CA; and

5) The deposition of Kevin Plant on May 9, 2007 at 9:00 a.m. in Orlando, FL.

With respect to the depositions to take place on April 12, 2007 in White Plains, NY and the two (2) depositions to take place on April 13, 2007 in Kansas City, MO, they are scheduled to take place only seven to eight days from the date of the filing of this Emergency Request to Shorten Time, for Objection to and for a hearing on the Motions. According to "Docket Entry 43", the Plaintiff's responses to the Motions is presently due by April 19, 2007, which is eight days and seven days after the depositions scheduled for April 12, 2007 and April 13, 2007 respectively and six days before the deposition presently scheduled for April 25, 2007. Therefore, if the time for Objection to and for the Hearing on the Motions is not shortened to Monday, April 9, 2007, the Defendants will not be afforded the protections requested in the Motions, and the Defendants would be otherwise prejudiced by the actions being undertaken by the Plaintiff in jurisdictional discovery, including but in no way limited to the lack of an Order from this Honorable Court imposing appropriate limits on that discovery, and requiring the Plaintiff to provide the Defendants and other non-parties to this litigation with reasonable notice of the taking of depositions and/or other discovery.

In conclusion, the Defendants do have good cause for seeking the relief requested in this Emergency Request, based on the facts and law set forth in this Memorandum.

KEVIN PLANT and
NIHON KOHDEN AMERICA, INC.

By Their Attorneys,

/s/ Bruce W. Gladstone

Bruce W. Gladstone (#2643)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
(401) 331-5700
FAX (401) 331-5787

Date: April 6, 2007

Of Counsel:
E.P. Michael Karcis, Esq.
McLEAN & McLEAN LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405
(310) 450-9353
(310) 581-8006 FAX
michael@mcleanfirm.com

CERTIFICATION

The undersigned hereby certifies that on the 6th day of April, 2007, a copy of the foregoing was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

Robert M. Duffy, Esquire
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Craig M. Scott, Esquire
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

/s/ Bruce W. Gladstone

G:\pec\PLANT, KEVIN\Pleadings\MEMO SUPP. EMERG REQUEST.doc