UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC., | : | |
| Plaintiff, | : | |
| vs. | : | C.A. No. 06-533 ML |
| | : | |
| KEVIN PLANT and NIHON KOHDEN | : | |
| AMERICA, INC., | : | |
| Defendants. | : | |

**PLAINTIFF'S OBJECTION TO DEFENDANT KEVIN PLANT'S MOTION FOR CLARIFICATION OF FEBRUARY 16, 2007 ORDER**

Plaintiff Astro-Med, Inc., ("Astro-Med") hereby objects to Defendant Kevin Plant's Motion for Clarification of February 16, 2007 Order. Astro-Med submits herewith its Memorandum in Opposition to Plaintiff's Motion for Clarification.

Respectfully submitted,

ASTRO-MED, INC.

/s/ Robert M. Duffy

Robert M. Duffy, (#4428)
Craig M. Scott, (#4237)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile
rduffy@duffysweeney.com

April 13, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that the within ***Plaintiff's Objection to Defendant Kevin Plant's Motion for Clarification of February 16, 2007 Order*** was filed through the ECF system on the 13th day of April, 2007, and will be sent electronically to counsel named below who are registered participants identified on the Notice of Electronic Filing:

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

and was served, via First Class Mail, to the counsel named below who is not a registered ECF participant:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

/s/Robert M. Duffy
Robert M. Duffy, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC., Plaintiff, vs. | : | C.A. No. 06-533 ML |
| KEVIN PLANT and NIHON KOHDEN AMERICA, INC., Defendants. | : | |

**PLAINTIFF ASTRO-MED, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT KEVIN PLANT'S MOTION FOR CLARIFICATION OF FEBRUARY 16, 2007 ORDER**

Plaintiff Astro-Med, Inc., ("Astro-Med") submits this Memorandum in Opposition to Defendant Kevin Plaint's Motion for Clarification of February 16, 2007 Order. On February 16, 2007, after extensive briefing and an evidentiary hearing, this Court issued it Modified Interim Injunction Order (the "Order"). The Order is clear and unambiguous and defines those actions from which Plant is enjoined and restrained from engaging in. Accordingly, Plant's motion should be denied.

**FACTS**

It was established at the evidentiary hearing that Plant knowingly and willfully breached his employment agreement (the "Agreement") with Astro-Med, which contains a one-year non-compete clause and a non-disclosure of confidential information clause that continues in perpetuity. It was also established that the Agreement's non-compete provision is critical and necessary to protect Astro-Med's proprietary information, the goodwill it has developed with customers and prospective customers, to allow time for a replacement to renew relationships without competition and to protect Astro-Med from unfair and predatory competition from its competitors, including Nihon Kohden.

Further, it was uncontested at the hearing that Astro-Med invested heavily in Plant's training and development in the specialized field of medical equipment and provided him access to proprietary customer lists, marketing techniques and information, sales training and pricing information, which information is not released to the public and which is made available only to a limited number of Astro-Med employees. During his four years at Astro-Med, Plant gained specialized technical knowledge as to the marketing, development, pricing and selling of Astro-Med's Grass Technologies products which include electroencephalographs (EEG), polysomnographs (PSG), and long-term monitoring for epilepsy (LTM) equipment.

Despite his obligations under the Agreement and with full knowledge of the nature and scope of those obligations, Plant left Astro-Med and joined its direct competitor Defendant Nihon Kohden America, Inc., ("Nihon Kohden") on or about October 1, 2006. Nihon Kohden tortiously interfered with the Agreement when it hired Plant with knowledge of the Agreement and the restrictive covenants contained therein.

Following the evidentiary hearing, and a conference in chambers with the Court, the parties heavily negotiated the form of the Order to be executed. Significantly, the language of the Order now complained of by Defendants contains precisely the same language reflected in the form of order submitted by Defendants to this Court for entry. Defendants' form of order (attached hereto as Exhibit A) enjoins and restrains Plant from engaging in any sales activity on behalf of Nihon Kohden with respect to the offering for sale or selling EEG, PSG and LTM equipment and related products (the "Medical Equipment"). The sole exception is the sale of Medical Equipment within the State of Florida for use within Florida provided that neither he, nor those with whom he works, contacts, markets or sells Medical Equipment to any of Astro-Med's customers or prospective customers as identified on the customer list to be provided by

Astro-Med to Defendants' counsel. This is not surprising. During the chambers conference with the Court on February 5, 2007, Defendants' counsel made clear that Nihon Kohden had no interest in utilizing Plant outside the State of Florida. The Court adopted Defendants' language verbatim in the Order. Order attached hereto as Exhibit B. Thus, not only do Defendants lack any basis now to reargue that the Modified Interim Injunction Order entered by the Court does not accurately reflect the decision of this Court, Defendants face the unenviable task of arguing that this Court wrongly adopted Defendants' own proposed language.

