# EXHIBIT A

PSH
PARTRIDGE
SNOW &
HAHN LLP
COUNSELORS AT LAW

Lisa M. Martinelli
lmm@psh.com

February 15, 2007

**VIA MESSENGER**

The Honorable Mary M. Lisi
United States District Chief Judge
United States District Court
for the District of Rhode Island
One Exchange Terrace
Providence, RI 02903

Re: Astro-Med, Inc. v. Kevin Plant
C.A. No. 06-533-ML

Dear Judge Lisi:

Although we are very reluctant to burden the Court further on the issues relative to the injunction order in the above-referenced action and notwithstanding our best efforts to reach an agreement with counsel on the form of a proposed order, we were unable to resolve our differences and believe it to be our obligation on behalf of Mr. Plant to submit a competing order for the Court's consideration. For your ease of reference, I am enclosing a letter previously sent to Astro-Med's counsel, which details our proposed modifications to Astro-Med's Order, as well as our proposed order.

Very truly yours,

Lisa M. Martinelli

LMM/tlc
Enclosures

cc: E.P. Michael Karcis, Esq.
Craig M. Scott, Esq.

901952_1/5866-2

McLEAN & McLEAN LLP
A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

3001 2ND STREET, SUITE E
SANTA MONICA, CALIFORNIA 90405

TELEPHONE 310.450.9353
FACSIMILE 310.581.8006

February 8, 2007

**VIA FACSIMILE TO (401) 455-0701**
**& U.S. MAIL**
Craig Scott, Esq.
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Re **Astro-Med, Inc. v. Kevin Plant**
**USDC RI C.A. No. 06-533ML**

Attorney Scott,

Attached are our revisions to Astro-Med's proposed order. We made several revisions to reflect the fact that Kevin Plant is the only party to Astro-Med's Employee Agreement and the only defendant to appear in this action. Thus, only he is subject to the injunction order.

Below please find brief (paragraph-by-paragraph) explanations for Mr. Plant's proposed changes:

1. In chambers, Judge Lisi expressed concern about Mr. Plant contacting Astro-Med customers with whom he had prior contact. Astro-Med's proposed order, in its current form, restricts Mr. Plant from contacting Astro-Med customers and potential customers, including those with whom Mr. Plant had no prior contact. This was not the court's intent nor is such a limit consistent with Nestle. In this regard, we reserve the right to review the Customer List with Mr. Plant to confirm that he had contact with the customers listed.

2. Paragraph 2 does not comply with our understanding of the Court's Order. Specifically, the restriction on Mr. Plant's ability to contact customers does not extend to customers not listed on Astro-Med's Customer List. Accordingly, we propose the following language for Paragraph 2:

> Within 3 days of receiving Astro-Med's Customer List, Defendant Kevin Plant will provide counsel for Astro-Med with a list of those Medical Equipment customers in Florida who overlap those on Astro-Med's Customer List to whom Kevin Plant was scheduled to

> service on behalf of Nihon Kohden. Kevin Plant's customer list shall be designated as "Confidential - Attorneys' Eyes Only" pursuant to the Protective Order entered in this case. Kevin Plant shall provide a monthly affidavit confirming he has not contacted any individual or entity on Astro-Med's Customer List. Kevin Plant shall be prohibited from contacting, marketing, and/or selling any EEG, PSG, and LTM products to any Nihon Kohden customers that overlap with any individuals or entities identified in Astro-Med's Customer List.

3. As mentioned above, Mr. Plant will provide monthly affirmations that he has not contacted any individuals or entities on Astro-Med's Customer List. Again, the limit on Mr. Plant's employment relates only to those entities on the Customer List. Additionally, the reference to the Employee Agreement is irrelevant.

4. Paragraph 4 accurately represents that the Court decided not to issue a bond, but fails to state Judge Lisi's reasoning, which should be added. Therefore, Paragraph 4 should now read as follows:

> The Court has considered the imposition of a bond under Federal Rule of Civil Procedure 65(c), and has found that the giving of security by Astro-Med is not necessary in this matter, because Astro-Med is a financially viable company.

