UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC., Plaintiff, vs. | : | C.A. No. 06-533 ML |
| KEVIN PLANT and NIHON KOHDEN AMERICA, INC., Defendants. | : | |

**PLAINTIFF'S OBJECTION TO MOTION TO VACATE COURT ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT NIHON KOHDEN AMERICA, INC.,'S MOTION TO DISMISS**

Plaintiff, Astro-Med, Inc., ("Astro-Med") hereby objects to Defendant Nihon Kohden America, Inc.'s ("Nihon Kohden") Motion to Vacate Court Order Granting Astro-Med's Motion for Enlargement of Time to Respond to Defendant Nihon Kohden America, Inc.'s Motion to Dismiss. Astro-Med submits herewith its Memorandum in Opposition to Defendant Nihon Kohden's Motion to Vacate Court Order.

Respectfully submitted,

ASTRO-MED, INC.

/s/ Robert M. Duffy

Robert M. Duffy, Esq. (#4428)
Craig M. Scott, Esq. (#4237)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile
rduffy@duffysweeney.com

April 13, 2007

## CERTIFICATE OF SERVICE

I hereby certify that the within **Plaintiff's Objection to Motion to Vacate Court Order (Doc. No. 46) Granting Plaintiff's Motion for Extension of Time to Respond to Defendant Nihon Kohden America, Inc.,'s Motion to Dismiss** was filed through the ECF system on the 13th day of April, 2007, and will be sent electronically to counsel named below who are registered participants identified on the Notice of Electronic Filing:

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

and was served, via First Class Mail, to the counsel named below who is not a registered ECF participant:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

/s/Robert M. Duffy
Robert M. Duffy, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC.,<br>Plaintiff,<br>vs.<br><br>KEVIN PLANT and NIHON KOHDEN<br>AMERICA, INC.,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 06-533 ML |

**PLAINTIFF ASTRO-MED, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT NIHON KOHDEN AMERICA, INC.'S MOTION TO VACATE COURT ORDER GRANTING ASTRO-MED'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT NIHON KOHDEN AMERICA, INC.'S MOTION TO DISMISS**

Plaintiff, Astro-Med, Inc., ("Astro-Med") submits this Memorandum in Opposition to Defendant Nihon Kohden America, Inc.'s Motion to Vacate Court Order Granting Plaintiff's Motion for Extension of Time to Respond to Defendant Nihon Kohden America, Inc.'s Motion to Dismiss. Defendants provide no good reason why the Court should vacate its Order granting Astro-Med's Motion for Enlargement of Time to Respond to Defendant Nihon Kohden's Motion to Dismiss. Conversely, Astro-Med has set forth many reasons why that Motion was properly granted.

As set forth by Astro-Med in its Memorandum in Support of Motion for Enlargement of Time to Conduct Jurisdictional Discovery, Astro-Med has identified Rhode Island customers of Nihon Kohden as well as the sales agent for Nihon Kohden whose territory includes Rhode Island and who made several visits to the area for sales and service. Astro-Med has learned that Nihon Kohden was present in Rhode Island at an industry conference in Warwick, Rhode Island in May, 2006 where it marketed and promoted its products. In addition, Nihon Kohden directs its advertising to Rhode Island through various periodicals and trade journals, which advertising is received by many professionals in Rhode Island in a position to directly and/or indirectly

effect the purchase of Nihon Kohden medical equipment that competes directly with Astro-Med. Accordingly, Astro-Med has made a colorable showing of general personal jurisdiction and is entitled to jurisdictional discovery to facilitate the resolution of the issues raised by the Nihon Kohden's Motion to Dismiss. *See Sunview Condominium Association v. Flexel International Ltd.*, 116 F.3d 962, 964 (1st Cir. 1997); *Surpitsky v. Hughes-Keenan Corp.*, 362 F.2d 254, 255-256 (1st Cir. 1966); *Cytotherapeutics, Inc. v. Neurospheres, Ltd.*, 1997 WL 33547301, *3 (D.R.I. March 13, 1997). By granting Astro-Med's Motion for Enlargement of Time, the Court properly provided Astro-Med with the means of obtaining the jurisdictional discovery to which it is entitled prior to submitting a response to Nihon Kohden's Motion to Dismiss.

