# EXHIBIT C

DUFFY SWEENEY & SCOTT, LTD
BUSINESS LAW & LITIGATION

*Robert M. Duffy*
*rduffy@duffysweeney.com*

April 3, 2007

***Via Facsimile and Via U.S. Mail***

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

Re: Astro-Med, Inc. v. Kevin Plant, et. al.
USDC RI C.A. No. 06-533ML

Dear Bruce:

I read with interest your recently filed Motion for Protective Order and have a number of questions relating thereto as well as a few comments. I note, however, the gist of the motion is particularly appropriate for a Rule 37 discovery conference and should have been brought to our attention for discussion prior to the filing of the motion. Had that been done, I am certain no motion would need to have been filed.

The Court issued its Rule 16 Scheduling Order on February 5, 2007. Upon filing of the Rule 16 Scheduling Order, discovery may commence. You acknowledge this fact at p. 6 of the Memorandum yet you go on to state that discovery was served by us prior to issuance of a Scheduling Order. Although I have only recently become involved in this case, my review of the relevant material shows me that discovery was served after February 5, 2007. Accordingly, the discovery was properly served. There is no need for a discovery conference after a Rule 16 Order issues, as the purpose of that conference is to present to the Court the nature and extent of anticipated discovery to aid the Court in setting the schedule.

With regard to depositions, I generally try to provide at least seven business days notice prior to taking depositions, although that is not a hard and fast rule. As you know from the recent deposition notices filed in this case, that pattern has been followed by me, and I intend to continue to do so. If you have a significant problem with this, I welcome the opportunity to discuss the need for more notice with you.

With regard to non-party depositions, non-parties can fend for themselves and have all of the weapons of Rule 45 at their disposal. In this case, as far as I can tell to this point the third parties subpoenaed to date are not fact witnesses in any real sense and will merely provide information relating to Nihon Kohden's contacts with the State of Rhode Island. Accordingly, I find it highly unlikely that there will be objections to the deposition subpoenas. Moreover, it is

my hope that the depositions themselves need not take place, and that we obtain the information requested informally. However, only time will tell.

Finally, I know you only recently entered the case yourself, but we follow the rule that notice to local counsel is notice to *pro hac vice* counsel. Accordingly, we do take exception to Mr. Karcis' representations as to when notice was received with regard to certain depositions, when we know that notice was received earlier by local counsel. We apologize for our oversight with regard to Chillemi's initial deposition date which, in any event, was postponed. We did have substantial difficulty serving Chillemi. That difficulty has been resolved and Mr. Chillemi's deposition by all accounts will take place on the currently noticed date of April 12, 2007.

I hope this obviates the need for any further expenditure of time or money in responding to the motion and the issues raised therein.

Please give me a call to discuss any of these issues at your convenience.

Very truly yours,

Robert M. Duffy

RMD/jmc

cc: Craig M. Scott, Esq.
E.P. Michael Karcis, Esq. (via telecopy and U.S. Mail)

h:\clients\astro-med\plantletters\Gladstone protective ltr 4-3-07.doc