# EXHIBIT E

DUFFY SWEENEY & SCOTT, LTD
BUSINESS LAW & LITIGATION

*Robert M. Duffy, Esq.*
*rduffye@duffysweeney.com*

April 10, 2007

***Via Facsimile and First Class Mail***

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

Re: Astro-Med, Inc. v. Kevin Plant and Nihon Kohden America - C.A. No. 06-533-ML

Dear Mr. Karcis:

I respond to your letter of April 9, 2007. I am fully cognizant of previous communications between your firm and ours and greatly disappointed that you seem more intent on escalating the cost of litigation than reaching reasonable resolution to discovery issues. I disagree that you have expended considerable time and effort in attempting to informally resolve any issues and I once more, as I did in the voicemail I left you more than a week ago, and in my correspondence with Mr. Gladstone, encourage you to call me in one final effort to work through these issues without Court intervention.

Perhaps having only recently come into the case I have a more objective view, but it seems to me that Nihon Kohden is a fact witness in this case either way you slice it, and we will be taking Nihon Kohden's deposition. I have noticed those depositions for the end of April in California and have provided plenty of time for you to prepare your witnesses and make yourself available. With regard to the third-party depositions, we have done our utmost (as you have been informed) to obtain the necessary information short of actual deposition. We have been very successful in that regard and, as a result, have saved both our clients quite a bit of money. Mr. Chillemi's deposition will go forward because he is a fact witness who has information directly pertinent to jurisdictional issues. His deposition has been difficult to arrange because he intentionally avoided service for quite a long time. However, he has been served and his deposition will take place this week as noticed on April 12, 2007. At this time, other than party depositions of Nihon Kohden and Mr. Plant there are no depositions noticed which you or anyone else requires "protection" from. Once more, I ask you to withdraw your motion for protective order.

Finally, I am informed that at the February 5, 2007 scheduling conference, Judge Lisi expressly stated that the parties should consider "Nihon Kohden served as of that date." Not that it matters a great deal. The Rule 16 Scheduling Order impacts all parties in the case and those

deadlines apply to Nihon Kohden while it is in the case as well as to any other party. Whether Nihon Kohden remains in the case as a party, it will subject to discovery and that discovery will occur. It makes little sense to pretend that Nihon Kohden will not be subject to discovery if somehow it prevails on its motion to dismiss (which, by the way, we find unlikely).

I will give you a call pursuant to your April 9, 2007 letter and it is my hope that I am able to talk directly with you and not simply leave a voice mail. However, if I do leave a voice mail, I reiterate that I am available to discuss all these issues in an effort to resolve them short of further expenditure of time and money.

Very truly yours,

Robert M. Duffy

RMD/jmc

cc: Bruce W. Gladstone, Esq.
Craig M. Scott, Esq.
Everett Pizzuti