UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC., | : | |
| Plaintiff, | : | |
| vs. | : | C.A. No. 06-533 ML |
| KEVIN PLANT and NIHON KOHDEN AMERICA, INC., | : | |
| Defendants. | : | |

**PLAINTIFF ASTRO-MED, INC.'S OBJECTION TO DEFENDANTS KEVIN PLANT'S AND NIHON KOHDEN AMERICA, INC.'S SUPPLEMENTAL MOTION FOR PROTECTIVE ORDER OR, IN THE ALTERNATIVE A CASE MANAGEMENT ORDER REQUIRING PLAINTIFF TO PROVIDE REASONABLE NOTICE OF ALL DEPOSITIONS AND FOR AN ENLARGEMENT OF TIME FOR NON-PARTIES TO RESPOND TO PLAINTIFF'S SUBPOENAS**

Plaintiff Astro-Med, Inc.'s ("Astro-Med") hereby objects to Defendants Kevin Plant's and Nihon America, Inc.'s Supplemental Motion for Protective Order or, in the Alternative, a Case Management Order Requiring Plaintiff to Provide Reasonable Notice of all Depositions and for an Enlargement of time for Non-Parties to Respond to Plaintiff's Subpoenas. Astro-Med submits herewith its Memorandum in Opposition to Defendants Kevin Plant and Nihon Kohden America, Inc.'s Supplemental Motion for Protective Order or, in the Alternative a Case

Management Order.

Respectfully submitted,

ASTRO-MED, INC.

/s/ Robert M. Duffy

Robert M. Duffy (#4428)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile
rduffy@duffysweeney.com

April 13, 2007

# CERTIFICATE OF SERVICE

I hereby certify that the within **Plaintiff Astro-Med, Inc.'s Objection to Defendants Kevin Plant's and Nihon Kohden America, Inc.'s Supplemental Motion for Protective Order or, in the Alternative, a Case Management Order Requiring Plaintiff to Provide Reasonable Notice of all Depositions for an Enlargement of Time for Non-Parties to Respond to Plaintiff's Subpoenas** was filed through the ECF system on the 13th day of April, 2007, and will be sent electronically to counsel named below who are registered participants identified on the Notice of Electronic Filing:

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

and was served, via First Class Mail, to the counsel named below who is not a registered ECF participant:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

/s/Robert M. Duffy
Robert M. Duffy, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC., | : | |
| Plaintiff, | : | |
| vs. | : | C.A. No. 06-533 ML |
| KEVIN PLANT and NIHON KOHDEN AMERICA, INC., | : | |
| Defendants. | : | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' SUPPLEMENTAL MOTION FOR PROTECTIVE ORDER OR, IN THE ALTERNATIVE A CASE MANAGEMENT ORDER REQUIRING PLAINTIFF TO PROVIDE REASONABLE NOTICE OF ALL DEPOSITIONS AND FOR AN ENLARGEMENT OF TIME FOR NON-PARTIES TO RESPOND TO PLAINTIFF'S SUBPOENAS**

Plaintiff Astro-Med, Inc., ("Astro-Med") submits this Memorandum in Opposition to Defendants Kevin Plant ("Plant") and Nihon Kohden America, Inc.'s ("Nihon Kohden") Supplemental Motion for Protective Order or, in the Alternative, a Case Management Order Requiring Plaintiff to Provide Reasonable Notice of all Depositions and for an Enlargement of Time for Non-Parties to Respond to Plaintiff's Subpoenas. Defendants Supplemental Motion should be denied because they failed to confer in good faith with Astro-Med's counsel prior to filing the Supplemental Motion for Protective Order and have not established that a protective order is either necessary or appropriate.

**FACTS**

This action was filed against Defendant Kevin Plant on December 4, 2006. An evidentiary hearing was conducted on Astro-Med's Motion for a Preliminary Injunction on

December 27 and December 28, 2006. This Court entered an Interim Injunction Order against Plant on December 28, 2006.[1]

On January 23, 2007 Astro-Med filed its First Amended Complaint adding Defendant Nihon Kohden to this action. Nihon Kohden and Plant are represented by the same counsel. On February 5, 2007 this Court held its Rule 16 Conference. At that conference, the usual subjects of Rule 16 were discussed. During that conference, the Court made clear that Nihon Kohden was deemed served as of February 5, 2007 and no exception was made in the Scheduling Order for discovery of Nihon Kohden. Nor was any exception requested. This Court issued its Rule 16 Pre-Trial Order after the conference (attached hereto as Exhibit A).

