UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC., | : | |
| Plaintiff, | : | |
| vs. | : | C.A. No. 06-533 ML |
| KEVIN PLANT and NIHON KOHDEN AMERICA, INC., | : | |
| Defendants. | : | |

**PLAINTIFF ASTRO-MED, INC.'S MOTION TO EXTEND TIME TO RESPOND TO DEFENDANT NIHON KOHDEN AMERICA, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, FOR PERMISSION TO SUPPLEMENT THE RECORD**

Plaintiff Astro-Med, Inc. ("Astro-Med") hereby moves to extend the time by which it is required to respond to Defendant Nihon Kohden America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction up to and including May 24, 2007. The current date for response is May 9, 2007. The purpose of this extension is to allow Astro-Med to complete the discovery which it noticed and served prior to the May 9, 2007 date being set, which discovery is not yet complete and which discovery may be material to the Court's determination of the Motion to Dismiss. Defendant Nihon Kohden's counsel has not agreed to this extension. In further support of its motion, Astro-Med submits herewith its Memorandum in Support of Motion to Extend Time or,

in the Alternative, to Supplement the Record.

ASTRO-MED, INC.
By Its Attorneys

/s/ Robert M. Duffy, Esq.

Robert M. Duffy, Esq. (#4428)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile
rduffy@duffysweeney.com

April 27, 2007

**CERTIFICATION**

The undersigned hereby certifies that on the 27th day of April, 2007, a copy of the foregoing ***PLAINTIFF ASTRO-MED, INC.'S MOTION TO EXTEND TIME TO RESPOND TO DEFENDANT NIHON KOHDEN AMERICA, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, FOR PERMISSION TO SUPPLEMENT THE RECORD*** was filed through the ECF system, and was served electronically to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

and was served, via First Class Mail, to the counsel named below who is not a registered ECF participant:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

/s/ Robert M. Duffy
Robert M. Duffy, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC., | : | |
| Plaintiff, | : | |
| vs. | : | C.A. No. 06-533 ML |
| KEVIN PLANT and NIHON KOHDEN AMERICA, INC., | : | |
| Defendants. | : | |

**PLAINTIFF ASTRO-MED, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO EXTEND TIME TO RESPOND TO DEFENDANT NIHON KOHDEN AMERICA, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, FOR PERMISSION TO SUPPLEMENT THE RECORD**

Plaintiff Astro-Med, Inc. ("Astro-Med") submits this Memorandum in Support of its Motion to Extend Time to Respond to Nihon Kohden America, Inc.'s ("Nihon Kohden") Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative to Supplement the Record. The current date for Astro-Med's response to the Motion to Dismiss is May 9, 2007. Astro-Med seeks an extension up to and including May 24, 2007 to allow it to complete its discovery pertinent to the Motion to Dismiss. Astro-Med respectfully requests this Court grant this Motion for the following reasons.

1. On March 19, 2007, Astro-Med served its First Request for Production of Documents and its First Set of Interrogatories on Defendant Nihon Kohden. Responses to that discovery were due on or before April 18, 2007.

2. On March 30, 2007, Astro Med noticed the deposition of Nihon Kohden for April 25, 2007. This date was specifically chosen to allow Astro-Med an opportunity to receive Nihon Kohden's discovery responses and documents in sufficient time to review that information prior to conducting the deposition. The deposition was noticed for Santa Monica, California, which is approximately one hour from Nihon Kohden's business office. It was noticed at a law office

with which Duffy Sweeney & Scott, Ltd. has a relationship that graciously made its facilities available to Duffy Sweeney & Scott, Ltd. to conduct the deposition.

3. On April 3, 2007, this Court granted Astro-Med's Motion to Extend Time to Respond to Defendant Nihon Kohden's Motion to Dismiss for Lack of Personal Jurisdiction up to and including May 9, 2007 to allow Astro-Med to conduct discovery. Defendant Nihon Kohden moved to vacate that Order and this Court held a hearing on April 16, 2007 on that Motion and other Motions filed by Defendants.

4. At the hearing on April 16, 2007 this Court ruled that Defendants' Motion to Vacate the Order Extending Astro-Med's Time to Respond to the Motion to Dismiss was moot and the Order stood. At the hearing on April 16, 2007 this Court expressly asked Nihon Kohden's counsel whether there were any further discovery issues for which any type of "protective order" was needed and, in substance, whether there were any impediments to the discovery that was to be taken. Counsel for Defendant Nihon Kohden informed the Court that there were no further discovery issues for which Defendants needed protection and counsel informed the Court that the deposition of Nihon Kohden was scheduled for April 25, 2007 and would go forward as noticed.

5. Immediately following the hearing on April 16, 2007, counsel for Astro-Med and Nihon Kohden specifically discussed the witnesses Nihon Kohden would produce on April 25, 2007, that the witnesses would testify both as to the jurisdictional questions and to the facts material to the case so that only one trip would need to be made to California for the deposition. Following the April 16, 2007 hearing Astro-Med's counsel made travel plans to conduct Nihon Kohden's deposition on April 25, 2007 in California as noticed and as discussed with Nihon Kohden's counsel.

