UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC., | : | |
| Plaintiff, | : | |
| vs. | : | C.A. No. 06-533 ML |
| KEVIN PLANT and NIHON KOHDEN AMERICA, INC., | : | |
| Defendants. | : | |

**PLAINTIFF ASTRO-MED, INC.'S**
**MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES**

Plaintiff Astro-Med, Inc. ("Astro-Med") hereby moves pursuant to Fed.R.Civ.P. 26 and 37 to compel Defendant Nihon Kohden America, Inc. to produce documents and answers to interrogatories responsive to Astro-Med's First Request for Production of Documents and First Set of Interrogatories. Astro-Med submits herewith its Memorandum in Support of Motion to Compel.

Respectfully submitted,

ASTRO-MED, INC.

/s/ Robert M. Duffy

Robert M. Duffy, Esq. (#4428)
Craig M. Scott, Esq. (# 4237)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile
rduffy@duffysweeney.com

Dated: May 9, 2007

## CERTIFICATE OF SERVICE

I hereby certify that the within ***Motion to Compel*** was filed through the ECF system on the 9th day of May, 2007, and will be sent electronically to the counsel-named below who is a registered participant identified on the Notice of Electronic Filing:

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

and was served, via First Class Mail, to the counsel named below who is not a registered ECF participant:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

/s/ Robert M. Duffy,
Robert M. Duffy, Esq.

# EXHIBIT A

The Deponent is requested to produce the person or persons with the most knowledge of the subjects set forth below pursuant to Fed.R.Civ.P. 30(b)(6):

1. The person or persons with the most knowledge of:

   (a) Nihon Kohden's sales and marketing activities in and/or directed to Rhode Island from January 1, 2003 to the present.

   (b) Nihon Kohden's service to and/or on behalf of purchasers of Nihon Kohden equipment in Rhode Island from January 1, 2003 to the present.

   (c) Nihon Kohden's sales and marketing in Florida, Georgia and Alabama from January 1, 2006 to the present.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC., Plaintiff, vs. KEVIN PLANT and NIHON KOHDEN AMERICA, INC., Defendants. | : | C.A. No. 06-533 ML |

**PLAINTIFF ASTRO-MED, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES**

Plaintiff Astro-Med, Inc. ("Astro-Med") submits this Memorandum in Support of its Motion to Compel Defendant Nihon Kohden America, Inc. ("Nihon Kohden") Production of Documents and Answers to Interrogatories.

## FACTS

### A. Astro-Med's Business and Trade Secrets

Astro-Med, Inc. is a Rhode Island corporation with a principal place of business in Warwick, Rhode Island. Astro-Med's Grass Technologies product group manufactures, sells and distributes instruments for sleep and neurological research and clinical applications of sleep science and brain wave recording and analysis. The life sciences industry is extremely competitive, and Astro-Med's customers, distribution, pricing and marketing information systems contribute to its position as a leading supplier of these products. Although the identity of some of its customers may be generally known in the industry, Astro-Med has developed proprietary customer databases through extensive research and marketing efforts. Astro-Med's

financial arrangements with its sales people, its marketing strategy and its pricing and cost structure are all highly confidential.

Astro-Med, through its Grass Technologies line, competes in a highly competitive, specialized market. The aggregate market size for neurological products is approximately $250 million in annual sales. In addition to Astro-Med and Nihon Kohden, approximately nine other companies compete in this market. Due to the intense competition, Astro-Med is continuously researching and developing new products and refining its existing products in this highly specialized marketplace. Product development information for the Grass Technologies line is proprietary business information.

Astro-Med has developed customer databases over the course of several years through intensive and expensive efforts in marketing, advertising in trade journals, attending trade shows, mailings and Internet advertising. These data bases are crucial and confidential assets of Astro-Med which allows it to maintain a competitive advantage.

