EXHIBIT 2

RECEIVED
APR 27 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ASTRO-MED, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN PLANT; NIHON KOHDEN AMERICA, INC.<br><br>Defendants. | C.A. No. 06-533-ML |

**DEFENDANT NIHON KOHDEN AMERICA, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF ASTRO-MED, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant Nihon Kohden answers and objects to plaintiff Astro-Med, Inc.'s First Request for Production of Documents as follows:

Nihon Kohden's responses are made without waiving or intending to waive any objections as to relevancy, privilege, or admissibility of any information provided in response to plaintiff's requests for production in any subsequent proceeding or at the trial of this or any other action, on any ground. A partial answer to any request that has been objected to, in whole or in part, is not intended to be a waiver of the objection.

**GENERAL OBJECTIONS**

GENERAL OBJECTION NO. 1: Defendant objects to the extensive, burdensome, and irrelevant "identification" requirements for documents in the manner specified by plaintiff in paragraph 11 of the "Instructions and Definitions" to the First Request for Production.

In lieu of that form of "identification," defendant has or will voluntarily disclose and produce relevant responsive documents that are free of the general or specific objections set forth in these responses and are not otherwise immune from discovery pursuant to the provisions of Rule 26(a)(1)(B) and (e) of the Federal Rules of Civil Procedure.

GENERAL OBJECTION NO. 2: Defendant objects to the production of documents within the attorney-client privilege or work-product immunity, but will provide an appropriate schedule of the information withheld on the basis of these privileges, to the extent the information is relevant.

GENERAL OBJECTION NO. 3: To the extent plaintiff requests documents that defendant considers to be confidential or proprietary, including trade secrets or other confidential research, development, or commercial information within the meaning of Rule 26(b)(5) and (c) of the Federal Rules of Civil Procedure, responses will be provided subject to the protective order entered in this above-captioned case on December 27, 2006 (the "Order").

GENERAL OBJECTION NO. 4: Defendant also objects to plaintiff's "Definitions" of terms contained in the its First Request For Production on the ground that they are ambiguous, unduly broad, burdensome, not relevant to the claim or defense of any party, and not reasonably calculated to lead to the discovery of admissible evidence.

GENERAL OBJECTION NO. 5: Defendant also objects to those requests that exceed the scope of jurisdictional discovery.

**RESPONSES TO DOCUMENT REQUESTS**

**REQUEST NO. 1:**

A list of customers and prospective customers in Rhode Island since 2002.

**RESPONSE TO REQUEST NO. 1**:

Nihon Kohden objects to this request on the grounds that it is vague as to the term "prospective customers" and overly broad. Nihon Kohden further objects to this request on the grounds that it calls for materials protected by the attorney-client privilege and/or attorney work product doctrine. Nihon Kohden also objects to this request as calling for speculation. Moreover, the response contained herein is subject to the Order. Notwithstanding the foregoing objections and identifying "prospective customers" as those businesses or individuals to whom a price quotation has been sent, Nihon Kohden responds as follows: Nihon Kohden does not have a "list of customers and prospective customers in Rhode Island" in its possession, custody or control.

**REQUEST NO. 2**:

Any and all documents relating to any marketing or sales of Nihon Kohden products in Rhode Island or to Rhode Island customers or prospective customers within the past five years.

**RESPONSE TO REQUEST NO. 2**:

Nihon Kohden objects to this request on the grounds that it is vague and ambiguous as to the terms "prospective customers" and "relating to." Nihon Kohden further objects to this request as overly broad. Nihon Kohden also objects to this request because it calls for speculation. Moreover, the response contained herein is subject to the Order. Notwithstanding the foregoing objections and identifying "prospective customers" as those businesses or individuals to whom a price quotation has been sent, Nihon Kohden responds as follows: Nihon Kohden does not have documents responsive to this request in its possession, custody or control.

**REQUEST NO. 3**:

All documents relating to any visits to Rhode Island for sales, promotion, or service of Nihon Kohden products.

**RESPONSE TO REQUEST NO. 3**:

Nihon Kohden objects to this request on the ground that it is overly broad as to time and scope. Nihon Kohden further objects to this request as vague and ambiguous as to the term "visit." Moreover, the response contained herein is subject to the Order. Notwithstanding the foregoing objections and with a time frame of five years preceding the date of this response, Nihon Kohden responds as follows: The documents responsive to this request were provided to Astro-Med, Inc.'s counsel in connection with the deposition of Dominic Chillemi (Exhibit 4).

**REQUEST NO. 4**:

All mailings sent to any address in Rhode Island within the past five years.

**RESPONSE TO REQUEST NO. 4**:

Nihon Kohden objects to this request on the ground that it is overly broad and unduly burdensome. Nihon Kohden further objects to this request because it is vague and ambiguous as to the term "mailing." Moreover, the response contained herein is subject to the Order. Notwithstanding the foregoing objections and interpreting "mailings" to be direct solicitation advertisements concerning Nihon Kohden's Medical Equipment, Nihon Kohden responds as follows: Nihon Kohden does not have responsive documents within its possession, custody or control.

