EXHIBIT 5

RECEIVED

APR 27 2007

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ASTRO-MED, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN PLANT; NIHON KOHDEN AMERICA, INC.<br><br>Defendants. | C.A. No. 06-533-ML |

## DEFENDANT NIHON KOHDEN AMERICA, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF ASTRO-MED, INC.'S FIRST SET OF INTERROGAORIES

Defendant Nihon Kohden answers and objects to plaintiff Astro-Med, Inc.'s First Set of Interrogatories as follows:

Nihon Kohden's responses are made without waiving or intending to waive any objections as to relevancy, privilege, or admissibility of any information provided in response to plaintiff's interrogatories in any subsequent proceeding or at the trial of this or any other action, on any ground. A partial answer to any interrogatory that has been objected to, in whole or in part, is not intended to be a waiver of the objection.

## GENERAL OBJECTIONS

GENERAL OBJECTION NO. 1: Defendant objects to the extensive, burdensome, and irrelevant "identification" requirements for documents in the manner specified by plaintiff in paragraph (d) of the "Definitions" to the First Set of Interrogatories.

In lieu of that form of "identification," defendant has or will voluntarily disclose and produce relevant responsive documents that are free of the general or specific objections set forth in these responses and are not otherwise immune from discovery pursuant to the provisions of Rule 26(a)(1)(B) and (e) of the Federal Rules of Civil Procedure. In other words, defendant will produce any documents referred to below as "producible documents." These documents are being produced concurrently.

GENERAL OBJECTION NO. 2: In response to those interrogatories seeking information that is as readily ascertainable by plaintiff as by defendant through the inspection of documentary material, defendant may, to the extent this type of response is proper, produce documentary material, in the manner specified above.

GENERAL OBJECTION NO. 3: Defendant objects to the production of information within the attorney-client privilege or work-product immunity, but will provide an appropriate schedule of the information withheld on the basis of these privileges, to the extent the information is relevant.

GENERAL OBJECTION NO. 4: Defendant also objects to the interrogatories to the extent that they seek to discover information beyond the date of the Complaint, except to the extent that the Federal Rules of Civil Procedure provide for a duty to supplement or amend responses given, because discovery of a vast array of post-Complaint factual developments is not relevant to the claims or defenses of any party, and is burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

GENERAL OBJECTION NO. 5: To the extent plaintiff's interrogatories request information or documents that defendant considers to be confidential or proprietary, including trade secrets or other confidential research, development, or commercial

information within the meaning of Rule 26(b)(5) and (c) of the Federal Rules of Civil Procedure, responses will be provided subject to the protective order entered in this matter on December 27, 2006 (the "Order").

<u>GENERAL OBJECTION NO. 6</u>: Defendant also objects to plaintiff's "Definitions" of terms contained in the its First Set of Interrogatories on the ground that they are ambiguous, unduly broad, burdensome, not relevant to the claim or defense of any party, and not reasonably calculated to lead to the discovery of admissible evidence.

<u>GENERAL OBJECTION NO. 7</u>: Defendant also objects to those interrogatories that exceed the scope of jurisdictional discovery.

**<u>INTERROGATORIES</u>**

**<u>INTERROGATORY NO. 1</u>**

State the name, address and relationship to Nihon Kohden of each person who provided information to answer these interrogatories and identify the substance of the information provided.

**<u>RESPONSE TO INTERROGATORY NO. 1</u>**

Nihon Kohden America, Inc. ("Nihon Kohden") objects to this interrogatory on the grounds that it calls for information protected by the attorney-client privilege and/or attorney work product doctrine. Notwithstanding the foregoing objections, Nihon Kohden responds: Michael Ohsawa, Director of Operations for Nihon Kohden, and counsel, McLean & McLean, LLP.

**INTERROGATORY NO. 2**

Identify all customers and prospective customers of Nihon Kohden in Rhode Island.

**RESPONSE TO INTERROGATORY NO. 2**

Nihon Kohden objects to this interrogatory on the grounds that it is overly broad as to time, vague as to the term "prospective customers," and vague as to the term "Nihon Kohden equipment." Nihon Kohden further objects on the grounds that this interrogatory is overbroad as to time. Nihon Kohden also objects to this interrogatory on the grounds that it calls for speculation. Moreover, the response contained herein is subject to the Order. Notwithstanding the foregoing objections, subject to a time frame of five years preceding the date of this response, identifying "prospective customers" as those businesses or individuals to whom a price quotation has been sent, and defining "Nihon Kohden Equipment" as electroencephalograph (EEG), polysomnograph (PSG) and long-term monitoring for epilepsy (LTM) equipment ("Medical Equipment"), Nihon Kohden responds as follows: Office of Jeffery Wishik, M.D., Gus Stratton, M.D., Joseph Centofanti, M.D., Gerald Exil, M.D.

