EXHIBIT 6

DU..Y SWEENEY & SCOT., .TD
BUSINESS LAW & LITIGATION

*Robert M. Duffy, Esq.*
*rduffye@duffysweeney.com*

April 25, 2007

***Via Facsimile and First Class Mail***

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

Re: Astro-Med, Inc. v. Kevin Plant and Nihon Kohden America - C.A. No. 06-533-ML

Dear Attorney Karcis:

This letter is sent pursuant to Fed.R.Civ.P. 37(a)(2)(A) and Fed.R.Civ.P. 26. Please consider this letter a good faith effort to confer in connection with Nihon Kohden's deficient interrogatory answers.

The most obvious defect in the interrogatory responses provided by Nihon Kohden is that they are not signed under oath by Michael Ohsawa, who is purportedly the person providing the answers, in violation of Fed.R.Civ.P. 33(b)(2). Thus, the interrogatories have not yet been properly served. Please correct this defect.

Please provide complete answers to the following interrogatories:

> Interrogatory No. 4 -- Identify all mailings sent to Rhode Island customers, prospective customers or potential customers by Nihon Kohden within the past five years. No answer as yet has been given to this interrogatory.
>
> Interrogatory No. 5 – This interrogatory requires that Nihon Kohden identify all visits to Rhode Island for promotion, sale or service of Nihon Kohden equipment within the past five years. It is not limited to Nihon Kohden "medical equipment" as you define it in the answers to interrogatories. This is a jurisdiction interrogatory and it is intended to determine Nihon Kohden's contacts with the State of Rhode Island generally, and is not limited to Nihon Kohden's contacts with Rhode Island with regard to the sleep equipment at issue in the litigation.
>
> Interrogatory No. 6 – This interrogatory requires Nihon Kohden to identify any and all employees, agents, contractors or any other persons who sell or resell Nihon Kohden products in Rhode Island. The interrogatory is not limited to

"medical equipment" as you defined it in the answers to interrogatories but relates to all Nihon Kohden equipment. Please complete the answer to this interrogatory.

Interrogatory No. 7 – This interrogatory requires Nihon Kohden to identify any and all communications with any customers or prospective customers of Nihon Kohden equipment in Rhode Island. Once again, it is not limited to "medical equipment" as you define that term in the response to interrogatories but requires that communications with regard to any Nihon Kohden equipment in Rhode Island be identified. Please complete this answer.

Interrogatory No. 8 – Please confirm that no other conferences were attended by Nihon Kohden with regard to any other Nihon Kohden equipment during the stated timeframe.

Interrogatory No. 9 – Once again, please provide the information for price quotations for any Nihon Kohden equipment made to a Rhode Island customer or prospective customer within the past five years, not simply an answer as to "medical equipment" as you define that term in the responses to interrogatories.

Interrogatory No. 11 – This interrogatory requires Nihon Kohden to identify all communications with Plant concerning his employee agreement with Astro-Med. No communications were identified in response to this interrogatory. Please provide a response. "Communications that took place when Nihon Kohden and/or Kevin Plant were located in Rhode Island" is neither in the question nor definitions. Accordingly, your answer limiting identified communications that physically took place in Rhode Island is non-responsive.

Interrogatory No. 12 – Nihon Kohden is required to identify all communications concerning Plant's hiring by Nihon Kohden. Once again, Nihon Kohden has failed to answer this interrogatory.

I look forward to receiving appropriate answers to interrogatories on or before May 1, 2007 or you leave us no choice but to seek Court intervention.

Very truly yours,

Robert M. Duffy

RMD/jmc

cc: Bruce W. Gladstone, Esq. (via facsimile and U.S. Mail)