# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,

Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.

Defendants.

**DEFENDANTS KEVIN PLANT'S AND NIHON KOHDEN AMERICA, INC.'S OBJECTION TO PLAINTIFF'S MOTION TO EXTEND TIME TO RESPOND TO DEFENDANT NIHON KOHDEN AMERICA, INC.'S MOTION TO DISMISS**

Defendants Kevin Plant and Nihon Kohden America, Inc. ("Nihon Kohden") will and hereby do object to Plaintiff's motion to extend time to respond to Nihon Kohden's motion to dismiss.

This objection is based on the Memorandum of Law attached hereto, and upon the papers, records and pleadings filed herein, as well as any evidence or argument that may be presented at the hearing on this motion.

KEVIN PLANT
By His Attorneys

/s/ Bruce W. Gladstone
Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
(401) 331-5700
FAX (401) 331-5787

/s/ E.P. Michael Karcis
E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
(310) 450-9353
FAX (310) 581-8006

Dated: May 14, 2007

CERTIFICATION

The undersigned hereby certifies that on the 14th day of May, 2007, a copy of the foregoing was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

Robert M. Duffy, Esq.
rduffy@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Craig M. Scott, Esq.
cscott@duffysweeney.com
Duffy, Sweeney & Scott, Ltd.
One Turks Head Building, Suite 1200
Providence, RI 02903

/s/ Bruce W. Gladstone

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ASTRO-MED, INC.,

Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.

Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTION TO PLAINTIFF'S MOTION TO EXTEND TIME TO RESPOND TO DEFENDANT NIHON KOHDEN AMERICA, INC.'S MOTION TO DISMISS**

Defendants Kevin Plant and Nihon Kohden America, Inc. ("Nihon Kohden"), by and through their counsel, hereby submit the following memorandum in support of their objection to the motion of Plaintiff's motion to extend time to respond to Nihon Kohden's motion to dismiss.

## I. INTRODUCTION

On February 19, 2007, Defendant Nihon Kohden filed its motion requesting that this Court dismiss Astro-Med's claims based on lack of personal jurisdiction.[1] In response, Astro-Med has filed two motions to extend the time in which to respond to the motion to dismiss. In its second motion, Astro-Med again has not offered persuasive evidence or allegations to infer that Nihon Kohden is subject to this Court's jurisdiction. Instead, in its second motion to extend time, Astro-Med: (i) relies on its mischaracterization of discovery issues; (ii) fails to set forth the fact that its discovery requests were subject to valid and timely objections; and (iii) fails to admit that Astro-Med's counsel unilaterally canceled Nihon Kohden's April 25, 2007 deposition, even though Nihon Kohden agreed to allow the deposition to proceed, despite Astro-Med's improper notice.

[1] Nihon Kohden's motion to dismiss is alternatively based on improper venue and requests that the action be transferred to either the United States District Court for the Central District of California or to the United States District Court for the Middle District of Florida.

## II. SUMMARY OF FACTS

### A. Astro-Med Has Already Had Sufficient Time To Conduct Its Jurisdictional Discovery

When its opposition to Nihon Kohden's motion to dismiss was due on May 9, 2007, Astro-Med already had over 90 days to conduct jurisdictional discovery. Astro-Med originally took a shotgun approach to jurisdictional discovery – serving deposition subpoenas on various nationally published journals regarding Nihon Kohden advertisements and providing less than the required notice for depositions of those journal publishers. This discovery, including the deposition of Nihon Kohden's sole sales representative for most of New England (Domenic Chillemi), indicated that Nihon Kohden lacks sufficient contacts with Rhode Island to create jurisdiction. In fact, Mr. Chillemi, who produced documents regarding his Nihon Kohden sales activities in Rhode Island, testified that Nihon Kohden did not have any additional documents on that topic.[2] Notwithstanding these facts, Astro-Med has altered its course of action to now seek further delay to resolving Nihon Kohden's motion to dismiss under the guise of a purported need for additional jurisdictional discovery.

Astro-Med's jurisdictional discovery in this action has already included: (i) the deposition of Domenic Chillemi (Nihon Kohden's sole sales representative for Rhode Island, who is based in New York); (ii) deposition subpoena to "Sleep Review" (a sleep journal based in California); (iii) deposition subpoena to "Sleep Diagnostics and Therapy" (a sleep journal based in California); (iv) deposition subpoena to "American Society of Electroneurodiagnostic Technologists" (a sleep journal based in Kansas); and (v) deposition subpoena to Ascend Media Holdings, LLC (a holding company of sleep journals that is based in Kansas). In response to Astro-Med's repeated service of the foregoing discovery without notice to Nihon Kohden and/or without sufficient notice to attend the depositions, Nihon Kohden filed its April 2 motion for protective order.

[2] See Deposition of Domenic Chillemi, p. 12, line 22 to p. 13, line 7 (Exhibit E).

