**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ASTRO-MED, INC.,

Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.

Defendants.

**DEFENDANT NIHON KOHDEN AMERICA, INC.'S OBJECTION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES**

Defendant Nihon Kohden America, Inc. ("Nihon Kohden") will and hereby does object to Plaintiff's motion to compel production of documents and answers to interrogatories.

This objection is based on the Memorandum of Law attached hereto, and upon the papers, records and pleadings filed herein, as well as any evidence or argument that may be presented at the hearing on this motion.

KEVIN PLANT
By His Attorneys,

/s/ Bruce W. Gladstone

Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
(401) 331-5700
FAX (401) 331-5787

/s/ E.P. Michael Karcis

E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
(310) 450-9353
FAX (310) 581-8006

Date: May 29, 2007

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 29th day of May, 2007, a copy of the foregoing was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

Robert M. Duffy, Esq.
rduffy@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Craig M. Scott, Esq.
cscott@duffysweeney.com
Duffy, Sweeney & Scott, Ltd.
One Turks Head Building, Suite 1200
Providence, RI 02903

/s/ Bruce W. Gladstone

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ASTRO-MED, INC.,

Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.

Defendants.

**DEFENDANT NIHON KOHDEN AMERICA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES**

Defendant Nihon Kohden America, Inc. ("Nihon Kohden"), by and through its counsel, hereby submits the following memorandum in support of its objection to Plaintiff's motion to compel production of documents and answers to interrogatories.

## I. INTRODUCTION

Plaintiff Astro-Med, Inc. ("Astro-Med") had more than three months to conduct jurisdictional discovery before filing its opposition to Nihon Kohden's motion to dismiss on May 24, 2007. During these three months, Plaintiff's approach to discovery has been curious, at best. Plaintiff set over ten depositions, but took only one, and refused to "meet and confer" with Nihon Kohden's counsel in good faith regarding that discovery, which resulted in Nihon Kohden's motion for a protective order. This motion is just one indication of Plaintiff's obstinate approach this case.

### A. Factual Background

On February 19, 2007, Nihon Kohden filed its motion requesting that this Court dismiss Plaintiff's claims against it because of a lack of personal jurisdiction.[1] Thereafter, this Court has

[1] Nihon Kohden's motion to dismiss is alternatively based on improper venue and requests that the action be transferred to either the United States District Court for the Central District of California or to the United States District Court for the Middle District of Florida.

allowed Plaintiff to conduct jurisdictional discovery and twice extended the time by which Plaintiff's opposition to Nihon Kohden's motion to dismiss was due.[2] Instead of serving written jurisdictional discovery at the outset, Plaintiff took a shotgun approach to jurisdictional discovery – serving deposition subpoenas on various nationally published journals regarding Nihon Kohden advertisements and providing less than the required notice for depositions of those journal publishers. This discovery, including the deposition of Nihon Kohden's sole sales representative for most of New England (Domenic Chillemi), indicated that Nihon Kohden lacks sufficient contacts with Rhode Island to create jurisdiction. In fact, Mr. Chillemi, who produced documents regarding his Nihon Kohden sales activities in Rhode Island,[3] testified that Nihon Kohden did not have any additional documents on that topic.[4] Notwithstanding these facts, Plaintiff has altered its course of action to now seek further delay to resolving Nihon Kohden's motion to dismiss under the guise of a discovery dispute.

Plaintiff served a request for production of documents and interrogatories on March 19, 2007.[5] Nihon Kohden timely served written responses and documents on April 20, 2007.[6] Nihon Kohden's responses, as qualified by its objections, fully respond to Plaintiff's discovery.

After Nihon Kohden served its responses, Plaintiff's counsel, Attorney Robert M. Duffy, created a maelstrom of concocted controversy. Attorney Duffy unilaterally canceled the deposition of Nihon Kohden's representative.[7] Then, Attorney Duffy claimed that Nihon Kohden's responses to the discovery were somehow inadequate, but refused to engage in any meaningful discussion about Nihon Kohden's responses. Finally, Plaintiff's counsel again canceled the deposition of Nihon Kohden's representative and two of Nihon Kohden's employees.[8]

Nihon Kohden responded to all of Plaintiff's machinations. As for the subject of this opposition (*i.e.*, Plaintiff's request for production of documents and interrogatories), Nihon

---

[2] This Court granted Plaintiff's motions to extend the time in which to file its opposition to Nihon Kohden's motion to dismiss to May 9 and, then, to May 24.
[3] The only documents available regarding sales and attempted sales of Nihon Kohden medical equipment (as defined below) in Rhode Island.
[4] See Deposition of Domenic Chillemi, p. 12, line 22 to p. 13, line 7 (Exhibit A).
[5] Plaintiff's discovery was served by mail on March 19, 2007. See Plaintiff's counsel's letter dated March 19, 2007 (Exhibit B).
[6] The parties agreed that Nihon Kohden would serve its responses on April 20.
[7] See, *e.g.*, Nihon Kohden's counsel's letter dated April 27, 2007 (attached hereto as Exhibit C).
[8] See Plaintiff's counsel's letter dated May 14, 2007 (attached hereto as Exhibit D).

