UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC., | : | |
| Plaintiff, | : | |
| vs. | : | C.A. No. 06-533 ML |
| KEVIN PLANT and NIHON KOHDEN AMERICA, INC., | : | |
| Defendants. | : | |

**PLAINTIFF ASTRO-MED, INC.'S MEMORANDUM**
**IN SUPPORT OF**
**EMERGENCY MOTION TO COMPEL APPEARANCE AT DEPOSITIONS**

Plaintiff Astro-Med, Inc. ("Astro-Med") hereby submits this Memorandum in Support of its Emergency Motion to Compel Appearance at Depositions of Defendant Nihon Kohden America, Inc. ("Nihon Kohden"). Astro-Med served the notices of deposition on May 29, 2007 for appearance on June 11, 2007 in Santa Monica, California. Santa Monica is about one hour from Nihon Kohden's principal place of business and Nihon Kohden's counsel maintains its office in Santa Monica. Just yesterday, Thursday, June 7, 2007 Nihon Kohden served an objection on Astro-Med and by letter advised us that it would produce no witnesses on Monday, June 11, 2007. Nihon Kohden has not moved for or obtained a protective order from this Court in connection with the depositions. This is the second time Nihon Kohden has given last minute notice of objection to depositions to take place in Santa Monica, California without obtaining a protective order, thus giving rise to this Emergency Motion.

**FACTS**

1. On March 30, 2007 Astro-Med Noticed the Deposition of Nihon Kohden to take place in Santa Monica California on April 25, 2007. Nihon Kohden's principal place of business is approximately one hour from Santa Monica, California, Nihon Kohden's primary counsel

maintains its office in Santa Monica, California and Santa Monica is a city within which Astro-Med has access to a law office and administrative support. Thus, Santa Monica, California was a reasonable place to conduct the deposition.

2. On April 16, 2007, Judge Lisi entertained several Motions, including Defendant's Motion for a Protective Order relating to discovery and depositions. At the hearing, Judge Lisi expressly asked if there were any issues pertaining to the pending depositions noticed of Nihon Kohden and Defendant Kevin Plant. Defendant's counsel raised no issues. Following the hearing, Plaintiff's counsel discussed with Defendant's counsel the areas of testimony anticipated at the April 25, 2007 Nihon Kohden deposition and the expected length of the depositions. Defendant's counsel made no objection to the depositions taking place as noticed.

3. On April 20, 2007, three business days before the depositions were to take place in Santa Monica, California, Defendants served (but did not file) an objection for the first time to Nihon Kohden's deposition. Astro-Med postponed the California depositions despite the late notice because it did not wish to fly to Los Angeles to take depositions with an outstanding objection and so advised Defendants. April 20, 2007 letter attached hereto as Exhibit A.

4. On April 24, 2007 Astro-Med's counsel reiterated that Defendants were required to move for protective order if they believed that the notices were improperly served. Astro-Med moved the depositions to May 17, 2007 to allow Defendants sufficient time to obtain a protective order from this Court if they so desired. April 24, 2007 letter attached hereto as Exhibit B.

5. On April 25, 2007 Astro-Med's counsel sent detailed letters to Defendants outlining their deficient discovery in requesting, pursuant to Rule 37 and 26, that documents be produced and Interrogatories answered consistent with the Rules. April 25, 2007 letters attached hereto as Exhibit C.

6. On May 2, 2007 Astro-Med's counsel confirmed that it intended to take the depositions on May 17, 2007 and cited both the Federal Rules and treatises which made clear that the depositions were properly noticed for Santa Monica, CA. May 2, 2007 letter attached as Exhibit D.

7. Defendants did not file a motion for a protective order. Nor did they properly supplement the Answers to Interrogatories (which to this day remain unsigned by Defendant Nihon Kohden) or produce responsive documents relating to the substantive claims in this litigation.

8. On May 14, 2007, due to a medical emergency, the undersigned was required to postpone the depositions scheduled for May 17, 2007 in Santa Monica, California. The undersigned underwent back surgery shortly thereafter.

