# EXHIBIT B

DU... Y SWEENEY & SCOT... LTD
BUSINESS LAW & LITIGATION

*Robert M. Duffy, Esq.*
*rduffye@duffysweeney.com*

April 24, 2007

***Via Facsimile and First Class Mail***

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

Re: Astro-Med, Inc. v. Kevin Plant and Nihon Kohden America - C.A. No. 06-533-ML

Dear Attorney Karcis:

At the hearing on April 16, 2007 you informed the Court that there were no further discovery issues for which you needed any "protective order" and we both told the Court in substance that the deposition of Nihon Kohden scheduled for April 25, 2007 would go forward as noticed. After the hearing you and I specifically discussed the need for Nihon Kohden to produce a witness both as to the jurisdiction questions (contacts with Rhode Island, including sales and marketing, etc.) and fact witnesses pertaining to the hiring of Kevin Plant. You had no objections to that process. Accordingly, this office made plans to conduct that deposition on April 25, 2007 as noticed. Moreover, you did not request any extension of time to respond to outstanding discovery.

You telephoned me a couple of days after the hearing and asked for an extension of time to April 20, 2007 to respond to discovery. Although it was a very tight timeframe, I trusted your promise to deliver that discovery to my office on April 20, 2007 in time for review. During this telephone call you did not mention any problems with the notice of deposition.

Then, on April 19, 2007 at the end of the day you served an objection to the April 25, 2007 notice and refused to produce your witness at the location noticed for deposition. In addition, you did not provide discovery responses or documents to my office until almost midnight on Friday, April 20, 2007.

I have no interest in spending my time or Astro-Med's money unwisely. Given the objection and the dispute over where the deposition will take place and your claimed desire to obtain a protective order against the deposition taking place as noticed combined with your failure to completely and timely produce discovery I prudently moved the depositions to May 17, 2007 at much inconvenience to myself.

Your client's responses to discovery do not comply with the requirements of Rule 26 and 37, and I will be giving you an additional letter requesting a discovery conference prior to filing a motion to compel if the additional documents are not produced and adequate answers not completed.

We believe you have manipulated this process long enough. Your last minute objection to the deposition after telling the Court you had no issues, combined with your late and incomplete production of discovery information forced us to move the deposition back to resolve these outstanding issues.

We will be filing a motion to extend time within which to respond to the motion to dismiss and we expect you will consent to that extension to avoid any further needless expenditure of time and money.

Please give me a call at your first convenience to discuss the location of the depositions and whether your client intends to press that objection further.

Very truly yours,

Robert M. Duffy

RMD/jmc

cc: Bruce W. Gladstone, Esq.