# EXHIBIT C

DU..Y SWEENEY & SCOT.., .TD
BUSINESS LAW LITIGATION

*Robert M. Duffy, Esq.*
*rduffye@duffysweeney.com*

April 25, 2007

***Via Facsimile and First Class Mail***

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

Re: Astro-Med, Inc. v. Kevin Plant and Nihon Kohden America - C.A. No. 06-533-ML

Dear Attorney Karcis:

This letter is sent pursuant to Fed.R.Civ.P. 37(a)(2)(A) and Fed.R.Civ.P. 26. Please consider this letter a good faith effort to confer in connection with Nihon Kohden's deficient interrogatory answers.

The most obvious defect in the interrogatory responses provided by Nihon Kohden is that they are not signed under oath by Michael Ohsawa, who is purportedly the person providing the answers, in violation of Fed.R.Civ.P. 33(b)(2). Thus, the interrogatories have not yet been properly served. Please correct this defect.

Please provide complete answers to the following interrogatories:

> Interrogatory No. 4 -- Identify all mailings sent to Rhode Island customers, prospective customers or potential customers by Nihon Kohden within the past five years. No answer as yet has been given to this interrogatory.
>
> Interrogatory No. 5 – This interrogatory requires that Nihon Kohden identify all visits to Rhode Island for promotion, sale or service of Nihon Kohden equipment within the past five years. It is not limited to Nihon Kohden "medical equipment" as you define it in the answers to interrogatories. This is a jurisdiction interrogatory and it is intended to determine Nihon Kohden's contacts with the State of Rhode Island generally, and is not limited to Nihon Kohden's contacts with Rhode Island with regard to the sleep equipment at issue in the litigation.
>
> Interrogatory No. 6 – This interrogatory requires Nihon Kohden to identify any and all employees, agents, contractors or any other persons who sell or resell Nihon Kohden products in Rhode Island. The interrogatory is not limited to

"medical equipment" as you defined it in the answers to interrogatories but relates to all Nihon Kohden equipment. Please complete the answer to this interrogatory.

Interrogatory No. 7 – This interrogatory requires Nihon Kohden to identify any and all communications with any customers or prospective customers of Nihon Kohden equipment in Rhode Island. Once again, it is not limited to "medical equipment" as you define that term in the response to interrogatories but requires that communications with regard to any Nihon Kohden equipment in Rhode Island be identified. Please complete this answer.

Interrogatory No. 8 – Please confirm that no other conferences were attended by Nihon Kohden with regard to any other Nihon Kohden equipment during the stated timeframe.

Interrogatory No. 9 – Once again, please provide the information for price quotations for any Nihon Kohden equipment made to a Rhode Island customer or prospective customer within the past five years, not simply an answer as to "medical equipment" as you define that term in the responses to interrogatories.

Interrogatory No. 11 – This interrogatory requires Nihon Kohden to identify all communications with Plant concerning his employee agreement with Astro-Med. No communications were identified in response to this interrogatory. Please provide a response. "Communications that took place when Nihon Kohden and/or Kevin Plant were located in Rhode Island" is neither in the question nor definitions. Accordingly, your answer limiting identified communications that physically took place in Rhode Island is non-responsive.

Interrogatory No. 12 – Nihon Kohden is required to identify all communications concerning Plant's hiring by Nihon Kohden. Once again, Nihon Kohden has failed to answer this interrogatory.

I look forward to receiving appropriate answers to interrogatories on or before May 1, 2007 or you leave us no choice but to seek Court intervention.

Very truly yours,

Robert M. Duffy

RMD/jmc

cc: Bruce W. Gladstone, Esq. (via facsimile and U.S. Mail)

DU..Y SWEENEY & SCOT., LTD
BUSINESS LAW & LITIGATION

*Robert M. Duffy, Esq.*
*rduffye@duffysweeney.com*

April 25, 2007

***Via Facsimile and First Class Mail***

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

Re: Astro-Med, Inc. v. Kevin Plant and Nihon Kohden America - C.A. No. 06-533-ML

Dear Attorney Karcis:

This letter is sent pursuant to Fed.R.Civ.P. 37 and 26. Consider it a good faith effort to confer to secure proper responses to the outstanding document requests short of Court intervention. In response to the document requests Nihon Kohden produced only eight documents and has failed to produce categories of documents requested. These include:

Document Request No. 1 – Nihon Kohden is required to produce a listing of its Rhode Island customers and prospective customers. It has failed to do so. Please provide this documentation.

Document Request No. 2 – Nihon Kohden is required to produce all documents relating to the marketing or sales of Nihon Kohden products in Rhode Island to Rhode Island customers or prospective customers over the past five years. Nihon Kohden has produced no documents responsive to this request. Please confirm in writing that Nihon Kohden has neither marketed nor sold Nihon Kohden product in Rhode Island or to Rhode Island customers or prospective customers within the past five years.

Document Request No. 3 – Please confirm that Nihon Kohden has no documents in its possession, custody or control which relate to any visit to Rhode Island for sales, promotion or service of Nihon Kohden products by Nihon Kohden or any agent thereof.

Document Request No. 4 – Nihon Kohden is required to produce copies of mailings sent to any address in Rhode Island within the past five years not simply "direct solicitation advertisements" as you improperly limit the request. Please produce all mailings as requested.

Document Request No. 6 – Nihon Kohden improperly limits its response to sales of "medical equipment" as Nihon Kohden defines that term in its response to the document request. Please produce all documents responsive to this request relating to Nihon Kohden or its representatives, and not simply to "medical equipment."

Document Request No. 7 – For the same reasons as set forth above regarding Document Request No. 6, Nihon Kohden is required to produce all price quotations for any Nihon Kohden product made to any Rhode Island customer or prospective customer, not simply quotations relating to "medical equipment" as Nihon Kohden defines that term in response to the document request.

Document Request No. 9 – Nihon Kohden has failed to produce any documents responsive to Request No. 9. Please produce all responsive documents.

Document Request No. 10 – Nihon Kohden has failed to produce any documents responsive to Request No. 10. Please produce all response documents.

Please produce the requested documents on or before May 1, 2007 or you leave us no choice but to seek Court intervention.

Very truly yours,

Robert M. Duffy

RMD/jmc

cc: Bruce W. Gladstone, Esq. *(via facsimile and U.S. Mail)*