# EXHIBIT D

DU..Y SWEENEY & SCOTT, LTD
BUSINESS LAW LITIGATION

*Robert M. Duffy, Esq.*
*rduffye@duffysweeney.com*

May 2, 2007

***Via Facsimile and First Class Mail***

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

Re: Astro-Med, Inc. v. Kevin Plant and Nihon Kohden America - C.A. No. 06-533-ML

Dear Attorney Karcis:

This letter confirms our conversation earlier today pursuant to Rule 26 and 37 that Nihon Kohden does not wish to resolve the outstanding issue pertaining to the Motion to Extend Time and the Objection to the Deposition Notice on the grounds that I previously laid out in correspondence to you; namely, that we endeavor to locate a firm within Orange County in closer proximity to your client's office in exchange for your assent to the Motion to Extend Time. This would obviate the need for the pending Motion to Extend and possibly other motions as well.

Please be advised that the deposition is properly noticed for May 17, 2007 and we intend to take the deposition as noticed. As you know, the place of taking a deposition is controlled by Fed.R.Civ.P. 45(d)(2) and 26(c)(2). For an explication of the requirements I refer you to Wright & Miller's treatise on Federal Practice and Procedure, §2112. A party must attend at the place stated in the notice and a witness must attend if the place stated in the subpoena satisfied the requirements of Rule 45(b)(2), unless the party or witness obtains a protective order. Rule 45(c)(3)(B)(iii) specifically refers to the deposition of "an officer of a party" and provides that protective orders may be granted if the deponent is required to travel more than 100 miles. The notice we have issued for Santa Monica, California is not only in the same city as your office, but also well within the mileage requirement. Accordingly, we will be conducting the deposition as noticed in Santa Monica, CA. I have found no controlling case law which even suggests that the deposition of a corporate party must be taken in the corporate party's office. When the courts refer to principal place of business of the corporate party, they refer to the forum; they certainly do not refer to the actual office building of the corporate party. If you have any controlling case

law to the contrary please provide it to me.

Very truly yours,

Robert M. Duffy

RMD/jmc

cc: Bruce W. Gladstone, Esq. *(via facsimile and U.S. Mail)*

DUFFY SWEENEY & SCOTT, LTD
BUSINESS LAW & LITIGATION

*Robert M. Duffy, Esq.*
*rduffye@duffysweeney.com*

May 2, 2007

***Via Facsimile and First Class Mail***

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

Re: Astro-Med, Inc. v. Kevin Plant and Nihon Kohden America - C.A. No. 06-533-ML

Dear Mike:

I still have not heard from you in response to my letters of April 25, 2007 relating to Nihon Kohden's deficient answers to Interrogatories and Responses to Request for Production of Documents. If I do not hear from you by Friday, May 4, 2007 you leave me no choice but to file a Motion to Compel. Please consider this a second good faith effort to confer pursuant to Rule 26 and 37. Keep in mind that if we do not receive appropriate answers, responses and complete production of documents in sufficient time to review prior to May 17, 2007 we may be forced to once more postpone the deposition of Nihon Kohden and/or seek fees and costs should we need to retake the deposition.

Very truly yours,

Robert M. Duffy

RMD/jmc

cc: Bruce W. Gladstone, Esq. *(via facsimile and U.S. Mail)*