**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ASTRO-MED, INC.,
Plaintiff,

v. C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN
AMERICA, INC.
Defendants.

**DEFENDANT NIHON KOHDEN'S NOTICE OF EMERGENCY MOTION AND EMERGENCY MOTION FOR CLARIFICATION OF THE COURT'S MAY 17 ORDER**

Defendant, Nihon Kohden America, Inc., ("Nihon Kohden") will and hereby does, on an emergency basis, move for clarification of this Court's May 17, 2007 Order regarding discovery in connection with Nihon Kohden's motion to dismiss for lack of jurisdiction.

This motion is based on this Notice of Motion and Motion and the Memorandum of Law attached hereto, the Affidavits of E.P. Michael Karcis and Bruce W. Gladstone concurrently filed herewith, and upon the papers, records and pleading filed herein, as well as any evidence presented at the hearing on this motion.

NIHON KOHDEN AMERICA, INC.
By its Attorneys,

/s/ Bruce W. Gladstone
Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
(401) 331-5700
FAX (401) 331-5787

/s/ E.P. Michael Karcis
E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
(310) 450-9353
FAX (310) 581-8006

Date: June 13, 2007

CERTIFICATION

The undersigned hereby certifies that on the 13th day of June, 2007, a copy of the foregoing was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

Robert M. Duffy, Esquire
rduffy@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Craig M. Scott, Esquire
cscott@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

/s/ Bruce W. Gladstone

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ASTRO-MED, INC.,
Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.
Defendants.

**DEFENDANT NIHON KOHDEN'S NOTICE OF EMERGENCY MOTION AND EMERGENCY MOTION FOR CLARIFICATION OF THE COURT'S MAY 17 ORDER**

Defendant, Nihon Kohden America, Inc., ("Nihon Kohden") will and hereby does, on an emergency basis, move for clarification of this Court's May 17, 2007 Order regarding discovery in connection with Nihon Kohden's motion to dismiss for lack of jurisdiction.

This motion is based on this Notice of Motion and Motion and the Memorandum of Law attached hereto, the Affidavits of E.P. Michael Karcis and Bruce W. Gladstone concurrently filed herewith, and upon the papers, records and pleading filed herein, as well as any evidence presented at the hearing on this motion.

NIHON KOHDEN AMERICA, INC.
By its Attorneys,

/s/ Bruce W. Gladstone

Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
(401) 331-5700
FAX (401) 331-5787

/s/ E.P. Michael Karcis

E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
(310) 450-9353
FAX (310) 581-8006

Date: June 13, 2007

## CERTIFICATION

The undersigned hereby certifies that on the 13th day of June, 2007, a copy of the foregoing was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

Robert M. Duffy, Esquire
rduffy@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Craig M. Scott, Esquire
cscott@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

/s/ Bruce W. Gladstone

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ASTRO-MED, INC.,

Plaintiff,

v. C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.

Defendants.

**DEFENDANT NIHON KOHDEN AMERICA, INC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR CLARIFICATION OF ORDER**

Defendant Nihon Kohden America, Inc., ("Nihon Kohden"), by and through its counsel, hereby submits the following memorandum in support of its Motion for Clarification of the Court's May 17, 2007 Order.

## I. INTRODUCTION

### A. The Need for Clarification

The need for clarification arises due to plaintiff Astro-Med, Inc.'s failure to comply with this Court's May 17, 2007 Order, by failing to timely, reasonably, and diligently pursue the depositions of Nihon Kohden and its employees on the issue of jurisdiction in advance of the hearing on Nihon Kohden's motion to dismiss for lack of personal jurisdiction, which is currently set for hearing on June 28, 2007.

On Friday, June 8, 2007, Magistrate Martin allowed Plaintiff to take depositions of Nihon Kohden and its employees after **May 24, 2007** -- the last date that Plaintiff was permitted by this Court's Order to provide any supplemental support for its opposition to Nihon Kohden's motion to dismiss. Magistrate Martin based his ruling on his conclusion that this Court's May 17 order did not explicitly bar discovery on jurisdictional issues after May 24, 2007 -- it only ordered that

Plaintiff may not ***supplement*** its opposition to Nihon Kohden's motion to dismiss after May 24, 2007 but did not definitively bar jurisdictional discovery after May 24, 2007.[1] However, this Court's May 17 Order expressly states that May 24, 2007 was the last day for Plaintiff to supplement its opposition brief, and because Plaintiff is required to present any and all evidence in its opposition brief, no discovery that is obtained late (*i.e.*, *after* May 24, 2007) may be offered in support of its opposition. Enforcement of this Court's May 24 deadline is particularly apt where, as here, Plaintiff's failure to comply with the Court-ordered deadline is due to its own unreasonable stalling, unilateral cancellation of previously scheduled deposition dates on which Nihon Kohden agreed to appear, and inability (despite at least two senior attorneys assigned to its case) to notice and take depositions of Nihon Kohden and its employees on or before May 24, 2007.

Plaintiff has had over four months to conduct jurisdictional discovery, unreasonably delayed in conducting its discovery, and then waited until the eve of the hearing on Nihon Kohden's motion to dismiss to demand discovery two weeks after this Court cut off Plaintiff's right to supplement its opposition brief. Because Defendant, Nihon Kohden believes that the Magistrate's ruling is based upon a mis-interpretation and an incorrect application of this Court's May 17 Order, defendant Nihon Kohden respectfully requests an emergency ruling to clarify the May 17 Order and make it clear that Plaintiff was required to complete its discovery on jurisdictional issues on May 24, 2007.

**B. Background**

Nearly four months ago, on February 19, 2007, Defendant filed a motion requesting that this Court dismiss Nihon Kohden on grounds of lack of personal jurisdiction.[2] The Court allowed Plaintiff to conduct jurisdictional discovery in order to prepare its opposition brief. Thereafter, this Court twice extended the time for Plaintiff to file its opposition to the motion to

---

[1] Court's May 17, 2007 Order (Exhibit A.)

[2] Nihon Kohden's motion to dismiss is alternatively based on improper venue and requests that the action be transferred to either the United States District Court for the Central District of California or to the United States District Court for the Middle District of Florida.

dismiss.[3] But, instead of serving written jurisdictional discovery at the outset, Plaintiff chose a shotgun approach – serving deposition subpoenas on various third parties, such as nationally published journals regarding Nihon Kohden advertisements in those publications. These discovery efforts, only buttressed Nihon Kohden's position as stated in its motion to dismiss -- that Nihon Kohden lacks sufficient contacts with Rhode Island to establish jurisdiction.

