UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC., | : | |
| Plaintiff, | : | |
| vs. | : | C.A. No. 06-533 ML |
| KEVIN PLANT and NIHON KOHDEN AMERICA, INC., | : | |
| Defendants. | : | |

**PLAINTIFF ASTRO-MED, INC.'S
MOTION FOR SANCTIONS AGAINST DEFENDANT
NIHON KOHDEN AMERICA, INC. AND E.P. MICHAEL KARCIS, ESQ.**

Plaintiff Astro-Med, Inc. ("Astro-Med") hereby moves, pursuant to Fed. R. Civ. P. 37(b) and (d), for an Award of Sanctions against Defendant Nihon Kohden America, Inc. ("Nihon Kohden") and its attorney, E. P. Michael Karcis, Esq. In support of this Motion, Astro-Med submits the Memorandum of Law fled contemporaneously herewith.

Respectfully submitted,

ASTRO-MED, INC.

/s/Robert M. Duffy

Robert M. Duffy, Esq. (#4428)
Craig M. Scott, Esq. (# 4237)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile
cscott@duffysweeney.com
rduffy@duffysweeney.com

Dated: June 19, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that the within PLAINTIFF ASTRO-MED, INC.'S MOTION FOR SANCTIONS AND AGAINST DEFENDANT NIHON KOHDEN AMERICA, INC. AND E.P. MICHAEL KARCIS, ESQ. was filed through the ECF system on the 19th day of June, 2007, and will be sent electronically to counsel named below who are registered participants identified on the Notice of Electronic Filing:

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

and was served, via First Class Mail, to the counsel named below who is not a registered ECF participant:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

/s/Robert M. Duffy
Robert M. Duffy, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC., Plaintiff, vs. KEVIN PLANT and NIHON KOHDEN AMERICA, INC., Defendants. | : | C.A. No. 06-533 ML |

**PLAINTIFF ASTRO-MED, INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS AGAINST DEFENDANT NIHON KOHDEN AMERICA, INC. AND E.P. MICHAEL KARCIS, ESQ.**

Plaintiff Astro-Med, Inc. ("Astro-Med") submits this Memorandum in Support of its Motion for Sanctions pursuant to Fed. R. Civ. P. 37(b) and (d) against Defendant Nihon Kohden America, Inc. ("Nihon Kohden") and its *pro hac vice* counsel, E.P. Michael Karcis, Esq. Nihon Kohden and Attorney E.P. Michael Karcis deliberately and willfully disregarded four Court Orders of June 8, 2007 that compelled the appearances of Nihon Kohden and its employees, Michael Ohsawa ("Ohsawa") and Gary Reasoner ("Reasoner"), at deposition on June 11, 2007 in Santa Monica, California. Astro-Med's Rhode Island counsel, Craig Scott, traveled to California to take the Court-ordered depositions. Nihon Kohden, Ohsawa and Reasoner, all based in Southern California, failed to appear. Mr. Karcis, whose firm is based in Santa Monica, California, also failed to appear.

Astro-Med respectfully requests that this Court enter an Order pursuant to Fed. R. Civ. P. 37(b) and (d) requiring Nihon Kohden to (1) compensate Duffy Sweeney & Scott, Ltd. ("Duffy Sweeney & Scott") for the time spent by Mr. Scott away from the office and Astro-Med's fees and expenses incurred as a result of Mr. Scott flying to Santa Monica, California and appearing

at deposition on June 11, 2007 as ordered by the Court; (2) reimburse Astro-Med for the fees incurred in preparing and arguing this Motion; and (3) requiring Nihon Kohden and its California attorney, E.P. Michael Karcis, jointly and severally, to pay Astro-Med $10,000 for its deliberate disregard of four Orders of this Court commanding that the depositions proceed as noticed by Astro-Med on June 11, 2007.

