# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>KEVIN PLANT and NIHON KOHDEN AMERICA, INC.,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 06-533 ML |

**AFFIDAVIT OF CRAIG M. SCOTT, ESQ.**

I, Craig M. Scott, Esq., under oath, depose and state as follows:

1. I am a partner in the law firm of Duffy Sweeney & Scott, Ltd. I represent Plaintiff Astro-Med, Inc. ("Astro-Med") in the above-captioned litigation. I have personal knowledge of the facts set forth herein.

2. On May 29, 2007, on behalf of Astro-Med, I re-noticed the Rule 30(b)(6) deposition of Nihon Kohden America, Inc. and the depositions of its employees, Michael Ohsawa and Gary Reasoner, for June 11, 2007 to be taken in Santa Monica, California. On or about May 24, 2007, prior to re-noticing the depositions, I conferred with Nihon Kohden's local counsel, Bruce Gladstone, Esq., regarding the June 11, 2007 deposition date. Mr. Gladstone said he would get back to me if there was any problem with the June 11, 2007 date for deposition. At no time following that telephone call or the noticing of depositions did Mr. Gladstone advise me that the June 11, 2007 was inconvenient for Defendants or its witnesses.

3. On June 6, 2007, I sent an e-mail to defense counsel regarding the June 11, 2007 deposition and requested that they produce documents and information responsive to Astro-

Med's outstanding discovery requests that had not previously been produced. Defendants did not respond in any way to that correspondence and did not advise me that the June 11, 2007 date of deposition was inconvenient or that they had any objection to it.

4. Consistent with the Court's Order granting Astro-Med's Motion to Compel Appearance at deposition, I telephoned Greenberg, Traurig's Santa Monica office where the depositions were scheduled to take place and inquired whether Greenberg, Traurig had any conference room availability at its Orange County office on Monday, June 11, 2007. A conference call ensued with an administrator of Greenberg, Traurig's Orange County office. We were advised that there were no conference rooms available for the depositions on June 11, 2007. I promptly advised Messrs. Karcis and Gladstone of this fact by letter, which is attached hereto as Exhibit 1.

5. After the Court denied Nihon Kohden's Motions for Protective Order and granted Astro-Med's Motion to Compel Appearances at deposition on June 11, 2007, Mr. Gladstone called me twice late in the afternoon of Friday, June 8, 2007. In the first conversation, Mr. Gladstone told me that one of the deponents was "told that the deposition was called off" and that the deponent either went or was going to a trade show. Mr. Gladstone did not know the person's name and he did not know if it was one of the Rule 30(b)(6) designees. Mr. Gladstone could not explain to me during that telephone conversation how one of the deponents could be told that the depositions were off.

6. The second conversation occurred later on June 8, 2007 at around 5:00 p.m. Mr. Gladstone called and said that it was Mr. Reasoner who planned to attend the trade show on June 11, 2007. Mr. Gladstone did not say where the trade show was, but he did state that Mr. Reasoner had been told that the deposition was called off. Mr. Gladstone was careful to

make clear that he did not tell Mr. Reasoner that the depositions were called off and that he had no idea how Mr. Reasoner could have been told that the depositions were off as they were not cancelled and the Court had ordered them to go forward just an hour prior to the conversation. I reiterated during this telephone conversation that the depositions were going forward as ordered by the Court, that I had purchased non-refundable tickets, and that Mr. Reasoner should be recalled to California to the extent that he had left California. At that point both Mr. Gladstone and I said that we were leaving the office for the weekend.

7. I did not receive any e-mails or voice mails from Nihon Kohden's counsel at any time after I left the office at approximately 5:30 p.m. on Friday, June 8, 2007.

8. Unknown to me, at 7:11 p.m. on Friday, June 8, 2007, Nihon Kohden's counsel, Mr. Karcis, faxed a letter to Duffy Sweeney & Scott, Ltd. that stated for the first time that no witness would be produced by Nihon Kohden on June 11, 2007. Not knowing that Defendants' intended to flout this Court's Orders compelling their appearance at deposition on June 11, 2007, I left my family on Sunday, June 10, 2007 and spent approximately 10.5 hours traveling to California.

9. On June 11, 2007, I received a telephone call at approximately 5:30 a.m. PST from my office and was advised of Mr. Karcis' Friday night letter for the first time.

10. I appeared at the depositions in Santa Monica, California at the time noticed and no Nihon Kohden witness appeared at deposition. I proceeded to make a record of the witnesses' non-appearance, which transcripts have been provided to the Court in connection with Astro-Med's Motion for Sanctions.

11. My time spent for travel to California was 10.5 hours and my return time, due to connecting delays, was 13.8 hours. I also spent three hours on June 11, 2007 dealing with the

issues raised by Defendants' non-appearance and making a record thereof. My hourly rate is $365.00. This accounting does not take into consideration lost time and inefficiencies associated with the cancelled depositions, and the professional and personal inconvenience associated with cross country travel.

Craig M. Scott, Esq.

STATE OF RHODE ISLAND
CITY OF PROVIDENCE

Subscribed and sworn to before me this 18th day of June, 2007.

# EXHIBIT 1

DUFFY SWEENEY & SCOTT, LTD
BUSINESS LAW & LITIGATION

*Craig M. Scott*
*cscott@duffysweeney.com*

June 8, 2007

***Via Facsimile and First Class Mail***
Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

Re: Astro-Med, Inc. v. Kevin Plant, et. al.
USDC RI C.A. No. 06-533ML

Dear Bruce:

I contacted Greenberg Traurig upon my return from court this afternoon and requested that the depositions scheduled for Monday at its Santa Monica office be re-located to its Orange County office. They advised that there is no conference room availability on Monday at the Orange County office.

Accordingly, I look forward to seeing you or Mike at Greenberg's Santa Monica office on Monday at 9:00 a.m., as noticed.

Very truly yours,

Craig M. Scott

CMS/emh
cc: E.P. Michael Karcis, Esq. *(Via Facsimile and First Class Mail)*
Robert M. Duffy, Esq.

astro-med\plant, kevin\letters\Gladstone 6-08-07 2 CMS