# EXHIBIT L

Case 1:06-cv-00533-ML-DLM Document 80 Filed 06/11/2007 Page 1 of 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC., Plaintiff, | : | |
| v. | : | CA 06-533 ML |
| KEVIN PLANT and NIHON KOHDEN AMERICA, INC., Defendants. | : | |

**ORDER**
**GRANTING PLAINTIFF'S MOTION TO COMPEL**

Before the Court is Plaintiff Astro-Med, Inc.'s Motion to Compel Production of Documents and Answers to Interrogatories (Document ("Doc.") #64) ("Motion to Compel" or "Motion"). The Court conducted a hearing on the Motion on June 11, 2007.

**I. To the extent that the Motion seeks to compel further requests to Plaintiff's First Request for Production of Documents to Nihon Kohden America, Inc., the Court made the following rulings:**

A. Defendant's objections, except those based on time frame and the attorney-client privilege and/or attorney work product doctrine, are overruled.

B. Defendant's objections based on time frame are sustained. Defendant need only respond as to the five years preceding April 20, 2007.

C. As to any documents withheld on grounds of attorney-client privilege and/or attorney work product doctrine, Defendant shall submit the withheld documents for in camera review and file a privilege log.

D. Defendant is to produce materials responsive to the requests for production without the qualifications asserted in Defendant Nihon Kohden America, Inc.'s Objections and Responses to Plaintiff Astro-Med, Inc.'s First Request for Production of

Case 1:06-cv-00533-ML-DLM Document 80 Filed 06/11/2007 Page 2 of 3

Documents, namely: 1) that "prospective customers" are defined only as those businesses or individuals in Rhode Island to whom a price quotation has been sent[1] and 2) that equipment or product is defined only as medical equipment.

E. As to Requests No. 9 and No. 10, Defendant may designate the materials produced as attorneys' eyes only in accordance with the protective order to which the parties indicated they have agreed.

**II. To the extent that the Motion seeks to compel answers to Plaintiff's First Set of Interrogatories to Nihon Kohden America, Inc., the Court made the following rulings:**

A. Defendant's objections, except those based on time frame and the attorney-client privilege and/or attorney work product doctrine, are overruled.

B. In responding to questions concerning contacts with Rhode Island, purely personal, non-business communications may be disregarded.[2]

C. Defendant's objections based on time frame are sustained. Defendant need only respond as to the five years preceding April 20, 2007.

D. As to any documents withheld on grounds of attorney-client privilege and/or attorney work product doctrine, Defendant

---

[1] At the June 11, 2007, hearing, the Court gave as an example of a document which was within the scope of the Plaintiff's request for production (and which must be produced) a sales brochure which describes a product or piece of equipment made by Defendant Nihon Kohden and which contains a telephone number, web site address, or mailing address from which additional information may be obtained even though the brochure itself does not contain price information.

[2] The Court gave as an example of the type of communication which may be disregarded an inquiry by one of Defendant's executives about vacationing in Rhode Island. As an example of a communication which must be disclosed, the Court cited an inquiry by Defendant to the Rhode Island Convention Center seeking information about how to obtain space at a trade show.

Case 1:06-cv-00533-ML-DLM Document 80 Filed 06/11/2007 Page 3 of 3

shall submit the withheld documents for in camera review and shall file a privilege log.

E. Defendant is to answer the interrogatories without the qualifications asserted in Defendant Nihon Kohden America, Inc.'s Objections and Responses to Plaintiff Astro-Med, Inc.'s First Set of Interrogatories, namely: 1) that "prospective customers" are defined only as those businesses or individuals in Rhode Island to whom a price quotation has been sent[3] and 2) that equipment or product is defined only as medical equipment.

F. To the extent that the Motion seeks to require Defendant to provide Plaintiff with interrogatory answers that are signed under oath by Michael Ohsawa, the Motion is granted. Defendant shall provide a signed copy of Defendant's answers to interrogatories not later than 5:00 p.m. on June 11, 2007.

In all other respects, Defendant shall comply with this Order by 5:00 p.m. on Friday, June 15, 2007.

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
June 11, 2007

[3] See n.1.