**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ASTRO-MED, INC.,

Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN
AMERICA, INC.

Defendants.

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT NIHON KOHDEN'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; OR IN THE ALTERNATIVE TO DISMISS FOR IMPROPER VENUE; OR IN THE ALTERNATIVE TO TRANSFER FOR IMPROPER VENUE; OR IN THE ALTERNATIVE TO TRANSFER FOR CONVENIENCE**

Defendant Nihon Kohden America, Inc. ("Nihon Kohden"), through its counsel, hereby submits this Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), on the grounds that the United States District Court for the District of Rhode Island lacks personal jurisdiction over Nihon Kohden; or in the alternative, that pursuant to Federal Rules of Civil Procedure 12(b)(3), the action should be dismissed as to Nihon Kohden because venue is improper; or in the alternative, this action should be transferred to either the United States District Court for the Central District of California or to the United States District Court for the Middle District of Florida. In support of its Reply, Defendant submits the accompanying Memorandum of Law.

NIHON KOHDEN AMERICA, INC.
By Its Attorneys,

/s/ Bruce W. Gladstone
Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
PHONE: (401) 331-5700
FAX: (401) 331-5787

/s/ E.P. Michael Karcis

E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
PHONE: (310) 450-9353
FAX: (310) 581-8006

DATE: June 21, 2007

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 21st day of June, 2007, a copy of the foregoing was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

| | |
|---|---|
| Robert M. Duffy, Esq.<br>rduffy@duffysweeney.com<br>Duffy Sweeney & Scott, Ltd.<br>One Turks Head Place, Suite 1200<br>Providence, RI 02903 | Craig M. Scott, Esq.<br>cscott@duffysweeney.com<br>Duffy, Sweeney & Scott, Ltd.<br>One Turks Head Building, Suite 1200<br>Providence, RI 02903 |
| | |

/s/ Bruce W. Gladstone

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,

Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF NIHON KOHDEN'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; OR IN THE ALTERNATIVE TO DISMISS FOR IMPROPER VENUE; OR IN THE ALTERNATIVE TO TRANSFER FOR IMPROPER VENUE; OR IN THE ALTERNATIVE TO TRANSFER FOR CONVENIENCE

Defendant Nihon Kohden America, Inc., by and through its counsel, hereby submits the following memorandum of law in support of its Reply to plaintiff Astro-Med, Inc.'s Opposition to its Motion to Dismiss for Lack of Personal Jurisdiction; or in the alternative, to Dismiss for Improper Venue; or in the alternative, to Transfer for Improper Venue; or in the alternative, to Transfer for Convenience.

## I. INTRODUCTION

Plaintiff Astro-Med, Inc. ("Astro-Med") improperly brought this action against defendant Nihon Kohden America, Inc. ("Nihon Kohden") in the State of Rhode Island, which lacks personal jurisdiction over Nihon Kohden. In its opposition, Astro-Med fails to establish, by way of proffered evidence, that the United States District Court for the District of Rhode Island has personal jurisdiction over Nihon Kohden, and, as such, Nihon Kohden's motion to dismiss for lack of personal jurisdiction, to dismiss for improper venue, to transfer venue, or to transfer for convenience should be granted.

Lacking evidence, Plaintiff relies on conclusory allegations and fails to cite legal authority to supporting its claim that its causes of action against Nihon Kohden relate to Rhode Island. Moreover, Astro-Med's main argument -- that Nihon Kohden's use of an independent company to develop a Rhode Island market establishes the requisite "continuous and systematic contacts," to exercise general jurisdiction -- proves just the opposite. An out-of-state defendant's utilization of a third party to solicit orders within the state and attend trade shows does not suffice to find or exercise personal jurisdiction over an out-of-state defendant.[1]

Although the Court permitted Plaintiff nearly four months to conduct jurisdictional discovery, Plaintiff has not provided affirmative proof that the exercise of jurisdiction over Nihon Kohden complies with the Constitutional notion of "fair play and substantial justice." Plaintiff simply rests on the conclusory allegations in its First Amended Complaint, as well as evidence that Nihon Kohden advertised nationally and hired an independent company to market its products. None of the acts Plaintiff alleges against Nihon Kohden related to the State of Rhode Island. Thus, the Rhode Island District Court lacks specific and general personal jurisdiction over Nihon Kohden.

