# EXHIBIT 1

NIHON KOHDEN

September 10, 2006

Kevin Plant
402 Randon Terrace
Lake Mary, FL 32746

**Re: Issues related to Potential Employment With Nihon Kohden America, Inc.**

Dear Kevin:

Thank you for providing us with copies of any documents that might affect your future employment with Nihon Kohden America, Inc. Out of an abundance of caution, you provided us with a document you signed at the beginning of your employment with Astro-Med, Inc. (Although you believe it would not apply to your eligibility for employment with Nihon Kohden).

We have reviewed the agreement, and agree that the document should be irrelevant to you, as a former sales person. It seems applicable only to employees involved in research and development, or similar engineering activities. The Agreement itself states that it applies only to Employees who are hired or "may, or will be engaged in work relating to the Company's business, involving design, development or manufacture of products for the Company."

You have indicated that you have held only sales positions with your former employer and that, in your experience, your former employer does not contend that such agreements are applicable to sales persons (particularly with regard to blocking future employment). Thus, we are relieved to conclude with you that your employment with Nihon Kohden would not violate this Agreement or Nihon Kohden's strict policy against hiring employees, if that would cause an employee to violate contractual obligations they may have elsewhere.

Nonetheless, we note the "trade secret" language in this agreement and, as we have discussed, must emphasize that particular provision, regardless of the status of your contract with Astro-Med. Nihon Kohden's policies, and many state laws, prohibit our employees from using another employer's trade secrets and proprietary information, in any way. Accordingly, we just want to remind you that our policies, the law, and proper business etiquette, forbid you from taking any confidential or trade secret documents, or information, from any other employer, including any such information that could benefit Nihon Kohden.

Your future employment duties will relate solely to our products and Company information, and just as we would not approve of the unauthorized taking or use of our information by any employee (leaving Nihon Kohden to join a competitor), we likewise forbid the unauthorized possession or use of our competitors' trade secret information,

(no matter how the information is stored), or any employee engaging in any other activity that might improperly derive an unfair advantage from information or materials that are trade secrets or proprietary to your former employer. (Obviously, you cannot "wash" your brain of everything you have learned in your prior employment, and much of your industry-related learning, sales materials, etc., would not constitute trade secret or proprietary information, in any event). We rely on you to use good judgment and common sense in this matter, and to apprise your supervisor, or another member of management of any concern that another company's trade secret or proprietary information may be at risk.

If you are uncertain, or have any questions regarding any aspect of our policy respecting our competitors' proprietary and trade secret information, please feel free to contact me.

By signing our offer of employment as an neurology account executive for Nihon Kohden America, Inc., you acknowledge the points outlined above and agree not to violate the provisions for confidentiality in the Astro-Med employment agreement.

Sincerely yours,

Michael Ohsawa
Nihon Kohden America, Inc.