UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,

Plaintiff,

vs. C.A. No. 06-533 ML

KEVIN PLANT and NIHON KOHDEN AMERICA, INC.,

Defendants.

**PLAINTIFF ASTRO-MED, INC.'S MOTION TO MODIFY ORDER TO EXTEND DATE TO SUPPLEMENT THE RECORD ON DEFENDANT NIHON KOHDEN AMERICA, INC.'S MOTION TO DISMISS UP TO AND INCLUDING JUNE 22, 2007**

Plaintiff Astro-Med, Inc. ("Astro-Med) hereby moves to modify this Court's May 17, 2007 Order (the "Order") (Docket No. 66) to extend the date for Astro-Med to supplement the record on Nihon Kohden America, Inc.'s ("Nihon Kohden") Motion to Dismiss up to and including June 22, 2007. By the Order, this Court granted Astro-Med's Motion to Supplement the Record up to May 24, 2007. Discovery has been taken after May 24, 2007 which reveals that Nihon Kohden has additional contacts with the State of Rhode Island relevant to this Court's determination of Nihon Kohden's Motion to Dismiss. The hearing on Nihon Kohden's Motion to Dismiss is scheduled for June 28, 2007. In further support of its Motion, Astro-Med submits herewith its Memorandum in Support of Motion to Modify Order to Extend Date to Supplement the Record on Defendant Nihon Kohden America, Inc.'s Motion to Dismiss up to and Including June 22, 2007.

Respectfully submitted,

ASTRO-MED, INC.

/s/ Robert M. Duffy

Robert M. Duffy, Esq. (#4428)
Craig M. Scott, Esq. (# 4237)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile
rduffy@duffysweeney.com
cscott@duffysweeney.com

**CERTIFICATE OF SERVICE**

I hereby certify that the within **PLAINTIFF ASTRO-MED, INC.'S MOTION TO MODIFY ORDER TO EXTEND DATE TO SUPPLEMENT THE RECORD ON DEFENDANT NIHON KOHDEN AMERICA, INC.'S MOTION TO DISMISS UP TO AND INCLUDING JUNE 22, 2007** was filed through the ECF system on the 22nd day of June, 2007, and will be sent electronically to counsel named below who are registered participants identified on the Notice of Electronic Filing:

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

and was served, via First Class Mail, to the counsel named below who is not a registered ECF participant:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

/s/Robert M. Duffy
Robert M. Duffy, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC., | : | |
| Plaintiff, | : | |
| vs. | : | C.A. No. 06-533 ML |
| KEVIN PLANT and NIHON KOHDEN AMERICA, INC., | : | |
| Defendants. | : | |

**PLAINTIFF ASTRO-MED, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO MODIFY ORDER TO EXTEND DATE TO SUPPLEMENT THE RECORD ON DEFENDANT NIHON KOHDEN AMERICA, INC.'S MOTION TO DISMISS UP TO AND INCLUDING JUNE 22, 2007**

Plaintiff Astro-Med, Inc. ("Astro-Med") submits this Memorandum in Support of its Motion to Modify Order to Extend Date to Supplement The Record on Defendant Nihon Kohden America, Inc.'s ("Nihon Kohden") Motion to Dismiss up to and Including June 22, 2007. As set forth more fully in Astro-Med's Motion for Sanctions pursuant to Rule 37(b) and (d) (Docket No. 82), Nihon Kohden has done its utmost to avoid discovery in this action by failing to appear for depositions despite Court Order to do so on June 11, 2007 and failing to produce documents and answer interrogatories consistent with the rules of this Court. In addition, Astro-Med's counsel suffered a medical emergency requiring surgery in May 2007. As a result, the depositions of Nihon Kohden and supplemental production of documents and interrogatory answers pursuant to Rules 33 and 34 occurred after May 24, 2007, the date originally set by this Court for supplementation of the record. (May 17, 2007 Order is attached as Exhibit A). The information just obtained by Astro-Med over the past few days reveals that Nihon Kohden has substantial additional contacts with the State of Rhode Island which contacts are relevant to this

Court's determination of the jurisdictional questions raised by Nihon Kohden's Motion to Dismiss.

