# EXHIBIT D

COPY

06-19-07-Scott-Ohsawa.txt

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ASTRO-MED, INC., Plaintiff | : |
| VS. | : C.A. NO. 06-533 ML |
| KEVIN PLANT and NIHON KOHDEN AMERICA, INC., Defendant | : |

Deposition of MICHAEL OHSAWA, a 30(b)(6) witness designated by Nihon Kohden America, Inc., taken on behalf of the Plaintiff, on TUESDAY, JUNE 19, 2007, 3:12 P.M., at the offices of DUFFY SWEENEY & SCOTT, LTD, One Turks Head Place, Suite 1200, Providence, Rhode Island, before Vivian S. Dafoulas, Registered Merit Reporter/Certified Realtime Reporter.

Vivian S. Dafoulas, RMR-CRR
50 Fieldstone Drive
East Greenwich, RI 02818-2064
(401) 885-0992

2

APPEARANCES:

instructions I gave to the prior Rule 30(b)(6) witness.

I'm going to ask you some questions today concerning litigation against your company in which you are a designee for certain subject areas.

If you don't understand my question, let me know and I'll do my best to rephrase it; is that understood?

A. Yes.



Q. If you answer the question, I will take it to mean that you understood it as posed.

A. Yes.

Q. Is that also understood?

A. Yes.

Q. As you heard during the earlier part of this deposition today, there's been a lot of colloquy and objections back and forth, so I would ask that I'll do my best to wait until you complete your answer before I ask my next question, and if I can ask of you to wait until I complete my question and you can answer so that the transcript will read in a question and answer format.

A. Yes.

Q. Now, I understand from Mr. Reasoner that you are the director of operations for Nihon Kohden America, Inc.?

MR. KARCIS: Objection. As with the prior deposition, we object to this deposition on the grounds that it exceeds the cutoff for

jurisdictional discovery, and any information gathered here should not be allowed to be used in any supplemental objections to Nihon Kohden's motion to dismiss.

Q. And I will just reassert that the first



part of that objection was specifically rejected by our court in response to three motions for protective order filed by your company, Mr. Ohsawa, and granting a motion to compel attendance at deposition in California last week and a second motion to compel your attendance here today. Are you aware of those orders by the way?

MR. KARCIS: Same objection.

A. I was not aware of the objections.

Q. Of the motions for protective order?

MR. KARCIS: Same objections.

A. You said -- could you repeat the question?

Q. Sure. Were you aware that on Friday, June 8th, the Court granted Astro-Med's motion to compel your company to appear at deposition as well as yourself and Mr. Reasoner on June 11th, 2007 in Santa Monica, California?

MR. KARCIS: Same objection.

A. No.

Q. When was the first time you became aware of the requirement of your company to appear at a deposition in this case?

MR. KARCIS: Same objection.

A. Here in Rhode Island.

Q. Were you ever aware that your company was

before the Court.

MR. SCOTT: You don't have any objection pending before the Court. You have a pending motion that the Court has refused to consider. That's what you have. So don't misstate what's before the Court.

MR. KARCIS: Please continue the deposition.

BY MR. SCOTT:

Q. Mr. Ohsawa, I apologize, but I cannot control your lawyer.

Let me show you a calendar. I believe the question pending, before Mr. Karcis' inappropriate interruption, was when you were first advised by Mr. Kennedy that the deposition of Nihon Kohden that was scheduled for June 11th, 2007 was called off.

MR. KARCIS: Same objection.

A. On Saturday, June 9th.



Q. Were you ever advised that you yourself was noticed to sit for a deposition on June 11th as well in Santa Monica, California?

MR. KARCIS: Same objection.

A. I was informed by Ben on Friday the eighth but then on Saturday the ninth, he also informed me that it had been cancelled. It was going to be rescheduled.

Q. And where were you when Mr. Kennedy informed you on June 9th that the deposition was cancelled?

A. I was in San Francisco.
Q. Where do you live, sir?
A. I live in Orange County but I was on vacation.
Q. And prior to Mr. Kennedy's call, were you planning on attending the deposition on June 11th in Santa Monica?
A. I was already on vacation when I got the first notification about the deposition.
Q. So you first received notification of the depositions on June 8th from Mr. Kennedy?
A. Yes.
Q. And --
MR. KARCIS: Same objection.



