# EXHIBIT J

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC., | : | |
| Plaintiff, | : | |
| vs. | : | C.A. No. 06-533 ML |
| KEVIN PLANT and NIHON KOHDEN AMERICA, INC., | : | |
| Defendants. | : | |

**PLAINTIFF ASTRO-MED, INC.'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT NIHON KOHDEN AMERICA, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Plaintiff Astro-Med, Inc. ("Astro-Med") hereby submits its Supplemental Memorandum in Opposition to Defendant Nihon Kohden America, Inc.'s ("Nihon Kohden") Motion to Dismiss for Lack of Personal Jurisdiction. On May 17, 2007 this Court granted Astro-Med's Motion to Supplement the Record on Nihon Kohden's Motion to Dismiss up to and including May 24, 2007. For reasons beyond its control, Astro-Med was unable to complete the discovery scheduled prior to May 24, 2007 until June 19, 2007. Accordingly, in a separate filing, Astro-Med has submitted to this Court its Motion to Modify Order to Extend the Date to Supplement the Record up to and including June 22, 1007. In anticipation of this Court's ruling on that motion, Astro-Med submits its supplemental memorandum for this Court's consideration in connection with the hearing presently scheduled for June 28, 2007 on Nihon Kohden's Motion to Dismiss.

Astro-Med has learned through very recent discovery that Nihon Kohden has additional contacts with the State of Rhode Island which justifies the exercise of general personal jurisdiction over Nihon Kohden in this matter. These contacts prove to be both purposeful and systematic and convincingly establish that Nihon Kohden has availed itself of the privilege of conducting business in Rhode Island and has relied on all of the benefits associated therewith. Listed below are additional facts which this Court should consider in determining that Nihon Kohden has sufficient continuous and systematic contacts with the State of Rhode Island to justify the exercise of general jurisdiction over it.

First, Nihon Kohden sells products to Rhode Island's largest medical institutions as well as numerous physicians and health care providers. In fact, Nihon Kohden has entered into business transactions with Rhode Island Hospital, Roger Williams Hospital, Kent County Memorial Hospital and Landmark Medical Hospital over the last five years. (Ohsawa Dep., p. 39, LL 9-25; 40, L 1) (Transcript Pages attached hereto as Exhibit A; Nihon Kohden's Supplemental Response to Interrogatory No. 3 attached hereto as Exhibit B). In addition, it has made sales to numerous doctors and healthcare professionals including Joseph Centofanti, M.D., Gerald Exil, M.D., Physician Resources, Karen Kerman, Pediatric Neurology, Carlos Nieto, M.D., Medical Group, Arshal Iqbul, Advanced Clinical, Neuro Development, Elizabeth Tegan, and Neil Hetherington. (Nihon Kohden Supplemental Response to Interrogatory No. 3). These business activities are additional to the sales activities to active and prospective customers in Rhode Island described in Astro-Med's Memorandum in Opposition to Motion to Dismiss.

Second, Nihon Kohden's policy is to require Rhode Island customers to enter into purchase agreements before product is shipped from Nihon Kohden's California facility to Rhode Island expressly to allow Nihon Kohden to commence suit in Rhode Island should the

Rhode Island buyer "renege" on the purchase. (Ohsawa Dep., p. 54 LL 7-25). This is important to Nihon Kohden because through a suit in Rhode Island Nihon Kohden has access to the buyer's assets in connection with any such litigation. (Ohsawa Depo., p. 55, LL 1-16) Plainly, by requiring Rhode Island purchasers to enter into the purchase agreements, Nihon Kohden is availing itself of the protection of Rhode Island law and the benefits of conducting business in Rhode Island.

Combined with the facts set forth in Astro-Med's Memorandum in Opposition to Nihon Kohden's Motion to Dismiss, these additional facts establish that Nihon Kohden's forum-based contacts comprise continuous and systematic activity engaged in by Nihon Kohden in Rhode Island unrelated to the suit. Accordingly due process requirements are satisfied and the maintenance of this suit does not violate traditional notions of fair play and substantial justice. *See*, *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S. Ct. 1868, 1872 (1984).

**CONCLUSION**

For all the foregoing reasons and the reasons set forth in Astro-Med's Memorandum in Opposition to Nihon Kohden's Motion to Dismiss, Astro-Med respectfully requests that this

Court deny Nihon Kohden's Motion to Dismiss.

Respectfully submitted,

ASTRO-MED, INC.

