# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,

Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.

Defendants.

## REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT NIHON KOHDEN'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; OR IN THE ALTERNATIVE TO DISMISS FOR IMPROPER VENUE; OR IN THE ALTERNATIVE TO TRANSFER FOR IMPROPER VENUE; OR IN THE ALTERNATIVE TO TRANSFER FOR CONVENIENCE

Defendant Nihon Kohden America, Inc. ("Nihon Kohden"), through its counsel, hereby submits this Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), on the grounds that the United States District Court for the District of Rhode Island lacks personal jurisdiction over Nihon Kohden; or in the alternative, that pursuant to Federal Rules of Civil Procedure 12(b)(3), the action should be dismissed as to Nihon Kohden because venue is improper; or in the alternative, this action should be transferred to either the United States District Court for the Central District of California or to the United States District Court for the Middle District of Florida. In support of its Reply, Defendant submits the accompanying Memorandum of Law.

NIHON KOHDEN AMERICA, INC.
By Its Attorneys,

/s/ Bruce W. Gladstone
Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
PHONE: (401) 331-5700
FAX: (401) 331-5787

/s/ E.P. Michael Karcis
E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
PHONE: (310) 450-9353
FAX: (310) 581-8006

DATE: June 22, 2007

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 22nd day of June, 2007, a copy of the foregoing was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

| | |
|---|---|
| Robert M. Duffy, Esq.<br>rduffy@duffysweeney.com<br>Duffy Sweeney & Scott, Ltd.<br>One Turks Head Place, Suite 1200<br>Providence, RI 02903 | Craig M. Scott, Esq.<br>cscott@duffysweeney.com<br>Duffy, Sweeney & Scott, Ltd.<br>One Turks Head Building, Suite 1200<br>Providence, RI 02903 |
| | |

/s/ Bruce W. Gladstone

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ASTRO-MED, INC.,

Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF NIHON KOHDEN'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; OR IN THE ALTERNATIVE TO DISMISS FOR IMPROPER VENUE; OR IN THE ALTERNATIVE TO TRANSFER FOR IMPROPER VENUE; OR IN THE ALTERNATIVE TO TRANSFER FOR CONVENIENCE**

Defendant Nihon Kohden America, Inc., by and through its counsel, hereby submits the following memorandum of law in support of its Reply to Plaintiff Astro-Med, Inc.'s Opposition to its Motion to Dismiss for Lack of Personal Jurisdiction; or in the alternative, to Dismiss for Improper Venue; or in the alternative, to Transfer for Improper Venue; or in the alternative, to Transfer for Convenience.

## I. INTRODUCTION

Plaintiff Astro-Med, Inc. ("Astro-Med") added defendant Nihon Kohden America, Inc. ("Nihon Kohden") to this action in the State of Rhode Island, which lacks personal jurisdiction over Nihon Kohden. Accordingly, in February 2007, Nihon Kohden moved for dismissal from this action. In its opposition, Astro-Med's proffered evidence fails to prove that the United States District Court for the District of Rhode Island has personal jurisdiction over Nihon Kohden under the standard established by the First Circuit Court of Appeals.

Lacking evidence, Plaintiff relies on conclusory allegations and fails to address or distinguish legal authorities that, applied here, compel Nihon Kohden's dismissal. Moreover, Astro-Med's main argument -- that Nihon Kohden's use of an independent company to develop a New England area market establishes the requisite "continuous and systematic contacts," to exercise general jurisdiction -- proves just the opposite. An out-of-state defendant's utilization of a third party to solicit orders within the state and attend trade shows does not, without more, suffice to exercise personal jurisdiction over the out-of-state defendant.[1]

This Court has permitted Plaintiff nearly four months to conduct jurisdictional discovery. But Plaintiff has provided no affirmative proof that the exercise of jurisdiction over Nihon Kohden comports with the Constitutional notion of "fair play and substantial justice." Plaintiff rests on conclusory allegations in its First Amended Complaint, as well as evidence that Nihon Kohden advertised nationally and hired an independent company to market its products in the Northeastern United States. Importantly, none of the alleged acts by Nihon Kohden in this action relate to conduct within the State of Rhode Island. Thus, the Rhode Island District Court lacks specific and general personal jurisdiction over Nihon Kohden.

