UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>KEVIN PLANT and NIHON KOHDEN AMERICA, INC.,<br><br>Defendants. | : | C.A. No. 06-533 ML |

**PLAINTIFF ASTRO-MED, INC.'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT NIHON KOHDEN AMERICA, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Plaintiff Astro-Med, Inc. ("Astro-Med") hereby submits its Supplemental Memorandum in Opposition to Defendant Nihon Kohden America, Inc.'s ("Nihon Kohden") Motion to Dismiss for Lack of Personal Jurisdiction. On May 17, 2007 this Court granted Astro-Med's Motion to Supplement the Record on Nihon Kohden's Motion to Dismiss up to and including May 24, 2007. For reasons beyond its control, Astro-Med was unable to complete the discovery scheduled prior to May 24, 2007 until June 19, 2007. Accordingly, in a separate filing, Astro-Med has submitted to this Court its Motion to Modify Order to Extend the Date to Supplement the Record up to and including June 22, 1007. In anticipation of this Court's ruling on that motion, Astro-Med submits its supplemental memorandum for this Court's consideration in connection with the hearing presently scheduled for June 28, 2007 on Nihon Kohden's Motion to Dismiss.

Astro-Med has learned through very recent discovery that Nihon Kohden has additional contacts with the State of Rhode Island which justifies the exercise of general personal jurisdiction over Nihon Kohden in this matter. These contacts prove to be both purposeful and systematic and convincingly establish that Nihon Kohden has availed itself of the privilege of conducting business in Rhode Island and has relied on all of the benefits associated therewith. Listed below are additional facts which this Court should consider in determining that Nihon Kohden has sufficient continuous and systematic contacts with the State of Rhode Island to justify the exercise of general jurisdiction over it.

First, Nihon Kohden sells products to Rhode Island's largest medical institutions as well as numerous physicians and health care providers. In fact, Nihon Kohden has entered into business transactions with Rhode Island Hospital, Roger Williams Hospital, Kent County Memorial Hospital and Landmark Medical Hospital over the last five years. (Ohsawa Dep., p. 39, LL 9-25; 40, L 1) (Transcript Pages attached hereto as Exhibit A; Nihon Kohden's Supplemental Response to Interrogatory No. 3 attached hereto as Exhibit B). In addition, it has made sales to numerous doctors and healthcare professionals including Joseph Centofanti, M.D., Gerald Exil, M.D., Physician Resources, Karen Kerman, Pediatric Neurology, Carlos Nieto, M.D., Medical Group, Arshal Iqbul, Advanced Clinical, Neuro Development, Elizabeth Tegan, and Neil Hetherington. (Nihon Kohden Supplemental Response to Interrogatory No. 3). These business activities are additional to the sales activities to active and prospective customers in Rhode Island described in Astro-Med's Memorandum in Opposition to Motion to Dismiss.

Second, Nihon Kohden's policy is to require Rhode Island customers to enter into purchase agreements before product is shipped from Nihon Kohden's California facility to Rhode Island expressly to allow Nihon Kohden to commence suit in Rhode Island should the

Rhode Island buyer "renege" on the purchase. (Ohsawa Dep., p. 54 LL 7-25). This is important to Nihon Kohden because through a suit in Rhode Island Nihon Kohden has access to the buyer's assets in connection with any such litigation. (Ohsawa Depo., p. 55, LL 1-16) Plainly, by requiring Rhode Island purchasers to enter into the purchase agreements, Nihon Kohden is availing itself of the protection of Rhode Island law and the benefits of conducting business in Rhode Island.

Combined with the facts set forth in Astro-Med's Memorandum in Opposition to Nihon Kohden's Motion to Dismiss, these additional facts establish that Nihon Kohden's forum-based contacts comprise continuous and systematic activity engaged in by Nihon Kohden in Rhode Island unrelated to the suit. Accordingly due process requirements are satisfied and the maintenance of this suit does not violate traditional notions of fair play and substantial justice. *See*, *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S. Ct. 1868, 1872 (1984).

## CONCLUSION

For all the foregoing reasons and the reasons set forth in Astro-Med's Memorandum in Opposition to Nihon Kohden's Motion to Dismiss, Astro-Med respectfully requests that this

Court deny Nihon Kohden's Motion to Dismiss.

Respectfully submitted,

ASTRO-MED, INC.

/s/ Robert M. Duffy

Robert M. Duffy, Esq. (#4428)
Craig M. Scott, Esq. (# 4237)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile
rduffy@duffysweeney.com
cscott@duffysweeney.com

# CERTIFICATE OF SERVICE

I hereby certify that the within **PLAINTIFF ASTRO-MED, INC.'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT NIHON KOHDEN AMERICA, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** was filed through the ECF system on the 25th day of June, 2007, and will be sent electronically to counsel named below who are registered participants identified on the Notice of Electronic Filing:

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

and was served, via First Class Mail, to the counsel named below who is not a registered ECF participant:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

/s/Robert M. Duffy
Robert M. Duffy, Esq.