# EXHIBIT A

COPY

06-19-07-Scott-Ohsawa.txt

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ASTRO-MED, INC., Plaintiff | : |
| VS. | : C.A. NO. 06-533 ML |
| KEVIN PLANT and NIHON KOHDEN AMERICA, INC., Defendant | : |

Deposition of MICHAEL OHSAWA, a 30(b)(6) witness designated by Nihon Kohden America, Inc., taken on behalf of the Plaintiff, on TUESDAY, JUNE 19, 2007, 3:12 P.M., at the offices of DUFFY SWEENEY & SCOTT, LTD, One Turks Head Place, Suite 1200, Providence, Rhode Island, before Vivian S. Dafoulas, Registered Merit Reporter/Certified Realtime Reporter.

Vivian S. Dafoulas, RMR-CRR
50 Fieldstone Drive
East Greenwich, RI 02818-2064
(401) 885-0992

2

APPEARANCES:

MR. KARCIS: Same objection. Vague as to time.

A. All of these customers have purchased product or equipment at some point during our company's history.

Q. I referred you earlier to the order granting Astro-Med's motion to compel information and documents from Nihon Kohden which has been designated as Plaintiff's 15 in this case, correct?

MR. KARCIS: Same objection.

Q. Do you see that?

A. Right.

Q. And it says that defendants need only respond as to the five years preceding April 20th, 2007.

MR. KARCIS: Same objection.

A. Okay.

Q. Do you see that?



A. Yes.

Q. And does that inform the time frame for these responses?

MR. KARCIS: Same objection.

A. When we compiled the original list two or three months ago, you know, I'm not exactly sure what the search criteria was other than the fact that they were Rhode Island customers.

Q. Let's look at Interrogatory No. 3. Identify all sales made to customers in Rhode Island in the past five years. Do you see that?

A. Yes.
MR. KARCIS: Same objection.
Q. We can agree that the following entities are identified: Joseph Centofanti, M.D., Gerald Exil, M.D., Rhode Island Hospital, Roger Williams, Physician Resources, Kent County Hospital, Landmark Medical, Karen Kerman, Pediatric Neurology, Carlos Nieto, M.D., Medical Group, Arshal Iqbul, Advanced Clinical, Elizabeth Tegan, Neuro Development, and Neil Hetherington are all Nihon Kohden customers that have been sold product or equipment over the last five years, correct?
MR. KARCIS: Same objection.
A. Based on the information here, I would say



it's correct.
Q. In fact, you swore that those are correct in response to the supplemental interrogatories, correct?
MR. KARCIS: Same objection.
A. I don't -- I don't remember the specific customer names that were on there but, you know, like I said, I -- I signed the interrogatory, I -- I -- these are -- these are the customers that -- if I say we sold it to them, we sold it to them during the past five years.
Q. In fact, you just signed these on Friday --
A. Uh-hum.
Q. -- correct?
MR. KARCIS: Objection.

(Whereupon, Plaintiff's Exhibit No. 25 was marked.)

Q. Do you recognize this document?

A. It looks like one of our purchase agreements.

Q. And who is the buyer?

MR. KARCIS: Same objections.

A. It says Dr. G. Exil.

Q. Of Warwick, Rhode Island?

A. That's correct.

MR. KARCIS: Same objections.

Q. And this is dated seven days after the quotation, correct?

MR. KARCIS: Same objections.



Q. Strike that. It's six days after the quotation of July 6th?

A. Okay.

MR. KARCIS: Same objections.

Q. Let me show you Exhibit 24.

A. Yes.

Q. And does Nihon Kohden America require buyers of capital medical equipment to enter into purchase agreements before the equipment is shipped?

MR. KARCIS: Same objections.

A. That's what the policy is.

Q. Okay. And why is that the policy?

MR. KARCIS: Same objections.

A. To ensure that the customer doesn't renege.

Q. In other words, you want to ensure that