# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,

Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.

Defendants.

## REPLY TO PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO DEFENDANT NIHON KOHDEN'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, ETC.

Defendant Nihon Kohden America, Inc. ("Nihon Kohden"), through its counsel, hereby submits this Reply to Plaintiff's Supplemental Opposition to Defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), on the grounds that the United States District Court for the District of Rhode Island lacks personal jurisdiction over Nihon Kohden; or in the alternative, that pursuant to Federal Rules of Civil Procedure 12(b)(3), the action should be dismissed as to Nihon Kohden because venue is improper; or in the alternative, this action should be transferred to either the United States District Court for the Central District of California or to the United States District Court for the Middle District of Florida. In support of its Reply, Defendant Nihon Kohden submits the accompanying memorandum of law.

KOHDEN AMERICA, INC.
By Its Attorneys,

/s/ Bruce W. Gladstone

Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
PHONE: (401) 331-5700
FAX: (401) 331-5787

/s/ E.P. Michael Karcis
E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
PHONE: (310) 450-9353
FAX: (310) 581-8006

Date: June 27, 2007

G:\pec\PLANT, KEVIN\NK Astro MTDreply 062607 final.doc

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 27th day of June, 2007, a copy of the foregoing was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

| | |
|---|---|
| Robert M. Duffy, Esq.<br>rduffy@duffysweeney.com<br>Duffy Sweeney & Scott, Ltd.<br>One Turks Head Place, Suite 1200<br>Providence, RI 02903 | Craig M. Scott, Esq.<br>cscott@duffysweeney.com<br>Duffy, Sweeney & Scott, Ltd.<br>One Turks Head Building, Suite 1200<br>Providence, RI 02903 |
| | |

/s/ Bruce W. Gladstone

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ASTRO-MED, INC.,

Plaintiff,

v. C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN
AMERICA, INC.
Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF NIHON KOHDEN'S REPLY TO PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, ETC.**

Defendant Nihon Kohden America, Inc. ("Nihon Kohden"), by and through its counsel, hereby submits the following memorandum of law in support of its Reply to plaintiff Astro-Med, Inc.'s ("Astro-Med") Supplemental Opposition to Motion to Dismiss for Lack of Personal Jurisdiction, etc.

## I. INTRODUCTION

Plaintiff added Nihon Kohden to its lawsuit in Rhode Island against a former employee, defendant Kevin Plant. The State of Rhode Island, however, lacks personal jurisdiction over Nihon Kohden, and in February 2007, it moved for dismissal from this action. In its opposition and supplemental, Plaintiff's proffered evidence fails to prove that the U.S. District Court for the District of Rhode Island has personal jurisdiction over Nihon Kohden under the clear standard established by the First Circuit Court of Appeals.

Lacking evidence, Plaintiff relies on conclusory allegations and fails to address or distinguish legal authorities that, applied here, compel Nihon Kohden's dismissal for lack of personal jurisdiction. Moreover, Astro-Med's main argument -- that Nihon Kohden's use of an independent company to develop a New England area market establishes the requisite "continuous and systematic contacts" to exercise general jurisdiction -- proves the opposite under

established law. An out-of-state defendant's use of a third party to solicit orders within the state and attend trade shows does not suffice to exercise personal jurisdiction over the out-of-state defendant.[1] Nor do minimal transactions from such sales solicitations.[2]

Plaintiff also claims that Nihon Kohden previously identified Rhode Island as a forum choice for enforcing purchase agreements of Nihon Kohden products. However, Plaintiff fails to provide any further information, such as whether the source of the two agreements was the independent company hired to develop a New England area market, or whether the agreements are, in fact, governed by Rhode Island law.

Plaintiff has provided no affirmative proof that the exercise of jurisdiction in Rhode Island comports with the Constitutional notion of "fair play and substantial justice." Plaintiff rests on conclusory allegations in its complaint, as well as proffered evidence that Nihon Kohden advertised nationally, hired an independent company to market its products in the Northeast, and made sporatic, undetermined, limited sales to Rhode Island businesses. Finally, none of the acts alleged against Nihon Kohden in this action relate to conduct occurring within Rhode Island. Thus, the Rhode Island District Court lacks specific and general personal jurisdiction over Nihon Kohden.

