# EXHIBIT 2

Prelim. Inj. Hearing
of 12/28/06

The Court has also had the benefit of hearing from the Plaintiff's direct supervisor with respect to training that was provided to him and also his exposure to confidential and proprietary information of the Plaintiff.

The Court has also heard from the Defendant himself with respect to the nature of the business he is now engaged in with a direct competitor of the Plaintiff. The Court has heard the Defendant's acknowledgment of his having signed the employee agreement, which has been admitted in this case as Exhibit Number 4.

The Court conferenced with counsel at the end of the day yesterday and indicated to counsel that this employee agreement is about as broad as one can make it; that under *Nestle*, this Court has certain discretion in enforcing a remedy.

The Court also acknowledged that under Rhode Island law, generally noncompete agreements are disfavored. However, they will be enforced to the extent that the Plaintiff has demonstrated not only a need for the Defendant in a case to comply but also that the employer/Plaintiff in this case will suffer irreparable damage if the Defendant is permitted to take the specialized information, training and skills

he has developed in the course of his employment to a competitor.

In this case, it is the determination of this Court, at least on an interim basis, that the Defendant's employment at Nihon Kohden, particularly in the areas of overlap, that is, in his sales of EEG, PSG and LTM equipment, is in direct contravention of the agreement that he signed when he became employed with Astro-Med.

I have only heard, however, that his activities within the state of Florida are those that are in contravention of that agreement. As I explained to counsel yesterday, the sheer breadth of the geographic limitation contained in the agreement, it seems to me, unless there's a whole lot more that I haven't heard, I don't think is enforceable under Rhode Island law.

But at the very least, it seems to me, Mr. Plant, that when you accepted employment with Astro-Med, you made a promise and the promise was that you would not compete and that you would not disclose confidential and proprietary information and that by going to a direct competitor and selling precisely the same equipment that you were selling for Astro-Med, that you took a chance. And that chance, unfortunately for you, is in contravention of that agreement.