# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,

Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.

Defendants.

## DEFENDANT, NIHON KOHDEN'S NOTICE OF EMERGENCY MOTION AND EMERGENCY MOTION TO EXTEND DISCOVERY

Defendant, Nihon Kohden America, Inc., ("Nihon Kohden") will and hereby does, on an emergency basis, move for an extension of time in which to conduct discovery.

This motion is based on this Notice of Motion and the Motion and the Memorandum of Law attached hereto, the Affidavit of E.P. Michael Karcis concurrently filed herewith, and upon the papers, records and pleading files herein, as well as any evidence presented at the hearing on this motion.

NIHON KOHDEN AMERICA, INC.
By Its Attorneys,

/s/ Bruce W. Gladstone
Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
PHONE: (401) 331-5700
FAX: (401) 331-5787

/s/ E.P. Michael Karcis
E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
PHONE: (310) 450-9353
FAX: (310) 581-8006

Date: July 2, 2007

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 2nd day of July, 2007, a copy of the foregoing was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

| | |
|---|---|
| Robert M. Duffy, Esquire<br>rduffy@duffysweeney.com<br>Duffy Sweeney & Scott, Ltd.<br>One Turks Head Place, Suite 1200<br>Providence, RI 02903 | Craig M. Scott, Esquire<br>cscott@duffysweeney.com<br>Duffy Sweeney & Scott, Ltd.<br>One Turks Head Place, Suite 1200<br>Providence, RI 02903 |
| | |

/s/ Bruce W. Gladstone

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ASTRO-MED, INC.,

Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN
AMERICA, INC.
Defendants.

**AFFIDAVIT OF E.P. MICHAEL KARCIS IN SUPPORT OF DEFENDANT NIHON KOHDEN AMERICA, INC.'S EMERGENCY MOTION TO EXTEND DISCOVERY**

I, E.P. Michael Karcis, declare as follows:

1. I am an attorney at law, licensed to practice before all courts in Massachusetts and California, and am admitted Pro Hoc Vice in this matter. I am an attorney with the firm of McLean & McLean LLP, counsel of record for Defendant, Kevin Plant. The following statements are made of my own personal knowledge, and if called upon as a witness, I could and would competently testify thereto.

2. Since this Court's February 5, 2007 Scheduling Order, it has been Nihon Kohden's good faith position that discovery by or against Nihon Kohden should properly be limited to jurisdictional discovery pending this Court's ruling on Nihon Kohden's Motion to Dismiss.

3. During the pendency of Nihon Kohden's Motion to Dismiss, Nihon Kohden withheld taking any action, including conducting discovery for the following two reasons: (i) to avoid the appearance of or argument that it was voluntarily subjecting itself to the jurisdiction of this Court; (ii) to avoid either the Defendants or the Plaintiff having to be subject to the expenditure of the material time and expense of conducting potentially unnecessary discovery if Nihon Kohden's good faith Motion to Dismiss was decided in favor of Nihon Kohden on the grounds of lack of personal jurisdiction.

4. On June 28, 2007, this Court denied Nihon Kohden's Motion to Dismiss. Based on this ruling, Nihon Kohden must now defend itself against Plaintiff's claims. To do so, Nihon Kohden requires, at a minimum, the opportunity to propound 25 interrogatories, propound 25 requests for production of documents, and take the deposition(s) of the person(s) most knowledgeable regarding Plaintiff's employment relationship with Defendant Kevin Plant, maintenance of alleged trade secret and confidential information, and alleged business relationships with businesses in the State of Florida.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 2nd day of July in Providence, Rhode Island.

/s/ E.P. Michael Karcis
E.P. Michael Karcis, Affiant

Subscribed and sworn to before me this 2nd day of July, 2007 in Providence, Rhode Island.

/s/ Bruce W. Gladstone
Notary Public
My Commission Expires: 4/16/2011

G:\pec\PLANT, KEVIN\EMK Aff. re Extend Discovery.doc

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

ASTRO-MED, INC.,

Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN
AMERICA, INC.

Defendants.

**DEFENDANT, NIHON KOHDEN AMERICA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO EXTEND DISCOVERY**

Defendant Nihon Kohden America, Inc., ("Nihon Kohden"), by and through its counsel, hereby submits the following memorandum in support of its Motion to Extend Discovery.

## I. INTRODUCTION

The need for a discovery extension arises from Plaintiff Astro-Med, Inc.'s four month pursuit of jurisdictional discovery and this Court's June 28, 2007 ruling on Nihon Kohden's motion to dismiss for lack of jurisdiction.

