# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,
Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.
Defendants.

## DEFENDANT NIHON KOHDEN AMERICA, INC.'S OBJECTION TO PLAINTIFF'S MOTION FOR SANCTIONS

Defendant Nihon Kohden America, Inc. ("Nihon Kohden") will and hereby does object to Plaintiff's Motion for Sanctions.

This objection is based on the Memorandum of Law attached hereto, the concurrently filed affidavits of E.P. Michael Karcis, Bruce Gladstone and Benjamin L. Kennedy, and upon the papers, records and pleadings filed herein, as well as any evidence or argument that may be presented at the hearing on this motion.

NIHON KOHDEN AMERICA, INC.
By Its Attorneys

/s/ Bruce W. Gladstone
Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
PHONE: (401) 331-5700
FAX: (401) 331-5787

/s/ E.P. Michael Karcis
E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
PHONE: (310) 450-9353
FAX: (310) 581-8006

Date: July 6, 2007

CERTIFICATION

The undersigned hereby certifies that on the 6th day of July, 2007, a copy of the foregoing was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

| | |
|---|---|
| Robert M. Duffy, Esquire<br>rduffy@duffysweeney.com<br>Duffy Sweeney & Scott, Ltd.<br>One Turks Head Place, Suite 1200<br>Providence, RI 02903 | Craig M. Scott, Esquire<br>cscott@duffysweeney.com<br>Duffy Sweeney & Scott, Ltd.<br>One Turks Head Place, Suite 1200<br>Providence, RI 02903 |
| | |

/s/ Bruce W. Gladstone

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ASTRO-MED, INC.,

Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.

Defendants.

**DEFENDANT NIHON KOHDEN AMERICA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO PLAINTIFF'S MOTION FOR SANCTIONS**

Defendant Nihon Kohden America, Inc. ("Nihon Kohden"), by and through its counsel, hereby submits the following memorandum in support of its objection to Plaintiff's motion for sanctions.

## I. INTRODUCTION

Nihon Kohden filed its motion to dismiss on February 19, 2007. Thereafter, Nihon Kohden consistently took the position that Plaintiff was entitled to conduct only jurisdictional discovery.[1]

On March 30, 2007, Plaintiff served its first notice of deposition requiring the attendance of Nihon Kohden, but the notice failed to identify the areas of inquiry pursuant to Federal Rules of Civil Procedure 30(b).[2] Nihon Kohden objected accordingly.[3] Nonetheless, Nihon Kohden offered to go forward with the deposition on April 25,[4] Attorney Duffy unilaterally canceled the deposition of Nihon Kohden's representative.[5] Then, Plaintiff counsel re-noticed the deposition of Nihon Kohden, as well as two of its employees. Before Nihon Kohden served its objections, Plaintiff's counsel again unilaterally canceled the depositions.[6] While Attorney Duffy offered a

[1] *See, e.g.*, Nihon Kohden's motion for protective order filed June 8, 2007 as Document 71.
[2] A copy of Plaintiff's first Notice of Deposition of Nihon Kohden is attached hereto as **Exhibit A**.
[3] A copy of Defendant's Objection to Plaintiff's first Notice of Deposition of Nihon Kohden is attached hereto as **Exhibit B**.
[4] See Nihon Kohden's counsel's letter dated April 20, 2007 (attached hereto as **Exhibit C**).
[5] See Nihon Kohden's counsel's letter dated April 27, 2007 (attached hereto as **Exhibit D**).
[6] See Plaintiff's counsel's letter dated May 14, 2007 (attached hereto as **Exhibit E**).

reasonable ground for canceling the depositions, he failed to explain (and has yet to explain) why his partner, Craig Scott (who was actively involved in this action) could not take the depositions as scheduled.

As for the depositions noticed for June 11, Nihon Kohden again objected.[7] The crux of Nihon Kohden's objection was that the time for Plaintiff to respond to Nihon Kohden's motion to dismiss ended May 24. Thus, the depositions were unnecessary harassment of Nihon Kohden.

On June 8, 2007, this Court ruled on Nihon Kohden's motion for protective order and Plaintiff's motion to compel depositions. This Court denied Nihon Kohden's motion for protective order and granted Plaintiff's motion to compel based on the uncertainty of whether Chief Judge Lisi intended that Plaintiff's ability to conduct jurisdictional discovery was terminated on May 24, 2007, the date on which Plaintiff's final supplemental objection to Nihon Kohden's motion to dismiss was due. In doing so, this Court ordered that the depositions of two Nihon Kohden employees, Michael Ohsawa and Gary Reasoner, go forward on June 11, 2007.

