**EXHIBIT C**

McLEAN & McLEAN LLP
A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

3001 2ND STREET, SUITE E
SANTA MONICA, CALIFORNIA 90405

TELEPHONE 310.450.9353
FACSIMILE 310.581.8006

April 20, 2007

**VIA FACSIMILE 401-455-0701**
**& U.S. MAIL**

Robert M. Duffy, Esq.
DUFFY SWEENEY & SCOTT LTD
One Turks Head Place, Suite 1200
Providence, RI 02903

**Re** **Astro-Med, Inc. v. Kevin Plant, *et al.***
**U. S. District Court, R.I., Case No. 06-CV-00533-ML**

Dear Attorney Duffy:

Today, we received from you a slew of letters and various documents. By this letter, we respond to yours regarding jurisdictional discovery issues.

Your letter again sidesteps the central issue – Plaintiff's defective notice of Nihon Kohden America, Inc.'s deposition. Your adamant refusal to simply acknowledge the patent defects and to work *with* us, toward our mutual goal of completing discovery and resolving the jurisdictional issue, is particularly unfortunate in light of our standing offer to produce our client, for deposition on April 25 – the date you originally noticed (and represented, to Judge Lisi, that you were prepared to take, on that date).

As for your protestation – that we should have advised you of your defective deposition notice at the April 16 hearing – I fail to see the merit of your stance. That hearing (on our motion for protective order) did not address the propriety of your deposition notice, and our appearance certainly did not require that we educate you as to obvious defects in your notice.[1]

On April 17, 18 and 19, we discussed the scheduled Nihon Kohden deposition and Plaintiff's written discovery. But you only asserted your claimed requirement – that we were to advise you of all defects in your deposition notice – after your receipt of our formal objection. Yet, having learned (yesterday) of the patent defects in your deposition notice, you suddenly claim to need at least 2 days of additional "preparation" time, as an excuse for unilaterally

---

[1] Judge Lisi's inquiry, at the April 15 hearing, was whether there was a need for a protective order going forward. Our offer to produce Nihon Kohden for deposition on April 25 never included a demand for entry of a protective order.

rescheduling the deposition to May 17 – after Plaintiff's opposition to Nihon Kohden's motion to dismiss is due. These pointless shenanigans might be amusing, were it not for their obvious goal of increasing our client's litigation costs without a legitimate basis or justification.

Fortunately, your flurry of correspondence, including your April 20 letters, will only succeed in exposing the dubiousness of your litigation conduct, as well as the flimsy arguments you offer in support of tenuous claims. Nevertheless, in the interest of adhering to Judge Lisi's instructions, and to avoid any further delay, we remain – notwithstanding our stated objections – **ready and willing to go forward with the April 25 deposition, as scheduled.**

If you have any questions, please call feel free to contact me at (310) 450-9353, ext. 4, or at (508) 212-2142.

Sincerely yours,

E.P. Michael Karcis
of McLean & McLean LLP

EPMK/jh

cc: Bruce W. Gladstone, Esq.