# EXHIBIT D

McLEAN & McLEAN LLP
A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

3001 2ND STREET, SUITE E
SANTA MONICA, CALIFORNIA 90405

TELEPHONE 310.450.9353
FACSIMILE 310.581.8006

April 27, 2007

**VIA FACSIMILE 401-455-0701**
**& U.S. MAIL**

Robert M. Duffy, Esq.
DUFFY SWEENEY & SCOTT LTD
One Turks Head Place, Suite 1200
Providence, RI 02903

**Re** **Astro-Med, Inc. v. Kevin Plant, *et al.***
**U. S. District Court, R.I. Case No. 06-CV-00533-ML**

Dear Attorney Duffy:

We are in receipt of your letter, dated April 26, 2007, regarding the objectionable deposition notices for Nihon Kohden America, Inc. ("Nihon Kohden"), Michael Ohsawa and Gary Reasoner. As noted in our correspondence regarding your misinterpretation of our April 25, 2007 conversation concerning the Amended Modified Injunction Order, you have misstated the contents our conversation.[1]

In our April 25 conversation, I informed you that, despite our valid objections to the first Nihon Kohden deposition notice (which you scheduled for April 25, 2007), we were, as stated in our letter dated April 20, 2007, prepared to go forward with the deposition. Despite our offer, given Astro-Med's May 9, 2007 to file its opposition to Nihon Kohden's motion to dismiss, you unilaterally cancelled Nihon Kohden's deposition. In fact, you did not respond to our April 20 offer, which caused us to call you on April 24 -- less than 24 hours before the deposition was scheduled to commence -- only to learn that the deposition was not proceeding. This is not the first time your office has failed to provide adequate notice of the cancellation of a deposition. Instead your discussing this matter with me, I learned from your assistant that you did not have flight plans. Soon thereafter, I received one of your many daily, self-serving letters, wherein you attempted to manufacture an excuse to extend Astro-Med's May 9 deadline.

---

[1] We address the portion of your April 25 letter concerning the proposed Amended Modified Injunction Order in a separate correspondence.

We also discussed Moore v. Pyrotech Corp., 137 F.R.D. 356 (D. Kan. 1991), which held that that depositions taken pursuant to Fed. R. Civ. Proc. 30(b)(6) must be taken at the corporation's principal place of business, unless the interests of justice require otherwise. When you objected to that authority, I requested that you provide us with authority that contradicts or distinguishes the Moore case. Despite your agreement to provide me with such authority, you continued your letter-writing campaign by sending us your April 25 letter.

While we are not inclined to extend the time in which you have to file your opposition to Nihon Kohden's motion to dismiss and, as stated in this letter, fervently disagree that we caused you to unilaterally cancel the April 25 deposition, we remain willing to discuss these matters with you. Please feel free to contact me at (310) 450-9353, ext. 4, or at (508) 212-2142.

Sincerely yours,

EPMK/jh

E.P. Michael Karcis
of McLean & McLean LLP

EPMK/jh

cc: Bruce W. Gladstone, Esq.