# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,

Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.

Defendants.

## DEFENDANT NIHON KOHDEN AMERICA, INC.'S ANSWER TO FIRST AMENDED COMPLAINT

Defendant Nihon Kohden America, Inc. ("Nihon Kohden") hereby answers the First Amended Complaint of Plaintiff Astro-Med, Inc. ("Astro-Med") as follows:

### PARTIES

1. Admitted.

2. Admitted.

3. Nihon Kohden denies the allegations in Paragraph 3 of the First Amended Complaint.

### JURISDICTION

4. Nihon Kohden denies the allegations in Paragraph 4 of the First Amended Complaint.

5. Nihon Kohden denies the allegations in Paragraph 5 of the First Amended Complaint.

6. Nihon Kohden denies the allegations in Paragraph 6 of the First Amended Complaint.

### FACTS

7. Except as so admitted, Nihon Kohden denies each and every allegation contained in Paragraph 7. Based on information and belief, Nihon Kohden admits those portions of the

allegations that read, “Astro-Med’s Grass Technologies products group manufactures, sells and distributes instruments for sleep and neurological research and clinical applications of sleep science and brain wave recording and analysis.”

8. Nihon Kohden denies each and every allegation contained in Paragraph 8.

9. Nihon Kohden denies each and every allegation contained in Paragraph 9.

10. Nihon Kohden denies each and every allegation contained in Paragraph 10.

11. Nihon Kohden denies each and every allegation contained in Paragraph 11.

12. Admitted.

13. Nihon Kohden denies each and every allegation contained in Paragraph 13.

14. Nihon Kohden denies each and every allegation contained in Paragraph 14.

15. Based on a lack of information and belief, Nihon Kohden denies each and every allegation contained in Paragraph 15.

16. Nihon Kohden denies each and every allegation contained in Paragraph 16.

17. Admitted.

18. Nihon Kohden denies each and every allegation contained in Paragraph 18.

19. Except as so admitted, Nihon Kohden denies each and every allegation contained in Paragraph 19. Based on information and belief, Nihon Kohden admits that defendant Kevin Plant signed a document entitled “Employee Agreement,” but denies that the agreement is enforceable.

20. Except as so admitted, Nihon Kohden denies each and every allegation contained in Paragraph 20. Based on information and belief, Nihon Kohden admits that defendant Kevin Plant signed a document entitled “Employee Agreement,” but denies that the agreement is enforceable.

21. Except as so admitted, Nihon Kohden denies each and every allegation contained in Paragraph 21. Based on information and belief, Nihon Kohden admits that defendant Kevin Plant signed a document entitled “Employee Agreement,” but denies that the agreement is enforceable.

22. Except as so admitted, Nihon Kohden denies each and every allegation contained in Paragraph 22. Nihon Kohden admits that defendant Kevin Plant took a position with Nihon Kohden.

23. Nihon Kohden denies each and every allegation contained in Paragraph 23.

24. Nihon Kohden denies each and every allegation contained in Paragraph 24.

25. Except as so admitted, Nihon Kohden denies each and every allegation contained in Paragraph 25. Nihon Kohden admits that defendant Kevin Plant took a position with Nihon Kohden.

26. Except as so admitted, Nihon Kohden denies each and every allegation contained in Paragraph 26. Based on information and belief, Nihon Kohden admits that defendant Kevin Plant signed a document entitled "Employee Agreement," but denies that the agreement is enforceable.

27. Nihon Kohden denies each and every allegation contained in Paragraph 27.

28. Nihon Kohden denies each and every allegation contained in Paragraph 28.

29. Nihon Kohden denies each and every allegation contained in Paragraph 29.

30. Nihon Kohden denies each and every allegation contained in Paragraph 30.

31. Nihon Kohden denies each and every allegation contained in Paragraph 31.

32. Nihon Kohden denies each and every allegation contained in Paragraph 32.

33. Nihon Kohden denies each and every allegation contained in Paragraph 33.

34. Nihon Kohden denies each and every allegation contained in Paragraph 34.

**COUNT I**
**(Breach of Contract – Plant)**

35. Nihon Kohden repeats and re-alleges its responses to Paragraphs 1 through 34 as though fully set forth herein.

36. Except as so admitted, Nihon Kohden denies each and every allegation contained in Paragraph 36. Based on information and belief, Nihon Kohden admits that defendant Kevin

Plant signed a document entitled “Employee Agreement,” but denies that the agreement is enforceable.

37. Based on information and belief, Nihon Kohden denies each and every allegation contained in Paragraph 37.

38. Nihon Kohden denies each and every allegation contained in Paragraph 38.

39. Nihon Kohden denies each and every allegation contained in Paragraph 39.

**COUNT II**
**(Misappropriation of Trade Secrets and Confidential Business Information – Plant)**

40. Nihon Kohden repeats and re-alleges its responses to Paragraphs 1 through 39 as though fully set forth herein.

41. Nihon Kohden denies each and every allegation contained in Paragraph 41.

42. Nihon Kohden denies each and every allegation contained in Paragraph 42.

43. Nihon Kohden denies each and every allegation contained in Paragraph 43.

44. Nihon Kohden denies each and every allegation contained in Paragraph 44.

45. Nihon Kohden denies each and every allegation contained in Paragraph 45.

46. Nihon Kohden denies each and every allegation contained in Paragraph 46.

47. Nihon Kohden denies each and every allegation contained in Paragraph 47.

**COUNT III**
**(Unfair Competition – Plant)**

48. Nihon Kohden repeats and re-alleges its responses to Paragraphs 1 through 47 as though fully set forth herein.

49. Nihon Kohden denies each and every allegation contained in Paragraph 49.

50. Nihon Kohden denies each and every allegation contained in Paragraph 50.

51. Nihon Kohden denies each and every allegation contained in Paragraph 51.

52. Nihon Kohden denies each and every allegation contained in Paragraph 52.

**COUNT IV**
**(Interference with a Contractual Relationship – Nihon Kohden)**

53. Nihon Kohden repeats and re-alleges its responses to Paragraphs 1 through 52 as though fully set forth herein.

54. Except as so admitted, Nihon Kohden denies each and every allegation contained in Paragraph 54. Based on information and belief, Nihon Kohden admits that defendant Kevin Plant signed a document entitled "Employee Agreement," but denies that the agreement is enforceable.

