# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,
Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.
Defendants.

## DEFENDANT NIHON KOHDEN AMERICA, INC.'S MOTION FOR STAY

Defendant Nihon Kohden America, Inc. ("Nihon Kohden"), through its counsel, hereby submits this Motion for Stay pursuant to Federal Rules of Civil Procedure 8, on the grounds that this Court's July 2, 2007 Order constitutes an improper exercise of personal jurisdiction over Nihon Kohden and, thus, constitutes irreparable injury as a matter of law – a violation of Nihon Kohden's Due Process rights. To protect its rights, Nihon Kohden filed an appeal of and writ petitions regarding the July 2, 2007 Order.

In support of its Motion, Nihon Kohden submits the accompanying memorandum of law attached hereto, and upon the papers, records and pleading files herein, as well as any evidence presented at the hearing on this motion.

NIHON KOHDEN AMERICA, INC.
By Its Attorneys,

/s/ Bruce W. Gladstone
Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
PHONE: (401) 331-5700
FAX: (401) 331-5787

/s/ E.P. Michael Karcis
E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
PHONE: (310) 450-9353
FAX: (310) 581-8006

DATE: August 3, 2007

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ASTRO-MED, INC.,
Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN
AMERICA, INC.
Defendants.

**DEFENDANT NIHON KOHEN'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR STAY**

Defendant Nihon Kohden America, Inc. ("Nihon Kohden"), by and through its counsel, hereby submits the following memorandum in support of its Motion for Stay pending its appeal of this Court's July 2, 2007 Order denying Nihon Kohden's Motion to Dismiss for Lack of Personal Jurisdiction; or in the alternative to Dismiss for Improper Venue; or in the alternative to transfer for Improper Venue; or in the alternative to Transfer for Convenience.

## I. INTRODUCTION

After extensive jurisdictional discovery, plaintiff Astro-Med, Inc. ("Astro-Med") failed to establish that a Rhode Island court's exercise of personal jurisdiction over Nihon Kohden comports with Constitutional due process. However, by order dated July 2, 2007 (the "July 2 Order"), this Court denied Nihon Kohden's Motion to Dismiss for Lack of Personal Jurisdiction; or in the alternative to Dismiss for Improper Venue; or in the alternative to transfer for Improper Venue; or in the alternative to Transfer for Convenience.

On December 1, 2006, Astro-Med, Inc. ("Astro-Med") filed a Rhode Island state court action against Kevin Plant, a resident of the State of Florida. On December 7, 2006, Mr. Plant removed the case to the United States District Court for the District of Rhode Island. On January 23, 2007, Astro-Med filed its unverified First Amended Complaint (the "FAC"), which named Nihon Kohden, a California corporation, as a party defendant for the first time in this action. In

response, Nihon Kohden filed a motion to dismiss for lack of personal jurisdiction and improper venue on February 19, 2007.

Astro-Med, in objecting to the motion to dismiss, failed to meet its burden, to "adduce evidence of specific facts" supporting its jurisdictional claim.[1] The facts proffered by Astro-Med, instead, overwhelming support Nihon Kohden's claim that it is not subject to the jurisdiction of the Rhode Island courts. Even after months of discovery, the only arguably relevant facts proffered on the issue of jurisdiction were: (i) that Nihon Kohden had a contract with a third-party independent contractor sales company, which transacted two sales of Nihon Kohden equipment in Rhode Island during the past five years; (ii) that Nihon Kohden advertised in national trade journals which have nationwide circulation; and (iii) that a representative of Nihon Kohden attended a regional trade show in Rhode Island in 2006, for one to two days. Conspicuously absent was any fact showing that Nihon Kohden's actions, in hiring defendant Kevin Plant, related in any way to Rhode Island, or in any way involved conduct directed at Rhode Island, or in any way amounted to purposeful availment by Nihon Kohden of Rhode Island's laws.

### A. Nihon Kohden's Only "Presence" In Rhode Island Was Through An Out-Of-State, Third-Party Independent Contractor Company

Nihon Kohden contracted with a third-party independent contractor sales company in New York to handle marketing and sales for a region that includes Rhode Island.[2] The out-of-state, independent contractor sales company represents other medical equipment manufacturers, as well.[3] Astro-Med did not provide any evidence to contradict the independent contractor relationship.

---

[1] *See* Salgado et al. v. Les Nouvelles Esthetiques et al., 218 F. Supp. 2d 203, 206 (D.P.R. 2002).
[2] Deposition of Dominic Chillemi, 13:8-14:4, 18:16-19:11, 24:6-11, 53:1-54:1, and 56:3-56:18 (**Exhibit A**).
[3] *Id.*

### B. During the Past Five Years, Only Two Sales of Nihon Kohden Equipment Occurred In Rhode Island

In the past five years, only two sales of Nihon Kohden equipment occurred in Rhode Island, and they were transacted through Nihon Kohden's out-of-state, independent contractor sales company.[4] Astro-Med did not present any evidence establishing that Nihon Kohden directly targeted the purchasers. No evidence was presented as to whether the purchasers were still using the equipment, or "life expectancy" of the equipment. The only evidence presented was that two sales of Nihon Kohden equipment were made in the State of Rhode Island during the past five years.

