UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC., | : | |
| Plaintiff, | : | |
| vs. | : | C.A. No. 06-533 ML |
| KEVIN PLANT and NIHON KOHDEN AMERICA, INC., | : | |
| Defendants. | : | |

**PLAINTIFF ASTRO-MED, INC.'S OBJECTION TO**
**DEFENDANT NIHON KOHDEN AMERICA, INC.'S MOTION FOR STAY**

Plaintiff Astro-Med, Inc., ("Astro-Med") hereby objects to Defendant Nihon America, Inc.'s Motion for Stay. Astro-Med submits herewith its Memorandum in Opposition to Defendant Nihon Kohden America, Inc.'s Motion for Stay.

Respectfully submitted,

ASTRO-MED, INC.

/s/ Craig M. Scott

Craig M. Scott (#4237)
Robert M. Duffy (#4428)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile
cscott@duffysweeney.com

Dated: August 20, 2007

## CERTIFICATE OF SERVICE

I hereby certify that the within **Plaintiff Astro-Med, Inc.'s Objection to Defendant Nihon Kohden America, Inc.'s Motion for Stay** was filed through the ECF system on the 20th day of August, 2007, and will be sent electronically to counsel named below who are registered participants identified on the Notice of Electronic Filing:

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

and was served, via First Class Mail, to the counsel named below who is not a registered ECF participant:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

/s/Craig M. Scott
Craig M. Scott, Esq.

H:\Clients\Astro-Med\Plant, Kevin\Pleadings\06-0533 USDC\Objection to Motion for Stay 08-09-07.doc

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC., Plaintiff, vs. KEVIN PLANT and NIHON KOHDEN AMERICA, INC., Defendants. | : | C.A. No. 06-533 ML |

**PLAINTIFF ASTRO-MED, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT NIHON KOHDEN AMERICA, INC.'S MOTION TO STAY**

## I. INTRODUCTION

Plaintiff Astro-Med, Inc. ("Astro-Med") submits this Memorandum in Opposition to Defendant Nihon Kohden America, Inc.'s ("Nihon Kohden") Motion to Stay the Proceeding pending disposition of Nihon Kohden's interlocutory petition for leave to file an appeal (the "Petition") lodged with the First Circuit.[1] Defendant's Motion should be denied because Nihon Kohden has not satisfied the conditions for the imposition of a stay. Moreover, the Petition is not well grounded in law or fact, and its prospect for success is remote.

## II. TRAVEL

On December 4, 2006, Astro-Med filed this action in the Rhode Island Superior Court against Kevin Plant. Plant removed the state court action to this Court. On January 23, 2007, Astro-Med amended its Complaint to add Nihon Kohden as a party defendant. Thereafter, Nihon Kohden moved to dismiss the Amended Complaint for lack

[1] Nihon Kohden filed a Petition for Leave to Appeal Order (Fed. R. App. P. 5), and/or in the Alternative, Petition for Issuance of Writ of Certiorari, and/or in the Alternative, Petition for Writ of Mandamus, and/or in the Alternative, pursuant to 28 U.S.C. § 1292(b).

of personal jurisdiction. On June 28, 2007, after full briefing and oral argument, this Court denied the motion from the bench:

> Ordinarily when I think that it is a close call, I will take the matter under advisement and issue a written opinion. I do not find that this is one of those close-call cases. Instead, I find that it is abundantly clear based on the evidence that has been gleaned so far that this Court has both general and specific jurisdiction over [Nihon Kohden].

(Tr. 25, June 28, 2007 Hearing.) On July 2, 2007, Nihon Kohden moved to extend the discovery closure date in light of its failure to undertake fact discovery during the pendency of the Motion to Dismiss. On July 3, 2007, this Court extended the discovery closure date as requested by Nihon Kohden. Nihon Kohden then sought interlocutory review in the First Circuit, of this Court's Order denying the Motion to Dismiss, and moved to stay these proceedings pending the outcome of the Petition. Astro-Med timely filed an objection to the Petition and a companion motion with the First Circuit for attorneys' because the Petition is frivolous and has no reasonable chance of success.

## III. <u>ANALYSIS</u>

### A. <u>Nihon Kohden Is Not Entitled to a Stay of These Proceedings</u>.

A party seeking a stay pending appeal must demonstrate: (1) a strong likelihood of success on the merits of its appeal; (2) that it will suffer irreparable harm if a stay is not granted; (3) that the harm will outweigh any harm opposing parties will suffer if a stay is granted; and (4) that the public interest would be furthered by the granting of a stay. *In re Special Proceedings*, 2003 WL 22994279, *2 (D.R.I. 2003) (quoting *In re Power Recovery Sys., Inc.,* 950 F.2d 798, 804 n. 31 (1st Cir.1991)). Failure to meet even one of the criteria justifies denial; here, Nihon Kohden fails to satisfy any of the four criterion.

