CA06-533ML

# United States Court of Appeals
## For the First Circuit

No. 07-8024

IN RE: NIHON KOHDEN AMERICA, INC.

Before

Boudin, Chief Judge.
Lynch and Lipez, Circuit Judges.

JUDGMENT

Entered: September 19, 2007

Petitioner Nihon Kohden America, Inc. asks this court for leave to appeal the district court's denial of its motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). The denial of such motion is not a final order and is not generally appealable on an interlocutory basis. See Northern Laminate Sales, Inc. v. Davis, 403 F.3d 14, 23 (1st Cir. 2005). Nihon Kohden petitions this court pursuant to Fed. R. App. P. 5(a)(1) to exercise its discretionary jurisdiction over interlocutory appeals under 28 U.S.C. § 1292(b). However, that section grants discretionary jurisdiction to the court of appeals only if the district court certifies in writing in the order that it involves "a controlling question of law as to which there is a substantial ground for difference of opinion," and an immediate resolution by appeal may "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The district court order did not include such certification, nor did Nihon Kohden move for the district court to amend the order to include it. See Rule 5(a)(3). Moreover, at the hearing on the motion to dismiss, the district court stated that the question of personal jurisdiction was not a "close call." In the absence of certification by the district court, this court lacks discretionary jurisdiction under § 1292(b).

Petitioner also asks this court to issue a writ reversing the district court's denial of petitioner's Rule 12(b)(2) motion, or in the alternative, ordering the court to grant its request for a transfer of venue pursuant to 28 U.S.C. § 1404. Nihon Kohden has

not alleged extraordinary circumstances which would warrant this extraordinary remedy. See In Re Urohealth Sys., Inc., 252 F.3d 504, 507 (1st Cir. 2001).

Plaintiff-appellee Astro-Med, Inc. (Astro-Med) has filed a motion for attorney's fees and costs pursuant to Fed. R. Civ. P. 38 against Nihon Kohden and its counsel. Because it should have been obvious to counsel that Nihon Kohden had no realistic chance of success in this appeal, Rule 38 sanctions are appropriate. See Top Entertainment Inc. v. Ortega, 285 F.3d 115, 119 (1st Cir. 2002)(citations omitted). However, "a further round of filings to refine the amount [of attorneys' fees and costs] precisely will only lead to more expense." Roger Edwards, LLC v. Fiddes & Son Ltd., 437 F.3d 140, 145 (1st Cir. 2006). We therefore award a flat sum of $2,000 in attorneys' fees and costs to Astro-Med for its opposition to Nihon Kohden's Petition for Leave to Appeal.

Petitioner's requests for leave to appeal or, in the alternative, issuance of a writ are denied. The motion by plaintiff-appellee Astro-Med, Inc. for Rule 38 sanctions is granted as provided in this judgment. Nihon Kohden's motion for stay pending appeal is denied as moot.

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: ______________________________
Chief Deputy Clerk.

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE AND IN MY LEGAL CUSTODY.
FIRST CIRCUIT COURT OF APPEALS
BOSTON, MA
By: J. Calarols Date: 9.19.07

[certified copies: Hon. Mary M. Lisi and David DiMarzio, Clerk, United States District Court for the District of Rhode Island]

[cc: Bruce W. Gladstone, Esq., E.P. Michael Karcis, Esq., Mark A. McLean, Esq., Craig M. Scott, Esq., Robert M. Duffy, Esq.]