UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC., | : | |
| Plaintiff, | : | |
| vs. | : | C.A. No. 06-533 ML |
| KEVIN PLANT and NIHON KOHDEN AMERICA, INC., | : | |
| Defendants. | : | |

**PLAINTIFF ASTRO-MED, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO ADJUDGE KEVIN PLANT IN CONTEMPT**

Plaintiff Astro-Med, Inc. ("Astro-Med") submits this Memorandum in Support of its Motion to Adjudge Defendant Kevin Plant ("Plant") in Contempt for his failure to comply with this Court's Amended Modified Interim Injunction Order dated May 8 2007.

## I. FACTS

On May 8, 2007, this Court entered an Amended Modified Interim Injunction Order (the "Order"). (A copy of the Order is attached hereto as Exhibit A.) Paragraph 2 of the Order provides:

> Plant shall provide a monthly affidavit to Astro-Med's counsel confirming that he has not contacted any individual or entity on Astro-Med's Customer List.

Notwithstanding the clear mandate of this Order, which requires monthly Affidavits, Plant has provided only two affidavits to Astro-Med's counsel in the six months since the Order entered - - one dated May 10, 2007 and one dated August 6, 2007. Plant has provided no monthly affidavits since August.

On October 26, 2007, counsel for Astro-Med wrote to counsel for Plant requesting that Plant comply with the Order and provide a current affidavit by October 30, 2007. (A copy of the

October 26, 2007 email is attached hereto as Exhibit B.) Plant's counsel did not respond to this email, nor has Plant provided the monthly affidavits.

## II. ARGUMENT

A court has the inherent authority to enforce its lawful orders through contempt proceedings. *Shillitani v. United States,* 384 U.S. 364, 370 (1966). In a civil contempt proceeding, sanctions may be imposed in order to compel compliance and/or to compensate a party harmed by noncompliance. *McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 191 (1949) ("Civil...contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance"). Specific intent to violate the order is not required for a party to be held in civil contempt. *Id.* ("Since the purpose [of civil contempt] is remedial, it matters not with what intent the defendant did the prohibited act"). To prove contempt, the moving party must establish: (1) the contemnor had notice that he was "within the order's ambit"; (2) the order was "clear and unambiguous"; (3) the contemnor had the ability to comply; and (4) the order was violated. *U.S. v. Saccoccia*, 433 F.3d 19, 27 (1st Cir. 2005) (citations omitted).

Plant has violated the Order and should be held in contempt. Plant had notice of the Order, which is clear and unambiguous, and Plant is able to comply. Plant is required by the Order to provide Astro-Med's counsel with a monthly affidavit stating that he has not contacted any individual or entity on Astro-Med's Customer List. As a litigant, he is required to monitor the progress of the case and ascertain the contents of all orders. *See id.* Moreover, Plant complied with the Order on two occasions. Thus, Plant clearly understands the Order; is aware that he is within the Order's ambit; and has the ability to comply. Plant, however, has violated

the Order by refusing to provide monthly affidavits for September and October, and should be compelled to provide the affidavits immediately.

Plant additionally should be required to pay Astro-Med the reasonable expenses of this motion, including attorney's fees. It is well-settled that sanctions in a civil contempt proceeding are employed to coerce compliance, but also to compensate the party harmed for the losses it sustained. *In re Power Recovery Systems, Inc.*, 950 F.2d 798, 802 (1st Cir. 1991). Astro-Med's counsel made a good faith effort to obtain the monthly affidavits without Court action, but to no avail. Plant's counsel ignored Astro-Med's attempt to obtain the monthly affidavits, and Plant has failed without excuse to comply with the Order. Accordingly, an award of expenses, including attorney's fees is warranted.

**CONCLUSION**

For all the foregoing reasons, Astro-Med respectfully requests that its Motion to Adjudge Kevin Plant in Contempt be granted; Kevin Plant be required to provide Astro-Med's counsel the monthly affidavits required by this Court's Order; and Kevin Plant pay Astro-Med's reasonable expenses for bringing this motion.

Respectfully submitted,

ASTRO-MED, INC.

/s/ Stacey P. Nakasian

Craig M. Scott, Esq. (#4237)
cscott@duffysweeney.com
Stacey P. Nakasian, Esq. (#5069)
snakasian@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile

Dated: November 5, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that the within ***Memorandum in Support of Motion to Adjudge Kevin Plant in Contempt*** was filed through the ECF system on the 5th day of November, 2007, and will be sent electronically to the counsel named below who is a registered participant identified on the Notice of Electronic Filing:

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

and was served, via First Class Mail, to the counsel named below who is not a registered ECF participant:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

/s/ Stacey P. Nakasian
Stacey P. Nakasian, Esq.

Astro-Med\Plant, Kevin\Pleadings\06-0533 USDC\Memorandum for Motion to Adjudge Contempt 11-5-07