UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,

Plaintiff,

vs. C.A. No. 06-533 ML

KEVIN PLANT and NIHON KOHDEN AMERICA, INC.,

Defendants.

**PLAINTIFF ASTRO-MED, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES**

Plaintiff Astro-Med, Inc. ("Astro-Med") submits this Memorandum in Support of its Motion to Compel Defendant Kevin Plant ("Plant") to produce documents and answers to interrogatories responsive to Astro-Med's First Request for Production of Documents and First Set of Interrogatories.

## I. FACTS

### A. Astro-Med's Business and Trade Secrets

Astro-Med, Inc. is a Rhode Island corporation with a principal place of business in Warwick, Rhode Island. Astro-Med's Grass Technologies product group manufactures, sells and distributes instruments for sleep and neurological research and clinical applications of sleep science and brain wave recording and analysis. The life sciences industry is extremely competitive, and Astro-Med's customers, distribution, pricing and marketing information systems contribute to its position as a leading supplier of these products. Although the identity of some of its customers may be generally known in the industry, Astro-Med has developed proprietary customer databases through extensive research and marketing efforts. Astro-Med's

financial arrangements with its sales people, its marketing strategy and its pricing and cost structure are all highly confidential.

Astro-Med, through its Grass Technologies line, competes in a highly competitive, specialized market. The aggregate market size for neurological products is approximately $250 million in annual sales. In addition to Astro-Med and Nihon Kohden, nine other companies compete in this market. Due to the intense competition, Astro-Med is continuously researching and developing new products and refining its existing products. Product development information for the Grass Technologies line is proprietary business information.

Astro-Med has developed customer databases over the course of several years through intensive and expensive efforts in marketing, advertising in trade journals, attending trade shows, mailings and Internet advertising. These data bases are crucial and confidential assets of Astro-Med which allows it to maintain a competitive advantage.

Astro-Med actively protects its trade secrets and other confidential information, including its product development information, marketing strategies, the details of its arrangements with its dealers and distributors, customer information and pricing and cost policies. It does so by, among other things, requiring its key employees, as a condition of employment with Astro-Med, to execute an agreement not to compete with Astro-Med for a period of one year after employment termination and not to use or disclose confidential information or trade secrets of Astro-Med.

**B. <u>Plant is Hired by Astro-Med and Signs Employment Agreement</u>**

Kevin Plant applied for a Product Specialist position at Astro-Med in July 2002. He had no prior experience marketing or selling medical neurology equipment, including electroencephalographs (EEG), polysomnographs (PSG), or long-term monitoring for epilepsy

(LTM) equipment. Plant was hired by Astro-Med in October 2002 at which time he signed the Agreement as a condition of his employment at Astro-Med. Plant signed the Agreement in advance of any salary from Astro-Med or any training in EEG, PSG, or LTM medical equipment. Astro-Med did not expose Plant to prospective customers, internal pricing, or research and development initiatives until after he signed the Agreement.

Plant's Agreement states in pertinent part:

> 4. I recognize that the Company sells its products throughout North America and Europe; as such, upon termination of my employment at the Company, for whatever reason, I shall not directly or indirectly enter into or engage in a business that competes with the Company, in a territory consisting of North America, and Europe, either as an individual, partner, joint venturer, employee, agent or salesman for any person, or as an officer, director or stockholder of a corporation or otherwise, for a period of one year thereafter.

Plant also agreed not to disclose Astro-Med's confidential information as detailed in the Agreement:

> 2. That any inventions, discoveries or improvements in any technical data, trade secrets, information or know-how, made, discovered or conceived or acquired by me during the period of my employment, whether patented or not, are to and remain the property of the Company; that, without the written authorization of the Company, I will neither use nor disclose to any person other than my superiors in the Company, any information, trade secrets, technical data or know-how relating to the Company's products, processes, methods, equipment and business practices, which I have acquired during my employment.

Astro-Med invested heavily in Plant's training and development in the specialized field of capital medical equipment. It sent Plant on installations at customer sites throughout the United States. He traveled with technical support to learn the intricacies of Astro-Med's

hardware and software packages. He traveled with experienced sales representatives to learn and understand customer preferences and selling techniques.

