# EXHIBIT C

DUFFY SWEENEY & SCOTT, LTD
BUSINESS LAW & LITIGATION

*Craig M. Scott, Esq.*
*cscott@duffysweeney.com*

October 4, 2007

***Via Facsimile and First Class Mail***

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

Re: Astro-Med, Inc. v. Kevin Plant and Nihon Kohden America
C.A. No. 06-533-ML

Dear Mike and Bruce:

This letter is sent pursuant to Fed.R.Civ.P. 37(a)(2)(A) and Fed.R.Civ.P. 26. Please consider this letter a good faith effort to confer in connection with Kevin Plant's deficient interrogatory answers and responses to requests for production.

Please provide complete answers to the following interrogatories and responses to requests for production:

> Interrogatory No. 1 – Identify all communications with Nihon Kohden America, Inc. ("Nihon Kohden") or any agent of employee thereof, concerning your employment with Astro-Med, including the date of the communications, the location of the communications, the means of communications and the individuals involved.
>
> Deficiency: Plant identifies "general conversations" both written and oral with Brian Kehoe, Gary Reasoner and Michael Ohsawa. The interrogatory, however, requests specific information concerning the date, location and means of communications. Plant fails to provide this information.

Interrogatory No. 2 – Identify all communications with Nihon Kohden or any employee or agent thereof within six (6) months prior to accepting employment with Nihon Kohden up to and including your first date of employment.

Deficiency: Plant's response is the same as his response to Interrogatory No. 1, and is therefore deficient in the same respect as his answer to Interrogatory No. 1.

Interrogatory No. 3 – Identify all customers or prospective customers (as used herein "prospective customers" includes any customer who uses or purchases medical equipment of the type sold by Astro-Med) with whom you have been in contact since you were first employed by Nihon Kohden to the present.

Deficiency: Plant responds that he has not contacted any business on the customer list Astro-Med submitted in connection with the existing preliminary injunction order. There has been no agreement or court order limiting Astro-Med's discovery to the businesses identified in the list provided pursuant to the preliminary injunction.

Interrogatory No. 4 – Please summarize each conversation you have had with Nihon Kohden, or any employee or agent thereof, concerning your employment with Astro-Med.

Deficiency: Plant's response is the same as his response to Interrogatory No. 1, and is therefore deficient in the same respect as his answer to Interrogatory No. 1.

Interrogatory No. 6 – Identify all customers to whom you have sold Electroencephalographs ("EEG"), Polysomnographs ("PSG") and Long-Term Monitoring for Epilepsy (LTM) Equipment from October 1, 2006 to the present within the State of Florida.

Deficiency: Plant again improperly limits his response to Astro-Med's customer list.

Interrogatory No. 8 – Identify the 35 businesses you reference in your Affidavit dated March 27, 2007 that you claim you called on and/or sold as sales representative for Astro-Med from July 1, 2005 to September 29, 2007.

Deficiency: Plant list thirty (30) businesses. Please provide the remaining five or confirm that this is the complete list.

Interrogatory No. 9 – Identify the approximately 20 companies you reference in your Affidavit dated March 27, 2007 contained on Astro-Med's customer and prospect list submitted pursuant to the Court's February 16, 2007 Modified

Preliminary Injunction Order that you claim purchased equipment solely from Nihon Kohden America, Inc.

Deficiency: Plant list nineteen (19) companies. Please confirm that this is the complete list.

Document Request No. 1 – All documents which refer, relate or pertain to Astro-Med, Inc.

Deficiency: Plant interposed an objection, but responded. Please confirm that Plant has produced all responsive documents.

Document Request No. 2 – All documents and communications (including e-mails) which refer, relate or pertain to your hiring by and terms of employment with Nihon Kohden America, Inc.

Deficiency: Plant incorporates his response to Document Request No. 1. Please confirm that Plant has produced all responsive documents.

Document Request No. 3 – All documents which refer, relate or pertain to the claims, defenses and/or subject matter of this litigation, *Astro-Med, Inc. v. Kevin Plant and Nihon Kohden America, Inc.*, C.A. No. 06-533 ML.

Deficiency: Plant objects on the grounds that this request is overly broad, burdensome and oppressive and has produced no documents. He claims that this request requires the production of every document filed in this action. Astro-Med does not require such production. Rather, we seek all documents referring, relating or pertaining to the claims, defenses and/or subject matter of this litigation, other than privileged documents and documents filed in this case.

Document Request No. 4 – All documents which refer, relate or pertain to your sale of EEGs, PSGs and LTM Equipment from October 1, 2006 to the present within the State of Florida.

Deficiency: Plant responds that has not sold any equipment to the businesses on the customer lists plaintiffs submitted in connection with the exiting preliminary injunction order. Astro-Med is not limited to discovery concerning the customer list, and the documents requested are plainly relevant to this dispute.

I look forward to receiving appropriate answers to interrogatories and responses to requests for production on or before October 12, 2007, or you leave us no choice but to seek Court intervention.

Very truly yours,

Craig M. Scott

BLM/las
:Astro-Med\Plant, Kevin\Letters\Karcis 10-4-07 CMS.doc