# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,

Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.

Defendants.

## PRE-TRIAL MEMORANDUM OF DEFENDANT, NIHON KOHDEN

Defendant, Nihon Kohden America, Inc. ("Nihon Kohden"), through its counsel, hereby submits this Pre-Trial Memorandum pursuant to Federal Rules of Civil Procedure 16.

NIHON KOHDEN AMERICA, INC.
By Its Attorneys,

/s/ Bruce W. Gladstone
Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
PHONE: (401) 331-5700
FAX: (401) 331-5787

/s/ E.P. Michael Karcis
E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
PHONE: (310) 450-9353
FAX: (310) 581-8006

Date: November 13, 2007

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ASTRO-MED, INC.,

Plaintiff,

v. C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN
AMERICA, INC.

Defendants.

## I. STATEMENT OF EXPECTED TESTIMONY[1]

In its First Amended Complaint, filed on January 23, 2007, Plaintiff Astro-Med, Inc. ("Astro-Med") has alleged that Defendant Nihon Kohden America, Inc. ("Nihon Kohden"), a California corporation, simply by hiring its former employee, Defendant Kevin Plant, wrongfully interfered with Astro-Med's non-competition agreement with Mr. Plant, and misappropriated trade secrets or confidential business information. However, Astro-Med's non-competition agreement has been determined to be unenforceable, and this Court instead imposed its own reasonable restrictions on Mr. Plant's employment, which restrictions are set to expire on December 28, 2007. Moreover, Astro-Med has no evidence that Nihon Kohden has ever misappropriated any of Astro-Med's trade secrets. In fact, the only evidence is that Nihon Kohden, from the outset of Mr. Plant's employment, has communicated to Mr. Plant its strict and absolute prohibition against the disclosure of any confidential or trade secret information by Mr. Plant during the course of his employment with Nihon Kohden.

---

[1] Based on the expected testimony, Nihon Kohden will separately request that this Court allow Nihon Kohden to file a motion for summary judgment. The request will be based in part on the fact that the depositions of Astro-Med's representatives on October 18, 25 and 26, 2007, which depositions took place after the dispositive motion cut off date (October 19, 2007).

In or about October 2006, Mr. Plant, a resident of Florida, inquired about obtaining a sales position with Nihon Kohden. During the discussions about Mr. Plant's possibly joining Nihon Kohden, Nihon Kohden became aware that Mr. Plant had signed an agreement with Astro-Med that included an extremely broad non-competition provision. Nihon Kohden did not view the overbroad non-competition agreement as an insurmountable impediment to hiring Mr. Plant because: (i) the agreement did not apply to salespersons (Mr. Plant's position at the time he interviewed with Nihon Kohden and terminated his employment with Astro-Med); (ii) the restriction on competition was excessively overbroad, encompassing all of North America and all of Europe, and Nihon Kohden therefore reasonably believed that the restriction was unenforceable as to Mr. Plant;[2] and (iii) Nihon Kohden did not consider Astro-Med to be a direct competitor due to the significant distinctions between the product lines sold by the two companies. (Since hiring Mr. Plant, Nihon Kohden has learned that the Astro-Med non-competition restriction is unenforceable on additional grounds, because (1) the restriction became void after material changes in Mr. Plant's employment relationship with Astro-Med; (2) a new agreement was not executed after material changes occurred in Mr. Plant's employment with Astro-Med; (3) Astro-Med's material breach of its employment relationship with Mr. Plant excused any obligation Mr. Plant may have had under the non-competition restriction, and (4) Astro-Med has selectively enforced the agreement against its former employees.)

Following further communications with Mr. Plant, which took place in only Florida and California, and which included Nihon Kohden's written confirmation to Mr. Plant that it would not tolerate Mr. Plant using any information he obtained from Astro-Med, Nihon Kohden hired Mr. Plant as a salesperson in Florida to sell its electroencephalograph (EEG) equipment,

---

[2] In fact, this Court refused to enforce the overly broad restrictive covenant.

polysomnograph (PSG) equipment, and long-term monitoring for epilepsy (LTM) equipment in Florida.

Nihon Kohden has never requested and has never received any of Astro-Med's confidential information or trade secrets from Mr. Plant or any other person. In fact, Astro-Med's representatives have conceded that Astro-Med has no evidence that Nihon Kohden has ever requested or received any of Astro-Med's confidential information or trade secrets from Mr. Plant.

