# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,
Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.
Defendants.

## DEFENDANT KEVIN PLANT'S OBJECTION TO PLAINTIFF'S MOTION TO ADJUDGE KEVIN PLANT IN CONTEMPT

Defendant Kevin Plant hereby does object to Plaintiff's Motion to Adjudge Kevin Plant in Contempt.

This Objection is based on the Memorandum of Law attached hereto, the concurrently filed affidavits of Bruce W. Gladstone, Esq., and E.P. Michael Karcis, Esq., and upon the papers, records and pleadings filed herein, as well as any evidence or argument that may be presented at the hearing on this motion.

KEVIN PLANT
By his Attorneys,

/s/ Bruce W. Gladstone
Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
PHONE: (401) 331-5700
FAX: (401) 331-5787

/s/ E.P. Michael Karcis
E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
PHONE: (310) 450-9353
FAX: (310) 581-8006

Date: November 21, 2007

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,
Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.
Defendants.

## DEFENDANT KEVIN PLANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS OBJECTION TO PLAINTIFF'S MOTION TO ADJUDGE KEVIN PLANT IN CONTEMPT

Defendant Kevin Plant, by and through his counsel, hereby submits the following Memorandum in Support of his Objection to the Motion of Plaintiff to Adjudge Kevin Plant in Contempt.

## I. INTRODUCTION

Since his employment with defendant Nihon Kohden America, Inc. ("Nihon Kohden") began in October 2006, defendant Kevin Plant has at all times -- voluntarily and at the express direction of Nihon Kohden -- refrained from soliciting business in the State of Florida from any clients of Plaintiff Astro-Med, Inc. ("Astro-Med"). This Court's Amended Modified Preliminary Injunction Order dated May 8, 2007 (the "May 8 Order") formalized the same self-imposed restrictions already in place concerning Mr. Plant's contact with Astro-Med's customers, prohibiting Mr. Plant from "offering for sale or selling" certain medical equipment to such customers, through December 28, 2007. The May 8 Order also required Astro-Med to provide Mr. Plant with a "Customer List" that was to include only "existing Astro-Med customers in Florida which have ordered and/or received products from Astro-Med ... and prospective Astro-Med customers

located in Florida ..."[1] Mr. Plant has at all times fully complied with the terms of the May 8 Order.

Since the May 8 Order, counsel for Mr. Plant has served affidavits, dated May 10, August 6, October 18, and November 5, 2007, on Astro-Med's counsel.[2] In each of his affidavits, Mr. Plant confirms that he has "not contacted any individual or entity listed on Plaintiff's Customer List." *See* **Exhibits A** ¶2, **B** ¶2, **C** ¶2, and **D** ¶2. That statement, confirming compliance with the May 8 Order, is not limited as to time. In each of his affidavits, the statement confirms that Mr. Plant has not contacted any individual or entity listed on Astro-Med's Customer List at any time after receipt of that List, which was served on February 23, 2007, through the date on which he executed each affidavit.[3]

Curiously, Mr. Plant's affidavits have become a distraction tactic for Astro-Med's new counsel, who apparently realizes that her client's case lacks any merit.[4] As stated in the Pre-Trial Memoranda of Mr. Plant and Nihon Kohden, Astro-Med has confirmed, through the testimony of its own representatives, that it has no evidence to support its claims against Mr. Plant and Nihon Kohden, and even if any liability could be established, Astro-Med has suffered no damages[5] and failed to mitigate any damages. Astro-Med's new counsel apparently seeks to muddy the unfriendly waters of this action by raising this red herring issue purely as a distraction from the (now confirmed) lack of merit of her client's case.

Mr. Plant's counsel has explained to Plaintiff's counsel the inanity of the claim that Mr. Plant should be held in contempt. On October 26, 2007 (orally) and again on November 6, 2007 (in writing),[6] Mr. Plant's counsel, E.P. Michael Karcis of McLean & McLean LLP, stated to Plaintiff's counsel, Attorney Stacey Nakasian of Duffy, Sweeney & Scott, Ltd., that Mr. Plant had provided affidavits compliant with this Court's May 8

---

[1] Mr. Plant timely raised concerns about Plaintiff's overly broad Customer List, including the fact that Mr. Plant, while he was employed by Astro-Med, had contact with only approximately ten percent of the businesses listed on Plaintiff's Customer List.

[2] Copies of Mr. Plant's May 10, August 6, October 18, and November 5, 2007 affidavits are attached hereto as **Exhibits A, B, C**, and **D**, respectively.

[3] Mr. Plant began providing monthly affidavits in March.

[4] Astro-Med's prior counsel never raised concerns regarding Mr. Plant's affidavits and never threatened a motion for contempt based on Mr. Plant's affidavits or any claim of timeliness related to service of the affidavits.

[5] Affidavit of E.P. Michael Karcis ¶ 4 (**Exhibit G**).

[6] Mr. Plant's counsel's letter dated November 6, 2007 is attached hereto as **Exhibit E**; Affidavit of E.P. Michael Karcis ¶¶ 2-3 (**Exhibit G**).

