**EXHIBIT E**

McLEAN & McLEAN LLP
A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

3001 2ND STREET, SUITE E
SANTA MONICA, CALIFORNIA 90405

TELEPHONE 310.450.9353
FACSIMILE 310.581.8006

November 6, 2007

**<u>VIA FACSIMILE 401-455-0701</u>**
**<u>& U.S. MAIL</u>**

Stacey Nakasian, Esq.
DUFFY SWEENEY & SCOTT LTD
One Turks Head Place, Suite 1200
Providence, RI 02903

**Re** **<u>Astro-Med, Inc. v. Kevin Plant, *et al.*</u>**
**U. S. District Court, R.I. Case No. 06-CV-00533-ML**

Dear Attorney Nakasian:

We are in receipt of your motion for contempt regarding Defendant Kevin Plant. The motion is replete with inaccuracies and misrepresentations. First, counsel for Mr. Plant has served affidavits dated April 3, May 10, August 6, and October 18, 2007. Each confirms that Mr. Plant has "not contacted any individual or entity listed on Plaintiff's Customer List." That statement is not limited as to time. The statement confirms that Mr. Plant has not contacted any individual or entity listed on Astro-Med's Customer List at any time after receipt of that list, which was served on February 23, 2007, through the date on which he executed each affidavit.

As for your October 26, 2007 e-mail message, I discussed this matter with you at the October 26 deposition of Marcus Mancini. At that time, I informed you that it was my understanding that Mr. Plant's affidavit had been served, as it was executed on October 18, 2007. I said that I would confirm that the document was served and did so with our local counsel, Bruce Gladstone. However, due to an inadvertent miscommunication, Mr. Gladstone mistakenly did not forward the October 18 affidavit to your office until yesterday, November 5. Nonetheless, the October 2007 affidavit has been produced and the November affidavit will be produced this week.

While this matter was not an issue with counsel from your firm who previously handled this matter -- as their familiarity with the case and communication with your client regularly and consistently confirmed that Mr. Plant has not contacted any individual or entity listed on Astro-Med's Customer List -- you have apparently decided to obfuscate our clients' meritorious defenses to Astro-Med's claims (*e.g.*, Astro-Med has no legally cognizable damages, Astro-Med

failed to mitigate its damages, *etc.*) with irrelevant and inaccurate allegations regarding Mr. Plant's production of affidavits.

Thus, please confirm, on or before November 9, 2007 (following your receipt of the November 2007 Plant affidavit), that you will withdraw the motion for contempt. Otherwise, we will file an opposition and request sanctions.

Sincerely,

EPMK/jh

E.P. Michael Karcis
McLean & McLean LLP

EPMK/jh

cc: Craig Scott, Esq.
Bruce W. Gladstone, Esq.