# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,
Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.
Defendants.

## DEFENDANT KEVIN PLANT'S OBJECTION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES

Defendant Kevin Plant hereby does object to Plaintiff's Motion to Compel Production of Documents and Answers to Interrogatories.

This objection is based on the Memorandum of Law attached hereto, the concurrently filed affidavit of E.P. Michael Karcis, and upon the papers, records and pleadings filed herein, as well as any evidence or argument that may be presented at the hearing on this motion.

KEVIN PLANT
By his Attorneys,

/s/ Bruce W. Gladstone
Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
PHONE: (401) 331-5700
FAX: (401) 331-5787

/s/ E.P. Michael Karcis
E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
PHONE: (310) 450-9353
FAX: (310) 581-8006

Date: November 21, 2007

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ASTRO-MED, INC.,
Plaintiff,

v. C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN
AMERICA, INC.
Defendants.

**DEFENDANT KEVIN PLANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS OBJECTION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES**

Defendant Kevin Plant, by and through his counsel, hereby submits the following memorandum in support of his objection to the motion of Plaintiff to compel production of documents and answers to interrogatories.

## I. SUMMARY OF ARGUMENT

At issue in the motion to compel of Plaintiff Astro-Med, Inc. ("Astro-Med") its discovery requests[1] and Mr. Plant's responses.[2] There is a dispute concerning six objectionable discovery requests, which are overly broad, insufficiently particularized and/or request the production of the same type of confidential business and trade secret information that purportedly led Astro-Med to file the instant action.

With regard to Mr. Plant's objection based on discovery requests being overly broad and insufficiently particularized, the category of documents sought in a request for production must be identified with "reasonable particularity." *See* Federal Rules of Civil

---

[1] Astro-Med's First Request for Production of Documents and First Set of Interrogatories are attached hereto as **Exhibits A** and **B**, respectively.
[2] Mr. Plant's responses to Astro-Med's First Request for Production of Documents and First Set of Interrogatories are attached hereto as **Exhibits C** and **D**, respectively.

Procedure 34(b). Two discovery requests at issue (*i.e.*, and Document Request Nos. 1 and 3), are so overly broad and insufficiently particularized (*e.g.*, Request No. 1 seeks "All documents which refer, relate or pertain to Astro-Med, Inc.") that no reasonable attorney would respond to them. The only reasonable interpretation of these requests is that Astro-Med is taking a shotgun approach to its discovery. In fact, Astro-Med's counsel refused to consider or to comment on the Mr. Plant's counsel's requests to reasonably restrict the scope of the requests or his suggestions regarding the same.

As for the discovery requests that seek production of the same type of confidential business and trade secret information the protection of which purportedly led Astro-Med to file the instant action (*i.e.*, Interrogatories Nos. 3 and 6, and Document Request No. 6),[3] Mr. Plant repeatedly requested any authority that would support the requirement that Mr. Plant produce the confidential business and trade secret information of his employer. Instead, in support of its position that the documents should be produced, Astro-Med merely states that the documents requested "are relevant to this action."

Thus, Astro-Med's refusal to cooperate in good faith, to restrict the scope of its overly broad and insufficiently particularized discovery requests, and to acknowledge that Nihon Kohden's confidential business and trade secret information deserves the same protection that Astro-Med seeks for its own mandates that Astro-Med's motion to compel should be denied in its entirety, and Mr. Plant should be awarded the legal fees and costs he has incurred in connection with Astro-Med's motion.

---

[3] The remaining discovery request at issue (*i.e.*, Document Request No. 2) should not be at issue, because Mr. Plant's written response (as confirm in discussions between counsel) was fully responsive without objection.

## II. STATEMENT OF FACTS

Mr. Plant's employment with Astro-Med began in October 2002.[4] At that time, Mr. Plant signed a document entitled "Employee Agreement,"[5] which, by its express terms, applied *solely* to Astro-Med employees involved in the "design, development and manufacture of products" for Astro-Med.[6]

In July 2004, Mr. Plant became a resident of Florida, and throughout the remainder of his employment, which ended September 29, 2006, he worked as Astro-Med's "District Sales Manager" in Florida. Mr. Plant's job duties consisted of selling Astro-Med's product line in the Southeastern United States (though Astro-Med unilaterally decreased Mr. Plant's sales territory to only the State of Florida).[7] Mr. Plant's position and job duties as a District Sales Manager in Florida did not include design, development or manufacture of any Astro-Med products.[8]

Because Astro-Med unilaterally, materially and negatively altered the terms and conditions of his employment, Mr. Plant began to seek new employment. In or about September 2006, Mr. Plant inquired about obtaining a sales position with Nihon Kohden. Nihon Kohden's communications with Mr. Plant, which took place in only Florida and California, and which included Nihon Kohden's written confirmation to Mr. Plant that it would not tolerate Mr. Plant using any information he obtained from Astro-Med,[9] Nihon

---

[4] Defendant Nihon Kohden America, Inc. ("Nihon Kohden") and Astro-Med both sell specialized medical equipment, including electroencephalograph (EEG) equipment, polysomnograph (PSG) equipment, and long-term monitoring for epilepsy (LTM) equipment. However, due to the substantial differences in nature and quality of the companies' respective products, Nihon Kohden does not view itself and Astro-Med as direct competitors in the market.

