**EXHIBIT A**

Case 1:06-cv-00533-M‿-DLM Document 115-3 Filed 11/‿/2007 Page 2 of 6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,
Plaintiff,

vs.

KEVIN PLANT, NIHON KOHDEN AMERICA, INC.
Defendants.

C.A. No. 06-533 ML

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO KEVIN PLANT**

Plaintiff, Astro-Med, Inc. ("Astro-Med"), hereby requests pursuant to Fed. R. Civ. P. 34 that defendant, Kevin Plant ("Kevin Plant" or "Defendant"), produce for inspection and copying the documents and tangible things specified in Section III hereof.

## I. INSTRUCTIONS AND DEFINITIONS

1. As used herein "document" is defined to be synonymous in meaning and equal in scope to the use of this term in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

2. As used herein, the term "electronic data" means all information of all kinds maintained by electronic data processing systems including all non-identical copies of such information. Electronic data includes, without limitation, computer programs (whether private, commercial or work in progress), programming notes or instructions, and input and/or output used or produced by any software program or utility (including electronic mail messages and all information referencing or relating to such messages anywhere on the computer system, word processing documents and all information stored in connection with such documents, electronic spreadsheets, databases including all records and fields and structural information, charts, graphs and outlines, arrays of information and all other information used or produced by any software), operating systems, source code of all types, programming languages, linkers and compilers, peripheral drivers, Kevin Plant files, batch files, any and all ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists in an active file, deleted file or file fragment. Electronic data includes any and all information stored on computer memories, hard disks, floppy disks, CD ROM drivers, Bernoulli Box drivers and their equivalent, magnetic tape of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and/or transmittal.

The term electronic data also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with the information described above.

3. As used herein, "document" means the original and any non-identical copy. Handwritten notations of any kind on the original or any copy of a document render same non-identical.

4. The term "concerning" means referring to, describing, reflecting, relating to, evidencing, or constituting.

5. These document requests are to be deemed continuing so as to require supplemental production if Defendant obtains or discovers further documents responsive to these requests after production has been made. Such supplemental production shall be made upon notice to Plaintiff's attorney within thirty (30) days after such further documents come into Defendant's custody, possession or control or are discovered by Defendant, but in no event later than ten (10) days before the date set for trial or dispositive hearing.

6. Defendant is to produce all documents in its possession, custody or control, including documents as to which Defendant has the right to request actual possession.

7. Each document produced in compliance with this request should be accompanied by an indication as to the particular paragraph(s) under which it is being produced.

8. If Defendant claims privilege for any document requested herein, provide the following information as to each such document:

(a) the title, heading or caption of such document, if any;

(b) the identifying number(s), letter(s), or combination thereof, if any, and the significance or meaning of such number(s), letter(s), or combination thereof;

(c) the date appearing on such document and if no date appears thereon, the approximate date on which such document was prepared;

(d) the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of meeting, etc.), and the number of pages of which it consists;

(e) the name of the person who signed such document or, if it was not signed, the name of the person or persons who prepared it;

(f) the name(s) of the person(s) to whom such document was addressed and the name of each person, other than the addressee(s), to whom such

document, or a copy thereof, was sent or who received or was shown any portion of the document;

(g) the identity of the person who has custody of such document; and

(h) a general summary of the substance of the document.

9. The time period covered by these Document Requests shall be from January 1, 2002 to the present, unless otherwise stated.

10. The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

11. When referring to a person, to "identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

12. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

13. The term "concerning" means referring to, describing, evidencing, or constituting.

14. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

## II. PRIVILEGE

With respect to any requested document as to which a claim of privilege is made identify the privilege or rule upon which Defendant relies and set forth the facts upon which such claim is based in sufficient detail to enable Astro-Med to form a judgment as to the basis and validity of the claimed privilege. Furthermore, provide the following information as to each such document:

(i) the title, heading or caption of such document, if any;

(j) the identifying number(s), letter(s), or combination thereof, if any, and the significance or meaning of such number(s), letter(s), or combination thereof;

(k) the date appearing on such document and if no date appears thereon, the approximate date on which such document was prepared;

(l) the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of meeting, etc.), and the number of pages of which it consists;

Case 1:06-cv-00533-ML-DLM Document 115-3 Filed 11/_/2007 Page 5 of 6

(m) the name of the person who signed such document or, if it was not signed, the name of the person or persons who prepared it;

(n) the name(s) of the person(s) to whom such document was addressed and the name of each person, other than the addressee(s), to whom such document, or a copy thereof, was sent or who received or was shown any portion of the document;

(o) the identity of the person who has custody of such document; and a general summary of the substance of the document.

## III. REQUESTS FOR PRODUCTION AND TANGIBLE THINGS

**REQUEST NO. 1:**

All documents which refer, relate or pertain to Astro-Med, Inc.

**REQUEST NO. 2:**

All documents and communications (including e-mails) which refer, relate or pertain to your hiring by and terms of employment with Nihon Kohden America, Inc.

**REQUEST NO. 3:**

All documents which refer, relate or pertain to the claims, defenses and/or subject matter of this litigation, *Astro-Med, Inc. v. Kevin Plant and Nihon Kohden America, Inc.*, C.A. No. 06-533 ML.

**REQUEST NO. 4:**

All documents which refer, relate or pertain to your sale of Electroencephalographs ("EEG"), Polysomnographs ("PSG") and Long-Term Monitoring for Epilepsy (LTM) Equipment from October 1, 2006 to the present within the State of Florida.

Astro-Med, Inc.
By its Attorneys

Robert M. Duffy, Esq. (#4428)
Craig M. Scott, Esq. (# 4237)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701
rduffy@duffysweeney.com

Dated: June 22, 2007

**CERTIFICATE OF SERVICE**

TO: Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

E. P. Michael Karcis
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

I hereby certify that I caused a true copy of the within *Plaintiff's First Request for Production of Documents to Kevin Plant* to be forwarded to the above-named counsel of record via Facsimile and First Class Mail on the 22nd day of June, 2007.

[signature]

Astro-Med/Plant, Kevin/Pleadings/RPD to Plant 6-22-07