# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,

Plaintiff,

vs. C.A. No. 06-533 ML

KEVIN PLANT and NIHON KOHDEN AMERICA, INC.,

Defendants.

**PLAINTIFF ASTRO-MED, INC.'S FIRST SET OF INTERROGATORIES TO KEVIN PLANT** due 7/22

Plaintiff Astro-Med, Inc. ("Astro-Med") propounds these Interrogatories pursuant to Fed.R.Civ.P. 33 to Defendant Kevin Plant ("Plant") to be answered in writing, under oath, within 30 days hereof.

## I. INSTRUCTIONS AND DEFINITIONS

(a) The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

(b) The term "concerning" means referring to, describing, evidencing, or constituting.

(c) When referring to a person, to "identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(d) When referring to documents, "to identify" means to give, to the extent known, the:

(i) type of document;
(ii) general subject matter;
(iii) date of the document; and
(iv) author(s), addressee(s), and recipient(s).

(e) The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(f) The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

(g) Whenever Kevin Plant is asked in these interrogatories to "state," "explain," "identify" or "describe" a fact, event, item or allegation, Kevin Plant is to explain and describe such fact, event, item or allegation in detail giving reasons therefor, the dates and places involved, and the persons and acts involved.

(h) When appropriate in these interrogatories, the singular form shall be interpreted as plural and vice versa, and the present tense includes the past tense and vice versa, and the neuter includes the masculine and feminine.

(i) If Kevin Plant lacks the knowledge necessary to answer any interrogatory herein, it should be so stated.

(j) If any answer is made upon information and belief, Kevin Plant should so state and identify the source of such information.

(k) Each interrogatory shall be answered fully to the extent the person answering has any information in his or her care, custody or control.

(l) As used herein "document" is defined to be synonymous in meaning and equal in scope to the use of this term in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

(m) As used herein, the term "electronic data" means all information of all kinds maintained by electronic data processing systems including all non-identical copies of such information. Electronic data includes, without limitation, computer programs (whether private, commercial or work in progress), programming notes or instructions, and input and/or output used or produced by any software program or utility (including electronic mail messages and all information referencing or relating to such messages anywhere on the computer system, word processing documents and all information stored in connection with such documents, electronic spreadsheets, databases including all records and fields and structural information, charts, graphs and outlines, arrays of information and all other information used or produced by any software), operating systems, source code of all types, programming languages, linkers and compilers, peripheral drivers, Kevin Plant files, batch files, any and all ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists in an active file, deleted file or file fragment. Electronic data includes any and all information stored on computer memories, hard disks, floppy disks, CD ROM drivers, Bernoulli Box drivers and their equivalent, magnetic tape of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and/or transmittal. The term electronic data also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with the information described above.

(n) When an interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion, allegation, or contention, the party shall

(i) identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(ii) identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(iii) state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

(iv) state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

## II. PRIVILEGE

With respect to any requested information as to which any claim of privilege is made identify the privilege or rule upon which you rely and set forth the facts upon which such claim is based in sufficient detail to enable Astro-Med to form a judgment as to the basis and validity of the claimed privilege.

## II. INTERROGATORIES

**INTERROGATORY NO. 1**

Identify all communications with Nihon Kohden America, Inc. ("Nihon Kohden") or any agent of employee thereof, concerning your employment with Astro-Med, including the date of the communications, the location of the communications, the means of communications and the individuals involved.

**INTERROGATORY NO. 2**

Identify all communications with Nihon Kohden or any employee or agent thereof within six (6) months prior to accepting employment with Nihon Kohden up to and including your first date of employment.

**INTERROGATORY NO. 3**

Identify all customers or prospective customers (as used herein "prospective customers" includes any customer who uses or purchases medical equipment of the type sold by Astro-Med) with whom you have been in contact since you were first employed by Nihon Kohden to the present.

**INTERROGATORY NO. 4**

Please summarize each conversation you have had with Nihon Kohden, or any employee or agent thereof, concerning your employment with Astro-Med.

**INTERROGATORY NO. 5**

Identify all documents sent or received by you which refer, relate or pertain to Astro-Med from September 1, 2006 to the present.

**INTERROGATORY NO. 6**

Identify all customers to whom you have sold Electroencephalographs ("EEG"), Polysomnographs ("PSG") and Long-Term Monitoring for Epilepsy (LTM) Equipment from October 1, 2006 to the present within the State of Florida.

**INTERROGATORY NO. 7**

Identify all agreements executed by you in connection with your employment by Nihon Kohden.

**INTERROGATORY NO. 8**

Identify the 35 businesses you reference in your Affidavit dated March 27, 2007 that you claim you called on and/or sold as sales representative for Astro-Med from July 1, 2005 to September 29, 2007.

**INTERROGATORY NO. 9**

Identify the approximately 20 companies you reference in your Affidavit dated March 27, 2007 contained on Astro-Med's customer and prospect list submitted pursuant to the Court's February 16, 2007 Modified Preliminary Injunction Order that you claim purchased equipment solely from Nihon Kohden America, Inc.

**INTERROGATORY NO. 10**

Identify any business listed on Astro-Med's prospect and customer list submitted pursuant to the Court's February 16, 2007 Modified Preliminary Injunction Order which you either called on, were introduced to, communicated with or were provided a lead for by Astro-Med during your employment at Astro-Med.

**INTERROGATORY NO. 11**

State whether you have ever been requested by Defendant Nihon Kohden America, Inc. to provide it with any documents or information in connection with Astro-Med's discovery requests made of Nihon Kohden America, Inc. If so, identify the documents and information provided to Nihon Kohden America, Inc. pursuant to those requests.

Respectfully submitted,

ASTRO-MED, INC.

Robert M. Duffy, Esq. (#4428)
Craig M. Scott, Esq. (# 4237)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile
cscott@duffysweeney.com
rduffy@duffysweeney.com

Dated: June 22, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of *Plaintiff Astro-Med, Inc.'s First Set of Interrogatories to Kevin Plant* was sent to the following counsel of record on 6/22/07

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

[signature]