# EXHIBIT D

Case 1:06-cv-00533-ML-DLM Document 115-4 Filed 11/_/2007 Page 2 of 9

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

RECEIVED
AUG 2 4 2007
By

ASTRO-MED, INC.,
Plaintiff

v. C.A. No. 06-533ML

KEVIN PLANT and
NIHON KOHDEN AMERICA, INC.,
Defendants

## ANSWERS OF KEVIN PLANT TO FIRST SET OF INTERROGATORIES PROPOUNDED ON HIM

Now comes Kevin Plant and hereby responds to Plaintiff's First Set of Interrogatories propounded upon him as follows:

INTERROGATORY NO. 1

Identify all communications with Nihon Kohden America, Inc. ("Nihon Kohden") or any agent or employee thereof, concerning your employment with Astro-Med, including the date of the communications, the location of the communications, the means of communications and the individuals involved.

RESPONSE

Defendant objects to the interrogatory on the grounds that it is overly broad, vague and ambiguous. Defendant further objects on the ground that the interrogatory, as phrased, could be interpreted to call for the disclosure of the numerous conversations Defendant has had with his counsel during the pendency of this action. Without waiving the objections and responding based on the understanding that the interrogatory does not call for the disclosure of the numerous conversations Defendant has had with his counsel during the pendency of this action, Defendant responds as follows: Beginning in July 2006, Defendant had general conversations, via email

and orally, with Brian Kehoe, Gary Reasoner and Michael Ohsawa regarding his prior employment experience, including his employment with Plaintiff. More specifically, the substance and dates of communications are set forth in the copies of e-mail messages produced in response to Plaintiff's Request for Production of Documents.

INTERROGATORY NO. 2

Identify all communications with Nihon Kohden or any employee or agent thereof within six (6) months prior to accepting employment with Nihon Kohden up to and including your first date of employment.

RESPONSE

See response to Interrogatory No. 1.

INTERROGATORY NO. 3

Identify all customers or prospective customers (as used herein "prospective customers" includes any customer who uses or purchases medical equipment of the type sold by Astro-Med) with whom you have been in contact since you were first employed by Nihon Kohden to the present.

RESPONSE

Defendant objects to this interrogatory on the grounds that it requests information that is confidential and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objection, Defendant responds as follows: Defendant has not contacted any business on the customer list Plaintiff submitted in connection with the existing preliminary injunction order.

INTERROGATORY NO. 4

Please summarize each conversation you have had with Nihon Kohden, or any employee or agent thereof, concerning your employment with Astro-Med.

RESPONSE

See response to Interrogatory No. 1.

INTERROGATORY NO. 5

Identify all documents sent or received by you which refer, relate or pertain to Astro-Med from September 1, 2006 to the present.

RESPONSE

Defendant has received various documents filed with the Court and Court of Appeals in connection with the pending action, 401(k) rollover documents, and stock distribution documents.

INTERROGATORY NO. 6

Identify all customers to whom you have sold Electroencephalographs ("EEG"), Polysomnograhs ("PSG") and Long-Term Monitoring for Epilepsy (LTM) Equipment from October 1, 2006 to the present within the State of Florida.

RESPONSE

Defendant objects to this interrogatory on the grounds that it requests information that is confidential and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objection, Defendant responds as follows: Defendant has not sold any equipment to any business on the customer list

INTERROGATORY NO. 7

Identify all agreements executed by you in connection with your employment by Nihon Kohden.

RESPONSE

An offer letter, a copy of which has been produced in response to Plaintiff's Request for Production of Documents.

INTERROGATORY NO. 8

Identify the 35 businesses you reference in your Affidavit dated March 27, 2007 that you claim you called on and/or sold as sales representative for Astro-Med from July 1, 2005 to September 29, 2007.

RESPONSE

Defendant objects to this interrogatory on the grounds that it is an inaccurate statement of his affidavit. In the spirit of cooperating in the discovery process, Defendant responds that, when employed by Plaintiff as a salesperson in Florida, he had contact with the following businesses:

All American Medical, Pompano Beach, FL
Cedars Medical Center, Miami, FL although they are a NK account
Remway Inc, Miami, FL
Sleep Wake Disorder Center of FL, Miami, FL
Florida Sleep Institute, Spring Hill, FL
Aventura Hospital and Medical Center, Miami, FL
Baumel Eisner Neuromedical Institute, Miami, FL
Bay Clinic, Panama City, FL
Central Florida Sleep Disorder Center, Kissimmee, FL
Everest Medical Care PA, Marianna, FL
Florida Pulmonary Consultants, Winter Park, FL
Hollywood Medical Center, Hollywood, FL
John M. Crawford, Ocala, FL
Lakeland Regioanl Medical Center, Lakeland, FL
Marietta Bibbs RPSGT, Cape Coral, FL
MD Clinical Properties, Hallandale, FL
Ocala Lung and Critical Care, Ocala, FL

