**EXHIBIT H**

RECEIVED
NOV - 5 2007
By

McLEAN & McLEAN LLP
A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

3001 2ND STREET, SUITE E
SANTA MONICA, CALIFORNIA 90405

TELEPHONE 310.450.9353
FACSIMILE 310.581.8006

November 2, 2007

**VIA FACSIMILE 401-455-0701**
**& U.S. MAIL**

Stacey Nakasian, Esq.
DUFFY SWEENEY & SCOTT LTD
One Turks Head Place, Suite 1200
Providence, RI 02903

**Re** **Astro-Med, Inc. v. Kevin Plant, *et al.***
**U. S. District Court, R.I. Case No. 06-CV-00533-ML**

Dear Attorney Nakasian:

I received Attorney Scott's letter dated October 4, 2007. In his letter, Mr. Scott identifies what he perceives to be deficiencies in defendant Kevin Plant's responses to interrogatories and request for production of documents, which responses were served on August 23, 2007. Our response to the issues identified in the October 4 letter is as follows:

1. **Interrogatory No. 1** – "Identify all communications with Nihon Kohden America, Inc. ("Nihon Kohden") or any agent or employee thereof, concerning your employment with Astro-Med, including the date of the communications, the location of the communications, the means of communications and the individuals involved."

**Response** – "Defendant objects to the interrogatory on the grounds that it is overly broad, vague and ambiguous. Defendant further objects on the ground that the interrogatory, as phrased, could be interpreted to call for the disclosure of the numerous conversations Defendant has had with his counsel during the pendency of this action. Without waiving the objections and responding based on the understanding that the interrogatory does not call for the disclosure of the numerous conversations Defendant has had with his counsel during the pendency of this action, Defendant responds as follows: Beginning in July 2006, Defendant had general conversations, via email and orally, with Brian Kehoe, Gary Reasoner and Michael Ohsawa regarding his prior employment experience, including his employment with Plaintiff. More specifically, the substance and dates of communications are set forth in the copies of e-mail messages produced in response to Plaintiff's Request for Production of Documents."

**Astro-Med's Position** – "Plant identifies 'general conversations' both oral and written with Brian Kehoe, Gary Reasoner and Michael Ohsawa. The interrogatory,

however, requests specific information concerning the date, location and means of communications. Plant fails to provide this information."

**Kevin Plant's Position** – The original response provides the information requested in the interrogatory to the extent that Mr. Plant recalls the information requested. As stated in the original response, e-mail messages were produced to Astro-Med and those messages provide more information regarding the communications Mr. Plant had and specific dates of those communications. Additionally, Messrs. Ohsawa and Reasoner testified regarding employment-related communications they had with Mr. Plant. To be more precise, the original response should have stated that the "general conversations" identified concerned Mr. Plant's seeking employment with Nihon Kohden.

2. **Interrogatory No. 2** – "Identify all communications with Nihon Kohden or any employee or agent thereof within six (6) months prior to accepting employment with Nihon Kohden up to and including your first date of employment."

**Response** – "See response to Interrogatory No. 1."

**Astro-Med's Position** – "Plant's response is the same as his response to Interrogatory No. 1 and is therefore deficient in the same respect as his answer to Interrogatory No. 1."

**Kevin Plant's Position** – Mr. Plant's position remains the same, as the response to Interrogatory No. 1 and the e-mail messages produced to Astro-Med in response to Astro-Med's request for production of documents fully respond to the Interrogatory No. 2.

3. **Interrogatory No. 3** – "Identify all customers or prospective customers (as used herein "prospective customers" includes any customer who uses or purchases medical equipment of the type sold by Astro-Med) with whom you have been in contact since you were first employed by Nihon Kohden to the present."

**Response** – "Defendant objects to this interrogatory on the grounds that it requests information that is confidential and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objection, Defendant responds as follows: Defendant has not contacted any business on the customer list Plaintiff submitted in connection with the existing preliminary injunction order."

**Astro-Med's Position** – "Plant responds that he has not contacted any business on the customer list Astro-Med submitted in connection with the existing preliminary injunction order. There has been no agreement or court order limiting Astro-Med's discovery to the businesses identified in the list provided pursuant to the preliminary injunction order."

