**EXHIBIT J**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,

Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.

Defendants.

**AFFIDAVIT OF E.P. MICHAEL KARCIS IN SUPPORT OF DEFENDANT KEVIN PLANT'S OBJECTION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES**

I, E.P. Michael Karcis, declare as follows:

1. I am an attorney at law, licensed to practice before all courts in Massachusetts and California, and am admitted Pro Hoc Vice in this matter. I am an attorney with the firm of McLean & McLean LLP, counsel of record for Defendant Kevin Plant. The following statements are made of my own personal knowledge, and if called upon as a witness, I could and would competently testify thereto.
2. Attached hereto as Exhibit B is a true and correct copy of defendant Kevin Plant's settlement letter dated December 19, 2006.
3. Following service of Mr. Plant's responses **(Exhibits C and D)** to Astro-Med's discovery requests **(Exhibit A and B)**, I spoke with counsel for Astro-Med, Craig Scott and Stacey Nakasian. While my initial conversation regarding the discovery

dispute was with Attorney Scott, my more recent and detailed conversations were with Attorney Nakasian.

4. During my conversations and in my letter dated November 2, 2007 (Exhibit H), I discussed limited discovery requests (as identified in my November 2 letter) with Attorney Nakasian. With regard to the discovery requests at issue in Astro-Med's motion to compel, I discussed (orally and in writing):

A. Document Requests Nos. 1 and 3 were overly broad and insufficiently particularized. As stated in my November 2 letter, I requested and suggested limiting and defining the scope of the requests. For example, I suggested limiting to scope of Request No. 3 to include only those documents related to Mr. Plant's defenses that Mr. Plant intended to introduce into evidence. Attorney Nakasian did not respond to my suggestion.

B. Document Request No. 4, and Interrogatory No. 1 and 6 seek confidential information that is not protected by the December 27, 2006 Protective Order, to which only Mr. Plant and Astro-Med stipulated, and which (as I understood and was concerned) related to only protection of information and documents produced by Astro-Med. Moreover, I requested that Attorney Nakasian provide me with legal authority that would require Mr. Plant to disclose the trade secret and confidential business information of his employer. I also questioned how Nihon Kohden's sales to non-Astro-Med customers related to Astro-Med's legal claims or Mr. Plant's defenses. Again, Attorney Nakasian did not respond.

C. The response to Document Request No. 2 was complete.

5. At the conclusion of all my discussions with Astro-Med's counsel regarding this discovery dispute, I maintained the position that I would re-review the discovery requests and responses (in light of our discussions), and respond accordingly with my comments. I did not promise to provide supplemental responses, except to the extent that I agreed to do so if Astro-Med limited the scope of the discovery requests.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 21st day of November in Providence, Rhode Island.

E.P. Michael Karcis, Affiant

NOTARY:
Subscribed and sworn to before me this 21st day of November, 2007 in Providence, Rhode Island.

Bruce V Gladstone
My Commission Expires: 2/6/2011