UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC., | : | |
| Plaintiff, | : | |
| vs. | : | C.A. No. 06-533 ML |
| KEVIN PLANT and NIHON KOHDEN AMERICA, INC., | : | |
| Defendants. | : | |

**REPLY MEMORANDUM**
**IN SUPPORT OF PLAINTIFF ASTRO-MED, INC.'S**
**MOTION TO ADJUDGE KEVIN PLANT IN CONTEMPT**

Contrary to the assertions in Defendant Kevin Plant's ("Plant") opposition papers, Astro-Med, Inc.'s ("Astro-Med") Motion for Contempt is justified and a contempt order is warranted under the circumstances presented. It is undisputed that the Amended Modified Injunction Order ("Order") entered by the Court contained a clear and unambiguous requirement that Plant provide monthly affidavits to Astro-Med confirming that he had not contacted any individual or entity on Astro-Med's customer list. Nor can Plant dispute that he failed to provide the affidavits on a monthly basis as required by the Order. In fact, at the time Astro-Med filed its Motion, over two months had elapsed since the last affidavit submitted by Plant, and Plant's counsel had failed to respond to Astro-Med's request for the long overdue affidavit.

Because Plant cannot dispute his violation of the affidavit requirement of the Order, he argues instead that implementation of the Order "was not strictly required" because, Plant asserts, he has been complying with the competitive restrictions set forth in the Order. See Opposition Memorandum at 5. The Order, however, did not just impose competitive restrictions on Plant. It also expressly required Plant to provide monthly affidavits to Plaintiff's counsel. It

is not up to Plant to decide which provisions of the Order are necessary to perform and which are not. By cavalierly ignoring the affidavit requirement for over two months and by failing to respond to counsel's efforts to obtain the required affidavit, Plant placed himself in contempt and created the need for Astro-Med to seek redress from the Court. The fact that Plant forwarded an affidavit to Astro-Med's counsel after this motion was filed should not deter the Court from adjudging Plant in contempt and imposing an appropriate sanction. Astro-Med had to incur the expense of a Court filing to coerce Plant's compliance. That expense, necessitated by Plant's conduct, is not a cost that Astro-Med should have to bear.[1]

Plant's violation of the Order is significant for another reason. Plant has refused in discovery to produce documents concerning his sales activities for his new employer.[2] Those documents, which are the subject of a pending motion to compel, would reveal what sales contacts Plant has made and whether, as he claims, he has complied with the Court's Order. Plant's withholding of those documents, combined with his failure to provide the affidavits required by the Order, raised significant concern for Plaintiff which led to the filing of the present motion.

[1] Unfortunately, this is not the first instance of the defendants ignoring a Court order. Pending before the Court is another motion for sanctions arising out of defendants' failure to make witnesses available for deposition in California on dates ordered by the Court. As a result of defendants' violation of that order, Astro-Med's counsel traveled across the country at Astro-Med's expense for nothing.

[2] Plant's objection to production is a spurious argument that the documents constitute trade secrets not covered by the Protective Order entered in this case. The Protective Order, however, authorizes Plant to designate <u>any</u> documents – including these -- as confidential or "attorneys eyes only." Accordingly, no legitimate basis exists for Plant's refusal to produce these highly relevant documents.

For these reasons, a finding of contempt is justified and, as a sanction, Plant should be ordered to pay Astro-Med the cost it incurred in bringing this motion.

Respectfully submitted,

ASTRO-MED, INC.

/s/ Stacey P. Nakasian

Craig M. Scott, Esq. (#4237)
cscott@duffysweeney.com
Stacey P. Nakasian, Esq. (#5069)
snakasian@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile
rduffy@duffysweeney.com

Dated: November __, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that the within ***Reply Memorandum in Support of Plaintiff Astro-Med, Inc.'s Motion to Adjudge Kevin Plant in Contempt*** was filed through the ECF system on the 30th day of November, 2007, and will be sent electronically to the counsel-named below who is a registered participant identified on the Notice of Electronic Filing:

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

and was served, via First Class Mail, to the counsel named below who is not a registered ECF participant:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

/s/ Stacey P. Nakasian
Stacey P. Nakasian, Esq.

Astro-Med\Plant, Kevin\Pleadings\06-0533 USDC\Motion to Adjudge Contempt 11-05-07