UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC., Plaintiff,

v. CA 06-533 ML

KEVIN PLANT and NIHON KOHDEN AMERICA, INC., Defendants.

**ORDER**
**RE MOTIONS HEARD**
**ON DECEMBER 5, 2007**

Before the Court are two motions:

1. Plaintiff Astro-Med, Inc.'s Motion to Adjudge Kevin Plant in Contempt (Document ("Doc.") #114) ("Motion to Adjudge in Contempt"); and

2. Plaintiff Astro-Med, Inc.'s Motion to Compel Production of Documents and Answers to Interrogatories (Doc. #115) ("Motion to Compel") (collectively the "Motions").

A hearing was conducted on December 5, 2007.

**The Motion to Adjudge in Contempt is denied** for the following reasons. The failure of Plaintiff's counsel to receive Mr. Plant's affidavit by date she requested, October 30, 2007, was not the fault of Mr. Plant but that of his counsel. Plaintiff had previously acquiesced in Mr. Plant's lackadaisical compliance with the requirement of the Amended Modified Interim Injunction Order (Doc. #62) ("Order of May 8, 2007") that he submit monthly affidavits. In requesting that she be provided with a current affidavit on or before October 30, 2007, Plaintiff's counsel did not indicate that the failure to do so would result in her filing a motion to adjudge Mr. Plant in contempt, and his counsel could not have reasonably anticipated such action because of the tone of her October 26, 2007, email and Plaintiff's past acquiescence or acceptance of Mr. Plant's

less than full compliance with the Order of May 8, 2007. Since the filing of the Motion to Adjudge in Contempt, Mr. Plant has served affidavits on a reasonably timely basis, and no further affidavits are due because the requirement for such affidavits expires on December 28, 2007. Thus, there is no need to sanction Mr. Plant to insure future compliance. Lastly, Plaintiff has suffered no real harm as a result of its late receipt of Mr. Plant's October 18, 2007, affidavit.

**The Motion to Compel is granted with respect to the requests for production and interrogatories listed below to the extent indicated.**[1]

**Requests for Production**

1. Request No. 1. Granted. Mr. Plant is to produce the documents in his possession. If he has documents in his computer, they are to be produced. However, he does not have to go on the Internet to obtain documents or to produce documents which have been filed with the court.[2]

2. Request No. 2. Granted to the extent that Mr. Plant shall provide an employee handbook from his employer Nihon Kohden America, Inc. ("Nihon Kohden"). If he does not have such a handbook, he shall request it from Nihon Kohden.

3. Request No. 3. Granted.

4. Request No. 4. Granted to the extent that Mr. Plant must produce documents which refer, relate, or pertain to

---

[1] To the extent Mr. Plant objects to the Motion to Compel on timeliness grounds, his objection is overruled.

[2] If there are a few documents which contain information which Mr. Plant deems so sensitive that they should not even be submitted to opposing counsel, even with the "attorneys' eyes only" restriction which is available, Mr. Plant may submit such documents for in camera review. He shall explain why the protection provided by the protective order is not sufficient to allow the documents to be seen by opposing counsel.

consummated sales. Mr. Plaint does not have to produce documents relating to contacts that did not result in actual sales of these items of equipment.[3]

**Interrogatories**

Interrogatory No. 3. Granted.

Interrogatory No. 6. Granted.[4]

Defendant shall comply with this Order by January 8, 2008. Plaintiff's request for an award of expenses, including attorney's fees, in connection with both Motions is denied. Mr. Plant's request for legal fees and costs pursuant to Fed. R. Civ. P. 37(a)(4)(A) in connection with his objection to the Motion to Compel is denied.

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
December 5, 2007

---

[3] While Mr. Plant does not have to produce documents pertaining to customers and prospective customers who did not purchase medical equipment of the type sold by Plaintiff, he must still identify those customers and prospective customers in his answer to Interrogatory No. 3.

[4] In responding to these interrogatories, if Mr. Plant believes that there is a very limited amount of information which is so sensitive that it should not even be disclosed to opposing counsel, he may submit the information for in camera review with the required explanation. See n.2.