# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,

Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.

Defendants.

## DEFENDANTS, NIHON KOHDEN AND KEVIN PLANT'S JOINT NOTICE OF EMERGENCY MOTION AND EMERGENCY MOTION TO EXTEND THE MOTION CUT-OFF DATE

Defendants, Nihon Kohden America, Inc., ("Nihon Kohden") and Kevin Plant (collectively, "Defendants") will and hereby do, on an emergency basis, move for an extension of time in which to file a dispositive motion in this action.

The grounds for this motion include:

1. The extension is appropriate because Defendants have recently learned that there is evidence (or a lack of evidence) that strongly supports summary judgment being entered in their favor, which would avoid trial of unnecessary, undisputed issues.

2. The depositions of Plaintiff's representatives were taken on October 18, 25 and 26, 2007. Moreover, at the December 5, 2007 hearing on Plaintiff's motions for contempt (denied) and motion to compel (partially denied), Plaintiff's counsel represented to the Court that Plaintiff was planning to request at trial that the non-competition restriction against Mr. Plant be continued longer than this Court determined (*i.e.*, December 28, 2007) reasonable in the May 8, 2007 Amended Modified Injunction Order. This is the first time that this position has been asserted on Plaintiff's behalf.

3. The deposition testimony of Plaintiff's representatives discloses that Plaintiff has no evidence supporting its claim for misappropriation of trade secrets or confidential business information (Counts II, III and V of Plaintiff's First Amended Complaint). Thus, Nihon Kohden and Mr. Plant should prevail on this claim on motion for summary judgment.

4. The deposition testimony of Plaintiff's representatives discloses that Plaintiff has selectively enforced the non-competition agreement it seeks to enforce against Mr. Plant (Count I of Plaintiff's First Amended Complaint), thereby making Plaintiff's non-competition with Mr. Plant unenforceable. Thus, Mr. Plant should prevail on this claim on motion for summary judgment.

5. Because the deposition testimony of Plaintiff's representatives discloses that Plaintiff has selectively enforced the non-competition agreement it seeks to enforce against Mr. Plant thereby making Plaintiff's non-competition with Mr. Plant unenforceable, Nihon Kohden cannot be found liable for interfering with the unenforceable agreement (Count IV of Plaintiff's First Amended Complaint). Thus, Nihon Kohden should prevail on this claim on motion for summary judgment.

6. The deposition testimony of Plaintiff's representatives discloses that Plaintiff has not sustained any damages related to its claim for the alleged breach of the non-competition agreement between Plaintiff and Mr. Plant.

7. Neither the final pretrial conference nor the trial date has been set in the action.

8. Nihon Kohden's prior request for an extension of time was granted to allow Nihon Kohden to propound discovery requests through October 5, 2007.

9. Permitting Defendants to file motions for summary judgment will allow this Court and the parties to avoid trial of numerous issues that can be resolved on summary judgment.

This motion is based on this Notice of Motion and Motion and the Memorandum of Law attached hereto, the Affidavit of E.P. Michael Karcis concurrently filed herewith, and upon the papers, records and pleading files herein, as well as any evidence presented at the hearing on this motion.

KEVIN PLANT and
NIHON KOHDEN AMERICA, INC.
By Their Attorneys,

/s/ Bruce W. Gladstone
Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
PHONE: (401) 331-5700
FAX: (401) 331-5787

/s/ E.P. Michael Karcis
E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
PHONE: (310) 450-9353
FAX: (310) 581-8006

Date: December 5, 2007

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,
Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN
AMERICA, INC.
Defendants.

## DEFENDANTS NIHON KOHDEN'S AND KEVIN PLANT'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO EXTEND THE MOTION CUT-OFF DATE

Defendants Nihon Kohden America, Inc., ("Nihon Kohden") and Kevin Plant, by and through their counsel, hereby submit the following memorandum in support of their Motion to Extend the Motion Cut-Off Date.

