# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ASTRO-MED, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN PLANT; NIHON KOHDEN AMERICA, INC.<br><br>Defendants. | C.A. No. 06-533-ML |

## AFFIDAVIT OF E.P. MICHAEL KARCIS IN SUPPORT OF DEFENDANT NIHON KOHDEN AMERICA, INC.'S EMERGENCY MOTION TO EXTEND THE MOTION CUT-OFF DATE

I, E.P. Michael Karcis, declare as follows:

1. I am an attorney at law, licensed to practice before all courts in Massachusetts and California, and am admitted Pro Hoc Vice in this matter. I am an attorney with the firm of McLean & McLean LLP, counsel of record for Defendant Kevin Plant. The following statements are made of my own personal knowledge, and if called upon as a witness, I could and would competently testify thereto.

2. On July 3, 2007, this Court extended the discovery cut-off to October 5, 2007 and the motion cut-off date to October 19. Moreover, at the December 5, 2007 hearing on Plaintiff's motions for contempt (denied) and motion to compel (partially denied), Plaintiff's counsel represented to the Court that Plaintiff was planning to request at trial that the non-competition restriction against Mr. Plant be continued longer than this Court determined (*i.e.*, December 28, 2007)

reasonable in the May 8, 2007 Amended Modified Injunction Order. This is the first time that this position has been asserted on Plaintiff's behalf.

3. Because of scheduling conflicts, the depositions of three of Plaintiff's representatives were not taken until October 18, 25 and 26, 2007. Those depositions were of Messrs. Everett Pizzuti (Plaintiff's President and COO) on October 18, Marc Paliotta (Plaintiff's Clinic Product Manager) on October 25, and Marcus Mancini (Plaintiff's National Sales Manager) on October 26 (collectively, "Plaintiff's Representatives"). Each individual was also deposed in connection with Nihon Kohden's deposition notice of person(s) most knowledgeable.

4. The testimony of Plaintiff's Representatives confirmed that Astro-Med has no evidence that: (i) Nihon Kohden obtained any of Astro-Med's trade secret or confidential information since or as a result of hiring Mr. Plant; and (ii) Mr. Plant has disclosed any of Astro-Med's trade secret or confidential information since terminating his employment with Astro-Med. Plaintiff's Representatives also confirmed that Astro-Med is selectively seeking to enforce a non-competition restriction against Mr. Plant, because it has consciously decided not to enforce the same non-competition restriction against Guy Casler, Darren Jones and Rob Safron, all of whom are former employees of Astro-Med who now work for competitors of Astro-Med.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 5th day of December in Providence, Rhode Island.

E.P. Michael Karcis, Affiant

Subscribed and sworn to before me this 5th day of December, 2007.

Notary Public Bruce W. Gladstone
My Commission Expires: 4/6/2011