# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,

Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.

Defendants.

## DEFENDANTS, NIHON KOHDEN'S AND KEVIN PLANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION TO EXTEND THE MOTION CUT-OFF DATE

Defendants, Nihon Kohden America, Inc., ("Nihon Kohden") and Kevin Plant (collectively, "Defendants"), by and through their counsel, hereby submit the following Memorandum in support of their reply to the response in opposition of Astro-Med, Inc. ("Astro-Med") to Defendants' Motion to Extend the Motion Cut-Off Date ("Defendants' Motion to Extend") in this action.

## I. INTRODUCTION

Astro-Med has failed to identify any prejudice that would result by allowing Defendants to file a motion for summary judgment or, in the alternative, motion for summary adjudication of issues, other than to raise unsupported factual arguments regarding its belief as to how the court should rule on such a motion. The only possible claim of prejudice to Astro-Med would be the unlikely possibility that a motion for summary judgment would delay trial in this action. Because no trial date has been set, any prejudice to Astro-Med is pure speculation. In fact, granting Defendants' Motion to Extend may obviate the need for trial[1] or, at a minimum, shorten trial. Thus, the only basis for Astro-Med's opposition to Defendants' Motion to Extend lies in its

[1] Trial may become unnecessary based on summary judgment being granted or partially granted. If partially granted, there would be a narrowing of the issues that would foment the likelihood of settlement.

belief that the Court should deny Defendants' summary judgment based on the brief description of summary judgment arguments in Defendants' Motion to Extend. However, Defendants' Motion to Extend does not address every legal argument, item of evidence, and supporting declaration, as would be required under Fed.R.Civ.P. 56. Instead, Defendants' Motion to Extend was intended to provide this Court with a brief summary of facts (none of which Astro-Med disputes with evidence in its opposition) upon which each Defendant would base their respective motions for summary judgment.

The primary categories of undisputed facts include: (i) Astro-Med's lack of evidence supporting its claim for misappropriation of trade secrets or confidential business information; (ii) Astro-Med's selective enforcement of the non-competition agreement it seeks to enforce against Mr. Plant (making the non-competition agreement unenforceable); (iii) Nihon Kohden's lack of any liability for interfering with a non-competition agreement, because the agreement was and is unenforceable; and (iv) Astro-Med's lack of damages concerning the alleged breach of the non-competition agreement between Astro-Med and Mr. Plant. Again, Astro-Med does not dispute these facts with any evidence in its opposition. Instead of presenting meritorious factual support or applicable legal authority, Astro-Med attempts to overwhelm this Court with an opposition mostly consisting of "facts" that Astro-Med has regurgitated from its complaints, other motions and oppositions, and a legal argument that is based on unsupported and speculative assertions of facts.

Moreover, despite Astro-Med's representatives testifying that Astro-Med has no evidence of damages or wrongdoing on the part of Nihon Kohden, Astro-Med asserted for the first time, on December 5, 2007,[2] that it was planning to request that this Court extend the enforcement of the May 8, 2007 Amended Modified Injunction Order against Mr. Plant beyond December 28, 2007, the original end-date of the restrictions on Mr. Plant's sales activities. This purely legal

---

[2] Astro-Med's counsel made this claim for the first time at the December 5 hearing on Plaintiff's motions for contempt (denied) and motion to compel (partially denied).

issue should be decided on motion for summary judgment, not following needless use of valuable trial time.

In addition, Astro-Med's opposition to granting Defendants' Motion to Extend is made in a bad-faith-based desire to obstruct Defendants' compliance with Court rules while it, Astro-Med, ignored this Court's rules in bringing its motion to compel. Based on good cause (*i.e.*, evidence discovered after the motion cut-off date), Defendants are seeking this Court's approval to file motions after the October 19, 2007 cut-off date. On the other hand, Astro-Med filed a motion to compel on November 5, 2007 without any attempt to request this Court's permission for that untimely filing.

## II. LEGAL ARGUMENT

### A. Relevant Authority Allows this Court to Allow the Filing of Motions for Summary Judgment

Defendants seek this Court's permission to allow the filing of motions for summary judgment. Pursuant to Fed.R.Civ.P.16(b), which Astro-Med ignored in filing its motion to compel, the Court may grant Defendants such leave.

### B. Astro-Med's Hodgepodge of Unsupported Assertions Does Not Negate the Need for Motions for Summary Judgment

Most telling in Astro-Med's arguments opposing Defendants' Motion to Extend are its contradictory, vague claims that, on the one hand, "Defendants' own documents" support its claim for misappropriation of trade secrets (Opposition, p. 8), and, on the other hand, Astro-Med "has more detail[ed] ... evidence that establishes the disputed fact on this issue" (Opposition, p. 8, fn. 2). Yet, Astro-Med identifies no document of Defendants or any other evidence supporting its claim, even by way of example.

