UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC., :
Plaintiff, :
:
v. : CA 06-533 ML
:
KEVIN PLANT and NIHON KOHDEN :
AMERICA, INC., :
Defendants. :

**MEMORANDUM AND ORDER**
**GRANTING PLAINTIFF'S**
**MOTION FOR SANCTIONS**

Before the Court is Plaintiff Astro-Med, Inc.'s Motion for Sanctions against Defendant Nihon Kohden America, Inc. and E.P. Michael Karcis, Esq. (Document ("Doc.") #82) ("Motion for Sanctions" or "Motion"). A hearing was conducted on August 6, 2007. For the reasons stated below, the Motion is granted.

**Introduction**

In this action, Plaintiff Astro-Med, Inc. ("Plaintiff" or "Astro-Med"), alleges, *inter alia*, that a former employee, Defendant Kevin Plant ("Plant"), breached a written agreement which prohibited him from disclosing confidential information obtained through his employment and, for a period of one year after ending his employment with Plaintiff, from working for a competitor. See First Amended Complaint (Doc. #21) ¶ 38. Plaintiff further alleges that Defendant Nihon Kohden America, Inc. ("Nihon Kohden"), induced Plant to breach the agreement by offering him employment and also misappropriated Plaintiff's trade secrets and other confidential business information. See id. ¶ 56, 61.

Nihon Kohden sought to have the action dismissed for lack of personal jurisdiction or, in the alternative, transferred to either the United States District Court for the Central District of California or the United States District Court for the Middle

District of Florida. See Nihon Kohden's Motion to Dismiss for Lack of Personal Jurisdiction; or in the Alternative to Dismiss for Improper Venue; or in the Alternative to Transfer for Improper Venue; or in the Alternative to Transfer for Convenience (Doc. #33). Plaintiff requested and on April 3, 2007, was granted permission to conduct limited jurisdictional discovery as to the business activities of Nihon Kohden and its agents in Rhode Island. See Order (Doc. #46); see also Plaintiff's Motion [for] Enlargement of Time to Respond to Nihon Kohden's Motion to Dismiss, to Defer Ruling and to Permit Jurisdictional Discovery (Doc. #34); Docket entry for 4/16/07 (oral order denying motion for reconsideration of Order of 4/3/07 (Doc. #46)).

The instant Motion for Sanctions is brought pursuant to Fed. R. Civ. P. 37(b) and (d) against Nihon Kohden and its *pro hac vice* counsel, E.P. Michael Karcis. See Motion at 1. The basis for the Motion is the failure of Nihon Kohden and two of its employees, Michael Ohsawa ("Ohsawa") and Gary Reasoner ("Reasoner"), to attend their scheduled depositions on June 11, 2007, in Santa Monica, California. See Plaintiff Astro-Med, Inc.'s Memorandum in Support of Motion for Sanctions against Defendant Nihon Kohden America, Inc. and E.P. Michael Karcis, Esq. ("Plaintiff's Mem.") at 1.

**Magistrate Judge's Authority**

Because discovery is a non-dispositive matter, magistrate judges have authority to order discovery sanctions. See Hutchinson v. Pfeil, 105 F.3d 562, 566 (10th Cir. 1997)(citing 28 U.S.C. § 636(b)(1)(A)); Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1462 (10th Cir. 1988)); Ocelot Oil Corp., 847 F.2d at 1462 ("Discovery is clearly a pretrial matter, and magistrates thus have general authority to order discovery sanctions. They may not do so, however, if those sanctions fall within the eight

dispositive motions[1] excepted in [28 U.S.C. § 636(b)(1)(A)].”); Estates of Ungar v. Palestinian Auth., 325 F.Supp.2d 15, 25 (D.R.I. 2004)(citing Hutchinson); see also Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 6 (1st Cir. 1999)(holding that motions for sanctions premised on alleged discovery violations should be classified as nondispositive); EEOC v. Body Firm Aerobics, Inc., No. 2:03 CV 846 TC, 2006 WL 1579608, at *2 (D. Utah June 1, 2006) (stating that magistrate judges have authority to impose non-dispositive discovery sanctions and declining to disturb imposition of $1,750.00 sanction against defendant's counsel); Phinney v. Paulshock, 181 F.R.D. 185, 199 (D.N.H. 1998)(“A magistrate judge may apply an inherent powers sanction of costs and fees.”); cf. Bell-Flowers v. Progressive Ins. Co., No. 04-3026 BP, 2005 WL 3434818, at *2 n.1 (W.D. Tenn. Dec. 13, 2005) (“[W]hen a party brings a motion for discovery sanctions, the sanction chosen by the magistrate judge, rather than the sanction sought by the moving party, governs the magistrate judge's authority over the motion.”)(citing Phinney v. Wentworth Douglas Hosp.). Accordingly, the Court addresses the instant Motion in this Memorandum and Order as opposed to a report and recommendation.

**Facts**

The circumstances leading up to the failure of Ohsawa and Reasoner to attend the June 11, 2007, deposition are important to

---

[1] The eight dispositive motions identified in 28 U.S.C. § 636(b)(1)(A) are:

> a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action ....

28 U.S.C. § 636(b)(1)(A).

the resolution of the Motion. They are, therefore, recounted in detail.

On March 30, 2007, Plaintiff noticed the Rule 30(b)(6) deposition of Nihon Kohden for April 25, 2007, in Santa Monica, California. See Defendant Nihon Kohden America, Inc.'s Memorandum of Law in Support of Its Objection to Plaintiff's Motion for Sanctions (Doc. #96) ("Nihon Kohden Mem."), Exhibit ("Ex.") A (Notice of 4/25 Deposition). On April 16, 2007, the parties appeared before Chief Judge Mary M. Lisi for a hearing on several motions unrelated to the deposition. See Docket. However, during the hearing, Plaintiff's counsel, Robert M. Duffy ("Attorney Duffy"), referred to the scheduled deposition of Nihon Kohden on April 25. See Nihon Kohden Mem., Ex. C (Letter from Karcis to Duffy of 4/20/07) at 1. After the hearing concluded, Attorney Duffy conferred with Nihon Kohden's pro hac vice counsel, E.P. Michael Karcis ("Attorney Karcis"), regarding the subjects of Nihon Kohden's deposition testimony and the expected length of the April 25 deposition. See Plaintiff's Mem., Ex. C (Affidavit of Robert M. Duffy[,] Esq. ("Duffy Aff.")) ¶ 3. During this conversation, Attorney Karcis made no objection to the deposition taking place as noticed in Santa Monica, California, on April 25, 2007, or to the form of the deposition notice.[2] See id.; see also Nihon Kohden Mem., Ex. C.

