**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ASTRO-MED, INC.,

Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.

Defendants.

**DEFENDANT NIHON KOHDEN AMERICA, INC.'S OBJECTION TO PLAINTIFF'S REQUEST FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**

Defendant Nihon Kohden America, Inc. ("Nihon Kohden") will and hereby does object to Plaintiff's request for attorneys' fees and costs.

This objection is based on the Memorandum attached hereto, the concurrently filed Affidavit of Bruce Gladstone, and upon the papers, records and pleadings filed herein.

NIHON KOHDEN AMERICA, INC.
By Its Attorneys,

/s/ Bruce W. Gladstone
Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
PHONE: (401) 331-5700
FAX: (401) 331-5787

/s/ E.P. Michael Karcis
E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
PHONE: (310) 450-9353
FAX: (310) 581-8006

Date: January 22, 2008

CERTIFICATION

The undersigned hereby certifies that on the 22nd day of January, 2008, a copy of the foregoing was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

Stacey P. Nakasian, Esquire
snakasian@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Building, Suite 1200
Providence, RI 02903

Craig M. Scott, Esquire
cscott@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Robert M. Duffy, Esquire
rduffy@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

/s/ Bruce W. Gladstone

G:\pec\PLANT, KEVIN\NK's Obj Request Fees & Memo.doc

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,

Plaintiff,

v. C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.

Defendants.

**DEFENDANT NIHON KOHDEN AMERICA, INC.'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO PLAINTIFF'S REQUEST FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**

## I. SUMMARY OF FACTS

This Court's January 3, 2008 ruling (the "January 3rd Ruling") concerns the unavailability of Nihon Kohden's witnesses to appear for deposition on June 11, 2007. The January 3rd Ruling allows Plaintiff to request limited attorneys' fees as a sanction (an addition to the sanction which has been fully complied with by the Defendant, Nihon Kohden, requiring Nihon Kohden's two witnesses, at its own expense, to travel to Rhode Island for their depositions, which occurred on June 19, 2007). However, Plaintiff counsel is requesting duplicative and exorbitant fees and costs. Moreover, Plaintiff's claim for over $20,000.00 in attorneys' fees and costs is outrageous based on the time spent on the motion leading to the January 3rd Ruling and the inflated hourly rates and amounts claimed. The complete picture regarding this issue requires review of facts going back to April 2007.

Prior to the April 16, 2007 hearing on Nihon Kohden's motion for protective order, Plaintiff served written discovery and a notice for the deposition of an unspecified Nihon Kohden representative -- a person most knowledgeable -- without a statement or list of the categories of examination. While Nihon Kohden did not seek a protective order regarding this discovery,[1] Plaintiff asserted (as part of its request for sanctions) that Nihon Kohden's objections (such as a request for documents being "vague") should have been raised at the April 16, 2007

[1] Nihon Kohden sought a protective order regarding Plaintiff's subpoenas on third parties, requesting an order requiring Plaintiff to provide reasonable notice of ten (10) business days, and (2) providing an enlargement of time for nonparties to respond to Plaintiff's subpoenas issued in this action.

hearing. However, Nihon Kohden did not seek a protective order regarding the deposition of Nihon Kohden or Plaintiff's written discovery.[2] Rather, at that time, Nihon Kohden asserted it valid objections to Plaintiff's discovery, especially Plaintiff's clearly defective notice of deposition.[3]

At the conclusion of the April 16, 2007 hearing, before counsel left the courtroom, Plaintiff's counsel, Robert Duffy, approached counsel for Nihon Kohden. At that time, counsel discussed only the issue of written discovery responses, not the depositions or objections thereto. Confirming this fact, as stated in the letter of E.P. Michael Karcis dated April 20, 2007 (see Nihon Kohden Mem., Ex. C (Letter from Karcis to Duffy of 4/20/07) at p. 1), discussions between counsel regarding the depositions took place on April 17th, the day *after* the April 16th hearing.

Even though Plaintiff's notice of deposition was defective, Nihon Kohden agreed to proceed with the deposition on April 25 (*see* Nihon Kohden Mem., Ex. C (Letter from Karcis to Duffy of 4/20/07) at p. 1). However, Plaintiff's counsel unilaterally, without notice, cancelled the deposition.

