# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,

Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.

Defendants.

## AFFIDAVIT OF BRUCE W. GLADSTONE, ESQ. IN SUPPORT OF OBJECTION TO PLAINTIFF'S REQUEST FOR AN AWARD OF ATTOREYS' FEES AND COSTS

I, Bruce W. Gladstone, declare as follows:

1. I am an attorney at law, licensed to practice before all Courts in the State of Rhode Island. I am an attorney with the firm of Cameron & Mittleman LLP and am one of the attorneys of record for Defendants, Nihon Kohden America, Inc. ("Nihon Kohden") and Kevin Plant. The following statements are made of my own personal knowledge, and if called upon as a witness, I could and would competently testify thereto.

2. Before an April 16, 2007 hearing on Nihon Kohden's Motion for Protective Order, Plaintiff served written discovery and a Notice for the deposition of an unspecified Nihon Kohden representative -- a person most knowledgeable -- without a statement or list of the categories of examination. While Nihon Kohden did not seek a protective order regarding these discovery documents, it has been claimed that Nihon Kohden's objections (such as a request for documents being "vague") should have been raised at the April 16th hearing. However, Nihon Kohden did not desire to seek a protective order regarding the Nihon Kohden deposition or the written discovery. Instead, at that time, Nihon Kohden intended to assert and did assert the valid objections it had to that discovery, especially the clearly defective notice of deposition.

3. At the conclusion of the April 16th hearing and just before counsel left the courtroom, Plaintiff's counsel, Robert Duffy, approached my co-counsel, E.P. Michael Karcis, and me. At that time, we discussed only the issue of written discovery responses, not depositions or

objections thereto. Confirming this fact, as stated in the letter of E.P. Michael Karcis dated April 20, 2007 (see Nihon Kohden Mem., Ex. C (Letter from Karcis to Duffy of 4/20/07) at p. 1), the discussions between counsel regarding the deposition took place April 17, the day after the April 16 hearing.

4. Even though Plaintiff's notice of deposition was defective, Nihon Kohden agreed to proceed with the deposition (see Nihon Kohden Mem., Ex. C (Letter from Karcis to Duffy of 4/20/07) at p. 1). However, Plaintiff's counsel unilaterally and without notice cancelled the deposition.

5. Plaintiff's counsel re-noticed and (again) unilaterally canceled the deposition. This second unilateral cancellation led to Plaintiff's counsel again re-noticing the deposition for June 11, 2007. Disputes concerning the June 11th depositions gave rise to this Court's January 3, 2008 ruling.

6. As previously stated, on June 11th, Nihon Kohden's witnesses were in attendance at the 21st Annual Meeting of the Associated Professional Sleep Societies in Minnesota – a fact known to Plaintiff, due to Plaintiff's own attendance at the Conference.

7. Over Nihon Kohden's objection, and notwithstanding the fact that Nihon Kohden did, in fact, produce those witnesses in Rhode Island on June 19th at its own expense and did, in fact, make reasonable efforts to advise Plaintiff's counsel of the witnesses' unavailability for the June 11th date on June 8, 2007, before Attorney Scott began traveling to California, this Honorable Court's January 3, 2008 ruling imposing sanctions, allowed Plaintiff to request attorneys' fees and costs.

8. In its fee request, although Plaintiff's counsel does not provide this Honorable Court or Nihon Kohden with the specific fees and expenses incurred in connection with travel to Santa Monica, California, the Supplemental Affidavit of Craig M. Scott, Esq. (Docket Entry No. 134) states that the fees and costs Plaintiff is claiming include those items. However, Mr. Scott neglected to inform this Court that he appears to have also traveled to California that weekend, on business separate from this action. In this regard, based on a **"Pacer"** search, Mr. Scott and his firm represent parties in the United States District Court for the Central District of California cases: (i) Ronald A. Katz Technology Licensing LP v. Citizens Financial Group, Inc., Case No. 2:07-cv-04964-RGK-FFM; and (ii) In re Katz Interactive Call Processing Patent Litigation, Case No. 2:07-ml-01816-RGK-FFM. See **Exhibit A** containing applicable sections of the docket

sheet from matter # 2:07-ml-01816, which docket identifies Attorney Scott and the firm of Duffy Sweeney & Scott as a lead counsel, and states that there was, in fact, a hearing in that matter in the Federal District Court for the Central District of California on June 12, 2007, one day after the June 11, 2007 scheduled deposition date. In fact, it was my understanding, from my conversations with Mr. Scott, late afternoon on June 8, 2007, that he was traveling to California for both the scheduled depositions and for other business in California unrelated to this matter, *i.e.*, it was a dual-purpose trip.

9. Upon information and belief, the hourly rates of $365 for Mr. Scott and his partner, Robert M. Duffy, are excessive. In my experience, the customary non-trial rate for Rhode Island based litigation counsel is approximately $225 to $325, and oftentimes a reduced rate is agreed upon for time taken in travel.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Providence, Rhode Island, on January 22, 2008.

/s/ Bruce W. Gladstone
Bruce W. Gladstone

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

Subscribed and sworn to before me this 22nd day of January, 2008.

/s/ Lisa J. Giacchi
Notary Public
My Commission Expires: 6/27/09