UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC., Plaintiff, vs. KEVIN PLANT and NIHON KOHDEN AMERICA, INC., Defendants. | : | C.A. No. 06-533 ML |

**REPLY MEMORANDUM OF PLAINTIFF ASTRO-MED, INC.**
**IN SUPPORT OF FEE AWARD**

As directed by the Court in the January 3, 2008 Decision that granted plaintiff, Astro-Med, Inc.'s Motion for Sanctions against defendant, Nihon Kohden America, Inc., and its counsel, E.P. Michael Karcis (the "Decision"), Astro-Med submitted a statement of fees incurred in the form of a Supplemental Affidavit of Craig M. Scott, Esq. In response, Nihon Kohden objects[1] to the level of fees sought by Astro-Med and relies on an Affidavit of Bruce Gladstone (the "Gladstone Affidavit"), another Nihon Kohden lawyer. This Reply Memorandum addresses the misstatements contained in Gladstone Affidavit and requests that the fee award granted in the Decision extend to the filing of this Reply Memorandum, which is a burden on Astro-Med and the Court and further evinces the vexatious litigation tactics of Nihon Kohden and its counsel.[2]

In addition, Astro-Med requests that the Court revisit its denial of the $10,000 "additional penalty" requested by Astro-Med. The Court, in a considered and thoughtful decision,

---

[1] Attorney Karcis did not file an objection.

[2] Upon receipt of the Gladstone Affidavit, counsel for Astro-Med requested that Mr. Gladstone withdraw it because it contained erroneous information. (A true copy of the Second Supplemental Affidavit of Craig M. Scott ("Scott Aff.") is attached hereto as Exhibit 1.) (Scott Aff., ¶2.) Shortly thereafter, the Court rejected the Gladstone Affidavit because it was not signed. Later Mr. Gladstone re-filed his affidavit. At no time before the initial filing or after receipt of Astro-Med's request to withdraw the affidavit has Mr. Gladstone called Astro-Med's counsel to inquire as to the accuracy of the positions advanced therein. (Scott Aff., ¶2.)

concluded that this request was a "close call," but not necessary to "deter Nihon Kohden, Attorney Karcis, and other defendants from similar conduct in the future." (Decision, p. 28.) As set forth below, the duplicity and dissembling of Nihon Kohden and its counsel continues notwithstanding two sanction orders issued against them.[3] Recent developments demonstrate that an additional penalty is needed to prevent similar conduct in the future.

**Travel to California.**

The Gladstone Affidavit states: "Mr. Scott neglected to inform this Court that he appears to have also traveled to California that weekend, [sic] on business separate from this action." (Gladstone Aff., ¶ 8.) He refers to a partial PACER search that identifies Mr. Scott and his firm as lead counsel in a case pending in the Central District of California. Mr. Gladstone further avers that: "there was, in fact, a hearing in that matter in the Federal District Court for the Central District of California on June 12, 2007, one day after the June 11, 2007 scheduled deposition date." (Gladstone Aff., ¶ 8.) He does not attach to his Affidavit the minutes of the "hearing," also available on PACER, that identifies the attorneys present at the "hearing." Mr. Scott is not identified; he was not there. (Scott Aff., ¶¶ 3-4, Exh. B.)

Mr. Gladstone would have known this fact if he had conducted the reasonable inquiry required by Rule 11 before submitting his affidavit to the Court. If Mr. Gladstone had contacted Astro-Med's counsel before the filing (or even after he was requested to withdraw the filing) or if he had reviewed the information available on PACER, he would have learned that: (1) the Central District of California matter is a multi-district litigation involving telephony patent litigation (Scott Aff., ¶3); (2) Mr. Scott's client, Citizens Financial Group and affiliated entities,

[3] The First Circuit issued sanctions against Nihon Kohden and its counsel because it "should have been obvious ... that Nihon Kohden had no realistic chance of success in this appeal." *In Re: Nihon Kohden America, Inc.*, No. 07-8024 (Judgment denying Petitioner's requests for leave to appeal and granting plaintiff-appellee Astro-Med, Inc.'s Rule 38 sanctions). (Scott Aff., Exh. E.)

was not a party to that litigation in June, 2007 (Scott Aff., ¶3); (3) the Citizens defendants were sued in the District of Rhode Island and Mr. Scott entered his appearance on June 27, 2007 (two weeks after the hearing on June 12 that Mr. Gladstone accuses Mr. Scott of failing to disclose his attendance) (Scott Aff., ¶5, Exh. C;) and (4) the Judicial Panel of Multi-District Litigation did not transfer the Rhode Island case to the Central District of California until July 31, 2007 (six weeks after the June 12, 2007 hearing). (Scott Aff., ¶6, Exh. D.)

