# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,

Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.

Defendants.

## DEFENDANTS NIHON KOHDEN'S AND KEVIN PLANT'S JOINT MOTION IN LIMINE NO. 1 – REQUEST FOR ORDER PROHIBITING PLAINIFF FROM INTRODUCING EVIDENCE OF ANY BREACH OF NON-COMPETITION RESTRICTION TO EVENTS OCCURING AFTER DECEMBER 28, 2006

Defendants, Nihon Kohden America, Inc., ("Nihon Kohden") and Kevin Plant (collectively, "Defendants") will and hereby do, request an order prohibiting Plaintiff from introducing any evidence of a breach (or the inducement of a breach) of a non-competition restriction pre-dating December 28, 2006, the date on which this Court first modified a non-competition restriction and made it enforceable against Defendant Plant.

## I. STATEMENT OF FACTS

Mr. Plant began his employment with Plaintiff in October 2002. At that time, Mr. Plant signed a document entitled "Employee Agreement" (**Exhibit A**). This document contained a non-competition provision stating:

> I recognize that the Company sells its products throughout North America and Europe; as such, upon termination of my employment at the Company, for whatever reason, I shall not directly or indirectly enter into or engage in a business that competes with the Company, **in a territory consisting of North America, and Europe**, either as an individual, partner, joint venturer, employee, agent or salesman for any person, or as an officer, director or

> stockholder of a corporation or otherwise, for a period of one year thereafter.

**Exhibit A,** ¶ 4 (emphasis added).

In 2004, Mr. Plant's position with Plaintiff materially changed when he was promoted from his position as a product specialist in Rhode Island to Southeast Regional Sales Manager in Florida. Following Mr. Plant's change of position and move to Florida, no new "Employee Agreement" or non-competition agreement was executed. In 2006, the terms of Mr. Plant's employment with Plaintiff again materially changed when Plaintiff unilaterally decreased Mr. Plant's Southeastern regional sales territory, giving a portion of Mr. Plant's territory to an untrained salesperson. Again, Plaintiff did not require Mr. Plant to execute a new non-competition agreement. Because Plaintiff unilaterally, materially and negatively altered the terms and conditions of his employment, Mr. Plant began to seek new employment and, eventually, was hired by Nihon Kohden.

Since his current employment with Nihon Kohden began, in October 2006, Mr. Plant has neither directly nor indirectly solicited any of Plaintiff's customers with whom he formerly transacted business. In fact, in letters dated September 10, 2006 and September 18, 2006 (**Exhibit B**), Nihon Kohden specifically prohibited Mr. Plant from using any of Plaintiff's trade secrets or confidential information.[1] Following his express instruction from Nihon Kohden, Mr. Plant has made no attempt to divert business from Plaintiff to Nihon Kohden by using or disclosing any information that might be considered proprietary or confidential. Thus, the non-competition provision was unenforceable until this Court drastically limited its terms. *See, e.g.*, Dryvit Sys. v. Healy, 1989 R.I. Super. LEXIS 105, 13-15.

## II. LEGAL ARGUMENT

### A. Unduly Prejudicial Evidence May Be Excluded

A motion in limine can be used to exclude evidence is unduly prejudicial. *See, e.g.*, Elliott v. S.D. Warren Co., 134 F.3d 1, 7-8 (1st Cir. 1998) (motion in limine to exclude any mention of contractual indemnification or liability insurance granted). Federal Rules of Evidence 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading

[1] *See also*, Deposition of Michael Ohsawa, 69:21-70:5 (**Exhibit C**).

the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."[2]

Any evidence that Defendant Plant breached the *unenforceable* non-competition provision in the Employee Agreement would be unduly prejudicial and irrelevant.

**B. The Only Admissible Evidence Regarding Defendant Plant's Claimed Breach Of The Non-Competition Provision Must Post-Date The December 28 Order**

Until this Court created terms for the non-competition provision in the Employee Agreement (**Exhibit A**), the Agreement was not enforceable against Mr. Plant and, thus, Mr. Plant could not have breached the Agreement.

Rhode Island recognizes that an unenforceable restraint on trade (such as a non-competition provision) may be modified by a court to make it enforceable. *See, e.g.*, Durapin, Inc. v. American Prods., 559 A.2d 1051, 1058-59 (R.I. 1989). The post-employment restriction in the Employee Agreement purported to prohibit Defendant Plant from working *in all of North America and Europe*. Such an overly broad geographic restriction is unenforceable. *See, e.g.*, Dryvit Sys. v. Healy, 1989 R.I. Super. LEXIS 105, 13-15 (holding that, when a restrictive covenant proscribes a geographic restraint covering where the plaintiff conducted business was unenforceable). This Court recognized that the overly broad restriction could not be enforced and, therefore, limited the geographic scope to the State of Florida.

Moreover, a restraint on trade provision is not enforceable *until* the court modifies it to make it enforceable. *Id.*, at 1057 (unreasonable restrain on trade agreement is not enforceable, but may be modified to make it enforceable). In Hawkins v. Daly, 2003 R.I. Super. LEXIS 14, 14, the court stated that non-competition provisions "will only be enforced when reasonable and where restrictions do not extend beyond what is apparently necessary for the protection of the employer's business." Likewise, this Court could not enforce the non-competition provision in the Employee Agreement and, thus, Defendant Plant could not breach it, until this Court modified the provision to make it enforceable.

