# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,

Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.

Defendants.

## DEFENDANTS NIHON KOHDEN'S AND KEVIN PLANT'S JOINT MOTION IN LIMINE NO. 2 – REQUEST FOR ORDER PROHIBITING PLAINIFF FROM INTRODUCING HEARSAY EVIDENCE OF ANY BREACH OF NON-COMPETITION RESTRICTION

Defendants, Nihon Kohden America, Inc., ("Nihon Kohden") and Kevin Plant (collectively, "Defendants") will and hereby do, request an order prohibiting Plaintiff from introducing any hearsay evidence of a breach (or the inducement of a breach) of a non-competition restriction relating to any out of court statements made by third parties.

## I. STATEMENT OF FACTS

Mr. Plant began his employment with Plaintiff in October 2002. At that time, Mr. Plant signed a document entitled "Employee Agreement" (**Exhibit A**). This document contained a non-competition provision stating:

> I recognize that the Company sells its products throughout North America and Europe; as such, upon termination of my employment at the Company, for whatever reason, I shall not directly or indirectly enter into or engage in a business that competes with the Company, **in a territory consisting of North America, and Europe**, either as an individual, partner, joint venturer, employee, agent or salesman for any person, or as an officer, director or

stockholder of a corporation or otherwise, for a period of one year thereafter.

**Exhibit A,** ¶ 4 (emphasis added).

In 2004, Mr. Plant's position with Plaintiff materially changed when he was promoted from his position as a product specialist in Rhode Island to Southeast Regional Sales Manager in Florida. Following Mr. Plant's change of position and move to Florida, no new "Employee Agreement" or non-competition agreement was executed. In 2006, the terms of Mr. Plant's employment with Plaintiff again materially changed when Plaintiff unilaterally decreased Mr. Plant's Southeastern regional sales territory, giving a portion of Mr. Plant's territory to an untrained salesperson. Again, Plaintiff did not require Mr. Plant to execute a new non-competition agreement. Because Plaintiff unilaterally, materially and negatively altered the terms and conditions of his employment, Mr. Plant began to seek new employment and, eventually, was hired by Nihon Kohden.

Since his current employment with Nihon Kohden began, in October 2006, Mr. Plant has neither directly nor indirectly solicited any of Plaintiff's customers with whom he formerly transacted business. In fact, in letters dated September 10, 2006 and September 18, 2006 (**Exhibit B**), Nihon Kohden specifically prohibited Mr. Plant from using any of Plaintiff's trade secrets or confidential information.[1] Following his express instruction from Nihon Kohden, Mr. Plant has made no attempt to divert business from Plaintiff to Nihon Kohden by using or disclosing any information that might be considered proprietary or confidential.

Plaintiff's representatives, however, have testified that they heard from a Dr. Berry that Mr. Plant might have handed out Nihon Kohden literature to one of Plaintiff's customers with whom Mr. Plant worked when employed by Plaintiff.[2] Such a statement and any other similar to it constitute inadmissible hearsay.

## II. LEGAL ARGUMENT

A motion in limine can be used to exclude evidence is unduly prejudicial. *See*, *e.g.*, Elliott v. S.D. Warren Co., 134 F.3d 1, 7-8 (1st Cir. 1998) (motion in limine to exclude any mention of contractual indemnification or liability insurance granted). Federal Rules of

[1] *See also*, Deposition of Michael Ohsawa, 69:21-70:5 (**Exhibit C**).
[2] *See e.g.*, Deposition of Marco Mancini, 74:20-76:25 (**Exhibit D**).

Evidence 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."[2]

Furthermore, the hearsay statement that Mr. Plant might have handed out Nihon Kohden literature to one of Plaintiff's customers with whom Mr. Plant worked when employed by Plaintiff is barred by Federal Rules of Evidence 801(c), which defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." The purported out-of-court statement by a "Dr. Berry" is inadmissible hearsay and not subject to any exception to the admissibility of hearsay evidence.

## III. CONCLUSION

These out-of-court statements which Plaintiff may introduce for the truth of the matters asserted should be excluded as unreliable double hearsay. Plaintiff cannot introduce the out-of-court statement of a third party who allegedly claimed that Mr. Plant gave Nihon Kohden literature to him. Plaintiff should be prohibited from introducing into evidence such hearsay statements.

KEVIN PLANT
NIHON KOHDEN AMERICA, INC.
By Its Attorneys,

/s/ Bruce W. Gladstone

Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
PHONE: (401) 331-5700
FAX: (401) 331-5787

[2] *See also*, Federal Rules of Evidence 402, which states in relevant part, "Evidence which is not relevant is not admissible."

/s/ E.P. Michael Karcis

E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
PHONE: (310) 450-9353
FAX: (310) 581-8006

Date: February 26, 2008

G:\pec\PLANT, KEVIN\MTN Limine 2 Plant Lit.doc

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 26th day of February, 2008, a copy of the foregoing JOINT MOTION IN LIMINE NO. 2 – REQUEST FOR ORDER PROHIBITING PLAINIFF FROM INTRODUCING HEARSAY EVIDENCE OF ANY BREACH OF NON-COMPETITION RESTRICTION was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

Stacey P. Nakasian, Esquire
snakasian@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Building, Suite 1200
Providence, RI 02903

Craig M. Scott, Esquire
cscott@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Robert M. Duffy, Esquire
rduffy@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

/s/ Bruce W. Gladstone