**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ASTRO-MED, INC.,

Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.

Defendants.

**DEFENDANTS NIHON KOHDEN'S AND KEVIN PLANT'S JOINT MOTION IN LIMINE NO. 4 – REQUEST FOR ORDER PROHIBITING PLAINIFF FROM INTRODUCING EVIDENCE THAT DEFENDANT NIHON KOHDEN AMERICA, INC. IS A CALIFORNIA CORPORATION**

Defendants, Nihon Kohden America, Inc., ("Nihon Kohden") and Kevin Plant (collectively, "Defendants") will and hereby do, request an order prohibiting Plaintiff from introducing any evidence that Nihon Kohden is a California corporation.

## I. STATEMENT OF FACTS

Nihon Kohden is a California corporation. However, evidence of this fact would be unduly prejudicial.

## II. LEGAL ARGUMENT

A motion in limine can be used to exclude evidence is unduly prejudicial. *See, e.g.*, Elliott v. S.D. Warren Co., 134 F.3d 1, 7-8 (1st Cir. 1998) (motion in limine to exclude any mention of contractual indemnification or liability insurance granted). Federal Rules of Evidence 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading

the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."[1]

Any evidence that Nihon Kohden is a California corporation would be unduly prejudicial and irrelevant. First, the fact that Nihon Kohden is a California corporation is irrelevant to the elements Plaintiff must establish to prevail on any of its claims. Second, the fact that Nihon Kohden is a California corporation would only serve to incite any patent or latent xenophobic feelings of jurors. Thus, such evidence adds nothing to this action, but only would serve to create undue prejudice against Defendants.

## III. CONCLUSION

Plaintiff should be prohibited from introducing evidence that Defendant Nihon Kohden is a California corporation, as such evidence would be unduly prejudicial.

KEVIN PLANT
NIHON KOHDEN AMERICA, INC.
By Its Attorneys,

/s/ Bruce W. Gladstone

Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
PHONE: (401) 331-5700
FAX: (401) 331-5787

/s/ E.P. Michael Karcis

E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
PHONE: (310) 450-9353
FAX: (310) 581-8006

Date: February 26, 2008

[1] *See also*, Federal Rules of Evidence 402, which states in relevant part, "Evidence which is not relevant is not admissible."

## CERTIFICATION

The undersigned hereby certifies that on the 26th day of January, 2008, a copy of the foregoing was JOINT MOTION IN LIMINE NO. 4 – REQUEST FOR ORDER PROHIBITING PLAINIFF FROM INTRODUCING EVIDENCE THAT DEFENDANT NIHON KOHDEN AMERICA, INC. IS A CALIFORNIA CORPORATION was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

Stacey P. Nakasian, Esquire
snakasian@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Building, Suite 1200
Providence, RI 02903

Craig M. Scott, Esquire
cscott@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Robert M. Duffy, Esquire
rduffy@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

/s/ Bruce W. Gladstone

G:\pec\PLANT, KEVIN\MTN Limine 4 California.doc