# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,

Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.

Defendants.

## DEFENDANTS NIHON KOHDEN'S AND KEVIN PLANT'S JOINT MOTION IN LIMINE NO. 5 – REQUEST FOR ORDER PROHIBITING PLAINIFF FROM INTRODUCING EVIDENCE THAT DEFENDANT NIHON KOHDEN AMERICA, INC. IS SUBJECT TO THE JURISDICATION OF RHODE ISLAND

Defendants, Nihon Kohden America, Inc., ("Nihon Kohden") and Kevin Plant (collectively, "Defendants") will and hereby do, request an order prohibiting Plaintiff from introducing any evidence that Nihon Kohden is subject to the jurisdiction of the State of Rhode Island.

## I. STATEMENT OF FACTS

Nihon Kohden is a California corporation. Nihon Kohden has maintained throughout this action that it is not subject to personal jurisdiction in the State of Rhode Island.[1] Evidence that Nihon Kohden is subject to personal jurisdiction in the State of Rhode Island would be unduly prejudicial.

## II. LEGAL ARGUMENT

A motion in limine can be used to exclude evidence is unduly prejudicial. *See, e.g.*, Elliott v. S.D. Warren Co., 134 F.3d 1, 7-8 (1st Cir. 1998) (motion in limine to exclude any mention of contractual indemnification or liability insurance granted). Federal Rules of Evidence 403 states, "Although relevant, evidence may be excluded if its probative value is

[1] *See, e.g.*, Docket Entry Nos. 33 (Motion to Dismiss for Lack of Personal Jurisdiction) and 103 (Notice of Appeal regarding denial of Motion to Dismiss).

substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."[2]

Any evidence that Nihon Kohden is subject to personal jurisdiction in the State of Rhode Island would be unduly prejudicial. First, such evidence would confirm that Nihon is an out-of-state corporation, a fact that is unduly prejudicial and the subject of a Motion in Limine No. 4. Second, the fact that Nihon Kohden has fervently contested that it is subject to jurisdiction in the State of Rhode Island would likely create the impression in the minds of the jurors that Nihon Kohden did not and does not believe that it could obtain a fair trial in the State of Rhode Island.

## III. CONCLUSION

Based on the foregoing, Plaintiff should be prohibited from introducing evidence that Nihon Kohden is subject to personal jurisdiction in the State of Rhode Island, as such evidence would be unduly prejudicial.

KEVIN PLANT
NIHON KOHDEN AMERICA, INC.
By Its Attorneys,

/s/ Bruce W. Gladstone

Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
PHONE: (401) 331-5700
FAX: (401) 331-5787

/s/ E.P. Michael Karcis

E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
PHONE: (310) 450-9353
FAX: (310) 581-8006

Date: February 26, 2008

[2] *See also*, Federal Rules of Evidence 402, which states in relevant part, "Evidence which is not relevant is not admissible."

## CERTIFICATION

The undersigned hereby certifies that on the 26th day of February, 2008, a copy of the foregoing JOINT MOTION IN LIMINE NO. 5 – REQUEST FOR ORDER PROHIBITING PLAINIFF FROM INTRODUCING EVIDENCE THAT DEFENDANT NIHON KOHDEN AMERICA, INC. IS SUBJECT TO THE JURISDICATION OF RHODE ISLAND was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

Stacey P. Nakasian, Esquire
snakasian@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Building, Suite 1200
Providence, RI 02903

Craig M. Scott, Esquire
cscott@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Robert M. Duffy, Esquire
rduffy@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

/s/ Bruce W. Gladstone

G:\pec\PLANT, KEVIN\MTN Limine 5 Pers Juris.doc