# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,

Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.

Defendants.

## DEFENDANTS NIHON KOHDEN'S AND KEVIN PLANT'S JOINT MOTION IN LIMINE NO. 8 – REQUEST FOR ORDER PROHIBITING PLAINIFF FROM INTRODUCING EVIDENCE THAT DEFENDANT NIHON KOHDEN AMERICA, INC. OR ITS COUNSEL WERE SANCTIONED IN THIS ACTION

Defendants, Nihon Kohden America, Inc., ("Nihon Kohden") and Kevin Plant (collectively, "Defendants") will and hereby do, request an order prohibiting Plaintiff from introducing any evidence that Nihon Kohden or its counsel were sanctioned in this action.

## I. STATEMENT OF FACTS

There were many discovery disputes in this action, as well as an appeal. In connection with this action, Nihon Kohden and it counsel were sanctioned by this Court and the First Circuit Court of Appeals. These sanctions were based on collateral matters – Nihon Kohden's inadvertent miscommunications regarding the unavailability of certain employees for depositions on a certain date when a key industry-wide sales convention was taking place and its efforts to appeal this Honorable Court's denial of its Motion to Dismiss on Jurisdictional Grounds (*i.e.*, denial of its motion to dismiss based on a lack of personal jurisdiction). Evidence that Defendant Nihon Kohden or its counsel were sanctioned in this action would be unduly prejudicial.

## II. LEGAL ARGUMENT

A motion in limine can be used to exclude evidence is unduly prejudicial. *See*, *e.g.*, Elliott v. S.D. Warren Co., 134 F.3d 1, 7-8 (1st Cir. 1998) (motion in limine to exclude any mention of contractual indemnification or liability insurance granted). Federal Rules of Evidence 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading

the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."[1]

Any evidence that Defendant Nihon Kohden or its counsel were sanctioned in this action would be unduly prejudicial, because the fact that Nihon Kohden or its counsel were sanctioned is irrelevant to Plaintiff's burden to establish the elements of any of its claims. Moreover, this fact would be unduly prejudicial evidence indicating that this Court or the First Circuit Court of Appeals has negatively viewed Nihon Kohden's position regarding Plaintiff's substantive claims.

## III. CONCLUSION

Plaintiff should be prohibited from introducing evidence that Defendant Nihon Kohden or its counsel were sanctioned in this action, as such evidence would be unduly prejudicial.

KEVIN PLANT
NIHON KOHDEN AMERICA, INC.
By Its Attorneys,

/s/ Bruce W. Gladstone

Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
PHONE: (401) 331-5700
FAX: (401) 331-5787

/s/ E.P. Michael Karcis

E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
PHONE: (310) 450-9353
FAX: (310) 581-8006

Date: February 26, 2008

[1] *See also*, Federal Rules of Evidence 402, which states in relevant part, "Evidence which is not relevant is not admissible."

**CERTIFICATION**

The undersigned hereby certifies that on the 26th day of February, 2008, a copy of the foregoing JOINT MOTION IN LIMINE NO. 8 – REQUEST FOR ORDER PROHIBITING PLAINIFF FROM INTRODUCING EVIDENCE THAT DEFENDANT NIHON KOHDEN AMERICA, INC. OR ITS COUNSEL WERE SANCTIONED IN THIS ACTION was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

| | |
|---|---|
| Stacey P. Nakasian, Esquire<br>snakasian@duffysweeney.com<br>Duffy Sweeney & Scott, Ltd.<br>One Turks Head Building, Suite 1200<br>Providence, RI 02903 | Craig M. Scott, Esquire<br>cscott@duffysweeney.com<br>Duffy Sweeney & Scott, Ltd.<br>One Turks Head Place, Suite 1200<br>Providence, RI 02903 |
| Robert M. Duffy, Esquire<br>rduffy@duffysweeney.com<br>Duffy Sweeney & Scott, Ltd.<br>One Turks Head Place, Suite 1200<br>Providence, RI 02903 | |

/s/ Bruce W. Gladstone

G:\pec\PLANT, KEVIN\MTN Limine 8 Sanctions.doc