# EXHIBIT A

ASTRO-MED, INC.

EMPLOYEE AGREEMENT

I am now or am about to be employed by Astro-Med, Inc. or one of its divisions or subsidiaries, hereafter called the Company, and in connection with such employment, I am, may, or will be engaged in work relating to the Company's business, involving design, development or manufacture of products for the Company. In consideration of my employment and/or continued employment at the time of this agreement and from month to month thereafter and the compensation to be paid to me for my services, I hereby agree:

1. I will, without further compensation from the Company, and at all times during my employment and for one year thereafter, disclose promptly and assign to the Company any and all designs, inventions, discoveries or improvements which I may discover or conceive, either solely or jointly with others, which relate to the Company's business or result from or are suggested by any work I may do for the Company wherever the same may be done; disclose promptly any technical data, know-how or information which I may acquire with respect to any matters relating to the Company's business; assist the Company at the Company's expense in obtaining for its benefit patents on all such inventions, discoveries or improvements in the United States and foreign countries; testify on its behalf with respect thereto; and execute all proper papers for use in applying for, assigning, obtaining and maintaining such patents, and in maintaining or enforcing the rights of the Company thereunder.

2. That any inventions, discoveries or improvements and any technical data, trade secrets, (including, but not limited to, customer lists), information or know-how, made, discovered or conceived or acquired by me during the period of my employment, whether patentable, patented or not, are to be and remain the property of the Company; that, without the written authorization of the Company, I will neither use nor disclose to any person other than my superiors in the Company, any information, trade secrets, technical data or know-how relating to the Company's products, processes, methods, equipment and business practices, which I have acquired during my employment.

3. That the foregoing obligations of Paragraph No. 2 shall survive the termination of my employment and shall remain effective in perpetuity; that I will perform all necessary acts to make the agreement effective; that on leaving the employ of the Company I will not take with me, without its consent, any drawings, blueprints, copies, transcripts or other notes, records or material relating to the Company's business, and that I will promptly return all Company records, materials, documents and any other Company property in my possession or under my control.

4. I recognize that the Company sells its products throughout North America and Europe; as such, upon termination of my employment at the Company, for whatever reason, I shall not directly or indirectly enter into or engage in a business that competes with the Company, in a territory consisting of North America, and Europe, either as an individual, partner, joint venturer, employee, agent or salesman for any person, or as an officer, director or stockholder of a corporation or otherwise, for a period of one year thereafter.

5. A violation of the terms of this Agreement will cause the Company to suffer irreparable harm unless enjoined. In the event that I breach this Agreement, I agree to pay all legal and other expenses reasonably incurred by the Company in connection with the enforcement of my obligations or the Company's rights under the Agreement.

PENGAD 800-631-6989 PLAINTIFF'S EXHIBIT NO. 11 FOR IDENTIFICATION DATE: 6-14-07 RPTR:

6. That any and all property provided by the Company to me in connection with my employment (including, without limitation computers, cell phones, pagers and any other business equipment) is and shall continue to be the property of the Company. Upon termination of my employment for any reason, I shall promptly return any and all such property to the Company in good working condition.

7. This Agreement shall be governed by and interpreted in accordance with the laws of the State of Rhode Island. This Agreement is made and entered into in Rhode Island and I consent to the jurisdiction of a competent court in Rhode Island to hear any dispute arising out of this Agreement. By my execution and delivery of this amendment, I irrevocably submit to and accept the exclusive jurisdiction of each of such courts and waive any objection (including any objection to venue or any objection based upon the grounds of forum non conveniens) which might be asserted against the bringing of any such action, suit or other legal proceeding in such courts.

8. To the greatest extent permitted by applicable law, I agree that the Company shall have the absolute right to setoff any of its payment obligations to me for any claims arising out of a breach of this Agreement. The foregoing shall not limit any equitable and legal remedies of the Company.

9. During the course of my employment with the Company, I will not conduct any business activities other than that of the Company, which could interfere in the execution of these duties and responsibilities.

10. I understand that nothing set forth in this Agreement is intended to, or does, create a contract of employment between the Company and me. I understand further that my employment relationship with the Company continues to be "at will," meaning that either the Company or I can discontinue the employment relationship at any time, with or without cause.

11. This Agreement shall be binding upon my heirs, administrators and assigns and shall inure to the benefit of the Company, its successors and assigns.

12. If any provision of this Agreement is declared unenforceable, in whole or in part, by a court or agency of competent jurisdiction, such declaration shall in no way affect the validity or enforceability of the remaining provisions of this Agreement.

WITNESS: [signature] EMPLOYEE: [signature] DATE: 10/16/02