# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

* * * * * * * * * * * * * * * * C.A. NO. 06-533ML

ASTRO-MED, INC.

VS. APRIL 16, 2007
2:00 P.M.

KEVIN PLANT, et al

* * * * * * * * * * * * * * * * PROVIDENCE, RI

BEFORE THE HONORABLE MARY M. LISI,

CHIEF JUDGE

(Motion for Clarification)

APPEARANCES:
FOR THE PLAINTIFF: ROBERT M. DUFFY, ESQ.
Duffy, Sweeney & Scott, Ltd.
One Turks Head Place
Suite 1200
Providence, RI 02903

FOR THE DEFENDANTS: BRUCE W. GLADSTONE, ESQ.
Cameron & Mittleman
56 Exchange Terrace
Providence, RI 02903

E.P. MICHAEL KARCIS, ESQ.
McLean & McLean, LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

Court Reporter: Karen M. Wischnowsky, RPR-RMR-CRR
One Exchange Terrace
Providence, RI 02903

the only evidence in the case relating to Mr. Plant's activities related to sales in the state of Florida.

So for you to come in here today and say, well, if you read it, it doesn't really say that, you're right, it doesn't really say that; but you would have had to have been asleep or unconscious not to know that that's what we were talking about.

MR. DUFFY: That's understood, your Honor.

THE COURT: So what I would suggest is, in paragraph number 1 of the injunction, that after the parenthetical "collectively the medical equipment," insert the words "in the state of Florida." That takes care of it.

I think a stickier issue is what customers ought to be on the list because there was some discussion, and I think this may have been at a conference subsequent or at the February meeting where the Court issued this interim order, there was some discussion about who was to be off limits from Mr. Plant.

And my recollection is that Mr. Scott indicated that there were customers to whom Mr. Plant had been directed by Astro-Med by virtue of those lead sheets, and that's the reference on page 2 of the order that talks about any lead sheets that were given to him within 90 days before he terminated.