**EXHIBIT A**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC., :
Plaintiff :
:
VS. : C.A. NO. 06-533 ML
:
KEVIN PLANT and NIHON :
KOHDEN AMERICA, INC., :
Defendants :

Deposition of **MICHAEL OHSAWA**, a 30(b)(6) witness designated by Nihon Kohden America, Inc., taken on behalf of the Plaintiff, on TUESDAY, JUNE 19, 2007, 3:12 P.M., at the offices of DUFFY SWEENEY & SCOTT, LTD, One Turks Head Place, Suite 1200, Providence, Rhode Island, before Vivian S. Dafoulas, Registered Merit Reporter/Certified Realtime Reporter.

CONDENSED COPY

Vivian S. Dafoulas, RMR-CRR
50 Fieldstone Drive
East Greenwich, RI 02818-2064
(401) 885-0992

the recently concluded fiscal year of one of its three product groups?
A. Roughly.
Q. I don't know what you mean by "roughly." Do you mean yes, that's reasonably at your disposal?
A. Yes.
Q. And what is the approximate gross revenue as of fiscal year 2007 for the EKG group?
MR. KARCIS: Same objection. Instruct you not to answer.
A. I'm instructed not to answer.
Q. You understand, sir, that by not -- by that instruction, there is a risk that you're going to have to come back here to complete this deposition?
A. You just informed me of that.
Q. What is the revenue for Nihon Kohden America for all of its product groups for fiscal year 2007?
MR. KARCIS: Objection. I instruct the witness not to answer.
A. I've been instructed not to answer.
Q. Nihon Kohden America is a subsidiary of Nihon Kohden of Japan, correct?
A. That's correct.



Q. It's a wholly owned subsidiary?
A. Yes.
Q. Nihon Kohden of Japan is a publicly traded company?
A. Yes.
Q. It's traded on the Tokyo Stock Exchange, is it not?
A. I think it's the Tokyo Stock Exchange.
Q. In fact, your Web site says as much, doesn't it?
MR. KARCIS: Same objections as far as the jurisdictional discovery cutoff.
Q. And is it your position, Mr. Ohsawa, that the revenues of Nihon Kohden America are not disclosed as part of the reporting obligations of Nihon Kohden Japan?
MR. KARCIS: Same objection. Also calls for speculation. You can answer, if you know.
THE WITNESS: Am I supposed to answer?
MR. KARCIS: You may answer, if you know.
A. I don't know what the reporting requirements are in Japan, so I don't know if it's -- if it's disclosed.
Q. Okay. Do you consider the revenue of Nihon Kohden America on an annual basis to be



confidential information?
A. Yes.
Q. And would that testimony change if that information was publicly disclosed to your shareholders?
MR. KARCIS: Same objections.
A. If it's publicly disclosed, yes.
Q. You don't -- you don't know, as you sit here today, whether it's publicly disclosed or not?
A. I'm not sure if it's publicly disclosed or not.
Q. But you know, as a Stanford grad and a University of Chicago MBA and a controller and a director of operations, that publicly traded companies disclose their revenue figures and other financial information with their shareholders, correct?
MR. KARCIS: Same objections.
A. For the entire consolidate group, not necessarily for all the individual subsidiaries.
MR. SCOTT: Let's mark this 30, please.
(Whereupon, Plaintiff's Exhibit No. 30 was marked.)
Q. Do you own any shares in Nihon Kohden of Japan?



A. No.
Q. Have you ever seen an annual report?
MR. KARCIS: Same objections.
A. No.
Q. I show you what's been marked as Exhibit 30 which I'll represent to you is a document that Mr. Gladstone handed to me about an hour ago?
MR. GLADSTONE: That's correct.
A. Yes.
Q. Do you recognize that document?
MR. KARCIS: Same objection.
A. It looks like the listing that I provided to counsel.
Q. Is that the listing that you provided to counsel approximately a week before April 25th, 2007?
A. I think that fits the general time parameter.
Q. And that's a list generated as a result of some search criteria of your AS400 database?
MR. KARCIS: Same objection.
A. Yes.
Q. And it identifies Rhode Island customers of Astro-Med, correct? I'm sorry. Rhode Island customers of Nihon Kohden.