# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,

Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.

Defendants.

## DEFENDANTS NIHON KOHDEN'S AND KEVIN PLANT'S JOINT OBJECTIONS TO PLAINTIFF'S INTENT TO OFFER DEPOSITION TESTIMONY INTO EVIDENCE

Defendants, Nihon Kohden America, Inc., ("Nihon Kohden") and Kevin Plant (collectively, "Defendants"), while reserving the right to raise additional objections at trial as to the purpose for which the deposition testimony is being presented, will and hereby do, object to the following deposition transcript designations submitted by Plaintiff:

### I. Deposition of Michael Ohsawa

A. 7:14-8:10

This portion of the deposition inquires about Nihon Kohden's inability to produce Mr. Ohsawa and Gary Reasoner at a June 11, 2007 deposition in Santa Monica California. Defendants object to the entirety of the designation as being irrelevant and unduly prejudicial. Moreover, the cited testimony does not relate to a claim or defense asserted in this action.

Federal Rules of Evidence 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See also*, Federal

Rules of Evidence 402, which states in relevant part, "Evidence which is not relevant is not admissible."

B. 10:19-14:5

The entirety of this testimony relates again to Nihon Kohden's inability to produce Messrs. Ohsawa and Reasoner at a June 11, 2007 deposition in Santa Monica California, as well discovery hearings, which matters are subject to a Motion in Limine. Moreover, the "testimony" contains more commentary of Plaintiff's counsel than responses to actual questions. Defendants object to the entirety of the designation as being irrelevant and unduly prejudicial, and it does not relate to any claim or defense asserted in this action.

Federal Rules of Evidence 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See also*, Federal Rules of Evidence 402, which states in relevant part, "Evidence which is not relevant is not admissible."

C. 18:5-20:11

Defendants object to the introduction of the questions and answers at 18:10-12 and 19:2-10 on the grounds that this testimony is not relevant to any claim or defense asserted in this action. In fact, the cited testimony about Mr. Ohsawa's supervisors being Mr. Eiichi Tanaka and (at an earlier date) Mr. Adachi is also unduly prejudicial. In this regard, Defendants have filed a Motion in Limine seeking to prohibit the introduction of evidence that Nihon Kohden is a wholly owned subsidiary of a Japanese company.

Federal Rules of Evidence 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See also*, Federal Rules of Evidence 402, which states in relevant part, "Evidence which is not relevant is not admissible."

Defendants do not object to the remaining testimony cited.

D. 40:25-41:11

The entirety of this testimony relates to discovery. Thus, Defendants object to the entirety of the designation as being irrelevant and unduly prejudicial, and it does not relate to any claim or defense asserted in this action.

Federal Rules of Evidence 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See also*, Federal Rules of Evidence 402, which states in relevant part, "Evidence which is not relevant is not admissible."

E. 64:6-69:1

Defendants do not object to the testimony cited, except to the extent that the objections asserted by Defendants' counsel, which were based on objections to personal jurisdiction, should not be part of the record, if the testimony is used.

F. 70:6-70:12

Defendants do not object to the testimony cited, except to the extent that the objections asserted by Defendants' counsel, which were based on objections to personal jurisdiction, should not be part of the record, if the testimony is used.

G. 73:16-73:22

Defendants do not object to the testimony cited, except to the extent that the objections asserted by Defendants' counsel, which were based on objections to personal jurisdiction, should not be part of the record, if the testimony is used.

H. 74:5-74:10

Defendants object to the cited testimony in that it calls for a legal conclusion, which objection was made at 73:25-74:1.

I. 83:11-84:4

Defendants object to the testimony at 84:1-4 in that the question is vague, calls for speculation and requires a response for which foundation has not be laid. Defendants do not object to the remaining testimony cited, except to the extent that the objections asserted by Defendants' counsel, which were based on objections to personal jurisdiction, should not be part of the record, if the testimony is used.

J. 92:1-92:24

Defendants object to the cited testimony in that the hypothetical question posed is incomplete and requires a response based on speculation.

K. 98:15-99:14

Defendants do not object to the testimony cited, except to the extent that the objections asserted by Defendants' counsel, which were based on objections to personal jurisdiction, should not be part of the record, if the testimony is used.

