UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC., Plaintiff, vs. KEVIN PLANT and NIHON KOHDEN AMERICA, INC., Defendants. | : | C.A. No. 06-533 ML |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTIONS IN LIMINE NUMBERS 1 - 8**

Plaintiff, Astro-Med, Inc. ("Astro-Med"), hereby objects to the eight separate Motions in Limine filed in this action by Defendants Kevin Plant ("Plant") and Nihon Kohden America, Inc. ("Nihon Kohden").[1] For reasons set forth in the accompanying memorandum, Astro-Med submits that the Defendants' Motions in Limine should all be denied. The evidence the Defendants seek to exclude is relevant to this action, and, in most cases, the Defendants have pointed to no legal authority to support the exclusions sought. Moreover, whatever prejudice, if any, Defendants have identified can appropriately be remedied through *voir dire* questioning and or limiting and cautioning instructions at the time of trial. Under these circumstances, an

[1] Because Defendants eight motions are largely identical in their recitation of facts and authority, Astro-Med is submitting one response that addresses all of the Motions, in an effort to simplify and streamline these issues for the Court.

outright exclusion of categories of evidence prior to trial is unwarranted and prejudicial to the Plaintiff.

ASTRO-MED, INC.

By Its Attorneys,

/s/ Stacey P. Nakasian

Craig M. Scott, Esq. (#4237)
cscott@duffysweeney.com
Stacey P. Nakasian, Esq. (#5069)
snakasian@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile
rduffy@duffysweeney.com

Dated: March 4, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that the within ***Plaintiff's Objection to Defendants' Motions in Limine Numbers 1 - 8*** was filed through the ECF system on the 4th day of March, 2008, and will be sent electronically to the counsel-named below as registered participants identified on the Notice of Electronic Filing:

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

and served, via First Class Mail, to the counsel named below who are not registered ECF participants:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

/s/ Stacey P. Nakasian
Stacey P. Nakasian, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC., | : | |
| Plaintiff, | : | |
| vs. | : | C.A. No. 06-533 ML |
| KEVIN PLANT and NIHON KOHDEN AMERICA, INC., | : | |
| Defendants. | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S**
**OBJECTION TO DEFENDANTS' MOTIONS IN LIMINE NUMBERS 1 - 8**

Plaintiff, Astro-Med, Inc. ("Astro-Med"), submits this Memorandum in support of its objection to the eight separate Motions in Limine filed in this action by Defendants Kevin Plant ("Plant") and Nihon Kohden America, Inc. ("Nihon Kohden").[1] For the reasons stated below, the Motions in Limine should all be denied because the evidence at issue is relevant and Defendants cite no specific authority for its exclusion. To the extent the Defendants have identified any potential prejudice that may arise from admission of the evidence, that prejudice can be addressed through *voir dire* questioning and/or limiting instructions at the time of trial and does not support a blanket exclusion of evidence at the pre-trial stage.

## FACTS

Defendants include in their Motions a virtually identical recitation of the general facts of the case. Because those facts are not necessary to a determination of the motions, Astro-Med will not take up the Court's time here to dispute the facts. To the extent any factual assertion is relevant to a particular *in limine* motion, it is addressed below.

[1] Because Defendants' eight motions are largely identical in their recitation of facts and authority, Astro-Med is submitting one response that addresses all of the Motions, in an effort to simplify and streamline these issues for the Court.

## ARGUMENT

### Motion in Limine No. 1

### Defendants Misstate Rhode Island Law to Suggest That There Could Have Been No Breach of Plant's Non-compete Restriction Prior to December 28, 2006.

In *Durapin, Inc. v. American Products, Inc.*, 559 A.2d 1051 (R.I. 1989), the Rhode Island Supreme Court considered what approach Rhode Island law should take in dealing with restraints on trade found to be overbroad. The Court adopted a rule of partial enforcement, expressly rejecting the alternative all-or-nothing and blue pencil rules of enforcement. Under the partial enforcement rule as announced in *Durapin*, an overbroad but otherwise valid non-competition agreement is enforced to the extent reasonable to protect an employer's legitimate business interest. 559 A.2d at 1058.

