UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC., | : | |
| Plaintiff, | : | |
| vs. | : | C.A. No. 06-533 ML |
| KEVIN PLANT and NIHON KOHDEN AMERICA, INC., | : | |
| Defendants. | : | |

**BRIEF STATEMENT OF THE FACTS AND**
**VOIR DIRE QUESTIONS**

In compliance with the Court's February 4, 2008 Trial Notice, Plaintiff, Astro-Med, Inc. ("Astro-Med") submits the following Brief Statement of Facts and Voir Dire Questions.

**BRIEF STATEMENT OF FACTS**

This action has been brought by Astro-Med, Inc. against its former employee Kevin Plant. Astro-Med is a Rhode Island Corporation with its headquarters located in West Warwick. Among other things, Astro-Med manufactures, sells and distributes instruments for sleep and neurological research and clinical applications of sleep science and brain wave recording and analysis. Astro-Med carries out these activities through a division called the Grass Technologies Product Group.

Plant, a Florida resident, joined Astro-Med as a products specialist in Rhode Island in October, 2002. In July, 2004, Plant relocated to Florida and was promoted to Astro-Med's district sales manager for its southeast territory.

As a condition of his employment, Plant executed an Employee Agreement with Astro-Med. In that agreement, Mr. Plant agreed not to use or disclose Astro-Med's proprietary

information other than for Astro-Med. He also agreed to certain restrictions on his ability to compete with Astro-Med for a one-year period after the termination of his employment with Astro-Med.

Mr. Plant resigned from Astro-Med in September 2006 and began work for Defendant Nihon Kohden, which competes with Astro-Med.

In this action, Astro-Med alleges that Plant's employment selling sleep and neurological research instruments for Nihon Kohden in Florida violates the non-compete provision of his employment agreement with Astro-Med. Astro-Med also alleges that Plant is engaging in unfair competition; that Plant and Nihon Kohden have misappropriated Astro-Med's proprietary information and trade secrets; and that Nihon Kohden has improperly interfered with Plant's contractual relationship with Astro-Med. Astro-Med seeks to recover the damages it has suffered as well as the benefit it claims the Defendants have unjustly obtained as a result of their alleged misconduct.

**VOIR DIRE QUESTIONS**

1. Do any of you know, or are you familiar with, any of the parties to this action: Astro-Med, Inc.; Kevin Plant; or Nihon Kohden America, Inc.?

2. Do any of you know, or are you familiar with, Plaintiff's counsel: the law firm of Duffy Sweeney & Scott, Ltd here in Providence, or Stacey P. Nakasian?

3. Do any of you know or are you familiar with Defendants' counsel: the law firm of Cameron & Mittleman, a Providence firm; Attorney Bruce Gladstone of that firm; the law firm of McLean and McLean, LLP in Santa Monica, California, or E.P. Michael Karcis?

4. Do any of you know, or are you familiar with, any of the following individuals who may testify in this matter: Everett V. Pizzuti, Mark Paliotta, Marco Mancini, Michael Ohsawa, Gary Reasoner, Guy Casler, Darren Jones, Rob Safron, or Frederick Plant?

5. Have you ever been involved in a law suit with your employer?

6. If you are or ever have been an employer, have you ever been involved in a law suit with an employee?

7. Have you ever been a party to any other type of lawsuit or arbitration, either as a plaintiff or as a defendant?

8. Are you or any member of your family engaged in the practice of law? If so, describe the nature of the practice in which you or they are engaged.

9. Do you or any member of your family own, directly or indirectly, any stock in Astro-Med?

10. Do you or any member of your family own, directly or indirectly, any stock in Nihon Kohden?

11. Have you, a family member or close friend, ever worked in sales, other than retail sales? If so, what type of sales?

12. Would you have any problem awarding damages to an employer against its former employee if such damages are warranted in a given case?

13. This case involves a non-compete provision of an employment agreement. A non-compete provision, generally, limits the type of employment an employee can engage in after the termination of his or her employment that is subject to the provision. Have you, a family member or close friend ever been a party to a non-compete agreement or to an agreement containing a non-compete provision?
If so, what was the nature of the employment?
What limits were imposed by the noncompete?
How did you, your family member or friend feel about the limits imposed by the noncompete?
Did you consider the limits reasonable under the circumstances?
Did you consider it improper in any way for the employer to require such limits?
Did you, your family member or friend comply with the terms of the noncompete?

14. If it were up to you to determine the reasonable scope of a noncompete provision, would you have any trouble following legal principles that permit such provisions as long as they are reasonable to protect an employer's legitimate business interests, even if it means that they prevent an employee from certain employment opportunities?

15. If an employer, a manufacturer of highly specialized medical equipment, hires an employee with no background in its technology, trains the employee in the specialized technology, and discloses confidential information to the employee in the course of his work, do you see anything unfair about the employer requiring the employee as a condition of his employment to agree not to work for a competitor for a period of time after his employment with the employer ends?

16. If the Court instructs you that Mr. Plant's non-compete agreement with Astro-Med is reasonable and enforceable, and if you determine that Mr. Plant's employment by Nihon Kohden is prohibited by the noncompete, would you have any problem delivering a verdict in favor of the Plaintiff?

17. If you determine that Mr. Plant has violated his non-compete agreement with Astro-Med, and if you are instructed that Astro-Med is entitled to recover its attorneys fees resulting from that breach, would you have any problem awarding Astro-Med its fees in this case?

ASTRO-MED, INC.

By Its Attorneys,

/s/ Stacey P. Nakasian

Craig M. Scott, Esq. (#4237)
cscott@duffysweeney.com
Stacey P. Nakasian, Esq. (#5069)
snakasian@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile
rduffy@duffysweeney.com

Dated: March 4, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that the within ***Astro-Med's Brief Statement of the Facts and Voir Dire Questions*** was filed through the ECF system on the 4th day of March, 2008, and will be sent electronically to the counsel-named below as registered participants identified on the Notice of Electronic Filing:

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

and served, via First Class Mail, to the counsel named below who are not registered ECF participants:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

/s/ Stacey P. Nakasian
Stacey P. Nakasian, Esq.