UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,

Plaintiff,

vs.

KEVIN PLANT and NIHON KOHDEN AMERICA, INC.,

Defendants.

C.A. No. 06-533 ML

**PLAINTIFF'S PROPOSED TRIAL EXHIBITS**

| No. | Description | Purpose | Admitted without Objection[1] | Bates No. |
|---|---|---|---|---|
| 1 | Astro-Med job posting for Product Specialist position | Offered to support Astro-Med's legitimate interest in enforcing Plant's Non-Compete | | AM 00010 |
| 2 | Astro-Med Job Description for Product and Marketing Specialist position | Offered to support Astro-Med's legitimate interest in enforcing Plant's Non-Compete | | AM 00387 |
| 3 | Employee Agreement between Kevin Plant and Astro-Med dated October 16, 2002 | Offered to establish the terms of Plant's contract with Astro-Med | | AM 00011-12 |
| 4 | Grass-Telefactor Clinical Product Group Training Schedule | Offered to support Astro-Med's legitimate interest in enforcing Plant's Non-Compete | | AM 00013 |
| 5 | Twin Training Schedule | Offered to support Astro-Med's legitimate interest in enforcing Plant's Non-Compete | | AM 00040-43 |

[1] In an effort to comply with the Court's Pre-trial Scheduling Order, the undersigned forwarded Plaintiff's Exhibit List to defense counsel yesterday asking them to indicate which exhibits may be admitted without objection. As of the time of filing this list with the Court, the undersigned has still not been informed by defense counsel which exhibits may be admitted without objection.

| | | | | |
|---|---|---|---|---|
| 6 | Astro-Med, Inc. Training Documentation dated December 19, 2002 | Offered to support Astro-Med's legitimate interest in enforcing Plant's Non-Compete | | AM 00014 |
| 7 | March 18, 2003 Memo from Astro-Med Human Resources regarding Performance Review for Kevin Plant | Offered to support Astro-Med's legitimate interest in enforcing Plant's Non-Compete | | AM 00015-21 |
| 8 | September 23, 2003 Memo from Astro-Med Human Resources regarding Performance Review for Kevin Plant | Offered to support Astro-Med's legitimate interest in enforcing Plant's Non-Compete | | AM 00022-29 |
| 9 | Astro-Med Compensation Plan / Domestic Field Sales Person FY2005 | Offered to support Astro-Med's legitimate interest in enforcing Plant's Non-Compete | | n/a |
| 10 | Astro-Med Lead Sheet for Florida | Offered to support Astro-Med's legitimate interest in enforcing Plant's Non-Compete and as evidence of proprietary information provided to Plant | | AM 00030-35 |
| 11 | Astro-Med Lead Sheet for South Carolina | Offered to support Astro-Med's legitimate interest in enforcing Plant's Non-Compete and as evidence of proprietary information provided to Plant | | AM 00036 |
| 12 | Astro-Med Lead Sheet for Georgia | Offered to support Astro-Med's legitimate interest in enforcing Plant's Non-Compete and as evidence of proprietary information provided to Plant | | AM 00037 |
| 13 | Schedule for Grass-Telefactor National Sales Meeting APSS 2006 | Offered to support Astro-Med's legitimate interest in enforcing Plant's Non-Compete and as evidence of proprietary information provided to Plant | | AM 00044-47 |

| | | | | |
|---|---|---|---|---|
| 14 | Notes from Grass-Telefactor National Sales Meeting of June 16-17, 2006 | Offered to support Astro-Med's legitimate interest in enforcing Plant's Non-Compete and as evidence of proprietary information provided to Plant | | AM 00048-56 |
| 15 | Astro-Med Round Table Summary "What is Really Working Well for G-T?" | Offered to support Astro-Med's legitimate interest in enforcing Plant's Non-Compete and as evidence of proprietary information provided to Plant | | AM 00057 |
| 16 | Astro-Med Training and Product Information Presentations | Offered to support Astro-Med's legitimate interest in enforcing Plant's Non-Compete and as evidence of proprietary information provided to Plant | | AM 00067-239 |
| 17 | May 25, 2006 email exchange between K. Plant and M. Mancini | Offered to demonstrate Plaint's involvement in and exposure to Astro-Med's confidential pricing information and pricing strategies. | | AM 00058-59 |
| 18 | January 13, 2000 email exchange between K. Plant and M. Mancini | Offered to demonstrate Plaint's involvement in and exposure to Astro-Med's confidential pricing information and pricing strategies. | | AM 00060-64 |
| 19 | January 17-19, 2005 email correspondence involving K. Plant and E. Pizzuti regarding Plant's continuing schooling | Offered to demonstrate Astro-Med's investment in Plant supporting enforceability of non-compete agreement. | | AM 00899-903 |
| 20 | K. Plant's historical payment analysis | Offered to demonstrate Astro-Med's investment in Plant supporting enforceability of non-compete agreement and to refute Plant's claim regarding materiality of alleged change in employment. | | AM 00066 |

