UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC., Plaintiff, | : | |
| vs. | : | C.A. No. 06-533 ML |
| KEVIN PLANT, Defendant. | : | |

**PLAINTIFF'S MOTION IN LIMINE**

Plaintiff Astro-Med, Inc. ("Astro-Med") files this Motion in Limine to preclude the Defendants from making misstatements to the jury regarding the restrictions imposed on them by the Court's Injunction Orders. As set forth in the accompanying memorandum, it is now clear from documents recently produced by the Defendants that they repeatedly violated the Court's Orders. In an apparent effort to mitigate the effect of that evidence, the Defendants in their pretrial papers materially misstate the restrictions contained in the Orders. Defendants should be precluded from repeating those misstatements to the jury to ensure that such misstatements do not create jury confusion and prejudice the fair conduct of this trial.

ASTRO-MED, INC.

By Its Attorneys,

/s/ Stacey P. Nakasian

Craig M. Scott, Esq. (#4237)
cscott@duffysweeney.com
Stacey P. Nakasian, Esq. (#5069)
snakasian@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile
rduffy@duffysweeney.com

Dated: March 5, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that the within ***Plaintiff's Motion in Limine*** was filed through the ECF system on the 5th day of March, 2008, and will be sent electronically to the counsel-named below as registered participants identified on the Notice of Electronic Filing:

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

and served, via First Class Mail, to the counsel named below who are not registered ECF participants:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

/s/ Stacey P. Nakasian
Stacey P. Nakasian, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC., Plaintiff, | : | |
| vs. | : | C.A. No. 06-533 ML |
| KEVIN PLANT, Defendant. | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE**

Plaintiff Astro-Med, Inc. ("Astro-Med") seeks to preclude the Defendants from making misstatements to the jury regarding the restrictions imposed on them by the Court's Injunction Orders. As set forth below, it is now clear from documents recently produced by the Defendants that they repeatedly violated the Court's Orders. In an apparent effort to mitigate the effect of that evidence, the Defendants in their pretrial papers materially misstate the restrictions contained in the Orders. Defendants should be precluded from repeating those misstatements to the jury to ensure that such misstatements do not create jury confusion and prejudice the fair conduct of this trial.

The Court, as required by Rule 65, described in detail the specific acts restrained by the Modified Injunction Order entered February 16, 2007 [Docket No. 32] and the Amended Modified Injunction Order entered May 8, 2007 [Docket No. 62]. Paragraph 1 of each Order provides that Plant, and those in concert with him, shall not "contact, market, or sell Medical Equipment to any Astro-Med's customers or perspective customers as identified on the Customer List ("Astro-Med Customer List") …."

The Court specifically defined the term "Astro-Med Customer List" as it is used in the Orders. The Modified Injunction Order defined the list to include "existing Astro-Med customers in Florida and prospective Astro-Med customers located in Florida that were on any lead sheet given to Plant within 90 days before Plant terminated his employment with Astro-Med." In its Amended Modified Injunction Order, the Court modified its definition of the Astro-Med Customer List to include "existing Astro-Med customers in Florida which have ordered and/or received products from Astro-Med on or after July 1, 1999 and prospective Astro-Med customers located in Florida that were on any lead sheet given to Plant within 90 days before Plant terminated his employment with Astro-Med." In both cases, the Astro-Med Customer List is defined as the list of customers to whom Astro-Med had made sales in Florida and its potential customers reflected on certain lead sheets.

Notwithstanding the clear and unambiguous language of the Court's Orders, the Defendants assert in their Pretrial Memorandum filed on February 26, 2008 [Docket No. 153],[1] and in their Motion in Limine Number 1 [Docket No. 145], that the restraints imposed by the Court only restricted Mr. Plant from "being able to contact **his** former customers or customer leads." *See* Defendants' Motion in Limine No. 1 at 4 (emphasis added); Defendants' February 26, 2008 Pretrial Memorandum at 6. They claim that "[t]he only limit on Mr. Plant's sales activities was prohibiting Mr. Plant from contacting Florida businesses **he** contacted (or received leads regarding) when he was employed with Plaintiff." Defendants' February 26, 2008 Pretrial Memorandum at 2, n.5 (emphasis

[1] Although both Defendants filed Pretrial Memorandum in November, pursuant to the Court's February 5, 2007 Pretrial Order, they filed another Pretrial Memorandum on February 26, 2008. The misstatements at issue in this motion are contained in Defendants' recent Pretrial Memorandum, not in Defendants' original Pretrial Memoranda.

added). These statements mischaracterize the Court's Order by suggesting that Plant was not restrained from contacting all the customers on Astro-Med's Customer List (as the Order says), but rather only those with whom he had contact. This mischaracterization not only blatantly misrespresents the plain language of the Order, but it also contradicts another reality. The Court defined the list as including all customers who purchased product from Astro-Med in Florida going back to July 1, 1999. Plant had only been a salesman in that territory since July 2004, and an employee of Astro-Med's since October 2002. So the Court was well aware that the list as defined in its Orders included customers who transacted business with Astro-Med prior to Plant's involvement.

The reasons for Defendants' blatant misstatements are evident. Defendants are well aware that documents they recently were compelled by the Court to produce reveal that Nihon Kohden and Mr. Plant contacted several customers on Astro-Med's Customer List in direct violation of the Court's Orders. They know that Astro-Med, using those newly disclosed documents, can prove that the Defendants are in contempt of the Court's Orders, that Mr. Plant lied in the several affidavits he submitted representing his compliance with those Orders, and that the Defendants reaped significant economic benefits from their misconduct. Faced with this undisputable evidence of their liability, the Defendants are hoping to confuse the fact finder by misstating the mandates of the Court's Orders.

Significantly, Defendants did not make these misstatements in their original Pretrial Memoranda, which were filed before the Court's order compelling the production of the incriminating documents. Rather, this new strategy was apparently launched in recognition of the fact that their contempt is now known.

For these reasons, Astro-Med requests that the Defendants be precluded from mischaracterizing or misstating the terms of the Inunctions entered by this Court. The Defendants cannot complain that they will be unfairly prejudiced by having to honestly represent the facts to the jury. On the other hand, unless precluded from doing so by the Court, Defendants undoubtedly will repeat their misstatements at trial to confuse the jury about exactly what conduct was permitted and what conduct was prohibited by the Court's prior Orders. Such confusion clearly would prejudice Astro-Med in this case and potentially undermine the fair conduct of the trial.

ASTRO-MED, INC.

By Its Attorneys,

/s/ Stacey P. Nakasian

Craig M. Scott, Esq. (#4237)
cscott@duffysweeney.com
Stacey P. Nakasian, Esq. (#5069)
snakasian@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile
rduffy@duffysweeney.com

Dated: March 5, 2008