UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC., | : | |
| Plaintiff, | : | |
| vs. | : | C.A. No. 06-533 ML |
| KEVIN PLANT and NIHON KOHDEN AMERICA, INC., | : | |
| Defendants. | : | |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

Plaintiff Astro-Med, Inc. respectfully requests that the Court instruct the jury according to the instructions set forth herein.

Respectfully Submitted,

ASTRO-MED, INC.
By Its Attorneys,

/s/ Stacey P. Nakasian

Stacey P. Nakasian, Esq. (#5069)
Robert M. Duffy, Esq. (#5069)
Craig M. Scott, Esq. (#4237)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile

Dated: March 14, 2008

# INSTRUCTIONS

## Jury Instruction No. 1
## Credibility of Witnesses

You are the sole judges of the credibility of all witnesses. You may believe everything a witness says, part of it, or none of it. In reaching your decision as to whether you believe a witness, you may take into account many factors, including, but not limited to, the witness' opportunity and ability to see or hear or know the things the witness testified about; how the witness conducted himself or herself on the witness stand; the witness' interest in the outcome of the case; and any bias the witness may have in favor of or against either of the parties.[1]

You also may consider whether other evidence may have contradicted the witness' testimony and the reasonableness of the witness' testimony in light of all the evidence. A witness may be discredited or impeached by contradictory evidence, or by evidence that at some other time, such as during his or her deposition, the witness has said or done something, or has failed to say or do something which is inconsistent with the witness's present testimony.[2] If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

---

[1] O'Malley and Grenig, 3 *Fed. Jury Prac. & Instr.* § 101.43 (5th ed. 2008).

[2] *See Foster v. Dalton*, 71 F.3d 52 (1st Cir. 1995); *Gadoury v. United States*, 187 B.R. 816 (D.R.I. 1995); R.I. Bar Assoc., *Model Civil Jury Instructions for Rhode Island*, Model Instruction No. 105.1 (2002).

**Jury Instruction No. 2**
**Scope of Noncompete**

Astro-Med further alleges that Mr. Plant breached the non-compete provision of his employment agreement through his sales activities on behalf of Nihon Kohden. Whether a contract provision restricting competition is enforceable and the extent to which it is enforceable are questions of law that I must decide.[1]

In this case, I have determined that the non-compete provision of the employment agreement between Astro-Med and Mr. Plant is enforceable and that, for the period after he left Astro-Med through December 28, 2007, the non-compete prohibited Mr. Plant, and those acting in concert with him, from contacting, marketing or selling EEG, PSG, LTM and related products in Florida to anyone on Astro-Med's customer list, which was admitted into evidence as Plaintiff's Exhibit __.

---

[1] *Durapin, Inc. v. American Products, Inc.*, 559 A.2d 1051 (R.I. 1989).

**Jury Instruction No. 3**
**Breach of Employment Agreement**

You must decide in this case whether Defendant Kevin Plant breached his employment agreement with Astro-Med by engaging in the type of sales activity that I have instructed you is prohibited by that agreement. I must stress that you are required to accept the scope of the prohibited activity as I have declared it whether or not you agree with it. It is your duty to determine the facts of the case and, specifically, whether they establish that Plant, or those in concert with him, violated the restrictions on sales activities, as I have defined them.[1]

In other words, you must determine from all the testimony and other evidence whether Kevin Plant, and/or those in concert with him, including Nihon Kohden, contacted, marketed, and/or sold EEG, PSG, LTM or related products in Florida to any of the customers or prospective customers on Astro-Med's Customer List. If you determine that such activity took place, then you must find in favor of Astro-Med on its breach of contract claim.

---

[1]*See* O'Malley and Grenig, 3 *Fed. Jury Prac. & Instr.* § 101.10 (5th ed. 2008).

**Jury Instruction No. 4**
**Damages Generally**

If you find for Astro-Med on any or all of its claims, you must determine the amount of damages to award. The purpose of a damage award is to compensate Astro-Med for losses resulting from conduct of the wrongdoers. Astro-Med's financial loss is the ultimate measure of damages. Astro-Med need not prove its damages with mathematical precision; rather it must provide sufficient evidence to take the amount of damages out of the realm of speculation and conjecture.[1]

---

[1] *Cordeco Development Corp. v. Santiago Vasquez,* 539 F.2d 256, 262 (1st Cir.), *cert. denied,* 429 U.S. 978, 97 S.Ct. 488, 50 L.Ed.2d 586 (1976); *Trafford v. Penno*, 800 F. Supp. 1052, 1060 (D.R.I. 1992).

