**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ASTRO-MED, INC.,
Plaintiff

v. C.A. No. 06-533ML

KEVIN PLANT and
NIHON KOHDEN AMERICA, INC.,
Defendants

**PROPOSED JURY INSTRUCTIONS**
**SUBMITTED BY THE DEFENDANTS,**
**NIHON KOHDEN AMERICA, INC. AND KEVIN PLANT**

Now come the Defendants, Nihon Kohden America, Inc. and Kevin Plant and hereby submit Jury Instructions to be given to the Jury by this Honorable Court as follows:

**INSTRUCTIONS**

**Non-competition Agreement**

1) If you find that Kevin Plant's employment status with Plaintiff materially changed at any time after he signed the Employee Agreement, you shall find that the non-competition provision in the Employee Agreement was void at that time of that material change. In so finding, you shall also find that Kevin Plant was not restricted by a non-competition agreement when he left his employment with Plaintiff. AFC Cable Sys. v. Clisham, 62 F. Supp. 2d 167, 172-73 (D. Mass. 1999).

2) If Plaintiff is entitled to recover on its claim of breach of a post-employment non-competition agreement, you may award Plaintiff damages for the profits it has lost, if any. In determining the amount of any such award for lost profits, you should include the amount of any sales that you find that Plaintiff would have achieved but for Kevin Plant's competition with it, and deduct any costs and expenses that you find that Plaintiff would have incurred in achieving those sales. You should not include in your award any

amount for sales that you find Plaintiff would not have been able to achieve even if Kevin Plant had not been competing with Plaintiff.

3) The non-competition provision is not enforceable as written in the Employment Agreement as its scope of restricting the Defendant, Kevin Plant, from working in all of North America and Europe was far too broad. The non-competition provision would only at best be enforceable against the Defendant, Kevin Plant, as modified by this Court on December 28, 2006 by limiting its scope to prohibiting Defendant, Plant, from selling for a competitor of Plaintiff electroencephalograph (EEG) equipment, polysomnograph (PSG) equipment and long-term monitoring for epilepsy (LTM equipment) to Mr. Plant's former customers and/or customer leads, within the State of Florida, given to him by the Plaintiff, while he was employed by the Plaintiff. A contract that is indefinite as to its material terms is unenforceable. Soar v. NFL Players Assn., 438 F. Supp. 337, 343 (D.R.I. 1975). Rhode Island law permits otherwise unenforceable non-competition agreements to be reformed in equity for the purpose of limiting the non-competition provision to make the unenforceable provision enforceable. Durapin, Inc. v. American Prods., 559 A.2d 1051 at 1058-59.

4) If you find that Kevin Plant did breach the non-competition agreement as modified by this Court on December 28, 2006, by selling for a competitor of Plaintiff electroencephalograph (EEG) equipment, polysomnograph (PSG) equipment and long-term monitoring for epilepsy (LTM equipment) to Mr. Plant's former customers and/or customer leads within the State of Florida, given to him by the Plaintiff while he was employed by the Plaintiff, after December 28, 2006, you can find that Mr. Plant breached the non-competition agreement as modified by this Court on December 28, 2006.

5) If you find that Kevin Plant did not breach the non-competition agreement as modified by this Court on December 28, 2006, by selling for a competitor of Plaintiff electroencephalograph (EEG) equipment, polysomnograph (PSG) equipment and long-term monitoring for epilepsy (LTM equipment) to Mr. Plant's former customers and/or customer leads within the State of Florida given to him by the Plaintiff while he was employed by the Plaintiff, after December 28, 2006, you cannot find either that Mr. Plant breached the non-competition portion of the Agreement, nor that Nihon Kohden

intentionally and/or knowingly interfered with contractual relations, under all counts of Plaintiff's Complaint, and you would then have to find in favor of the Defendants.

