UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,

Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.

Defendants.

**DEFENDANTS NIHON KOHDEN'S AND KEVIN PLANT'S SUPPLEMENTAL MEMORANDUM OF LAW ON JOINT MOTION IN LIMINE NO. 1 – REQUEST FOR ORDER PROHIBITING PLAINIFF FROM INTRODUCING EVIDENCE OF ANY BREACH OF NON-COMPETITION RESTRICTION TO EVENTS OCCURING AFTER DECEMBER 28, 2006**

Defendants, Nihon Kohden America, Inc., ("Nihon Kohden") and Kevin Plant (collectively, "Defendants") will and hereby do, submit the following supplemental memorandum of law in support of their request for an order prohibiting Plaintiff from introducing any evidence of a breach (or the inducement of a breach) of a non-competition restriction pre-dating December 28, 2006, the date on which this Court first modified a non-competition restriction and made it enforceable against Defendant Plant.

## I. INTRODUCTION

An essential legal issue in this action is whether an unenforceable restrictive covenant that requires judicial reformation to make it enforceable may be breached *before* it is judicially reformed. This is an important question of law that will tailor the evidence presented and allows the parties to avoid introducing evidence that would lead to jury confusion.

The non-competition provision contained in Mr. Plant's "Employee Agreement" **Exhibit A** was legally overly broad. It prohibited Mr. Plant from working for *any* employer except Plaintiff in the medical equipment sales profession *anywhere* on the entire North American and European continents for an entire year following a separation from Plaintiff *in any circumstance*. This Court used its equitable powers to reform the provision in its December 28, 2006 Interim

Injunction Order. The restrictive covenant, as reformed, allowed Mr. Plant to work in Florida and only prohibited him from contacting former clients. *See* Court's February 16, 2007 Modified Interim Injunction Order.

As no enforceable non-competition provision exists from the original contract,[1] Mr. Plant could not have breached that provision unless and until a court either determined that the provision was enforceable or, under equity, reformed and rewrote it. It follows that any evidence that may purport to show Mr. Plant breached an unenforceable provision is confusing, highly prejudicial and has no probative value and, thus, under FRCP 403, should not be allowed into evidence at the forthcoming trial.

## II. LEGAL ARGUMENT

### A. Legal Standard For Enforceability Of Restrictive Covenants, e.g., Non-Compete Clauses

For a restrictive covenant to be held unreasonable, it must meet the two-part test set out in Dial Media, Inc. v. Arthur Schiff, 12 F. Supp. 1483, 1488 (R.I. 1985). Quoting the Restatement of Contracts, the Court in Dial Media notes, "a covenant in restraint of trade is unreasonable if it '(a) is greater than is required for the protection of the person for whose benefit the restraint is imposed, or (b) imposes undo hardship upon the person restrained.' *Id.*, 1488.

Following Dial Media and using the same analysis, the court in Merrimack Valley Wood Prods. v. Near, 152 N.H. 192, 196, 876 A.2d 757 (N.H. 2005), stated that the trial court found that the plaintiff-employer's "non-compete covenant was unreasonable because it was too broad." Then, the trial court analyzed whether reformation was merited, but did not reform the agreement to make it enforceable. *Id.* The New Hampshire Supreme Court affirmed the trial court's analysis and decision stating, "[b]ecause the restrictive covenant fails the first prong of the reasonableness test [*i.e.*, "whether the restriction is greater than necessary to protect the legitimate interests of the employer"], it is unreasonable, **and therefore unenforceable**." *Id.* (emphasis added).

---

[1] Defendants contend the entire Employee Agreement is not enforceable due to the material changes in Mr. Plant's job status with Plaintiff's request. *See, e.g.*, AFC Cable Sys. v. Clisham, 62 F. Supp. 2d 167, 172-73 (D. Mass. 1999).

The Near court articulates a two-step analysis of non-competition agreements. The first step of the analysis is to determine whether a non-competition agreement is reasonable (*i.e.*, whether it protects the legitimate interests of the employer without being overly broad). If the restriction is overly broad, the agreement is not enforceable. In the instant action, this Court determined that the non-competition provision was overly broad. Thus, it was not enforceable. The second step of the analysis is to determine whether the non-competition provision may be modified/reformed to make it enforceable.

### B. Plaintiff's Non-Compete Provision Was Overly Broad And Unenforceable

The non-competition provision in the Employee Agreement was unenforceable against Mr. Plant because of its excessive geographic scope and restriction on his ability to work for a competitor. This Court determined that the non-competition provision in the Employee Agreement was unreasonable, but used its equitable power to reform the provision.

