# EXHIBIT B

concentrated in Florida.

This injunction, and I think it's most unfortunate since I asked both sides to cooperate on the terminology to be used, was never intended to restrict Mr. Plant as had been argued by your predecessor and as appears in the provision, the provision of his employment agreement which covers Europe and North America. I had always said that that wasn't going to happen.

So the injunction as to Mr. Plant's sales activities for this type of equipment was always limited to the state of Florida. Have I made that perfectly clear to you now?

MR. DUFFY: Your Honor, that is clear. I don't believe that's how the order reads.

THE COURT: It doesn't, and so I say it's unfortunate where we had both sides supposedly talking to each other about the wording of the agreement that the words "in the state of Florida" don't appear in the first clause.

However, I must say to you in all candor, Mr. Duffy, Mr. Scott clearly should have understood what I was saying from the very beginning of this case. I told him that I thought on its face the provision was overly broad; and then after the hearing, it was clear

the only evidence in the case relating to Mr. Plant's activities related to sales in the state of Florida.

So for you to come in here today and say, well, if you read it, it doesn't really say that, you're right, it doesn't really say that; but you would have had to have been asleep or unconscious not to know that that's what we were talking about.

MR. DUFFY: That's understood, your Honor.

THE COURT: So what I would suggest is, in paragraph number 1 of the injunction, that after the parenthetical "collectively the medical equipment," insert the words "in the state of Florida." That takes care of it.

I think a stickier issue is what customers ought to be on the list because there was some discussion, and I think this may have been at a conference subsequent or at the February meeting where the Court issued this interim order, there was some discussion about who was to be off limits from Mr. Plant.

And my recollection is that Mr. Scott indicated that there were customers to whom Mr. Plant had been directed by Astro-Med by virtue of those lead sheets, and that's the reference on page 2 of the order that talks about any lead sheets that were given to him within 90 days before he terminated.