UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC., | : | |
| Plaintiff, | : | |
| vs. | : | C.A. No. 06-533 ML |
| KEVIN PLANT and NIHON KOHDEN AMERICA, INC., | : | |
| Defendants. | : | |

**PLAINTIFF ASTRO-MED, INC.'S OBJECTION TO DEFENDANTS' DEPOSITION DESIGNATIONS**

Plaintiff, Astro-Med, Inc., ("Astro-Med") pursuant to the Order entered March 24, 2008, hereby submits its objections to Defendants' Designations of Testimony from the Deposition of Gary Reasoner. Astro-Med submits its prior designations of Mr. Reasoner's deposition, which designations were filed February 26, 2008 in accordance with the Court's Pretrial Order, as its counter-designations.

**OBJECTION NO. 1**: Designations on pages 79-82.

Astro-Med objects to these designations as they are irrelevant to any issue in the suit. The designations generally discuss Nihon Kohden's use of an independent contractor to serve as its in-house sales team. Astro-Med cannot conceive of how this information is relevant to the existing suit. This testimony originally was elicited at deposition to respond to Nihon Kohden's jurisdictional challenge. That challenge is not a question for the jury, and as this Court has determined that jurisdiction properly exists against Nihon Kohden, the information contained in these excerpts is not relevant to the issues to be presented at trial. Astro-Med further objects to the extent Mr. Reasoner

purports to describe how that independent contractor went about doing his work, because there is no foundation for that testimony.

**<u>OBJECTION NO. 2</u>**: Designations on pages 96 and 97.

In this excerpt Mr. Reasoner asserts that Nihon Kohden does not consider its customer list a trade secret. After this deposition, Mr. Oshawa, in his deposition, acknowledged that Nihon Kohden imposes nondisclosure obligations on its employees. He explained that those nondisclosure provisions are contained in Nihon Kohden's employee handbook. *See* Oshawa Depo. at p.98. According to Mr. Oshawa, that handbook should have been provided to Mr. Plant. Astro-Med specifically sought production of that handbook in its Motion to Compel argued last fall. Astro-Med's request was granted, but no handbook was produced. Without the handbook, Astro-Med is distinctly disadvantaged in responding to Mr. Reasoner's assertions about what information is considered confidential and what is not by Nihon Kohden. For example, it may be that the handbook specifically refers to customer information as the type of information that its employees are under an obligation not to disclose. Because Nihon Kohden has failed to produce the handbook, and therefore prevented Astro-Med from testing Mr. Reasoner's testimony on this point, the testimony should not be admitted.

**<u>OBJECTION NO. 3</u>**: Designations on pages 102 and 103.

In these excerpts, Mr. Reasoner is talking about the access Nihon Kohden gives its sales people to research and development information. The testimony is not relevant to any issue at trial and should not be admitted.

**OBJECTION NO. 4**: Designations on page 112, line 11 through page 114, line 17.

Astro-Med objects to these designations because they contain hearsay and the testimony lacks foundation. Mr. Reasoner's first answer (at p.112, lines 18-19) is non-responsive and should be stricken. Mr. Reasoner also testifies about an industry web-site and purports to explain what information is on the website. Significantly, he admits at p.114, lines 1-3 that he does not have access to the web-site's database and cannot verify all its contents. Because the website and the information on it are hearsay, and because Mr. Reasoner lacks the foundation to know the exact nature of the content on the website, this testimony should not be admitted.

**OBJECTION NO. 5**: Excerpts from pages 133-134.

In the proffered testimony, Mr. Reasoner talks about the volume of sales that Mr. Plant made in Florida for Nihon Kohden. This testimony was elicited prior to Nihon Kohden's production of documents, as compelled by the Court, regarding Mr. Plant's consummated sales. Those documents dramatically contradict the testimony Mr. Reasoner gave at his deposition. However, because they were not produced until after the deposition, Astro-Med did not have an opportunity to examine Mr. Reasoner at his deposition about them. Because Nihon Kohden has decided not to bring Mr. Reasoner to the trial, which it has the power to do since Mr. Reasoner is a Nihon Kohden employee, Nihon Kohden should not be permitted to present testimony that Astro-Med cannot impeach with the late-produced documents.

**OBJECTION NO. 6**: Designations on page 168.

In this excerpt Mr. Reasoner again is giving testimony regarding Nihon Kohden's sales in its Florida territory by Mr. Plant. For the reasons stated above, this testimony should not be admitted.

Respectfully submitted,

ASTRO-MED, INC.

/s/ Stacey P. Nakasian

Stacey P. Nakasian (#5069)
Craig M. Scott, Esq. (# 4237)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile

Dated: March 31, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that the within ***Plaintiff Astro-Med, Inc.'s Objection to Defendants' Deposition Designations*** was filed through the ECF system on the 31st day of March, 2008, and will be sent electronically to counsel named below who are registered participants identified on the Notice of Electronic Filing:

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

and was served, via First Class Mail, to the counsel named below who is not a registered ECF participant:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

/s/ Stacey P. Nakasian
Stacey P. Nakasian, Esq.

Astro-Med\Plant, Kevin\Pleadings\06-0533 USDC\Obj Defs Depo Designations 03-31-08