UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC., | : | |
| Plaintiff, | : | |
| vs. | : | C.A. No. 06-533 ML |
| KEVIN PLANT and NIHON KOHDEN AMERICA, INC., | : | |
| Defendants. | : | |

**ASTRO-MED, INC.'S REQUEST FOR ATTORNEYS' FEES PURSUANT TO COURT'S RULING AT TRIAL ON ASTRO-MED'S RULE 37 MOTION**

Plaintiff Astro-Med, Inc. submits this Request for Attorneys' Fees as directed by the Court in its ruling during trial on Plaintiff's oral Rule 37 Motion. In that motion, Astro-Med established that the defendant Kevin Plant had been ordered by the Court to respond to an interrogatory asking him to identify sales he made in Florida on behalf of Nihon Kohden and had been ordered to produce documents relating to his consummated sales [Court Ex. 2]. Astro-Med also established that rather than responding to the interrogatory by listing his sales, Mr. Plant referred in his response [Court Ex. 15] to an undifferentiated stack of documents (marked for identification at trial as Exhibit 36) that he produced with a cover letter from his counsel [Court Ex. 1], which letter represented that documents relating to consummated sales were being produced. Astro-Med's counsel in subsequent communications requested that defense counsel comply with their discovery obligations [Court Exs. 3 and 4], but defense counsel admitted at the hearing that they never responded to her requests. As a result, Plaintiff prepared for trial understanding that the documents produced by the defendants represented actual sales.

Plaintiff learned for the first time during defendants' opening statement that the defendants were taking the position that the documents produced did not all represent consummated sales. Upon learning this, plaintiff prepared and presented its Rule 37 motion seeking to preclude the defendants from offering evidence to contradict the representations made in discovery – *i.e.*, that the documents represented consummated sales. The Court denied that sanction, but ruled that the defendants' counsel would have to pay Astro-Med's counsel "for the time wasted" dealing with the fact that defense counsel never fulfilled their discovery obligation to identify which documents among those produced were responsive to the request regarding consummated sales.

Counsel for Astro-Med has reviewed its billing records and isolated the time entries reflecting the work that falls within the Court's ruling. As set forth in the accompanying documents, that work involved the following:

- attempting through a letter, telephone call and follow-up email to obtain defense counsel's compliance with applicable discovery rules;
- reviewing the extensive set of quotations marked as Exhibit 36 to identify sales in violation of the Court's injunction orders, and preparing damages charts for use at trial;
- preparing and presenting the oral Rule 37 Motion;
- reanalyzing the documents in Exhibit 36 and defendants' proposed Exhibit D based on defense counsel's representations at trial and substantially revising plaintiff's cross-examination outline for Mr. Plant;
- researching and drafting a supplemental proposed jury instruction to address the discovery issue created by the defendants; and
- compiling relevant time entries and preparing this submission to the Court.

The total time involved ($5,629.50) is detailed in the statement attached to the Declaration of Stacey P. Nakasian, which is submitted in support of this request.

Wherefore, pursuant to the Court's ruling, and based on the time detail provided, Astro-Med respectfully requests that defense counsel be ordered to pay Astro-Med the amount of $5,629.50.

Respectfully submitted,

ASTRO-MED, INC.

/s/ Stacey P. Nakasian

Stacey P. Nakasian, Esq. (#5069)
snakasian@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile

Dated: April 14, 2008

## CERTIFICATE OF SERVICE

I hereby certify that the within ***Astro-Med, Inc.'s Request for Attorneys' Fees Pursuant to the Court's Ruling at Trial on Astro-Med's Rule 37 Motion*** was filed through the ECF system on the 14th day of April, 2008, and will be sent electronically to the counsel-named below who is a registered participant identified on the Notice of Electronic Filing:

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

and was served, via First Class Mail, to the counsel named below who is not a registered ECF participant:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

/s/ Stacey P. Nakasian
Stacey P. Nakasian, Esq.

Astro-Med\Plant, Kevin\Pleadings\06-0533 USDC\Rqst for Attorneys Fees 04-10-08