Astro-Med provided the required list on a confidential basis to Plaintiff's counsel pursuant to the Order. That list was derived from Astro-Med's database of sales within the State of Florida and was compiled by Astro-Med's IT Director Gordon Bentley. Affidavit of Gordon Bentley ("Bentley Aff.") at ¶3 (attached hereto as Exhibit C). The names on the list of Astro-Med's customers are actual purchasers of Astro-Med's Grass Technology products within the State of Florida. (Bentley Aff., ¶3).[1]

## ARGUMENT

The Order is plain on its face and does not require any clarification by this Court. As the Order states, Mr. Plant is enjoined and restrained from engaging in any sales activity on behalf of Nihon Kohden, and all its affiliates, with respect to the offering for sale or selling or electroencephalographs (EEG), polysomnographs (PSG), and long-term monitoring for epilepsy (LTM) equipment, and related products. The only exception provided in the Modified Interim Injunction Order is that Plant may sell this Medical Equipment within the State of Florida, but may not contact, market or sell the Medical Equipment to any Astro-Med customers or prospective customer as identified by Astro-Med. Moreover, the restrictions imposed by the

[1] Defendants' counsel's speculation as to the identification of the customers on the list and/or their business need or use of Astro-Med's products does not change the fact that the list provided by Astro-Med fully complies with the Order.

Court in the Order are precisely those restrictions proposed by Defendants in their submission to the Court on February 15, 2007. It is nonsensical for Defendants to now argue that the very same restrictions they proposed were either inappropriately entered or somehow require clarification. Because the Order is plain on its face and is not ambiguous it does not require any clarification and Defendants' Motion should be denied.

Defendants' motion simply rehashes arguments previously made prior to entry of the Order. The Court has already considered all pertinent issues and there is nothing new or additional to prompt a review of what the Court previously concluded. Astro-Med has shown that a preliminary injunction is warranted based on the facts of this case, as demonstrated by the Order. That Order is necessary to protect Astro-Med's legitimate business interests which include not only the goodwill generated by Plant as an Astro-Med employee, but to protect the specialized and unique training, as well as the confidential business information he received while an Astro-Med employee. The restrictions placed on Plant by the Order are not overly broad, precisely because Plant can use both his training and the confidential and proprietary information he received anywhere Astro-Med and Nihon Kohden compete. Thus, while Astro-Med's protectable goodwill is limited to its customers and prospective customers, Plant is also restricted from utilizing his special and unique training as well as the confidential information he received while at Astro-Med anywhere that Astro-Med and Nihon Kohden compete. Otherwise, Nihon Kohden will achieve an unfair advantage in competition with Astro-Med as a result of Plant's knowledge of Astro-Med's strategies, confidential and proprietary product information, testing, development efforts and pricing. This is fully consistent with this Court's many decisions, including *Nestle Food Company v. Miller*, 836 F.Supp. 69 (D.R.I. 1993).

Finally, Astro-Med has fully complied with the Order and provided the required list of customers and prospective customers. Accordingly, for all these reasons, Defendants' motion should be denied.

**CONCLUSION**

For all the foregoing reasons, Astro-Med respectfully requests that this Court deny Defendants' Motion for Clarification of the February 16, 2007 Order.

Respectfully submitted,

ASTRO-MED, INC.

/s/ Robert M. Duffy

Robert M. Duffy (#4429)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile
rduffy@duffysweeney.com

April 13, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that the within ***Plaintiff's Objection to Defendant Kevin Plant's Motion for Clarification of February 16, 2007 Order*** was filed through the ECF system on the 13th day of April, 2007, and will be sent electronically to counsel named below who are registered participants identified on the Notice of Electronic Filing:

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

and was served, via First Class Mail, to the counsel named below who is not a registered ECF participant:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

/s/Robert M. Duffy
Robert M. Duffy, Esq.