5. Please delete Paragraph 5 from the Injunction Order. Although we agree that this paragraph accurately represents Judge Lisi's statements about service of Astro-Med's First Amended Complaint on Nihon Kohden, this paragraph has no relation to the Court's injunction order. Nevertheless, we acknowledge Judge Lissi's statement pertaining to the service of the First Amended Complaint being effected as of February 5, 2007. Accordingly, because Astro-Med served Nihon Kohden via First Class Mail, its responsive pleading is due February 19, 2007.

6. At the end of Paragraph 6, please insert "...; provided, however, the injunction dissolves on December 5, 2007."

Please forward a revised order to our office by tomorrow, **February 10, 2007.** Should you have any questions, please contact me directly at (508) 212-2142.

Sincerely yours,

E.P. Michael Karcis
of McLean & McLean LLP

Enclosure

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,
Plaintiff

v.

KEVIN PLANT, NIHON KOHDEN AMERICA, INC.,
Defendants

C.A. No. 06-533 ML

## MODIFIED INTERIM INJUNCTION ORDER

This matter came before the Court, Chief Judge Lisi presiding, on Plaintiff, Astro-Med, Inc.'s ("Astro-Med") Motion for a Preliminary Injunction. After an evidentiary hearing thereon conducted on December 27 and 28, 2006 that resulted in the entry of the December 28, 2006 Interim Injunction Order, and a chambers conference with the Court on February 5, 2007, it is hereby Ordered:

1. Defendant, Kevin Plant ("Plant") is enjoined and restrained from engaging in any sales activity on behalf of Nihon Kohden America, Inc., and all its affiliates, with respect to the offering for sale or selling electroencephalograph (EEG), polysomnograph (PSG), and long–term monitoring for epilepsy (LTM) equipment, and related products (collectively, the "Medical Equipment"); however, Plant may sell Medical Equipment within the State of Florida provided that he, neither contact, market or sell Medical Equipment to any of Astro-Med's customers or prospective customers as identified on the customer list (the "Astro-Med Customer List") to be provided by Astro-Med on or before February 16, 2007 to Plant's counsel, which shall maintain physical possession of said Astro-Med Customer List and shall not make any copies or derivations thereof. The Astro-Med Customer List includes existing Astro-Med customers

located in Florida and prospective Astro-Med customers located in Florida in which Plant had either made a sales presentation to or had any business contact with as an Astro-Med employee. The Astro-Med Customer List shall be designated "Confidential-Attorneys' Eyes Only" pursuant to the Protective Order entered in this case, but may be shown to and discussed with Plant who shall not disclose, discuss or disseminate the information contained in the Astro-Med Customer List in any way, including, without limitation, any form of disclosure to Nihon Kohden, its agents, affiliates, and employees.

2. Within three days of receiving Astro-Med's Customer List, Plant will provide counsel for Astro-Med with a list of those Medical Equipment customers in Florida who overlap those on Astro-Med's Customer List to whom Plant was scheduled to service on behalf of Nihon Kohden. Plant's customer list ("Plant's Customer List") shall be designated as "Confidential – Attorneys' Eyes Only" pursuant to the Protective Order entered in this case. Plant shall provide a monthly affidavit to Astro-Med's counsel confirming that he has not contacted any individual or entity on Astro-Med's Customer List. Plant shall be prohibited from contacting, marketing, and/or selling any EEG, PSG, and LTM products to any Nihon Kohden customers that overlap with any individuals or entities identified in Astro-Med's Customer List.

3. Plant may not use or disclose any proprietary or confidential information acquired during his employment at Astro-Med, Inc., including research and development information, customer and prospect lists and pricing strategies.

4. The Court has considered the imposition of a bond under Federal Rule of Civil Procedure 65 (c), and has found that the giving of security by Astro-Med is not necessary in this matter because Astro-Med is a financially viable company for which additional security is not warranted.

5. This Order shall be in effect until further order of the Court, provided however, the injunction dissolves on December 5, 2007.

ENTERED as an Order of this Court this ___ day of February, 2007.

ENTERED: PER ORDER

______________________________ ______________________________

Presented by:

ASTRO-MED, INC.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Lisa M. Martinelli
Lisa M. Martinelli (#6350)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
lmm@psh.com

Of Counsel:

/s/ E.P. Michael Karcis
E.P. Michael Karcis
McLEAN & McLEAN LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405
(310) 450-9353
(310) 581-8006 FAX
michael@mcleanfirm.com