Moreover, Defendants substantially overstate the likelihood that Defendant Nihon Kohden will succeed on its Motion to Dismiss for lack of personal jurisdiction. While Astro-Med may need to conduct jurisdictional discovery to determine the extent of Nihon Kohden's contacts with Rhode Island generally, the well-settled case law in this circuit, and most particularly in this Court, points strongly to this Court exercising <u>specific</u> personal jurisdiction over Nihon Kohden. Specific jurisdiction is "extremely dependent on the inter-relationship that the contacts giving rise to *in personam* jurisdiction have with the activities giving rise to the cause of action." *Thompson Trading, Ltd. v. Allied Lyons PLC, et al*, 123 F.R.D. 417, 425 (D.R.I. 1989); *see also Northeastern Land Services, Ltd. v. Schulke*, 988 F.Supp. 54, 57 (D.R.I. 1997). In *Thompson Trading*, this Court found specific personal jurisdiction over two foreign corporations alleged to have interfered with a Rhode Island contract and prospective business relations in Rhode Island. *See* 123 F.R.D. at 428. In doing so, the Court made clear that it was not important to answer the question "where the tort of wrongful interference with a business relationship occurs." *Id.* Whether the wrongful acts were committed in the state or committed

elsewhere or through third parties was unimportant to the Court's inquiry. What was important was the effect the tortious activity had on Rhode Island. The Court held that "[b]ecause defendants allegedly tortiously interfered with a Rhode Island corporation's business rights arising out of a Rhode Island contract, it was clearly foreseeable that such activity would have a direct effect in Rhode Island. Therefore, it is fair for this Court to exercise jurisdiction...because their alleged tortious conduct constitutes the requisite minimum contact for the exercise of specific *in personam* jurisdiction...." *Id. See also Anderson v. Century Products Company*, 943 F.Supp. 137, 144 (D.N.H. 1996) (jurisdiction in the forum for plaintiff's tort cause of action proper under well-established rules that one who knowingly causes tortious injury in a forum cannot invoke constitutional protections to avoid being haled into court there).

Here, Astro-Med alleges that Nihon Kohden, with full knowledge of the restrictions in the employment agreement hired Plant to gain access to Astro-Med's highly confidential information which would be of significant value to Nihon Kohden. As a result, Nihon Kohden now has access through Plant to Astro-Med's customer contact lists, trade secrets and other proprietary and confidential business information. Nihon Kohden knew that employing Plant would give Nihon Kohden an unfair advantage over Astro-Med and constitute actual or threatened misappropriation of Astro-Med's trade secrets. Furthermore, Nihon Kohden intentionally induced Plant to breach his agreement with Astro-Med, causing Astro-Med to suffer loss of sales, potential sales, loss of goodwill, disclosure of its trade secrets, other monetary damages and irreparable harm. All of these damages are caused by Nihon Kohden's tortious actions which are directed at Astro-Med in Rhode Island and the economic and intangible harm that will result from these actions will negatively impact Astro-Med in Rhode

Island. Based on well-settled principles established by this Court, specific jurisdiction is properly exercised over Nihon Kohden in Rhode Island.

But all this is putting the cart before the horse. All Astro-Med has requested is an enlargement of time during which it may conduct jurisdictional discovery. It has already undertaken steps to conduct that jurisdictional discovery and has noticed certain other discovery which will take place prior to the response date of May 9, 2007. This Court has inherent power to control its docket and manage cases to achieve efficiency and substantial justice.[1] The Court has done so in allowing an enlargement of time for Astro-Med to gather and marshal material jurisdictional facts. Because Defendants have set forth no good reason why this Court should revisit its Order granting the Motion for Enlargement of Time, Defendants' Motion should be denied.

## CONCLUSION

For all the foregoing reasons, Defendants' Motion to Vacate Court Order Granting Plaintiff's Motion for Extension of Time to Respond to Defendant Nihon Kohden America,

[1] Defendants label this Court's granting of Astro-Med's Motion for Enlargement of Time an "error." Astro-Med firmly disagrees. But even if such action could be deemed "error", Rule 61 makes clear that "the court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial right of the parties." Fed.R.Civ.P. 61. Allowing Astro-Med a short enlargement of time to conduct jurisdictional discovery, which is expressly permitted in this Circuit, does not infringe in any way on any substantial rights of Defendants.

Inc.'s Motion to Dismiss should be denied.

Respectfully submitted,

ASTRO-MED, INC.

/s/ Robert M. Duffy

Robert M. Duffy, Esq. (#4428)
Craig M. Scott, Esq. (#4237)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile
rduffy@duffysweeney.com

April 13, 2007

## CERTIFICATE OF SERVICE

I hereby certify that the within **Plaintiff Astro-Med, Inc.'s Memorandum in Opposition to Defendant Nihon Kohden America, Inc.'s Motion to Vacate Court Order Granting Astro-Med's Motion for Extension of Time to Respond to Defendant Nihon Kohden America, Inc.'s Motion to Dismiss** was filed through the ECF system on the 13th day of April, 2007, and will be sent electronically to counsel named below who are registered participants identified on the Notice of Electronic Filing:

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

and was served, via First Class Mail, to the counsel named below who is not a registered ECF participant:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

/s/Robert M. Duffy
Robert M. Duffy, Esq.