In its Scheduling Order, this Court established a short time frame for discovery. Plaintiff's experts are to be identified by May 1, 2007 and fact discovery ends July 5, 2007. Astro-Med's discovery is fully consistent with the efficient and timely discovery contemplated by the Pre-Trial Order and Rule 26. Astro-Med commenced discovery following issuance of the Pre-Trial Order. That discovery has been streamlined, and as set forth below, Astro-Med has taken all reasonable steps to limit the cost of that discovery. Indeed, the facts strongly suggest that Defendants' Motion for Protective Order is driven more by a desire to disrupt the normal discovery process and to escalate this litigation than it is to obtain any legitimate protection from discovery.

On April 2, 2007 Astro-Med's counsel provided a revised draft Consent Order pertaining to jurisdictional discovery to Defendants' counsel. (Letter and copy attached hereto as Exhibit B). There had been much back and forth with regard to the negotiated Order and it appeared the parties were close to finalizing it. Instead of responding to the revisions, Defendants filed their Motion for Protective Order on April 2, 2007.

[1] On February 16, 1007, this Court issued its Modified Interim Injunction Order.

Upon receipt of the Motion for Protective Order, Astro-Med's counsel wrote a letter to Defendants' counsel suggesting that the parties not bother the Court with the issues raised in the Protective Order because the parties should certainly work any issues out amicably. (Letter attached hereto as Exhibit C). Defendants again did not respond to that letter.

On April 6, 2007, Astro-Med's counsel notified Defendants' counsel that he had received affidavits which obviated the need for depositions in Kansas City and those depositions were cancelled. After receiving this facsimile from Astro-Med's counsel, Defendants' filed a Supplemental Motion for Protective Order relating to the very same issues which had been resolved with the cancellation of the depositions. (Letter attached hereto as Exhibit D).

On April 10, 2007 Astro-Med's counsel again sent a letter requesting a withdrawal of the Motion for Protective Order. (attached hereto as Exhibit E). Once again, Defendants ignored Plaintiff's efforts to try to resolve this matter short of Court intervention.

**A. Third-Party Depositions**

Astro-Med noticed the depositions of publishers of three trade journals in which Nihon Kohden advertises, which journals are distributed directly here in Rhode Island to potential purchasers of Nihon Kohden Medical Equipment. The dates of those depositions were moved a couple of times due to difficulty in effecting service and one was cancelled outright in March. Most recently, publisher deposition notices were amended and served on March 29, 2007, noticing the depositions of two of the publishers in Kansas City (as required by the Rules) for April 13, 2007.

On April 3, 2007 Astro-Med's counsel notified Defendants' counsel that it was making an effort to negotiate with the third-party publishers to obtain the desired information short of deposition. (Letter attached hereto as Exhibit C). Astro-Med's counsel was successful, and on

April 6, 2007 notified Defendants' counsel that it had received affidavits from the publishers, promised to provide copies of those affidavits with attachments and informing Defendants' counsel that the depositions in Kansas City were cancelled. (See Exhibit D).

Defendants failed to bring this information to the Court's attention when it filed its Motion for Protective Order. Moreover, Defendants filed a Supplemental Motion For a Protective Order further complaining about the scheduled depositions in the case, and completely failed to disclose to this Court that the third-party depositions originally noticed for Los Angeles and Kansas City had been informally resolved by Astro-Med saving both clients substantial money in the process. There is absolutely no need for any protective order with regard to these depositions because they will not occur, Defendants' counsel should have brought this information to the Court's attention in connection with its Motion.

Astro-Med initially scheduled the deposition of Domenic Chillemi, an independent sales representative who represents Nihon Kohden in Rhode Island for late February, 2007. Mr. Chillemi sells and services Nihon Kohden medical equipment here in Rhode Island and has been present in Rhode Island acting as Nihon Kohden's sales representative marketing Nihon Kohden products. Mr. Chillemi's deposition was rescheduled primarily because Mr. Chillemi was successful at avoiding service. The last amended notice of deposition was served March 29, 2007 and noticed Mr. Chillemi's deposition for April 12, 2007, providing ample notice to all parties who wish to attend the deposition. Mr. Chillemi was properly served and the deposition took place as scheduled. Therefore, there is no basis for a protective order.

**B. Party Depositions**

Astro-Med noticed the deposition of Nihon Kohden by the person or persons with the most knowledge of Nihon Kohden's sales activities in connection with Rhode Island and factual

matters related to this action. That deposition was noticed on March 30, 2007 to take place in California on April 25, 2007. Thus, Defendants and their counsel were provided almost one month's notice of that deposition, which will take place near Nihon Kohden's principal place of business. It borders on the bizarre that Defendants seek a protective order from this Court regarding Nihon Kohden's deposition because, either way you slice it, Nihon Kohden is a witness in this case. Whether that deposition takes place pursuant to Rule 45 or Rule 30 does not change the fact that Defendants cannot avoid the deposition. Astro-Med provided Defendants plenty of time for Defendants to prepare for the deposition and to make themselves available. It makes little sense to have Astro-Med travel to California to question Nihon Kohden witnesses as to jurisdiction, only to be required to return later to take Nihon Kohden's deposition as to the facts of this matter. There is simply no basis for Nihon Kohden's request for protective order with regard to Nihon Kohden's deposition.