6. On or about April 18, 2007 Nihon Kohden's counsel telephoned Astro-Med's counsel and asked for an extension of time to respond to discovery up to April 20, 2007.

Although it was a very tight timeframe, Astro-Med's counsel in a spirit of cooperation agreed to extend the time up to April 20, 2007 trusting that the discovery would be properly answered and delivered to counsel's office on April 20, 2007 in time for review. During this telephone conversation, Defendant Nihon Kohden's counsel did not mention any issues with the Notice of Deposition or the deposition taking place on April 25, 2007 as noticed.

7. On Thursday, April 19, 2007 at the end of the day Nihon Kohden served an objection to the April 25, 2007 deposition and for the first time refused to produce Nihon Kohden's witnesses at the location noticed for the deposition. In addition, Nihon Kohden failed to provide discovery responses or documents to Astro-Med's counsel's office until almost midnight on Friday, April 20, 2007.

8. Not only were the discovery responses served late, but the answers to interrogatories were not signed or sworn to under oath as required by Fed.R.Civ.P. 33(b)(2). In addition, the interrogatories were inappropriately answered in several respects. Moreover, Nihon Kohden failed to identify any communications with Plant concerning his employment agreement with Astro-Med or his hiring. Nihon Kohden also failed to produce any documents relating to Nihon Kohden's general contacts with Rhode Island other than the sale of the Medical Equipment at issue in this litigation and failed to produce any documents relating to Plant's solicitation, hiring or employment by Nihon Kohden. Astro-Med's counsel could not travel to California unsure whether Nihon Kohden would appear in Santa Monica. Once Astro-Med moved the deposition dates, Nihon Kohden decided not to file the objection, but has orally confirmed that its objection to the deposition stands.

9. Nihon Kohden's last minute objection to the deposition after telling the Court that it had no issues with outstanding discovery on April 16, 2007 and did not need any further protection regarding that discovery, combined with its noncompliant and incomplete production of discovery forced Astro-Med's counsel to move Nihon Kohden depositions from Wednesday,

April 25, 2007 to May 17, 2007, its first available date in May, 2007 at much inconvenience to Astro-Med and its counsel.

10. On April 24, 2007, counsel for Astro-Med requested in writing that Defendants agree to a brief two-week extension of time within which Astro-Med was required to respond to the Motion to Dismiss to allow it to conduct the Nihon Kohden deposition on May 17, 2007 and prior to filing of its Response to the Motion to Dismiss. On April 25, 2007 counsel conferred pursuant to Rule 26 and Rule 37 and Astro-Med's counsel proposed that, in exchange for Astro-Med making an effort to arrange the deposition at a law office in Orange County closer to Nihon Kohden's offices to accommodate Nihon Kohden, that Nihon Kohden agree that the deposition go forward on May 17, 2007 and stipulate to the brief extension of time to respond to the Motion to Dismiss. Nihon Kohden would also need to provide complete discovery responses sufficiently prior to May 17, 2007 to allow the deposition to go forward. Such an agreement would obviate the need for this Motion and would merely extend time to respond by two weeks. Counsel for Nihon Kohden requested time to consider the proposal and promised to respond by noon on April 26, 2007. As of 3:00 p.m. on Friday, April 27, 2007 counsel for Nihon Kohden had not responded to this compromise offer resulting in the filing of this Motion for Extension of Time.

11. The postponement of the deposition date was due to actions by Nihon Kohden and/or its counsel. Astro-Med should not be penalized or prejudiced as a result of those actions, particularly where Nihon Kohden's counsel represented to the Court that there were no issues with regard to the April 25, 2007 deposition and later objected to that deposition.

## CONCLUSION

Accordingly, Astro-Med respectfully requests that this Court grant this Motion to Extend Time up to and including May 24, 2007 to respond to the Motion to Dismiss or, in the alternative, Astro-Med requests that this Court allow Astro-Med to supplement its Memorandum and records submitted in its Response to Nihon Kohden's Motion to Dismiss after May 9,

2007 once the Nihon Kohden deposition is taken and prior to hearing on Nihon Kohden's Motion to Dismiss.

RESPECTFULLY SUBMITTED<

ASTRO-MED, INC.
By Its Attorneys

/s/ Robert M. Duffy, Esq.

Robert M. Duffy, Esq. (#4428)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile

April 27, 2007

**CERTIFICATION**

The undersigned hereby certifies that on the 27th day of April, 2007, a copy of the foregoing ***PLAINTIFF ASTRO-MED, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO EXTEND TIME TO RESPOND TO DEFENDANT NIHON KOHDEN AMERICA, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, FOR PERMISSION TO SUPPLEMENT THE RECORD*** was filed through the ECF system, and was served electronically to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

and was served, via First Class Mail, to the counsel named below who is not a registered ECF participant:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

/s/ Robert M. Duffy
Robert M. Duffy, Esq.