Astro-Med actively protects its trade secrets and other confidential information, including its product development information, marketing strategies, the details of its arrangements with its dealers and distributors, customer information and pricing and cost policies. It does so by, among other things, requiring its key employees, as a condition of employment with Astro-Med, to execute an agreement not to compete with Astro-Med for a period of one year after employment termination and not to use or disclose confidential information or trade secrets of Astro-Med.

**B. <u>Plant is Hired by Astro-Med and Signs Employment Agreement</u>**

Kevin Plant applied for a Product Specialist position at Astro-Med in July 202. He had no prior experience marketing or selling medical neurology equipment, including

electroencephalographs (EEG), polysomnographs (PSG), or long-term monitoring for epilepsy (LTM) equipment. Plant was hired by Astro-Med in October 2002 at which time he signed the Agreement as a condition of his employment at Astro-Med. Plant signed the Agreement in advance of any salary from Astro-Med or any training in EEG, PSG, or LTM medical equipment. Astro-Med did not expose Plant to prospective customers, internal pricing, or research and development initiatives until after he signed the Agreement. *Id.*

Plant's Agreement states in pertinent part:

> 4. I recognize that the Company sells its products throughout North America and Europe; as such, upon termination of my employment at the Company, for whatever reason, I shall not directly or indirectly enter into or engage in a business that competes with the Company, in a territory consisting of North America, and Europe, either as an individual, partner, joint venturer, employee, agent or salesman for any person, or as an officer, director or stockholder of a corporation or otherwise, for a period of one year thereafter.

Plant also agreed not to disclose Astro-Med's confidential information as detailed in the Agreement:

> 2. That any inventions, discoveries or improvements in any technical data, trade secrets, information or know-how, made, discovered or conceived or acquired by me during the period of my employment, whether patented or not, are to and remain the property of the Company; that, without the written authorization of the Company, I will neither use nor disclose to any person other than my superiors in the Company, any information, trade secrets, technical data or know-how relating to the Company's products, processes, methods, equipment and business practices, which I have acquired during my employment.

Astro-Med invested heavily in Plant's training and development in the specialized field of capital medical equipment. It sent Plant on installations at customer sites throughout the United States. He traveled with technical support to learn the intricacies of Astro-Med's

hardware and software packages. He traveled with experienced sales representatives to learn and understand customer preferences and selling techniques.

After approximately two years as a Product Specialist, Plant requested and received a promotion to District Manager in the newly-vacant Southeastern territory, which at the time covered Florida, Georgia, South Carolina, Alabama and Tennessee. Astro-Med paid to relocate Plant to Florida.

As District Sales Manager and Product Specialist, Plant had access to and used Astro-Med's trade secrets, including confidential marketing, pricing, and customer databases. During his employment, Plant became intimately familiar with these customers and their preferences, as well as Astro-Med's pricing strategy and marketing techniques. Plant also had knowledge and insight as to Astro-Med's research and development efforts with respect to its Grass Technologies product line. During his four years at Astro-Med, Plant gained specialized, technical knowledge as to the marketing, development, pricing and selling of EEG's, PSG's and LTM equipment.

**C. <u>Plant Joints Nihon Kohden, Astro-Med's Direct Competitor</u>**

Nihon Kohden directly competes with Astro-Med throughout the United States and internationally. Astro-Med has an advantage over Nihon Kohden by reason of its confidential pricing, marketing strategies and research and development efforts. This highly confidential information is extremely valuable to Astro-Med and critical to its business. It would be of significant value to Nihon Kohden.

Unbeknownst to Astro-Med, Plant first met with Nihon Kohden in early September, 2006. Prior to hiring Plant, Nihon Kohden knew that Plant was subject to the Employment

Agreement which prohibited Plant from working for a competitor. Nevertheless, Kohden hired him as a sales representative in Florida.