**REQUEST NO. 5**:

All documents relating to any advertisements placed in any publication that is mailed to Rhode Island.

**RESPONSE TO REQUEST NO. 5**:

Nihon Kohden objects to this request on the grounds that it calls for speculation as to whether a publication is mailed to Rhode Island. Nihon Kohden further objects to this request as overly broad as to time and scope, as well as being unduly burdensome and oppressive. Notwithstanding the foregoing objections, Nihon Kohden responds that although it does not have knowledge as to whether a particular publication mailed its product to Rhode Island, Nihon Kohden did place advertisements in national publications regarding Nihon Kohden's Medical Equipment. The documents relating to Nihon Kohden's national advertisements are attached hereto. However, additional documents may be in the possession, custody, and control of those companies listed in Nihon Kohden's response to Astro-Med, Inc.'s Interrogatory No. 10.

**REQUEST NO. 6**:

All documents relating to any meetings, conferences, trade shows or conventions in Rhode Island attended by Nihon Kohden or any representative of Nihon Kohden.

**RESPONSE TO REQUEST NO. 6**:

Nihon Kohden objects to this request on the grounds that it is overly broad as to time and scope. Nihon Kohden further objects to this request as vague and ambiguous as to the subject matter of the meeting, conference, trade show or convention attended. Notwithstanding the foregoing objections, with a time frame of five years preceding the date of this response, and identifying those meetings, etc. relating to Nihon Kohden's Medical Equipment, Nihon Kohden responds as follows: Nihon Kohden does not have any documents within its possession, custody, or control.

**REQUEST NO. 7**:

All price quotations made to any Rhode Island customers or prospective customers.

**RESPONSE TO REQUEST NO. 7:**

Nihon Kohden objects to this request on the grounds that it is overly broad as to time, vague and ambiguous as to the terms "prospective customers" and "price quotations." Moreover, the response contained herein is subject to the Order. Notwithstanding the foregoing objections, with a time frame of five years preceding the date of this response, and identifying "prospective customers" as those businesses or individuals to whom a price quotation relating to Nihon Kohden's Medical Equipment has been sent, Nihon Kohden responds as follows: The documents responsive to this request that are in the possession, custody or control of Nihon Kohden were produced by Dominic Chillemi at his deposition as Exhibit 4.

**REQUEST NO. 8:**

All price quotations made to any Rhode Island customers or prospective customers.

**RESPONSE TO REQUEST NO. 8:**

Nihon Kohden objects to this request on the grounds that it is overly broad as to time and scope. Nihon Kohden further objects to this request because it calls for speculation. Nihon Kohden also objects on the grounds that this request is vague and ambiguous as to the term "prospective customer." Notwithstanding the foregoing objections, with a time frame of five years preceding the date of this response, and identifying those documents relating to advertisements for Nihon Kohden's Medical Equipment, Nihon Kohden responds as follows: The documents in Nihon Kohden's possession, custody or control are attached hereto. Additional documents may be in the possession, custody or control of those journals and trade magazines identified in Nihon Kohden's response to Plaintiff's First Set of Interrogatories, No. 10.

**REQUEST NO. 9:**

All documents concerning Kevin Plant's Employee Agreement with Astro-Med.

**RESPONSE TO REQUEST NO. 9:**

Nihon Kohden objects to this request on the grounds that it is overly broad because it seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence, exceeds the scope of jurisdictional discovery, requests the production of documents that are protected by the attorney-client privilege and/or attorney work product doctrine, and violates the privacy rights of another party. Moreover, the response contained herein is subject to the Order.

**REQUEST NO. 10:**

All document related to the hiring of Kevin Plant, including, but not limited to, any documents regarding negotiations, employment agreements, sales territory, or any indemnification agreements.

**RESPONSE TO REQUEST NO. 10:**

Nihon Kohden objects to this request on the grounds that it is overly because it seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence, exceeds the scope of jurisdictional discovery, requests the production of documents that are protected by the attorney-client privilege and/or attorney work product doctrine, and violates the privacy rights of another party.

Nihon Kohden America, Inc.
By Its Attorneys

DATED: April 20, 2007

E.P. Michael Karcis

Of Counsel:
E.P. Michael Karcis, Esq.
McLEAN & McLEAN LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405
(310) 450-9353
(310) 581-8006 FAX
michael@mcleanfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Defendant Nihon Kohden America, Inc.'s RESPONSES TO PLAINTIFF'S FIRST REQEUST FOR PRODUCTION OF DOCUMENTS was served via First Class Mail on the 20th day of April, 2007 to the following parties listed below:

| | |
|---|---|
| Robert M. Duffy, Esq.<br>rokeefe@duffysweeney.com<br><br>Craig M. Scott<br>cscott@duffysweeney.com | |

E.P. Michael Karcis, Esq.