**INTERROGATORY NO. 3**

Identify all sales made to customers in Rhode Island within the past five years.

**RESPONSE TO INTERROGATORY NO. 3**

Nihon Kohden objects to this interrogatory on the grounds that it is overly broad. The response contained herein is subject to the Order. Notwithstanding the foregoing objections, Nihon Kohden responds as follows: Nihon Kohden sold Medical Equipment

to: Joseph Centofanti, M.D., and Gerald Exil, M.D. over the past five years. Copies of documents related to these sales were produce (and marked as Exhibit 4) at the deposition of Dominic Chillemi.

**INTERROGATORY NO. 4**

Identify all mailing sent to Rhode Island customers, prospective customers or potential customers within the past five years.

**RESPONSE TO INTERROGATORY NO. 4**

Nihon Kohden objects to this interrogatory on the grounds that it is overly broad. Nihon Kohden further objects to this interrogatory as well as vague and ambiguous as to the terms "mailings," "prospective customers," and "potential customers." Nihon Kohden objects to this interrogatory on the grounds that it calls for speculation. Moreover, the response contained herein is subject to the Order. Notwithstanding the foregoing objections, and identifying "prospective customers" and "potential customers" as those businesses or individuals who have made inquiries about Nihon Kohden's Medical Equipment, Nihon Kohden responds as follows: Nihon Kohden lacks information sufficient to allow it to respond to this interrogatory.

**INTERROGATORY NO. 5**

Identify all visits made to Rhode Island for promotion, sale or service of Nihon Kohden equipment within the past five years.

**RESPONSE TO INTERROGATORY NO. 5**

Nihon Kohden objects to this interrogatory on the grounds that it is vague as to the term "Nihon Kohden equipment" and "visits." Nihon Kohden further objects to this interrogatory as overly broad to the extent that it may request information about "visits" made to Rhode Island unrelated Nihon Kohden's Medical Equipment. Moreover, the response contained herein is subject to the Order. Notwithstanding the foregoing objections, Nihon Kohden responds as follows: The information responsive to this interrogatory was provided in the deposition testimony of Dominic Chillemi, in which Mr. Chillemi stated that he has made approximately seven visits to Rhode Island relating to Nihon Kohden Medical Equipment during the last five years.

**INTERROGATORY NO. 6**

Identify any and all employees, agents, contractors or any other person who sells or resells Nihon Kohden products in Rhode Island.

**RESPONSE TO INTERROGATORY NO. 6**

Nihon Kohden objects to this interrogatory on the grounds that it calls for speculation and is overly broad as to time and scope. Notwithstanding the foregoing objections and identifying those employees, agents, contractors or other persons who sell new or used Medical Equipment on behalf of Nihon Kohden in Rhode Island, Nihon Kohden responds as follows: Dominic Chillemi's company, Med-Tek Solutions, Inc., a New York corporation, is an entity independent of Nihon Kohden that contracts with Nihon Kohden to provide sales representation for Medical Equipment in the New England area.

**INTERROGATORY NO. 7**

Identify any and all communications with any customers or prospective customers of Nihon Kohden equipment in Rhode Island.

**RESPONSE TO INTERROGATORY NO. 7**

Nihon Kohden objects to this interrogatory on the grounds that it is vague, ambiguous, and unintelligible as phrased. Nihon Kohden further objects to this interrogatory as overly broad as to time, as well as vague and ambiguous as to the term "prospective customers," and vague as to the term "Nihon Kohden equipment." Nihon Kohden objects to this interrogatory on the grounds that it calls for speculation. Moreover, the response contained herein is subject to the Order. Notwithstanding the foregoing objections, limiting the scope to a time frame of five years preceding the date of this response, and identifying "prospective customers" as those businesses or individuals to whom a price quotation has been sent Nihon Kohden responds as follows: The information responsive to this interrogatory was provided in the deposition testimony of Dominic Chillemi, which included mailing price quotations to the Office of Jeffery Wishik, M.D., Gus Stratton, M.D., Joseph Centofanti, M.D., and Gerald Exil, M.D., Mr. Chillemi making approximately seven visits to Rhode Island during the last five years, and Mr. Chellimi making some service calls to customers via the telephone.