Before the April 16 hearing on Nihon Kohden's motion for protective order, Astro-Med served a notice of Nihon Kohden's deposition and written discovery. While Nihon Kohden did not seek a protective order regarding these discovery documents,[3] Astro-Med asserts that Nihon Kohden's objections (such as a request for documents being vague) should have been raised at the April 16 hearing. However, Nihon Kohden did not desire to seek a protective order regarding the Nihon Kohden deposition or the written discovery.[4] Instead, at that time, Nihon Kohden intended to assert and did assert the valid objections it had to that discovery, especially the notice of deposition (Exhibit A).

**B. Objectionable discovery directed at Nihon Kohden**

Astro-Med's notice for the deposition of Nihon Kohden (Exhibit A) merely stated Astro-Med's intent to take the deposition of Nihon Kohden on April 25, but failed to comply with Federal Rule of Civil Procedure 30(b)(6). Specifically, the deposition notice did not: (i) describe with reasonable particularity the matters on which examination is requested; or (ii) designate one or more individuals to testify on Nihon Kohden's behalf and, for each person designated, the matters on which the person will be asked to testify.[5] Nihon Kohden timely asserted its objections, but still made good faith attempts to resolve the discovery dispute. See letters to Astro-Med's counsel dated April 20 and 24, 2007 (Exhibits B and C, respectively). Despite the patent defects in the deposition notice, Nihon Kohden even offered to allow the deposition to go forward as noticed (Exhibit B). However, Astro-Med's counsel unilaterally and without notice

[3] Nihon Kohden's motion for protective order requested an order requiring plantiff Astro-Med to provide all parties, and any and all third parties, with reasonable notice of ten (10) business days, and (2) providing an enlargement of time for nonparties to respond to Astro-Med's subpoenas issued in this action.

[4] At the April 16 hearing, the Court inquired whether there were any additional matters that required a protective order. Because there was no need for a protective order regarding the noticed deposition of Nihon Kohden, the matter was not addressed.

[5] Nihon Kohden also objected to the deposition notice because it failed: (i) to notice the deposition in the county where the deponent resides, Orange County, California, or the division in which the deponent resides, Southern Division - Santa Ana Federal Courthouse, United States District Court for the Central District of California and (ii) to notice the deposition at the corporate deponent's principal place of business, pursuant to Moore v. Pyrotech Corp., 137 FRD 356, 357 (D. Kan. 1991) (holding that depositions taken pursuant to Fed. R. Civ. Proc. 30(b)(6) must be taken at the corporation's principal place of business unless the interests of justice require otherwise).

cancelled the Nihon Kohden deposition (Exhibit C). Nihon Kohden continued its efforts to resolve this matter, but was unwilling to acquiesce to Astro-Med's "take-it-or-leave-it ultimatum" that Nihon Kohden agree to grant Astro-Med another extension of time to respond to Nihon Kohden's motion to dismiss. See letter to Astro-Med's counsel dated May 3, 2007 (Exhibit D).

## III. PLAINTIFF IS NOT ENTITLED TO FURTHER TIME TO CONDUCT JURISDICTIONAL DISCOVERY

The entitlement to jurisdictional discovery is not absolute.[6] In order to conduct jurisdictional discovery, a plaintiff must present a "colorable claim" for personal jurisdiction.[7] A Plaintiff must also be diligent in preserving its rights to jurisdictional discovery, including the obligation to present facts to the court that show why jurisdiction would be found if discovery were permitted.[8] Moreover, even when a plaintiff has been diligent and has made a colorable claim for personal jurisdiction, a district court has broad discretion to determine whether jurisdictional discovery is required.

Here, as in U.S. v. Swiss Bank, Plaintiff has offered only scant evidence in support of its conclusion that Nihon Kohden has sufficient minimum contacts with Rhode Island to warrant the exercise of personal jurisdiction.[9] In fact, as Astro-Med has learned after over 90 days of jurisdictional discovery, Nihon Kohden's only contacts with Rhode Island include nationwide advertising, employing a sales representative to solicit orders from Rhode Island businesses, and consummating only two sales in Rhode Island in the past five years.[10]

[6] U.S. v. Swiss American Bank, LTD., 274 F. 3d 610, 625 (1st Cir. 2001) (denying jurisdictional discovery where the plaintiff failed to present facts to the court showing why jurisdiction would be found if discovery were permitted).
[7] *Id*. at 626.
[8] *Id*.
[9] *See* Swiss Am. Bank, 274 F. 3d at 625.
[10] See Deposition of Domenic Chillemi, p. 14, lines 2-4; p. 34, line 6 to p. 36, line 7 (Exhibit E). Mr. Chillemi is an independent contractor who acts as Nihon Kohden's sales representative in New England, including for the State of Rhode Island.