Kohden repeatedly attempted to resolve Plaintiff's counsel's concerns,[9] but ran into a brick wall of cooperation – it was (as has been the case throughout this litigation) Plaintiff's counsel's way or no way.

**B. Discovery Dispute – Document Request**

In Request Nos. 2 through 8, Plaintiff's counsel objects to Nihon Kohden's definition of "Nihon Kohden products" and "Nihon Kohden equipment" as being that Nihon Kohden products/equipment that are "the sleep equipment at issue in this litigation" (as stated by Plaintiff's counsel in his April 25, 2007 letter (Exhibit F)) or "Medical Equipment," as defined by the Court in its February 16, 2007 Modified Preliminary Injunction Order (the "Order"). Despite his own statement that "sleep equipment at issue in this litigation" (Exhibit F), Plaintiff counsel claims that there should be a broader definition that equipment so as to create an excessive burden on Nihon Kohden and to continue Plaintiff' fishing expedition for any -- even irrelevant -- information.

As for the specific document requests, Nihon Kohden's positions are as follows:

Nihon Kohden's Position on Request No. 1: Nihon Kohden does not maintain a "list of customers and prospective customers in Rhode Island since 2002." There is no such document. Thus, Nihon Kohden cannot produce such a document. Nihon Kohden responded accordingly.

Nihon Kohden's Position on Request No. 2: Nihon Kohden agrees to amend the response to this request to state that the documents responsive to this request regarding Nihon Kohden's Medical Equipment were previously produced at the Deposition of Domenic Chillemi as Exhibit 4.

Nihon Kohden's Position on Request No. 3: Based on Nihon Kohden's understanding of the vague term "Nihon Kohden products," all responsive documents were produced at the Deposition of Domenic Chillemi as Exhibit 4. Moreover, the request asks for documents "relating to any visits to Rhode Island," not as Plaintiff argues documents that might have been sent to Rhode Island independent of a visit to Rhode Island.

Nihon Kohden's Position on Request No. 4: Again, Plaintiff seeks documents that simply do not exist. Nihon Kohden does not maintain a copy of all mailings sent to Rhode

[9] See, *e.g.*, Nihon Kohden's counsel's letters dated May 4 and 9, 2007 (attached hereto as Exhibit E).

Island in the past five years. Moreover, Nihon Kohden incorporates its understanding of the vague terms "Nihon Kohden products" and "Nihon Kohden equipment."

Nihon Kohden's Position on Request No. 6: Nihon Kohden's response is complete based on meetings, *etc.* attended in connection with Nihon Kohden Medical Equipment. Thus, there is nothing to compel.

Nihon Kohden's Position on Request No. 7: Again, Nihon Kohden's response is complete based on quotations made in connection with Nihon Kohden Medical Equipment. Thus, there is nothing to compel.

Nihon Kohden's Position on Request No. 9: Nihon Kohden relies on its objections to this request. Moreover, Plaintiff should have possession of the documents concerning its own agreement with Mr. Plant. To the extent that Nihon Kohden might have possession, custody or control over responsive documents, it did not produce them pursuant to it meritorious objections.

Nihon Kohden's Position on Request No. 10: Nihon Kohden again relies on its objections to this request. Plaintiff has treated jurisdictional discovery as full discovery. Nihon Kohden has no documents related to the hiring of Mr. Plant that create any contact between Rhode Island and Nihon Kohden. In fact, Mr. Plant testified at the December 27-28, 2006 preliminary injunction hearing that he did not have any contact with Nihon Kohden when he or the Nihon Kohden representative was in Rhode Island.

## C. **Discovery Dispute – Interrogatories**

On April 25, 2007, Nihon Kohden served a written verification for the interrogatories. Plaintiff's objections to Interrogatories Nos. 2 through 9, pertain to Nihon Kohden's understanding of the vague terms "Nihon Kohden products" and "Nihon Kohden equipment" as being "the sleep equipment at issue in this litigation" (Exhibit F) or "Medical Equipment," as defined by the Court in its February 16, 2007 Modified Preliminary Injunction Order (the "Order"). Despite Plaintiff's counsel's own statement that "sleep equipment at issue in this litigation" (Exhibit F), Plaintiff counsel claims that there should be a broader definition that equipment so as to create an excessive burden on Nihon Kohden and to continue Plaintiff' fishing expedition for any -- even irrelevant -- information. Moreover, Plaintiff did not provide Nihon Kohden with any alternate definition until filing its motion to compel.