9. On May 29, 2007, Astro-Med re-noticed the Nihon Kohden depositions for June 11, 2007. Astro-Med's counsel sent correspondence to Defendants regarding the date and the location of the depositions and requested that documents be produced that were clearly responsive to the document requests prior to the deposition. Correspondence Attached hereto as Exhibit E. Defendants did not respond to that correspondence. Then, late in the day on June 7, 2007, two business days before the depositions Defendants once again served objections to the depositions. By letter of June 7, 2007 Defendants informed Astro-Med they would not produce witnesses on June 11, 2007. Defendants have neither moved for nor obtained a protective order as required by Rule 26.

7. Plaintiff's counsel has purchased non-refundable air-line tickets and made hotel reservations, confirmed the court reporter and set its schedule. Defendant has manipulated the discovery process commencing in April, 2007 and has once more cleverly waited until virtually

the last day before the deposition to object thereto leaving Plaintiff with very little time to obtain a Court Order requiring the depositions to go forward.

**ARGUMENT**

Fed. R. Civ. 26(c) provides the procedure required to be followed to protect a party from whom discovery is sought if that party believes that the discovery is improperly served. A party seeking protection must move for and obtain a protective order and provide a certification with the motion "that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute of Court action." Defendants have neither filed for a protective order nor filed a certification that they have good faith conferred or attempted to confer with Astro-Med to resolve the dispute. Astro-Med has made clear from the outset that it intends to take the depositions and that the depositions are properly noticed.

Although there is little case law on the question, Wright & Miller, *Federal Practice and Procedure,* provides that under the current Federal Rules scheme Rules 45 and 26 must be read in tandem. Wright & Miller, Federal Practice and Procedure, §2112. A party must attend at the place stated in the notice and a witness must attend if the place stated in the subpoena satisfies the requirements of Rule 45(d)(2), unless the party or witness obtains a protective order. Normally, any motion for protective order must be filed before the discovery is to occur, unless there is no opportunity to do so. Beicker-McKee, *Federal Court Rules Handbook*, (West 2007), p. 655 (citations omitted). Rule 45(c)(3)(B)(iii) specifically refers to the deposition of "an officer of a party" and provides that protective orders may be granted if the deponent is required to travel more than 100 miles. The depositions are noticed for Santa Monica, California, which is not only the city where Defendant's counsel maintains his office, but also well within the mileage requirement.

If Defendants were truly concerned about the issues raised in their objection, and not with the obvious desire to disrupt Astro-Med's planning, they would have moved for a protective order and requested that this Court decide this issue in a timely manner. However, it has, for the second time, waited until the last possible moment to assert an objection without moving for a protective order and advised Astro-Med that it will not be producing its witnesses just two business days before the scheduled deposition in Santa Monica, California. Defendant's actions plainly violate both the spirit and letter of the discovery rules, which are designed to eliminate unnecessary burden and expense while providing protection in those situations where protection is required. Because Defendants have not sought protection from this Court and have not followed the required procedure, Astro-Med respectfully requests that this Court order that Defendant Nihon Kohden, pursuant to the Rule 30(b)(6), and its officers Gary Reasoner and Michal Osawa, both individually noticed, appear for deposition in Santa Monica, California as noticed on June 11, 2007.

Respectfully submitted,

ASTRO-MED, INC.

/s/ Robert M. Duffy

Robert M. Duffy, Esq. (#4428)
Craig M. Scott, Esq. (# 4237)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile
rduffy@duffysweeney.com
cscott@duffysweeney.com

Dated: June 8, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that the within ***Memorandum in Support of Emergency Motion to Compel Appearance At Deposition*** was filed through the ECF system on the 8th day of June, 2007, and will be sent electronically to the counsel named below who is a registered participant identified on the Notice of Electronic Filing:

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

and was served, via First Class Mail, to the counsel named below who is not a registered ECF participant:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

/s/ Robert M. Duffy,
Robert M. Duffy, Esq.