On March 30, 2007, Plaintiff served a notice of deposition on Nihon Kohden for the deposition of "Nihon Kohden." The notice was defective on several grounds, including its failure to identify the areas of inquiry pursuant to Federal Rules of Civil Procedure 30(b).[4] Nihon Kohden objected accordingly on April 19, 2007, but agreed to appear on the date noticed, April 25, 2007, so long as Plaintiff corrected the errors in its deposition notice.[5]

On April 20, 2007, Nihon Kohden served its responses to Plaintiff's discovery requests seeking the production of documents and responses to interrogatories. Nihon Kohden's verified responses, appropriately answer to Plaintiff's jurisdictional discovery inquiries.[6] In addition, despite the defects in Plaintiff's deposition notice, Nihon Kohden's counsel informed Plaintiff in no uncertain terms that Nihon Kohden's employee witnesses would be made available on April 25, 2007 – Plaintiff's unilaterally selected deposition date.[7] But, inexplicably, after Nihon Kohden's compliance with the April 25 deposition date, Plaintiff unilaterally cancelled the deposition without any notice to Nihon Kohden's counsel.[8]

Plaintiff then re-noticed the depositions of Nihon Kohden, Michael Ohsawa, and Gary Reasoner, for May 17, 2007, but then, once again, unilaterally cancelled the re-scheduled deposition dates.

---

[3] This Court granted Plaintiff's motions to extend the time in which to file its opposition to Nihon Kohden's motion to dismiss to May 9, 2007 (in its April 3, 2007 Order) and, then, to May 24, 2007 (in its May 17, 2007 Order).
[4] A copy of Plaintiff's first Notice of Deposition of Nihon Kohden is attached hereto as Exhibit B.
[5] A copy of Plaintiff's Objection to Plaintiff's first Notice of Deposition of Nihon Kohden is attached hereto as Exhibit C.
[6] On June 11, 2007, Magistrate Martin sustained some of Nihon Kohden's objections to Plaintiff's written discovery requests and overruled others. Nihon Kohden will supplement its responses accordingly.
[7] See Nihon Kohden's counsel's letter dated April 20, 2007 (attached hereto as Exhibit D).
[8] See Affidavit of E.P. Michael Karcis, ¶ 6 (attached hereto as Exhibit G)

Plaintiff then re-noticed the depositions for June 11, 2007.[9] Nihon Kohden objected on the grounds that, pursuant to this Court's May 17 Order, the time for Plaintiff to conduct its jurisdictional discovery and to supplement its opposition to Nihon Kohden's motion to dismiss ended on May 24. Moreover, the untimely renewed requests for the depositions were purely intended to harass Nihon Kohden. On June 8, Magistrate Martin deferred to this Court, but Defendant, Nihon Kohden believes the Magistrate misread and misapplied this Court's order in ruling that this Court did not specifically set May 24, 2007 as the last date that Plaintiff could conduct jurisdictional discovery.

Thereafter, counsel for Nihon Kohden attempted to comply with the Magistrate's ruling. However, the already out-of-town deponents were in transit to or already at a national meeting in Minnesota attended by a number of companies in Nihon Kohden's business, including plaintiff Astro-Med. Nihon Kohden's counsel advised Plaintiff's counsel of this fact and requested and offered alternative deposition dates on June 13, 14, or 15, 2007.[10] Specifically, Attorney Bruce Gladstone told Attorney Craig Scott that one deponent, Michael Ohsawa, was not available on June 11 but was available for deposition on June 13. Attorney Scott rejected this reasonable offer of compromise, stating that he (Attorney Scott) was going to fly to California to take the depositions, as Nihon Kohden was now under court order to attend, and that the deponents should return to California immediately to be present on Monday. Attorney Scott refused to entertain the taking of the depositions on June 13 (just two days later).[11]

Nihon Kohden has consistently and repeatedly attempted to work out available deposition dates without the Court's intervention,[12] but every effort was flatly rejected. Now, because the Magistrate's ruling is based on a misreading and misapplication of this Court's May 17 Order, and because the Magistrate is now ordering Nihon Kohden's employee deponents to travel to Rhode Island for depositions that were first noticed on a date after the May 24, 2007 discovery

[9] See Nihon Kohden's objections (attached hereto as Exhibit E).
[10] See Nihon Kohden's counsel's letters dated June 8, 2007 (attached hereto as Exhibit F).
[11] See Affidavit of Bruce W. Gladstone, ¶__ (attached hereto as Exhibit H).
[12] See, *e.g.*, Nihon Kohden's counsel's letters dated June 8, 2007 (attached hereto as Exhibit F).

cut-off date for Plaintiff to supplement its opposition brief, Nihon Kohden is left with no viable option other than to seek clarification of that May 17 Order.

## II. LEGAL ARGUMENT

Nihon Kohden's motion to dismiss for lack of personal jurisdiction has now been pending before the Court for over four months, due to Plaintiff's ongoing delays and refusal to expedite and timely complete its jurisdictional discovery. A plaintiff must be diligent in preserving its rights to jurisdictional discovery.[13] Pending the Court's ruling on the Nihon Kohden's motion to dismiss and to avoid undue expense as a result of excessive and unduly burdensome "over-discovery," this Court properly limited jurisdictional discovery to take place for a period from February 2007 to May 24, 2007.

Generally, where discovery is overbroad and the burden on the defendant in answering would significantly outweigh any benefit to plaintiff's case, the discovery should not be allowed.[14]

The Magistrate's ruling, which requires Nihon Kohden and its employees to travel to and appear in Rhode Island, is an enormous burden on Nihon Kohden, particularly in light of Plaintiff's failure to timely take its depositions either on April 25 -- the date first scheduled for Nihon Kohden's depositions -- or any date thereafter, up to May 24, 2007. Plaintiff's requested June depositions violate this Court's May 17 Order, and, pursuant to the May 17 Order, Plaintiff may not use any late-obtained discovery in its opposition to Nihon Kohden's motion to dismiss.[15]

This Court generously allowed Plaintiff nearly four months to conduct its jurisdictional discovery (between February 5 and May 24). This was more than sufficient for any diligent

---

[13] **U.S. v. Swiss American Bank, LTD.**, 274 F. 3d 610, 625 (1st Cir. 2001).

[14] **Mack v. The Great Atlantic and Pacific Tea Company, Inc.**, 871 F.2d 179, 186-187 (1st Cir. 1988) (Fed. R. Civ. P. 26(b)(1) deals with the problem of over-discovery and provides that the court shall restrict discovery that is unduly burdensome or expensive, taking into account the needs of the case).

[15] **Orchid Biosciences, Inc. v. St. Louis Univ.**, 198 F.R.D. 670, 675 (S.D.Cal. 2001) (courts have routinely stayed discovery on the merits while challenges to jurisdiction are pending).

plaintiff to complete jurisdictional discovery, and here, Nihon Kohden twice agreed to appear for the depositions, on April 25, 2007 and May 17, 2007, and even offered, as a compromise to make its employees available on June 13, 14, and 15, 2007, in California.