**FACTS**

1. On May 29, 2007, Astro-Med re-noticed the Rule 30(b)(6) deposition of Nihon Kohden. It also re-noticed the depositions of its employees, Ohsawa and Reasoner, for June 11, 2007. (The May 29, 2007 Notices of Deposition are attached hereto as Exhibit A). Mr. Ohsawa is Nihon Kohden's Director of Operations. Mr. Reasoner is the Director of Nihon Kohden's Neurology Business Unit.

2. On May 24, 2007, prior to noticing the depositions, Mr. Scott conferred with Nihon Kohden's local counsel, Bruce Gladstone. Mr. Scott advised Mr. Gladstone that he planned to notice the depositions for June 11, 2007. Mr. Scott asked Mr. Gladstone to get back to him if there was any problem with that date. (The Affidavit of Craig M. Scott, Esq. ("Scott Aff."), ¶2, is attached as Exhibit B.) Mr. Gladstone did not indicate at any time after this conversation that the date of June 11, 2007 was inconvenient for Defendant or its witnesses. Scott Aff., ¶2. Accordingly, on May 29, 2007, five days later, Mr. Scott noticed the depositions of Nihon Kohden, Ohsawa and Reasoner for June 11, 2007 in Santa Monica, California. *Id.*

3. Thereafter, on June 6, 2007, Astro-Med's counsel sent correspondence to defense counsel regarding the date and the location of the depositions and requested that documents and

information Nihon Kohden improperly withheld from production be produced prior to the deposition.[1] Scott Aff., ¶3. Defendants did not respond in any way to that correspondence.

4. Late in the day on June 7, 2007, two business days before the date of depositions noticed for Santa Monica, California, Defendants served objections to the depositions. Also, by letter of June 7, 2007, Defendants informed Astro-Med that they would not produce witnesses on June 11, 2007. Defendants neither moved for nor obtained a protective order as required by Rule 37(d) at the time these documents were served on Plaintiff.

5. This was not the first time Defendants served Astro-Med with a last minute objection to the deposition of Nihon Kohden. On March 30, 2007, Astro-Med noticed the deposition of Nihon Kohden to take place in Santa Monica, California on April 25, 2007. Nihon Kohden's principal place of business is approximately one hour from Santa Monica, California, Nihon Kohden's primary counsel, Mr. Karcis, maintains his office in Santa Monica, California, and Santa Monica, California is a city within which Astro-Med had access to a law office and administrative support. Thus, Santa Monica, California was a reasonable place to conduct a deposition.

6. On April 20, 2007, three business days before the deposition was to take place in Santa Monica, California, Defendants served (but did not file) an Objection for the first time to Nihon Kohden's deposition. (The Affidavit of Robert M. Duffy, Esq. ("Duffy Aff."), ¶4, is attached as Exhibit C). Astro-Med immediately postponed the California deposition because, inter alia, it was concerned about flying to California to take the deposition with an outstanding objection, even though no protective order had been sought or issued. Astro-Med's counsel so advised Defendants on April 20, 2007. (The April 20, 2007 letter is attached hereto as Exhibit D.) Astro-Med also re-noticed the depositions on April 20, 2007 to May 17, 2007 to allow

[1] On June 11, 2007, Magistrate Judge Martin ordered Nihon Kohden to produce the withheld documents.

Defendants sufficient time to seek a protective order from this Court as required by Rule 37(d) if they so desired. (The May 17, 2007 Notices of Depositions are attached hereto as Exhibit E.) On April 24, 2007 Astro-Med's counsel again reiterated that Defendants were required to move for a protective order if they believed that the notices were improperly served. (The April 24, 2007 letter is attached hereto as Exhibit F.)