## II. PLAINTIFF HAS FAILED TO PROFFER EVIDENCE SUFFICIENT TO DEMONSTRATE PERSONAL JURIDICTION OVER NIHON KOHDEN

When jurisdiction is contested, the plaintiff bears the burden to establish facts sufficient to sustain jurisdiction over an out-of-state defendant.[2] The plaintiff must proffer evidence that, if credited, is enough to satisfy all of the facts essential to a finding of personal jurisdiction.[3] This burden extends beyond the pleadings and requires

---

[1] Congoleum Corp. v. DLW Aktiengesellschaft, 729 F. 2d 1240 (9th Cir. 1984) (general jurisdiction over out-of-state defendant is not appropriate where defendant's sole contacts consist of using a third party as a consultant to (1) solicit orders; (2) recommend other sales agents; (3) order samples; (4) promote the defendant's products to potential customers through mailings and showroom displays in the forum; and (5) attending trade shows and sales meetings).

[2] Rodriguez *et al.* v. Aircraft Company *et al.*, 781 F. 2d 9, 10 (1st Cir. 1986).

[3] Boit v. Gar-Tec Products, Inc., 967 F.2d 671, 675 (1st Cir. 1992).

affirmative proof.[4] A plaintiff may not rely on unsupported or conclusory allegations in its pleadings to make a *prima facie* showing of personal jurisdiction, nor may a plaintiff rely upon the court to draw far-fetched inferences.[5] Moreover, courts can and do consider uncontradicted evidence offered by the out-of-state defendant.[6]

Plaintiff overbroad discovery efforts utterly failed to produce evidence establishing personal jurisdiction over Nihon Kohden, leaving Plaintiff to rest its case on baseless conclusions, pure speculation, and conclusory allegations in its First Amended Complaint.[7] The only evidence before this Court on the issue of jurisdiction demonstrates that (1) Nihon Kohden does not, and has not, directly market or transact business within Rhode Island; (2) Nihon Kohden has utilized an independent company to handle its in-state transactions; and (3) Nihon Kohden hired Kevin Plant for reasons entirely unrelated to Plaintiff's "protectable" interests. Similarly, Plaintiff's argument for general jurisdiction lacks both a factual and legal basis for this Court to exercise of personal jurisdiction over Nihon Kohden.

Accordingly, as Plaintiff has failed to proffer evidence demonstrating that the Rhode Island district court has personal jurisdiction over Nihon Kohden in this action, then Nihon Kohden must be dismissed from this action, for lack of personal jurisdiction.

**A. PLAINTIFF PROFFERED NO OR INSUFFICIENT EVIDENCE TO SUPPORT ITS CLAIM OF PERSONAL JURISDICTION OVER NIHON KHODEN**

Plaintiff failed to "adduce evidence of specific facts" that support its jurisdictional claim.[8] The test for specific personal jurisdiction focuses on (1) the relation between the plaintiff's claims to in-state contacts of the defendant, (2) any "purposeful availment" by

---

[4] *Id.*
[5] Situation Management Systems, Inc. v. ASP Consulting Group et al.2006 U.S. Dist. LEXIS 57793, *4-5 (D.N.H. 2006).
[6] *Id.*
[7] Plaintiff's Opposition to Nihon Kohden's Motion to Dismiss ("Pltf.'s Opp.") pp. 13-16.
[8] *See* Salgado et al. v. Les Nouvelles Esthetiques et al., 218 F. Supp. 2d 203, 206 (D.P.R. 2002).