## FACTS

1. On April 20, 2007 Astro-Med re-noticed the deposition of Nihon Kohden and noticed the depositions of Nihon Kohden's senior employees Gary Reasoner and Michael Ohsawa for May 17, 2007 in Santa Monica, California. Shortly thereafter, Astro-Med filed a motion with this Court requesting permission to file a supplemental memorandum in support of Plaintiff's Objection to Nihon Kohden's Motion to Dismiss for Lack of Jurisdiction up to and including May 24, 2007. Astro-Med intended to provide the Court with additional information disclosed at the May 17, 2007 depositions and from pending written discovery to the extent it was relevant to the Court's consideration of the Motion to Dismiss.

2. On May 17, 2007 this Court entered an Order (Docket No. 66) allowing Astro-Med up to and including May 24, 2007 to file a Supplemental Memorandum in Support of Plaintiff's Objection to Nihon Kohden's Motion to Dismiss for lack of jurisdiction. This was the time originally requested by Astro-Med for supplementation based on the then pending May 17, 2007 deposition dates of Nihon Kohden (30(b)(6)) and Messrs. Reasoner and Ohsawa.

3. The May 17, 2007 depositions did not go forward due to a medical emergency suffered by Astro-Med's counsel Robert M. Duffy, Esq., which emergency resulted in surgery shortly thereafter. Astro-Med's counsel advised Nihon Kohden's counsel on May 14, 2007 that the depositions were postponed due to that medical emergency. (May 14, 2007 letter is attached hereto as Exhibit B).

4. It is highly unlikely that the depositions noticed for May 17, 2007 would have occurred in any event even if not postponed due to Astro-Med's counsel's medical emergency.

Neither Nihon Kohden, Gary Reasoner nor Michael Ohsawa appeared for depositions on June 11, 2007 when the depositions were re-noticed. In addition, neither Mr. Reasoner nor Mr. Ohsawa was advised of the May 17, 2007 depositions. (Mr. Reasoner Dep., p. 9, LL 23-25; p. 10, LL 1-12) (Transcript pages attached hereto as Exhibit C); (Ohsawa Dep., p. 7, LL 20-24) (Transcript pages attached hereto as Exhibit D).

5. On May 29, 2007, Astro-Med re-noticed the depositions of Nihon Kohden and Messrs. Reasoner and Ohsawa for June 11, 2007 in Santa Monica, California. On June 8, 2007 Nihon Kohden filed three Motions for Protective Order to prevent the depositions from going forward and all three motions were denied by Magistrate Judge Martin. (Orders denying Motions for Protective Order attached hereto as Exhibit E). Also on June 8, 2007, Astro-Med filed a Motion to Compel Appearance at Deposition requiring Nihon Kohden and the two individual deponents to appear for deposition as noticed on June 11, 2007. That motion was granted by Magistrate Judge Martin. (Order is attached hereto as Exhibit F).

6. Astro-Med's counsel, Craig Scott, traveled to California on Sunday, June 10, 2007 to conduct the depositions. None of the deponents appeared for deposition in Santa Monica, California on June 11, 2007 despite being ordered to do so by the Court. In fact, Mr. Reasoner was never even told that he was to appear for deposition on June 11, 2007. On June 8, 2007, Mr. Ohsawa was told by Nihon Kohden's counsel to appear for deposition but on June 9, 2007, after this Court denied the Motions for Protective Order and granted the Order Compelling Appearance at Deposition, Mr. Ohsawa was told by Nihon Kohden's counsel he need not appear for deposition as noticed on June 11, 2007. (Ohsawa Dep., p. 11, LL 1-25; p. 12 LL 104)

7. On June 11, 2007 this Court (Martin, J.) entered a Minute Order requiring Nihon Kohden and Messrs. Reasoner and Ohsawa to appear for deposition in Providence, Rhode Island

on June 18 or 19, 2007. (Minute Order is attached hereto as Exhibit G). The Court also entered an Order requiring Nihon Kohden to supplement its answers to interrogatories and to produce additional documents responsive to the document request on or before June 15, 2007. (Order is attached hereto as Exhibit H).