Q. -- he called you on June 9th to advise you that the depositions were called off; is that accurate?
MR. KARCIS: Same objection.
A. Yes.
Q. Were you aware that the depositions were first noticed for June 11th by my office on May 29th?
MR. KARCIS: Same objection.
A. No.
Q. Were you aware that on June 8th, 2007, Magistrate-Judge Martin denied a motion for protective order that was filed on your behalf to prevent the deposition from going forward on June 11th?
MR. KARCIS: Same objection.

MR. KARCIS: Same objection. Vague as to time.

A. All of these customers have purchased product or equipment at some point during our company's history.

Q. I referred you earlier to the order granting Astro-Med's motion to compel information and documents from Nihon Kohden which has been designated as Plaintiff's 15 in this case, correct?

MR. KARCIS: Same objection.

Q. Do you see that?

A. Right.

Q. And it says that defendants need only respond as to the five years preceding April 20th, 2007.

MR. KARCIS: Same objection.

A. Okay.

Q. Do you see that?



A. Yes.

Q. And does that inform the time frame for these responses?

MR. KARCIS: Same objection.

A. When we compiled the original list two or three months ago, you know, I'm not exactly sure what the search criteria was other than the fact that they were Rhode Island customers.

Q. Let's look at Interrogatory No. 3. Identify all sales made to customers in Rhode Island in the past five years. Do you see that?

A. Yes.
MR. KARCIS: Same objection.
Q. We can agree that the following entities are identified: Joseph Centofanti, M.D., Gerald Exil, M.D., Rhode Island Hospital, Roger Williams, Physician Resources, Kent County Hospital, Landmark Medical, Karen Kerman, Pediatric Neurology, Carlos Nieto, M.D., Medical Group, Arshal Iqbul, Advanced Clinical, Elizabeth Tegan, Neuro Development, and Neil Hetherington are all Nihon Kohden customers that have been sold product or equipment over the last five years, correct?
MR. KARCIS: Same objection.
A. Based on the information here, I would say



it's correct.
Q. In fact, you swore that those are correct in response to the supplemental interrogatories, correct?
MR. KARCIS: Same objection.
A. I don't -- I don't remember the specific customer names that were on there but, you know, like I said, I -- I signed the interrogatory, I -- I -- these are -- these are the customers that -- if I say we sold it to them, we sold it to them during the past five years.
Q. In fact, you just signed these on Friday --
A. Uh-hum.
Q. -- correct?
MR. KARCIS: Objection.

(Whereupon, Plaintiff's Exhibit No. 25 was marked.)

Q. Do you recognize this document?

A. It looks like one of our purchase agreements.

Q. And who is the buyer?

MR. KARCIS: Same objections.

A. It says Dr. G. Exil.

Q. Of Warwick, Rhode Island?

A. That's correct.

MR. KARCIS: Same objections.

Q. And this is dated seven days after the quotation, correct?

MR. KARCIS: Same objections.



Q. Strike that. It's six days after the quotation of July 6th?

A. Okay.

MR. KARCIS: Same objections.

Q. Let me show you Exhibit 24.

A. Yes.

Q. And does Nihon Kohden America require buyers of capital medical equipment to enter into purchase agreements before the equipment is shipped?

MR. KARCIS: Same objections.

A. That's what the policy is.

Q. Okay. And why is that the policy?

MR. KARCIS: Same objections.

A. To ensure that the customer doesn't renege.

Q. In other words, you want to ensure that

the customer pays for the equipment that's delivered, correct?

MR. KARCIS: Same objections.

A. That's correct.

Q. And if the customer does not pay, Nihon Kohden can avail itself to enforcement or collection remedies, correct?

MR. KARCIS: Same objections.

A. I would -- that's one of the reasons.



Q. So, for example, to give you a hypothetical, if Mr. Exil did not pay for the capital medical equipment that he ordered and was delivered to him, Nihon Kohden could sue Mr. Exil or Dr. Exil for payment in Rhode Island, correct?

MR. KARCIS: Objection. Same objections. Also calls for speculation and incomplete hypothetical.

A. I would assume so.

Q. Because that's where the assets of his practice are located, correct?

MR. KARCIS: Same objections.

A. (Witness nods head.)

MR. SCOTT: You have to verbalize your response.

A. Yes.

MR. KARCIS: You're moving on, so let's take a break.

MR. SCOTT: I'm not moving on yet.

MR. KARCIS: You are moving on to a