/s/ Robert M. Duffy

Robert M. Duffy, Esq. (#4428)
Craig M. Scott, Esq. (# 4237)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile
rduffy@duffysweeney.com
cscott@duffysweeney.com

## CERTIFICATE OF SERVICE

I hereby certify that the within **PLAINTIFF ASTRO-MED, INC.'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT NIHON KOHDEN AMERICA, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** was filed through the ECF system on the 21st day of June, 2007, and will be sent electronically to counsel named below who are registered participants identified on the Notice of Electronic Filing:

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

and was served, via First Class Mail, to the counsel named below who is not a registered ECF participant:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

/s/Robert M. Duffy
Robert M. Duffy, Esq.

# EXHIBIT A

COPY



UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC., Plaintiff | : | |
| VS. | : | C.A. NO. 06-533 ML |
| KEVIN PLANT and NIHON KOHDEN AMERICA, INC., Defendant | : | |

Deposition of MICHAEL OHSAWA, a 30(b)(6) witness designated by Nihon Kohden America, Inc., taken on behalf of the Plaintiff, on TUESDAY, JUNE 19, 2007, 3:12 P.M., at the offices of DUFFY SWEENEY & SCOTT, LTD, One Turks Head Place, Suite 1200, Providence, Rhode Island, before Vivian S. Dafoulas, Registered Merit Reporter/Certified Realtime Reporter.

Vivian S. Dafoulas, RMR-CRR
50 Fieldstone Drive
East Greenwich, RI 02818-2064
(401) 885-0992

2

APPEARANCES:

MR. KARCIS: Same objection. Vague as to time.

A. All of these customers have purchased product or equipment at some point during our company's history.

Q. I referred you earlier to the order granting Astro-Med's motion to compel information and documents from Nihon Kohden which has been designated as Plaintiff's 15 in this case, correct?

MR. KARCIS: Same objection.

Q. Do you see that?

A. Right.

Q. And it says that defendants need only respond as to the five years preceding April 20th, 2007.

MR. KARCIS: Same objection.

A. Okay.

Q. Do you see that?



A. Yes.

Q. And does that inform the time frame for these responses?

MR. KARCIS: Same objection.

A. When we compiled the original list two or three months ago, you know, I'm not exactly sure what the search criteria was other than the fact that they were Rhode Island customers.

Q. Let's look at Interrogatory No. 3. Identify all sales made to customers in Rhode Island in the past five years. Do you see that?

A. Yes.
MR. KARCIS: Same objection.
Q. We can agree that the following entities are identified: Joseph Centofanti, M.D., Gerald Exil, M.D., Rhode Island Hospital, Roger Williams, Physician Resources, Kent County Hospital, Landmark Medical, Karen Kerman, Pediatric Neurology, Carlos Nieto, M.D., Medical Group, Arshal Iqbul, Advanced Clinical, Elizabeth Tegan, Neuro Development, and Neil Hetherington are all Nihon Kohden customers that have been sold product or equipment over the last five years, correct?
MR. KARCIS: Same objection.
A. Based on the information here, I would say



it's correct.
Q. In fact, you swore that those are correct in response to the supplemental interrogatories, correct?
MR. KARCIS: Same objection.
A. I don't -- I don't remember the specific customer names that were on there but, you know, like I said, I -- I signed the interrogatory, I -- I -- these are -- these are the customers that -- if I say we sold it to them, we sold it to them during the past five years.
Q. In fact, you just signed these on Friday --
A. Uh-hum.
Q. -- correct?
MR. KARCIS: Objection.

(Whereupon, Plaintiff's Exhibit No. 25 was marked.)

Q. Do you recognize this document?

A. It looks like one of our purchase agreements.

Q. And who is the buyer?

MR. KARCIS: Same objections.

A. It says Dr. G. Exil.

Q. Of Warwick, Rhode Island?

A. That's correct.

MR. KARCIS: Same objections.

Q. And this is dated seven days after the quotation, correct?

MR. KARCIS: Same objections.



Q. Strike that. It's six days after the quotation of July 6th?

A. Okay.

MR. KARCIS: Same objections.

Q. Let me show you Exhibit 24.

A. Yes.

Q. And does Nihon Kohden America require buyers of capital medical equipment to enter into purchase agreements before the equipment is shipped?

MR. KARCIS: Same objections.

A. That's what the policy is.

Q. Okay. And why is that the policy?

MR. KARCIS: Same objections.