## II. PLAINTIFF HAS FAILED TO PROFFER EVIDENCE ESTABLISHING PERSONAL JURIDICTION OVER NIHON KOHDEN

When jurisdiction is contested, the plaintiff bears the burden to establish facts sufficient for the court to exercise jurisdiction over an out-of-state defendant.[2] The plaintiff must proffer evidence sufficient to satisfy all of the requirements essential to a

[1] Congoleum Corp. v. DLW Aktiengesellschaft, 729 F. 2d 1240 (9th Cir. 1984) (general jurisdiction over out-of-state defendant is not appropriate where defendant's sole contacts consist of using a third party as a consultant to (1) solicit orders; (2) recommend other sales agents; (3) order samples; (4) promote the defendant's products to potential customers through mailings and showroom displays in the forum; and (5) attending trade shows and sales meetings).

[2] Rodriguez *et al.* v. Aircraft Company *et al.*, 781 F. 2d 9, 10 (1st Cir. 1986).

finding of personal jurisdiction.[3] The Plaintiff must go beyond the pleadings and offer affirmative proof.[4] A plaintiff may not rely on unsupported or conclusory pleading allegations to make a *prima facie* showing of personal jurisdiction, nor may a plaintiff rely upon the court to draw far-fetched inferences on its behalf.[5] Moreover, courts can and do consider uncontradicted evidence offered by the out-of-state defendant on the issue of jurisdiction.[6]

Plaintiff's overbroad discovery efforts utterly failed to produce evidence of personal jurisdiction over Nihon Kohden, thereby leaving Plaintiff to rest on baseless conclusions, pure speculation, and conclusory allegations in its First Amended Complaint.[7] The only evidence before this Court on the issue of jurisdiction demonstrates that (1) Nihon Kohden has not, and does not directly market its products within Rhode Island; (2) Nihon Kohden has utilized an independent company to handle in-state transactions; and (3) Nihon Kohden hired Kevin Plant for reasons entirely unrelated to Plaintiff's "protectable" interests entirely unrelated to the State of Rhode Island. Simply put, neither general jurisdiction nor specific jurisdiction is supported by the evidence.

Accordingly, as Plaintiff has failed to proffer evidence demonstrating that the Rhode Island District Court has personal jurisdiction over Nihon Kohden in this action, then Nihon Kohden must be dismissed for lack of personal jurisdiction.

## A. PLAINTIFF FAILED TO SUPPORT ITS CLAIM OF PERSONAL JURISDICTION OVER NIHON KHODEN

Plaintiff failed to "adduce evidence of specific facts" supporting its jurisdictional claim.[8] The test for specific personal jurisdiction examines (1) the relation between the

---

[3] Boit v. Gar-Tec Products, Inc., 967 F.2d 671, 675 (1st Cir. 1992).
[4] *Id.*
[5] Situation Management Systems, Inc. v. ASP Consulting Group et al.2006 U.S. Dist. LEXIS 57793, *4-5 (D.N.H. 2006).
[6] *Id.*
[7] Plaintiff's Opposition to Nihon Kohden's Motion to Dismiss ("Pltf.'s Opp.") pp. 13-16.
[8] *See* Salgado et al. v. Les Nouvelles Esthetiques et al., 218 F. Supp. 2d 203, 206 (D.P.R. 2002).

plaintiff's claims to in-state contacts of the defendant, and (2) any "purposeful availment" by the out-of-state defendant of the forum state's laws. *Only if* the first two elements are **both** met, then the Court may consider the reasonableness of requiring an out-of-state defendant to defend itself in the forum state.[9] This test focuses on the basis of the plaintiff's cause of action against the out-of-state defendant: The plaintiff's claim must arise out of the defendant's specific contacts within the forum state.[10]

Plaintiff applies the test improperly; as to the first prong of the test for (the connection between Plaintiff's claims against Nihon Kohden and Nihon Kohden's in-state contacts) Plaintiff proffers no evidence of a connection between Nihon Kohden's alleged acts and Rhode Island. As to the second prong -- whether Nihon Kohden "purposefully availed" itself of the protections of Rhode Island law. Plaintiff's approach is not only fatally flawed, because the first prong has not been met, but no evidence exists or has been proffered showing "purposeful availment" of the forum state's laws or protection.[11]