## II. PLAINTIFF HAS FAILED TO PROFFER EVIDENCE ESTABLISHING PERSONAL JURIDICTION OVER NIHON KOHDEN

When contested, the plaintiff bears the burden to establish facts sufficient for the court to find jurisdiction over an out-of-state defendant.[3] The plaintiff must proffer evidence to satisfy all of the requirements of finding personal jurisdiction.[4] The plaintiff must go beyond its allegations

---

[1] Congoleum Corp. v. DLW Aktiengesellschaft, 729 F. 2d 1240 (9th Cir. 1984) (exercise of general jurisdiction over out-of-state defendant is not appropriate where defendant's sole contacts consist of using a third-party as a consultant to (1) solicit orders; (2) recommend other sales agents; (3) order samples; (4) promote the defendant's products to potential customers through mailings and showroom displays in the forum; and (5) attending trade shows and sales meetings).
[2] PMH Research, LLC v. Life Extension Foundation, 2004 U.S. Dist. LEXIS 26775, *14 (D.N.H. 2004) (motion to dismiss for lack of personal jurisdiction granted where the defendants' transactions in the forum were "limited to the distribution of an undetermined quantity of nutritional products, the sale of an undetermined number of memberships, and the distribution of Life Extension Magazine within the state").
[3] Rodriguez v. Aircraft Company, 781 F. 2d 9, 10 (1st Cir. 1986).
[4] Boit v. Gar-Tec Products, Inc., 967 F.2d 671, 675 (1st Cir. 1992).

and offer affirmative proof.[5] Unsupported or conclusory allegations do not make a *prima facie* showing of personal jurisdiction, nor do far-fetched inferences drawn on the plaintiff's behalf.[6] Moreover, courts should consider uncontradicted evidence offered by the defendant on the issue of jurisdiction.[7]

Plaintiff has failed to produce evidence warranting a finding of personal jurisdiction over Nihon Kohden, and rests on baseless conclusions, speculation, and allegations in its complaint.[8] The only evidence before this Court demonstrates that (1) Nihon Kohden does not directly market its products within Rhode Island, and made only minimal sales there; (2) Nihon Kohden has utilized an independent company to handle in-state transactions; and (3) Nihon Kohden hired Kevin Plant for reasons entirely unrelated to Plaintiff's "protectable" interests and entirely unrelated to the State of Rhode Island. Neither general nor specific jurisdiction is supported by the evidence here.

Plaintiff failed to proffer evidence even close to making a sufficient showing that the Rhode Island District Court has personal jurisdiction over Nihon Kohden in this action; thus, Nihon Kohden, under applicable law, must be dismissed for lack of personal jurisdiction.

### A. PLAINTIFF FAILED TO SUPPORT ITS CLAIM OF PERSONAL JURISDICTION OVER NIHON KHODEN

Plaintiff failed to "adduce evidence of specific facts" supporting its jurisdictional claim.[9] The test for specific personal jurisdiction examines (1) the relation between the plaintiff's claims to in-state contacts of the defendant, and (2) any "purposeful availment" by the out-of-state defendant of the forum state's laws. *Only if* both elements are met may the Court consider the reasonableness of requiring an out-of-state defendant to defend itself in the forum state.[10] This

---

[5] *Id.*
[6] Situation Management Systems, Inc. v. ASP Consulting Group 2006 U.S. Dist. LEXIS 57793, *4-5 (D.N.H. 2006).
[7] *Id.*
[8] Plaintiff's Opposition to Nihon Kohden's Motion to Dismiss ("Pltf.'s Opp.") pp. 13-16.
[9] *See* Salgado et al. v. Les Nouvelles Esthetiques et al., 218 F. Supp. 2d 203, 206 (D.P.R. 2002).
[10] World-Wide Volkswagon Corp. *et al.* v. Woodson, 444 U.S. 486, 497 (1980).