Reasonably, and in good faith, Nihon Kohden relied on the pendency of its Motion to Dismiss, the hearing on which was delayed to June 28, 2007 as the Plaintiff requested and received from this Honorable Court three extensions to file and/or supplement its responses filed in opposition to Defendant, Nihon Kohden's Motion to Dismiss. Taking the position, based on a fair reading and application of the controlling case law, that it was not subject to the jurisdiction of the United States District Court for the District of Rhode Island, Nihon Kohden took no action, including not conducting discovery unrelated to the jurisdictional contest, that might have imperiled its meritorious claim that it was not subject to this Court's jurisdiction, and in addition, if no *in personam* jurisdiction were found over Nihon Kohden, then all parties to this litigation

would have undergone unnecessary time and expense in proceeding with substantive discovery by a party subsequently dismissed from the litigation on jurisdictional grounds. This Court's June 28th ruling has now made it incumbent upon Nihon Kohden to defend what it considers to be Plaintiff's spurious claims against it by, among other actions, conducting discovery. To that end, Nihon Kohden moves, pursuant to Federal Rules of Civil Procedure 16, for an extension of time in which to conduct focused discovery, which shall include 25 interrogatories, 25 requests for production of documents and the deposition(s) of person(s) most knowledgeable regarding Plaintiff's employment relationship with Defendant Kevin Plant, maintenance of alleged trade secret and confidential information, and alleged business relationships with businesses in the State of Florida. All of the foregoing is imperative to a fair trial and disposition in this matter, and to meet the requirements of procedural and substantive due process of law.

Nihon Kohden has attempted to obtain Plaintiff's agreement to extend the discovery cutoff.[1] However, the Plaintiff, through counsel, refused to agree to any extension of the discovery cutoff whatsoever, as Plaintiff is attempting to take unfair advantage of Defendant, Nihon Kohden's assertion of its constitutional rights pursuant to Nihon Kohden's Motion to Dismiss, which was denied by this Honorable Court on June 28, 2007.

## II. <u>LEGAL ARGUMENT</u>

It was (and remains) Nihon Kohden's position that, until this Court ruled on Nihon Kohden's Motion to Dismiss, discovery was properly limited to jurisdictional matters.[2]

In relevant part, Federal Rules of Civil Procedure 16(b) states, "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." *See* <u>Sigros v. Walt Disney World, Co.</u>, 190 F. Supp. 2d 165, 169 (D. Mass. 2002).

[1] See Nihon Kohden's counsel's letters dated June 28 and June 29, 2007 (**Exhibit A**).

[2] See Nihon Kohden's Emergency Motion for Clarification of this Honorable Court's May 17, 2007 Order extending the time for the Plaintiff to file a supplementary response to Defendant, Nihon Kohden's Motion to Dismiss (**Exhibit B**).

As stated above and as further stated in the concurrently filed affidavit of E.P. Michael Karcis, Nihon Kohden has good cause for requesting a short extension of the time in which to conduct discovery, on the substantive claims of Plaintiff.

## III. CONCLUSION

Following this Court's June 28 ruling stating that Nihon Kohden is subject to this Court's jurisdiction, Nihon Kohden must now have the opportunity to defend itself against Plaintiff's claims. Thus, Nihon Kohden respectfully requests that this Court extend the time in which Nihon Kohden may conduct discovery for ninety (90) days.

NIHON KOHDEN AMERICA, INC.
By Its Attorneys,

/s/ Bruce W. Gladstone
Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
PHONE: (401) 331-5700
FAX: (401) 331-5787

/s/ E.P. Michael Karcis
E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
PHONE: (310) 450-9353
FAX: (310) 581-8006

Date: July 2, 2007

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 2nd day of July, 2007, a copy of the foregoing was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

| | |
|---|---|
| Robert M. Duffy, Esquire<br>rduffy@duffysweeney.com<br>Duffy Sweeney & Scott, Ltd.<br>One Turks Head Place, Suite 1200<br>Providence, RI 02903 | Craig M. Scott, Esquire<br>cscott@duffysweeney.com<br>Duffy Sweeney & Scott, Ltd.<br>One Turks Head Place, Suite 1200<br>Providence, RI 02903 |
| | |

/s/ Bruce W. Gladstone

G:\pec\PLANT, KEVIN\NK Mtn-Memo to Extend Discovery.doc