As further stated in the concurrently filed affidavits of Benjamin L. Kennedy and E.P. Michael Karcis, counsel for Nihon Kohden attempted to confirm that Messrs. Ohsawa and Reasoner would appear for deposition on June 11.[8] However, Nihon Kohden's counsel learned that Messrs. Ohsawa and Reasoner were in transit to or at a national trade show in Minnesota. Nihon Kohden's counsel immediately informed Plaintiff's counsel of this fact.[9] Furthermore, Nihon Kohden's counsel attempted to resolve this matter by offering alternative dates for the deposition.[10] However, Plaintiff's counsel, during a telephone conversation between Bruce Gladstone and Craig Scott following the hearing on Defendant, Nihon Kohden's Emergency Motion for a Protective Order on June 8, 2007, refused to continue the deposition for a short two-day period to June 13, 2007, or any other date shortly thereafter.

[7] See Nihon Kohden's objections (attached hereto as **Exhibit F**).
[8] This Court ordered that Plaintiff's counsel make all reasonable attempts to locate the depositions in Orange County, California. It is Nihon Kohden's understanding that Plaintiff's counsel's "efforts" consisted on only one telephone call.
[9] As further stated in the concurrently filed affidavits of Bruce Gladstone and E.P. Michael Karcis, counsel for Nihon Kohden contacted Plaintiff's counsel, orally and in writing, to inform them of the fact that Messrs. Ohsawa and Reasoner were unavailable on June 11.
[10] *See* **Exhibit G**, wherein Nihon Kohden's counsel offered alternative dates for the depositions.

Despite Nihon Kohden's counsel's best efforts to resolve this matter by requesting that Plaintiff agree to a short continuance of two days to accommodate the deponents attending a very important Trade Show where Defendant, Nihon Kohden was an exhibitor, Plaintiff's counsel traveled to California.[11] On June 11, this Court ordered that the depositions of Messrs. Ohsawa and Reasoner take place in Rhode Island. Nihon Kohden complied with that order.

Plaintiff's counsel's obstinate conduct, in light of Nihon Kohden's efforts, does not merit an award of sanctions against Nihon Kohden or its counsel.

## II. LEGAL ARGUMENT

As of the June 8 hearing, counsel for Nihon Kohden was unaware that it would be unable to produce deponents for June 11 depositions. In this regard, Federal Rules of Civil Produce 37(b) states that sanctions are not warranted where "the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." In Ireland v. Hickey, 220 F.R.D. 388, 390 (N.D.N.Y. 2004), the court denied the defendants' Rule 37 motion for sanctions, despite the facts that the plaintiff "willfully violated this Court's pre-trial scheduling Order … [and] knew that dismissal was possible." Likewise, in Marcello v. DeSano, 2006 U.S. Dist. LEXIS 18825 (D.R.I. 2006), the defendants' motion for Rule 37 sanctions was granted only after deliberate and repeated decisions not to attend a deposition that violated two court orders, which stated that, if the deponent did not attend the deposition, the claim would be dismissed. *See also*, Tri-State Hosp. Supply Corp. v United States, 226 F.R.D. 118, 131 (D.D.C. 2005) (Rule 37 sanctions denied where the defendant attempted to resolve a discovery dispute).

Moreover, the court in Ortho Pharmaceutical Corp. v. Sona Distributors, Inc., 117 F.R.D. 170, 173-74 (S.D.Fla. 1986) stated:

> This Court denies the motion with respect to sanctioning the Defendants alleged discovery abuses. Although the Defendants may have been dilatory at first in failing to provide full discovery or in accommodating Plaintiffs' requests for access to certain records, they have remedied this condition and it appears as though the Plaintiffs have no recent complaints about the Defendants behavior. Defendants have since that time appeared ready to accomplish a meaningful and expeditious discovery.

[11] It is Nihon Kohden's understanding that Plaintiff's counsel made the trip to California because he had business to conduct there that was unrelated to this action.

Like Rule 11, Rule 37(b) is similarly focused on deterring bad faith conduct, although concerned primarily with abuses that arise in the context of facilitating an orderly discovery. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642-43, 49 L. Ed. 2d 747, 96 S. Ct. 2778 (1976). ***At this time, it does not appear as though either defendant is in need of a sanction as a reminder of each's continuing obligation to play within the rules of the discovery game.

Nihon Kohden has cooperated in discovery. This issue before this Court is whether Nihon Kohden and its counsel should be sanctioned for innocent miscommunication that resulted in no harm to Plaintiff.

## III. CONCLUSION

Nihon Kohden and its counsel have made multiple efforts to accommodate Plaintiff in connection with Plaintiff's attempt to conduct depositions of Nihon Kohden and its employees. Most recently, despite Nihon Kohden's objection to jurisdiction, Nihon Kohden produced its employees in Rhode Island for deposition. On the other hand, Plaintiff's counsel has refused to cooperate in discovery matters and has repeatedly taken unilateral in light of facts that warrant informal resolution of matter. Specifically, Nihon Kohden's counsel made every effort to resolve the inability to produce deponents for June 11 depositions. Plaintiff' counsel ignored these efforts and unilaterally opted to attend the depositions Plaintiff's counsel knew could not go forward.