55. Nihon Kohden denies each and every allegation contained in Paragraph 55.

56. Nihon Kohden denies each and every allegation contained in Paragraph 56.

57. Nihon Kohden denies each and every allegation contained in Paragraph 57.

**COUNT II**
**(Misappropriation of Trade Secrets and Confidential Business Information – Nihon Kohden)**

58. Nihon Kohden repeats and re-alleges its responses to Paragraphs 1 through 57 as though fully set forth herein.

59. Nihon Kohden denies each and every allegation contained in Paragraph 59.

60. Nihon Kohden denies each and every allegation contained in Paragraph 60.

61. Nihon Kohden denies each and every allegation contained in Paragraph 61.

62. Nihon Kohden denies each and every allegation contained in Paragraph 62.

63. Nihon Kohden denies each and every allegation contained in Paragraph 63.

WHEREFORE, Nihon Kohden America, Inc. requests that this Court enter judgment in its favor and against Astro-Med, Inc., award Nihon Kohden America, Inc. its costs and attorneys' fees incurred in defending this action, and grant Nihon Kohden America, Inc. all other relief this Court deems just and necessary.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The United States District Court for the District of Rhode Island does not have personal jurisdiction over Nihon Kohden.

### Second Affirmative Defense

The United States District Court for the District of Rhode Island is not the proper venue for the claims asserted in the First Amended Complaint.

### Third Affirmative Defense

The First Amended Complaint fails to state a claim against Nihon Kohden upon which relief can be granted.

### Fourth Affirmative Defense

Any recovery on Plaintiff's First Amended Complaint, or any cause of action alleged therein, is barred to the extent that the recovery is alleged to be based on an agreement with defendant Kevin Plant, which is unenforceable.

### Fifth Affirmative Defense

Any recovery on Plaintiff's First Amended Complaint, or any cause of action alleged therein, is barred because Plaintiff failed to mitigate its damages.

### Sixth Affirmative Defense

Any recovery on Plaintiff's First Amended Complaint, or any cause of action alleged therein, is barred to the extent that the recovery is alleged to be based on an agreement with defendant Kevin Plant, which is unconscionable.

### Seventh Affirmative Defense

Any recovery on Plaintiff's First Amended Complaint, or any cause of action alleged therein, is barred because Nihon Kohden acted with justification.

### Eighth Affirmative Defense

Any recovery on Plaintiff's First Amended Complaint, or any cause of action alleged therein, is barred under the doctrine of consent.

**Ninth Affirmative Defense**

The First Amended Complaint fails to state a claim against Nihon Kohden upon which Plaintiff may recover attorneys' fees and costs.

**Tenth Affirmative Defense**

Any recovery on Plaintiff's First Amended Complaint, or any cause of action alleged therein, is barred under the doctrine of unclean hands.

**Eleventh Affirmative Defense**

Any recovery on Plaintiff's First Amended Complaint, or any cause of action alleged therein, is barred to the extent that the recovery is alleged to be based on an agreement with defendant Kevin Plant, which is contrary to public policy.

**Twelfth Affirmative Defense**

Any recovery on Plaintiff's First Amended Complaint, or any cause of action alleged therein, is barred under the doctrine of laches.

**Thirteenth Affirmative Defense**

Any recovery on Plaintiff's First Amended Complaint, or any cause of action alleged therein, is barred under the doctrine of estoppel.

**Fourteenth Affirmative Defense**

Any recovery on Plaintiff's First Amended Complaint, or any cause of action alleged therein, is barred under the doctrine of waiver.

**Fifteenth Affirmative Defense**

Any recovery on Plaintiff's First Amended Complaint, or any cause of action alleged therein, is barred to the extent that the recovery is alleged to be based on an agreement with defendant Kevin Plant, which lacks consideration.

**Sixteenth Affirmative Defense**

Any recovery on Plaintiff's First Amended Complaint, or any cause of action alleged therein, is barred to the extent that the recovery is alleged to be based on an agreement with defendant Kevin Plant because Nihon Kohden is not a party to that agreement.

## DEMAND FOR JURY

Defendant Nihon Kohden America, Inc. demands trial by jury for all triable issues in this action.

NIHON KOHDEN AMERICA, INC.
By Its Attorneys,

/s/ Bruce W. Gladstone
Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
PHONE: (401) 331-5700
FAX: (401) 331-5787

/s/ E.P. Michael Karcis
E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
PHONE: (310) 450-9353
FAX: (310) 581-8006

Date: July 10, 2007

G:\pec\PLANT, KEVIN\Answer to 1st Amended Complaint.doc

CERTIFICATION

The undersigned hereby certifies that on the 10th day of July, 2007, a copy of the foregoing was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

Robert M. Duffy, Esquire
rduffy@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Craig M. Scott, Esquire
cscott@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

/s/ Bruce W. Gladstone