### C. Nihon Kohden Only Advertised Nationally

Nihon Kohden admittedly advertised in national trade journals that had nationwide circulation. However, no evidence was presented to show that Nihon Kohden (or, even, the independent contractor sales company) placed in-forum advertisements aimed directly at Rhode Island residents.

### D. Nihon Kohden Attended One Convention In Rhode Island

The only other contact with Rhode Island during the past five years was a one-time attendance a regional trade show by a representative of Nihon Kohden – over one to two days -- which, for that for one year (2006), took place in Rhode Island. The trade show was hosted by the North East Sleep Society -- a regional society that conducts "an annual, professional meeting fostering regional networking and offer[s] an opportunity for participants to present the latest innovations in the study of sleep disorders."[5] This group regularly rotates where its annual conferences are held.[6] The fact that the 2006 North East Sleep Society conference was held in

---

[4] *Id.*

[5] North East Sleep Society website, at http://www.northeastsleep.org/ (**Exhibit B**).

[6] *Id.*

Rhode Island and Nihon Kohden representative attended it does not support a claim that Nihon Kohden is subject to the jurisdiction of the Rhode Island courts.

### E. Nihon Kohden Made No Contact with Defendant Kevin Plant in Rhode Island or Related to Rhode Island

It was undisputed that defendant Kevin Plant sought out employment with Nihon Kohden. Moreover, Astro-Med did not refute the fact that all of Nihon Kohden's contact with defendant Kevin Plant occurred in Florida or California. Thus, Nihon Kohden's conduct, in connection with hiring defendant Kevin Plant in Florida, had no relation with the State of Rhode Island.

The record established that Nihon Kohden does not have sufficient contacts with Rhode Island to find general jurisdiction over Nihon Kohden, and there were no Rhode Island contacts or activity related to the claims asserted against Nihon Kohden. A finding of general or specific jurisdiction is wholly unsupported by the record, and therefore Nihon Kohden has a reasonable likelihood success in its appeal of the July 2 Order. It would be highly prejudicial to Nihon Kohden, therefore, to be forced to participate in this action pending a decision on its appeal. Accordingly, Nihon Kohden requests a stay of the action until the First Circuit rules on Nihon Kohden's appeal.

## II. ARGUMENT

### A. Applicable Standard

Valid grounds for staying an action pending an appeal include: (i) a likelihood of success; (ii) irreparable harm should the stay not be granted; (iii) the harm to the moving party by not staying the action is likely greater the harm to the party opposing the stay; and (iv) the public interest will not be adversely affected by the issuance of a stay. *See*, *e.g.*, In re Power Recovery Systems, Inc., 950 F.2d 798, 804 n. 31 (1st Cir. 1991), *citing*, Morgan v. Kerrigan, 523 F.2d 917, 920 (1st Cir. 1975). Nihon Kohden satisfies each of the above criteria.

**1. There Is A Strong Likelihood Of Success On Appeal**

According to applicable First Circuit authority, Nihon Kohden should not be subject to the jurisdiction of this Court; as such its appeal stands a strong likelihood of success.

In Seymour v. Parke, Davis & Co., 423 F. 2d 584, 587 (1st Cir. 1970), the First Circuit Court of Appeal held that, where an out-of-state defendant's activities consist only of advertising and employing salespersons to solicit orders within the forum, fairness does not permit the forum state to assume jurisdiction. In another case, Glater v. Eli Lilly & Co., 744 F. 2d 213 (1st Cir. 1984), the out-of-state defendant employed eight sales representatives who provided customers in the forum state with product information and, additionally, had focused in-state advertising. The First Circuit held that the mere existence of a sales force consisting of forum residents, in addition to limited advertising in the forum state, failed to satisfy the "continuous and systematic" contacts test. *Id.* at 215-17. Applying Seymour and Glater to a set of facts almost identical to this action, the court in PMH Research Associates, LLC v. Life Extension Foundation, 2004 U.S. Dist. LEXIS 26775 (D.N.H. 2004), held that the forum state's exercise of general jurisdiction over the out-of-state defendant would "violate notions of fairness incorporated into the due process clause." *Id.*, at *13-15.