### 1. Nihon Kohden Is Not Likely to Succeed on the Merits of Its Petition for Leave to Appeal.

Nihon Kohden's interlocutory Petition is not properly before the First Circuit. Intermediate appellate review of a denial of a motion to dismiss is not permitted. *See Caraballo-Seda v. Municipality of Hormigueros*, 395 F.3d 7, 9 (1st Cir. 2005) (citing *McGillicuddy v. Clements*, 746 F.2d 76 n. 1 (1st Cir. 1984)). Nihon Kohden alternatively seeks relief through the issuance of extraordinary writs of mandamus and/or certiorari, as well as permission to appeal an interlocutory decision pursuant to 28 U.S.C. § 1292(b). These forms of relief are rarely granted, and the petitioner must demonstrate exceptional circumstances that do not exist in the context of a denial of a motion to dismiss.[2] Accordingly, the First Circuit is likely to reject the Petition without considering the merits of the underlying motion to dismiss.

Even if the First Circuit elects to review Nihon Kohden's appeal on the merits, it likely will not succeed. Nihon Kohden recycles the same argument this Court soundly rejected. Neither the full panoply of facts considered by this Court nor Nihon Kohden's legal analysis has changed since this Court held, a month ago, that personal jurisdiction over Nihon Kohden was not a "close call" and denied the motion. Accordingly, this factor weighs strongly against a stay, as Nihon Kohden is not likely to prevail on its Petition.

[2] The First Circuit has held that the issuance of the writs cannot be substitutes for direct appeal. *See In re Urohealth Systems, Inc.*, 252 F.3d 504, 507 (1st Cir. 2001). With respect to its request for permission to appeal under 28 U.S.C. § 1292(b) [Interlocutory Decision], Nihon Kohden fails to satisfy the clear statutory directive that it obtain a certification of the issue by the district court judge prior to seeking relief.

2. **Nihon Kohden Will Not Suffer Irreparable Harm.**

Nihon Kohden baldly asserts that this Court's Order deprives it of its constitutional right of due process. It does not contend that this alleged deprivation constitutes irreparable harm. Nor could it:

> 'Irreparable harm' contemplates much more than that an appellant possess reasons for preferring immediate appellate review, or deem it more convenient or exonerative. Rather, an appellant must demonstrate that denial of an immediate appeal would make effective [appellate] review '*impossible,*' or would '*destroy*' the 'legal and practical value' of the appellant's right to appeal.

*U.S. v. Kouri-Perez*, 187 F.3d 1, 12 (1st Cir. 1999) (emphasis in original) (quoting *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 376-77, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981)).

The First Circuit rejects the notion that mere allegations of a due process violation can constitute irreparable harm. *Id.* at 14 (noting that "appellate courts frequently turn away interlocutory appeals involving the weightiest constitutional questions"). Rather, "if appellants' due process rights were violated, there is no reason to assume they cannot be fully vindicated on final appeal." *Id.* Here, Nihon Kohden may appeal as of right after entry of final judgment. *See* 28 U.S.C. § 1291; Fed. R. App. P. 3. Nihon Kohden has not demonstrated that it is suffering irreparable harm. This factor weighs strongly against a stay.

3. **The Harm Plaintiff Has Suffered, and Will Continue to Suffer, Is Greater Than the Harm, If Any, That Nihon Kohden Will Suffer.**

With respect to this factor, Nihon Kohden reiterates that the harm it will suffer is the deprivation of its right to due process. This argument fails for the reasons set forth in

the previous section. Accordingly, a weighing of the harms is unnecessary since Nihon Kohden cannot establish that it will suffer *any* harm from the denial of a stay.

### 4. <u>The Public Interest Will Not Be Furthered By the Granting of a Stay</u>.

Nihon Kohden argues that a stay is warranted if "the public interest will not be adversely affected by the issuance of a stay." (*See* Memorandum in Support of Motion for Stay at p. 5). The law requires, however, that Nihon Kohden ***affirmatively demonstrate*** that the public interest will be furthered by a stay. *See In re Power Recovery Sys., Inc.,* 950 F.2d at 804 n. 31. Nihon Kohden fails to do so.

If any public interest is implicated here, it is to reign in obstreperous and vexatious litigation tactics employed by Nihon Kohden that includes the flagrant violation of this Court's Orders.[3] Moreover, the Petition filed in the First Circuit is patently infirm. In short, a stay would not further the public interest. This factor, too, weighs against a stay.

[3] Plaintiffs Motion for Sanctions arising from Nihon Kohden's failure to appear at Court-ordered depositions in California attended by plaintiff's Rhode Island counsel is pending before Magistrate Judge Martin.

**CONCLUSION**

For the foregoing reasons, Plaintiff Astro-Med respectfully requests this Court deny Defendant's Motion Stay.

Respectfully submitted,

ASTRO-MED, INC.

/s/ Craig M. Scott

Craig M. Scott, Esq. (# 4237)
Robert M. Duffy, Esq. (#4428)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile

Dated: August 20, 2007

## CERTIFICATE OF SERVICE

I hereby certify that the within ***Plaintiff Astro-Med, Inc.'s Memorandum in Opposition to Defendant Nihon Kohden America, Inc.'s Motion to Stay*** was filed through the ECF system on the 20th day of August, 2007, and will be sent electronically to counsel named below who are registered participants identified on the Notice of Electronic Filing:

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

and was served, via First Class Mail, to the counsel named below who is not a registered ECF participant:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

/s/ Craig M. Scott
Craig M. Scott, Esq.

Astro-Med\Plant, Kevin\Pleadings\06-0533 USDC\Memo Objection to Motion for Stay 08-09-07