After approximately two years as a Product Specialist, Plant requested and received a promotion to District Manager in the newly-vacant Southeastern territory, which at the time covered Florida, Georgia, South Carolina, Alabama and Tennessee. Astro-Med paid to relocate Plant to Florida.

As District Sales Manager and Product Specialist, Plant had access to and used Astro-Med's trade secrets, including confidential marketing, pricing, and customer databases. During his employment, Plant became intimately familiar with these customers and their preferences, as well as Astro-Med's pricing strategy and marketing techniques. Plant also had knowledge and insight as to Astro-Med's research and development efforts with respect to its Grass Technologies product line. During his four years at Astro-Med, Plant gained specialized, technical knowledge as to the marketing, development, pricing and selling of EEG's, PSG's and LTM equipment.

### C. **Plant Joints Nihon Kohden, Astro-Med's Direct Competitor**

Nihon Kohden directly competes with Astro-Med throughout the United States and internationally. Astro-Med has an advantage over Nihon Kohden by reason of its confidential pricing, marketing strategies and research and development efforts. This highly confidential information is extremely valuable to Astro-Med and critical to its business. It would be of significant value to Nihon Kohden.

Unbeknownst to Astro-Med, Plant first met with Nihon Kohden in early September, 2006. Prior to hiring Plant, Nihon Kohden knew that Plant was subject to the Employment

Agreement which prohibited Plant from working for a competitor. Nevertheless, Kohden hired him as a sales representative in Florida.

On or around October 1, 2006, Plant began working for Nihon Kohden as a sales person in the same region of the United States for which he previously worked for Astro-Med, in direct violation of his Agreement. He is now in a position to improperly solicit Astro-Med's customers and to divert their business to Nihon Kohden. Astro-Med has reason to believe that Plant has taken his Astro-Med customer contact lists, handed Nihon Kohden literature to a prospect that Plant was developing for Astro-Med, and has since contacted Astro-Med customers and prospects based on information he learned from his employment with Astro-Med.

## II. DISCOVERY REQUESTS

### (a) First Request for Production of Documents

Astro-Med served its First Request for Production of Documents on June 22, 2007 (Astro-Med's First Request for Production of Documents are attached hereto as Exhibit A). Plant served his Response to Astro-Med's First Request for Production of Documents on August 23, 2007 (Plant's Response to Astro-Med's First Request for Production of Documents are attached as Exhibit B).

On October 4, 2007, pursuant to Fed. R. Civ. P. 26 and 37, Astro-Med served a letter on Plant's counsel pointing out the deficiencies in Plant's Response to the Request for Production of Documents and asking for a complete production and a Rule 37 conference. (October 4, 2007 letter is attached hereto as Exhibit C). Following Astro-Med's letter, Plant's counsel promised several times to cooperate and provide a substantive response to the discovery issues raised by Astro-Med in its October 4, 2007 letter. In reliance on these assurances, Astro-Med delayed filing this Motion. Plant, however, has failed to do as promised. Instead, Plant's counsel wrote

to Astro-Med's counsel on November 2, 2007 that Plant will not be producing further documents and reiterating his objections, none of which are valid. (November 2, 2007 letter is attached hereto as Exhibit D).

(b) Specific Requests for Production of Documents

**Document Request No. 1:**

All documents which refer, relate or pertain to Astro-Med, Inc.

**Response to Request No. 1:**

Plant objects to this request on the grounds that it is overly broad, burdensome and oppressive. For example, the request would require the production of every document filed with the court in this action. Moreover, the request as phrased would require the production of all correspondence between Defendant and his attorneys. Without waiving the objections, Defendant responds as follows: The documents in his possession, custody and control that are not protected by the attorney-client privilege are attached hereto and are made part hereof as **Exhibit A**.

**Basis to Compel:**

Plant's response indicates that, with the exception of attorney-client documents, he is producing responsive documents, but he refuses to confirm that he has produced **all** responsive documents in his possession, custody or control. Despite having worked for Astro-Med for four years, the earliest email produced is dated July 24, 2006.