For the foregoing reasons, all of Astro-Med's claims against Nihon Kohden are unfounded, entirely baseless, and should fail.[3]

## II. SUMMARY OF WITNESS TESTIMONY

Nihon Kohden expects the following witnesses to testify to the facts set forth above.

A. Kevin Plant – Mr. Plant will testify about his employment with Astro-Med, the reasons he terminated his employment with Astro-Med, his hiring by Nihon Kohden, and his current employment with Nihon Kohden. Mr. Plant is also expected to testify about the failure of Astro-Med to enforce its non-competition agreement against other former Astro-Med employees. Mr. Plant is not expected to testify as an expert witness.

B. Michael Ohsawa – Mr. Ohsawa will testify about Nihon Kohden's hiring and employment of Mr. Plant. Mr. Ohsawa will also testify about Nihon Kohden's lack of business contacts with the State of Rhode Island. Mr. Ohsawa is not expected to testify as an expert witness.

[3] Furthermore, Nihon Kohden maintains that this Court does not have personal jurisdiction over Nihon Kohden, as is more fully detailed in its papers filed in connection with Nihon Kohden's motion to dismiss for lack of personal jurisdiction.

C. Gary Reasoner – Mr. Reasoner will testify about Nihon Kohden's hiring and employment of Mr. Plant. Mr. Reasoner will also testify about Nihon Kohden's lack of business contacts with the State of Rhode Island. Mr. Reasoner is not expected to testify as an expert witness.

D. Everett Pizzuti – Mr. Pizzuti will testify about Mr. Plant's employment with Astro-Med. Mr. Pizzuti will also testify about Astro-Med's selective enforcement of its non-competition agreements, Astro-Med's failure to mitigate its damages, the lack of evidence that Mr. Plant has disclosed Astro-Med's trade secret or confidential information, and the lack of damages sustained by Astro-Med. Mr. Pizzuti is not expected to testify as an expert witness.

E. Marcus Mancini – Mr. Mancini will testify about Mr. Plant's employment with Astro-Med. Mr. Mancini will also testify about Astro-Med's selective enforcement of its non-competition agreements, Astro-Med's failure to mitigate its damages, the lack of evidence that Mr. Plant has disclosed Astro-Med's trade secret or confidential information, and the lack of damages sustained by Astro-Med. Mr. Mancini is not expected to testify as an expert witness.

F. Marc Paliotta – Mr. Paliotta will testify about Mr. Plant's employment with Astro-Med. Mr. Paliotta will also testify about Astro-Med's selective enforcement of its non-competition agreements, Astro-Med's failure to mitigate its damages, the lack of evidence that Mr. Plant has disclosed Astro-Med's trade secret or confidential information, and the lack of damages sustained by Astro-Med. Mr. Paliotta is not expected to testify as an expert witness.

G. Dominec Chillemi – Mr. Chillemi will testify about Nihon Kohden's lack of business contacts with the State of Rhode Island. Mr. Chillemi is not expected to testify as an expert witness.

## III. MEMORANDUM OF LAW

### A. The Non-Competition Agreement is Unenforceable

#### 1. Fundamental Changes in Mr. Plant's Employment Status at Astro-Med Voided the Non-Competition Restriction

When there is a fundamental change in the employment relationship, prior employment agreements, including non-competition agreements, are voided. *See, e.g.*, AFC Cable Sys. v. Clisham, 62 F. Supp. 2d 167, 172-73 (D.Mass. 1999) (applying Massachusetts law). In Clisham, the defendant's former employer sought to enforce a 1992 non-competition agreement against the defendant when the defendant left to work for a competitor. *Id.*, at 170. However, the defendant's position with the plaintiff had changed in 1994 when he was promoted from Sales Consultant to Sales Manager. *Id.* **The Clisham court stated that the change in the defendant's employment relationship with the plaintiff "[made] it clear that [the defendant] entered a new relationship with [the plaintiff], thereby voiding the 1992 [Non-Competition] Agreement."** *Id.*, at 173 (emphasis added).