Order and that the then-most recent affidavit (dated October 18, 2007) was already in the possession of Attorney Bruce Gladstone of Cameron & Mittleman LLP, Mr. Plant's co-counsel in this action.[7] However, as explained in counsel's letter to Attorney Nakasian,[8] and as stated in Attorney Gladstone's affidavit, Attorney Gladstone inadvertently failed to serve a copy of Mr. Plant's October 18 affidavit on Plaintiff's counsel until November 5, 2007, at which time Attorney Gladstone served Plaintiff's counsel with Mr. Plant's October 18 affidavit.[9]

After the October 26 conversation between Attorneys Karcis and Nakasian, Attorney Nakasian did not contact Mr. Plant's counsel regarding Mr. Plant's October 18 affidavit prior to filing the Motion for Contempt.[10] After receiving the Motion, Attorney Karcis requested, by letter dated November 6, 2007,[11] that Plaintiff's counsel withdraw her motion in light of the fact that the failure to serve Mr. Plant's October 18 affidavit prior to November 5 was due solely to an inadvertent mistake by counsel that, upon realizing his mistake, was immediately rectified; however, Attorney Nakasian unjustifiably refused to do so. In fact, Attorney Nakasian has never responded to the November 6 letter, to resolve this matter informally.[12]

At all times, Mr. Plant has fully complied with the May 8 Order – he has not contacted any business or entity listed on Astro-Med's Customer List. *See* **Exhibits A, B, C**, and **D**. Mr. Plant has confirmed this fact in writing, most recently in his affidavit dated November 5, 2007. *See* **Exhibit D** ¶2. Moreover, just as Astro-Med's representatives have already confirmed -- that Astro-Med has sustained no damages in this action -- Astro-Med has suffered no harm or damages in connection with the timing of service of Mr. Plant's October 18 affidavit (or any of Mr. Plant's other affidavits). Thus, the facts do not support this Court's issuance of an order of contempt.

---

[7] *See* **Exhibit E** and Affidavit of Bruce Gladstone, attached hereto as Exhibit F.
[8] *See* **Exhibit E**.
[9] *See* Gladstone Affidavit ¶3 (**Exhibit F**) and **Exhibit C**.
[10] *See* Affidavit of E.P. Michael Karcis ¶3 (**Exhibit G**).
[11] *See* **Exhibit E**.
[12] *See* Affidavit of E.P. Michael Karcis ¶3 (**Exhibit G**).

## II. LEGAL ARGUMENT

"The sole function of an action for injunction is to forestall future violations . . . . All it takes to make the cause of action for relief by injunction is a real threat of future violation or a contemporary violation of a nature likely to continue or recur." *See* United States v. Oregon State Med. Soc., 343 U.S. 326, 333, 72 S.Ct. 690, 695 (1952). Implementation of the May 8 Order (as well as the original February 16, 2007 Modified Preliminary Injunction Order) was not strictly required to prohibit Mr. Plant from contacting Astro-Med's Florida customers, as Mr. Plant was complying with restrictions, already in place, requiring that he not contact Astro-Med's Florida customers, and in compliance with those restrictions, Mr. Plant had not contacted such customers both prior to and after entry of the Court's May 8 Order. Nihon Kohden has at all times demanded that Mr. Plant make no such contacts. Furthermore, as established by Mr. Plant's November 5, 2007 affidavit, Mr. Plant has not contacted any business or entity on Astro-Med's Customer List, and has not violated the May 8 Order.

Finally, only if this Court were to assume that a technical violation of the May 8 Order by Mr. Plant or his counsel, that Astro-Med has sustained some loss as a result, that Astro-Med should be compensated for such a loss, and that a contempt order is required to coerce compliance with the injunction, may a civil contempt order be considered. *See* International Union, UMWA v. Bagwell, 512 US at 827–829, 114 S.Ct. at 2557-2558. Even then, if this Court were to determine that a contempt order is mandated and proper, Mr. Plant may "purge" himself of the alleged contempt. *See* New York State Nat'l. Org. for Women v. Terry, 159 F.3d 86, 94-95 (2nd Cir. 1998) (monetary fines imposed on protest demonstrators for violating injunction were civil, rather than criminal, where contempt order allowed contemnors to "purge" themselves by affirming intent to abide by injunction, thus indicating court's purpose was to "coerce" rather than punish). Mr. Plant maintains, and his affidavits affirm, that he remains in full compliance with the May 8 Order, and that a copy of his October 18, 2007 affidavit was timely provided to his counsel, Attorney Gladstone, who inadvertently delayed in serving Plaintiff's counsel with Mr. Plant's October 18 affidavit until November 5, 2007.

## III. CONCLUSION

Based on the foregoing, Plaintiff's motion for contempt is unjustified and a contempt order is not proper. Mr. Plant is in full compliance with the May 8 Order. Even if technical non-compliance in timely service of Mr. Plant's affidavits is assumed, Astro-Med has sustained no loss or harm that is reasonably related to any such alleged violation of the May 8 Order. Thus, Plaintiff's motion should be denied.

Alternatively, should this Court grant Plaintiff's motion, Mr. Plant respectfully requests the opportunity to "purge" himself of any violation this Court determines exists.

KEVIN PLANT
By his Attorneys,

/s/ Bruce W. Gladstone

Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
PHONE: (401) 331-5700
FAX: (401) 331-5787

/s/ E.P. Michael Karcis

E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
PHONE: (310) 450-9353
FAX: (310) 581-8006

Date: November 21, 2007

G:\pec\PLANT, KEVIN\NK Obj Mot Contempt.doc

## CERTIFICATION

The undersigned hereby certifies that on the 21st day of November, 2007, a copy of the foregoing was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

| | |
|---|---|
| Robert M. Duffy, Esquire<br>rduffy@duffysweeney.com<br>Duffy Sweeney & Scott, Ltd.<br>One Turks Head Place, Suite 1200<br>Providence, RI 02903 | Craig M. Scott, Esquire<br>cscott@duffysweeney.com<br>Duffy Sweeney & Scott, Ltd.<br>One Turks Head Place, Suite 1200<br>Providence, RI 02903 |
| Stacey P. Nakasian, Esquire<br>snakasian@duffysweeney.com<br>Duffy Sweeney & Scott, Ltd.<br>One Turks Head Building, Suite 1200<br>Providence, RI 02903 | |

/s/ Bruce W. Gladstone