[5] A copy of the Employee Agreement is attached hereto as **Exhibit E**.

[6] *Id.*, introductory paragraph (emphasis added).

[7] *Id.*, ¶¶ 3-4 (**Exhibit E**).

[8] *Id.* (**Exhibit E**).

[9] A copy of Nihon Kohden's September 10, 2006 letter is attached hereto as **Exhibit F**.

Kohden hired Mr. Plant as a salesperson in Florida to sell its EEG, PSG and LTM equipment in Florida.

In or about October 2006, Nihon Kohden, a California corporation, hired Mr. Plant, then and currently a Florida resident, as a salesperson in Florida to sell its EEG, PSG and LTM in Florida. Before hiring Mr. Plant, Nihon Kohden confirmed, in writing, that Mr. Plant was not to use any trade secret or confidential information belonging to Astro-Med.

On December 1, 2006, Astro-Med filed an action in Rhode Island state court against only Mr. Plant. In the action, Astro-Med claimed that Mr. Plant breached a non-competition agreement. Mr. Plant removed the case to this Court on December 7, 2007.

On December 19, 2006, Mr. Plant offered to settle the claim against him. In his December 19 settlement letter,[10] Mr. Plant agreed to restrictions on his employment with Nihon Kohden and the restrictions offered are nearly identical to those set forth in this Court's February 17, 2007 Amended Preliminary Injunction Order.[11] However, Astro-Med did not respond to Mr. Plant's settlement offer, despite the fact that Astro-Med has settled other claims of alleged violations of non-competition agreements based on the same terms that Mr. Plant offered, and received no more protection in this action than made in the December 19 settlement letter.

At this belated time in this action, after Astro-Med has admitted that it has no evidence that either Mr. Plant or Nihon Kohden misappropriated trade secrets or confidential business information, and after Astro-Med has admitted that it has no

[10] A copy of Mr. Plant's December 19 settlement letter is attached hereto as **Exhibit G.**
[11] The current, applicable order is this Court's May 8, 2007 Amended Modified Preliminary Injunction Order.

evidence of damages caused by either Mr. Plant or Nihon Kohden,[12] Astro-Med is attempting to obtain some evidence to support its claims. Not having found evidence elsewhere, Astro-Med is belatedly (again) attempting to obtain further responses to discovery requests to which Mr. Plant timely served responses and meritorious objections.

## III. <u>PLAINTIFF'S MOTION IS UNTIMELY AND SHOULD NOT BE CONSIDERED</u>

Astro-Med's motion to compel is untimely. The motion cut-off date in this action was October 19, 2007.[13] However, Astro-Med filed its motion on November 5, 2007.

In relevant part, Federal Rules of Civil Procedure 29 states, "Unless otherwise directed by the court, the parties may by written stipulation ... (2) modify other procedures governing or limitations placed upon discovery, except that stipulations extending the time provided in Rules 33, 34, and 36 for responses to discovery may, if they would interfere with any time set... for hearing of a motion,... be made only with the approval of the court." In fact, this Court requires that "[n]o stipulation extending the time specified in the Federal Rules of Civil Procedure or these Local Rules for the performance of any act shall be effective unless approved by the Court,..." Rhode Island District Court Local Rule 29(b).

Astro-Med has not requested that Mr. Plant stipulate to an extension of the time in which to file motions, nor has Astro-Med made a motion to this Court requesting an extension. Thus, Astro-Med's motion should not be considered by this Court.[14]

---

[12] The lack of Astro-Med's evidence was confirmed by Astro-Med's President and COO, National Sales Director and Clinic Product Manager in their respective deposition testimony.

[13] *See* the July 3, 2007 entries on the Civil Docket Sheet.

[14] Mr. Plant would, however, agree to extend the motion cut-off date to a reasonable time only if Mr. Plant (and defendant Nihon Kohden America, Inc.) were allowed until that time (*e.g.*, December 28, 2007) to

## IV. DISCOVERY REQUESTS AND RESPONSES

Astro-Med served its First Request for Production of Documents and First Set of Interrogatories on Mr. Plant on June 22, 2007.[15] Mr. Plant responded to the discovery requests on August 23, 2007.[16] Mr. Plant's responses (as discussed below) included answers, documents and objections.