Orlando Sleep Disorder Center, Orlando, FL
Physicians Regional Medical Center, Naples, FL
Proximus Medical, Miami, FL
Remway, Inc, Miami, FL
Shands Sleep Disorder Center, Gainesville, FL
Shands of Jacksonville Sleep Center, Jacksonville, FL
Sleep disorder center of SW Florida, Naples, FL
Sleep Wake Disorder Center, Miami, FL
VA Medical Center, Gainesville, FL
Volusia Neurological Consultants, New Smyrna Beach, FL
Sleep Management Centers LLC, Marietta Bibbs, FT Myers, FL
Florida Sleep Institute, Elizabeth Kohler, Spring Hill, FL
Malcolm Randall VA Medical Center, Gainesville, FL

INTERROGATORY NO. 9

Identify the approximately 20 companies you reference in your Affidavit dated March 27, 2007 contained on Astro-Med's customer and prospect list submitted pursuant to the Court's February 16, 2007 Modified Preliminary Injunction Order that you claim purchased equipment solely from Nihon Kohden America, Inc.

RESPONSE

Defendant objects to this interrogatory on the grounds that it is an inaccurate statement of his affidavit. In the spirit of cooperating in the discovery process, Defendant responds, under the protection of the existing Protective Order in this action, that the following business are current customers of defendant Nihon Kohden and do not purchase equipment from Plaintiff:

Charlotte Regional Medical Center, Punta Gorda, FL
Delray Medical Center, Delray Beach, FL
Fort Walton Beach Medical Center, Fort Walton Beach, FL
Kendall Regional Medical Center, Miami, FL
Lee Memorial Health System, Fort Myers, FL
Memorial Hospital, Hollywood, FL
Memorial Hospital Ormond Beach, Ormond Beach, FL
North Florida Regional Medical Center, Gainesville, FL
Northside Medical Center, St Petersburg, FL
Osceola Regional Medical Center, Kissimmee, FL
Sebastian River Medical Center, Sebastian, FL

Seven Rivers Hospital, Crystal River, FL
St Anthony's Hospital, St Petersburg, FL
Tallahassee Neurological Clinic, Tallahassee, FL
Tampa Bay Sleep Disorders Center, Brandon, FL
Twin Cities Hospital, Fort Walton Beach and Niceville, FL
West Florida Hospital, Pensacola, FL
Cedars Medical Center, Miami, FL
Helen Ellis Memorial Hospital, (Bram Sassanian), Tarpon Springs, FL

INTERROGATORY NO. 10

Identify any business listed on Astro-Med's prospect and customer list submitted pursuant to the Court's February 16, 2007 Modified Preliminary Injunction Order which you either called on, were introduced to, communicated with or were provided a lead for by Astro-Med during your employment at Astro-Med.

RESPONSE

See response to Interrogatory No. 8.

INTERROGATORY NO. 11

State whether you have ever been requested by Defendant Nihon Kohden America, Inc. to provide it with any documents or information in connection with Astro-Med's discovery requests made of Nihon Kohden America, Inc. If so, identify the documents and information provided to Nihon Kohden America, Inc. pursuant to those requests.

RESPONSE

Defendant objects to this interrogatory on the grounds that it requests information protected by the attorney-client privilege and calls for speculation. Without waiving the objection, Defendant responds as follows: Defendant has been asked to provide copies of all documents in his possession that relate to Plaintiff (excepting his 401(k) rollover documents and stock distribution documents), but has not been given a reason for the request. Copies of those documents are produced in response to Plaintiff's Request for Production of Documents.

Case 1:06-cv-00533-ML-DLM Document 115-4 Filed 11/_/2007 Page 8 of 9

KEVIN PLANT

STATE OF
COUNTY OF

Subscribed to and sworn before me this 20th day of August, 2007.

Notary Public
My Commission Expires:

G:\pec\PLANT, KEVIN\Pleadings\Plant Ans to Ints.doc

NOTARY PUBLIC - STATE OF FLORIDA
S. Lockhart
Commission #DD652485
Expires: MAR. 19, 2011
BONDED THRU ATLANTIC BONDING CO., INC.

CERTIFICATION 23 rd

The undersigned hereby certifies that on the ~~20~~th day of August, 2007, a copy of the foregoing Answers to Interrogatories was sent by fax and regular mail to the following attorneys of record:

Robert M. Duffy, Esquire
rduffy@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Craig M. Scott, Esquire
cscott@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Patricia E. Carrier

RECEIVED
... 24 2007