Case 1:06-cv-00533-ML-DLM Document 115-6 Filed 11/_/2007 Page 4 of 8



**Kevin Plant's Position** – Mr. Plant objected to this interrogatory on the grounds that it requested "information that is confidential and not reasonably calculated to lead to the discovery of admissible evidence." Mr. Plant maintains these objections. Astro-Med has not provided any authority that would require Mr. Plant to disclose the very type of trade secret, proprietary information that, with regard to Astro-Med, the parties have been ordered to take, and have taken, affirmative steps to protect from inadvertent disclosure by Mr. Plant and his attorneys, to defendant Nihon Kohden. It is ironic, in the extreme, that (without *any* justification) Astro-Med seeks from Mr. Plant the information requested after such direct efforts were undertaken by all parties, without objection, to protect this very same type of information from disclosure to Nihon Kohden by Mr. Plant. Please advise whether you will withdraw this interrogatory.

4. **Interrogatory No. 4** – "Please summarize each conversation you have had with Nihon Kohden, or any employee or agent thereof, concerning your employment with Astro-Med."

**Response** – "See response to Interrogatory No. 1."

**Astro-Med's Position** – "Plant's response is the same as his response to Interrogatory No. 1 and is therefore deficient in the same respect as his answer to Interrogatory No. 1."

**Kevin Plant's Position** – The interrogatory requested that Mr. Plant "summarize each conversation" and the response did so, including the reference to e-mail messages provided to Astro-Med in response to Astro-Med's request for production of documents.

5. **Interrogatory No. 6** – "Identify all customers to whom you have sold Electroencephalographs ("EEG"), Polysomnograhs ("PSG") and Long-Term Monitoring for Epilepsy (LTM) Equipment from October 1, 2006 to the present within the State of Florida."

**Response** – "Defendant objects to this interrogatory on the grounds that it requests information that is confidential and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objection, Defendant responds as follows: Defendant has not sold any equipment to any business on the customer list."

**Astro-Med's Position** – "Plant again improperly limits his response to Astro-Med's customer list."

**Kevin Plant's Position** – Mr. Plant objected to this interrogatory on the grounds that it requested "information that is confidential and not reasonably calculated to lead to the discovery of admissible evidence." Mr. Plant maintains these objections. Astro-Med has not provided any authority that would require Mr. Plant to disclose the very type of

trade secret, proprietary information that, with regard to Astro-Med, the parties have been ordered to take, and have taken, affirmative steps to protect from inadvertent disclosure by Mr. Plant and his attorneys, to defendant Nihon Kohden. It is ironic, in the extreme, that (without *any* justification) Astro-Med seeks from Mr. Plant the information requested after such direct efforts were undertaken by all parties, without objection, to protect this very same type of information from disclosure to Nihon Kohden by Mr. Plant. Please advise whether you will withdraw this interrogatory.

6. **Interrogatory No. 8** – "Identify the 35 businesses you reference in your Affidavit dated March 27, 2007 that you claim you called on and/or sold as sales representative for Astro-Med from July 1, 2005 to September 29, 2007."

**Response** – "Defendant objects to this interrogatory on the grounds that it is an inaccurate statement of his affidavit. In the spirit of cooperating in the discovery process, Defendant responds that, when employed by Plaintiff as a salesperson in Florida, he had contact with the following businesses: [listed business names omitted]."

**Astro-Med's Position** – "Plant list[s] thirty (30) businesses. Please provide the remaining five or confirm that this is the complete list."

**Kevin Plant's Position** – As stated in Mr. Plant's original response, the interrogatory mischaracterized his March 27, 2007 affidavit. Mr. Plant's original response was, at the time given, fully responsive to the interrogatory.

7. **Interrogatory No. 9** – "Identify the approximately 20 companies you reference in your Affidavit dated March 27, 2007 contained on Astro-Med's customer and prospect list submitted pursuant to the Court's February 16, 2007 Modified Preliminary Injunction Order that you claim purchased equipment solely from Nihon Kohden America, Inc."

**Response** – "Defendant objects to this interrogatory on the grounds that it is an inaccurate statement of his affidavit. In the spirit of cooperating in the discovery process, Defendant responds, under the protection of the existing Protective Order in this action, that the following business are current customers of defendant Nihon Kohden and do not purchase equipment from Plaintiff: [listed business names omitted]."

**Astro-Med's Position** – "Plant list[s] nineteen (19) companies. Please confirm that this is the complete list."

**Kevin Plant's Position** – As stated in Mr. Plant's original response, the interrogatory mischaracterized his March 27, 2007 affidavit. Mr. Plant's original response was, at the time given, fully responsive to the interrogatory.

8. **Document Request No. 1** – "All documents which refer, relate or pertain to Astro-Med, Inc."

Case 1:06-cv-00533-ML-DLM Document 115-6 Filed 11/_/2007 Page 6 of 8



**Response** – "Plaintiff objects to this request on the grounds that it is overly broad, burdensome and oppressive. For example, the request would require the production of every document filed with the court in this action. Moreover, the request as phrased would require the production of all correspondence between Defendant and his attorneys. Without waiving the objections, Defendant responds as follows: The documents in his possession, custody and control that are not protected by the attorney-client privilege are attached hereto and are made part hereof as **Exhibit A**."