## I. INTRODUCTION

The need for an extension of the motion cut-off date begins with Plaintiff Astro-Med, Inc.'s four-month pursuit of jurisdictional discovery and this Court's subsequent ruling on June 28, 2007 regarding Nihon Kohden's motion to dismiss for lack of jurisdiction. Nihon Kohden sought and obtained from this Court an extension of the time in which to conduct discovery. At that time, this Court also extended the motion cut-off date to October 19, 2007. However, because of scheduling conflicts, Nihon Kohden was unable to take the depositions of Plaintiff's representatives until October 18, 25 and 26, 2007.[1]

## II. LEGAL ARGUMENT

In relevant part, Federal Rules of Civil Procedure 16(b) states, "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." *See* Sigros v. Walt Disney

[1] The depositions were of Messrs. Everett Pizzuti (Plaintiff's President and COO) on October 18, Marc Paliotta (Plaintiff's Clinic Product Manager) on October 25, and Marcus Mancini (Plaintiff's National Sales Manager) on October 26. Each individual was also deposed in connection with Nihon Kohden's deposition notice of person(s) most knowledgeable.

World, Co., 190 F. Supp. 2d 165, 169 (D. Mass. 2002). Based on good cause, Defendants jointly request this Court's permission to file motions for summary judgment.

If no prejudice results and the other Federal Rules of Civil Procedure 56 procedural requirements are satisfied (*e.g.*, 10-day notice requirement), tardy motions for summary judgment may be considered. The reason stems from Rule 56's purpose to avoid useless trials where material facts are not in dispute and the applicable legal authority indicates that a party is entitled to judgment as a matter of law.

Good cause for allowing Defendants to file motions for summary judgment is based on the recent deposition testimony of Astro-Med's representatives. Astro-Med's representatives confirmed that Astro-Med has no evidence that Nihon Kohden obtained any of Astro-Med's trade secret or confidential information since or as a result of hiring Mr. Plant, or that Mr. Plant has disclosed any of Astro-Med's trade secret or confidential information since terminating his employment with Astro-Med. Thus, neither defendant could be held liable under Astro-Med's claim for misappropriation.

Astro-Med's representatives also confirmed that Astro-Med is selectively seeking to enforce a non-competition restriction against Mr. Plant, but has not sought to enforce the same non-competition restriction against Guy Casler, Darren Jones and Rob Safron, all of whom are former employees of Astro-Med who now work for competitors of Astro-Med. *See* Narragansett Coated Paper Corp. v. LaPierre, 1998 R.I. Super. LEXIS 75 (plaintiff employer's motion for preliminary injunction denied where the plaintiff "failed to protect itself from post-employment disclosure of its confidential information by other of its employees"). Thus, Astro-Med should not prevail on its claim against Mr. Plant for breach of a non-competition agreement and, by extension, Nihon Kohden cannot be found liable for inducing a breach of an unenforceable non-competition agreement (*see* Telectronics, Inc. v. Downing, 1987 U.S. Dist. LEXIS 3070 (D.Mass 1987) (where former employer of individual defendants sue them and their new employer, the defendant new employer's motion for summary judgment granted against plaintiff former employer with the court holding that plaintiff's non-competition agreement was unenforceable against the employee defendants).

Based on the foregoing, Nihon Kohden and Mr. Plant have good cause for requesting a short extension of the time in which to file motions for summary judgment.

## III. CONCLUSION

Following the completion of discovery, it is in all parties' interest, as well as the interest of this Court, that Defendants be allowed the opportunity to file their dispositive motions. Specifically, the evidence obtained through the depositions of Plaintiff's representatives establishes that Defendants should prevail on the claims Plaintiff has asserted against them. Moreover, granting Defendants' request will not delay the orderly resolution of this case. Thus, Defendants respectfully request that this Court extend the time in which Defendants may file their dispositive motions through and including December 18, 2007.

KEVIN PLANT and
NIHON KOHDEN AMERICA, INC.
By Their Attorneys,

/s/ Bruce W. Gladstone
Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
PHONE: (401) 331-5700
FAX: (401) 331-5787

/s/ E.P. Michael Karcis
E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
PHONE: (310) 450-9353
FAX: (310) 581-8006

Date: December 5, 2007

G:\pec\PLANT, KEVIN\Mtn to Extend Motion Date 12-5-07.doc

CERTIFICATION

The undersigned hereby certifies that on the 5th day of December, 2007, a copy of the foregoing was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

Robert M. Duffy, Esquire
rduffy@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Craig M. Scott, Esquire
cscott@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Stacey P. Nakasian, Esquire
snakasian@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Building, Suite 1200
Providence, RI 02903

/s/ Bruce W. Gladstone