Instead, on page 8 of its opposition, Astro-Med erroneously relies on the possibility of an inference that <u>might</u> be drawn (that Nihon Kohden intended to misappropriate trade secrets when it hired Mr. Plant), if the trier of fact were to conclude: (i) the non-competition agreement was

enforceable (*e.g.*, Astro-Med did not selectively enforce the agreement); (ii) Mr. Plant might disclose an Astro-Med trade secret; and (iii) Nihon Kohden might have an interest in using any trade secret that Mr. Plant might disclose.[3] This argument does not comport with the applicable legal authority, which is set forth in Burten v. Milton Bradley Co., 763 F.2d 461, 463 (1st Cir. 1985). In Burten, the First Circuit Court stated: "In order to successfully establish a cause of action for misappropriation ... a plaintiff ***must show*** that he or she shared a confidential relationship with the defendant, possessed a trade secret, disclosed it to the defendant, ***and that the defendant made use of the disclosure in breach of the confidence reposed in him***. [Citations.]" Emphasis added.

Astro-Med says nothing about any actual misappropriation of any trade secret. Applicable law does not allow Astro-Med to establish a claim for misappropriation against Defendants based on the mere assertion that Mr. Plant might disclose a trade secret ***and*** Nihon Kohden might use it. In fact, Astro-Med's feeble attempt to turn this Court's ruling on Defendants' Motion to Extend into a summary judgment ruling only buttresses Defendants' position that allowing motions for summary judgment is necessary and proper.

### C. Selective Enforcement of a Non-Competition Agreement Defeats Enforcement of the Agreement

Only after deposing Astro-Med's representatives did Defendants confirm that Astro-Med selectively enforced its non-competition restriction against Mr. Plant. Defendants also learned that Astro-Med made a conscious decision not to seek enforcement of the same non-competition restriction against other similarly situated former Astro-Med employees. Earlier in this action, Defendants were able to assert only that Astro-Med had not enforced the same non-competition agreement Mr. Plant signed against other former Astro-Med employees. Defendants, at that time, had not developed sufficient facts to support this defense to enforcement of the non-competition agreement, because Defendants were unable to provide the evidence that those

[3] To reiterate, this is a matter for and should be tested by motions for summary judgment.

employees were, like Mr. Plant, former salesmen who left Astro-Med to work for Astro-Med competitors, and (most importantly) Astro-Med made the conscious decision not to enforce the non-competition agreement against those similarly situated, former employees. Those facts have now been established by the deposition testimony of Astro-Med's representatives.

Selective enforcement as a defense to the enforcement of a non-competition agreement is, contrary to Astro-Med's assertions, the essence of the holding in Narragansett Coated Paper Corp. v. LaPierre, 1998 R.I. Super. LEXIS 75. The issue there and here is whether the plaintiff employer "failed to protect itself from post-employment disclosure of its confidential information by other of its employees." In Narragansett Coated Paper, the plaintiff employer failed to have key employees sign non-competition agreements. In the instant action, the plaintiff employer (*i.e.*, Astro-Med) failed to protect itself from post-employment disclosure of trade secrets by consciously deciding not to enforce its non-competition agreement against former employees who were and are in similar positions as Mr. Plant (*i.e.*, former Astro-Med salesmen who left Astro-Med to work for competitors).

Narragansett Coated Paper is not the only legal authority holding that selective enforcement of a non-competition agreement makes that agreement unenforceable. For example, in Surgidev Corp. v. Eye Technology, Inc., 648 F. Supp. 661 (D. Minn. 1986), the court enforced limited terms of a non-disclosure agreement between the plaintiff and its former employee. However, the Surgidev court did not enforce the non-competition provision, because the plaintiff had not sought to enforce the same non-competition against other of its former employees. "Even were it to be assumed that the non-competition agreement is not void *per se*, the evidence establishes that plaintiff has waived its rights under the agreement. ***Under the circumstances, it would be inequitable to permit plaintiff to now rely on a non-competition agreement which it has so blithely ignored in the past." *Id.* at 697-98.

Thus, the undisputed facts and applicable legal authority establish that there is good cause for granting Defendants' Motion to Extend so that the parties may properly brief the issues in accordance with FRCP 56, including submission of a motion, memorandum of authorities,

separate statement of facts, and supporting evidence, rather than relying on the speculative assertions of Astro-Med's counsel.

## III. CONCLUSION

Notwithstanding Astro-Med's unsupported and speculative claims, the purpose of Fed.R.Civ.P. 56 -- avoiding useless trials where material facts are not disputed -- and all parties' interest in prompt resolution of this action would be best served by allowing Defendants the opportunity to file their dispositive motions. The evidence obtained through the recent depositions of Astro-Med's representatives supports summary judgment in Defendants' favor and Astro-Med has not demonstrated that any prejudice would result from a summary judgment motion. Moreover, granting Defendants' request will not delay the orderly resolution of this case. Therefore, Defendants respectfully request that this Court extend the time in which Defendants may file their dispositive motions ten (10) court days after this Court grants Defendants' Motion.

KEVIN PLANT and
NIHON KOHDEN AMERICA, INC.
By Their Attorneys,

/s/ Bruce W. Gladstone
Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
PHONE: (401) 331-5700
FAX: (401) 331-5787

/s/ E.P. Michael Karcis
E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
PHONE: (310) 450-9353
FAX: (310) 581-8006

Date: December 31, 2007

CERTIFICATION

The undersigned hereby certifies that on the 31st day of December, 2007, a copy of the foregoing was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

Robert M. Duffy, Esquire
rduffy@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Craig M. Scott, Esquire
cscott@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Stacey P. Nakasian, Esquire
snakasian@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Building, Suite 1200
Providence, RI 02903

/s/ Bruce W. Gladstone

G:\pec\PLANT, KEVIN\Reply to Astro Med Oppositon.doc