Late on Thursday, April 19,[3] 2007, Attorney Karcis served an

[2] Attorney Karcis acknowledges this in his April 20, 2007, letter to Attorney Duffy. See Nihon Kohden Mem., Exhibit ("Ex.") C (Letter from Karcis to Duffy of 4/20/07) at 1.

[3] Attorney Duffy states in his affidavit that the objection was served on Plaintiff by email on April 20, 2007. See Plaintiff Astro-Med, Inc.'s Memorandum in Support of Motion for Sanctions against Defendant Nihon Kohden America, Inc. and E.P. Michael Karcis, Esq. ("Plaintiff's Mem."), Ex. C (Affidavit of Robert M. Duffy, Esq. ("Duffy Aff.")) ¶ 4. However, the Court concludes that this date is in error because, in his April 20, 2007, letter to Attorney Karcis, Attorney Duffy states that he received the objection "last night."

objection by email to the deposition.[4] See Duffy Aff. ¶ 4; see also Nihon Kohden Mem., Ex. B (Defendant Nihon Kohden America, Inc.'s Objections to Plaintiff Astro-Med, Inc.'s Notice of Deposition ("Objection to 4/25 Deposition"). The Objection to 4/25 Deposition alleged that the notice of deposition was deficient on multiple grounds. See id. at 1. Among these grounds were that the notice: 1) failed to describe with reasonable particularity the matters on which examination was requested, see id.; 2) allegedly violated Fed. R. Civ. P. 30(b)(6) by failing to designate one or more individuals to testify on Nihon Kohden's behalf and, for each person designated, the matters on which the person would be asked to testify, see id.; 3) failed "to notice the deposition in the county where the deponent resides, Orange County, California, or the division in which the deponent resides, Southern Division - Santa Ana Federal Courthouse, United States District Court for the Central District of California," id.; and 4) failed "to notice the deposition at the corporate deponent's principal place of business, 90 Ikon Street, Foothill Ranch, California ...," id. at 1-2. The objection concluded by stating that "[n]otwithstanding, but without waiving the foregoing objections ...," id. at 2, Nihon Kohden would designate and produce personnel to testify at the April 25th deposition provided that Plaintiff: a) re-notice the deposition for Nihon Kohden's principal place of business in Foothill Ranch, California; b) describe with reasonable particularity the matters on which examination is requested; and c) "cure the above-referenced defects in its deposition notice by the end of business on **Friday, April 20, 2007**," id. at 2.

In response to this objection, on April 20, 2007, Attorney

---

Plaintiff's Mem., Ex. D (Letter from Duffy to Karcis of 4/20/07) at 1.

[4] The objection was not filed with the Court. See Docket.

Duffy postponed the April 25 deposition and issued new notices of deposition of Nihon Kohden, Ohsawa, and Reasoner for May 17, 2007, at a law office in Santa Monica, California. See Duffy Aff. ¶ 4; see also Plaintiff's Mem., Ex. D (Letter from Duffy to Karcis of 4/20/07) at 1; id., Ex. E (Notice of 5/17 Deposition). Nihon Kohden's counsel, Attorney Karcis, reacted to the postponement by immediately sending a letter dated April 20 to Attorney Duffy. See Nihon Kohden Mem., Ex. C (Letter from Karcis to Duffy of 4/20/07). In the letter, Attorney Karcis stated that Attorney Duffy had "unilaterally reschedul[ed] the deposition to May 17 ...," id. at 1-2, and that, notwithstanding its stated objections, Nihon Kohden was "**ready and willing to go forward with the April 25 depositions, as scheduled,**" id. at 2. Attorney Karcis also responded to an apparent complaint by Attorney Duffy that Nihon Kohden had not made its objection known at the time of the April 16th hearing:

> As for your protestation - that we should have advised you of your defective deposition notice at the April 16 hearing — I fail to see the merit of your stance. That hearing (on our motion for protective order) did not address the propriety of your deposition notice, and our appearance certainly did not require that we educate you as to obvious defects in your notice.

Id. at 1 (footnote omitted).

On April 27, 2007, Attorney Karcis sent another letter to Attorney Duffy, repeating the statement that Attorney Duffy had "unilaterally canceled Nihon Kohden's deposition," id., Ex. D (Letter from Karcis to Duffy of 4/27/07)(the "April 27 Letter") at 1, and noting that Attorney Duffy did not respond to Nihon Kohden's April 20 offer to proceed with the deposition, see id., Ex. D at 1. Attorney Karcis wrote that this lack of response:

> caused us to call you on April 24 -- less than 24 hours before the deposition was scheduled to commence -- only to learn that the deposition was not proceeding. This is

> not the first time your office has failed to provide adequate notice of the cancellation of a deposition.

April 27 Letter at 1.

The depositions did not occur on the rescheduled date of May 17, 2007, because Attorney Duffy suffered a medical emergency which prevented him from traveling by airplane to California. See Duffy Aff. ¶ 4. On May 14, 2007, Attorney Duffy sent a brief letter to Attorney Karcis, advising him of this fact and stating that new deposition notices would be issued "this week for sometime in June 2007." Nihon Kohden Mem., Ex. E (Letter from Duffy to Karcis of 5/14/07).

On or about May 24, 2007, Attorney Duffy's partner, Craig M. Scott ("Attorney Scott"), conferred with Nihon Kohden's local counsel, Bruce Gladstone ("Attorney Gladstone"), regarding June 11, 2007, as a new date for the depositions. See Affidavit of Craig M. Scott, Esq. ("Scott Aff.") ¶ 2. Attorney Gladstone told Attorney Scott that he would get back to him if there was any problem with the June 11, 2007, date. See id. On May 29, 2007, not having heard from Attorney Gladstone, Attorney Scott re-noticed the depositions of Nihon Kohden, Ohsawa, and Reasoner for June 11, 2007, in Santa Monica, California.[5] See Plaintiff's

---

[5] In a May 2, 2007, letter to Attorney Karcis, Plaintiff's counsel, Attorney Duffy, had noted that "Santa Monica, California, is not only in the same city as your office, but well within the mileage requirement [contained in Fed. R. Civ. P. 45(c)(3)(B)(iii)]." Plaintiff's Astro-Med, Inc.'s Memorandum in Support of Emergency Motion to Compel Appearance at Depositions (Doc. #75) ("Plaintiff's Emergency Motion Mem."), Ex. D (Letter from Duffy to Karcis of 5/2/07) at 1. Attorney Duffy further advised Attorney Karcis that:

> I have found no controlling case law which even suggests that the deposition of a corporate party must be taken in the corporate party's office. When the courts refer to principal place of business of the corporate party, they refer to the forum; they certainly do not refer to the actual building of the corporate party. If you have any controlling case law to the contrary, please provide it to me.