Plaintiff's counsel then re-noticed the deposition for May 11th and then (again) unilaterally canceled the deposition. This second unilateral cancellation by Plaintiff was followed by Plaintiff's counsel again re-noticing the deposition for June 11, 2007. Disputes concerning the June 11 depositions gave rise to the January 3rd Ruling.

Nihon Kohden's witnesses were unavailable on June 11, 2007, due to their pre-scheduled attendance at the 21st Annual Meeting of the Associated Professional Sleep Societies in Minnesota – a fact known to Plaintiff due to Plaintiff's own attendance at the Conference. Nihon Kohden made every effort to produce the requested deponents (and did, in fact, produced its witnesses, in Rhode Island, on June 19th, at its own expense) and advised Plaintiff's counsel of their unavailability on June 11, 2007 by letter and phone communications on June 8, 2007. The

---

[2] At the April 16th hearing, the Court inquired whether there were any additional matters that required a protective order. Because there was no need for a protective order regarding the noticed deposition of Nihon Kohden, the matter was not raised as a disputed issue.

[3] As noted in the January 3rd Ruling, Plaintiff's notice for the deposition of Nihon Kohden merely stated Plaintiff's intent to take the deposition of Nihon Kohden on April 25, 2007 but failed to comply with Federal Rule of Civil Procedure 30(b)(6). Specifically, the deposition notice failed to: (i) describe with reasonable particularity the matters on which examination is requested; or (ii) designate one or more individuals to testify on Nihon Kohden's behalf and, for each person designated, the matters on which the person will be asked to testify. Nihon Kohden objected on additional grounds as well.

January 3rd Ruling allows Plaintiff to request attorneys' fees and costs: (i) "for the time spent by Attorney Scott away from the office and Plaintiff's fees and expenses incurred as a result of its counsel flying to Santa Monica, California, and appearing at the deposition on June 11, 2007"; and (ii) "incurred in preparing and arguing the Motion, including time spent preparing Plaintiff's Reply and reading and preparing to respond at the August 6, 2007, hearing to Nihon Kohden's reply memorandum." The fees and costs Plaintiff has requested are duplicative and outrageous and should be denied.

**A. Fees and Costs Regarding Travel to California**

Although Plaintiff did not provide the specific fees and expenses incurred in connection with travel to Santa Monica, California, the Supplemental Affidavit of Craig M. Scott, Esq. (Docket Entry No. 134) states that the fees and costs requested includes both. Moreover, of material concern is the fact that based on a statement made by Attorney Scott to Bruce Gladstone during their telephone conversation of late Friday afternoon, June 8, 2007, and a review of the Court dockets in the Katz cases identified below, Mr. Scott appears to have neglected to inform this Court that he in fact traveled to California on business separate from this action. In this regard, through a search on **"Pacer"**, Nihon Kohden America has now discovered that Mr. Scott and his firm represent parties in two California civil actions pending before the United States District Court for the Central District of California cases: (i) Ronald A. Katz Technology Licensing LP v. Citizens Financial Group, Inc., Case No. 2:07-cv-04964-RGK-FFM; and (ii) In re Katz Interactive Call Processing Patent Litigation, Case No. 2:07-ml-01816-RGK-FFM (the "Katz cases"). Affidavit of Bruce W. Gladstone, ¶ 8; Exhibit A. The docket entry in **2:07-ml-01816-RGK-FFM** for June 12, 2007, *i.e.*, one day after the subject June 11, 2007 date for the taking of the scheduled depositions, states:

> 6/12/07 #27 MINUTES OF Initial Conference held before Judge R. Gary Klausner: INITIAL CONFERENCE. Case called. Court and counsel confer. Lead counsel for each defendant identify themselves. Matthew Moore of the Howrey firm is ordered as liaison counsel. The Court informs counsel that it must recuse itself on the Chevron matter, CV 07-2295 RGK (FFMx). The parties are ordered to file a report regarding the status of their contact with the settlement judge, no later than 6/19/07. All stays are lifted; all previous orders are reinstated; and all pending motions shall be refilled [sic] in this Court within 20 days. Discovery cut-off is 4/14/2008; the last day to file any

> Motions for summary judgment is 5/14/2008., Any issue of conflict of attorneys shall be briefed and filed no later than 6/19/2007 and oppositions filed not later than 6/25/2007. Not later than 6/25/2007, the parties shall file a report informing the Court of any issues that may be consolidated or streamlined; and identify 15 claims and 10 patents to be decided by way of Markman hearing. The Court sets a further Status Conference for 8/14/2007 at 09:30 AM. Court Reporter: Lynne Smith (jp) (Entered: 06/15/2007) See **Exhibit A** attached to the Affidavit of Bruce W. Gladstone.