The chronology of events is straightforward: On June 11, the Nihon Kohden witnesses failed to appear for deposition in California in violation of multiple Court Orders. Mr. Scott created a record of the non-appearance, coordinated with co-counsel in Rhode Island with respect to an oral motion for sanctions that was presented to the Court that same morning, corresponded with his client, and performed related tasks. He billed Astro-Med a total of three hours for the entire day that he dedicated to taking the Court-ordered depositions.[4] (Scott Aff., ¶ 7.) As he could not make a flight home to Rhode Island on June 11, he worked on two other matters that day for other clients with cases pending in Rhode Island to minimize the cost to Astro-Med. (Scott Aff., ¶7.) On June 12, 2007 at 9:45 a.m., Mr. Scott boarded a plane home. (Scott Aff., ¶ 8.) He did not attend a hearing on June 12 in the Central District of California or conduct any other business that required him to be in California. (Scott Aff., ¶ 4.)

Mr. Gladstone's submission is troubling. He made no effort to contact opposing counsel to discern the facts, and he conducted an incomplete PACER inquiry. He brazenly rejected an overture from Astro-Med's counsel to withdraw his erroneous affidavit, and then compounded that misjudgment with a strident letter to the Court and a dissembling, uncivil e-mail to

[4] As set forth in the Affidavit and Supplemental Affidavits of Craig M. Scott, 24.3 of the 27.3 hours he charged to Astro-Med concerning the sanctions fees relate directly to his travel to and from California and his time in California on June 11, 2007. (See Affidavit of Craig M. Scott, Esq., ¶ 11; Supplemental Affidavit of Craig M. Scott, Esq., n.1.)

Mr. Scott. Astro-Med requests, in light of this further misconduct, that the Court reconsider the imposition of an additional penalty on Nihon Kohden and its counsel. Specifically, Astro-Med asks that the Court amend its prior Order to impose a $10,000 penalty on Nihon Kohden and its counsel and to award its fees incurred in connection with this Reply Memorandum.

**Billing Rates.**

Mr. Gladstone claims, without support, that "the customary non-trial rate for Rhode Island counsel is approximately $225 to $325 [per hour], and oftentimes a reduced rate is agreed upon for time taken in travel." (Gladstone Aff., ¶ 9.) He offers no evidence or decisional law to support his opinions. He is wrong for at least three reasons.

First, Astro-Med pays Mr. Scott his full rate for travel and did so in this case before there was any fee-shifting award. (Scott Aff., ¶9.) It paid Mr. Scott's fees in full, including time for travel.

Second, courts recognize the propriety of billing for travel at the lawyer's full rate:

> When a lawyer travels for one client he incurs an opportunity cost that is equal to the fee he would have charged that or another client if he had not been traveling. **That is why lawyers invariably charge their clients for travel time, and usually at the same rate they charge for other time, except when they are able to bill another client for part of the travel time** (a lawyer might do work for client A while flying on an airplane to a meeting with client B). And if they charge their paying clients for travel time they are entitled to charge the defendants for that time in case such as this where plaintiffs have shown a statutory right to reasonable attorneys' fees.

*Henry v. Webermeier,* 738 F.2d 188, 194 (7th Cir. 1984) (emphasis added.)

Third, Mr. Scott and Mr. Duffy's hourly rate of $365 is reasonable. Astro-Med agreed to pay this rate at case inception at a time when there was no reasonable expectation of fee shifting. Should the Court request, Astro-Med will submit an affidavit of an experienced federal court practitioner as to the reasonableness of Mr. Scott and Mr. Duffy's billing rates.

## CONCLUSION

Astro-Med requests that its Statement of Fees be awarded in full. In addition, Astro-Med requests that the Court award Astro-Med its fees to prepare and file this Reply Memorandum (approximately two hours) and an "additional penalty" of $10,000 as requested in its Motion for Sanctions.

ASTRO-MED, INC.

By Its Attorneys,

/s/ Stacey P. Nakasian
Craig M. Scott, Esq. (#4237)
cscott@duffysweeney.com
Stacey P. Nakasian, Esq. (#5069)
snakasian@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile
rduffy@duffysweeney.com

Dated: January ____, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that the within ***Reply Memorandum of Plaintiff Astro-Med, Inc. In Support of Fee Award*** was filed through the ECF system on the 25th day of January, 2008, and will be sent electronically to the counsel-named below as registered participants identified on the Notice of Electronic Filing:

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

and served, via First Class Mail, to the counsel named below who are not registered ECF participants:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

/s/ Stacey P. Nakasian
Stacey P. Nakasian, Esq.