[2] *See also*, Federal Rules of Evidence 402, which states in relevant part, "Evidence which is not relevant is not admissible."

The non-competition provision in the Employee Agreement was unenforceable until this Court modified it to make it partially enforceable in its December 28, 2006 Interim Preliminary Injunction Order. By its terms, the original non-competition provision: (i) prohibited Defendant Plant from obtaining employment with any of Plaintiff's competitors;[3] and (ii) prohibited Defendant Plant from working in North America or Europe. In fact, this Court stated that "the sheer breadth of geographic limitation contained in the agreement, it seems to me, unless there's a whole lot more that I haven't heard, I don't think is enforceable under Rhode Island law."[4]

Due to the Agreement's overreaching scope, this Court was required to substantially modify the non-competition provision to make it enforceable by prohibiting Defendant Plant from working for one of Plaintiff's competitors in *only* the sleep industry (*i.e.*, businesses selling electroencephalograph (EEG) equipment, polysomnograph (PSG) equipment, and long-term monitoring for epilepsy (LTM) equipment) in *only* the State of Florida and with *only* the limited restriction of Mr. Plant not being able to contact his former customers or customer leads. *See* December 28 Order (**<u>Exhibit D</u>**). However, Plaintiff did not accept this Court's clear position on the enforceability of the Employee Agreement, as this Court stated at an April 16, 2007 hearing:

> However, I must say to you in all candor, Mr. Duffy, Mr. Scott clearly should have understood what I was saying from the very beginning of this case. I told him that I thought on its face, the provision was overly broad; and then after the hearing, it was clear the only evidence in the case relating to Mr. Plant's activities related to the State of Florida.
>
> So for, you to come in here today and say, well, if you read it, it doesn't really say that, but you would have had to have been asleep or unconscious not to know that that's what we were talking about.[5]

By analogy, a contract that is indefinite as to its material terms is unenforceable. *See, e.g.*, <u>Soar v. NFL Players Assn.</u>, 438 F. Supp. 337, 343 (D.R.I. 1975) (pension plan contract that

---

[3] A prohibition of working for competitors is an unreasonable geographic restriction. *See, e.g.*, <u>Dryvit Sys.</u>, *supra*, 1989 R.I. Super. LEXIS at 14, n.3.

[4] December 28, 2006 Transcript, 27:12-16 (**Exhibit E**).

[5] April 16, 2007 Transcript, 9:1-7 (**Exhibit F**).

does not specify the terms of eligibility or schedule of benefits unenforceable). Similarly, the non-competition in the Employee Agreement, which was drafted by Plaintiff, violated public policy (*e.g.*, overly broad geographic scope) and, thus (as a general rule) was unenforceable. However, with regard to non-competition provisions, Rhode Island law permits otherwise unenforceable non-competition agreements to be reformed in equity for the purpose of limiting the non-competition provision to make the unenforceable provision enforceable. *See*, *e.g.*, Durapin, *surpa*, 559 A.2d at 1058-59.

The original non-competition restriction was unenforceable, as this Court ruled by substantially modifying the restriction. Thus, Mr. Plant could not have breached the unenforceable provision. After this Court substantially reformed the non-competition restriction in the December 28 Order (and subsequent injunction orders of this Court), Defendant Plant complied with the modified work restrictions. Therefore, Mr. Plant did not breach any non-competition obligation owed to Plaintiff.

## III. CONCLUSION

Defendant Plant could not have breached an unenforceable non-competition provision (and, thus, Defendant Nihon Kohden could not have induced Defendant Plant to breach an unenforceable agreement). Because the non-competition provision was unenforceable until this Court drastically curtailed it in the December 28 Order, Plaintiff should be prohibited from introducing any evidence of an alleged breach of that provision that pre-dates the December 28 Order.

KEVIN PLANT
NIHON KOHDEN AMERICA, INC.
By Its Attorneys,

/s/ Bruce W. Gladstone

Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
PHONE: (401) 331-5700
FAX: (401) 331-5787

/s/ E.P. Michael Karcis
E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
PHONE: (310) 450-9353
FAX: (310) 581-8006

Date: February 26, 2008

G:\pcc\PLANT, KEVIN\MTN Limine 1 Post PI Evidence Only.doc

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 26th day of February, 2008, a copy of the foregoing JOINT MOTION IN LIMINE NO. 1 – REQUEST FOR ORDER PROHIBITING PLAINIFF FROM INTRODUCING EVIDENCE OF ANY BREACH OF NON-COMPETITION RESTRICTION TO EVENTS OCCURING AFTER DECEMBER 28, 2006 was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

Stacey P. Nakasian, Esquire
snakasian@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Building, Suite 1200
Providence, RI 02903

Craig M. Scott, Esquire
cscott@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Robert M. Duffy, Esquire
rduffy@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

/s/ Bruce W. Gladstone