L. 100:3-104:12

Defendants object to the testimony at 101:23-102:18 in that there is no evidence that Mr. Plant has been convicted of a felony. Allowing such testimony without foundation would be irrelevant and unduly prejudicial.

Federal Rules of Evidence 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See also*, Federal Rules of Evidence 402, which states in relevant part, "Evidence which is not relevant is not admissible."

Defendants do not object to the remaining testimony cited, except to the extent that the objections asserted by Defendants' counsel, which were based on objections to personal jurisdiction, should not be part of the record, if the testimony is used.

M. 108:24-109:25

Defendants object to the testimony at 109:18-25 in that the question is vague, calls for speculation, is an incomplete hypothetical, and requires a response for which foundation has not be laid. Defendants do not object to the remaining testimony cited, except to the extent that the objections asserted by Defendants' counsel, which were based on objections to personal jurisdiction, should not be part of the record, if the testimony is used.

N. 111:7-111:22

Defendants object to the cited testimony in that testimony is irrelevant and unduly prejudicial.

Federal Rules of Evidence 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See also*, Federal Rules of Evidence 402, which states in relevant part, "Evidence which is not relevant is not admissible."

O. 111:25-112:6

Defendants object to the cited testimony in that testimony is irrelevant and unduly prejudicial.

Federal Rules of Evidence 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See also*, Federal Rules of Evidence 402, which states in relevant part, "Evidence which is not relevant is not admissible."

P. 113:16-114:3

Defendants object to the cited testimony in that testimony is irrelevant and unduly prejudicial.

Federal Rules of Evidence 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See also*, Federal Rules of Evidence 402, which states in relevant part, "Evidence which is not relevant is not admissible."

Q. 116:4-116:12

Defendants object to the cited testimony in that testimony is irrelevant and unduly prejudicial.

Federal Rules of Evidence 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See also*, Federal

Rules of Evidence 402, which states in relevant part, "Evidence which is not relevant is not admissible."

R. 122:23-123:2

Defendants object to the cited testimony on the grounds that this testimony is not relevant to any claim or defense asserted in this action. Defendants have filed a Motion in Limine seeking to prohibit the introduction of evidence that Nihon Kohden is a wholly owned subsidiary of a Japanese company.

Federal Rules of Evidence 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See also*, Federal Rules of Evidence 402, which states in relevant part, "Evidence which is not relevant is not admissible."

## II. **Deposition of Gary Reasoner**

A. 6:4-6:5

Defendants object to the introduction of the cited testimony on the grounds that this testimony is not relevant to any claim or defense asserted in this action. In fact, the cited testimony is the subject of Defendants' Motion in Limine seeking to prohibit the introduction of evidence that Nihon Kohden is a California company.

Federal Rules of Evidence 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See also*, Federal Rules of Evidence 402, which states in relevant part, "Evidence which is not relevant is not admissible."

B. 8:9-8:23

This portion of the deposition inquires about Nihon Kohden's inability to produce Mr. Ohsawa and Gary Reasoner at a June 11, 2007 deposition in Santa Monica California. Defendants object to the entirety of the designation as being irrelevant and

unduly prejudicial. Moreover, the cited testimony does not relate to a claim or defense asserted in this action.

Federal Rules of Evidence 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See also*, Federal Rules of Evidence 402, which states in relevant part, "Evidence which is not relevant is not admissible."

C. 9:23-10:17

This portion of the deposition inquires about Nihon Kohden's inability to produce Mr. Ohsawa and Gary Reasoner at a June 11, 2007 deposition in Santa Monica California. Defendants object to the entirety of the designation as being irrelevant and unduly prejudicial. Moreover, the cited testimony does not relate to a claim or defense asserted in this action.

Federal Rules of Evidence 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See also*, Federal Rules of Evidence 402, which states in relevant part, "Evidence which is not relevant is not admissible."

D. 11:17-11:24

This portion of the deposition inquires about Nihon Kohden's inability to produce Mr. Ohsawa and Gary Reasoner at a June 11, 2007 deposition in Santa Monica California. Defendants object to the entirety of the designation as being irrelevant and unduly prejudicial. Moreover, the cited testimony does not relate to a claim or defense asserted in this action.