Defendants posit that a non-compete provision capable of partial enforcement under *Durapin* is unenforceable until such time as a Court declares its reasonable scope. But none of the cases cited by the Defendants, including *Durapin,* stand for that proposition. Nor is the proposition practical, as it would render all non-compete agreements at least temporarily unenforceable. Employees universally would assert that their non-competes are unenforceable, thereby buying themselves some free time to compete while their former employers are forced to bring suit to determine the scope of the restraint. Such a result is particularly absurd in cases like this where the employee concealed his competing employment from his former employer, thereby further delaying enforcement under Defendants' misconceived rule. The proposition also would greatly assist subsequent employers, like Nihon Kohden, in defending against tortuous interference claims. They would take the position that their conduct could not constitute improper interference unless a Court had previously declared the scope of the non-compete.

Defendants' argument equates to saying that a contract subject to two or more interpretations cannot be breached until the Court declares its meaning. This is obviously not the law. The Defendants' position, if adopted by the Court, would only serve to engender litigation. Employers seeking to enforce non-competes would be forced to bring a declaratory judgment action as a predicate to a breach of contract action. Not only is there no authority to suggest a breach could not have occurred prior to the Court's injunction order, but a rule to that effect would lead to impractical and unfair results.

In any event, it is difficult to determine exactly what evidence it is that the Defendants are seeking to exclude. Plaintiffs intend to prove that Plant accepted employment with Nihon Kohden and that the Defendants engaged in activities in direct contravention of the Employment Agreement, including contacting Astro-Med customers. The Defendants are free to argue, if possible, that this conduct does not constitute a breach; but there is no basis for them to claim as a matter of law that a breach could not have occurred prior to the issuance of the December 28, 2007 Injunction.

**<u>Motion in Limine No. 2</u>**

**The Evidence Defendants Seek to Exclude Under Rule 801 is Not Offered For the Purposes the Defendants Claim**

It is undisputed that when Plant resigned from Astro-Med in September 2006, he refused to tell Astro-Med where he was going to be employed. Accordingly, Astro-Med did not know for several weeks about his employment with Nihon Kohden. Astro-Med learned that fact from a customer, Dr. Berry, who informed Astro-Med employees that he had been contacted by Kevin Plant on behalf of Nihon Kohden. Astro-Med intends to introduce this evidence at trial not to prove the fact of the contact, but rather to explain how it was that Astro-Med learned of Plant's

employment by Nihon Kohden, and to explain why it was that Astro-Med did not file suit until two months after Plant left the company.

Because the evidence is not being offered for the truth of the out-of-court statement (that Kevin Plant contacted Dr. Barry) but rather for its effect on Astro-Med (putting Astro-Med on notice that Plant was employed by Nihon Kohden - - an undisputed fact), it does not constitute hearsay and should be admitted. If there is any concern about the prejudice of this evidence, the Court can issue a limiting instruction to the jury explaining how they may consider the evidence.

**Motions in Limine Nos. 3 and 4**

**No Basis Exists to Exclude From the Jury Evidence Regarding Defendants Status as a California Subsidiary of a Japanese Corporation**

Defendants seek to exclude evidence that Nihon Kohden is a California corporation and a subsidiary of a Japanese corporation. Defendants cite absolutely no case law for the proposition that such information about a party can be completely excluded from trial. Indeed, no case law exists. Rather, Defendants simply argue that facts regarding Nihon Kohden's corporate status may "serve to incite any patent or latent xenophobic feelings of jurors." If that is their concern, Defendants can ask the Court to address questions to potential jurors in *voir dire* to determine whether any jurors in fact have any "xenophobic" feelings or other biases that may prejudice them in their consideration of this case.

It is wrong to presume that a Rhode Island jury would be prejudiced against a Japanese or California company, or that such a company cannot get a fair trial in this district unless its identity is concealed. The exclusion of facts regarding Nihon Kohden's corporate status from the jury is tantamount to finding that Rhode Island jurors cannot treat out-of-state parties fairly.

As a practical matter, it would be artificial not to indicate where Nihon Kohden is from. The fact that it is located in California will be relevant to explain some of the legal costs incurred

in this action. Plaintiff's legal expenses, which it is entitled to recover under the employment agreement if a breach is found, are a primary component of the damages in this case. As the Court knows, significant legal fees were incurred when Nihon Kohden's witnesses failed to appear at depositions the Court compelled in California. This incident led to significant motion practice, in addition to the unnecessary time and expense of Plaintiff's counsel's trip to California. Unless Defendants are willing to stipulate to the amount of Plaintiff's legal fees, these facts will be relevant to prove those fees as a component of damages.