| | | | | |
|---|---|---|---|---|
| **21** | September 21, 2006 email from E. Pizzuti to K. Plant regarding Plant's resignation | Offered to show that Plant did not disclose his employment with Nihon Kohden to Astro-Med and was reminded by Astro-Med of his non-compete obligations | | AM 00038 |
| **22** | November 8, 2006 email exchange between M. Mancini and M. Paliotta | Offered to show how Astro-Med learned of Plant's employment by Nihon Kohden. | | AM 00393 |
| **23** | Summary of Astro-Med Grass Technology orders for Florida for Fiscal years 2005 through the second quarter of 2008 | Offered to demonstrate Astro-Med's loss of sales in Florida after Plant left to join Nihon Kohden. | | AM 01190 |
| **24** | Modified Injunction Order entered February 16, 2007 | Offered to refute Defendants' mischaracterization of restraints imposed by the Court on Defendants' sales activity. | | n/a |
| **25** | Astro-Med Customer List transmitted to defense counsel under cover letter dated February 23, 2007 | Offered to refute Defendants' mischaracterization of restraints imposed by the Court on Defendants' sales activity and to prove breach, contempt and damages. | | n/a |
| **26** | McLean and McLean letter dated February 28, 2007 identifying overlap customers | Offered to refute Defendants' mischaracterization of restraints imposed by the Court on Defendants' sales activity and to prove breach, contempt and damages. | | n/a |
| **27** | Amended Modified Interim Injunction Order entered May 8, 2007 | Offered to refute Defendants' mischaracterization of restraints imposed by the Court on Defendants' sales activity. | | n/a |
| **28** | Astro-Med Customer List transmitted to defense counsel under cover letter dated May 11, 2007 | Offered to refute Defendants' mischaracterization of restraints imposed by the Court on Defendants' sales activity and to prove breach, contempt and damages. | | n/a |

| | | | | |
|---|---|---|---|---|
| **29** | McLean and McLean letter dated May 18, 2007 identifying overlap customers | Offered to refute Defendants characterization of restraints imposed by the Court on Defendants sales activity and to prove breach, contempt and damages. | | n/a |
| **30** | Plant's September 21, 2006 Application for Employment with Nihon Kohden | Offered to demonstrate the representations Plant made to Nihon Kohden regarding his qualifications. | | n/a |
| **31** | July 21, 2006 email from K. Plant to Gary Reasoner at Nihon Kohden | Offered to demonstrate the representations Plant made to Nihon Kohden regarding his qualifications. | | n/a |
| **32** | September 7, 2006 email from G. Reasoner of Nihon Kohden to K. Plant | Offered to establish Nihon Kohden's knowledge of Plant's continuing obligations to Astro-Med | | n/a |
| **33** | September 28-29 email exchange between Bryan Kehoe of Nihon Kohden and Kevin Plant | Offered to prove Defendants' breach of contract, misappropriation of trade secret and unfair competition. | | n/ |
| **34** | October 9, 2006 email from Bryan Kehoe of Nihon Kohden to K. Plant | Offered to show Nihon Kohden hired K. Plant as a result of his specialized training and experience obtained from Astro-Med. | | n/a |
| **35** | October 18-19, 2006 email exchange between K. Plant and Rick Inglett of Florida Hospital | Offered to prove Defendants' breach of contract, misappropriation of trade secret and unfair competition. | | n/a |
| **36** | Document quotations produced by K. Plant in compliance with the Court's December 5, 2007 Order compelling the production of all documents regarding consummated sales. | Offered to prove breach, contempt and damages. | | n/a |

ASTRO-MED, INC.

By Its Attorneys,

/s/ Stacey P. Nakasian

Craig M. Scott, Esq. (#4237)
cscott@duffysweeney.com
Stacey P. Nakasian, Esq. (#5069)
snakasian@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile
rduffy@duffysweeney.com

Dated: March 4, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that the within ***Plaintiff's Proposed Trial Exhibits*** was filed through the ECF system on the 4th day of March, 2008, and will be sent electronically to the counsel-named below as registered participants identified on the Notice of Electronic Filing:

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

and served, via First Class Mail, to the counsel named below who are not registered ECF participants:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

/s/ Stacey P. Nakasian
Stacey P. Nakasian, Esq.