**Jury Instruction No. 5**
**Attorney's Fees**

In his employment agreement with Astro-Med, Kevin Plant agreed that if he breached the agreement, he would pay all legal and other expenses reasonably incurred by Astro-Med in connection with the enforcement of Mr. Plant's obligations or Astro-Med's rights under the agreement.[1]

If you find that Defendant Kevin Plant breached the terms of his employment agreement with Astro-Med, and that Astro-Med incurred legal and other expenses in order to enforce Mr. Plant's obligations under that agreement, than you should award Astro-Med damages in an amount equal to such legal and other expenses.

---

[1] Employment Agreement at para. 5.

**Jury Instruction No. 6**
**Unfair Competition**

Astro-Med also asserts that Kevin Plant has engaged in unfair competition. A former employee engages in unfair competition if he uses his former employer's confidential and proprietary business information to give a competitive advantage to himself and/or his new employer.[1] To prevail on its claim of unfair competition, Astro-Med must prove that Plant used confidential and proprietary business information to give himself and/or Nihon Kohden a competitive advantage.

---

[1] *See Abbey Medical/Abbey Rents, Inc. v. Mignacca*, 471 A.2d 189, 193 (R.I. 1984); *Rego Displays, Inc. v. Fournier*, 379 A.2d 1098, 1101-02 (R.I. 1977).

**Jury Instruction No. 7**
**Damages for Unfair Competition**

If you find that Defendant Kevin Plant engaged in unfair competition, you may award damages to Astro-Med. Because Astro-Med and Nihon Kohden are competitors, a fair measure of Astro-Med's damages is Nihon Kohden's profits on any sales that Mr. Plant diverted to Nihon Kohden from Astro-Med.[1]

[1] *George v. George F. Berkander, Inc.*, 92 R.I. 426, 169 A.2d 370 (1961); Restatement (Second) of Torts 747; *Quabaug Rubber Co. v. Fabiano Shoe Co., Inc.*, 567 F.2d 154, 195 U.S.P.Q. 689 (1st Cir. 1977); *see also National Merchandising Corp. v. Leyden*, 348, N.E. 2d 771, 775 (Mass. 1976).

**Jury Instruction No. 8**
**Tortious Interference with Contractual Relations**

Astro-Med asserts in this action that Nihon Kohden tortuously interfered with its contractual relationship with Kevin Plant by inducing Plant to breach his employment agreement with Astro-Med. On this claim, you should find in favor of Astro-Med if you determine (1) that there existed a contractual relationship between Astro-Med and Plant; (2) that Nihon Kohden knew about the relationship; and (3) that Nihon Kohden intentionally interfered with the relationship; and (4) that damages resulted from Nihon Kohden's actions.[1]

---

[1] *McFarland Read & Lundy, Inc. v. Brier*, 1998 WL 269223, *6-7 (R.I. Super. 1998).

**Jury Instruction No. 9**
**Damages for Tortious Interference**

If you find for Astro-Med on its tortious interference with contractual relations claim, you must then consider the amount of pecuniary or monetary damages to award Astro-Med. You should award Astro-Med an amount of money that represents fair and adequate compensation for the loss or damage resulting from Nihon Kohden's interference.[1]

In calculating the amount of damages to award Astro-Med, you may consider Nihon Kohden's unjust enrichment, that is, its profits from sales of medical equipment that it would not have otherwise achieved but for its intentional interference with Plant's employment agreement with Astro-Med and award Astro-Med these profits from Nihon Kohden's tainted sales.[2]

---

[1] O'Malley and Grenig, 3 *Fed. Jury Prac. & Instr.* § 127.03 (5th ed. 2008).

[2] *See National Merchandising Corp. v. Leyden*, 348 N.E.2d 771, 776 (Mass. 1976).