6) Merely because Mr. Plant worked with customers when employed with Plaintiff does not prohibit Mr. Plant from contacting those customers. Instead, an employee lawfully entering upon a competing business may be prohibited from using or disclosing the use of trade secrets or processes, knowledge of the former employer's business surreptitiously obtained or copied lists of customers or information about them. An employer cannot by contract prevent an employee from using the skill and intelligence acquired or increased and improved through experience or through instruction received in the course of employment. Thus, information, such as the identity of customers known to employees in general is knowledge which may be used freely anywhere. Chemart Co. v. Alan E. Nixon & Photofabrication Engineering, Inc., 1992 R.I. Super. LEXIS 53 9-10; Dryvit Systems, Inc. v. Healy, 1989 R.I. Super. LEXIS 105, 12; National Hearing Aid Centers, Inc. v. Avers, 2 Mass. App. Ct. 285, 311 N.E.2d 573, 578 (1974).

**Interference with Contract**

7) "[C]onduct in furtherance of business competition is generally held to justify interference with others' contracts, so long as the conduct involves neither 'wrongful means' nor 'unlawful restraint of trade.'" APG, Inc. v. MCI Telcoms. Corp., 436 F.3d 294, 304 fn. 12 (1st Cir. 2006), *citing* Ocean State Physicians Health Plan, Inc. v. Blue Cross & Blue Shield of R.I., 883 F.2d 1101, 1113 (1st Cir. 1989) (*quoting* Restatement (Second) of Torts § 768 at 39 (1979)).

Under Rhode Island law, the Plaintiff must prove either that "but for" Nihon Kohden's interference, Plaintiff would not have suffered injury, or that "it is reasonably probable that but for the interference" Plaintiff would not have been injured. APG, Inc. v. MCI Telcoms. Corp., 436 F.3d 294, 304 (1st Cir. 2006).

The plaintiff claims in this case that it had a contract with Kevin Plant, and that Nihon Kohden improperly interfered with Kevin Plant's performance of his obligations under this contract.

In order to prevail on this claim of improper interference with a contractual relationship, Plaintiff must prove by a preponderance of the evidence that:

1. Plaintiff had a legally binding contract with Kevin Plant;
2. Nihon Kohden knew about the contract and intentionally induced or persuaded Kevin Plant not to perform his obligations under the contract;
3. Nihon Kohden's interference with Kevin Plant's performance of his obligations under the contract, in addition to being intentional, was improper in motive or in means;
4. Plaintiff suffered damages as a direct result of Nihon Kodhen's actions.

**Requirement of a Binding Contract**

8) In order for you to find for Plaintiff on its claim against Nihon Kohden, you must find that Plaintiff was a party to a valid contract and binding contract with Kevin Plant, which was in full force and effect at the time of the actions complained of, and that the contract was breached by Kevin Plant as a result of Nihon Kohden's conduct.

A contract is simply an agreement between two or more persons, called "parties," to do or not to do a certain thing for "consideration," or a thing of value. Mutual promises to do or not to do a certain thing in the future are sufficient consideration for each other.

A contract is not considered to be in full force and effect if, at the time in question, it was not legally binding.

**Requirement of Knowledge**

9) To find for Plaintiff, you must also find that Nihon Kohden knew of the existence of the contract between Plaintiff and Kevin Plant and knew what the enforceable terms of that contract were. The requirement of knowledge may be found if, from the facts and circumstances of which Nihon Kohden had knowledge, Nihon Kohden should have known of the existence of the contractual relationship between Plaintiff and Kevin Plant, and the type of conduct prohibited by the contract to the extent enforceable.

**Requirement of Intent**

10) A person's intent is an objective or purpose.

Under the law, an actor is presumed to have intended the consequences of its act if the actor either desired to cause those consequences or knew that the consequences were certain, or substantially certain, to result from its act. In the present case, therefore, in determining whether Nihon Kohden intended to interfere with Kevin Plant's performance of the contractual obligation owed to Plaintiff, you should consider whether Nihon Kohden either desired to achieve that result or knew that such interference was certain, or substantially certain, to result from its actions.