Rhode Island courts have upheld the equitable concept of reforming a partially enforceable contract. ("Partial enforcement should be applied in those instances wherein nothing is wrong with the agreement except that the parties have agreed on some restraint that is somewhat greater than required to protect the legitimate interests of the promisee. [Citation.]" Durapin, Inc. v. American Products, Inc., 559 A.2d 1051, 1058-59 (R.I. 1989).

### C. The Court Reformed and Rewrote a New Non-Compete Provision

Rhode Island law allows a court to exercise its equitable powers to create an enforceable non-competition agreement out of one that is not otherwise enforceable – in essence, crafting an equitable non-competition provision as none existed previously. "'[E]ven if the trial court determines that the [non-competition] covenant is unreasonable, the employer nonetheless may be entitled to *equitable* relief in the form of reformation or partial enforcement of an overly broad covenant upon a showing of his exercise of good faith in the execution of the employment contract.' Smith, Batchelder & Rugg v. Foster, 119 N.H. 679, 406 A.2d 1310, 1311 (N.H. 1979)." Ferrofluidics Corp., 968 F.2d 1463, 1469 (1st Cir. 1992) (emphasis added).

This Court has used its equitable powers to reform Plaintiff's otherwise unenforceable restrictive covenant. In the Court's December 28, 2006 Interim Injunction Order, the Court utterly rewrote the restrictive covenant from the original Employment Agreement. The original

non-competition provision limited Mr. Plant's activities severely. In fact, Mr. Plant would have had to work either in South America, Asia or Africa to follow the provision to the letter. The Court, using its equitable powers, (as provided in Durapin, Inc. v. American Products, Inc., 559 A.2d 1051, 1058 (R.I. 1989)) reformed the provision and limited Mr. Plant's activities in the State of Florida and only amongst his former clients or from a list of target clients in existence and in his possession before he left Plaintiff's employ.

This Court noted:

> "However, I must say to you in all candor, Mr. Duffy, Mr. Scott clearly should have understood what I was saying from the very beginning of this case. **I told him that I thought on its face, the provision was overly broad**; and then after the hearing, it was clear the only evidence in the case relating to Mr. Plant's activities related to the State of Florida.
>
> So for you to come in here today and say, well, if you read it, it doesn't really say that, but you would have had to have been asleep or unconscious not to know that that's what we were talking about".[2]

In the case before us, this Court exercised its equitable powers to modify the non-competition provision to make it enforceable. The restriction was not legally binding until this Court's reformation of the non-competition provision on December 28, 2006. Thus, Mr. Plant could not have breached the provision before this Court's Interim Injunction Order.

## III. CONCLUSION

The original non-competition restriction was not enforceable, as this Court confirmed by reforming and severely curtailing the original unenforceable restriction. It naturally follows that Mr. Plant could not have breached the provision, if it was not enforceable, until this Court reformed and created a new one. Thus, it follows that Defendant Nihon Kohden, likewise, could not have induced Defendant Plant to breach an unenforceable agreement.

Under the Federal Rules of Evidence 403[3], evidence that is prejudicial, non-probative and confusing should not be admitted. Again, because the non-competition provision was

---

[2] April 16, 2007 Transcript, 8:21-25, 9:1-7 (**Exhibit B**) (emphasis added).

[3] Fed. R. Evid., 403 states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

unenforceable until this Court drastically curtailed it in the December 28 Order, under both principles of logic as well as Federal Rules of Evidence 403, Plaintiff should be prohibited from introducing any evidence of an alleged breach of that provision that pre-dates the December 28 Order.

KEVIN PLANT
NIHON KOHDEN AMERICA, INC.
By their Attorneys,

/s/ Bruce W. Gladstone
Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
PHONE: (401) 331-5700
FAX: (401) 331-5787

/s/ E.P. Michael Karcis
E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
PHONE: (310) 450-9353
FAX: (310) 581-8006

Date: March 28, 2008

CERTIFICATION

The undersigned hereby certifies that on the 28th day of March, 2008, a copy of the foregoing Defendants, Nihon Kohden and Kevin Plant's Supplemental Memorandum of Law on Joint Motion in Limine No. 1, was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF), as well as hand-delivered by messenger to the Clerk's Office and Stacey P. Nakasian, Esq.:

Stacey P. Nakasian, Esquire
snakasian@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Building, Suite 1200
Providence, RI 02903

Craig M. Scott, Esquire
cscott@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Robert M. Duffy, Esquire
rduffy@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

/s/ Bruce W. Gladstone