Finally, on March 30, 2007 Astro-Med noticed the deposition of Defendant Plant to take place in Orlando, Florida on May 9, 2007, providing Defendants and their counsel approximately six weeks notice of that deposition. Defendant have absolutely no basis for a protective order with regard to Plant's deposition.

In short, the sum of the four non-party depositions initially noticed, three were informally resolved prior to the filing of the Supplemental Motion for Protective Order and the other has been concluded. The only depositions that remain are two party depositions.

**C. <u>Document Request and Interrogatories</u>**

On March 16, 2007 and March 19, 2007, Astro-Med served Nihon Kohden with interrogatories and document requests, respectively, which relate to both jurisdictional issues and facts pertinent to this action. Nihon Kohden is a party to this action and is subject to discovery

under Rules 33 and 34 as is any other party. Both the answers to the interrogatories and responses to document requests are due to be served by Nihon Kohden on Astro-Med on or before April 16, 2007 and April 19, 2007, respectively, which is approximately one week away. Once again, Astro-Med has used the tools made available to it under the Federal Rules to efficiently and properly obtain information from an opposing party. Nihon Kohden has failed to assert any basis on which this Court should grant a protective order preventing Astro-Med's from taking that discovery.[2]

## ARGUMENT

Fed.R.Civ.P. 26 provides that a protective order may be entered by the Court where the movant has shown good cause for entry of the protective order, has conferred in good faith in an effort to resolve the dispute without court action, and an order is needed to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Fed.R.Civ.P. 26(c); *see Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 532 (1st Cir. 1993). *See also Anderson v. Cyrovac, Inc.*, 805 F.2d 1, 7-8 (1st Cir. 1986) (finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements and the burden on movant to make specific demonstration of necessity for protective order); *Foley v. Loeb*, 2007 WL 132003 (slip copy) (D.R.I. 2007) (burden is on movant to establish good cause for the issuance of protective order). Defendants have failed to establish that they are entitled to a protective order.

First, Defendants failed to meet and confer in good faith in an effort to resolve the outstanding issues despite several attempts by Plaintiff's counsel to address these issues. In fact, the exact opposite was true. While Astro-Med was submitting a revised draft Consent Order to Defendants' counsel trying to work out the jurisdictional discovery issues, and offering to

[2] Interestingly, Nihon Kohden's counsel agreed to document requests and interrogatories related to jurisdictional issues. For some reason, he now seeks a protective order with regard to those discovery requests.

informally obtain the information from the third-party publishers noticed for deposition, Defendants were filing their Motion for Protective Order on April 2, 2007. Defendants then filed a Supplemental Motion for Protective Order on April 6, 2007 after Astro-Med's counsel told them that he had cancelled the depositions in Kansas City and obtained affidavits and documents which he would share with them. In short, Defendants ignored every attempt by Astro-Med to limit the cost of discovery and, instead, have clogged this Court with numerous unnecessary motions relating to discovery which are wholly without basis.

Second, Defendants have failed to show there is good cause for issuance of a protective order. The only depositions presently scheduled are two party depositions for which four to six weeks notice was provided. Beyond that the only outstanding discovery requests are routine document requests and interrogatories served pursuant to the Rules. Accordingly, Defendants' Motion for Protective Order is wholly without merit and must be denied.

## CONCLUSION

For all the foregoing reasons, the Plaintiff Astro-Med respectfully requests this Court deny Defendants' Supplemental Motion for Protective Order and award it fees and costs in responding to this Motion.

Respectfully submitted,

ASTRO-MED, INC.

/s/ Robert M. Duffy
Robert M. Duffy (#4428)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile
rduffy@duffysweeney.com

April 13, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that the within **Memorandum in Opposition to Defendants' Supplemental Motion for Protective Order or, in the Alternative, a Case Management Order Requiring Plaintiff to Provide Reasonable Notice of all Depositions and for an Enlargement of Time for Non-Parties to Respond to Plaintiff's Subpoenas** was filed through the ECF system on the 13th day of April, 2007, and will be sent electronically to counsel named below who are registered participants identified on the Notice of Electronic Filing:

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

and was served, via First Class Mail, to the counsel named below who is not a registered ECF participant:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

/s/Robert M. Duffy
Robert M. Duffy, Esq.