On or around October 1, 2006, Plant began working for Nihon Kohden as a sales person in the same region of the United States for which he previously worked for Astro-Med, in direct violation of his Agreement. He is now in a position to improperly solicit Astro-Med's customers and to divert their business to Nihon Kohden. Astro-Med has reason to believe that Plant has taken his Astro-Med customer contact lists, handed Nihon Kohden literature to a prospect that Plant was developing for Astro-Med, and has since contacted Astro-Med customers and prospects based on information he learned from his employment with Astro-Med.

## DISCOVERY REQUESTS

(a) First Request for Production of Documents

Astro-Med served its First Request for Production of Documents on March 16, 2007 (Astro-Med's First Request for Production of Documents are attached hereto as Exhibit 1). Nihon Kohden's submitted its Response to Astro-Med's First Request for Production of Documents on April 20, 2007 (Nihon Kohden's Response to Astro-Med's First Request for Production of Documents are attached as Exhibit 2).

On April 25, 2007, pursuant to Fed.R.Civ.P. Rule 26 and 37, Astro-Med served a letter on Nihon Kohden's counsel pointing out the deficiencies in the response to the Request for Production of Documents and asking for a complete production and a Rule 37 conference. (April 25, 2007 letter is attached hereto as Exhibit 3). Following that letter, Nihon Kohden's counsel twice orally promised to provide a substantive response to the discovery issues raised by Astro-Med in its April 25, 2007 letter. Despite several telephone calls, it has failed to do so.

(b) Specific Requests for Production of Documents

**REQUEST NO. 1:**

A list of customers and prospective customers in Rhode Island since 2002.

**RESPONSE TO REQUEST NO. 1**:

Nihon Kohden objects to this request on the grounds that it is vague as to the term "prospective customers" and overly broad. Nihon Kohden further objects to this request on the grounds that it calls for materials produced by the attorney-client privilege and/or attorney work product doctrine. Nihon Kohden also objects to this request as calling for speculation. Moreover, the response contained herein is subject to the Order. Notwithstanding the foregoing objections and identifying "prospective customers" as those businesses or individuals to whom a price quotation has been sent, Nihon Kohden responds as follows: Nihon Kohden does not have a "list of customers and prospective customers in Rhode Island" in its possession, custody or control.

**DOCUMENTS TO BE PRODUCED**

Request No. 1 is a very simple request by Astro-Med relating to the jurisdictional questions in this case raised by Nihon Kohden's Motion to Dismiss. Plainly, a list of Nihon Kohden's customers and sales prospects in Rhode Island is germane to the question of general personal jurisdiction raised by Nihon Kohden's Motion to Dismiss for Lack of Personal Jurisdiction. Accordingly, these documents should be produced.

**REQUEST NO. 2:**

Any and all documents relating to any marketing or sales of Nihon Kohden products in Rhode Island or to Rhode Island customers or prospective customers within the past five years.

**RESPONSE TO REQUEST NO. 2**

Nihon Kohden objects to this request on the grounds that it vague and ambiguous as to the terms "prospective customers" and "relating to." Nihon Kohden further objects to this request as overly broad. Nihon Kohden also objects to this request because it calls for speculation. Moreover, the response contained herein is subject to the Order. Notwithstanding the foregoing objections and identifying "prospective customers" as those businesses or individuals to whom a price quotation has been sent, Nihon Kohden responds as follows: Nihon Kohden does not have documents responsive to this request in its possession, custody or control.

**DOCUMENTS TO BE PRODUCED**

Nihon Kohden has sold and marketed its products in Rhode Island during the last five years. Yet it has responded that it has no documents responsive to this request. These documents are plainly relevant to the question of general personal jurisdiction and should be produced.

**REQUEST NO. 3:**

All documents relating to any visits to Rhode Island for sales, promotion or service of Nihon Kohden products.