**INTERROGATORY NO. 8**

Identify all meetings, conventions, trade shows or conferences in Rhode Island attended by Nihon Kohden.

**RESPONSE TO INTERROGATORY NO. 8**

Nihon Kohden objects to this interrogatory on the grounds that it is overly broad as to time and vague as to the subject of the meeting, attended. Moreover, the response contained herein is subject to the Order. Without waiving the objections and limiting this response to a time frame of five years preceding the date of this response, Nihon Kohden responds as follows: It is Nihon Kohden's understanding that Mr. Chillemi attended the New England Sleep Society Trade Show in Rhode Island.

**INTERROGATORY NO. 9**

Identify any price quotations for Nihon Kohden equipment made to a Rhode Island customer or prospective customer with the past five years.

**RESPONSE TO INTERROGATORY NO. 9**

Nihon Kohden objects to this interrogatory on the grounds that it is vague as to the term "prospective customers," and vague as to the term "Nihon Kohden equipment." Nihon Kohden further objects to this interrogatory on the grounds that it calls for speculation. Moreover, the response contained herein is subject to the Order. Notwithstanding the foregoing objections and identifying "prospective customers" as those businesses or individuals to whom a price quotation has been sent, Nihon Kohden responds as follows: Office of Jeffery Wishik, M.D., Gus Stratton, M.D., Joseph Centofanti, M.D., and Gerald Exil, M.D. Nihon Kohden further responds that Mr. Chillemi produced the price quotations identified at his deposition as Exhibit 4.

**INTERROGATORY NO. 10**

Identify any journals or trade magazines in which Nihon Kohden advertises.

**RESPONSE TO INTERROGATORY NO. 10**

Nihon Kohden objects to this interrogatory on the grounds that it is overly broad as to time and scope. Nihon Kohden further objects to this interrogatory on the grounds that it is vague and ambiguous as to the term "journal" and "trade magazine." Moreover, the response contained herein is subject to the Order. Without waiving the objections, with a time frame of five years preceding the date of this response, and identifying those journals or trade magazines in which Nihon Kohden advertises its Medical Equipment, Nihon Kohden responds as follows: Sleep Review, RT Magazine, Focus Magazine, Advance for Managers of Resp. Care, advanceforsleep.com banner ad, Advance (PSG Buyers Guide), Sleep Diagnosis & Therapy, AARC 2006 Congress Exhibitor Guide, and Focus on Respiratory Care.

**INTERROGATORY NO. 11**

Identify all communications with Kevin Plant concerning his Employee Agreement with Astro-Med, including the date of the communications, the location of the communications, the means of communications, and the individuals involved.

**RESPONSE TO INTERROGATORY NO. 11**

Nihon Kohden objects to this interrogatory on the grounds that it exceeds the scope of jurisdictional discovery and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing objections and responding as to

those communications that took place when Nihon Kohden and/or Kevin Plant were located in Rhode Island, Nihon Kohden responds as follows: None.

**INTERROGATORY NO. 12**

Identify all communications concerning Kevin Plant's hiring by Nihon Kohden, including the date of the communications, the location of the communications, the means of communications, and the individuals involved.

**RESPONSE TO INTERROGATORY NO. 12**

Nihon Kohden objects to this interrogatory on the grounds that it is exceeds the scope of jurisdictional discovery, seeks information that is protected by the attorney-client privilege, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objections and responding as to those non-privileged communications that took place when Nihon Kohden and/or Kevin Plant were located in Rhode Island, Nihon Kohden responds as follows: None.

Nihon Kohden America, Inc.
By Its Attorneys

DATED: April 20, 2007

E.P. M[signature]

Of Counsel:
E.P. Michael Karcis, Esq.
McLEAN & McLEAN LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405
(310) 450-9353
(310) 581-8006 FAX
michael@mcleanfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Defendant Nihon Kohden America, Inc.'s RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES was served via First Class Mail on the 20th day of April, 2007 to the following parties listed below:

| | |
|---|---|
| Robert M. Duffy, Esq.<br>rokeefe@duffysweeney.com<br><br>Craig M. Scott<br>cscott@duffysweeney.com | |

E.P. Michael Karcis, Esq.