### A. Plaintiff Failed To Make A "Colorable Claim" For Specific Jurisdiction

Jurisdictional discovery is properly denied where a plaintiff cannot establish a "colorable claim" for a court to exercise specific jurisdiction over a defendant. In U.S. v. Swiss Bank, the First Circuit Court of Appeals affirmed the District Court's denial of the plaintiff's request for jurisdictional discovery because the plaintiff failed to allege sufficient facts for a finding of specific jurisdiction under the tripartite analysis:

> A court may assert specific jurisdiction over an out-of-state defendant "where the cause of action arises directly out of, or relates to, the defendant's forum-based contacts." [Citation.] To determine whether plaintiff has alleged facts sufficient to support a finding of specific personal jurisdiction, "this circuit divides the constitutional analysis into three categories: relatedness, purposeful availment, and reasonableness." [Citation.][11]

The proponent is required to support every prong of the test for the court to make a finding of specific jurisdiction.[12]

Plaintiff has not exercised diligence in meeting its obligation to present facts to this Court supporting its argument that specific jurisdiction would be found if Plaintiff were permitted to conduct discovery. In fact, the discovery Astro-Med has conducted during the last 90 days has established that there is not a "colorable claim" of specific jurisdiction over Nihon Kohden. Moreover, nowhere in its Motion or its First Amended Complaint did Plaintiff argue that either of its causes of action against Nihon Kohden (for interference with contract or misappropriation of trade secrets) arose directly out of any forum-based activities.[13] Just the opposite, the only facts Plaintiff has presented to this Court relate solely to *general* jurisdiction issues.

### B. Plaintiff Has Not Made A Colorable Claim Of General Jurisdiction Sufficient To Warrant Jurisdictional Discovery

The standard for general jurisdiction is considerably more stringent and requires that a defendant's contacts with the forum state be much more extensive than the "minimum contacts"

[11] Negron-Torres v. Verizon Communications, Inc., 2007 U.S. App. LEXIS 2942, 10-11 (1st Cir. 2007).
[12] *Id*.
[13] Astro-Med's First Amended Complaint ¶ 5.

necessary to establish specific jurisdiction.[14] A plaintiff must show that the non-resident defendant's relationship to the forum state is both "continuous and systematic."[15] "When …defendant's only activities consist of advertising and employing salesmen to solicit orders, we think that fairness will not permit a state to assume jurisdiction. [Citation.]"[16] Moreover, when a defendant's forum-related activities are limited to the distribution of a negligible quantity of products and the sale of an undetermined number of its merchandise, that defendant should not be subject to general jurisdiction.[17]

Astro-Med only alleges that Nihon Kohden (i) has a "sales agent" whose territory includes Rhode Island, (ii) has sold undetermined amount of merchandise, and (iii) sent mailings to Rhode Island. Such allegations are insufficient to establish general jurisdiction. In fact, Nihon Kohden's "sales agent" is an independent contractor who works for other medical supply companies.[18] Moreover, Nihon Kohden has no employees, offices, bank accounts, or other contacts within Rhode Island that amount to sufficient "minimum contacts," so as to comply with "traditional notions of fair play and substantial justice."[19]

## IV. CONCLUSION

Nihon Kohden is a California company which, at the time of hiring Mr. Plant, had no reasonable expectation that it might be subject to litigation in Rhode Island. As discovery in this action has established, Nihon Kohden does not specifically direct its marketing or advertising to Rhode Island citizens or businesses, and does not maintain a presence within the State. Moreover, Plaintiff bases its claims against Nihon Kohden on events that allegedly occurred, or allegedly will occur -- in Florida or California -- outside of Rhode Island. Accordingly, Nihon Kohden's contacts with Rhode Island are so infrequent, uncommon, and limited that the

---

[14] Glater v. Eli Lilly & Co., 744 F. 2d 213, 216 (1st Cir. 1984).
[15] Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).
[16] Seymour v. Parke, Davis & Co., 423 F.2d 584, 588 (1st Cir. 1970).
[17] PMH Research, LLC v. Life Extension Foundation, 2004 U.S. Dist. LEXIS 26775, *17 (D.N.H. 2004) (dismissal of plaintiff-company's trade secret case based on lack of personal jurisdiction).
[18] See Deposition of Domenic Chillemi, p. 14, lines 2-4; p. 35, lines 8-12 (Exhibit E).
[19] *See* International Shoe, *supra*, 326 U.S. 310 (1945).

maintenance of this suit in this forum offends traditional notions of fair play and substantial justice and Plaintiff has yet to present facts to the Court that show why jurisdiction would be found if discovery were permitted

Based on the allegations set forth in Plaintiff's First Amended Complaint and its second motion to extend time to respond to Nihon Kohden's motion to dismiss are just that – allegations. Furthermore, the over 90 days of jurisdictional discovery has established that Nihon Kohden's contacts with Rhode Island are infrequent and insignificant. Astro-Med offers no "colorable claim" that, if the Court allowed further jurisdictional discovery, it could meet its burden of establishing Rhode Island's general or specific jurisdiction over Nihon Kohden. This Court should not countenance Astro-Med's attempt to obtain more time to fish for information supporting Rhode Island's general or specific jurisdiction over Nihon Kohden or manipulate the discovery process to create excuses for additional delay. Therefore, Defendants respectfully request that this Court deny Plaintiff's motion to extend time to respond to Nihon Kohden's motion to dismiss.

KEVIN PLANT
By His Attorneys

/s/ Bruce W. Gladstone

Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
(401) 331-5700
FAX (401) 331-5787

/s/ E.P. Michael Karcis

E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
(310) 450-9353
FAX (310) 581-8006

Dated: May 14, 2007