As for the specific interrogatories, Nihon Kohden's positions are as follows:

Nihon Kohden's Position on Interrogatory No. 2: Nihon Kohden identified its Rhode Island customers for its medical equipment. No further response is required.

Nihon Kohden's Position on Interrogatory No. 3: Nihon Kohden identified its Rhode Island customers for its medical equipment. No further response is required.

Nihon Kohden's Position on Interrogatory No. 4: Nihon Kohden is willing to supplement its response to state that it does not have information related to "mailings sent to Rhode Island customers, prospective customers or potential customers" in connection with its medical equipment.

Nihon Kohden's Position on Interrogatory No. 5: Nihon Kohden identified its Rhode Island visits related to its medical equipment. No further response is required.

Nihon Kohden's Position on Interrogatory No. 6: Nihon Kohden identified its agents, *etc.* selling or re-selling its medical equipment in Rhode Island. No further response is required.

Nihon Kohden's Position on Interrogatory No. 7: Nihon Kohden identified communications regarding its medical equipment with Rhode Island customers and prospective customers. No further response is required.

Nihon Kohden's Position on Interrogatory No. 9: Nihon Kohden identified price quotations regarding its medical equipment. No further response is required.

Nihon Kohden's Position on Interrogatory No. 11: Nihon Kohden's response to this interrogatory appropriately notes that Plaintiff is fishing for more than information regarding the issue of jurisdiction. To the extent that the interrogatory could be interpreted to relate to jurisdictional discovery, Nihon Kohden fully responded. In fact, Plaintiff's "Answer Required" section shows that the interrogatory seeks information beyond that related to the jurisdiction issue.

Nihon Kohden's Position on Interrogatory No. 12: Nihon Kohden's response to this interrogatory appropriately notes that Plaintiff is fishing for more than information regarding the issue of jurisdiction. To the extent that the interrogatory could be interpreted to relate to jurisdictional discovery, Nihon Kohden fully responded. In fact, Plaintiff's "Answer Required" section shows that the interrogatory seeks information beyond that related to the jurisdiction issue.

## II. LEGAL ARGUMENT

A party responding to discovery should "set forth in good faith its understanding of the unclear terms, and then, on the basis of that articulated understanding, to provide answers."[10] Nihon Kohden did so in its responses to the interrogatories and request for production of documents. Moreover, Nihon Kohden (in its May 9, 2007 letter (Exhibit E)) requested that, if Nihon Kohden's interpretation of "Nihon Kohden equipment" and "Nihon Kohden products" was not acceptable to Plaintiff, Plaintiff should define those terms to allow Nihon Kohden the opportunity to revise its responses. Plaintiff, until it filed its motion to compel, did not accept that offer. Thus, Plaintiff failed to "meet and confer" in good faith before filing this motion.

## III. CONCLUSION

Plaintiff had over 3 months to conduct jurisdictional discovery and learned only that Nihon Kohden's contacts with Rhode Island are, and have been, infrequent and insignificant. As a further attempt to delay resolution of Nihon Kohden's motion to dismiss, Plaintiff clouds the landscape with a concocted discovery dispute. Plaintiff has continually attempted to delay resolution of Nihon Kohden's motion to dismiss – Plaintiff has filed two motions to extend the time in which to respond to the motion to dismiss, **twice** unilaterally canceled Nihon Kohden's representative's deposition, and created this discovery dispute. In fact, Plaintiff has refused to "meet and confer" in good faith regarding the discovery requests at issue in this motion.

Nihon Kohden fully and adequately responded to the discovery. Moreover, Plaintiff is estopped from claiming that Nihon Kohden did not fully respond to the discovery, because Nihon Kohden offered Plaintiff the opportunity to define the terms "Nihon Kohden equipment" and "Nihon Kohden products." Plaintiff, however, did not take that opportunity, despite the fact doing so may have resolved this discovery dispute.

This Court should not permit Plaintiff's repeated manipulations of the discovery process. Therefore, Nihon Kohden respectfully requests that this Court deny Plaintiff's motion to compel and award Nihon Kohden its costs and reasonable counsel fees for opposing the motion.

---

[10] 7-37 Moore's Federal Practice (Civil), § 37.03.

KEVIN PLANT
By His Attorneys,

/s/ Bruce W. Gladstone
Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
(401) 331-5700
FAX (401) 331-5787

/s/ E.P. Michael Karcis
E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
(310) 450-9353
FAX (310) 581-8006

Date: May 29, 2007