## III. CONCLUSION

This Court's May 17 Order sets forth its intent to delineate the time frame within which Plaintiff had to complete jurisdictional discovery, and in so ruling, the Court allowed Plaintiff almost four months, from February 5 to may 24, 2007, to do so. Nihon Kohden respectfully requests that this Court clarify to all parties and the Magistrate that its May 17 Order, ended Plaintiff's right to pursue jurisdictional discovery on Nihon Kohden on May 24, 2007.

NIHON KOHDEN, INC.
By its Attorneys,

/s/ Bruce W. Gladstone
Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
(401) 331-5700
FAX (401) 331-5787

/s/ E.P. Michael Karcis
E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
(310) 450-9353
FAX (310) 581-8006

Date: June 13, 2007

G:\pec\PLANT, KEVIN\Mtn-Memo Clarification.doc

**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,
Plaintiff,

v. C.A. No. 06-533-ML

KEVIN PLANT,
NIHON KOHDEN AMERICA, INC.
Defendants.

**ORDER**

This matter is before the Court on Plaintiff Astro-Med, Inc.'s Motion for Permission to Supplement the Record (Docket # 60). Plaintiff requests permission to supplement its Response in Opposition (Docket # 63) to Defendant Nihon Kohden's Motion to Dismiss for Lack of Jurisdiction (Docket # 33). Defendant Nihon Kohden has filed an objection (Docket # 65) to Plaintiff's request. After reviewing the parties' filings concerning this request, it is hereby ORDERED:

1.) Plaintiff Astro-Med has up to and including May 24, 2007, to file a supplemental memorandum in support of Plaintiff's objection to Defendant Nihon Kohden's Motion to Dismiss for Lack of Jurisdiction.

Mary M. Lisi
Chief United States District Judge
May 17, 2007

**EXHIBIT B**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC., | : | |
| Plaintiff, | : | |
| vs. | : | C.A. No. 06-533 ML |
| KEVIN PLANT and NIHON KOHDEN AMERICA, INC., | : | |
| Defendants. | : | |

**NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE that plaintiff, through counsel, will take the deposition of Nihon Kohden pursuant to Rule 30 of the Federal Rules of Civil Procedure on **Wednesday, April 25, 2007 at 9:00 a.m.** before a notary public or other officer authorized to administer oaths by law, at **Greenberg Traurig, 2450 Colorado Avenue, Ste 400E, Santa Monica, CA.** The deposition will continue from day to day until completed, unless counsel for the parties agrees otherwise.

Respectfully submitted,

ASTRO-MED, INC.

Robert M. Duffy (by RCS)

Robert M. Duffy, Esq. (#4428)
Craig M. Scott, Esq. (# 4237)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile
cscott@duffysweeney.com

Dated: March 30, 2007

RECEIVED
APR 2 2007
By__________

**CERTIFICATE OF SERVICE**

I hereby certify that the within ***Notice of Deposition*** was served via First Class Mail on the 30th day of March, 2007 to the following parties listed below:

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

Robert M. Duffy (by RRS)
Robert M. Duffy, Esq.

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ASTRO-MED, INC.,<br><br>Plaintiff,<br>v.<br><br>KEVIN PLANT; NIHON KOHDEN AMERICA, INC.<br>Defendants. | C.A. No. 06-533-ML |

**DEFENDANTS KEVIN PLANT'S AND NIHON KOHDEN AMERICA, INC.'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER OR, IN THE ALTERNATIVE, A CASE MANAGEMENT ORDER REQUIRING PLAINTIFF TO PROVIDE REASONABLE NOTICE OF ALL DEPOSITIONS AND FOR AN ENLARGEMENT OF TIME FOR NONPARTIES TO RESPOND TO PLAINTIFF'S SUBPOENAS**

Defendants, Kevin Plant and Nihon Kohden America, Inc. will and hereby do move for a protective order or, in the alternative, for a Case Management Order (1) requiring plaintiff Astro-Med, Inc. to provide all parties, and any and all third parties, with reasonable notice of ten (10) business days, or other such minimum mandatory notice as the Court deems appropriate, for depositions, and (2) providing an enlargement of time for nonparties to respond to Plaintiff's subpoenas issued in this action.

This motion is based on this Notice of Motion and Motion, the Memorandum of Law attached hereto, the Affidavit of E.P. Michael Karcis concurrently filed herewith, and upon the papers, records and pleadings filed herein, as well as any evidence or argument that may be presented at the hearing on this motion.

KEVIN PLANT,
By His Attorneys

/s/ Bruce W. Gladstone
Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903
401-331-5700
Fax: 401-331-5787

DATED: April 2, 2007

Of Counsel:

E.P. Michael Karcis, Esq.
McLEAN & McLEAN LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405
(310) 450-9353
(310) 581-8006 FAX
michael@mcleanfirm.com

CERTIFICATION

The undersigned hereby certifies that on the 2nd day of April, 2007, a copy of the foregoing was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

| | |
|---|---|
| Craig M. Scott, Esq.<br>cscott@duffysweeney.com<br>Duffy Sweeney & Scott, Ltd.<br>One Turks Head Place, Suite 1200<br>Providence, RI 02903 | Robert J. O'Keefe, Esq.<br>rokeefe@duffysweeney.com<br>Duffy, Sweeney & Scott, Ltd.<br>One Turks Head Building, Suite 1200<br>Providence, RI 02903 |
| | |

/s/ Bruce W. Gladstone

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ASTRO-MED, INC.,<br><br>Plaintiff,<br>v.<br><br>KEVIN PLANT; NIHON KOHDEN AMERICA, INC.<br>Defendants. | C.A. No. 06-533-ML |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER, OR IN THE ALTERNATIVE, FOR A CASE MANAGEMENT ORDER

Defendants Kevin Plant and Nihon Kohden America, Inc. ("Nihon Kohden"), by and through their counsel, hereby submit the following memorandum in support of their motion for a protective order, or in the alternative, for a case management order (1) requiring minimum advance notice to all parties and to all third parties regarding depositions, and (2) providing for an enlargement of time for nonparties to respond to subpoenas.

## I. INTRODUCTION

Defendants Kevin Plant and Nihon Kohden request this Court's issuance of a protective order, or in the alternative a Case Management Order ("CMO"), in order to ensure Plaintiff Astro-Med, Inc.'s ("Astro-Med") compliance with the Federal Rules of Civil Procedure's notice requirements.

Every discovery request and every subpoena served by Plaintiff in this action has violated the notice requirements of the Federal Rules of Civil Procedure. On or about February 27, 2007, Plaintiff served its subpoena on Mr. Dominic Chillemi of Med-Tek Solutions, Inc., a New York corporation, but failed to serve notice of the subpoena to Mr.