7. Nihon Kohden's last minute objection to the April deposition was surprising because, on April 16, 2007, Chief Judge Lisi entertained several motions, including Defendants' Motion for Protective Order relating to discovery and depositions. At that hearing, Chief Judge Lisi expressly asked if there were any issues pertaining to the two pending depositions (Nihon Kohden and Defendant Kevin Plant). Defendants' counsel raised no issues with either the form of the notice or the fact that the deposition was going to be taken in Santa Monica, California. Moreover, immediately following that hearing, Plaintiff's counsel Robert M. Duffy, Esq., discussed with Mr. Karcis the subjects of the testimony requested of Nihon Kohden and the expected length of the deposition. Duffy Aff., ¶3. During that conversation Mr. Karcis made no objection to the deposition taking place as noticed and did not comment at all on the form of the deposition notice or the place of deposition.

8. The May 17, 2007 depositions did not go forward due to a medical emergency suffered by Mr. Duffy. On May 14, 2007, due to that medical emergency, Mr. Duffy postponed the depositions scheduled for May 17, 2007 in Santa Monica, California by letter attached as Exhibit G. Mr. Duffy underwent back surgery shortly thereafter. Duffy Aff., ¶4. As of May 14, 2007 Defendants had not filed a motion for protective order, did not object to the depositions going forward, had not supplemented the answers to interrogatories and did not produce

responsive documents relating to the substantive claims in the litigation and the jurisdictional issues as required in the document requests.[2]

9. Upon receiving Defendants' June 7, 2007 Objections, Plaintiff prepared and filed an Emergency Motion to Compel Appearance at Depositions. Defendants also filed three Motions for Protective Order on June 8, 2007 to prevent the depositions of Nihon Kohden, Ohsawa and Reasoner from proceeding as noticed on June 11, 2007. All four motions were referred to Magistrate Judge Martin, who held a hearing on Friday afternoon, June 8, 2007.

10. On June 8, 2007, following a hearing, Magistrate Judge Martin denied Nihon Kohden's Motions for Protective Order and granted Astro-Med's Motion to Compel the appearance of Nihon Kohden, Ohsawa and Reasoner at deposition in Santa Monica, California on June 11, 2007.[3] (The Court's June 8, 2007 Orders are attached hereto as Exhibit I.)

11. Following the Friday afternoon hearing, Mr. Gladstone placed two telephone calls to Mr. Scott. In the first conversation, Mr. Gladstone told Mr. Scott that one of the deponents "was told that the deposition was called off" and that he went or was going to a trade show. Mr. Gladstone did not know the person's name and he did not know whether it was one of the Rule 30(b)(6) designees. Mr. Gladstone could not explain how one of the deponents could be told that the depositions were off. Scott Aff., ¶5.

12. Mr. Gladstone called back on Friday afternoon at approximately 5:00 p.m. and told Mr. Scott that Mr. Reasoner planned to attend a trade show on June 11, 2007 (he did not say where) and that Mr. Reasoner had been told that the deposition was called off. Mr. Gladstone

[2] On April 25, 2007 Astro-Med's counsel sent detailed letters to Defendants outlining their deficient discovery and requesting, pursuant to Rule 37 and 26, that documents be produced and interrogatories answered consistent with the Rules. (The April 25, 2007 letter are attached hereto as Exhibit H.)

[3] In the Order compelling appearance at deposition, Magistrate Judge Martin directed Astro-Med to determine whether the situs of the deposition could be moved to the office of Greenberg, Traurig in Orange County, California. Mr. Scott made that request of an administrator of Greenberg, Traurig's Santa Monica office, but was informed there was no availability for conference facilities at Greenberg, Traurig's Orange County office on June 11, 2007. Mr. Scott so advised Defendants by letter on June 8, 2007. Scott Aff., ¶4.

was careful to make clear that he did not tell Mr. Reasoner that the depositions were called off and that he had no idea how Mr. Reasoner could have been told that the depositions were off as they were not cancelled and the Court had ordered them to go forward just an hour prior to the conversation. Scott Aff., ¶6. Mr. Scott reiterated that the depositions were going forward as noticed and ordered by the Court, that he had purchased non-refundable plane tickets, and that Mr. Reasoner should be recalled to California to the extent he had left California. At that time Mr. Scott made it clear that he was leaving the office for the weekend. Scott Aff., ¶6.