the out-of-state defendant of the forum state's laws, and, *only if* the first two elements are **both** met, (3) the reasonableness of requiring an out-of-state defendant to defend itself in the forum state.[9] This jurisdictional test focuses on the basis of the plaintiff's cause of action against the out-of-state defendant: the plaintiff's claim must arise out of the defendant's specific contacts within the forum state.[10]

In its brief, Plaintiff improperly addresses the first prong of the test for specific jurisdiction (the connection between Plaintiff's claims against Nihon Kohden and Nihon Kohden's in-state contacts) by failing to proffer any evidence of a connection between Nihon Kohden's alleged acts and Rhode Island. Nevertheless, Plaintiff argues the second prong --whether Nihon Kohden "purposefully availed" itself of the protections of Rhode Island law. This approach is not only fatally flawed, because the first prong has not been met, and no evidence exists or has been proffered to satisfy either prong.[11]

Instead of proffering evidence to support a claim of specific jurisdiction, Plaintiff relies upon the (inapplicable) "effects test,"[12] without any supporting evidence.

### 1. Plaintiff's Conclusory Allegations Are Not Evidence In Support Of Its Specific Jurisdiction Argument

Plaintiff has engaged in four months of aggressive jurisdictional discovery, but has not established that Nihon Kohden hired or employed defendant Kevin Plant in Florida in any way that impacts or should subject it to the State of Rhode Island's jurisdiction. Plaintiff proffered no "factual" support for specific jurisdiction in this State

---

[9] World-Wide Volkswagen Corp. *et al.* v. Woodson, 444 U.S. 486, 497 (1980).

[10] Salgado, 218 F. Supp. 2d at 207.

[11] Plaintiff discusses but fails to satisfy the "effects test," an analysis that applies to the second "purposeful availment" prong of the specific jurisdiction test. This test applies only after the plaintiff satisfies the first "relatedness" prong of the specific jurisdictional test. U.S. v. Swiss American Bank, 274 F. 3d 610, 623 (1st Cir. 2001). In order to prevail, the plaintiff must establish that the out-of-state defendant purposefully and voluntarily directed its conduct toward the forum state such that it should thereby expect to be subject to the forum's jurisdiction.

[12] U.S. v. Swiss American Bank, 274 F. 3d 610, 623 (1st Cir. 2001).

over Nihon Kohden; Plaintiff relies solely on conclusory, generalized, and unsupported allegations.[13]

To satisfy the first "relatedness" prong of the jurisdictional test, Plaintiff must proffer actual evidence showing the causal nexus between Nihon Kohden's contacts or conduct in Rhode Island and the causes of action asserted against Nihon Kohden.[14] Without evidentiary support, Plaintiff alleges that "Nihon Kohden intentionally interfered with Plant's employment agreement to gain access to Astro-Med's customer contact list, trade secrets, and other proprietary and confidential business information."[15]

Additionally, Plaintiff claims that "Nihon Kohden intentionally induced [defendant Kevin] Plant to breach his agreement with Astro-Med, causing Astro-Med to suffer loss of sales, potential sales, loss of goodwill, disclosure of its trade secrets, other monetary damages and irreparable harm."[16] But Plaintiff has proffered no evidence of "intentional inducement" by Nihon Kohden in its decision to hire Kevin Plant to work as a salesperson in Florida.

The only evidence before the Court on Nihon Kohden's hiring of Kevin Plant shows that Nihon Kohden had **no** intent to "gain access to Astro-Med's customer contact list, trade secrets, and other proprietary and confidential business information."[17] On September 10, 2006, Michael Ohsawa, Director of Operations for Nihon Kohden, sent Kevin Plant a letter specifically advising Mr. Plant that employment with Nihon Kohden would relate only to Nihon Kohden's products and Nihon Kohden business information.[18] As such, Nihon Kohden specifically instructed Mr. Plant from using any of Plaintiff's trade secrets or confidential information in connection with his duties and employment at