8. The June 19, 2007 deposition testimony and supplemental documents and interrogatory answers reveal additional contacts which Nihon Kohden has with the State of Rhode Island. Most notably, for the first time Astro-Med has learned that Nihon Kohden has sold its products in Rhode Island over the last five years to Rhode Island's largest medical institutions, including Rhode Island Hospital, Roger Williams Hospital, Kent County Hospital and Landmark Medical. (Ohsawa Depo., p. 39, LL 9-25; p. 40, L 1; Supplemental Response to Interrogatory No. 3 attached hereto as Exhibit I). It has also made sales to numerous doctors and physicians groups in Rhode Island including Physician Resources, Karen Kerman, Pediatric Neurology, Carlos Nieto, M.D., Medical Group, Arshal Iqbul, Advanced Clinical, Elizabeth Tegan, Neuro Development, Neil Hetherington, Joseph Centofanti, M.D. and Gerald Exil, M.D. (Id.) Deposition Testimony has also revealed that Nihon Kohden's policy is to require its buyers of Capital Medical Equipment to enter into purchase agreements before the purchased equipment is shipped into Rhode Island. (Ohsawa Dep., p. 54, LL 7-15). Nihon Kohden requires buyers of Capital Medical Equipment to enter into such purchase agreements before the equipment is shipped from Nihon Kohden into Rhode Island so that Nihon Kohden can sue any buyer who "reneges" on the contract in Rhode Island because that is where the buyer's assets are located. (Ohsawa Dep., p. 54, LL 12-25; 55 LL 1-16).

## ARGUMENT

The Court has before it Nihon Kohden's Motion to Dismiss for Lack of Jurisdiction. As Astro-Med already established in its Memorandum in Opposition to Nihon Kohden's Motion to Dismiss, this Court plainly has specific jurisdiction over Nihon Kohden resulting from its tortious activity which directly impacts Astro-Med in Rhode Island. *See*, Astro-Med's Memorandum in Opposition to Nihon Kohden's Motion to Dismiss, pp. 10-16. But Nihon Kohden also has substantial general contacts with the State of Rhode Island including sales to Rhode Island's largest medical institutions and many doctors and health care providers in the State of Rhode Island. Astro-Med's supplemental information is relevant to this Court's determination of whether general jurisdiction exists over Nihon Kohden sufficient to allow this Court to determine the merits of this action. Astro-Med respectfully requests that its Motion to Modify Order to Extend the Date to Supplement the Record be granted because (1) such information will inform the Court's decision, (2) Astro-Med could not have supplemented earlier through no fault of its own and (3) Nihon Kohden has done its utmost to delay and prevent this Court and Astro-Med from receiving information pertaining to Nihon Kohden's contacts with the State of Rhode Island. Indeed, it has gone so far as to flout Court Orders compelling appearance at depositions and has withheld the production of relevant documents and information well after the original date of May 24, 2007 for supplementation.

For all these reasons, Astro-Med requests that this Court grant its Motion to Modify Order to Extend Date to Supplement the Record on Nihon Kohden's Motion to Dismiss Up to

and Including June 22, 2007. Astro-Med attached hereto its Proposed Supplemental Memorandum in Opposition to Defendant Nihon Kohden America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction as Exhibit J.

Respectfully submitted,

ASTRO-MED, INC.

/s/ Robert M. Duffy

Robert M. Duffy, Esq. (#4428)
Craig M. Scott, Esq. (# 4237)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile
rduffy@duffysweeney.com
cscott@duffysweeney.com

June 22, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that the within **PLAINTIFF ASTRO-MED, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO MODIFY ORDER TO EXTEND DATE TO SUPPLEMENT THE RECORD ON DEFENDANT NIHON KOHDEN AMERICA, INC.'S MOTION TO DISMISS UP TO AND INCLUDING JUNE 22, 2007** was filed through the ECF system on the 22nd day of June, 2007, and will be sent electronically to counsel named below who are registered participants identified on the Notice of Electronic Filing:

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

and was served, via First Class Mail, to the counsel named below who is not a registered ECF participant:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

/s/Robert M. Duffy
Robert M. Duffy, Esq.