A. To ensure that the customer doesn't renege.

Q. In other words, you want to ensure that

# EXHIBIT B

RECEIVED
JUN 1 8 2007

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ASTRO-MED, INC.,

Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.

Defendants.

**DEFENDANT NIHON KOHDEN AMERICA, INC.'S OBJECTIONS FOR EVIDENTARY PURPOSES AND SUPPLEMENTAL RESPONSES TO PLAINTIFF ASTRO-MED, INC.'S FIRST SET OF INTERROGAORIES**

In compliance with the Court Order entered after hearing on June 11, 2007, Defendant Nihon Kohden supplements its answers and objects for evidentiary purposes to plaintiff Astro-Med, Inc.'s First Set of Interrogatories as follows:

Nihon Kohden's responses are made without waiving or intending to waive any objections as to relevancy, privilege, or admissibility of any information provided in response to plaintiff's interrogatories in any subsequent proceeding or at the trial of this or any other action, on any ground. A partial answer to any interrogatory that has been objected to, in whole or in part, is not intended to be a waiver of the objection.

## GENERAL OBJECTIONS

GENERAL OBJECTION NO. 1: Defendant objects to the extensive, burdensome, and irrelevant "identification" requirements for documents in the manner specified by plaintiff in paragraph (d) of the "Definitions" to the First Set of Interrogatories.

In lieu of that form of "identification," defendant has or will voluntarily disclose and produce relevant responsive documents that are free of the general or specific

ambiguous, unduly broad, burdensome, not relevant to the claim or defense of any party, and not reasonably calculated to lead to the discovery of admissible evidence.

GENERAL OBJECTION NO. 7: Defendant also objects to those interrogatories that exceed the scope of jurisdictional discovery.

## INTERROGATORIES

**INTERROGATORY NO. 2**

Identify all customers and prospective customers of Nihon Kohden in Rhode Island.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2**

Nihon Kohden objects to this interrogatory on the grounds that it is overly broad as to time, vague as to the term "prospective customers," and vague as to the term "Nihon Kohden equipment." Nihon Kohden also objects to this interrogatory on the grounds that it calls for speculation. Moreover, the response contained herein is subject to the Order. Notwithstanding the foregoing objections, subject to a time frame of five years preceding the date of this response and defining "prospective customers" as businesses or individuals that have expressed an interest in purchasing Nihon Kohden products, Nihon Kohden responds as follows: Office of Jeffery Wishik, M.D., Gus Stratton, M.D., Joseph Centofanti, M.D., Gerald Exil, M.D., Rhode Island Hospital, Roger Williams, Physician Resources, Kent County Hospital, Landmark Medical, Karen Kerman, Pediatric Neurology, Carlos Nieto, M.D., Medical Group, Arshal Iqbul, Advanced Clinical, Elizabeth Tegan, Neuro Development, and Neil Hetherington.

**INTERROGATORY NO. 3**

Identify all sales made to customers in Rhode Island within the past five years.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3**

Nihon Kohden objects to this interrogatory on the grounds that it is overly broad. The response contained herein is subject to the Order. Notwithstanding the foregoing objections, Nihon Kohden responds as follows: Nihon Kohden made sales to: Joseph Centofanti, M.D., and Gerald Exil, M.D. (copies of documents related to these sales were produce (and marked as Exhibit 4) at the deposition of Dominic Chillemi. In addition, minor transactions occurred with Rhode Island Hospital, Roger Williams, Physician Resources, Kent County Hospital, Landmark Medical, Karen Kerman, Pediatric Neurology, Carlos Nieto, M.D., Medical Group, Arshal Iqbul, Advanced Clinical, Elizabeth Tegan, Neuro Development, and Neil Hetherington.

**INTERROGATORY NO. 4**

Identify all mailing sent to Rhode Island customers, prospective customers or potential customers within the past five years.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4**

Nihon Kohden objects to this interrogatory on the grounds that it is overly broad. Nihon Kohden further objects to this interrogatory as well as vague and ambiguous as to the terms "mailings," "prospective customers," and "potential customers." Nihon Kohden objects to this interrogatory on the grounds that it calls for speculation. Moreover, the response contained herein is subject to the Order. Notwithstanding the foregoing objections, and identifying "prospective customers" and "potential customers" as those businesses or individuals that have expressed an interest in purchasing Nihon Kohden products, Nihon Kohden responds as follows: Nihon Kohden does not have information