Instead of proffering evidence to support its claim of specific jurisdiction, Plaintiff relies upon the (inapplicable) "effects test," without any of the supporting evidence required by applicable law.[12]

### 1. Conclusory Allegations Are Not Evidence Supporting Plaintiff's Specific Jurisdiction Argument

Plaintiff has engaged in four months of aggressive jurisdictional discovery, but has not established that Nihon Kohden hired or employed defendant Kevin Plant in

---

[9] World-Wide Volkswagen Corp. *et al.* v. Woodson, 444 U.S. 486, 497 (1980).
[10] Salgado, 218 F. Supp. 2d at 207.
[11] Plaintiff discusses but fails to satisfy the "effects test," an analysis that applies to the second "purposeful availment" prong of the specific jurisdiction test. This test applies only after the plaintiff satisfies the first "relatedness" prong of the specific jurisdictional test. U.S. v. Swiss American Bank, 274 F. 3d 610, 623 (1st Cir. 2001). In order to prevail, the plaintiff must establish that the out-of-state defendant purposefully and voluntarily directed its conduct toward the forum state such that it should thereby expect to be subject to the forum's jurisdiction.
[12] U.S. v. Swiss American Bank, 274 F. 3d 610, 623 (1st Cir. 2001).

Florida in a way that impacts or should subject it to the State of Rhode Island's jurisdiction in this action. Plaintiff proffered no "factual" support for specific jurisdiction in this State; Plaintiff relies solely on conclusory, generalized, and unsupported allegations.[13]

To satisfy the first "relatedness" prong of the jurisdictional test, Plaintiff must proffer evidence showing the causal nexus between Nihon Kohden's contacts or conduct in Rhode Island and the causes of action asserted against Nihon Kohden.[14] Without evidence, Plaintiff alleges that "Nihon Kohden intentionally interfered with [Kevin] Plant's employment agreement to gain access to Astro-Med's customer contact list, trade secrets, and other proprietary and confidential business information."[15]

Additionally, Plaintiff claims that "Nihon Kohden intentionally induced [Kevin] Plant to breach his agreement with Astro-Med, causing Astro-Med to suffer loss of sales, potential sales, loss of goodwill, disclosure of its trade secrets, other monetary damages and irreparable harm."[16] But Plaintiff has proffered no evidence of "intentional inducement" by Nihon Kohden in its decision to hire Kevin Plant as a salesperson in Florida.

The only evidence before the Court on Nihon Kohden's hiring of Kevin Plant shows that Nihon Kohden had **no** intent to "gain access to Astro-Med's customer contact list, trade secrets, and other proprietary and confidential business information."[17] On September 10, 2006, Michael Ohsawa, Director of Operations for Nihon Kohden, sent Kevin Plant a letter specifically advising Mr. Plant that his employment with Nihon Kohden would relate solely to Nihon Kohden's products and Nihon Kohden's business

---

[13] Pltf.'s Opp. pp. 13-16.

[14] PMH Research, LLC v. Life Extension Foundation, 2004 U.S. Dist. LEXIS 26775, *17 (D.N.H. 2004) (dismissal of plaintiff-company's trade secret case based on lack of personal jurisdiction).

[15] *Id.* Pltf.'s Opp. at 13.

[16] *Id.*

[17] Exhibit 1, September 10, 2006 letter from Nihon Kohden to Kevin Plant.

information.[18] As such, Nihon Kohden specifically instructed Mr. Plant not to use any of Plaintiff's trade secrets or confidential information in connection with his duties and employment at Nihon Kohden.[19] Additionally, this Court, in issuing its injunction orders pursuant to Rhode Island law (Nestle Food Co. v. Miller, 836 F. Supp. 69 (D.R.I. 1993), already found the Employee Agreement between Kevin Plant and Astro-Med to be unenforceable.[20]

Accordingly, Plaintiff has failed to support its jurisdictional claims with evidence that the State of Rhode Island has personal jurisdiction over Nihon Kohden in this action. In fact, the only evidence shows that Nihon Kohden's conduct in its hiring of Kevin Plant was unrelated to Rhode Island.