test focuses on the basis of the plaintiff's causes of action against the out-of-state defendant: The plaintiff's claim must arise out of the defendant's specific contacts within the forum state.[11]

Astro-Med misapplies the test; as to the first prong of the test (the connection between Plaintiff's claims against Nihon Kohden and Nihon Kohden's in-state contacts) Plaintiff proffers no evidence of a connection between Nihon Kohden's alleged misconduct and Rhode Island. As to the second prong -- whether Nihon Kohden "purposefully availed" itself of the protections of Rhode Island law -- Plaintiff's approach is not only fatally flawed, because the first prong is not met, but Plaintiff also showed no "purposeful availment," *i.e.*, use of or benefit from Rhode Island's laws or protections.[12]

Instead of proffering evidence to support its claim of specific jurisdiction, Plaintiff relies upon the "effects test," a test that is inapplicable here, and provides none of the supporting evidence required by applicable law.[13]

### 1. Conclusory Allegations Are Not Evidence Supporting Plaintiff's Specific Jurisdiction Argument

Plaintiff has not shown that Nihon Kohden hired or employed Kevin Plant in Florida in a way that should subject it to Rhode Island's jurisdiction. Plaintiff proffered no factual proof of specific jurisdiction.[14] To satisfy the first "relatedness" prong of the jurisdictional test, Plaintiff must proffer evidence showing the causal nexus between Nihon Kohden's contacts or conduct in Rhode Island, and the claims being asserted against Nihon Kohden.[15] Without evidence, Plaintiff's allegation that "Nihon Kohden intentionally interfered with [Kevin] Plant's

---

[11] Salgado, 218 F. Supp. 2d at 207.

[12] Plaintiff discusses but fails to satisfy the "effects test," an analysis that applies to the second "purposeful availment" prong of the specific jurisdiction test. This test applies only after the plaintiff satisfies the first "relatedness" prong of the specific jurisdictional test. U.S. v. Swiss American Bank, 274 F. 3d 610, 623 (1st Cir. 2001). In order to prevail, the plaintiff must establish that the out-of-state defendant purposefully and voluntarily directed its conduct toward the forum state such that it should thereby expect to be subject to the forum's jurisdiction.

[13] U.S. v. Swiss American Bank, 274 F. 3d 610, 623 (1st Cir. 2001).

[14] Pltf.'s Opp. pp. 13-16.

[15] PMH Research, *supra*, 2004 U.S. Dist. LEXIS 26775, *17 (D.N.H. 2004) (dismissal of plaintiff-company's trade secret case based on lack of personal jurisdiction).

employment agreement to gain access to Astro-Med's customer contact list, trade secrets, and other proprietary and confidential business information" remains utterly unsubstantiated.[16]

Additionally, Plaintiff alleges that "Nihon Kohden intentionally induced [Kevin] Plant to breach his agreement with Astro-Med, causing loss of sales, potential sales, loss of goodwill, disclosure of its trade secrets, other monetary damages and irreparable harm."[17] But Plaintiff has proffered no evidence of "intentional inducement" by Nihon Kohden when hiring Kevin Plant as a salesperson in Florida.

The only evidence before the Court on Nihon Kohden's hiring of Kevin Plant shows that there was no intent to "gain access to Astro-Med's customer contact list, trade secrets, and other proprietary and confidential business information."[18] In September 2006, Michael Ohsawa, Nihon Kohden's Director of Operations, sent Mr. Plant a letter specifically advising Mr. Plant that his employment would relate solely to Nihon Kohden's products and Nihon Kohden's business information.[19] Nihon Kohden instructed Mr. Plant not to use any of Plaintiff's trade secrets or confidential information in connection with his employment at Nihon Kohden.[20] Subsequently, this Court found that the employee agreement between Mr. Plant and Plaintiff was unenforceable.[21]

Thus, Plaintiff has failed to support its jurisdictional claims with evidence sufficient to show that personal jurisdiction over Nihon Kohden exists in this action. In fact, the only evidence shows that Nihon Kohden's conduct in hiring Kevin Plant was unrelated to Rhode Island.