Based on the foregoing and concurrently filed affidavits, it is respectfully requested that this Court deny Plaintiff's motion for sanctions.

NIHON KOHDEN AMERICA, INC.
By Its Attorneys,

/s/ Bruce W. Gladstone

Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
PHONE: (401) 331-5700
FAX: (401) 331-5787

/s/ E.P. Michael Karcis
E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
PHONE: (310) 450-9353
FAX: (310) 581-8006

Date: July 6, 2007

# CERTIFICATION

The undersigned hereby certifies that on the 6th day of July, 2007, a copy of the foregoing was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

| | |
|---|---|
| Robert M. Duffy, Esquire<br>rduffy@duffysweeney.com<br>Duffy Sweeney & Scott, Ltd.<br>One Turks Head Place, Suite 1200<br>Providence, RI 02903 | Craig M. Scott, Esquire<br>cscott@duffysweeney.com<br>Duffy Sweeney & Scott, Ltd.<br>One Turks Head Place, Suite 1200<br>Providence, RI 02903 |
| | |

/s/ Bruce W. Gladstone

G:\pec\PLANT, KEVIN\Obj and Memo to MTN for sanctions.doc

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,

Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.

Defendants.

## AFFIDAVIT OF E.P. MICHAEL KARCIS IN SUPPORT OF DEFENDANT NIHON KOHDEN'S OBJECTION TO MOTION FOR SANCTIONS

I, E.P. Michael Karcis, declare as follows:

1. I am an attorney at law, licensed to practice before all Courts in the States of Massachusetts and California, and admitted Pro Hoc Vice in this matter. I am an attorney with the firm of McLean & McLean LLP and am one of the attorneys of record for Defendant, Kevin Plant. The following statements are made of my own personal knowledge, and if called upon as a witness, I could and would competently testify thereto.

2. Immediately after the June 8th hearing on Nihon Kohden's Motion for Protective Order and Plaintiff's Motion to Compel, I spoke with Benjamin Kennedy and informed him that this Court ordered that the June 11th depositions go forward.

3. Later that day, Mr. Kennedy informed me that the June 11th deponents, Michael Ohsawa and Gary Reasoner were in transit to or at a national trade show in Minnesota. I immediately discussed the matter with Bruce Gladstone at the point when I learned that Mr.Ohsawa would not be available and sent a letter dated June 8th to Plaintiff's counsel when I learned that both Mr. Ohsawa and Mr. Reasoner would not be available on June

11, 2007 as they were both scheduled to be at a national trade show in Minnesota. A copy of the June 8th letter is attached to Defendant, Nihon Kohden's Memorandum in Support of Defendant's Objection to Plaintiff's Motion for Sanctions as **Exhibit G**.

4. On June 11th, I informed this Court of the information I had regarding Messrs. Ohsawa and Reasoner. Subsequently, I learned that Mr. Ohsawa was in San Francisco on June 8th and Mr. Reasoner may not have left for the national trade show in Minnesota as of June 8th.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Norton, Massachusetts, on July 6, 2007.

/s/ E.P. Michael Karcis
E.P. Michael Karcis, Affiant

G:\pec\PLANT, KEVIN\AFF EMK re Obj mtn for sanctions.doc

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ASTRO-MED, INC.,<br>Plaintiff,<br>v.<br>KEVIN PLANT; NIHON KOHDEN AMERICA, INC.<br>Defendants. | C.A. No. 06-533-ML |

**AFFIDAVIT OF BENJAMIN L. KENNEDY IN SUPPORT OF DEFENDANT NIHON KOHDEN'S OBJECTION TO PLAINTIFF'S MOTION FOR SANCTIONS**

I, Benjamin L. Kennedy, declare as follows:

1. I am an attorney at law, licensed to practice before all courts in California. I am an attorney with the law firm of McLean & McLean LLP, counsel of record for defendant Kevin Plant and defendant Nihon Kohden America, Inc., in this action. The following statements are made of my own personal knowledge, and if called upon as a witness, I could and would competently testify thereto.
2. On Friday, June 8, 2007, I learned that a Magistrate Judge, Honorable David L. Martin, had denied the motion for protective order of Nihon Kohden America, Inc. ("Nihon Kohden") and had ordered the depositions of two Nihon Kohden employees, Michael Ohsawa and Gary Reasoner, to take place on Monday, June 11, 2007.