Specific jurisdiction requires: (i) relatedness of the claims to the out-of-state defendant's in-state contacts; (ii) purposeful availment by the out-of-state defendant of the forum state's laws; and (iii) reasonableness of forcing an out-of-state defendant to defend itself in the forum state. *See, e.g.*, Phillips Exeter Academy v. Howard Phillips Fund, Inc., 196 F.3d 284, 288 (1st Cir. 1999). To satisfy the first "relatedness" prong of the test, Astro-Med was required to establish the causal nexus between Nihon Kohden's contacts or conduct in Rhode Island, and Astro-Med's claims against it. PMH Research, *supra*, 2004 U.S. Dist. LEXIS 26775, *17 (D.N.H. 2004) (dismissing plaintiff's case alleging trade secret case violation, on grounds that mere allegation of such injury within the forum state was insufficient for personal jurisdiction). No causal nexus exists or was shown.

The second, "purposeful availment," requirement, examines out-of-state defendant's activities within or directed at the forum. Voluntariness and foreseeability are the two factors courts consider. *See*, *e.g.*, Ticketmaster-New York v. v. Alioto, 26 F.3d 201, 207 (1st Cir. 1994). In United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 623-24 (1st Cir. 2001), this Court stated:

> The purposeful availment inquiry . . . focuses on the defendant's intentionality. This prong is only satisfied when the defendant purposefully and voluntarily directs his activities toward the forum so that he should expect, by virtue of the benefit he receives, to be subject to the court's jurisdiction based on these contacts.

*Id.* at 623-24. Personal jurisdiction exist simply because the plaintiff alleges that an injury was suffered in the forum state. PMH Research, *supra*, 2004 U.S. Dist. LEXIS 26775, *17.

The record showed that Nihon Kohden did not have "continuous and systematic" contacts with Rhode Island. Nihon Kohden did not purposefully availed itself of Rhode Island's laws, and Astro-Med's claims are not related to any of Nihon Kohden's rare and less than minimal contacts with Rhode Island. No evidence was shown of a causal nexus between Nihon Kohden's activities in or directed at Rhode Island, and the claims being asserted against it by Astro-Med. Thus, there is a substantial likelihood of success on appeal.

**2. Nihon Kohden Will Suffer Irreparable Harm In The Absence Of A Stay**

"To establish personal jurisdiction, plaintiffs must show that jurisdiction is both statutorily authorized and consistent with the Constitution." Platten v. HG Berm. Exempted Ltd., 437 F.3d 118, 135 (1st Cir. 2006). The July 2 Order deprives Nihon Kohden of its constitutional right of Due Process by forcing Nihon Kohden to submit to the jurisdiction of this Court without factual or legal grounds for having to do so. *See* Burnham v. Superior Court, 495 U.S. 604, 609, 110 S. Ct. 2105, 109 L. Ed. 2d 631 (1990) (exercising personal jurisdiction must be consistent with the right of Due Process); Platten v. HG Berm. Exempted Ltd., 437 F.3d 118, 135 (1st Cir.

2006) (a state's exercise of personal jurisdiction requires protection of Due Process rights in the 14th Amendment).

### 3. The Harm to Nihon Kohden If The Stay Is Not Granted Is Greater Than The Injury To Plaintiff If The Stay Is Granted

Any harm to the Plaintiff if the stay is granted will be limited to waiting a relatively short period of time for the appeal to be disposed of, undeniably less than the harm – namely, the loss of constitutional rights and protections -- that Nihon Kohden will suffer if the stay is not granted. In fact, allowing this action to go forward pending Nihon Kohden's appeal would deprive Nihon Kohden of its right of Due Process.

### 4. The Public Interest Would Not Be Adversely Affected By The Issuance Of A Stay

It is respectfully submitted that the imposition of a stay would have no affect on the public interest and that this prong of the test also favors imposition of a stay.

## III. CONCLUSION

Based upon the foregoing, Nihon Kohden has a strong likelihood of success on its appeal of the July 2 Order. Moreover, the potential constitutional violations Nihon Kohden would suffer if a stay is not imposed far outweigh any potential or perceived harm to Astro-Med as a result of a stay. Thus, Nihon Kohden respectfully requests that this Court impose a stay in this action pending disposition of Nihon Kohden's appeal.

NIHON KOHDEN AMERICA, INC.
By Its Attorneys,

/s/ Bruce W. Gladstone
Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
PHONE: (401) 331-5700
FAX: (401) 331-5787

/s/ E.P. Michael Karcis
E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
PHONE: (310) 450-9353
FAX: (310) 581-8006

DATE: August 3, 2007

CERTIFICATION

The undersigned hereby certifies that on the 3rd day of August, 2007, a copy of the foregoing MOTION FOR STAY and MEMORANDUM IN SUPPORT was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

Robert M. Duffy, Esquire
rduffy@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Craig M. Scott, Esquire
cscott@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

/s/ Bruce W. Gladstone