Documents responsive to this request are clearly relevant to this dispute. When Astro-Med hired Plant, he lacked any relevant experience. Astro-Med invested heavily in Plant's training and development in the specialized field of capital medical equipment, sending him on installations at customer sites throughout the United States and traveling with technical support to learn the intricacies of Astro-Med's hardware and software packages. Plant also traveled with experienced sales representatives to learn and understand customer preferences and selling techniques. Later, as District Sales Manager and Product Specialist, Plant had access to and used

Astro-Med's trade secrets, including confidential marketing, pricing, and customer databases. During his employment, Plant became intimately familiar with these customers and their preferences, as well as Astro-Med's pricing strategy and marketing techniques. Plant also had knowledge and insight as to Astro-Med's research and development efforts with respect to its Grass Technologies product line. During his four years at Astro-Med, Plant gained specialized, technical knowledge as to the marketing, development, pricing and selling of EEG's, PSG's and LTM equipment. Accordingly, all documents which refer, relate or pertain to Astro-Med are relevant to this action.

Plant's objections are contrived. Astro-Med obviously does not seek documents that are protected by the attorney-client privilege, nor does Astro-Med seek documents filed with this Court. Notably, Plant does not assert a relevance objection, yet he withholds relevant documents outside of those identified as privileged. The documents Astro-Med believes Plant is withholding include lead reports, forecasts, training materials, e-mails and other correspondence. These are material and relevant documents that Plant is required to produce.

> **<u>Document Request No. 2</u>:**
>
> All documents and communications (including e-mails) which refer, relate or pertain to your hiring by and terms of employment with Nihon Kohden America, Inc.
>
> **<u>Documents to Compel</u>:**
>
> See response to Request No. 1.
>
> **<u>Basis to Compel</u>:**

Plant refuses to confirm that he has produced **<u>all</u>** responsive documents in his possession, custody or control, and Astro-Med does not believe Plant has produced all responsive documents. For example, neither Plant nor Nihon Kohden have produced an employment

agreement signed by Plant, despite the fact that witnesses testified that one exists. See also Basis to Compel response to Request No. 1.

**Document Request No. 3:**

All documents which refer, relate or pertain to the claims, defenses and/or subject matter of this litigation, *Astro-Med, Inc. v. Kevin Plant and Nihon Kohden America, Inc.*, C.A. No. 06-533 ML.

**Response to Request No. 3:**

Plant objects to this request on the grounds that it is overly broad, burdensome and oppressive. For example, the request would require the production of every document filed with the Court in this action.

**Basis to Compel:**

This request cannot be overbroad because it essentially mirrors the disclosure requirements of Fed. R. Civ. P. 26(a)(1)(B). Since the parties did not exchange initial disclosure documents, it is an appropriate request. Moreover, Astro-Med does not require the production of every document filed with the Court in this action. Rather, Astro-Med seeks all documents referring, relating or pertaining to the claims, defenses and/or subject matter of this litigation, other than privileged documents and documents filed in this case.

**Document Request No. 4:**

All documents which refer, relate or pertain to your sale of EEGs, PSGs and LTM Equipment from October 1, 2006 to the present within the State of Florida.

**Response to Request No. 4:**

Defendant objects to this request on the grounds that it requests information that is confidential and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objection, Defendant responds as follows: Defendant has not sold any equipment to any business on the customer list Plaintiff submitted in connection with the existing preliminary injunction order, as per the Affidavit of Kevin Plant attached hereto and made a part hereof as **Exhibit B**.

**Basis to Compel:**

A stipulated protective order has been entered in this case; thus, confidentiality is not a valid objection. Moreover, there is neither an agreement nor Court order mandating that Astro-Med is limited to discovery concerning the customer list, and the documents requested are plainly relevant to this dispute. Astro-Med intends to present a case a trial that all post-termination competitive business activity of Plant in Florida violates the Employment Agreement between Astro-Med and Plant.

(c) Answers to Interrogatories

Astro-Med served its First Set of Interrogatories on Plant on June 22, 2007. (Astro-Med's First Set of Interrogatories are attached hereto as Exhibit E). Plant provided answers to those Interrogatories on August 23, 2007. (Plant's Answers to Astro-Med's First Set of Interrogatories are attached hereto as Exhibit F). By the above-referenced letter dated October 4, 2007, Astro-Med outlined the deficiencies in the Answers to Interrogatories, requested that Plant rectify those deficiencies and requested a Rule 37 conference. (See Exhibit C). Despite several oral promises to cooperate, Plant has failed to supplement his answers to the Interrogatories, instead reiterating his objections. (See Exhibit D).