During the course of Mr. Plant's employment with Astro-Med, *two* fundamental changes in his employment status occurred after he executed the Employee Agreement. First, in 2004, Mr. Plant's position fundamentally changed, from "Product Specialist" in Rhode Island (his position at the time of his hire in 2002), to a salesperson position in Florida. The Employee Agreement may have arguably covered Mr. Plant's position as a Product Specialist, but by its express terms did not apply to salespersons. Moreover, no such employee agreement ever existed in connection with Mr. Plant's sales position. Second, in June 2006, Astro-Med again substantially and unilaterally changed Mr. Plant's employment relationship, when it cut a significant portion of his sales territory -- and therefore his earning potential -- and assigned it to another, untrained salesperson. As a result of these fundamental changes, the non-competition

provision in the Employee Agreement is void and unenforceable against Mr. Plant. Thus, Nihon Kohden could not have interfered with an unenforceable contract.

### 2. Astro-Med's Breach Voided Any Obligations Mr. Plant Had Pursuant to the Employee Agreement

Astro-Med's substantial reduction of Mr. Plant's sales territory breached the Employee Agreement and directly led to Mr. Plant leaving Astro-Med's employment.

In Lantor, Inc. v. Ellis 1998 Mass. Super. LEXIS 560, the defendant executed a non-competition agreement while employed as a salesperson by the plaintiff. Thereafter, the plaintiff unilaterally changed the defendant's sales commission compensation. *Id.*, at 5. Denying the plaintiff's motion for a preliminary injunction, the Lantor court stated, "'It is well established that a material breach by one party excuses the other party from further performance under the contract.' [Citation.] **It is also plain that a material breach of an employment agreement by an employer may discharge an employee from further obligation under a non-competition provision of that agreement.** [Citation.]" *Id.*, at 23 (emphasis added).

In Dialogo, LLC v. Bauza, 456 F. Supp. 2d 219, 226 fn. 4 (D.Mass. 2006), the plaintiff sought to enforce a non-competition provision against the defendant, its former employee, who had left to work for a competitor. The defendant claimed that the plaintiff failed to fully compensate him for his employment, which was an obligation separate from the non-competition agreement that the defendant executed. *Id.*, at 223. Granting the defendant's motion for summary judgment, the Dialogo court, citing Lantor, stated, **"Accordingly, [the plaintiff]'s material breach of [the defendant]'s employment agreement excuses [the defendant] from any obligation to refrain from competition."** *Id.*, at 226 fn. 4 (emphasis added).

Astro-Med's 2006 unilateral and drastic reduction in Mr. Plant's sales territory was a material breach of the Mr. Plant's employment relationship with Astro-Med, and thus excuses Mr. Plant from any contractual obligation he may have had to refrain from competition. Again, Nihon Kohden could not interfere with an unenforceable contract.

### 3. The Non-Competition Restriction is Overly Broad

Even if the non-competition provision is deemed enforceable[4] and Astro-Med establishes a legally cognizable interest to protect, the non-competition agreement is excessive and overly broad, and thus unenforceable. As the Rhode Island District Court in Nestle Food Co. v. Miller, 836 F. Supp. 69 (D.R.I. 1993) explained, more balanced restrictions exist to protect both the former employer's legitimate business interests and the former employee's right to continue working:

> "[I]nstead of going to the extreme of prohibiting its salesmen from working for a competitor for one year, a more effective, practical and fair way for Nestle to protect this customer base is to prohibit its former salesman from: 1) ever revealing or using any 'confidential information' learned while at Nestle, and 2) soliciting the salesman's former customers for the period of one year. This modified provision gives Nestle's new salesman a fair chance to maintain his predecessor's 'customer base' by preventing the former salesman from taking advantage of the special relationship the former salesman shares with Nestle customers, it protects Nestle's confidential information, and it gives the former Nestle salesman a chance to start fresh in a new company."

Nestle, *supra*, 836 F. Supp. at 76. Under Nestle, any enforcement of Astro-Med's extreme and overbroad non-competition restriction against Mr. Plant would be improper by failing to strike a fair balance of the competing interests of the former employer (as to its proprietary information) and the former employee (who has a right to work for a new company).