Pursuant to Federal Rules of Civil Procedure 26 and 37, the parties discussed their respective positions regarding the discovery requests and responses. After these discussions -- as stated in the Affidavit of E.P. Michael Karcis and contrary to Astro-Med's assertions -- Mr. Plant's counsel agreed to review Mr. Plant's discovery responses in light of the discussions and, then, to respond. Mr. Plant's counsel responded to Astro-Med's positions in a letter dated November 2, 2007 (**Exhibit H**).

### A. Interrogatories

Both interrogatories in dispute request the confidential business and trade secret information regarding Nihon Kohden and its customers. Thus, Interrogatories Nos. 1 and 6 seek the same type of information that is the basis of Astro-Med's lawsuit against Kevin Plant and Nihon Kohden (*e.g.*, Astro-Med's "proprietary customer databases") that Astro-Med itself has alleged is "highly confidential." *See*, *e.g.*, Astro-Med's First Amended Complaint (filed January 23, 2007), ¶ 7.

1. Interrogatory No. 3 – "Identify all customers or prospective customers (as used herein 'prospective customers' includes any customer who uses or purchases medical equipment of the type sold by Astro-Med) with whom you have been in contact since you were first employed by Nihon Kohden to the present."

---

file motions for summary judgment. Both defendants stated in their Pre-Trial Memoranda that discovery taken within the last month disclosed additional facts that would support motions for summary judgment and that they intended to move this Court for an order extending the motion cut-off date.

[15] Astro-Med's First Request for Production of Documents and First Set of Interrogatories are attached hereto as **Exhibits A** and **B**, respectively.

[16] Mr. Plant's responses to Astro-Med's First Request for Production of Documents and First Set of Interrogatories are attached hereto as **Exhibits C** and **D**, respectively.

Response to Interrogatory No. 3 – "Defendant objects to this interrogatory on the grounds that it requests information that is confidential and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objection, Defendant responds as follows: Defendant has not contacted any business on the customer list Plaintiff submitted in connection with the existing preliminary injunction order."

Kevin Plant's Position – This interrogatory seeks confidential business and trade secret information regarding Nihon Kohden and its customers. Thus, Mr. Plant objected to this interrogatory on the grounds that it requested trade secret and confidential business information, and was not reasonably calculated to lead to the discovery of admissible evidence. Astro-Med's interrogatory does not seek information relating to any claim it has asserted in this action. To the contrary, the information Astro-Med seeks is related only to its interest in learning Nihon Kohden's trade secret and confidential business information so that Astro-Med may use the information to its financial advantage. In fact, despite Mr. Plant's request (*see* **Exhibit H**), Astro-Med has not provided any authority that would require Mr. Plant to disclose his employer's trade secret information, which is not the subject of the December 27, 2006 Protective Order (**Exhibit I**). The December 27 Protective Order was designed to protect Astro-Med's trade secret and proprietary information requiring affirmative steps to protect against inadvertent disclosure by Mr. Plant and his attorneys, to defendant Nihon Kohden.

2. Interrogatory No. 6 – "Identify all customers to whom you have sold Electroencephalographs ("EEG"), Polysomnograhs ("PSG") and Long-Term Monitoring for Epilepsy (LTM) Equipment from October 1, 2006 to the present within the State of Florida."

Response to Interrogatory No. 6 – "Defendant objects to this interrogatory on the grounds that it requests information that is confidential and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving

the objection, Defendant responds as follows: Defendant has not sold any equipment to any business on the customer list."

Kevin Plant's Position – Mr. Plant incorporates his position regarding Interrogatory No. 3. Moreover, Mr. Plant's sales of Nihon Kohden's medical equipment are not reasonably calculated to lead to any admissible evidence regarding Astro-Med's claims or Mr. Plant's defenses.

**B. Request for Production of Documents**

Two of the four document requests in dispute are grossly overbroad in their scope and Astro-Med has refused Mr. Plant's counsel's requests that they be limited in scope and suggestions on how they may be limited. A request for production of documents must be of a category described with "reasonable particularity" in the request. *See* Federal Rules of Civil Procedure 34(b). A party demanding the production of documents is "required,... to establish the existence of the documents sought and [the responding party]'s possession of them with 'reasonable particularity' before the existence and possession of the documents could be considered a foregone conclusion." In re Grand Jury Subpoena, Dated April 18, 2003, 383 F.3d 905, 910 (9th Cir. 2004).

1. Request No. 1 – "All documents which refer, relate or pertain to Astro-Med, Inc."

Response to Request No. 1 – "Plaintiff objects to this request on the grounds that it is overly broad, burdensome and oppressive. For example, the request would require the production of every document filed with the court in this action. Moreover, the request as phrased would require the production of all correspondence between Defendant and his attorneys. Without waiving the objections, Defendant responds as follows: The documents in his possession, custody and control that are not protected by the attorney-client privilege are attached hereto and are made part hereof as **Exhibit A**."