**Astro-Med's Position** – "Plant interposed an objection, but responded. Please confirm that Plant has produced all responsive documents."

**Kevin Plant's Position** – As stated in Mr. Plant's original response, the request "is overly broad, burdensome and oppressive." Mr. Plant did not produce all documents that were possibly responsive to the request, because the overly broad request arguably would have required Mr. Plant to access Astro-Med's website and other internet web pages, and produce pages therefrom, to obtain copies of Astro-Med's advertising materials and produce those, *etc*. Thus, Mr. Plant does not have a supplemental response to this request.

9. **Document Request No. 2** – "All documents and communications (including e-mails) which refer, relate or pertain to your hiring by and terms of employment with Nihon Kohden America, Inc."

**Response** – "See response to Request No. 1."

**Astro-Med's Position** – "Plant incorporates his response to Document Request No. 1. Please confirm that Plant has produced all responsive documents."

**Kevin Plant's Position** – It is Mr. Plant's understanding that the original response was complete at the time given. Additional documents, if any exist, may be in the possession of Nihon Kohden.

10. **Document Request No. 3** – "All documents which refer, relate or pertain to the claims, defenses and/or subject matter of this litigation, *Astro-Med, Inc. v. Kevin Plant and Nihon Kohden America, Inc.*, C.A. No. 06-533 ML."

**Response** – "Plaintiff objects to this request on the grounds that it is overly broad, burdensome and oppressive. For example, the request would require the production of every document filed with the Court in this action."

**Astro-Med's Position** – "Plant objects on the grounds that the request is overly broad, burdensome and oppressive and has produced no documents. He claims that this request requires the production of every document filed in this action. Astro-Med does

not require such production. Rather, we seek documents referring, relating or pertaining to the claims, defenses and/or subject matter of this litigation, other than privileged documents and documents filed in this case."

**Kevin Plant's Position** – Astro-Med's "narrowing" of Request No. 3 shows that it does not understand the over breath of the request. Nearly every document existing that pertains to Astro-Med and Nihon Kohden Medical Equipment (as defined in the Court's preliminary injunction order), refers, relates or pertains to the claims, defenses and/or subject matter of this litigation. Moreover, the request is unreasonably compound. Nonetheless, Mr. Plant will consider producing those documents that refer, relate or pertain to the defenses he intends to assert in this action (as are not protected by the attorney-client privilege or work product doctrine, and as are in his possession, custody and control), if Astro-Med confirms that such production would be fully responsive to this request.

11. **Document Request No. 4** – "All documents which refer, relate or pertain to your sale of Electroencephalographs ("EEG"), Polysomnographs ("PSG") and Long-Term Monitoring for Epilepsy (LTM) Equipment from October 1, 2006 to the present within the State of Florida."

**Response** – "Defendant objects to this request on the grounds that it requests information that is confidential and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objection, Defendant responds as follows: Defendant has not sold any equipment to any business on the customer list Plaintiff submitted in connection with the existing preliminary injunction order, as per the Affidavit of Kevin Plant attached hereto and made a part hereof as **Exhibit B**."

**Astro-Med's Position** – "Plant responds that he has not sold any equipment to the businesses on the customer lists plaintiffs [*sic*] submitted in connection with the existing preliminary injunction order. Astro-Med is not limited to discovery concerning the customer list, and the documents requested are plainly relevant to this dispute."

**Kevin Plant's Position** – Mr. Plant objected to this request on the grounds that it requested "information that is confidential and not reasonably calculated to lead to the discovery of admissible evidence." Mr. Plant maintains these objections. Astro-Med has not provided any authority that would require Mr. Plant to disclose the very type of trade secret, proprietary information that, with regard to Astro-Med, the parties have been ordered to take, and have taken, affirmative steps to protect from inadvertent disclosure by Mr. Plant and his attorneys, to defendant Nihon Kohden. It is ironic, in the extreme, that (without *any* justification) Astro-Med seeks from Mr. Plant the information requested after such direct efforts were undertaken by all parties, without objection, to protect this very same type of information from disclosure to Nihon Kohden by Mr. Plant. Please advise whether you will withdraw this request.

After you have had an opportunity to review this letter, please contact me to discuss any questions you have.

Sincerely,

E.P. Michael Karcis
McLean & McLean LLP

EPMK/jh

cc: Craig Scott, Esq.
Bruce W. Gladstone, Esq.