Mem., Ex. A (Notice of 6/11 Deposition). In an accompanying cover letter to Attorney Gladstone, Attorney Scott wrote:

> As you know, last week I called to discuss your letter of May 24, 2007[,] and to discuss the rescheduling of the three depositions in California. I proposed June 11th for the rescheduled depositions. As that date is quickly approaching and I have not heard back from you, I attach re-notices of depositions for that date.

Plaintiff Astro-Med, Inc.'s Memorandum in Support of Emergency Motion to Compel Appearance at Depositions (Doc. #75) ("Plaintiff's Emergency Motion Mem."), Ex. E (Letter from Scott to Gladstone of 5/29/07). On June 6 Attorney Scott sent an email to defense counsel regarding the June 11, 2007, depositions and requested that they produce documents and information responsive to Plaintiff's outstanding discovery requests that had not been previously produced. See Scott Aff. ¶ 3.

On Wednesday, June 7, 2007, Nihon Kohden filed objections to the scheduled depositions.[6] In the objections, Nihon Kohden asserted that Plaintiff had improperly set the depositions after the expiration of the Court ordered jurisdictional discovery deadline, Objections to 6/11 Deposition at 1; that the location for the depositions was not in Orange County, California, the county where the deponents resided, or in "the Southern Division, Santa Ana Federal Courthouse, United States District Court for the Central District of California," id.; and that Nihon Kohden, Ohsawa, and Reasoner had previously been made available to

---

Id.

[6] The objections were identically titled as "Defendant Nihon Kohden America, Inc.'s Objections to Plaintiff Astro-Med, Inc.'s Notice of Deposition." See Doc. #68, #69, and #70. The Court hereafter refers collectively to these documents as the "Objections to 6/11 Deposition." Where reference to a particular objection is required, the Court refers to such document as "Objection to 6/11 Deposition" followed by the document number (e.g., Objection to 6/11 Deposition (Doc. #69)).

Plaintiff for deposition on April 25 "and May 11,[7] 2007, and that Plaintiff, by canceling, postponing, and delaying the depositions ... is the cause of its failure to take the requested jurisdictional discovery within the timeframe ordered by the Court," Objections to 6/11 Deposition at 1. Nihon Kohden additionally objected to certain topics of inquiry contained in Exhibit A to the deposition notice. See Objection to 6/11 Deposition (Doc. #68) at 1-2.

The objections were served upon Attorney Duffy and Attorney Scott with a cover letter from Attorney Gladstone, stating that if they did not notify him or Attorney Karcis by 5:00 p.m. on June 7 that Plaintiff was canceling the depositions, Nihon Kohden would file motion for protective orders on the same grounds stated in the objections. See Defendant Nihon Kohden America, Inc.'s Motion for a Protective Order to Plaintiff Astro-Med, Inc.'s Notice of Deposition (Doc. #71) ("Motion for Protective Order"), Ex. A (Letter from Gladstone to Duffy and Scott of 6/7/07). Attorney Duffy and Attorney Scott apparently did not accede to this demand because Nihon Kohden filed motions for protective orders on June 8, 2007.[8] See Docket.

In apparent response to the objections, Plaintiff filed an emergency motion to compel the deponents to appear as scheduled. See Plaintiff Astro-Med, Inc.'s Emergency Motion to Compel Appearance at Deposition (Doc. #74) ("Plaintiff's Emergency Motion"). The Court conducted a hearing at 2:00 p.m. on Friday,

[7] Presumably, "May 11" is a typographical error, and the intended date is May 17, 2007. There is nothing in the record which suggests that Nihon Kohden, Ohsawa, and Reasoner were ever noticed for a deposition on May 11, 2007.

[8] The motions for protective order were identically titled as "Defendant Nihon Kohden America, Inc.'s Motion for a Protective Order to Plaintiff Astro-Med, Inc.'s Notice of Deposition." (Doc. #71, #72, and #73). The Court hereafter refers collectively to these motions as the "Motions for Protective Order."

June 8, 2007, on Nihon Kohden's Motions for Protective Order and Plaintiff's Emergency Motion. The Court denied the Motions for Protective Order and granted Plaintiff's Emergency Motion.[9] See Tape of 6/8/07 Hearing; see also Orders (Doc. #77, #78, and 79) (denying Motions for Protective Orders); Order (Doc. #76) (granting Plaintiff's Emergency Motion). The Court ruled that the depositions of Nihon Kohden, Ohsawa, and Reasoner were to proceed as scheduled and that Plaintiff's counsel was to make his best efforts to move the situs of the deposition "to the Orange County office of Greenberg[,] Traurig," Order (Doc. #76), which was approximately ten miles from Nihon Kohden's location, see Tape of 6/8/07 hearing. However, the Court also ruled that if the Greenberg Traurig office was not available, the depositions were to take place in Santa Monica which was approximately fifty-five miles from Nihon Kohden's location. See id.; see also Order (Doc. #76).

Following the hearing, Attorney Scott contacted the Orange County office of Greenberg Traurig and asked if the depositions could be conducted at that office. See Scott Aff. ¶ 4. He was informed that there was no conference room available on Monday, June 11. See id. Attorney Scott sent a letter to Attorney Gladstone, advising him of this fact and that he (Scott) was "look[ing] forward to seeing you or Mike [Karcis] at Greenberg's Santa Monica office on Monday at 9:00 a.m., as noticed." Id., Ex. 1 (Letter from Scott to Gladstone of 6/8/07). A copy of the letter was transmitted by facsimile and mail to Attorney Karcis.

---

[9] In denying Nihon Kohden's Motions for Protective Order, the Court was influenced by the fact that Nihon Kohden had been aware of the grounds for the objection when the depositions were previously scheduled for April 25 and May 17, yet it had not sought a protective order at that time. The Court viewed Nihond Kohden's near eleventh hour objection unfavorably, especially given the fact that Nihon Kohden had repeatedly stated that it was prepared to proceed with the depositions notwithstanding its objections.

See Scott Aff., Ex. 1.