The fact that Mr. Scott appears to have in fact traveled to California to work on the Katz cases explains why Mr. Scott, despite Nihon Kohden's counsel's efforts to advise him that the deponents were unavailable for the June 11 deposition, nevertheless made the trip to California.

Thus, Plaintiff may be attempting to obtain these exorbitant and duplicative fees and costs that would have been incurred even if the June 11th depositions had not been ordered to go forward, for travel to and time spent in California which was otherwise utilized by Attorney Scott to attend to matters in the Katz cases. Thus, Plaintiff should not be awarded any fees or costs in connection with Mr. Scott's travel to California and time spent in California on separate business.

**B. Fees Regarding Motion Work**

In addition to the possibility that Plaintiff is overreaching by seeking payment for billing for the travel to California and the time spent in California on the separate Katz cases, Plaintiff's counsel incredulously would have this Court believe that it incurred $10,000.00 to $20,000.00 in "fees incurred in preparing and arguing the Motion, including time spent preparing Plaintiff's Reply and reading and preparing to respond at the August 6, 2007, hearing to Nihon Kohden's reply memorandum."[4] Such a demand is excessive, not reasonable and should not be sustained by the Court.

The hourly rates of $365 for Mr. Scott and his partner, Robert M. Duffy, are inflated. The customary rate for counsel such as Craig M. Scott and Robert M. Duffy is $225 to $325. Affidavit of Bruce W. Gladstone, ¶ 9. Moreover, the total amount of fees claimed is not commensurate with the motion work performed. Plaintiff's counsel was not required to incur

---

[4] It is not possible to determine the actual amount of fees Plaintiff is claiming for the motion work, because Plaintiff's counsel's summary of fees (Exhibit A to the Supplemental Affidavit of Craig M. Scott) fails to specify the fees incurred for the California travel and those incurred for the motion work.

extra travel expenses, since the depositions of Nihon Kohden's representatives occurred in Rhode Island on June 19th with Nihon Kohden incurring the time and expense of travel to Rhode Island (as a sanction for nonappearance on June 11th). Additionally, any of Plaintiff's counsel's time spent to prepare for those depositions would necessarily have been incurred by counsel and therefore should not be considered in the calculation of any sanctions by the Court.

## II. CONCLUSION

Plaintiff's claims for attorneys' fees and costs pursuant to the January 3rd Ruling are duplicative and outrageous. In addition, Plaintiff's counsel may well have traveled to California for business separate from this action. Additionally, Plaintiff's counsel's fees regarding the motion work are unreasonable and excessive. Moreover, Nihon Kohden has already been sanctioned when it was required to produce witnesses in Rhode Island for deposition.

Therefore, Nihon Kohden respectfully requests that this Court deny Plaintiff's request for further sanctions as presented by Plaintiff. In the alternative, it is respectfully requested that this Court conduct an *in camera* review of the billing records upon which Plaintiff is relying in its request for attorneys' fees and costs and otherwise inquire of Attorney Scott as to other matters he attended to while in California, including but not limited to the Katz cases.

NIHON KOHDEN AMERICA, INC.
By Its Attorneys,

/s/ Bruce W. Gladstone

Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
PHONE: (401) 331-5700
FAX: (401) 331-5787

/s/ E.P. Michael Karcis

E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
PHONE: (310) 450-9353
FAX: (310) 581-8006

Date: January 22, 2008

CERTIFICATION

The undersigned hereby certifies that on the 22nd day of January, 2008, a copy of the foregoing was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

Stacey P. Nakasian, Esquire
snakasian@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Building, Suite 1200
Providence, RI 02903

Craig M. Scott, Esquire
cscott@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Robert M. Duffy, Esquire
rduffy@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

/s/ Bruce W. Gladstone

G:\pec\PLANT, KEVIN\NK's Memo in Support of Obj Req. Fees.doc