Federal Rules of Evidence 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See also*, Federal

Rules of Evidence 402, which states in relevant part, "Evidence which is not relevant is not admissible."

E. 15:19-15:22

This question inquires about Nihon Kohden's inability to produce Mr. Ohsawa and Gary Reasoner at a June 11, 2007 deposition in Santa Monica California. Defendants object to the entirety of the designation as being irrelevant and unduly prejudicial. Moreover, the cited testimony does not relate to a claim or defense asserted in this action.

Federal Rules of Evidence 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See also*, Federal Rules of Evidence 402, which states in relevant part, "Evidence which is not relevant is not admissible."

F. 17:13-19:2

This portion of the deposition inquires about Nihon Kohden's inability to produce Mr. Ohsawa and Gary Reasoner at a June 11, 2007 deposition in Santa Monica California. Defendants object to the entirety of the designation as being irrelevant and unduly prejudicial. Moreover, the cited testimony does not relate to a claim or defense asserted in this action.

Federal Rules of Evidence 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See also*, Federal Rules of Evidence 402, which states in relevant part, "Evidence which is not relevant is not admissible."

G. 25:23-27:19

Defendants do not object to the testimony cited, except to the extent that the objections asserted by Defendants' counsel, which were based on objections to personal jurisdiction, should not be part of the record, if the testimony is used.

H. 31:18-32:20

Defendants do not object to the testimony cited, except to the extent that the objections asserted by Defendants' counsel, which were based on objections to personal jurisdiction, should not be part of the record, if the testimony is used.

I. 33:5-33:8

Defendants do not object to the testimony cited, except to the extent that the objections asserted by Defendants' counsel, which were based on objections to personal jurisdiction, should not be part of the record, if the testimony is used.

J. 37:9-38:1

Defendants object to the cited testimony in that it is irrelevant and unduly prejudicial. Moreover, the testimony was designated as confidential by Defendants pursuant to the December 27, 2006 Protective Order.

Federal Rules of Evidence 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See also*, Federal Rules of Evidence 402, which states in relevant part, "Evidence which is not relevant is not admissible."

K. 38:9-38:22

Defendants do not object to the testimony cited, except to the extent that the objections asserted by Defendants' counsel, which were based on objections to personal jurisdiction, should not be part of the record, if the testimony is used.

L. 39:5-39:8

Defendants do not object to the testimony cited, except to the extent that the objections asserted by Defendants' counsel, which were based on objections to personal jurisdiction, should not be part of the record, if the testimony is used.

M. 40:17-41:3

Defendants do not object to the testimony cited, except to the extent that the objections asserted by Defendants' counsel, which were based on objections to personal jurisdiction, should not be part of the record, if the testimony is used.

N. 41:22-46:24

Defendants do not object to the testimony cited, except to the extent that the objections asserted by Defendants' counsel, which were based on objections to personal jurisdiction, should not be part of the record, if the testimony is used.

O. 47:9-47:14

Defendants do not object to the testimony cited, except to the extent that the objections asserted by Defendants' counsel, which were based on objections to personal jurisdiction, should not be part of the record, if the testimony is used.

P. 94:20-96:21

Defendants do not object to the testimony cited, except to the extent that the objections asserted by Defendants' counsel, which were based on objections to personal jurisdiction, should not be part of the record, if the testimony is used.

Q. 97:22-98:7

Defendants do not object to the testimony cited, except to the extent that the objections asserted by Defendants' counsel, which were based on objections to personal jurisdiction, should not be part of the record, if the testimony is used.

R. 122:15-123:5

Defendants object to the cited testimony in that it is irrelevant and unduly prejudicial. Moreover, the testimony was designated as confidential by Defendants pursuant to the December 27, 2006 Protective Order.

Federal Rules of Evidence 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See also*, Federal Rules of Evidence 402, which states in relevant part, "Evidence which is not relevant is not admissible."

S. 130:1-130:19

Defendants do not object to the testimony cited, except to the extent that the objections asserted by Defendants' counsel, which were based on objections to personal jurisdiction, should not be part of the record, if the testimony is used.

T. 134:22-135:5

Defendants do not object to the testimony cited, except to the extent that the objections asserted by Defendants' counsel, which were based on objections to personal jurisdiction, should not be part of the record, if the testimony is used.