**Motions in Limine 5, 6 and 7**

**Evidence Regarding Nihon Kohden's Jurisdictional Challenge is Relevant and Must be Admitted on the Issue of Plaintiff's Fees.**

Defendants filed three separate Motions in Limine seeking to exclude evidence relating to Nihon Kohden's jurisdictional challenge: Motion In Limine No. 5, to prohibit evidence that Nihon Kohden is subject to jurisdiction in Rhode Island;[2] Motion in Limine No. 6, to prohibit evidence that Nihon Kohden objected to jurisdiction here; and Motion in Limine No. 7, to exclude evidence that Nihon Kohden appealed this Court's finding of jurisdiction. Defendants argue that if the jurors were aware that Nihon Kohden "fervently contested" this Court's jurisdiction, it would "likely create the impression in the minds of the jurors that Nihon Kohden did not and does not believe that it could obtain a fair trial in the State of Rhode Island."

The evidence regarding Nihon Kohden's jurisdictional challenge is significantly relevant to Astro-Med's claim for attorney's fees. As the Court knows, special jurisdictional discovery was conducted, extensive briefing presented, and a hearing was held specifically to address Nihon Kohden's challenge. In addition, Nihon Kohden chose to bring a baseless appeal to the First Circuit, requiring Astro-Med to incur additional, unnecessary legal costs. Unless the

[2] Astro-Med is unclear about what evidence the Defendants seek to exclude in their Motion in Limine No. 5.

Defendants are willing to stipulate to the amount of Astro-Med's legal fees, this evidence must be admitted, so that the jury can understand that the significant fees in this case were warranted and justified by the proceedings. Nihon Kohden's asserted concern about the potential prejudice of this evidence can be addressed through a cautionary instruction by the Court – such as an instruction informing the jury that in an appropriate case, a party may challenge the Court's jurisdiction over the party, and that the jury should not draw any conclusions about why Nihon Kohden chose to do so in this case.

**Motion in Limine No. 8**

**Evidence Regarding the Sanction Award Should be Admitted on the Issue of Astro-Med-s Damages.**

Defendants argue that the sanction imposed against Nihon Kohden and its counsel by the First Circuit is irrelevant and unduly prejudicial. However, the sanction is relevant to the nature and amount of Astro-Med's attorney's fees. Again, if the Defendants will stipulate to those fees, this evidence will not be necessary. However, Astro-Med expects that the Defendants will argue that Astro-Med's fees are too high. The fees are high for what should have been a straightforward non-compete case, but the Defendants' conduct throughout this litigation greatly increased the nature and cost of these proceedings. That conduct included pursuing a jurisdictional ruling on appeal (notwithstanding the clear lack of a right to do so) and failing to produce witnesses when compelled by the Court. Plaintiff will argue to the jury that their legal fees should and must, under the parties' contract, be borne by the Defendants. The fact that these proceedings were prolonged and complicated by a frivolous appeal is directly relevant. Indeed, the fees sought for recovery in this action will be reduced by the amount of the sanction, a fact that will be explained to the jury.

**CONCLUSION**

For the foregoing reasons, Astro-Med submits that the Defendants' Motions in Limine should all be denied. The evidence at issue is relevant to this action. In most cases, the Defendants have pointed to no legal authority to support the specific exclusion sought. Moreover, whatever prejudice, if any, Defendants have identified can appropriately be remedied through *voir dire* questioning and or limiting and cautioning instructions at the time of trial. Under these circumstances, an outright exclusion of categories of evidence prior to trial is unwarranted and prejudicial to the Plaintiff.

ASTRO-MED, INC.

By Its Attorneys,

/s/ Stacey P. Nakasian
Craig M. Scott, Esq. (#4237)
cscott@duffysweeney.com
Stacey P. Nakasian, Esq. (#5069)
snakasian@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile
rduffy@duffysweeney.com

Dated: March 4, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that the within ***Memorandum in Support of Plaintiff's Objection to Defendants' Motions in Limine Numbers 1 - 8*** was filed through the ECF system on the 4th day of March, 2008, and will be sent electronically to the counsel-named below as registered participants identified on the Notice of Electronic Filing:

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

and served, via First Class Mail, to the counsel named below who are not registered ECF participants:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

/s/ Stacey P. Nakasian
Stacey P. Nakasian, Esq.