**Jury Instruction No. 10**
**Trade Secret Defined**

You must determine in this action whether any of Astro-Med's trade secrets have been misappropriated by Defendants Kevin Plant and Nihon Kohden. A "trade secret" is defined as information, patterns, compilations, programs, devices, methods, techniques or processes that derive independent economic value from not being generally known to, and not being readily ascertainable by proper means by, other persons who can derive economic value from its disclosure and use and which is the subject of reasonable efforts to maintain its secrecy.[1]

Astro-Med asserts that its products under development, and its marketing, pricing and customer information are trade secrets. You should find that these are protectable trade secrets, if you determine from the evidence:

(1) that the nature of Astro-Med's products under development, and of its marketing, pricing and customer information are proprietary;

(2) that these trade secrets would have economic value for Nihon Kohden; and

(3) that Astro-Med took reasonable steps to protect the trade secrets.

[1] R.I. Gen. Laws § 6-41-1(4); O'Malley and Grenig, 3 *Fed. Jury Prac. & Instr.* § 127.11 (5th ed. 2008).

**Jury Instruction No. 11**
**Misappropriation of Trade Secrets**

Once you have determined that Astro-Med's trade secrets are protectable under the law, you must decide whether Defendants Nihon Kohden and Kevin Plant have misappropriated Astro-Med's trade secrets. Misappropriation of a trade secret is defined as the acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means. Misappropriation is also defined as the disclosure or use, without express or implied consent, of a trade secret of another by a person who:

i. Used improper means to acquire knowledge of a trade secret; or

ii. At the time of disclosure or use, knew or had reason to know that his or her knowledge of the trade secret was:

   1. Derived from or through a person who had utilized improper means to acquire it;
   2. Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or
   3. Derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use.[1]

If you determine that Nihon Kohden acquired Astro-Med's trade secrets from Kevin Plant knowing that he was subject to the non-compete and non-disclosure provisions of his employee agreement and that he had been exposed to Astro-Med's trade secrets, you should find that Defendants misappropriated Astro-Med's trade secrets.

[1] R.I. Gen. Laws § 6-41-1(2); *Magnum Defense, Inc. v. Harbour Group Ltd.*, 248 F. Supp. 2d 64, 70 (D.R.I. 2003).

**Jury Instruction No. 12**
**Damages for Misappropriation**

If you find that Astro-Med possesses a protectable trade secret that was misappropriated by Defendants Nihon Kohden and Kevin Plant, you may award damages to Astro-Med as a result of the misappropriation.

In this case, Astro-Med seeks to recover the unjust enrichment Defendants obtained as a result of the alleged misappropriation.[1] Unjust enrichment is defined as "the retention of a benefit conferred by another, without offering compensation, in circumstances where compensation is reasonably expected."[2] Unjust enrichment is the actual benefit that a defendant received from an alleged wrongdoing. It is for you, the jury, to determine whether the defendants received any unjust enrichment as a result of the acts alleged in this case. If you find that defendants were unjustly enriched, than you must determine the nature and the amount of that enrichment.

As with any claim for damages, Astro-Med is not required to prove the amount of the defendants' unjust enrichment with mathematical precision; rather it must provide sufficient evidence to take the amount of damages out of the realm of speculation and conjecture.[3]

---

[1] R.I. Gen. Laws §6-41-3(a).

[2] Black's Law Dictionary 1536 (7th ed. 1999); Restatement of the Law of Restitution, page 12, § 1 (1937).

[3] *Cordeco Development Corp. v. Santiago Vasquez,* 539 F.2d 256, 262 (1st Cir.), *cert. denied,* 429 U.S. 978 (1976); *Trafford v. Penno*, 800 F. Supp. 1052, 1060 (D.R.I. 1992).

**Jury Instruction No. 13**
**Damages for Willful and Malicious Misappropriation**

If you find the defendants misappropriated Astro-Med's trade secrets, and if you further find that such misappropriation was willful and malicious, you may award Astro-Med its reasonable attorneys fees in this case.[1]

[1] R.I. Gen. Laws §6-41-4.

**CERTIFICATION**

The undersigned hereby certifies that on the 14th day of March, 2008, a copy of the foregoing was filed through the ECF system, and was served electronically to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

/s/ Stacey P. Nakasian