**Improper Motive or Means**

11) In general, a business enterprise does not act improperly when it interferes with or disrupts a competitor's prospective business relationship so long as its purpose is, at least in part, to advance its own competitive interests, and the business enterprise has not engaged in conduct that is otherwise unlawful. In the present case, you may not find that Nihon Kohden acted for an improper purpose in interfering with Plaintiff's business relationship with Kevin Plant, unless you find that it acted solely out of spite or ill will against Plaintiff, or for some unlawful purpose, rather than for the purpose of lawfully competing with Plaintiff and promoting its own business interests.

Also, you may not find that the defendant used any improper means to interfere with the plaintiff's prospective business relationship with Kevin Plant, unless you find that Nihon Kohden's conduct involved physical violence, fraud, or other unlawful conduct. Mere persuasion or even limited economic pressure is not enough to constitute an improper means of interfering with a competitor's existing business relationship, unless the pressure involves matters which are unrelated to the business in which the actor and the competitor are competing.

**Damages**

12) If Plaintiff is entitled to recover on its claim of breach of a post-employment non-competition agreement, you may award Plaintiff damages for the profits it has lost, if any, as a result of Nihon Kohden's knowing and intentional acts. In determining the amount of any such award for lost profits, you should include the amount of any sales that you find that Plaintiff would have achieved but for Kevin Plant's competition with it, in the event you find that Kevin Plant in the manner in which he competed, breached the non-competition agreement as modified by this Court on December 28, 2006, and you

must deduct any costs and expenses that you find that Plaintiff would have incurred in achieving those sales. You should not include in your award any amount for sales that you find Plaintiff would not have been able to achieve even if Kevin Plant had not been competing with it, in breach of the non-competition agreement as modified by this Court on December 28, 2006.

**Plaintiff's Lost Profits**

13) If you find for Plaintiff on its claim for intentional interference with a contractual relationship, you may award the plaintiff damages for the profits it has lost, if any, by reason of Nihon Kohden's conduct. You should be guided by the rule that Plaintiff is entitled to any profits which it would, with reasonable certainty, have enjoyed, were it not for the breach of its contract. In arriving at the amount of profits lost by the plaintiff, you are entitled to consider Plaintiff's past earnings in its business. You should also consider all the other evidence concerning general economic and competitive conditions that you may find to have a bearing on the issue of lost profits.

Plaintiff's lost profits are the revenues that Plaintiff would have received but for Nihon Kohden's conduct, reduced by the direct expenses that Plaintiff would have incurred to receive those revenues, but without any reductions for fixed overhead expenses.

Plaintiff must prove that any lost profits were directly attributable to Nihon Kohden's alleged misconduct. Lowrie v. Castle, 225 Mass. 37, 51, 113 N.E.2d 206, 210.

(1916); Augat, Inc. v. Aegis, Inc., 417 Mass. 484, 488, 631 N.E.2d 995, 997-98 (1994).

For you to find that Plaintiff suffered a loss of profits, Plaintiff must establish by a preponderance of the evidence that "but for" Nihon Kohden's interference with the contract, to the extent enforceable, it was "reasonably definite" that Plaintiff would have received those revenues. APG, Inc. v. MCI Telcoms. Corp., 436 F.3d 294, 305 (1st Cir. 2006).

14) Even if you find that Kevin Plant breached an enforceable non-competition provision with Plaintiff, you need not award any damages if Plaintiff has not met its burden of proof to establish that it did suffer damages. Eastern Container Corp. v. Craine, 624 A. 2d 833, 835 (R.I. 1993).

**Misappropriation**

**Trade Secret — Definition**

15) A trade secret may consist of any formula, pattern, device, or compilation of information that is used in one's business and that gives one an opportunity to obtain an advantage over competitors who do not know or use it. It may be a scientific, technical, merchandising, production, or management information, or it may consist of a design, process, procedure, formula, invention, or improvement, so long as it is kept secret and gives one an advantage or potential advantage over competitors. In sum, a trade secret is any information that can be used in the operation of a business or other enterprise and that is sufficiently valuable and secret to afford an actual or potential economic advantage over others. Restatement (Third) of Unfair Competition § 39 (American Law Institute 1995).