**RESPONSE TO REQUEST NO. 3:**

Nihon Kohden objects to this request on the ground that it is overly broad as to time and scope. Nihon Kohden further objects to this request as vague and ambiguous as to the term "visit." Moreover, the response contained herein is subject to the Order. Notwithstanding the foregoing objections and with a time frame of five years preceding the date of this response, Nihon Kohden responds as follows: The documents responsive to this request were provided to Astro-Med, Inc.'s counsel in connection with the deposition of Dominic Chillemi (Exhibit 4).

**DOCUMENTS TO BE PRODUCED**

Nihon Kohden should confirm that it has no documents in its possession, custody or control responsive to this request. Its sales representative Domenic Chillemi, testified at deposition that all of Nihon Kohden's marketing and sales material, as well as its purchase orders, acknowledgements and other contract documents were sent directly by Nihon Kohden into Rhode Island to Rhode Island customers. Accordingly, it is highly likely that Nihon Kohden has documents responsive to this request.

**REQUEST NO. 4:**

All mailings sent to any address in Rhode Island within the past five years.

**RESPONSE TO REQUEST NO. 4**

Nihon Kohden objects to this request on the ground that it is overly broad and unduly burdensome. Nihon Kohden further objects to this request because it is vague and ambiguous as to the term "mailing." Moreover, the response contained herein is subject to the Order. Notwithstanding the foregoing objections and interpreting "mailings" to be direct solicitation advertisements concerning Nihon Kohden's Medical Equipment, Nihon Kohden responds as follows: Nihon

Kohden does not have responsive documents within its possession, custody or control.

**DOCUMENTS TO BE PRODUCED**

Nihon Kohden improperly limited its response to "direct solicitation advertisements" concerning competitive medical equipment, and not all medical equipment sold by Nihon Kohden in Rhode Island. Nihon Kohden should produce all mailings it has sent to Rhode Island because it is evidence of Nihon Kohden's general contacts with the State of Rhode Island and is, therefore, relevant to the question of general personal jurisdiction.

**REQUEST NO. 6:**

All documents relating to any meetings, conferences, trade shows or conventions in Rhode Island attended by Nihon Kohden or any representative of Nihon Kohden.

**RESPONSE TO REQUEST NO. 6**.

Nihon Kohden objects to this request on the grounds that it is overly broad as to time and scope. Nihon Kohden further objects to this request as vague and ambiguous as to the subject matter of the meeting, conference, trade show or convention attended. Notwithstanding the foregoing objections, with a time frame of five years preceding the date of this response, and identifying those meets, etc. relating to Nihon Kohden's Medical Equipment, Nihon Kohden responds as follows: Nihon Kohden does not have any documents within its possession, custody or control.

**DOCUMENTS TO BE PRODUCED**

Nihon Kohden improperly limits its response to sales of "medical equipment" as Nihon Kohden narrowly defines that term in its response to the document request. Nihon Kohden should produce all documents responsive to this request relating to Nihon Kohden or its representatives, and not simply to "medical equipment."

**REQUEST NO. 7**

All price quotations made to any Rhode Island customers or prospective customers.

**RESPONSE TO REQUEST NO. 7**

Nihon Kohden objects to this request on the grounds that it is overly broad as to time, vague and ambiguous as to the terms "prospective customers" and "price quotations." Moreover, the response contained herein is subject to the Order. Notwithstanding the foregoing objections, with a time frame of five years preceding the date of this response, and identifying "prospective customers" as those businesses or individuals to whom a price quotation relating to Nihon Kohden's Medical Equipment has been sent, Nihon Kohden responds as follows: The documents responsive to this request that are in the possession, custody or control of Nihon Kohden were produced by Dominic Chillemi at his deposition as Exhibit 4.

**DOCUMENTS TO BE PRODUCED**

For the same reasons as set forth above regarding Document Request No. 6, Nihon Kohden is required to produce all price quotations for any Nihon Kohden product made to any Rhode Island customer or prospective customer, not simply quotations relating to "medical equipment" as Nihon Kohden narrowly defines that term in response to the document request.