Plant, Nihon Kohden, or their counsel of record.[1] Plaintiff's deposition subpoena, which Mr. Chillemi received at his home in New York State, gave Mr. Chillemi *less than twenty-four hours* notice of Plaintiff's intention to take Mr. Chillemi's deposition the very next day, in Rhode Island, over 200 miles away. By letter dated February 27, 2007, Mr. Chillemi advised counsel for Plaintiff that he objected to Plaintiff's demand for his deposition (including production of documents), at an out-of-state location on less than twenty-four hours notice.[2] When Defendants first learned of Plaintiff's subpoena on Mr. Chillemi, they promptly advised Plaintiff's counsel, Robert O'Keefe, that they had received no notice of the subpoena, as required by Federal Rules of Civil Procedure 30 and 45. But rather than admit error or correct its future discovery requests to provide adequate notice, Plaintiff has continued serving inappropriate discovery requests with unreasonable notice and wholly inadequate time for response.

Following the service of their defective subpoena on Mr. Chillemi, Plaintiff served subpoenas on other nonparties, all with unreasonable deadlines to respond to its demands for production of documents.[3] Plaintiff provided Mr. Plant's and Nihon Kohden's counsel even *less* notice of these third party subpoenas, ignoring counsel's right to reasonable notice, as well as the need to make travel arrangements or address scheduling conflicts. Plaintiff's discovery tactics violate Federal Rule of Civil Procedure 45(c)(1), which requires the party issuing a subpoena to take "**reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.**" (Emphasis added.) Because Plaintiff has refused or disregarded Defendant's requests for compliance with Rule 45(c)(1), Defendants seek a protective order or CMO, to ensure reasonable notice of all further depositions in this action.

---

[1] Affidavit of E.P. Michael Karcis ("Karcis Aff.") ¶¶ 2 and 4, Exh. 1 ("Chillemi Letter").
[2] *Id.*
[3] Karcis Aff. ¶¶ 11, 12 and 17, Exh. 7 ("Sleep Review" subpoena), 8 ("Sleep Diagnostics And Therapy" subpoena), and 13 ("American Society of Electroneurodiagnostic Technologists" subpoena).

Prior to bringing this motion, Defendants sought to work out a mutually agreeable discovery schedule with Plaintiff. Defendants' counsel attempted to resolve this matter informally, by negotiating in good faith a joint stipulation to a discovery schedule, but Plaintiff's counsel has rejected all efforts to reach such an agreement, offering only to agree to its proposed stipulation, which because it set forth no restrictions or guidelines on Plaintiff, and would have had the same force and effect as no stipulation.[4] Plaintiff responded to Defendants' requests for a joint stipulation with unfounded, spurious accusations and demands apparently designed to <u>falsely</u> cast Nihon Kohden as "Big Brother," overseeing and manipulating all nonparties served with Plaintiff's discovery demands.[5] For example, in a letter dated March 22, 2007, Plaintiff insisted that Defendants "produce" certain nonparty witnesses for deposition, when there was no cause whatsoever for Plaintiff's demand and (thinly veiled) accusation and where common sense or simple inquiry would have confirmed that Defendants have no authority or control over the third party entities involved. Plaintiff's extreme indifference and disregard for the Federal Rules forced the filing of this motion, which would have been unnecessary had Plaintiff simply abided by basic discovery rules, and ceased employing underhanded litigation tactics.

## II. <u>LEGAL ARGUMENT</u>

Good cause exists for issuance of a protective order or CMO requiring Plaintiff to provide minimum notice of all depositions and subpoenas in this action. Federal Rules of Civil Procedure 30 and 45 require reasonable notice of such events, and courts have interpreted these rules as requiring at least 10 days' notice of depositions. *See* <u>In re Stratosphere Corp. Sec. Litig.</u>, 183 F.R.D. 684, 687 (D.Nev. 1999). Defendants' counsel

[4] See Karcis Aff. ¶¶ 4, 5, 6, 7, 8, 13 and 14, Exhs. 2, 3, 4, 5, 9 and 10.
[5] See Karcis Aff. ¶ 15, Exh. 11.

sought to create, with Plaintiff's counsel, a mutually convenient discovery schedule, to no avail. Plaintiff has yet to provide reasonable notice, of 10 days or more, for nonparty, out-of-state depositions, or offer any explanation as to why so little notice to nonparties and Defendants is either necessary or justified in spite of the Federal Rules' notice requirements.

### A. Plaintiff's Repeated Failure To Provide Reasonable Notice Of Depositions Violates Fed. R. Civ. Proc. 30 and 45

Federal Rules of Civil Procedure 30 and 45 require a party seeking the deposition of any person, or the production of documents, to serve each party with reasonable notice in writing. Fed. R. Civ. Proc. 30(b) and 45(b). Although "reasonableness" depends on the circumstances of the case, ten days' minimum notice is the customary standard. *See* In re Stratosphere, 183 F.R.D. at 687 (subpoena served six days before scheduled deposition (including the weekend), with five-days' notice to opposing party unacceptable as *unreasonably* short). Additionally, in determining the reasonableness of notice, one must consider the amount of time between receipt of notice and the deposition or production date, "with an eye toward [the need for] preparation and travel." In re Sulfuric Acid Antitrust Litig., 231 F.R.D. 320, 327 (N.D.Ill. 2005). No exigent circumstances exist here that would warrant the inadequate notice Plaintiff has opted to provide to both nonparties and to Defendants in this action.[6]

Plaintiff has taken off calendar -- "for now" -- the nonparty depositions of Dominic Chillemi of Med-Tek Solutions, Inc., "Sleep Review," "Sleep Diagnostics and Therapy," "Sleep Review," and "American Society of Electroneurodiagnostic Technologists," but Plaintiff's subpoenas also seek documents from these entities "in lieu of appearance."[7] Plaintiff provided even less notice for the production of documents.[8]

---

[6] Plaintiff's utter disregard for the nonparties' rights to reasonable notice, as defined under Fed. R. Civ. Proc. 45, calls into question whether they have paid the mandatory witness fees.
[7] Karcis Aff. Exhs. 7, 8, and 13.
[8] *Id.*

The chart below sets forth the dates Plaintiff issued its subpoenas, as well as the due dates set by Plaintiff. Also indicated are the dates on which Defendants received notice of the subpoenas from Plaintiff.