13. Unknown to Astro-Med's counsel, at 7:11 p.m. on Friday, June 8, 2007, Mr. Karcis faxed a letter to Duffy Sweeney & Scott that stated that no witness would be produced by Nihon Kohden on June 11, 2007. (The June 8, 2007 letter is attached hereto as Exhibit J.) Astro-Med's counsel had gone home for the day and did not receive the letter until early Monday morning. Significantly, neither Mr. Gladstone nor Mr. Karcis left a voice mail or e-mail to Astro-Med's counsel. Scott Aff., ¶7. In fact, Mr. Gladstone did not know that Mr. Karcis refused to produce witnesses until he saw Mr. Karcis' Friday night letter when he got to the office Monday morning. Mr. Scott left for California on Sunday, June 10, 2007. Scott Aff., ¶8.

14. On June 11, 2007, at approximately 8:30 a.m., Duffy Sweeney & Scott's Providence, Rhode Island office learned of Mr. Karcis' Friday evening fax. Duffy Aff., ¶5. Mr. Duffy immediately telephoned Mr. Scott in California (at 5:30 a.m. P.T.) and advised him that Mr. Karcis did not intend to produce Defendants for deposition despite this Court's Order compelling their appearance at deposition. Duffy Aff., ¶5; Scott Aff., ¶9.

15. On June 11, 2007, a previously scheduled hearing on Plaintiff's Motion to Compel was scheduled for hearing before Magistrate Judge Martin at 10:00 a.m. At that hearing, Astro-Med's counsel made an oral Motion for Sanctions and to Compel Nihon Kohden, Ohsawa

and Reasoner to appear in Rhode Island at deposition. Magistrate Judge Martin directed Astro-Med to file a written Motion for Sanctions and entered an Order compelling Nihon Kohden, Ohsawa and Reasoner to appear at deposition in Providence, RI on June 18 or 19, 2007. (The Court's June 11, 2007 Minute Entry is attached hereto as Exhibit K.) The Court also granted Astro-Med's Motion to Compel Discovery, and substantially overruled Defendant's Objections. The Court ordered Defendants to produce all responsive material and updated interrogatory answers not later than June 15, 2007 at 5:00 p.m. (The Court's June 11, 2007 discovery Order is attached hereto as Exhibit L.)

## ARGUMENT

1. This Court should award sanctions pursuant to Fed. R. Civ. P. 37(b)(2) because Nihon Kohden failed to obey this Court's Order to appear at deposition on June 11, 2007.

This Court should award sanctions pursuant to Fed. R. Civ. P. 37(b)(2) because Nihon Kohden failed to obey this Court's Order to appear at deposition on June 11, 2007. Fed. R. Civ. P. 37(b)(2) provides, in pertinent part:

> (b) **Failure to Comply With Order.**
> *****************
>
> (2) **Sanctions by Court in Which Action is Pending.** If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just ...

As a condition precedent to recovery under Rule 37(b)(2), a court order must be in effect and must be violated. *R.W. Int'l Corp. v. Welch Foods, Inc.*, 937 F.2d 11, 15 (1st Cir. 1991).

This Court ordered on June 8, 2007 that Defendant Nihon Kohden and its employees, Ohsawa and Reasoner, appear for deposition on June 11, 2007 in California. Exhibit I. That Order was made by the Court after full hearing on Defendants' Motions for Protective Order, each of which was denied, and Plaintiff's Motion to Compel Appearance at Depositions, which was granted.