---

[13] Pltf.'s Opp. pp. 13-16.
[14] PMH Research, LLC v. Life Extension Foundation, 2004 U.S. Dist. LEXIS 26775, *17 (D.N.H. 2004) (dismissal of plaintiff-company's trade secret case based on lack of personal jurisdiction).
[15] *Id.* at 13.
[16] *Id.*
[17] Exhibit 1, September 10, 2006 letter from Michael Ohsawa to Kevin Plant.
[18] *Id.*

Nihon Kohden.[19] Additionally, the Court, in issuing its injunction orders pursuant to Rhode Island law (Nestle Food Co. v. Miller, 836 F. Supp. 69 (D.R.I. 1993), already found the Employee Agreement between Kevin Plant and Astro-Med to be unenforceable.[20]

Accordingly, Plaintiff has failed to support its jurisdictional claims with evidence that the State of Rhode Island has personal jurisdiction over Nihon Kohden in this action. The only evidence of specific jurisdiction shows that Nihon Kohden's conduct in its hiring of Kevin Plant was unrelated to Rhode Island.

**2. Plaintiff's "Effects Test" Fails For lack Of Evidence**

Plaintiff cites no in-state conduct by Nihon Kohden that allegedly caused harm. Plaintiff, therefore, attempts to focuses on in-forum "effects," citing cases applying Calder v. Jones, 65 U.S. 783 (1984).[21] The First Circuit however, in U.S. v. Swiss American Bank, 274 F. 3d 610, has made it clear that Calder does not support the broad proposition that "a foreign act with foreseeable effects in the forum state always gives rise to specific jurisdiction."[22] Moreover, the United States Supreme Court, in Calder (a defamation case), adopted the "effects" test, stating that it should only be considered after the plaintiff has established by evidence the relatedness of the claims to the forum state.[23] Here, Plaintiff has proffered no evidence of a connection between Nihon Kohden's alleged conduct and the State of Rhode Island, other than Plaintiff's creation of trade secrets.

---

[19] *Id.*

[20] *See* Evidentiary Hearing Transcript of December 28, 2006 26:13-17 and 27:12-16 ("I don't think [the agreement] is enforceable under Rhode Island law); Interim Injunction Orders dated February 5, 2007 and May 8, 2007.

[21] *See e.g.*, Pltf.'s Opp. at 12 citing Northeastern Land Services, Ltd. v. Schulke, 988 F. Supp. 54, 59 (D.R.I 1997).

[22] Swiss American Bank, 274 F. 3d at 623 (effects test failed because plaintiff's related contacts with Massachusetts was so scant that it did not consider other prongs of the specific jurisdiction test).

[23] *Id.*

Plaintiff's cited cases, Northeastern Land Services, Ltd. v. Schulke, 988 F. Supp. 54 (D.R.I 1997) and Thompson Trading, Ltd. v. Allied Lyons PLC *et al.*, 123 F.R.D. 417 (D.R.I. 1989),[24] are distinguishable. Northeastern and Thompson Trading do not involve a company hiring a competitor's salesperson. Northeastern and Thompson Trading both involve situations where the out-of-state defendant company had a prior contractual relationship with the plaintiff company before the alleged wrongdoing occurred.[25] Neither case involved an out-of-state company simply hiring an individual, working for the plaintiff outside the forum state, to work for the defendant company outside the forum state. In Northeastern, the out-of-state defendant, an individual, held a one-third interest in the plaintiff company and, while on company time and using company resources, worked to establish a competing business by actively soliciting the plaintiff's employees and customers, and engaged in such conduct from the plaintiff's Providence, Rhode Island office.[26] Similarly, in Thompson Trading, the plaintiff company and the defendant companies were parties to a distribution agreement containing an assignment clause.[27] The plaintiff sued based on this assignment clause alleging that the defendants' refusal to allow it to exercise that clause constituted unlawful interference with contract.[28]

Nihon Kohden had no previous contractual or legally recognized (such as employer/employee) relationship with Plaintiff. To the contrary, Nihon Kohden and Plaintiff are competitors and have no relationship with each other. In PMH Research, LLC v. Life Extension Foundation, 2004 U.S. Dist. LEXIS 26775, (D.N.H. 2004), the First Circuit District Court held that the locale or site of creation of plaintiff's trade secret

---

[24] Additionally, both cases predate Swiss American Bank by at least four years and are outdated to the extent they are inconsistent with Swiss American Bank.