### 2. Plaintiff's "Effects Test" Fails For Lack Of Evidence

Plaintiff cites no in-state conduct by Nihon Kohden that allegedly caused harm. Plaintiff, therefore, focuses on in-forum "effects," citing cases applying Calder v. Jones, 65 U.S. 783 (1984).[21] The First Circuit however, in U.S. v. Swiss American Bank, 274 F. 3d 610, made it clear that Calder does **not** support the broad proposition that "a foreign act with foreseeable effects in the forum state always gives rise to specific jurisdiction."[22] Moreover, the First Circuit has interpreted the in Calder decision (a defamation case), to require the consideration of an in-forum "effects" only after the plaintiff has established by evidence the relatedness of the claims to the forum state.[23] Plaintiff has proffered no evidence of a connection between Nihon Kohden's alleged conduct and the State of

---

[18] *Id.*
[19] *Id.*
[20] *See* Evidentiary Hearing Transcript of December 28, 2006 26:13-17 and 27:12-16 ("I don't think [the agreement] is enforceable under Rhode Island law); Interim Injunction Orders dated February 5, 2007 and May 8, 2007.
[21] *See e.g.*, Pltf.'s Opp. at 12 citing Northeastern Land Services, Ltd. v. Schulke, 988 F. Supp. 54, 59 (D.R.I 1997).
[22] Swiss American Bank, 274 F. 3d at 623 (effects test failed because plaintiff's related contacts with Massachusetts was so scant that it did not consider other prongs of the specific jurisdiction test).
[23] *Id.*

Rhode Island. It only asserts the creation of Plaintiff's creation of trade secrets within the State.

Plaintiff's cited cases, Northeastern Land Services, Ltd. v. Schulke, 988 F. Supp. 54 (D.R.I 1997) and Thompson Trading, Ltd. v. Allied Lyons PLC *et al.*, 123 F.R.D. 417 (D.R.I. 1989),[24] are distinguishable. Northeastern and Thompson Trading do not involve an out-of-state company hiring a competitor's salesperson. Northeastern and Thompson Trading both involve situations where the out-of-state company had a prior contractual relationship with the plaintiff company before the alleged wrongdoing occurred.[25] Neither case involved an out-of-state company simply hiring an individual, working for the plaintiff outside the forum state, to work for the defendant company outside the forum state.

In Northeastern, the out-of-state defendant, an individual, held a one-third interest in the plaintiff company and, while on company time and using company resources, worked to establish a competing business by actively soliciting the plaintiff's employees and customers, and engaged in such conduct from the plaintiff's Providence, Rhode Island office.[26] Similarly, in Thompson Trading, the plaintiff company and the defendant companies were parties to a distribution agreement containing an assignment clause.[27] The plaintiff sued on the assignment clause, alleging that the defendants' refusal to allow it to exercise that clause constituted unlawful interference with contract.[28]

Nihon Kohden had no previous contractual or other legally recognized (such as employer/employee) relationship with Plaintiff. To the contrary, Nihon Kohden and Plaintiff are competitors and have no relationship with each other. In PMH Research,

---

[24] Additionally, both cases predate Swiss American Bank by at least four years and are outdated to the extent they are inconsistent with Swiss American Bank.

[25] Northeastern, 988 F. Supp. at 56; Thompson Trading, 123 F.R.D. at 419.

[26] Northeastern, 988 F. Supp. at 56 (plaintiff offered undisputed affidavits regarding the defendant's activities in support of the plaintiff's opposition).

[27] Thompson Trading, 123 F.R.D. at 419.

[28] *Id.*

LLC v. Life Extension Foundation, 2004 U.S. Dist. LEXIS 26775, (D.N.H. 2004), the First Circuit District Court held that the locale or site of creation of plaintiff's trade secret did not establish jurisdiction over an out-of-state defendant.[29] The court in PMH Research found that personal jurisdiction does not exist simply based on the plaintiff's allegedly suffering injury in the forum state.[30] Rather, specific jurisdiction only exists where the alleged activity causing the injury occurred.[31] Here, Nihon Kohden hired Kevin Plant as its Florida sales representative -- an act that has absolutely nothing to do with Rhode Island. Therefore, no specific jurisdiction exists in this action as to Nihon Kohden.