**2. Plaintiff's "Effects Test" Fails For Lack Of Evidence**

---

16 Pltf.'s Opp. at 13.
17 *Id.*
18 Exhibit 1, September 10, 2006 letter from Nihon Kohden to Kevin Plant.
19 *Id.*
20 *Id.*
21 *See* Exhibit 2, Evidentiary Hearing Transcript of December 28, 2006 26:13-17 and 27:12-16 ("I don't think [the agreement] is enforceable under Rhode Island law); Exhibits 3 and 4, Interim Injunction Orders dated February 5, 2007 and May 8, 2007, respectively.

Plaintiff cites no in-state conduct by Nihon Kohden that allegedly caused harm. Plaintiff, instead, focuses on in-forum "effects," citing cases applying Calder v. Jones, 65 U.S. 783 (1984).[22] The First Circuit however, in U.S. v. Swiss American Bank, 274 F. 3d 610, made it clear that Calder does **not** support the broad proposition that "a foreign act with foreseeable effects in the forum state always gives rise to specific jurisdiction."[23] Moreover, the First Circuit interpreted the Calder decision (a defamation case) to require the consideration of in-forum "effects" only after the plaintiff has established by evidence the relatedness of the claims to the forum state.[24] Plaintiff has proffered no evidence of a connection between Nihon Kohden's alleged conduct and the State of Rhode Island. It only asserts the creation of Plaintiff's creation of trade secrets within the State.

Plaintiff's cited cases, Northeastern Land Services, Ltd. v. Schulke, 988 F. Supp. 54 (D.R.I 1997), and Thompson Trading, Ltd. v. Allied Lyons PLC, 123 F.R.D. 417 (D.R.I. 1989)[25] are distinguishable. In both, the out-of-state company had a prior contractual relationship with the in-state company before the alleged wrongdoing.[26] Also, neither case involved an out-of-state company hiring an individual, who was working for the plaintiff outside the forum state, to work for the defendant outside the forum state.

In Northeastern Land, the out-of-state defendant, an individual, held a one-third interest in the plaintiff company and, while on company time and using company resources, worked to establish a competing business by actively soliciting the plaintiff's employees and customers, and engaged in such conduct from the plaintiff's Providence, Rhode Island office.[27] Similarly, in Thompson Trading, the plaintiff company and the defendant companies were parties to a

[22] *See e.g.*, Pltf.'s Opp. at 12 citing Northeastern Land Services, Ltd. v. Schulke, 988 F. Supp. 54, 59 (D.R.I 1997).
[23] Swiss American Bank, 274 F. 3d at 623 (effects test failed because plaintiff's related contacts with Massachusetts so scant that it did not consider other prongs of the specific jurisdiction test).
[24] *Id.*
[25] Both cases predate Swiss American Bank by at least four years and inapplicable to the extent they are inconsistent with Swiss American Bank.
[26] Northeastern, 988 F. Supp. at 56; Thompson Trading, 123 F.R.D. at 419.
[27] Northeastern, 988 F. Supp. at 56 (plaintiff offered undisputed affidavits regarding the defendant's activities in support of the plaintiff's opposition).

distribution agreement containing an assignment clause.[28] The plaintiff sued on the assignment clause, alleging that the defendants' refusal to allow it to exercise that clause constituted unlawful interference with contract.[29]

Nihon Kohden had no previous contractual or other legally recognized (such as employer/employee) relationship with Plaintiff. To the contrary, Nihon Kohden and Plaintiff have no relationship with each other. In PMH Research, *supra*, a First Circuit District Court held that the locale or site of creation of plaintiff's trade secret did not establish jurisdiction over an out-of-state defendant.[30] The court in PMH Research found that personal jurisdiction does not exist simply based on the plaintiff's allegedly suffering injury in the forum state.[31] Rather, specific jurisdiction only exists where the alleged activity causing the injury occurred.[32] Here, the Nihon Kohden hired Mr. Plant as its Florida sales representative -- an act that has nothing to do with Rhode Island. No specific jurisdiction exists in this action as to Nihon Kohden.