3. On June 8, 2007, upon learning of Magistrate Judge Martin's ruling, I called Mr. Ohsawa's office at Nihon Kohden, in order to inform Mr. Ohsawa that his and Mr. Reasoner's depositions had been ordered to take place on June 11. However, I did not speak with Mr. Ohsawa, and his voicemail message stated that he was "out of the office" from Thursday, June 7, 2007 through Tuesday, June 12, 2007.

4. Thereafter, on June 8, 2007, I spoke with an assistant to Mr. Ohsawa, Sharon, who informed me that neither Mr. Ohsawa nor Mr. Reasoner were in the office, and they were not expected back at the office until Tuesday afternoon, June 12, 2007. Sharon stated that Mr. Ohsawa and Mr. Reasoner were out of town attending a national trade show in Minnesota on June 11. However, Sharon stated that she would contact Mr. Ohsawa, inform him of the order compelling the depositions, and ask him to contact me.

5. On Saturday, June 9, 2007, Mr. Ohsawa contacted me, via telephone, regarding the order setting June 11, 2007 as the date for his and Mr. Reasoner's depositions. Mr. Ohsawa informed me that he was out of town, in Northern California, and

that he believed that Mr. Reasoner was also out of town and had already departed for Minnesota in order to attend the national trade show on June 11, 2007.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 6th day of July in Santa Monica, California.

Benjamin L. Kennedy, Affiant

NOTARY:
Subscribed and sworn to before me this Sixth day of July, 2007 in Santa Monica, California.

-See Attached

My Commission Expires: Sept. 19th, 2009

# JURAT

STATE OF California )
) ss.
COUNTY OF Los Angeles )

Subscribed and sworn to before me on this 06th day of July, 2007 by Benjamin L. Kennedy. Personally known to me or proved to me on the basis of satisfactory evidence to be the person who appeared before me.

DUSTIN B. SOWERS
COMMISSION 1607912
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires Sept. 19, 2009

Signature ______________________
Notary Public

(Seal)

This certificate must be attached to:

Title or type of document: Affidavit/Nihon Kohden
Number of pages: 3 (three) + attachment
Date of document: 07/06/2007
Signer(s) other than named above: N/A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,

Plaintiff,

v. C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.

Defendants.

## AFFIDAVIT OF BRUCE W. GLADSTONE IN SUPPORT OF DEFENDANT NIHON KOHDEN'S OBJECTION TO MOTION FOR SANCTIONS

The undersigned attorney for the Defendant, Bruce W. Gladstone, hereby swears and makes oath to the following:

1. That I did receive a telephone call from my co-counsel for the Defendant, E.P. Michael Karcis, Esquire, stating that following the Friday, June 8, 2007 emergency hearing on Defendant, Nihon Kohden's Motion for a Protective Order and on Plaintiff's Emergency Motion to Compel Discovery, Attorney Karcis learned for the first time one of the named deponents, was on route to an important business event without the State of California and could not be available to have his deposition taken in California on June 11, 2007.

2. That when your affiant received this information following the June 8, 2007 hearings, at approximately 4:00 to 4:20 p.m., I immediately called Attorney Scott by telephone and advised him that at least one deponent would not be available on June 11th and that I was not aware of this fact during the June 8, 2007 hearing and that the deponent was attending to business matters outside the State of California. I advised Attorney Scott that neither the undersigned nor my co-counsel, Mr. Karcis, had been aware of this and as of that conversation I did not know any more details, but I wanted to advise him of the foregoing before he left for the weekend. Mr. Scott inquired as to the name of the deponent who would not be available on

Monday. I called Attorney Karcis back and ascertained that at that point he only had knowledge that Mr. Ohsawa was traveling outside of California and he proposed June 13, 2007 as an alternative date for the depositions. I immediately called Attorney Scott back advising him that it was Mr. Ohsawa.

3. The undersigned advised Attorney Scott that all the deponents could be available on Wednesday, June 13, 2007 for their depositions and he should delay his trip until then.

4. As of my telephone conversation with Attorney Scott on June 8th, I was not aware that Mr. Reasoner was at the same 21st Annual Meeting in Minnesota, as well.

5. Attorney Scott's response to the undersigned affiant in the June 8th telephone calls was that he had a non-refundable plane ticket and he was going to fly to California as scheduled, as Nihon Kohden was as of the June 8th rulings on the emergency motions, under Court Order to attend and that Mr. Ohsawa should return to California immediately to be present on Monday. Attorney Scott refused to delay the depositions and he refused to entertain the taking of the depositions on June 13, 2007 as I proposed, in order to allow Mr. Ohsawa an opportunity to return in due course.

/s/ Bruce W. Gladstone
Bruce W. Gladstone

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

Subscribed and sworn to before me this 6th day of July, 2007.

/s/ Lynn E. Riley
Notary Public
My Commission Expires: 3/10/2011

G:\pec\PLANT, KEVIN\AFF BWG re Obj mtn for sancitons.doc