(d) Specific Interrogatories at Issue

**Interrogatory No. 3:**

Identify all customers or prospective customers (as used herein "prospective customers" includes any customer who uses or purchases medical equipment of the type sold by Astro-Med) with whom you have been in contact since you were first employed by Nihon Kohden to the present.

**Response to Interrogatory No. 3:**

Defendant objects to this interrogatory on the grounds that it requests information that is confidential and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objection, Defendant responds as

follows: Defendant has not contacted any business on the customer list Plaintiff submitted in connection with the existing preliminary injunction order.

**Answer Required:**

As stated above, a stipulated protective order has been entered in this case; thus, confidentiality is not a valid objection. Moreover, there is neither an agreement nor Court order mandating that Astro-Med is limited to discovery concerning the customer list, and the information sought is plainly relevant to this dispute. Astro-Med intends to present a case a trial that all post-termination competitive business activity of Plant in Florida violates the Employment Agreement between Astro-Med and Plant.

**Interrogatory No. 6:**

Identify all customers to whom you have sold Electroencephalographs ("EEG"), Polysomnographs ("PSG") and Long-Term Monitoring for Epilepsy (LTM) Equipment from October 1, 2006 to the present within the State of Florida.

**Response to Interrogatory No. 6:**

Defendant objects to this interrogatory on the grounds that it requests information that is confidential and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objection, Defendant responds as follows: Defendant has not sold any equipment to any business on the customer list.

**Answer Required:**

As stated above, a stipulated protective order has been entered in this case; thus, confidentiality is not a valid objection. Moreover, there is neither an agreement nor Court order mandating that Astro-Med is limited to discovery concerning the customer list, and the information sought is plainly relevant to this dispute. Astro-Med intends to present a case a trial that all post-termination competitive business activity of Plant in Florida violates the Employment Agreement between Astro-Med and Plant.

(e) Request for Fees and Costs

Pursuant to Fed.R.Civ.P. 37(a)(4)(A), Astro-Med requests that this Court require Plant to pay Astro-Med's reasonable expenses incurred in making this motion, including attorney's fees, as Plant's conduct necessitated the Motion. Astro-Med's counsel made a good faith effort to obtain disclosure of discovery without Court action, but to no avail. After Astro-Med sent its October 4, 2007 letter, Plant's counsel made no fewer than four representations that he would respond substantively to the letter. Relying on these representations and expecting supplemental discovery responses, Astro-Med did not move to compel. When Plant finally responded nearly a month later on November 2, 2007, he refused to respond further or produce additional documents, and instead, reasserted his invalid objections. Plant misrepresented that he would cooperate in discovery, and he stands by his objections in bad faith. After receiving the November 2, 2007 response, Astro-Med's counsel contacted Plant's counsel to see if any issues could be resolved or narrowed. But Plant's counsel never returned that call. Accordingly, in light of the efforts Astro-Med has had to undertake to obtain clearly relevant and discoverable information in this case, Astro-Med respectfully submits that an award of expenses, including attorney's fees, is warranted.

## CONCLUSION

For all the foregoing reasons Astro-Med's respectfully requests that its Motion to Compel Production of Document and Answers to Interrogatories be granted.

Respectfully submitted,

ASTRO-MED, INC.

/s/ Stacey P. Nakasian

Craig M. Scott, Esq. (#4237)
cscott@duffysweeney.com
Stacey P. Nakasian, Esq. (#5069)
snakasian@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile
rduffy@duffysweeney.com

Dated: November 5, 2007

The undersigned hereby certifies that she has in good faith conferred or attempted to confer with counsel for Kevin Plant in an effort to secure the discovery requested herein without Court action prior to the filing of this motion.

/s/ Stacey P. Nakasian

Stacey P. Nakasian, Esq. (#5069)

**CERTIFICATE OF SERVICE**

I hereby certify that the within ***Memorandum in Support of Motion to Compel Production of Documents and Answers to Interrogatories*** was filed through the ECF system on the 5th day of November, 2007, and will be sent electronically to the counsel named below who is a registered participant identified on the Notice of Electronic Filing:

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

and was served, via First Class Mail, to the counsel named below who is not a registered ECF participant:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

/s/ Stacey P. Nakasian
Stacey P. Nakasian, Esq.

Astro-Med\Plant, Kevin\Pleadings\06-0533 USDC\Memorandum for Motion to Compel 11-2-07