Moreover, this Court has recognized by that Astro-Med's non-competition restriction is unenforceable due to overbreadth. This determination is in line with the court in Nestle, which held that the restricted territory should be "no broader than the territory covered by the salesman

---

[4] The non-competition provision cannot be found to be enforceable because this Court has already determined that the provision was unenforceably overly broad.

when he worked for Nestle." *Id.*, at 75. The Employee Agreement's competitive restriction throughout all of North America and Europe is a grossly overbroad geographic restriction that is unenforceable. *See*, *e.g.*, Dryvit Sys. v. Healy, 1989 R.I. Super. LEXIS 105, *13-*15 (holding that when a "restrictive covenant proscribes an activity, a geographic or a time restraint that is more extensive than what is necessary to protect his legitimate interests, it is unreasonable"). In fact, Mr. Plant could not have breached the non-competition agreement when he went to work for Nihon Kohden, because the agreement was not enforceable without judicial modification.

**4. Astro-Med's Selective Enforcement of its Non-Competition Agreements Make it Void as Against Mr. Plant**

In this action, Astro-Med is seeking to enforce a non-competition restriction that it has unilaterally selected to enforce against Mr. Plant, but has selected not to enforce against other of its former employees. Specifically, Astro-Med has not enforced the same non-competition restriction against Guy Casler, Darren Jones and Rob Safron, all of whom work for competitors of Astro-Med.

In Narragansett Coated Paper Corp. v. LaPierre, 1998 R.I. Super. LEXIS 75, the court denied the plaintiff-former employer's request for injunctive relief where the defendant-former employee resigned to work for one of the plaintiff's competitors. The central reason for the Narragansett court's denial of injunctive relief was:

> [T]he plaintiff has failed to prove that the drastic relief it seeks is reasonably necessary to protect the confidentiality of its unique products and processes. The plaintiff has utterly failed to protect itself from post-employment disclosure of its confidential information by other of its employees, who are far more knowledgeable of that information than the plaintiff. Almost none of the key employees of the plaintiff have executed a non-competition agreement. Singling out employees at relatively low levels of employment, such as that of the defendant, rather than those at the middle and upper

> levels, for post-employment non-competition agreements suggests that the purpose of those agreements is not so much to protect an employer's trade secrets . . . .

*Id.*, at 9. Likewise, Astro-Med has failed to prove that the drastic relief it seeks is reasonably necessary to protect any alleged confidential information, and has failed to enforce identical non-competition restrictions, opting not to enforce such draconian restrictions against other sales people who left its employment shortly before or after Mr. Plant.

**B. Astro-Med Failed to Mitigate its Damages**

On December 19, 2006, well before this Court determined to impose, through December 28, 2007, certain non-competition restrictions on Mr. Plant's employment (while still permitting him to work for Nihon Kohden), Mr. Plant offered to settle this action under terms nearly identical to those set forth in this Court's February 17, 2007 Modified Preliminary Injunction Order. However, Astro-Med did not respond to the December 19 settlement offer, as well as other settlement overtures, and since that time has incurred no damages other than legal fees in prosecuting its action against Mr. Plant and Nihon Kohden. Thus, Astro-Med has failed to take affirmative steps to minimize or otherwise to mitigate its alleged damages.

In Reyes v. Banco Santander de P.R., N.A., the defendant made multiple settlement offers, all of which the plaintiff rejected. *Id.*, at 1445-46. The defendant went to trial asserting defenses that included the failure to mitigate damages. *Id.*, at 1446. At trial, the plaintiffs prevailed at trial on their claims and received a net jury award that was nearly identical to the defendant's highest settlement offer. *Id.*, at 1445. However, because the plaintiff's failed to mitigate their damages by accepting the defendant's early settlement offers, the Reyes court denied the plaintiff's motion for attorney fees. *Id.*, at 1447.

### C. Nihon Kohden Could Not Induce Mr. Plant to Breach an Agreement That Was Unenforceable

For the multiple reasons set forth above, the non-competition restriction was not enforceable against Mr. Plant. Thus, Nihon Kohden could not breach an unenforceable agreement.

In Telectronics, Inc. v. Downing, 1987 U.S. Dist. LEXIS 3070 (D.Mass 1987), the plaintiff claimed that that the identities of its customers were confidential. However, the Telectronics court held that the plaintiff's non-competition agreement was unenforceable against its former employees, because the information was readily ascertainable through public sources, and therefore granted summary judgment in favor of the former employees. The Telectronics court also granted summary judgment to the defendants' new employer, explaining that, **"since the noncompetition agreement is unenforceable [against the individual defendants], plaintiff has alleged no wrongful act or means on the part of [the defendant new employer] which constituted the allege interference with [the plaintiff], [or its] relationships with [the individual defendants]."** *Id.*, at 11-12 (emphasis added).