Kevin Plant's Position – This request is grossly overbroad and insufficiently particularized. Mr. Plant did not and could not produce all documents that were possibly responsive to the request, because the overly broad request arguably would have required, for example, Mr. Plant to access on his computer Astro-Med's website and other internet web pages, and produce pages therefrom, to obtain copies of Astro-Med's advertising materials from trade shows and produce those, *etc*. Despite the offer to reasonably limit the scope of the overly broad request (*see* Affidavit of E.P. Michael Karcis, ¶ 4A; **Exhibit J**), Astro-Med chose not to do so. Now, however, Astro-Med is limiting the request to "lead report, forecasts, training materials, e-mail and other correspondence." With such a limitation, Mr. Plant would supplement his response.

2. Request No. 2 – "All documents and communications (including e-mails) which refer, relate or pertain to your hiring by and terms of employment with Nihon Kohden America, Inc."

Response to Request No. 2 – "See response to Request No. 1."

Kevin Plant's Position – In the November 2 letter (**Exhibit H**), Mr. Plant confirmed his response was complete at the time given, and stated that additional documents, if any existed, might be in the possession of Nihon Kohden.

3. Request No. 3 – "All documents which refer, relate or pertain to the claims, defenses and/or subject matter of this litigation, Astro-Med, Inc. v. Kevin Plant and Nihon Kohden America, Inc., C.A. No. 06-533 ML."

Response to Request No. 3 – "Plaintiff objects to this request on the grounds that it is overly broad, burdensome and oppressive. For example, the request would require the production of every document filed with the Court in this action."

Kevin Plant's Position – Nearly every document existing that pertains to Astro-Med and Nihon Kohden Medical Equipment (as defined in the Court's

preliminary injunction order) refers, relates or pertains to the claims, defenses and/or subject matter of this litigation. Moreover, the request is so overly broad that it would require Mr. Plant to produce documents relating to Astro-Med's claims (which would require speculation on Mr. Plant's part) and the defenses of Nihon Kohden. Additionally, use of "claim" is vague as to whether it relates to Astro-Med's legal claims or claims (*i.e.*, assertions) made by any party in this action. Mr. Plant attempted to resolve the dispute regarding this request by offering consider producing those documents that refer, relate or pertain to the defenses he intends to assert in this action (as are not protected by the attorney-client privilege or work product doctrine, and as are in his possession, custody and control), if Astro-Med agreed to confirm that such production would be fully responsive to this request. However, Astro-Med did not respond to this offer.

4. Request No. 4 – "All documents which refer, relate or pertain to your sale of Electroencephalographs ("EEG"), Polysomnographs ("PSG") and Long-Term Monitoring for Epilepsy (LTM) Equipment from October 1, 2006 to the present within the State of Florida."

Response to Request No. 4 – "Defendant objects to this request on the grounds that it requests information that is confidential and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objection, Defendant responds as follows: Defendant has not sold any equipment to any business on the customer list Plaintiff submitted in connection with the existing preliminary injunction order, as per the Affidavit of Kevin Plant attached hereto and made a part hereof as Exhibit B."

Kevin Plant's Position – Mr. Plant incorporates his position regarding Interrogatory Nos. 3 and 6.

## V. CONCLUSION

Astro-Med's motion to compel should not be considered, because it was filed after the motion cut-off date of October 19, 2007. Even so, the merits of the motion are questionable. The discovery requests at issue are overly broad, insufficiently particularized and/or request the production of the same type of confidential business and trade secret information the protection of which purportedly lead Astro-Med to file the instant action.

As may be noted by the lack of a dispute regarding the great majority of Astro-Med's discovery requests, Mr. Plant attempted to comply with responses. However, the discover requests in dispute are objectionable on many grounds and, thus, Mr. Plant responded with objections. In his responses and discussions about the discovery dispute, Mr. Plant offered acceptable limitations on the objectionable discovery responses. Instead of agreeing to these reasonable compromises, Astro-Med chose to file a motion to compel. Therefore, Mr. Plant requests an award of legal fees and costs pursuant to Rule 37(a)(4)(A).

KEVIN PLANT
By his Attorneys,

/s/ Bruce W. Gladstone

Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
PHONE: (401) 331-5700
FAX: (401) 331-5787

/s/ E.P. Michael Karcis

E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
PHONE: (310) 450-9353
FAX: (310) 581-8006

Date: November 21, 2007

## CERTIFICATION

The undersigned hereby certifies that on the 21st day of November, 2007, a copy of the foregoing was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

Robert M. Duffy, Esquire
rduffy@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Craig M. Scott, Esquire
cscott@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Stacey P. Nakasian, Esquire
snakasian@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Building, Suite 1200
Providence, RI 02903

/s/ Bruce W. Gladstone

G:\pec\PLANT, KEVIN\Plant's Obj to MTC.doc