Also following the June 8 hearing, Attorney Karcis spoke with another lawyer in his law firm, Benjamin L. Kennedy ("Attorney Kennedy"), and informed him that the Court had ordered that the June 11th depositions go forward. See Affidavit of E.P. Michael Karcis in Support of Defendant Nihon Kohden's Objection to Motion for Sanctions ("Karcis Aff.") ¶ 2. Attorney Kennedy then called Ohsawa's office at Nihon Kohden to inform him that his and Reasoner's depositions had been ordered to take place on June 11, 2007.[10] See Affidavit of Benjamin L. Kennedy in Support of Defendant Nihon Kohden's Objection to Plaintiff's Motion for Sanctions ("First Kennedy Aff.") ¶ 3. Attorney Kennedy spoke with an assistant to Ohsawa who informed Attorney Kennedy that neither Ohsawa nor Reasoner were in the office and that they were not expected to return until Tuesday afternoon, June 12. See id. ¶ 4. The assistant stated that Ohsawa and Reasoner were out of town attending a national trade show in Minnesota on June 11. See id. However, the assistant told Attorney Kennedy that she would contact Ohsawa, inform him of the order compelling the depositions, and ask him to contact Attorney Kennedy. See id.

According to Attorney Kennedy, after he learned from the assistant that both Ohsawa and Reasoner were attending a national trade show in Minnesota, he "immediately informed both Michael Karcis and Bruce Gladstone." Affidavit of Benjamin L. Kennedy in Support of Defendant Nihon Kohden's Reply to Plaintiff's Reply on Plaintiff's Motion for Sanctions ("Second Kennedy Aff.") ¶ 3. However, Attorney Gladstone maintains that he was only informed that one of the deponents would be not be available to be deposed and that this information was communicated to him by Attorney

---

[10] As explained hereafter in more detail, apparently neither Ohsawa nor Reasoner had previously been informed that they were to be deposed on June 11.

Karcis between approximately 4:00 p.m. and 4:20 p.m. on June 8. See Tape of 8/6/07 Hearing; see also Affidavit of Bruce W. Gladstone in Support of Defendant Nihon Kohden's Objection to Motion for Sanctions ("Gladstone Aff.") ¶¶ 2, 4. Attorney Karcis' account of his communications with Attorneys Kennedy and Gladstone suggests that he (Karcis) did not tell Attorney Gladstone on June 8 that both deponents were unavailable.[11] See Karcis Aff. ¶ 3.

After receiving the news from Attorney Karcis that one

---

[11] Attorney Karcis states in his affidavit:

> Later that day [June 8, 2007], Mr. Kennedy informed me that the June 11th deponents, Michael Ohsawa and Gary Reasoner[,] were in transit to or at a national trade show in Minnesota. I immediately discussed the matter with Bruce Gladstone at the point **when I learned that Mr. Ohsawa would not be available** and sent a letter dated June 8th to Plaintiff's counsel **when I learned that both Mr. Ohsawa and Mr. Reasoner would not be available** on June 11, 2007[,] as they were both scheduled to be at a national trade show in Minnesota.

Karcis Aff. ¶ 3 (bold added). The above wording appears to indicate: 1) that Attorney Karcis was initially informed by Attorney Kennedy that one deponent was unavailable and that Attorney Karcis communicated that information to Attorney Gladstone; and 2) that Attorney Karcis was later informed, presumably by Attorney Kennedy, that both deponents were unavailable. Upon receiving this second piece of news, Attorney Karcis attempted to communicate it to Attorney Scott by faxing a letter to his office at 7:11 p.m. on Friday, June 8.

This sequence of events is also supported by Attorney Gladstone's account of his communications with Attorney Karcis. Attorney Gladstone states that after the hearing Attorney Karcis called him and advised that one of the deponents was enroute to a business event and would not be available to be deposed on June 11. See Gladstone Aff. ¶¶ 1-2. After apprising Attorney Scott of this information, Attorney Gladstone called Attorney Karcis back and asked which deponent was traveling. See id. ¶ 2. According to Attorney Gladstone, "at that point [Attorney Karcis] only had knowledge that Mr. Ohsawa was traveling outside of California ...." Id.

Thus, Attorney Kennedy's claim that he "immediately informed" Attorneys Karcis and Gladstone on June 8 that both Ohsawa and Reasoner were attending a trade show is directly contradicted by Attorney Gladstone. It also appears to be at odds with Attorney Karcis' communications with Attorney Gladstone.

deponent would be unavailable on June 11, Attorney Gladstone immediately telephoned Attorney Scott and advised him of this information. See Gladstone Aff. ¶ 2. According to Attorney Scott, during this telephone conversation Attorney Gladstone stated that one of the deponents had been "'told that the deposition was called off' and that the deponent either went or was going to a trade show." Scott Aff. ¶ 5. Attorney Scott asked which deponent was unavailable, but Attorney Gladstone did not have this information. See id.; Gladstone Aff. ¶ 2. Attorney Gladstone "called Attorney Karcis back and ascertained that at that point he only had knowledge that Mr. Ohsawa was traveling outside of California and he [Karcis] proposed June 13, 2007[,] as an alternative date for the depositions." Gladstone Aff. ¶ 2.

Attorney Gladstone states that he called Attorney Scott a second time and advised him that it was Mr. Ohsawa who was unavailable. Id. Attorney Gladstone further advised Attorney Scott that all the deponents would be available for deposition on Wednesday June 13, 2007, and that Attorney Scott should delay his trip until then. See id. ¶ 3.

Attorney Scott's version of this second telephone call, which he states occurred around 5:00 p.m., differs in the identity of the missing deponent, but apart from this the two accounts do not conflict. See Scott Aff. ¶ 6; Gladstone Aff. ¶ 5. According to Attorney Scott, Attorney Gladstone told him that it was Reasoner who planned to attend the trade show on June 11, that Reasoner had been told that the depositions had been called off, and that he (Attorney Gladstone) had no idea how Reasoner could have been told this. See Scott Aff. ¶ 6. Attorney Scott "reiterated ... that the depositions were going forward as ordered by the Court, that [he] had purchased non-refundable tickets, and that Mr. Reasoner should be recalled to California

to the extent that he had left California." Scott Aff. ¶ 6. The conversation ended with both attorneys stating that they were leaving the office for the weekend. See id.

At 7:11 p.m. Attorney Karcis faxed a letter to Attorneys Duffy and Scott, stating that "the deponents you designated for deposition on June 11 are not available .... they are currently attending the 21st Annual Meeting of the Associated Professional Sleep Societies in Minnesota." Nihon Kohden Mem., Ex. G (Letter from Karcis to Duffy and Scott of 6/8/07); Duffy Aff. ¶ 5. Attorney Karcis further wrote that the deponents would be available "June 13-15," Nihon Kohden Mem., Ex. G, and that "[t]his minor delay will allow you sufficient time to locate an available conference room in Orange County," id.