U. 138:13-139:6

Defendants do not object to the testimony cited, except to the extent that the objections asserted by Defendants' counsel, which were based on objections to personal jurisdiction, should not be part of the record, if the testimony is used.

V. 140:1-142:17

Defendants do not object to the testimony cited, except to the extent that the objections asserted by Defendants' counsel, which were based on objections to personal jurisdiction, should not be part of the record, if the testimony is used.

W. 143:10-145:25

Defendants object to the cited testimony in that it calls for a legal conclusion as to whether the document discussed was an enforceable non-competition agreement. Allowing the introduction of such evidence as discussed in the testimony is irrelevant and unduly prejudicial.

Federal Rules of Evidence 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See also*, Federal Rules of Evidence 402, which states in relevant part, "Evidence which is not relevant is not admissible."

X. 147:9-148:1

Defendants object to the cited testimony in that it calls for a legal conclusion as to whether the document discussed was an enforceable non-competition agreement. Allowing the introduction of such evidence as discussed in the testimony is irrelevant and unduly prejudicial.

Federal Rules of Evidence 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue

delay, waste of time, or needless presentation of cumulative evidence." *See also*, Federal Rules of Evidence 402, which states in relevant part, "Evidence which is not relevant is not admissible."

Y. 149:10-152:12

Defendants object to the cited testimony in that it calls for a legal conclusion as to whether the document discussed was an enforceable non-competition agreement. Allowing the introduction of such evidence as discussed in the testimony is irrelevant and unduly prejudicial.

Federal Rules of Evidence 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See also*, Federal Rules of Evidence 402, which states in relevant part, "Evidence which is not relevant is not admissible."

Z. 153:22-155:8

Defendants object to the cited testimony in that it is irrelevant and unduly prejudicial. Moreover, the testimony was designated as confidential by Defendants pursuant to the December 27, 2006 Protective Order.

Federal Rules of Evidence 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See also*, Federal Rules of Evidence 402, which states in relevant part, "Evidence which is not relevant is not admissible."

AA. 156:20-158:24

Defendants do not object to the testimony cited, except to the extent that the objections asserted by Defendants' counsel, which were based on objections to personal jurisdiction, should not be part of the record, if the testimony is used.

BB. 166:9-166:12

Defendants do not object to the testimony cited, except to the extent that the objections asserted by Defendants' counsel, which were based on objections to personal jurisdiction, should not be part of the record, if the testimony is used.

CC. 168:14-169:9

The entirety of this testimony relates to the issuance of a preliminary injunction. Defendants object to the entirety of the designation as being irrelevant and unduly prejudicial, and it does not relate to any claim or defense asserted in this action, as is to be asserted in trial.

Federal Rules of Evidence 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See also*, Federal Rules of Evidence 402, which states in relevant part, "Evidence which is not relevant is not admissible."

DD. 169:23-170:5

Defendants do not object to the testimony cited, except to the extent that the objections asserted by Defendants' counsel, which were based on objections to personal jurisdiction, should not be part of the record, if the testimony is used.

EE. 170:24-171:18

Defendants do not object to the testimony cited, except to the extent that the objections asserted by Defendants' counsel, which were based on objections to personal jurisdiction, should not be part of the record, if the testimony is used.

KEVIN PLANT
NIHON KOHDEN AMERICA, INC.
By Its Attorneys,

/s/ Bruce W. Gladstone

Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
PHONE: (401) 331-5700
FAX: (401) 331-5787

/s/ E.P. Michael Karcis
E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
PHONE: (310) 450-9353
FAX: (310) 581-8006

Date: March 4, 2008

G:\pec\PLANT, KEVIN\Joint Obj. Trial Depo Desginations.doc

## CERTIFICATION

The undersigned hereby certifies that on the 4th day of March, 2008, a copy of the foregoing DEFENDANTS' JOINT OBJECTION TO PLAINTIFF'S INTENT TO OFFER DEPOSITION TESTIMONY INTO EVIDENCE was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

Stacey P. Nakasian, Esquire
snakasian@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Building, Suite 1200
Providence, RI 02903

Craig M. Scott, Esquire
cscott@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Robert M. Duffy, Esquire
rduffy@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

/s/ Bruce W. Gladstone