**Elements of Trade Secret Misappropriation Claim**

16) In order to prevail on its claim of trade secret misappropriation, Plaintiff must prove by a preponderance of the evidence that:

1. Plaintiff's pricing, sales or marketing strategies are trade secret;
2. Plaintiff has taken reasonable steps to preserve the secrecy of its pricing, sales or marketing strategies; and
3. to acquire and use the trade secret, Kevin Plant used improper means in breach of his duty, if any, of confidentiality.

I will now instruct you in more detail about the elements of the trade secret misappropriation claim and the factors that you may consider as you weigh the evidence you have heard in this case. Data Gen. Corp. v. Grumman Sys. Support Corp., 825 F. Supp. 340, 357 (D.Mass. 1993); R.I. Gen. Laws § 6-41-1(2).

**Existence of Trade Secret — Factors to Consider**

17) In determining whether Plaintiff has established that its pricing, sales or marketing strategy is a trade secret, you may give consideration to the following factors:

- the extent to which the pricing, sales or marketing strategy is known outside of the business;
- the extent to which it is known by Plaintiff's employees and others involved in the business;

- the extent of measures taken by Plaintiff to guard the secrecy of the pricing, sales or marketing strategy;
- the value of the pricing, sales or marketing strategy to Plaintiff and to its competitors;
- the amount of effort or money expended by Plaintiff in developing the pricing, sales or marketing strategy; and
- the ease or difficulty with which the pricing, sales or marketing strategy could be properly acquired or duplicated by others.

In considering these factors, you should not necessarily give more weight to any one of them, but should evaluate the evidence as a whole, keeping in mind that the essential characteristic of a trade secret is secrecy and that the secret or confidential nature of the information must be established in order to qualify for trade secret protection. Harvard Apparatus, Inc. v. Cowen, 130 F.Supp.2d 161, 175 (D.Mass. 2001).

**Reasonable Steps to Preserve Secrecy**

18) The law requires that one who possesses a trade secret must take reasonable steps to preserve its secrecy. The law requires only reasonable precautions, not heroic measures. In determining whether the plaintiff has taken reasonable precautions to protect the secrecy of its pricing, sales or marketing strategies, you should give consideration to the following factors:

1. the existence or absence of an express agreement restricting disclosure and whether Plaintiff has enforced such agreements consistently;
2. the nature and extent of security precautions taken by the plaintiff to prevent acquisition of the information by unauthorized third parties;
3. the circumstances under which the information was disclosed to any employee to the extent that these circumstances give rise to a reasonable inference that further disclosure, without the consent of Plaintiff, was prohibited;
4. the degree to which the information has been placed in the public domain or rendered readily ascertainable by third parties (such as

online) through issued patents or unrestricted product marketing; and

5. the relationship between and conduct of Plaintiff and Kevin Plant.

You may consider, for example, whether security precautions were taken by Plaintiff, including limited access to the public and requirements that visitors be logged in and out, escorted by Plaintiff's personnel, and not permitted into areas where the trade secrets were available. You may also consider whether Plaintiff restricted the access of information it regarded as confidential or a trade secret to those employees with a need to know the information in order to perform their job.

You may also consider whether the alleged trade secret information was available online. Harvard Apparatus, Inc. v. Cowen, 130 F.Supp.2d 161, 176 (D.Mass. 2001).

**Damages for Misappropriation of Trade Secret — Lost Profits**

19) If Plaintiff has proven its claim of misappropriation of a trade secret, then it is your duty to determine Plaintiff's damages. The burden is on the plaintiff to prove damages by a preponderance of the evidence. Damages are the amount of money that will reasonably and fairly compensate the plaintiff for any injury that you find was caused by Kevin Plant's or Nihon Kohden's misappropriation, if any, of Plaintiff's trade secret. If Plaintiff has not presented credible evidence that the misappropriation of its pricing, sales or marketing strategies by either Defendant caused it to lose sales and corresponding profits, Plaintiff is not entitled to any damages, even if you find that there was misappropriation. Curtiss-Wright Crop. v. Edel-Brown Tool & Die Co., 381 Mass. 1, 11-12, 407 N.E.2d 319, 326-27 (1980); Jet Spray Cooler, Inc. v. Crampton, 377 Mass. 159, 385 N.E.2d 1349 (1979).