**REQUEST NO. 9**

All documents concerning Kevin Plant's Employee Agreement with Astro-Med.

**RESPONSE TO REQUEST NO. 9**

Nihon Kohden objects to this request on the grounds that it is overly broad because it seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence, exceeds the scope of jurisdictional discovery, requests the production of documents that are protected by the attorney-client privilege and/or attorney work product doctrine, and violates the privacy rights of another party. Moreover, the response contained herein is subject to the Order.

**DOCUMENTS TO BE PRODUCED**

The requested documents relate directly to Astro-Med's claims both against Kevin Plant and Nihon Kohden in this litigation and should be produced.

**REQUEST NO. 10**

All documents related to the hiring of Kevin Plant, including, but not limited to, any documents regarding negotiations, employment agreements, sales territory, or any indemnification agreements.

**RESPONSE TO REQUEST NO. 10**

Nihon Kohden objects to this request on the grounds that it is overly broad because it seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence, exceeds the scope of jurisdictional discovery, requests the production of documents that are protected by the attorney-client privilege and/or attorney work product doctrine, and violates the privacy rights of another party.

**DOCUMENTS TO BE PRODUCED**

The requested documents relate directly to Astro-Med's claims both against Kevin Plant and Nihon Kohden and should be produced.

(c) Answers to Interrogatories

Astro-Med served its First Set of Interrogatories on Nihon Kohden on March 17, 2007. Nihon Kohden provided answers to those Interrogatories on April 20, 2007. (Astro-Med's First Set of Interrogatories are attached hereto as Exhibit 4). Nihon Kohden's submitted unsigned Answers to Astro-Med's First Set of Interrogatories on April 20, 2007 (Nihon Kohden's Answers to Astro-Med's First Set of Interrogatories are attached hereto as Exhibit 5). By letter dated April 25, 2007, Astro-Med outlined the deficiencies in the Answers to Interrogatories and requested that Nihon Kohden rectify those deficiencies and requested a Rule 37 conference. (April 25, 2007 letter is attached hereto as Exhibit 6). Despite oral promises to provide a substantive response to Astro-Med's letter of April 25, 2007, Nihon Kohden has failed to confer in good faith or to file any substantive response to the points raised by Astro-Med relating to the Interrogatories.

(d) Specific Interrogatories at Issue

The most obvious defect in the interrogatory answers provided by Nihon Kohden is that they are not signed under oath by Michael Ohsawa, who is purportedly the person providing the

answers, in direct violation of Fed.R.Civ.P. 33(b)(2). Thus, the interrogatory answers have not been properly served. Despite written requests on April 25, 2007, this defect has not been corrected.

**INTERROGATORY NO. 2:**

Identify all customers and prospective customers of Nihon Kohden equipment in Rhode Island.

**RESPONSE TO INTERROGATORY NO. 2**

Nihon Kohden objects to this interrogatory on the grounds that it is overly broad as to time, vague as to the term "prospective customers", and vague as to the term "Nihon Kohden equipment." Nihon Kohden further objects on the grounds that this interrogatory is overbroad as to time. Nihon Kohden also objects to this interrogatory on the grounds that it calls for speculation. Moreover, the response contained herein is subject to the Order. Notwithstanding the foregoing objections, subject to a time frame of five years preceding the date of this response, identifying "prospective customers" as those businesses or individuals to whom a price quotation has been sent, and defining "Nihon Kohden Equipment" as electroencephalograph (EEG), polysomnograph (PSG) and long-term monitoring for epilepsy (LTM) equipment ("Medical Equipment"), Nihon Kohden responds as follows: Office of Jeffery Wishik, M.D., Gus Stratton, M.D., Joseph Centofanti, M.d., Gerald Exil, M.D.