**NONPARTY SUBPOENAS ISSUED BY PLAINTIFF ASTRO-MED**[9]

| **Nonparty Recipient of Subpoena (and recipient's location)** | **Date Subpoena Sent by Plaintiff** | **Date Notice Received by Defendants** | **Due Date For Documents Per Subpoena** | **Deposition Date Per Subpoena** | **Date of Cancellation by Plaintiff** |
|---|---|---|---|---|---|
| Dominic Chillemi (New York) | Feb. 27, 2007[10] | NEVER RECEIVED | Feb. 28, 2007 | Feb. 28, 2007 | NEVER RECEIVED |
| "Sleep Review" (California) | Mar. 15, 2007 (via mail) | March 19, 2007 (via mail) | March 22, 2007 | March 27, 2007 | March 26, 2007 |
| "Sleep Diagnostics and Therapy" (California) | Mar. 15, 2007 (via mail) | March 19, 2007 (via mail) | March 22, 2007 | March 27, 2007 | March 26, 2007 |
| "American Society of Electroneurodiagnostic Technologists," (Kansas) | Mar. 21, 2007 (via mail) | March 26, 2007 (via mail) | March 28, 2007 | March 28, 2007 | March 26, 2007 |

In light of the travel arrangements involved, and the time needed for out-of-state nonparties to review the request, seek legal counsel, locate and produce documents, or object or seek a protective order, if necessary, Plaintiff's subpoenas failed to provide reasonable notice as required under Federal Rule of Civil Procedure 45(b). Less than a week's notice for each of the depositions demanded by Plaintiff is patently unreasonable. Moreover, Plaintiff's failure to provide Nihon Kohden or Mr. Plant *any* notice of its February subpoena to Dominic Chillemi points to a flagrant disregard for the rules of discovery, and an intent to obtain a perceived advantage through precisely the sort of

[9] See Karcis Aff. ¶¶ 2, 4, 11, 12, 16 and 17, Exhs. 1, 7, 8, 12 and 13.
[10] Karcis Aff. ¶ 2, Exh. 1 ("This deadline of **less than 24 hours** from the time I received your subpoena is completely unreasonable and is extremely burdensome for me").

pressure tactics the Federal Rules were designed to discourage. After Mr. Chillemi, a New York State resident, objected to Plaintiff's demand to appear for deposition in Rhode Island and to produce documents on less than twenty-four hours' notice, Plaintiff's counsel called Mr. Chillemi and attempt to coerce him into waiving his rights.[11] Plaintiff also provided Nihon Kohden's and Mr. Plant's counsel less than twenty-four hours' notice of cancellation of most its subpoenaed depositions.[12] In fact, Defendants did not learn of the March 28 deposition in Kansas until Plaintiff's counsel called Defendants' counsel on the afternoon of March 26, 2007 to cancel it.[13]

### B. Plaintiff's Discovery Requests Are Premature And Unenforceable

Federal Rule of Civil Procedure 26(d) prohibits parties from serving discovery requests on any source prior to the issuance of a scheduling order or before the parties have stipulated as to discovery issues. This rule prevents one party from unilaterally engaging in discovery unless approved by the court or by stipulation of the parties. *See, e.g.*, Keller v. Bruce Edwards, M.D., 206 F.R.D. 412, 414 (D.Md. 2002). Thus, deposition notices and other discovery requests that violate Rule 26(d) are defective and unenforceable. *Id.* at 415.

Here, prior to any agreement on discovery or the issuance of a scheduling order Plaintiff served Nihon Kohden with notice of some of its third party discovery, as well as Requests for the Production of Documents and Interrogatories.[14] Plaintiff then refused to meet and confer in good faith to delineate the scope and extent of discovery, proceeded to serve deposition subpoenas on third parties either without notice to Defendants, or their counsel, or with inadequate, unreasonably short notice to discovery served on third parties.[15] Although the parties have attempted to reach an agreement regarding

---

[11] Karcis Aff. ¶ 3.
[12] Karcis Aff. ¶ 17, Exh. 13.
[13] *Id.*
[14] Karcis Aff. ¶¶ 10, 11, 12 and 17, Exhs. 6, 7, 8 and 13.
[15] Karcis Aff. ¶ 16, Exh. 12.

jurisdictional discovery, such efforts proved futile due to Plaintiff's refusal to stipulate to any limit to jurisdictional discovery and its insistence that Nihon Kohden "produce" third party witnesses.[16]

Since filing its motion for enlargement of time, Plaintiff has rebuffed every good faith attempt by Defendants to reach a reasonable stipulation agreement regarding discovery. Plaintiff sent Nihon Kohden an overly broad proposed discovery Consent Order and insisted that Nihon Kohden's counsel agree to its terms. When Nihon Kohden requested a general explanation of the scope and extent of Plaintiff's intended "jurisdictional discovery," Plaintiff simply sent back its Consent Order back to Nihon Kohden's counsel, virtually unchanged, except for a glib reference to "jurisdictional issues."

## IV. CONCLUSION

Plaintiff's conduct in this action is reminiscent of a schoolyard bully, one who insists on getting his way, without regard for the rules of propriety and fair play. And like the schoolyard bully who must ultimately adhere to acceptable boundaries, or face expulsion, a party that conducts itself as though the rules do not apply must be set straight -- the sooner, the better.

Plaintiff's flagrant disregard for the rules of discovery should not be countenanced. Accordingly, for all the foregoing reasons, Defendants respectfully request that the Court order the following, by way of protective order, or in the alternative, by case management order:

(1) Plaintiff shall provide all nonparties and all Defendants with at least ten (10) business days notice of any deposition or deposition subpoena with an <u>additional</u> three (3) days notice if served by mail;

---

[16] See Karcis Aff. ¶¶ 15 and 16, Exhs. 11 and 12.

(2) All nonparties shall receive no less than fifteen (15) additional days to respond to Plaintiff's subpoenas; and

(3) Plaintiff and its attorneys shall reimburse Defendants' reasonable expenses incurred in bringing this motion, including its attorneys' fees, pursuant to Federal Rules of Civil Procedure 26(c) and 37(a)(4).

Kevin Plant and Nihon Kohden
By Their Attorneys,

/s/ Bruce W. Gladstone
Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903
401-331-5700
Fax: 401-331-5787

DATED: April 2, 2007

Of Counsel:
E.P. Michael Karcis, Esq.
McLEAN & McLEAN LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405
(310) 450-9353
(310) 581-8006 FAX
michael@mcleanfirm.com

G:\pec\PLANT, KEVIN\Memo Support Case Mgnt Order.doc

**EXHIBIT D**

McLEAN & McLEAN LLP
A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

3001 2ND STREET, SUITE E
SANTA MONICA, CALIFORNIA 90405

TELEPHONE 310.450.9353
FACSIMILE 310.581.8006

April 20, 2007

**VIA FACSIMILE 401-455-0701**
**& U.S. MAIL**

Robert M. Duffy, Esq.
DUFFY SWEENEY & SCOTT LTD
One Turks Head Place, Suite 1200
Providence, RI 02903

**Re** **Astro-Med, Inc. v. Kevin Plant, *et al.***
**U. S. District Court, R.I., Case No. 06-CV-00533-ML**

Dear Attorney Duffy:

Today, we received from you a slew of letters and various documents. By this letter, we respond to yours regarding jurisdictional discovery issues.