Relying on the integrity of the Orders of this Court, Mr. Scott traveled to Santa Monica, California on Sunday, June 10, 2007 to conduct the depositions on June 11, 2007. But the very thing that Astro-Med sought to avoid by requesting the Court's emergency assistance on Friday, June 8, 2007, occurred when Nihon Kohden and its employees, Ohsawa and Reasoner, deliberately and intentionally failed to appear for deposition on June 11, 2007. Instead, one or more of them apparently traveled outside the State of California to attend a trade show. Accordingly, Astro-Med's counsel ended up in California with no witnesses to depose and Astro-Med incurred the substantial time and expense associated with cross-country travel, as well as the time and expense incurred in preparing its Oral Motion for Sanctions on June 11, 2007 and this written Motion for Sanctions to be heard at a later date by the Court. Mr. Scott was away for approximately three full days as a result of the cross-country travel and was away from his family on Sunday, June 10, 2007.

Adding insult to injury, while Mr. Scott was in California, Mr. Karcis, Defendants' California counsel whose office is in Santa Monica, California just miles from the deposition location, was in Providence, Rhode Island on Monday, June 11, 2007. He appeared in this Court to argue Defendants' objections to discovery motions that were before this Court. Plainly, Mr. Karcis had no intention of going to California or producing witnesses on June 11, 2007 despite this Court's Order; Mr. Karcis has shown nothing but complete disrespect for this Court and its Orders.

This Court has a panoply of sanctions available to it under Rule 37(b)(2) and may enter any order that is just. *Marcello v. Desano*, 2006 WL 1582404 (D.R.I. March 23, 2006) (slip copy attached hereto as Exhibit M.) As this Court stated in *Marcello*, "when noncompliance with an order occurs, 'the ordering court should consider the totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation.'" (Citing *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003).) The appropriateness of an available sanction depends upon the facts of a particular case. *Torres-Vargas v. Pereira*, 431 F.3d 389, 392 (1st Cir. 2005). As the First Circuit noted, "a party's disregard of a court order is a paradigmatic example of extreme misconduct." *Id.* at 393. For that reason, "a party flouts a court order at his peril." *Id.* What lies behind the sanctioning power of the court is not merely, or perhaps principally, the desirability of punishing a party or counsel for dilatory actions or inactions, but the necessity of invocation of an extreme sanction, where justified, in order to deter others from similar conduct. *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781 (1976).

It is hard to conceive of a more deliberate and direct affront to this Court than Nihon Kohden's failure to appear at depositions on June 11, 2007. Nihon Kohden and its counsel were ordered in no uncertain terms on June 8, 2007 that the depositions noticed for June 11, 2007 were to go forward and that the witnesses were compelled to appear. Notwithstanding that fact, Mr. Karcis either informed his clients that they need not comply with the Order, which resulted in Messrs. Ohsawa and Reasoner and the other 30(b)(6) designee(s) leaving the State of California, or failed to impress upon them the importance of returning to California, (assuming they had already left) once the Motion to Compel Appearance at Depositions was granted and the Motions for Protective Order denied. Either way, Nihon Kohden and its counsel have shown

total disregard for this Court and its power to manage its docket and the parties that are present before it. Rule 37(b)(2) exists precisely so that this Court can treat disregard of its orders as contempt of court[4] and award appropriate relief to the party harmed as a result of that contempt, punish the party or counsel for its wrongful actions, and to deter others from similar conduct. *See, e.g., Id.* For these reasons, this Court should enter an award of sanctions pursuant to Rule 37(b)(2).

2. This Court should require Nihon Kohden and E.P. Michael Karcis to pay Astro-Med's reasonable expenses, including attorneys' fees, caused by the failure of Nihon Kohden and its employees to appear at deposition as noticed on June 11, 2007 pursuant to Rule 37(d).

This Court should require Nihon Kohden and its attorney E.P. Michael Karcis to pay Astro-Med's reasonable expenses, including attorneys' fees, caused by the failure of Nihon Kohden and its employees to appear at deposition as noticed on June 11. This relief is expressly provided in Rule 37(d). Significantly, Rule 37(d) does not require that an order be violated before the Court can provide under that Rule. Rule 37(d) provides, in pertinent part:

> (d) **Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection.** If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice … the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule … In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
>
> The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c).