[25] Northeastern, 988 F. Supp. at 56; Thompson Trading, 123 F.R.D. at 419.

[26] Northeastern, 988 F. Supp. at 56 (plaintiff offered undisputed affidavits regarding the defendant's activities in support of the plaintiff's opposition).

[27] Thompson Trading, 123 F.R.D. at 419.

[28] *Id.*

did not establish jurisdiction over an out-of-state defendant.[29] The court in PMH Research found that personal jurisdiction over an out-of-state defendant does not exist simply based on the plaintiff's allegedly suffering injury in the forum state.[30] Rather, specific jurisdiction only exists where the alleged activity that caused the injury occurred.[31] Here, the Nihon Kohden's hiring Kevin Plant as its Florida sales representative has absolutely nothing to do with Rhode Island. Therefore, no specific jurisdiction exists in this action as to Nihon Kohden.

## B. NIHON KOHDEN HAS NO CONTINUOUS, PURPOSEFUL, AND SYSTEMATIC CONTACTS WITH RHODE ISLAND

Plaintiff has shown no evidence of continuous and systematic business activities by Nihon Kohden in Rhode Island. An out-of-state defendant may not be subjected to another state's jurisdiction based on random, fortuitous, or attenuated contacts.[32] General personal jurisdiction requires the nonresident defendant's contacts with the forum to be continuous, purposeful, and systematic.[33] Nihon Kohden's few instances of Rhode Island "contact" does not reach a level that may be considered "continuous, purposeful, and systematic." Its contact, a few sales to purchasers in-state using an independent third-party, are, at best, attenuated, limited, sporadic, or incidental.

Plaintiff contends that because Nihon Kohden (1) hires an independent company that sells some of Nihon Kohden's products to New England area purchasers; and (2) advertises in national trade magazines, it is subject to general jurisdiction. Plaintiff's

---

[29] PMH Research, LLC v. Life Extension Foundation, 2004 U.S. Dist. LEXIS 26775, *17 (D.N.H. 2004) (dismissal of plaintiff-company's trade secret case based on lack of personal jurisdiction).

[30] *Id.*

[31] *Id.*

[32] PMH Research, 2004 U.S. Dist. LEXIS at *8 (D.N.H. 2004) *citing* Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475.

[33] Cerberus Partners, 836 A. 2d 1113, 1122.

argument is legally incorrect and wholly inconsistent with "traditional notions of fair play and substantial justice."[34]

When an out-of-state defendant's in-forum activities consist solely of developing its general sales market, exercise of personal jurisdiction is not appropriate.[35] In Congoleum Corp. v. DLW Aktiengesellschaft, 729 F. 2d 1240 (9th Cir. 1984), the out-of-state defendant used a third party consultant to (1) solicit orders; (2) recommend potential sales agents; (3) order samples; (4) promote the defendant's products through mailings and showroom displays within the forum; and (5) attend trade shows and sales meetings.[36] The third party consultant also represented other manufacturers in addition to the defendant.[37] Moreover, local advertising is also insufficient to create general jurisdiction over a nonresident defendant.[38]

The relevant facts of this case are substantially similar to those in Congoleum and PMH Research, except that Nihon Kohden's grounds for dismissal based on lack of personal jurisdiction are even stronger. Nihon Kohden has hired Med-Tek Solutions, Inc., a third party, to handle New England sales.[39] Just as in Congoleum, Med-Tek Solutions, Inc. acted as a consultant, solicited orders in Rhode Island, promoted various neurophysiology products Med-Tek's clients, including Nihon Kohden, and attended trade shows to promote its clients' products.[40] Thus, it was solely by and through Med-Tek Solutions, Inc.'s activities that Nihon Kohden had any in-state "connection." Such attenuated, indirect contact does not satisfy the "continuous and systematic" legal standard.