## B. NIHON KOHDEN HAS NO CONTINUOUS, PURPOSEFUL, AND SYSTEMATIC CONTACTS WITH RHODE ISLAND

Plaintiff has shown no evidence of continuous and systematic business activities by Nihon Kohden in Rhode Island. An out-of-state defendant may not be subjected to another state's jurisdiction based on random, fortuitous, or attenuated contacts.[32] General personal jurisdiction requires the nonresident defendant's contacts with the forum to be continuous, purposeful, and systematic.[33] Nihon Kohden's few instances of sales to Rhode Island purchasers through an independent go-between do not reach a level of "continuous, purposeful, and systematic contacts." Its contact, consisting of a few sales to purchasers in-state through an independent third-party are, at best, attenuated, limited, sporadic, or incidental.

Plaintiff contends that because Nihon Kohden (1) hires an independent company that sells some of Nihon Kohden's products to New England area purchasers; and (2)

---

[29] PMH Research, LLC v. Life Extension Foundation, 2004 U.S. Dist. LEXIS 26775, *17 (D.N.H. 2004) (dismissal of plaintiff-company's trade secret case based on lack of personal jurisdiction).
[30] *Id.*
[31] *Id.*
[32] PMH Research, 2004 U.S. Dist. LEXIS at *8 (D.N.H. 2004) *citing* Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475.
[33] Cerberus Partners, 836 A. 2d 1113, 1122.

advertises in national trade magazines, it is subject to general jurisdiction. Plaintiff's argument is legally incorrect, baseless and wholly inconsistent with "traditional notions of fair play and substantial justice."[34]

When an out-of-state defendant's in-forum activities consist solely of developing its general sales market, exercise of personal jurisdiction is not appropriate.[35] In Congoleum Corp. v. DLW Aktiengesellschaft, 729 F. 2d 1240 (9th Cir. 1984), the Court found that personal jurisdiction did not exist over an out-of-state defendant that used a third-party consultant to (1) solicit orders; (2) recommend other potential sales agents; (3) order samples; (4) promote the defendant's products through mailings and showroom displays within the forum; and (5) attend trade shows and sales meetings.[36] The third-party consultant in Congoleum also represented other manufacturers in addition to the defendant.[37] Moreover, local advertising is also insufficient to create general jurisdiction over a nonresident defendant.[38]

The relevant facts of this case are substantially similar to those in Congoleum and PMH Research, except that Nihon Kohden's grounds for dismissal based on lack of personal jurisdiction are even stronger. Nihon Kohden has hired Med-Tek Solutions, Inc., a New York corporation, to handle New England sales.[39] Just as in Congoleum, Med-Tek Solutions, Inc. acted as a consultant, solicited orders in Rhode Island, promoted various neurophysiology products of Med-Tek's clients, including Nihon Kohden, and attended trade shows to promote its clients' products.[40] Thus, it was solely by and through Med-Tek Solutions, Inc.'s activities that Nihon Kohden had any in-state

---

[34] *See* International Shoe Co. v. Washington, 326 U.S. 310 (1945).
[35] Congoleum Corp. v. DLW Aktiengesellschaft, 729 F. 2d 1240, 1242-1243 (9th Cir. 1984).
[36] *Id.* at 1242.
[37] *Id.*
[38] Glater v. Eli Lilly & Co., 744 F. 2d 213, 215-217 (1st Cir. 1984) (employing eight sales representatives who provided customers in forum state with product information and limited in-state advertising insufficient contact for general jurisdiction)
[39] Exhibit 5, Deposition of Dominic Chillemi ("Chillemi Depo.") 13:8-14:4.
[40] *Id.* at 13:8-14:4, 18:16-19:11, 24:6-11, 53:1-54:1, and 56:3-56:18.

"connection." Such attenuated, indirect contact does not satisfy the "continuous and systematic" legal standard.

In PMH Research, as here, the defendant employed no sales people in the forum state and had a limited number of sales within the forum state.[41] In fact, Nihon Kohden has *fewer* in-state contacts than did the defendant in PMH Research. Thus, Nihon Kohden's extremely limited activity involving Rhode Island is not continuous and systematic, and under PMH Research and Congoleum, Plaintiff's claims against Nihon Kohden should be dismissed for lack of personal jurisdiction.