## B. NIHON KOHDEN HAS NO CONTINUOUS, PURPOSEFUL, AND SYSTEMATIC CONTACTS WITH RHODE ISLAND

Plaintiff has shown no evidence of continuous and systematic business activities by Nihon Kohden in Rhode Island. An out-of-state defendant may not be subjected to another state's jurisdiction based on random, fortuitous or attenuated contacts.[33] General personal jurisdiction requires the nonresident defendant's contacts with the forum to be continuous, purposeful and systematic.[34] Nihon Kohden's few instances of sales to Rhode Island purchasers, mostly through an independent go-between, do not reach a level of "continuous, purposeful, and systematic" contacts; they are, instead, attenuated, limited, sporadic, or incidental.

---

[28] Thompson Trading, 123 F.R.D. at 419.
[29] *Id.*
[30] PMH Research, *surpa*, 2004 U.S. Dist. LEXIS 26775, *17 (dismissal of plaintiff-company's trade secret case based on lack of personal jurisdiction).
[31] *Id.*
[32] *Id.*
[33] *Id.* at *8, *citing* Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475.
[34] Cerberus Partners, *supra*, 836 A. 2d 1113, 1122.

Plaintiff contends that, because Nihon Kohden (1) hires an independent company that sells some of its products to New England-area purchasers; (2) advertises in national trade magazines; and (3) has made minimal sales to Rhode Island businesses, it is subject to general jurisdiction. Plaintiff's argument is legally incorrect, under established law, and wholly inconsistent with "traditional notions of fair play and substantial justice."[35]

When an out-of-state defendant's in-forum activities consist solely of developing its general sales market, exercise of personal jurisdiction is not appropriate.[36] In Congoleum, *supra*, the Ninth Circuit Court held that personal jurisdiction did not exist over an out-of-state defendant that used a third-party consultant to (1) solicit orders; (2) recommend other potential sales agents; (3) order samples; (4) promote the defendant's products through mailings and showroom displays within the forum; and (5) attend trade shows and sales meetings.[37] The third-party consultant in Congoleum also represented other manufacturers in addition to the defendant.[38]

The relevant facts of this case are substantially similar to those in Congoleum and PMH Research, but Nihon Kohden's grounds for dismissal based on lack of personal jurisdiction are even stronger. Nihon Kohden has hired Med-Tek Solutions, Inc., a New York corporation, to handle New England sales.[39] Just as in Congoleum, Med-Tek acted as a consultant, solicited orders in Rhode Island, promoted various neurophysiology products of Med-Tek's clients, including Nihon Kohden, and attended trade shows to promote its clients' products.[40] Thus, it was solely by and through Med-Tek's activities that Nihon Kohden had any in-state "connection." Such attenuated, indirect contact does not satisfy the "continuous and systematic" legal standard.

---

[35] *See* International Shoe Co. v. Washington, 326 U.S. 310 (1945).
[36] Congoleum Corp. v. DLW Aktiengesellschaft, 729 F. 2d 1240, 1242-1243 (9th Cir. 1984).
[37] *Id.* at 1242.
[38] *Id.* Moreover, local advertising is also insufficient to create general jurisdiction over a nonresident defendant. *See* Glater v. Eli Lilly & Co., 744 F. 2d 213, 215-217 (1st Cir. 1984) (employing eight sales representatives who provided customers in forum state with product information and limited in-state advertising insufficient contact for general jurisdiction)
[39] Exhibit 5, Deposition of Dominic Chillemi ("Chillemi Depo.") 13:8-14:4.
[40] *Id.* at 13:8-14:4, 18:16-19:11, 24:6-11, 53:1-54:1, and 56:3-56:18.

The PMH Research defendant, as here, employed no sales people in the forum state and had a limited number of sales within the forum state.[41] In fact, Nihon Kohden has *fewer* in-state contacts than did the PMH Research defendant. Thus, Nihon Kohden's extremely limited activity involving Rhode Island is not continuous and systematic, and under PMH Research and Congoleum, Plaintiff's claims against Nihon Kohden should be dismissed for lack of personal jurisdiction.