As with the defendant new employer in Telectronics, Nihon Kohden could not have interfered with or induce a breach of Mr. Plant's obligations under the Employee Agreement, because the Employee Agreement was and is unenforceable.

### D. There Is No Evidence Of Trade Secret Misappropriation

Astro-Med has confirmed that it has no evidence that Nihon Kohden has obtained any of Astro-Med's trade secret or confidential information since or as a result of hiring Mr. Plant. Additionally, Nihon Kohden had and has a policy of not hiring individuals to obtain trade secrets and confidential information of other businesses, or to otherwise misappropriate such information. Thus, before hiring Mr. Plant, Nihon Kohden confirmed with Mr. Plant in a letter dated September 10, 2006, that it would not tolerate Mr. Plant using or disclosing any of Astro-Med's trade secrets or confidential information.[5]

[5] A copy of the September 10, 2006 letter is attached hereto as Exhibit A.

In Paramount Office Supply Company, Inc. v. D. A. MacIsaac, Inc., 524 A.2d 1099 (R.I.S.Ct. 1987), the plaintiff sought to enforce a non-competition agreement against its former employee and the former employee's new employer. Affirming denial of the plaintiff's motion for a preliminary injunction against both defendants, the Paramount Office Supply court stated:

> [I]n his uncontradicted affidavit, [the individual defendant] stated that he at no time contacted Paramount's customers on behalf of [the defendant new employer] while still employed with Paramount, that the list of Paramount's customers was readily identifiable from the Yellow Pages and business and trade directories, and that many of Paramount's customers do business with more than one office-supply company, some in fact do business with three or four at a time.

*Id.*, at 1101.

In this action, Astro-Med has admitted that it has no evidence that Nihon Kohden has obtained any of Astro-Med's trade secret or confidential information from Mr. Plant. Moreover, Nihon Kohden specifically directed Mr. Plant to maintain the confidentiality of Astro-Med's trade secrets. Thus, Astro-Med should not be allowed to enforce the non-competition agreement against Nihon Kohden and Nihon Kohden is entitled to judgment on Astro-Med's claim of trade secret misappropriation against Nihon Kohden.

### E. This Court Lacks Personal Jurisdiction Over Nihon Kohden

Based on the facts and legal authority set forth in the papers filed in support of Nihon Kohden's motion to dismiss, Nihon Kohden is not subject to personal jurisdiction in Rhode Island.

## IV. CONCLUSION

Based upon the foregoing, the non-competition restriction in the Mr. Plant's agreement with Astro-Med is not enforceable against Mr. Plant. Thus, Nihon Kohden could not induce a breach of or breach an unenforceable agreement. Also, Astro-Med lacks any evidence that Nihon Kohden has requested or received any of Astro-Med's trade secrets or confidential

business information. Moreover, Nihon Kohden is not subject to personal jurisdiction in Rhode Island. Notwithstanding these facts, Astro-Med has not sustained any legally cognizable damages. Astro-Med claims only that it has sustained legal fees in pursuing this case, which has resulted in a limitation on Mr. Plant's employment with Nihon Kohden that Nihon Kohden was willing to provide (and offered to provide) on December 19, 2006, only two weeks after Astro-Med filed its initial state court action against Mr. Plant. Thus, Nihon Kohden expects to prevail on its defenses against Astro-Med's claims.

NIHON KOHDEN AMERICA, INC.
By Its Attorneys,

/s/ Bruce W. Gladstone
Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
PHONE: (401) 331-5700
FAX: (401) 331-5787

/s/ E.P. Michael Karcis
E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
PHONE: (310) 450-9353
FAX: (310) 581-8006

Date: November 13, 2007

G:\pec\PLANT, KEVIN\NK Pretrial Memo.doc

CERTIFICATION

The undersigned hereby certifies that on the 13th day of November, 2007, a copy of the foregoing Pre-Trial Memo of Defendant, Nihon-Kohden, was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

Robert M. Duffy, Esquire
rduffy@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Stacey P. Nakasian, Esquire
snakasian@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Building, Suite 1200
Providence, RI 02903

Craig M. Scott, Esquire
cscott@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

/s/ Bruce W. Gladstone