Unaware of the June 8 letter from Attorney Karcis,[12] Attorney Scott flew to California on Sunday, June 10. See Scott Aff. ¶ 8. On Monday, June 11, at approximately 8:30 a.m. Attorney Duffy discovered the letter and called Attorney Scott in California to advise him of its contents. See Duffy Aff. ¶ 5. Later that morning at a hearing on a discovery motion, Plaintiff advised the Court that the deponents would not be appearing for scheduled depositions in violation of the Court's order. See Tape of 6/11/07 hearing. Plaintiff's counsel made an oral motion for sanctions and to compel the deponents to appear in Rhode Island for deposition. See id. The Court directed Plaintiff to file a written motion for sanctions and entered an order compelling Nihon Kohden, Ohsawa, and Reasoner to appear in Rhode Island on either June 18 or 19, 2007, for deposition. See Docket entry for 6/11/07.

[12] Attorney Scott left the office after his 5:00 p.m. telephone conversation with Attorney Gladstone. See Scott Aff. ¶ 6. Attorney Duffy left at approximately 5:30 p.m. See Duffy Aff. ¶ 5. The June 8, 2007, letter from Attorney Karcis which was faxed to their office was received at 7:11 p.m. See id.

Ohsawa and Reasoner both testified at their depositions that they were in California on June 8, 9, and at least a portion of June 10, 2007. See Plaintiff Astro-Med, Inc.'s Reply to Defendant Nihon Kohden America, Inc.'s Objection to Plaintiff's Motion for Sanctions (Doc. #98) ("Plaintiff's Reply Mem."), Ex. A (Excerpts of Reasoner Deposition) at transcript page ("Tr.") 14-15; id., Ex. B (Excerpts of Ohsawa Deposition) at Tr. 11, 60. They both stated that they traveled to the trade show on Sunday (June 10). See id., Ex. A at Tr. 13-15; id., Ex. B at Tr. 60. Ohsawa apparently left from San Francisco where he was on vacation, see id., Ex. B at Tr. 11, while Reasoner apparently left from his home in Orange County, id., Ex. A at Tr. 15, 17. Reasoner testified that he thought he had taken June 8 off and was at home on that date. See id., Ex. A at Tr. 17. It appears that Ohsawa was in San Francisco on June 8. See id., Ex. B at Tr. 11.

Surprisingly, Reasoner testified that he did not know he was scheduled to be deposed on June 11 and that the first time he learned that he had been requested to appear for a deposition in this case was on Saturday, June 16, 2007. See id., Ex. A at Tr. 9-11. Ohsawa testified that his first notice of the June 11 deposition came from Attorney Kennedy on Friday, June 8.[13] See

---

[13] Attorney Kennedy implies in his affidavits that he did not speak with Ohsawa until Saturday, June 9. See First Kennedy Aff. ¶¶ 3-5; Second Kennedy Aff. ¶¶ 2-4. While this apparent discrepancy as to when Attorney Kennedy and Ohsawa first spoke regarding the deposition could be attributable to a mistake of memory, the Court has doubts that this is the explanation. Whether Attorney Kennedy spoke to Ohsawa on Friday, June 8, should stand out in the memories of both men. For Attorney Kennedy, given the urgency of the matter, it would be memorable whether he was able to speak with Ohsawa the same day that Attorney Karcis informed him the depositions were going forward. For Ohsawa, it would be memorable because he would have been learning for the first time that he was to be deposed on the following Monday, a circumstance that almost certainly would have engendered some annoyance or resentment on his part given the very short notice. Thus, the Court finds the discrepancy troubling.

Plaintiff's Reply Mem., Ex. B at Tr. 11. However, Ohsawa further testified that Attorney Kennedy informed him on Saturday, June 9 that the depositions had been canceled. See id. Ohsawa denied that he was aware of the Court's June 8, 2007, ruling requiring him to appear for deposition on June 11. See id. at Tr. 12.

In a subsequently filed affidavit, Ohsawa attests that he was not in the office on Friday, June 8, 2007, that he instructed his assistant to inform any callers that he would not return until June 12, following the national trade show in Minnesota, and that on June 8 he received a call from his assistant and was told to call Attorney Kennedy. See Affidavit of Michael Ohsawa in Support of Defendant Nihon Kohden's Reply to Plaintiff's Reply on Plaintiff's Motion for Sanction ("Ohsawa Aff.") ¶ 3-4. Ohsawa further states in his affidavit that he recalls speaking with Attorney Kennedy twice and that he told Kennedy that he believed that Reasoner "was already at or in transit to the national trade show." Id. ¶ 5. Ohsawa affirms that he "understood that the June 11 depositions had been or would be rescheduled because of my being in San Francisco and Mr. Reasoner being in Minnesota." Id.

**Travel**

As previously mentioned, Plaintiff orally moved for sanctions at the June 11, 2007, hearing, but was directed by the Court to file a written motion. Plaintiff complied with this directive and filed the instant Motion on June 19, 2007. Nihon Kohden filed its objection to the Motion on July 6, 2007. See Defendant Nihon Kohden America, Inc.'s Objection to Plaintiff's Motion for Sanctions (Doc. #96). Plaintiff filed a reply memorandum on July 11, 2007. See Plaintiff's Reply Mem. Nihon Kohden then moved for leave to file a response to Plaintiff's Reply Mem., and the Court granted this request on July 13, 2007. See Docket. Nihon Kohden's response to Plaintiff's Reply Mem.

was filed on July 17, 2007. See Defendant Nihon Kohden America, Inc.'s Reply to Plaintiff's Reply on Plaintiff's Motion for Sanctions (Doc. #101) ("Nihon Kohden Reply Mem."). The Court conducted a hearing on the Motion on August 6, 2007, and, thereafter, took the matter under advisement.

**Law**

As the conduct which forms the basis for the instant Motion occurred prior to the December 1, 2007, effective date of the 2007 Amendments to the Federal Rules of Civil Procedure, the Court applies the pre-amendment Rules and case law. See Toth v. Grand Trunk R.R., 306 F.3d 335, 343 n.2 (6th Cir. 2002)(applying pre-2000 rules where all portions of the suit relating to plaintiff's motion for sanctions were completed prior to the effective date of the 2000 amendments); id. ("Generally, a new procedural rule applies to the uncompleted portions of suits pending when the rule became effective ....")(quoting Richardson Elecs., Ltd. v. Panache Broad. of Pa., Inc., 202 F.3d 957, 958 (7th Cir. 2000))(alteration in original); cf. United States v. Soto-Beníquez, 365 F.3d 1, 37 n.8 (1st Cir. 2004)(applying pre-amendment rules and case law where trial took place before effective date of amendments to Federal Rules of Evidence); Legault v. Zambarano, 105 F.3d 24, 27 n.1 (1st Cir. 1997)(noting that district court had applied the civil rules as they existed prior to the 1993 amendments out of concern that application of rules in their later form might be unfair to defendants given that the misconduct occurred before the effective date of the amendments). The Court also notes that the Advisory Committee Note to the 2007 Amendment of Rule 37 indicates that the "changes are intended to be stylistic only." Fed. R. Civ. P. 37 advisory committee's note. Thus, they do not affect the determination of the instant Motion.