**Unfair Competition**

20) Plaintiff must establish that Kevin Plant misused Plaintiff's confidential information to establish its claim of unfair competition. Abbey Medical/Abbey Rents, Inc. v. Mignacca, 471 A.2d 189, 193 (R.I. 1984); Rego Displays, Inc. v. Fournier, 119 R.I. 469, 474, 379 A.2d 1098 (1977); Baris v. Steinlage, 2003 R.I. Super. LEXIS 154, 61.

The desire to be free from competition, by itself, is not a protectable interest. Durapin, Inc. v. American Prods., 559 A.2d 1051, 1057 (R.I. 1989).

**Mitigation of Damages**

**General**

21) A party claiming injury has a duty to exercise reasonable diligence and ordinary care in attempting to minimize its damages. The law requires reasonable efforts and ordinary care under the circumstances. Tomaino v. Concord Oil of Newport, Inc., 709 A.2d 1016, 1026 (R.I. 1998).

22) Mitigation is a concept requiring that a party suffering a legal harm must take steps to reduce the damages suffered. Mitigation is a concept to be considered in calculating damages if deemed applicable to the facts of this case. Muniz v. Rovira, 373 F.3d 1, 7 (1st Cir. 2004).

Defendants have asserted that Plaintiff failed to mitigate or lessen its damages. Plaintiff's intent in prosecuting this action, after Kevin Plant agreed to settle on the same terms as the injunction ordered by the Court, is relevant to whether Plaintiff mitigated its damages and to what damages Plaintiff may be entitled. De Carvalho v. Da Silva, 414 A.2d 806, 810 (R.I. 1980).

Defendants have asserted that Plaintiff failed to mitigate or lessen its damages. The mitigation of damages rule is applicable in relation to Plaintiff's failure to establish that alleged loss of anticipated profits for the period after the date of Kevin Plant leaving Plaintiff's employ. Blue Ribbon Beef Co. v. Napolitano, 1994 R.I. Super. LEXIS 75 6-7.

Defendants have asserted that Plaintiff failed to mitigate or lessen its damages. The mitigation of damages rule is applicable in relation to Plaintiff's continued prosecution of this action despite Kevin Plant's undisputed compliance with the court's injunction order.

Defendants have asserted that Plaintiff failed to mitigate or lessen its damages. The mitigation of damages rule is applicable in relation to Plaintiff's continued prosecution of this action despite Defendant's agreement that Kevin Plant would not use or disclose any of Plaintiff's trade secrets or confidential information.

If you find that Kevin Plant made an offer to settle the case and that the settlement offer was consistent with the court's preliminary injunction, then you may find

that Plaintiff failed to mitigate its damages by not accepting the settlement offer. Reyes v. Banco Santander de P.R., N.A., 583 F. Supp. 1444 (D.P.R. 1984).

WHEREFORE, while reserving the right to submit further jury instructions based on the jury instructions being submitted by Plaintiff, the Defendants respectfully pray that this Honorable Court give the Honorable Jury the foregoing instructions upon which to base their deliberations and findings at trial in this matter.

KEVIN PLANT
NIHON KOHDEN AMERICA, INC.
By their Attorneys,

/s/ Bruce W. Gladstone
Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
PHONE: (401) 331-5700
FAX: (401) 331-5787

/s/ E.P. Michael Karcis
E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
PHONE: (310) 450-9353
FAX: (310) 581-8006

Date: March 14, 2008

G:\pec\PLANT, KEVIN\Trial Jury Instructions.doc

CERTIFICATION

The undersigned hereby certifies that on the 14th day of March, 2008, a copy of the foregoing Proposed Jury Instructions Submitted by the Defendants, Nihon Kohden America, Inc. and Kevin Plant, was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

Stacey P. Nakasian, Esquire
snakasian@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Building, Suite 1200
Providence, RI 02903

Craig M. Scott, Esquire
cscott@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Robert M. Duffy, Esquire
rduffy@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

/s/ Bruce W. Gladstone