**ANSWER REQUIRED**

Nihon Kohden has improperly limited its answer to its narrow definition of "customers" and "Nihon Kohden Equipment." Nihon Kohden is required to answer as to all Nihon Kohden customers and all sales. This question is material to the general personal jurisdiction issues raised by Nihon Kohden's Motion to Dismiss for Lack of Personal Jurisdiction.

**INTERROGATORY NO. 3**

Identify all sales made to customers in Rhode Island within the past five years.

**RESPONSE TO INTERROGATORY NO. 3**

Nihon Kohden objects to this interrogatory on the grounds that it is overly broad. The response contained herein is subject to the Order. Notwithstanding the foregoing objections, Nihon Kohden responds as follows: Nihon Kohden sold Medical Equipment to: Joseph Centofanti, M.D., and Gerald Exil, M.D. over the

past five years. Copies of documents related to these sales were produced (and marked as Exhibit 4) at the deposition of Domenic Chillemi.

**ANSWER REQUIRED**

Nihon Kohden has improperly limited its response to its definition of "Medical Equipment" and has not responded as to all sales made to Rhode Island customers as requested by the interrogatory.

**INTERROGATORY NO. 4**

Identify all mailings sent to Rhode Island customers, prospective customers or potential customers within the past five years.

**RESPONSE TO INTERROGATORY NO. 4**

Nihon Kohden objects to this interrogatory on the grounds that is overly broad. Nihon Kohden further objects to this interrogatory as well as vague and ambiguous as to the terms "mailings," "prospective customers", and "potential customers." Nihon Kohden objects to this interrogatory on the grounds that it calls for speculation. Moreover, the response contained herein is subject to the Order. Notwithstanding the foregoing objections, and identifying "prospective customers" and "potential customers" as those businesses or individuals who have made inquiries about Nihon Kohden's Medical Equipment, Nihon Kohden responds as follows: Nihon Kohden lacks information sufficient to allow it to respond to this interrogatory.

**ANSWER REQUIRED**

As it has with prior answers, Nihon Kohden has improperly limited its answer to its definition of "Medical Equipment" and to customers as only those who have inquired about Nihon Kohden's Medical Equipment. It has not answered as to all mailings sent to Rhode Island customers, prospective customers or potential customers within the past five years. This answer is directly material to the general personal jurisdiction issues raised by Nihon Kohden's Motion to Dismiss for Lack of Personal Jurisdiction.

**INTERROGATORY NO. 5:**

Identify all visits made to Rhode Island for promotion, sale or service of Nihon Kohden equipment within the past five years.

**RESPONSE TO INTERROGATORY NO. 5**

Nihon Kohden objects to this interrogatory on the grounds that it is vague as to the term "Nihon Kohden equipment" and "visits." Nihon Kohden further objects to this interrogatory as overly broad to the extent that it may request information about "visits" made to Rhode Island unrelated Nihon Kohden's Medical Equipment. Moreover, the response contained herein is subject to the Order. Notwithstanding the foregoing objections, Nihon Kohden responds as follows: The information responsive to this interrogatory was provided in the deposition testimony of Dominic Chillemi, in which Mr. Chillemi stated that he has made approximately seven visits to Rhode Island relating to Nihon Kohden Medical Equipment during the last five years.

**ANSWER REQUIRED**

Nihon Kohden improperly limits the answer to its definition of "Medical Equipment" and not all of its sales. It should answer as to all visits to Rhode Island.

**INTERROGATORY NO. 6:**

Identify any and all employees, agents, contractors or any other person who sells or re-sells Nihon Kohden products in Rhode Island.

**RESPONSE TO INTERROGATORY NO. 6**

Nihon Kohden objects to this interrogatory on the grounds that it calls for speculation and is overly broad as to time and scope. Notwithstanding the foregoing objections and identifying those employees, agents, contractors or other persons who sell new or used Medical Equipment on behalf of Nihon Kohden in Rhode Island, Nihon Kohden responds as follows: Dominic Chillemi's company, Med-Tek Solutions, Inc., a New York corporation, is an entity independent of Nihon Kohden that contracts with Nihon Kohden to provide sales representation for Medical Equipment in the New England area.