Your letter again sidesteps the central issue – Plaintiff's defective notice of Nihon Kohden America, Inc.'s deposition. Your adamant refusal to simply acknowledge the patent defects and to work *with* us, toward our mutual goal of completing discovery and resolving the jurisdictional issue, is particularly unfortunate in light of our standing offer to produce our client, for deposition on April 25 – the date you originally noticed (and represented, to Judge Lisi, that you were prepared to take, on that date).

As for your protestation – that we should have advised you of your defective deposition notice at the April 16 hearing – I fail to see the merit of your stance. That hearing (on our motion for protective order) did not address the propriety of your deposition notice, and our appearance certainly did not require that we educate you as to obvious defects in your notice.[1]

On April 17, 18 and 19, we discussed the scheduled Nihon Kohden deposition and Plaintiff's written discovery. But you only asserted your claimed requirement – that we were to advise you of all defects in your deposition notice – after your receipt of our formal objection. Yet, having learned (yesterday) of the patent defects in your deposition notice, you suddenly claim to need at least 2 days of additional "preparation" time, as an excuse for unilaterally

[1] Judge Lisi's inquiry, at the April 15 hearing, was whether there was a need for a protective order going forward. Our offer to produce Nihon Kohden for deposition on April 25 never included a demand for entry of a protective order.

rescheduling the deposition to May 17 – after Plaintiff's opposition to Nihon Kohden's motion to dismiss is due. These pointless shenanigans might be amusing, were it not for their obvious goal of increasing our client's litigation costs without a legitimate basis or justification.

Fortunately, your flurry of correspondence, including your April 20 letters, will only succeed in exposing the dubiousness of your litigation conduct, as well as the flimsy arguments you offer in support of tenuous claims. Nevertheless, in the interest of adhering to Judge Lisi's instructions, and to avoid any further delay, we remain – notwithstanding our stated objections – **ready and willing to go forward with the April 25 deposition, as scheduled.**

If you have any questions, please call feel free to contact me at (310) 450-9353, ext. 4, or at (508) 212-2142.

Sincerely yours,

E.P. Michael Karcis
of McLean & McLean LLP

EPMK/jh

cc: Bruce W. Gladstone, Esq.

# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ASTRO-MED, INC.,

Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.

Defendants.

**DEFENDANT NIHON KOHDEN AMERICA, INC.'S OBJECTIONS TO PLAINTIFF ASTRO-MED, INC.'S NOTICE OF DEPOSITION**

Defendant Nihon Kohden America, Inc. ("Nihon Kohden") hereby objects to Plaintiff Astro-Med, Inc.'s ("Astro-Med") Notice of Deposition of its employee Gary Reasoner, which Plaintiff noticed for June 11, 2007, at the offices of Greenberg Traurig, 2450 Colorado Avenue, Suite 400E, Santa Monica, California (the "Deposition Notice"), on the grounds that Plaintiff improperly set Mr. Reasoner's deposition after the Court-ordered jurisdictional discovery deadline.

Nihon Kohden further objects on the grounds that the Deposition Notice fails to notice the deposition in Orange County, California, the county where the deponent resides or in the division in which the deponent resides, the Southern Division, Santa Ana Federal Courthouse, United States District Court for the Central District of California. In addition, Nihon Kohden objects to Plaintiff's late and improperly noticed deposition notice on the grounds that both Nihon Kohden and its employees were previously made available to Plaintiff for deposition in this action, on April 25 and May 11, 2007, and that Plaintiff, by canceling, postponing, and delaying the depositions of Nihon Kohden and Mr. Reasoner, is the cause of its failure to take the requested jurisdictional discovery within the timeframe ordered by the Court.

Nihon Kohden America, Inc.
By Its Attorneys

/s/ Bruce W. Gladstone

Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
(401) 331-5700
FAX (401) 331-5787

/s/ E.P. Michael Karcis

E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
(310) 450-9353
FAX (310) 581-8006

Date: June 7, 2007

CERTIFICATION

The undersigned hereby certifies that on the 7th day of June, 2007, a copy of the foregoing Objection was filed through the ECF system, and was served **electronically and by hand delivery** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

Robert M. Duffy, Esquire
rduffy@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Craig M. Scott, Esquire
cscott@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

/s/ Bruce W. Gladstone

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,

Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.

Defendants.

## DEFENDANT NIHON KOHDEN AMERICA, INC.'S OBJECTIONS TO PLAINTIFF ASTRO-MED, INC.'S NOTICE OF DEPOSITION

Defendant Nihon Kohden America, Inc. ("Nihon Kohden") hereby objects to Plaintiff Astro-Med, Inc.'s ("Astro-Med") Notice of Deposition of its employee Michael Osawa, which Plaintiff noticed for June 11, 2007, at the offices of Greenberg Traurig, 2450 Colorado Avenue, Suite 400E, Santa Monica, California (the "Deposition Notice"), on the grounds that Plaintiff improperly set Mr. Osawa's deposition after the Court-ordered jurisdictional discovery deadline.

Nihon Kohden further objects on the grounds that the Deposition Notice fails to notice the deposition in Orange County, California, the county where the deponent resides or in the division in which the deponent resides, the Southern Division, Santa Ana Federal Courthouse, United States District Court for the Central District of California. In addition, Nihon Kohden objects to Plaintiff's late and improperly noticed deposition notice on the grounds that both Nihon Kohden and its employees were previously made available to Plaintiff for deposition in this action, on April 25 and May 11, 2007, and that Plaintiff, by canceling, postponing, and delaying the depositions of Nihon Kohden and Mr. Osawa, is the cause of its failure to take the requested jurisdictional discovery within the timeframe ordered by the Court.

Nihon Kohden America, Inc.
By its Attorneys

/s/ Bruce W. Gladstone
Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
(401) 331-5700
FAX (401) 331-5787

/s/ E.P. Michael Karcis
E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
(310) 450-9353
FAX (310) 581-8006

Date: June 7, 2007

# CERTIFICATION

The undersigned hereby certifies that on the 7th day of June, 2007, a copy of the foregoing Objection was filed through the ECF system, and was served **electronically and by hand delivery** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

Robert M. Duffy, Esquire
rduffy@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Craig M. Scott, Esquire
cscott@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

/s/ Bruce W. Gladstone

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,

Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.

Defendants.

## DEFENDANT NIHON KOHDEN AMERICA, INC.'S OBJECTIONS TO PLAINTIFF ASTRO-MED, INC.'S NOTICE OF DEPOSITION

Defendant Nihon Kohden America, Inc. ("Nihon Kohden") hereby objects to Plaintiff Astro-Med, Inc.'s ("Astro-Med") Notice of Deposition of Nihon Kohden, which Plaintiff noticed for June 11, 2007, at the offices of Greenberg Traurig, 2450 Colorado Avenue, Suite 400E, Santa Monica, California (the "Deposition Notice"), on the grounds that Plaintiff improperly set the deposition after the Court-ordered jurisdictional discovery deadline.