[4] Rule 37(b)(2)(D) expressly permits the Court to treat disregard of an order as a contempt of court.

On May 29, 2007, after conferring with opposing counsel, Astro-Med noticed the depositions of Nihon Kohden pursuant to Rule 30(b)(6) and its employees, Ohsawa and Reasoner, for June 11, 2007 in Santa Monica, California. It chose that date five days after giving Nihon Kohden's counsel an opportunity to advise whether that date was inconvenient for deposition. At no time did Nihon Kohden advise Astro-Med that the date was inconvenient and Astro-Med went forward with plans to take that deposition. At all pertinent times the deposition notices were in effect and Astro-Med's counsel purchased non-refundable plane tickets and attended the deposition on June 11, 2007 as noticed in Santa Monica, California. Nihon Kohden and its employees did not appear at deposition. Astro-Med's counsel was present for and made a record of non-appearance for each witness. (Records of Non-Appearance are attached hereto as Exhibit N.) Defendant Nihon Kohden and its employees directly violated Rule 37(d) by failing to appear for deposition without obtaining a protective order as required by Rule 37(d). Accordingly, this Court should issue an order requiring Nihon Kohden and E. P. Michael Karcis, or both, to pay Astro-Med's reasonable expenses, including attorneys' fees, incurred in traveling to and from California, conducting the depositions so as to preserve the record of non-appearance, and in preparing and arguing this motion.

## CONCLUSION

Nihon Kohden's and E.P. Michael Karcis' disregard of this Court's Order is extreme misconduct that is inimical to the orderly administration of justice. Indeed, Defendant and its California counsel have intentionally and deliberately flouted this Court's Orders, have caused extreme inconvenience to Astro-Med's counsel who, relying on this Court's Orders and the belief that the parties will respect those Orders, traveled over 6,000 miles only to find Mr. Karcis in Rhode Island and deponents elsewhere as if the Orders never issued. While the sanctions

issued by this Court should bear a direct relation to the actual harm suffered, they should also act as effective deterrents not only for the violators in this case, but also for other parties who may come before this Court. Accordingly, Astro-Med respectfully requests that this Court:

(1) Order Nihon Kohden and E.P. Michael Karcis, Esq., jointly and severally, to compensate Duffy Sweeney & Scott, Ltd. for the time spent by Mr. Scott away from the office and Astro-Med's fees and expenses incurred as a result of its counsel flying to Santa Monica, California and appearing at deposition on June 11, 2007 as ordered by the Court;

(2) Order Nihon Kohden and E.P. Michael Karcis, Esq., jointly and severally, to reimburse Astro-Med for the fees incurred in preparing and arguing this Motion;

(3) Require Nihon Kohden and its California attorney E.P. Michael Karcis, Esq., jointly and severally, to pay Astro-Med $10,000; and

(4) Order that the above payments be made within seven (7) days of entry of this Order to the office of Duffy Sweeney & Scott, Ltd.

Respectfully submitted,

ASTRO-MED, INC.

/s/ Robert M. Duffy

Robert M. Duffy, Esq. (#4428)
Craig M. Scott, Esq. (# 4237)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile
rduffy@duffysweeney.com
cscott@duffysweeney.com

**CERTIFICATE OF SERVICE**

I hereby certify that the within PLAINTIFF ASTRO-MED, INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS AGAINST DEFENDANT NIHON KOHDEN AMERICA, INC. AND E.P. MICHAEL KARCIS, ESQ.was filed through the ECF system on the 19th day of June, 2007, and will be sent electronically to counsel named below who are registered participants identified on the Notice of Electronic Filing:

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

and was served, via First Class Mail, to the counsel named below who is not a registered ECF participant:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

/s/Robert M. Duffy
Robert M. Duffy, Esq.