---

[34] *See* International Shoe Co. v. Washington, 326 U.S. 310 (1945).
[35] Congoleum Corp. v. DLW Aktiengesellschaft, 729 F. 2d 1240, 1242-1243 (9th Cir. 1984).
[36] *Id.* at 1242.
[37] *Id.*
[38] Glater v. Eli Lilly & Co., 744 F. 2d 213, 215-217 (1st Cir. 1984) (employing eight sales representatives who provided customers in forum state with product information and limited in-state advertising insufficient contact for general jurisdiction)
[39] Deposition of Dominic Chillemi ("Chillemi Depo.") 13:8-14:4.
[40] *Id.* at 13:8-14:4, 18:16-19:11, 24:6-11, 53:1-54:1, and 56:3-56:18.

In PMH Research, as here, the defendant employed no sales people in the forum state and had a limited number of sales within the forum state.[41] In fact, Nihon Kohden has *fewer* contacts than did the defendant in PMH Research. Thus, Nihon Kohden's extremely limited activity involving Rhode Island is not continuous and systematic, and under PMH Research or Congoleum, Plaintiff's claims against Nihon Kohden should be dismissed for lack of personal jurisdiction.

## IV. SHOULD THE COURT FIND PERSONAL JURISDICTION OVER NIHON KOHDEN, VENUE FOR THIS MATTER IS PROPER IN FLORIDA OR CALIFORNIA

Plaintiff has also failed to demonstrate that Rhode Island is the proper venue for deciding whether Nihon Kohden's employment of Plaintiff's former salesperson in Florida. Both the private and public interests favor trial in either Florida or California. Defendant Nihon Kohden would have to call Michael Ohsawa, Gary Reasoner, and Kevin Plant to testify about how and why Nihon Kohden hired Mr. Plant, as well as how Mr. Plant has avoided disclosure of Plaintiff's confidential trade secrets. All of these individuals live and work in California or Florida. Moreover, Plaintiff would not be equally inconvenienced because it is attempting to protect its Florida customer lists.

## V. CONCLUSION

Based on the foregoing, Plaintiff has failed to meet its burden to proffer specific evidentiary support for the exercise of personal jurisdiction over Nihon Kohden. Nihon Kohden's contacts with Rhode Island neither relate to Plaintiff's causes of action nor do they rise to the level of "continuous and systematic." Accordingly, Nihon Kohden respectfully requests that this Court dismiss Nihon Kohden from this action for lack of personal jurisdiction.

---

[41] *Id.* at *13.

NIHON KOHDEN AMERICA, INC.
By Its Attorneys,

/s/ Bruce W. Gladstone
Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
PHONE: (401) 331-5700
FAX: (401) 331-5787

/s/ E.P. Michael Karcis
E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
PHONE: (310) 450-9353
FAX: (310) 581-8006

DATE: June 21, 2007

G:\pec\PLANT, KEVIN\NK Reply to Astro Opp 6-21.doc

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 21st day of June, 2007, a copy of the foregoing was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

| | |
|---|---|
| Robert M. Duffy, Esq.<br>rduffy@duffysweeney.com<br>Duffy Sweeney & Scott, Ltd.<br>One Turks Head Place, Suite 1200<br>Providence, RI 02903 | Craig M. Scott, Esq.<br>cscott@duffysweeney.com<br>Duffy, Sweeney & Scott, Ltd.<br>One Turks Head Building, Suite 1200<br>Providence, RI 02903 |
| | |

/s/ Bruce W. Gladstone