## III. SHOULD THE COURT FIND PERSONAL JURISDICTION OVER NIHON KOHDEN, TRANSFER OF VENUE TO THE CENTRAL DISTRICT COURT OF CALIFORNIA – OR – THE MIDDLE DISTRICT OF FLORIDA IS WARRANTED

Both the private and public interests associated with a transfer for convenience favor trial in either the Middle District Court in Florida or the Central District Court in California.[42] Plaintiff's allegations against Nihon Kohden are based entirely on a dispute over its Florida sales market. Plaintiff alleges that Nihon Kohden interfered with Astro-Med's relationship with its former salesperson in Florida, Kevin Plant, and misappropriated trade secrets. The alleged conduct occurred in either California or Florida, and Rhode Island's interest in adjudicating Plaintiff's claims is more remote.

In order to defend itself, Nihon Kohden's counsel will need to gather evidence from the over 300 Florida businesses whose names appear on the Astro-Med Customer

---

[41] *Id.* at *13.

[42] Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947) (The respective "private interests" of litigants is determined based upon: (1) the relative ease of access to sources of proof; (2) availability of compulsory process for attendance of witnesses; and (3) all of the practical problems that make conducting a trial in a particular venue easier, more expeditious, and less expensive. The "public interests" include: (1) administrative difficulties stemming from court congestion; (2) local interest in having localized controversies decided "at home"; (3) the interest in having a diversity case tried in a forum that is familiar with the governing law; (4) avoidance of unnecessary conflict of law problems; and (5) the fairness of imposing jury duty upon citizens of a forum that is less connected with the relevant facts than an alternative forum.)

List.[43] This will likely require testimony from at least some of these Florida businesses at trial. In addition, Nihon Kohden must defend itself with regard to the hiring of Kevin Plan in Florida. Such communications were made by Michael Ohsawa, Director of Operations for Nihon Kohden, or Gary Reasoner, Director of Nihon Kohden's Neurology Group, in California, and by Mr. Plant, in Florida. All potential witnesses live and work in California or Florida, and any burden to Plaintiff would not equal the burden on Nihon Kohden, its witnesses or third-party witnesses. Accordingly, transfer of venue to either the Middle District Court of Florida or the Central District of California is warranted.

## IV. CONCLUSION

Based upon Nihon Kohden's moving papers and on the foregoing, Plaintiff has failed to meet its burden to proffer evidentiary support for the United States District Court for the District of Rhode Island's exercise of personal jurisdiction over Nihon Kohden. Nihon Kohden's contacts with Rhode Island do not relate to Plaintiff's causes of action and do not rise to the level of "continuous and systematic" contacts. Accordingly, Nihon Kohden respectfully requests that this Court dismiss Nihon Kohden from this action, for lack of personal jurisdiction or, in the alternative, transfer this case to the United States District Court for the Middle District of Florida or United States District Court for the Central District of California.

---

[43] *See* Exhibits 3 and 4, Interim Injunction Orders Paragraph 2. (Due to the sensitive nature of the Astro-Med Customer List and the Court's May 8, 2007 Order, only Nihon Kohden's counsel may view the list and it cannot be produced with this Memorandum of Law.)

NIHON KOHDEN AMERICA, INC.
By Its Attorneys,

/s/ Bruce W. Gladstone
Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
PHONE: (401) 331-5700
FAX: (401) 331-5787

/s/ E.P. Michael Karcis
E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
PHONE: (310) 450-9353
FAX: (310) 581-8006

DATE: June 22, 2007

G:\pec\PLANT, KEVIN\NK Reply to Astro Opp 6-21.doc

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 22nd day of June, 2007, a copy of the foregoing was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

| | |
|---|---|
| Robert M. Duffy, Esq.<br>rduffy@duffysweeney.com<br>Duffy Sweeney & Scott, Ltd.<br>One Turks Head Place, Suite 1200<br>Providence, RI 02903 | Craig M. Scott, Esq.<br>cscott@duffysweeney.com<br>Duffy, Sweeney & Scott, Ltd.<br>One Turks Head Building, Suite 1200<br>Providence, RI 02903 |
| | |

/s/ Bruce W. Gladstone