## III. SHOULD THE COURT FIND PERSONAL JURISDICTION OVER NIHON KOHDEN, TRANSFER OF VENUE IS WARRANTED

Both the private and public interests associated with a transfer for convenience favor trial in either the Middle Distinct Court in Florida or the Central District Court in California.[42] Plaintiff's allegations against Nihon Kohden are based entirely on a dispute over its Florida sales market. Plaintiff alleges that Nihon Kohden interfered with Astro-Med's relationship with Kevin Plant, its former salesperson in Florida, and misappropriated trade secrets. The alleged conduct occurred in either California or Florida. Rhode Island's interest in adjudicating Plaintiff's claims is more remote.

To prepare its defense, Nihon Kohden's counsel will need to gather evidence from the over 300 Florida businesses whose names appear on the Astro-Med Customer List.[43] This will likely require testimony from at least some Florida businesses at trial. In addition, Nihon Kohden must defend itself with regard to the hiring of Kevin Plant in Florida. Such communications were made by Michael Ohsawa, Director of Operations for Nihon Kohden, or Gary Reasoner, Director

---

[41] *Id.* at *13.

[42] Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947) (The respective "private interests" of litigants is determined based upon: (1) the relative ease of access to sources of proof; (2) availability of compulsory process for attendance of witnesses; and (3) all of the practical problems that make conducting a trial in a particular venue easier, more expeditious, and less expensive. The "public interests" include: (1) administrative difficulties stemming from court congestion; (2) local interest in having localized controversies decided "at home;" (3) the interest in having a diversity case tried in a forum that is familiar with the governing law; (4) avoidance of unnecessary conflict of law problems; and (5) the fairness of imposing jury duty upon citizens of a forum that is less connected with the relevant facts than an alternative forum).

[43] *See* Exhibits 3 and 4, Interim Injunction Orders Paragraph 2. (Due to the sensitive nature of the Astro-Med Customer List and the Court's May 8, 2007 Order, only Nihon Kohden's counsel may view the list and it cannot be produced with this memorandum of law.)

of Nihon Kohden's Neurology Group, both in California, and by Mr. Plant, in Florida. All potential witnesses live and work in California or Florida, and any burden to Plaintiff would not equal the burden on Nihon Kohden, its witnesses, or third-party witnesses. Accordingly, transfer of venue to either the Middle District Court of Florida or the Central District of California is warranted.

## IV. CONCLUSION

Based upon Nihon Kohden's moving papers and on the foregoing, Plaintiff has failed to meet its burden to proffer evidentiary support for the Rhode Island District Court's exercise of personal jurisdiction over Nihon Kohden. Nihon Kohden's contacts with Rhode Island do not relate to Plaintiff's causes of action and do not rise to the level of "continuous and systematic" contacts. Thus, Nihon Kohden respectfully requests that this Court dismiss it from this action, for lack of personal jurisdiction or, in the alternative, transfer this case to the U.S. District Court for the Middle District of Florida or the Central District of California.

NIHON KOHDEN AMERICA, INC.
By Its Attorneys,

/s/ Bruce W. Gladstone
Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
PHONE: (401) 331-5700
FAX: (401) 331-5787

/s/ E.P. Michael Karcis
E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
PHONE: (310) 450-9353
FAX: (310) 581-8006

Date: June 27, 2007

CERTIFICATION

The undersigned hereby certifies that on the 27th day of June, 2007, a copy of the foregoing was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

| | |
|---|---|
| Robert M. Duffy, Esquire<br>rduffy@duffysweeney.com<br>Duffy Sweeney & Scott, Ltd.<br>One Turks Head Place, Suite 1200<br>Providence, RI 02903 | Craig M. Scott, Esquire<br>cscott@duffysweeney.com<br>Duffy Sweeney & Scott, Ltd.<br>One Turks Head Place, Suite 1200<br>Providence, RI 02903 |
| | |

/s/ Bruce W. Gladstone