The pre-December 1, 2007, version of Fed. R. Civ. P. 37(b)

provided in relevant part:

> (2) Sanctions by Court in Which Action is Pending. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just ....

Fed. R. Civ. P. Rule 37(b)(2). The Rule further provided that:

> [T]he court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Id. Before sanctions may be imposed pursuant to Fed. R. Civ. P. 37(b)(2), there are two conditions precedent. See R.W. Int'l Corp. v. Welch Foods, Inc., 937 F.2d 11, 15 (1st Cir. 1991). A court order must be in effect, and the order must be violated. See id.; see also Williams v. United States, 156 F.3d 86, 89 n.1 (1st Cir. 1998)("Sanctions under Rule 37(b)(2) may not be levied without the issuance, and subsequent violation, of a formal order under Rule 37(a).")(citing R.W. Int'l Corp., 937 F.2d at 19).

When non-compliance with an order occurs, the "court should consider the totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation." Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003). The appropriateness of sanctions depends upon the facts of the particular case, taking into consideration "the chronology of the case and the totality of the attendant circumstances." Torres-Vargas v. Pereira, 431 F.3d 389, 392 (1st Cir. 2005). "[A] party's disregard of a court order is paradigmatic example of

extreme misconduct," Torres-Vargas, 431 F.3d at at 393, and a party flouts a court order at its peril, id.

Rule 37(d) provided in relevant part:

> (d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice ..., the court in which the action is pending on motion may make such orders in regard to the failure as are just .... In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
>
> The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c).

Fed. R. Civ. P. 37(d).

Sanctions may be applied against a party who fails to appear for his own deposition after being served with proper notice. See United States v. Pole No. 3172, Hopkinton, 852 F.2d 636, 641 (1st Cir. 1988). The decision to sanction and the choice of the sanction lie in the discretion of the district judge. See id. Among the considerations that go into the choice of a sanction are the willfulness or bad faith of the non-complying party and the prejudice to the opposing party resulting from the failure to appear. See id.

**Discussion**

Nihon Kohden argues that when its counsel "learned [on June 8, 2007] that Messrs. Ohsawa and Reasoner were in transit to or at a national trade in Minnesota[,] Nihon Kohden's counsel

immediately informed Plaintiff's counsel of this fact." Nihon Kohden Mem. at 4 (citing Karcis Aff. and Gladstone Aff.); see also Nihon Kohden Reply Mem. at 2 (making same assertion and referring to Nihon Kohden's counsel in the plural). Nihon Kohden contends that an award of sanctions against it or its counsel is not justified because Attorney Scott refused to "agree to a short continuance of two days to accommodate the deponents attending a very important Trade Show where Defendant, Nihon Kohden[,] was an exhibitor ...." Nihon Kohden Mem. at 5. Describing Attorney Scott's conduct as "obstinate," id., Nihon Kohden asserts that he unilaterally opted to attend the depositions when he knew that they could not go forward. See id. at 6; see also Nihon Kohden Reply Mem. at 2 (asserting that "Plaintiff's counsel chose to ignore this fact [that Ohsawa and Reasoner were allegedly unavailable] and travel to California ..."). It submits that the "issue before this Court is whether Nihon Kohden and its counsel should be sanctioned for innocent miscommunication that resulted in no harm to Plaintiff." Nihon Kohden Mem. at 6.

The Court rejects Nihon Kohden's assertion that Attorney Scott knew the depositions would not take place and that he traveled to California despite such knowledge. Attorney Gladstone confirmed at the August 6, 2007, hearing that when he spoke to Attorney Scott on June 8 he (Gladstone) only knew that one of the deponents would be unavailable. Therefore, he could not have told Attorney Scott during their telephone conversations that both deponents were unavailable. Attorney Karcis' faxed letter which contained this information did not arrive at Attorney Scott's office until well after normal business hours (especially on a Friday in June). Thus, the Court finds that Attorney Scott did not know when he flew to California that neither of the deponents would appear for the deposition.

The Court also rejects Nihon Kohden's argument that Attorney

Scott acted unreasonably in refusing to agree to a postponement. Attorney Gladstone was unable to provide Attorney Scott with any explanation as to how one of the deponents could have been told that the deposition had been "called off." Scott Aff. ¶ 5. Attorney Gladstone did not know initially the name of the deponent or if he was one of the Rule 30(b)(6) designees. See id. Given that only two hours earlier the Court had denied Nihon Kohden's Motion for Protective Orders and had granted Plaintiff's Motion to Compel, Attorney Scott's difficulty in fathoming how such a mix-up could have occurred is readily understandable. His unwillingness to reschedule the depositions to the dates Attorney Gladstone offered is also understandable. He had purchased non-refundable tickets and no doubt had adjusted his schedule so as to be able to conduct the depositions on June 11. It was still Friday, more than forty-eight hours before the start of the depositions. If the deponent was en route or already at a trade show, there was still sufficient time to contact him and have him return to California in time to attend the deposition. In fact, Attorney Scott told Attorney Gladstone that the deponent needed to be recalled. See id. ¶ 6. Given the circumstances (i.e., Nihon Kohden's apparent disregard of the Court's just-announced order), it was not unreasonable for Attorney Scott to believe that Nihon Kohden would undertake the necessary recall. Based on what was known to Attorney Scott, it was entirely reasonable for him to conclude that, at worst, he would only be able to depose one of the deponents and that, at best, the recall effort would be successful and both deponents would be in attendance. Thus, the Court finds that Attorney Scott was justified in refusing to postpone the depositions and that he acted reasonably in traveling to California given the information which Attorney Gladstone provided.