**ANSWER REQUIRED**

This interrogatory requires Nihon Kohden to identify any and all employees, agents, contractors or any other persons who sell or resell Nihon Kohden products in Rhode Island. The interrogatory is not limited to "medical equipment" as defined by Nihon Kohden in the answers to interrogatories but relates to all Nihon Kohden equipment. Once more, this answer is relevant to the jurisdictional questions raised by Nihon Kohden's Motion to Dismiss.

**INTERROGATORY NO. 7**

Identify any and all communications with any customers or prospective customers of Nihon Kohden equipment in Rhode Island.

**RESPONSE TO INTERROGATORY NO. 7**

Nihon Kohden objects to this interrogatory on the grounds that it is vague, ambiguous and unintelligible as phrased. Nihon Kohden further objects to this interrogatory as overly broad as to time, as well as vague and ambiguous as to the term "prospective customers", and vague as to the term "Nihon Kohden equipment." Nihon Kohden objects to this interrogatory on the grounds that it calls for speculation. Moreover, the response contained herein is subject to the Order. Notwithstanding the foregoing objections, limiting the scope to a time frame of five years preceding the date of this response, and identifying "prospective customers" as those businesses or individuals to whom a price quotation has been sent Nihon Kohden responds as follows: The information responsive to this interrogatory was provided in the deposition testimony of Dominic Chillemi, which included mailing price quotations to the Office of Jeffrey Wishik, M.D., Gus Stratton, M.D., Joseph Cenofanti, M.D., and Gerald Exil, M.D., Mr. Chillemi making approximately seven visits to Rhode Island during the last five years, and Mr. Chillemi making some service calls to customers via the telephone.

**ANSWER REQUIRED**

This interrogatory requires Nihon Kohden to identify any and all communications with any customers or prospective customers of Nihon Kohden equipment in Rhode Island. Once again, it is not limited to "medical equipment" as Nihon Kohden narrowly defines that term in the response to interrogatories but requires that communications with regard to any Nihon Kohden equipment in Rhode Island be identified.

**INTERROGATORY NO. 9**

Identify any price quotations for Nihon Kohden equipment made to a Rhode Island customer or prospective customer within the past five years.

**RESPONSE TO INTERROGATORY NO. 9**

Nihon Kohden objects to this interrogatory on the grounds that it is vague as to the term "prospective customers", and vague as to the term "Nihon Kohden equipment." Nihon Kohden further objects to this interrogatory on the grounds

that it calls for speculation. Moreover, the response contained herein is subject to the Order. Notwithstanding the foregoing objections and identifying "prospective customers" as those businesses or individuals to whom a price quotation has been sent, Nihon Kohden responds as follows: Office of Jeffrey Wishik, M.D., Gus Stratton, M.D., Joseph Centofanti, M.D., and Gerald Exil, M.D. Nihon Kohden further responds that Mr. Chillemi produced quotations identified at his deposition as Exhibit 4.

**ANSWER REQUIRED**

As with Interrogatory No. 7, Nihon Kohden is required to identify all price quotations for Nihon Kohden equipment made to Rhode Island customers or prospective customers. It is not limited to "medical equipment" as Nihon Kohden narrowly defines that term in its answers to interrogatories.

**INTERROGATORY NO. 11**

Identify all communications with Kevin Plant concerning his Employee Agreement with Astro-Med, including the date of the communications, the location of the communications, the means of communications, and the individuals involved.

**RESPONSE TO INTERROGATORY NO. 11**

Nihon Kohden objects to this interrogatory on the grounds that it exceeds the scope of jurisdictional discovery and it not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing objections and responding as to those communications that took place when Nihon Kohden and/or Kevin Plant were located in Rhode Island, Nihon Kohden responds as follows: None.