Nihon Kohden further objects on the grounds that the Deposition Notice fails to notice the deposition in Orange County, California, the county where the deponent resides or in the division in which the deponent resides, the Southern Division, Santa Ana Federal Courthouse, United States District Court for the Central District of California. In addition, Nihon Kohden objects to Plaintiff's late and improperly noticed deposition notice on the grounds that Nihon Kohden was previously made available to Plaintiff for deposition in this action, on April 25 and May 11, 2007, and that Plaintiff, by canceling, postponing, and delaying the deposition of Nihon Kohden, is the cause of its failure to take the requested jurisdictional discovery within the timeframe ordered by the Court. Nihon Kohden also objects to the Deposition Notice on the grounds that the subject for

inquiry set forth in No. 1(c), (d) and (e) of Exhibit A to the Deposition Notice are not reasonably calculated to lead to the discovery of admissible evidence and exceed the scope of jurisdictional discovery.

Nihon Kohden America, Inc.
By Its Attorneys

/s/ Bruce W. Gladstone

Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
(401) 331-5700
FAX (401) 331-5787

/s/ E.P. Michael Karcis

E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
(310) 450-9353
FAX (310) 581-8006

Date: June 7, 2007

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 7th day of June, 2007, a copy of the foregoing Objection was filed through the ECF system, and was served **electronically and by hand delivery** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

| | |
|---|---|
| Robert M. Duffy, Esq.<br>rduffy@duffysweeney.com<br>Duffy Sweeney & Scott, Ltd.<br>One Turks Head Place, Suite 1200<br>Providence, RI 02903 | Craig M. Scott, Esq.<br>cscott@duffysweeney.com<br>Duffy, Sweeney & Scott, Ltd.<br>One Turks Head Building, Suite 1200<br>Providence, RI 02903 |
| | |

/s/ Bruce W. Gladstone

# EXHIBIT F

McLEAN & McLEAN LLP
A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

3001 2ND STREET, SUITE E
SANTA MONICA, CALIFORNIA 90405

TELEPHONE 310.450.9353
FACSIMILE 310.581.8006

June 8, 2007

**VIA FACSIMILE 401-455-0701**
**& U.S. MAIL**

Craig Scott, Esq.
DUFFY SWEENEY & SCOTT LTD
One Turks Head Place, Suite 1200
Providence, RI 02903

**Re** **Astro-Med, Inc. v. Kevin Plant, *et al.***
**U. S. District Court, R.I. Case No. 06-CV-00533-ML**

Dear Attorney Scott:

We are in receipt of your letter, dated June 8, 2007, which purports to assert your compliance with the Court's June 8 order that you employ your "best efforts" to move the June 11 depositions to Orange County. Your letter shows that you did not, in fact, comply with the Court's order. Specifically, contacting one firm cannot reasonably be considered to constitute "best efforts". In fact, your efforts have been minimal, at best.

It is presently 3:20 p.m. in California. There nearly 30 court reporter agencies in Orange County. Two the better known agencies are Adecco (2967 Michelson Drive, # Q, Irvine, CA 92612, (949) 553-0991) and Barkley Court Reporters (2040 Main Street, # 250, Irvine, CA 92614, (949) 955-0400). If you need the names of additional court reporters with conference room facilities, or would like to use Nihon Kohden's facilities, please let me know.

Sincerely yours,

E.P. Michael Karcis
of McLean & McLean LLP

EPMK/jh

cc: Bruce W. Gladstone, Esq.

McLEAN & McLEAN LLP
A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

3001 2ND STREET, SUITE E
SANTA MONICA, CALIFORNIA 90405

TELEPHONE 310.450.9353
FACSIMILE 310.581.8006

June 8, 2007

**VIA FACSIMILE 401-455-0701**
**& U.S. MAIL**

Robert M. Duffy, Esq.
DUFFY SWEENEY & SCOTT LTD
One Turks Head Place, Suite 1200
Providence, RI 02903

**Re** **Astro-Med, Inc. v. Kevin Plant, *et al.***
**U. S. District Court, R.I. Case No. 06-CV-00533-ML**

Dear Attorney Duffy:

We are in receipt of your office's second letter of June 8, 2007, requesting production of additional documents. Given the late timing of your request for documents, we will be unable to comply today. However, by employing our best efforts, we can produce additional documents (as stated in the opposition to Plaintiff's motion to compel) by the end of business on June 11.

If you have any questions regarding this matter, please call feel free to contact me at (310) 450-9353, ext. 4, or at (508) 212-2142.

Sincerely yours,

E.P. Michael Karcis
of McLean & McLean LLP

EPMK/jh

cc: Bruce W. Gladstone, Esq.

McLEAN & McLEAN LLP
A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

3001 2ND STREET, SUITE E
SANTA MONICA, CALIFORNIA 90405

TELEPHONE 310.450.9353
FACSIMILE 310.581.8006

June 8, 2007

**<u>VIA FACSIMILE 401-455-0701</u>**
**<u>& U.S. MAIL</u>**

Robert M. Duffy, Esq.
Craig Scott, Esq.
DUFFY SWEENEY & SCOTT LTD
One Turks Head Place, Suite 1200
Providence, RI 02903

**Re** **<u>Astro-Med, Inc. v. Kevin Plant, *et al.*</u>**
**U. S. District Court, R.I. Case No. 06-CV-00533-ML**

Dear Attorneys Duffy and Scott:

As stated in the earlier letter of Bruce Gladstone, the deponents you designated for deposition on June 11 are not available. As you know (and as I just learned), they are currently attending the 21st Annual Meeting of the Associated Professional Sleep Societies in Minnesota. The deponents will be available for deposition June 13-15. This minor delay will allow you sufficient time to locate an available conference room in Orange County.

If you have any questions regarding this matter, please call feel free to contact me at (310) 450-9353, ext. 4, or at (508) 212-2142.

Sincerely yours,

E.P. Michael Karcis
of McLean & McLean LLP

EPMK/jh

cc: Bruce W. Gladstone, Esq.

**EXHIBIT G**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ASTRO-MED, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN PLANT; NIHON KOHDEN AMERICA, INC.<br><br>Defendants. | C.A. No. 06-533-ML |

**AFFIDAVIT OF E.P. MICHAEL KARCIS IN SUPPORT OF DEFENDANTS KEVIN PLANT'S AND NIHON KOHDEN AMERICA, INC.'S OBJECTION TO PLAINTIFF'S MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO NIHON KOHDEN'S MOTION TO DISMISS**

I, E.P. Michael Karcis, declare as follows:

1. I am an attorney at law, licensed to practice before all courts in Massachusetts and California, and am admitted Pro Hoc Vice in this matter. I am an attorney with the firm of McLean & McLean LLP, counsel of record for defendants Kevin Plant and Nihon Kohden America, Inc. ("Nihon Kohden"). The following statements are made of my own personal knowledge, and if called upon as a witness, I could and would competently testify thereto.
2. On February 19, 2007, Nihon Kohden filed its motion requesting that this Court dismiss Plaintiff's claims based the lack of personal jurisdiction. Thereafter, plaintiff Astro-Med, Inc. conducted jurisdictional discovery. During that time,

this Court twice extended the time by which Plaintiff's opposition to Nihon Kohden's motion to dismiss was due. The final extension was until May 24, as stated in this Court's May 17 Order.