The Court also disagrees with Nihon Kohden's premise that

all that is involved here is an "innocent miscommunication which resulted in no harm to Plaintiff." Nihon Kohden Mem. at 6. Plaintiff clearly suffered harm in that its counsel, Attorney Scott, had to travel across the country for no purpose, wasting time and money. It is also not clear what the "innocent miscommunication" was which caused this debacle. Nihon Kohden does not identify it in its memorandum. See id. In its reply memorandum, Nihon Kohden indicates that Attorney Kennedy relied on the statement from Ohsawa's assistant that Ohsawa and Reasoner were out of town attending a national trade show in Minnesota; that Attorney Kennedy communicated this fact to Attorneys Karcis and Gladstone; and that they, in turn, communicated it to Plaintiff's counsel. See Nihon Kohden Reply at 1-2; Second Kennedy Aff. ¶ 3. Assuming that this is the "innocent miscommunication," the Court has already pointed out that Attorney Gladstone denies that he was informed on June 8 that both deponents were unavailable and that, therefore, he could not have communicated this information to Attorney Scott.

Moreover, Attorney Kennedy's affidavits raise more questions than they answer. He acknowledges speaking with Ohsawa on Saturday, June 9, 2007, but states "at that time Bruce Gladstone had already canceled the depositions." Second Kennedy Aff. ¶ 4. Yet, there is no evidence that Attorney Gladstone canceled the depositions. Indeed, Attorney Gladstone was on notice from his conversation with Attorney Scott that the depositions were going forward and that Nihon Kohden needed to recall the missing deponent.

Given the circumstances, the Court has great difficulty understanding how Attorney Kennedy could have concluded that the depositions were canceled and that he could make that statement to Ohsawa on Saturday, June 9. Attorney Karcis had told him on June 8 that the Court had ordered that the June 11 depositions

would go forward as scheduled. See Karcis Aff. ¶ 2. When Oshawa's assistant subsequently told him that Ohsawa and Reasoner were out of town at a trade show, see Second Kennedy Aff. ¶ 3, alarm bells should have gone off in Attorney Kennedy's head that Nihon Kohden was in perilous circumstances and that it could be sanctioned for violating the Court's order. For Attorney Kennedy to have assumed, as Nihon Kohden suggests, that the problem could be rectified and sanctions avoided merely by notifying Plaintiff's counsel that the depositions could not go forward because the deponents had gone to a trade show defies comprehension. At a minimum, Attorney Kennedy should have sought confirmation from either Attorney Karcis or Attorney Gladstone that Plaintiff's counsel had agreed to postpone the depositions and that it was no longer necessary for Ohsawa and Reasoner to appear as scheduled.

The Court also has great difficulty understanding why Ohsawa had no knowledge of the scheduled June 11 deposition after the Court had denied Nihon Kohden's Motions for Protective Order. It has even greater difficulty understanding why Reasoner was never notified that he was scheduled to be deposed on June 11. The only conclusion which the Court can draw from Ohsawa's and Reasoner's deposition testimony is that Nihon Kohden's counsel failed to notify them of the June 11 depositions. Given that Plaintiff had noticed their depositions on May 29, 2007, this failure is at the very least negligent. It cannot be excused as an "innocent miscommunication." If Ohsawa and Reasoner had been notified of their depositions, they presumably would not have gone to the trade show and would have been available to be deposed by Attorney Scott on June 11. This entire problem, thus, could have been avoided.

The failure also tends to explain why Nihon Kohden's counsel apparently chose to try to reschedule the depositions to June 13-

15 rather than tell Ohsawa and Reasoner that they must abandon their planned travel to Minneapolis and instead attend a deposition in Santa Monica. Having given Ohsawa and Reasoner no prior notice of the depositions, such a directive no doubt would have been difficult for their counsel to explain. Indeed, from the viewpoint of Ohsawa and Reasoner, it would have appeared that this Court had suddenly decided on a Friday afternoon that they should be deposed the following Monday morning heedless of the disruption in their personal lives such an order would cause.[14]

Ohsawa's and Reasoner's deposition testimony also raises questions about the accuracy of statements by Nihon Kohden in its Objections to the 6/11 Deposition. In the objections, Nihon Kohden stated that it objected to the "deposition notice on the grounds that both Nihon Kohden and its employees were previously made available to Plaintiff for deposition in this action, on April 25 and May 11,[15] 2007 ...." Objection to 6/11 Deposition (Doc. #69) (Doc. #70) at 1. Given that Reasoner was never informed that his deposition had been noticed for these dates,[16]

---

[14] The Court's conclusion that Nihoden Kohden's counsel failed timely to notify Ohsawa and Reasoner of their scheduled June 11 depositions is bolstered by Ohsawa's testimony that he was not aware of the June 8 denial of the motion for protective order which had been filed on his behalf. See Plaintiff's Reply Mem., Ex. B at Tr. 12. Given Nihon Kohden's opposition to the June 11 depositions, the reasonable course of action for its counsel would have been to notify Ohsawa and Reasoner of the depositions and also tell them that Nihon Kohden was moving for a protective order to prevent the depositions from going forward. It was not reasonable for Nihon Kohden's counsel to assume, as they apparently did, either that the Motions for Protective Order would be granted or, if they were denied, that Ohsawa and Reasoner could be produced on Monday notwithstanding the lack of prior notice.

[15] See n.7.

[16] Reasoner testified unequivocally that the first time he learned he had been requested to appear at a deposition in this case was on Saturday, June 16, 2007, and that prior to that date he was not aware of this fact. Plaintiff's Reply Mem., Ex. A at Tr. 9-10. It is

see Plaintiff's Reply Mem., Ex A at Tr. 9-10, the Court fails to see the factual basis for Nihon Kohden's claim that its employees were previously made available to Plaintiff for deposition.[17]

Similarly, the Court fails to see any basis for Attorney Karcis' complaint, voiced in his April 27 letter to Attorney Duffy, that Plaintiff allegedly failed to provide adequate notice of the cancellation of the April 25 deposition. Attorney Duffy notified Attorney Karcis of the cancellation on April 20, which was five days prior to the scheduled date. See Plaintiff's Mem., Ex. D at 1. Attorney Karcis' assertion that Nihon Kohden learned "less than 24 hours before the deposition was scheduled to commence ... that the deposition was not proceeding," Nihon Kohden Mem., Ex D at 1, is not justified by his claim that Plaintiff had allegedly failed to responded to Nihon Kohden's April 20 offer to go forward with the deposition.[18] Given

---

unclear whether Ohsawa was informed of the April 25 and May 17 dates. See id., Ex. B at Tr. 10-11.

[17] The version of Fed. R. Civ. P. 11(b) which was in effect at the time Nihon Kohden filed these objections provided in relevant part:

> (b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented person is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
>
> ....
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery ....

Fed. R. Civ. P. 11(b) (prior to Dec. 1, 2007, amendment).

[18] Nihon Kohden repeatedly cites its alleged willingness to proceed with the April 25, 2007, deposition as scheduled, notwithstanding its objections, and faults Plaintiff for not accepting

Attorney Duffy's unequivocal statement that he was "moving the depositions to May 17, 2007 ..., Plaintiff's Mem., Ex. D at 1, the contention that Nihon Kohden's offer to proceed with the depositions resurrected the April 25 date and that Attorney Karcis was genuinely surprised to "learn[]" on April 24 that Mr. Duffy did not have flight plans, Nihon Kohden Mem., Ex. D at 1, is untenable.

Equally, if not more, disturbing to the Court is the implication in Attorney Karcis' letter that the cancellation of the April 25 depositions resulted in inconvenience to Nihon Kohden and its witnesses. See Nihon Kohden Mem., Ex. D at 1 ("This is not the first time your office has failed to provide adequate notice of the cancellation of a deposition."). As already noted, it appears that Attorney Karcis never informed Reasoner (and possibly Ohsawa) of the April 25 deposition. Therefore, its cancellation could not have inconvenienced them. In short, the Court sees no factual basis for Attorney Karcis' complaint. It appears to have been an act of gamesmanship.

The foregoing circumstances weigh heavily in favor of granting the instant Motion. They reveal that Nihon Kohden's counsel are guilty not only of a single negligent lapse in failing to notify deponents of a scheduled deposition, but that they have failed to give such notice on multiple occasions (April 25, May 17, and June 11). Despite not having notified the deponents of scheduled dates, Nihon Kohden and Attorney Karcis have not hesitated to claim in filings with this Court and in communications with opposing counsel that the deponents "were

---

this offer. However, one of the objections was to the location of the deposition, and Nihon Kohden did not state that it was withdrawing this objection. Attorney Duffy's disinclination to make a cross-country trip when there was still uncertainty whether Nihon Kohden would appear at the designated location for the deposition is understandable.

made available" to Plaintiff and to imply that Plaintiff's rescheduling of the depositions has resulted in inconvenience to the deponents. Such conduct smacks of gamesmanship. Thus, in this case the chronology and the totality of the attendant circumstances weigh in favor of granting the Motion.

**Summary**

In summary, Nihon Kohden violated the Court's order of June 8, 2007, which granted Plaintiff's Emergency Motion and required Nihon Kohden, Ohsawa, and Reasoner to be deposed as scheduled on June 11, 2007. The failure of the deponents to attend the scheduled depositions was not substantially justified, and other circumstances do not make the award of expenses, including attorney's fees, unjust. Accordingly, pursuant to Fed. R. Civ. P. 37(b)(2) and (d), Plaintiff's Motion is granted.

**Choice of Sanction**

Even if the Court were to accept Nihon Kohden's explanation that the failure of Ohsawa and Reasoner to attend their depositions was the due to an "innocent miscommunication" among defense counsel and/or Ohsawa's assistant, the Court sees no reason why Plaintiff should bear the financial consequences of the error made by Nihon Kohden and its counsel. Thus, at a minimum Plaintiff should be compensated for all costs, including attorney's fees and travel-related expenses, in connection with Attorney Scott's wasted trip to California. Plaintiff's request for such reimbursement is, therefore, granted.

Because the Court has concluded that Nihon Kohden and Attorney Karcis are culpable for the failure of Ohsawa and Reasoner to be timely notified of the June 11 depositions—the primary reason the deposition did not take place—an award of attorney's fees for the preparation and arguing of this Motion is appropriate. This request by Plaintiff is also granted.

The only real question is whether Nihon Kohden and Attorney

Karcis should be ordered to pay an additional penalty. Plaintiff seeks such an additional penalty in the form of a $10,000.00 payment from Nihon Kohden and Attorney Karcis. <u>See</u> Plaintiff's Mem. at 12. Weighing in favor of such penalty is the fact that the failure to provide Ohsawa and Reasoner with timely notice of their scheduled depositions appears not to have been an isolated occurrence, but, at least in Reasoner's case, a continuation of a course of conduct of negligently or intentionally failing to notify a deponent of his scheduled deposition date. Notwithstanding this failure, Nihon Kohden and Attorney Karcis, seemingly engaging in litigation gamesmanship, complained about the inconvenience resulting from Plaintiff's postponements of the April 25 and May 17[19] depositions and also claimed, without any apparent factual basis, that Nihon Kohden had made Reasoner available to Plaintiff for deposition on these earlier dates.

Weighing against the imposition of any additional penalty is the fact that the attorney's fees and expenses which the Court has already awarded will likely be substantial given the time and travel involved. Although it is something of a close question, after considerable reflection the Court concludes that an additional financial sanction beyond those already imposed is not required to adequately compensate Plaintiff for the harm it suffered and to deter Nihon Kohden, Attorney Karcis, and other defendants from similar conduct in the future. Accordingly, the Court declines to grant Plaintiff's request for a payment of $10,000.00 by Nihon Kohden and Attorney Karcis.

**Sanction**

After considering the chronology of the case and the totality of the attendant circumstances, the Court orders:

---

[19] Nihon Kohden faults Attorney Duffy for not explaining why his partner, Attorney Scott, "could not take the depositions as scheduled [on May 17, 2007]." Nihon Kohden Mem. at 4.

1. that Nihon Kohden and Attorney Karcis, jointly and severally, shall compensate Plaintiff's law firm, Duffy, Sweeney & Scott, for the time spent by Attorney Scott away from the office and Plaintiff's fees and expenses incurred as a result of its counsel flying to Santa Monica, California, and appearing at the deposition on June 11, 2007;

2. that Nihon Kohden and Attorney Karcis, jointly and severally, shall reimburse Plaintiff for the fees incurred in preparing and arguing the Motion, including time spent preparing Plaintiff's Reply and reading and preparing to respond at the August 6, 2007, hearing to Nihon Kohden's reply memorandum;

3. that within ten (10) days of the date of this Order, Plaintiff shall submit to the Court a statement of the amount of the attorney's fees and expenses it seeks pursuant to paragraphs 1 and 2 above; and

4. that within seven (7) days of such submission, Nihon Kohden and/or Attorney Karcis shall file any objections to the attorney's fees and/or expenses sought by Plaintiff. If no objections are filed, Nihon Kohden and Attorney Karcis shall pay Plaintiff's law firm the amount sought within ten (10) days of the date the submission is made. If an objection is filed, Nihon Kohden and Attorney Karcis shall pay the amount the Court orders within ten days of the Court's ruling on any objection.

**Conclusion**

For the reasons stated above, Plaintiff's Motion for Sanctions is granted. Plaintiff and Nihon Kohden will comply with the requirements stated in the above "Sanction" paragraph.

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
January 3, 2007