**ANSWER REQUIRED**

This interrogatory requires Nihon Kohden to identify all communications with Plant concerning his employment agreement with Astro-Med. Plant breached his employment agreement by joining Nihon Kohden. Nihon Kohden tortiously interfered with that Employment Agreement and surreptitiously gained access to Astro-Med's trade secrets by meeting with Plant while he was employed at Astro-Med, reviewing his Employment Agreement and engaging in several discussions and communications with Plant. These relate directly to the issues in the litigation and should be provided. Nihon Kohden's attempt to limit the interrogatory to communications that took place when both Nihon Kohden and/or Kevin Plant were physically located in Rhode Island should be rejected.

**INTERROGATORY NO. 12**

Identify all communications concerning Kevin Plant's hiring by Nihon Kohden, including the date of the communications, the location of the communications, the means of communications, and the individuals involved.

**RESPONSE TO INTERROGATORY NO. 12**

Nihon Kohden objects to this interrogatory on the grounds that it is exceeds the scope of jurisdictional discovery, seeks information that is protected by the attorney-client privilege, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objections and responding as to those non-privileged communications that took place when Nihon Kohden and/or Kevin Plant were located in Rhode Island, Nihon Kohden responds as follows: None.

**ANSWER REQUIRED**

For the same reasons as set forth in the answer required to Interrogatory No. 11, Nihon Kohden's effort to limit its answers to communications that took place when Nihon Kohden and/or Plant were located in Rhode Island should be rejected. Communications between Defendants is directly relevant to this litigation and should be provided.

(e) Request for Fees and Costs

Pursuant to Fed.R.Civ.P. 37(a)(4)(A) Astro-Med requests that this Court require Nihon Kohden to pay Astro-Med's reasonable expenses incurred in making this motion, including attorney's fees, as Nihon Kohden's conduct necessitated the Motion. Astro-Med's counsel made a good faith effort to obtain disclosure of discovery without Court action to no avail. In addition, Astro-Med has noticed the deposition of Nihon Kohden to take place on May 17, 2007 in Santa Monica, California. Astro-Med properly sought the written discovery that is the subject of this motion well in advance of the deposition so as to obtain documents and other information sufficiently prior to deposition to allow an efficient examination. Nihon Kohden's failure to properly respond to discovery is likely to prejudice Astro-Med in its oral examination of Nihon

Kohden. Accordingly, Astro-Med requests that Nihon Kohden be required to reimburse Astro-Med for any additional oral discovery it is required to take of Nihon Kohden, require Nihon Kohden to attend any continued deposition in Rhode Island if a follow-up deposition is required due to the failure to properly respond to discovery and to otherwise reimburse Astro-Med for its costs and attorney's fees in making this motion.

**CONCLUSION**

For all the foregoing reasons Astro-Med's respectfully requests that its Motion to Compel Production of Document and Answers to Interrogatories be granted.

Respectfully submitted,

ASTRO-MED, INC.

/s/ Robert M. Duffy

Robert M. Duffy, Esq. (#4428)
Craig M. Scott, Esq. (# 4237)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile
rduffy@duffysweeney.com

Dated: May 9, 2007

The undersigned hereby certifies that he has in good faith conferred or attempted to confer with Nihon Kohden in an effort to secure the disclosures requested herein without Court action prior to the filing of this motion.

/s/ Robert M. Duffy
Robert M. Duffy, Esq. (#4428)

**CERTIFICATE OF SERVICE**

I hereby certify that the within ***Memorandum in Support of Motion to Compel Production of Documents and Answers to Interrogatories*** was filed through the ECF system on the 9th day of May, 2007, and will be sent electronically to the counsel named below who is a registered participant identified on the Notice of Electronic Filing:

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

and was served, via First Class Mail, to the counsel named below who is not a registered ECF participant:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

/s/ Robert M. Duffy,
Robert M. Duffy, Esq.