3. Instead of serving written jurisdictional discovery at the outset, Plaintiff served deposition subpoenas on various nationally published journals regarding Nihon Kohden advertisements and providing less than the required notice for depositions of those journal publishers. This discovery, including the deposition of Nihon Kohden's sole sales representative for most of New England (Domenic Chillemi of Med-Tek Solutions, Inc.), who indicated that Nihon Kohden lacks sufficient contacts with Rhode Island to create jurisdiction.

4. On March 30, 2007, Plaintiff served its first notice of deposition (Exhibit B) requiring the attendance of Nihon Kohden, but the notice failed to identify the areas of inquiry pursuant to Federal Rules of Civil Procedure 30(b).

5. On April 19, Nihon Kohden objected accordingly (Exhibit C). Nihon Kohden also served, on April 20, 2007, its responses to Plaintiff's request for production of documents and interrogatories.

6. Despite Nihon Kohden's offer to go forward -- notwithstanding its objections -- with the deposition on April 25 (Exhibit D), Attorney Duffy unilaterally canceled the deposition of Nihon Kohden's representative. In fact, I learned that Attorney Duffy would not be attending the April 25 deposition when I called his office on April 24 to confirm the deposition time and his secretary told me that he was not traveling to California.

7. Then, after re-noticing the deposition of Nihon Kohden, as well as two of its employees, for May 17, 2007, Plaintiff's counsel again unilaterally canceled the depositions

8. Plaintiff again noticed the depositions of Nihon Kohden and two of its employees, this time for June 11, 2007. Nihon Kohden again objected (Exhibit G) based on the Court's May 17, 2007 Order limiting the time for Plaintiff to respond to Nihon Kohden's motion to dismiss to May 24.

9. On June 8, 2007, Magistrate Martin stating that this Court did not specifically clarify that jurisdictional discovery was cutoff on May 24, 2007 and he ordered that the deposition proceed as noticed, because Judge Martin could not determine whether this Court intended that Plaintiff's right to conduct jurisdictional discovery be cutoff as of May 24.

10. Given Magistrate Martin's ruling and the proximity of the scheduled June 11 depositions, counsel for Nihon Kohden attempted to comply the ruling. However, the already out-of-town deponents were in transit to or already at a national meeting in Minnesota attended by a number of companies in Nihon Kohden's business, including plaintiff Astro-Med. Attorney Gladstone and I advised Plaintiff's counsel of this fact and requested and offered alternative deposition dates on June 13, 14, or 15, 2007.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 13th day of June in Providence, Rhode Island.

E.P. Michael Karcis, Affiant

NOTARY:
Subscribed and sworn to before me this 13th day of April, 2007 in Providence, Rhode Island.

My Commission Expires: 4/16/2011

**EXHIBIT H**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ASTRO-MED, INC.,

Plaintiff,

v. C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.

Defendants.

**AFFIDAVIT OF BRUCE W. GLADSTONE, ESQUIRE**

The undersigned attorney for the Defendants, Bruce W. Gladstone, hereby swears and makes oath to the following:

1. That I did receive a telephone call from my co-counsel for the Defendants, E.P. Michael Karcis, Esquire, stating that following Friday's emergency hearing on Defendant, Nihon Kohden's Motion for a Protective Order and on Plaintiff's Emergency Motion to Compel Discovery, Attorney Karcis called client, Nihon Kohden, in California in order to advise client of the emergency hearing and the Court's rulings. Attorney Karcis then discovered for the first time that Mr. Ohsawa, one of the named deponents, was on route to the 21st Annual Meeting of the Associated Professional Sleep Societies in Minnesota and could not be available for the noticed deposition.

2. That Mr. Ohsawa had been aware that an objection had been filed to the taking of his deposition, but was unaware of the filing and hearings on the emergency motions referenced above. Mr. Ohsawa, acting in good faith, was proceeding on his belief that the fact that the depositions had been previously continued on two occasions by the Plaintiff and the fact that objections to the taking of the depositions had now been filed, which objections were in part based on the fact that the time for the Plaintiff to respond to the pending Motion to Dismiss

passed, that at a minimum, the depositions would again be continued pending a disposition on these issues in ordinary course.

3. That when your affiant received this information following the June 8, 2007 hearings, at approximately 4:00 to 4:20 p.m., I immediately called Attorney Scott by telephone and advised him that at least one deponent would not be available on June 11th and that I was not aware of this fact during the June 8, 2007 hearing and that the deponent was attending to business matters outside the State of California. I advised Attorney Scott that neither the undersigned nor my co-counsel, Mr. Karcis, had been aware of this and as of that conversation I did not know any more details, but I wanted to call him immediately to let him know about the foregoing deposition before he left for the weekend. Mr. Scott inquired as to the name of the deponent who would not be available on Monday. I called Attorney Karcis back and ascertained that at that point he only had knowledge that Mr. Ohsawa was traveling outside of California. I immediately called Attorney Scott back advising him that it was Mr. Ohsawa.

4. The undersigned advised Attorney Scott that the deponents could be available on Wednesday, June 13, 2007 for their depositions and he should delay his trip until then. I also suggested to Attorney Scott that this may be helpful to all parties as we had the related Motion to Compel More Responsive Answers to Plaintiff's Interrogatories and Request for Production scheduled for Monday and as the Plaintiff wanted this discovery prior to the depositions, it would allow us to avoid further controversy regarding these issues.

5. As of my telephone conversation with Attorney Scott on June 8th, I was not aware that Mr. Reasoner was at the same 21st Annual Meeting in Minnesota, as well.

6. Attorney Scott's response to the undersigned affiant in the June 8th telephone calls was that he had a non-refundable plane ticket and he was going to fly to California as scheduled,

as Nihon Kohden was as of the June 8th rulings on the emergency motions, under Court Order to attend and that Mr. Ohsawa should return to California immediately to be present on Monday. Attorney Scott refused to delay the depositions and he refused to entertain the taking of the depositions on June 13, 2007 as I proposed, in order to allow Mr. Ohsawa an opportunity to return in due course.

Bruce W. Gladstone

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

Subscribed and sworn to before me this 13th day of June, 2007.

Notary Public
My Commission Expires: