# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,

Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.

Defendants.

## OBJECTION OF COUNSEL FOR DEFENDANT TO PLAINTIFF'S REQUEST FOR AN AWARD OF ATTORNEYS' FEES

Counsel for Defendant Nihon Kohden America, Inc. ("Nihon Kohden") and Kevin Plant will and hereby do object to Plaintiff's request for attorneys' fees.

This objection is based on the Memorandum attached hereto, and made a part hereof, and upon the papers, records and pleadings filed herein.

KEVIN PLANT
NIHON KOHDEN AMERICA, INC.
By their Attorneys,

/s/ Bruce W. Gladstone
Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
PHONE: (401) 331-5700
FAX: (401) 331-5787

/s/ E.P. Michael Karcis
E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
PHONE: (310) 450-9353
FAX: (310) 581-8006

Date: April 25, 2008

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ASTRO-MED, INC.,

Plaintiff,

v. C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN
AMERICA, INC.

Defendants.

**MEMORANDUM IN SUPPORT OF OBJECTION OF COUNSEL FOR DEFENDANT TO PLAINTIFF'S REQUEST FOR AN AWARD OF ATTORNEYS' FEES**

## I. INTRODUCTION

While Plaintiff was able to obtain a jury verdict that was clearly not supported by the evidence and is incorrect as a matter of law and fact. Seeking to turn a sow's ear into a purse again, Plaintiff's counsel presents an unconscionable and overreaching request for attorneys' fees which should not be successful. During trial, this Court granted Plaintiff's oral Rule 37 motion to impose sanctions regarding a pre-trial discovery issue which Plaintiff should have dealt with through motion practice, if Plaintiff thought appropriate, months before trial. During trial, this Court ordered counsel for Defendants to pay attorneys' fees "for the amount of time that we have wasted dealing with this issue"[1] (*i.e.*, approximately two hours of time). Contrary to this Court's clear statements, Plaintiff's counsel is seeking sanctions in excess of $5,000.

In granting Plaintiff's counsel's request for Rule 37 sanctions, this Court dealt with this pre-trial discovery, although no timely pre-trial motion was filed by the Plaintiff, by saying: (i) Mr. Plant's counsel was required to separately sub-identify all documents (cross-referencing and designating) regarding their applicability to every

[1] Trial Transcript (April 2, 2008), 137:10-14 **(Exhibit A)**

separate discovery request; and (ii) that Plaintiff's counsel was (for some unknown reason) not required to follow-up on her questions which she raised in a letter to Defendants' counsel and not by a Court filing, such as a motion, regarding the sales that Mr. Plant may have consummated in Florida before trial and, instead, it was understandable that Plaintiff's counsel made unsupported assumptions;[2] and (iii) Plaintiff's counsel did not commit any sanctionable action by not addressing this issue before trial,[3] instead raising it at trial in an effort to surreptitiously attempt to prove damages.

Plaintiff's counsel put herself in the negligent position of not clarifying whether, and instead assumed that, certain documents of all the documents Mr. Plant produced related to a specific discovery request. In fact, Plaintiff's counsel admitted that she "could not tell what documents were responsive to what."[4] However, this Court decided to impose limited sanctions in connection with Plaintiff's counsel's Rule 37 motion. Counsel for Defendants object to the amount claimed as being excessively greater than that this Court did award, in the Court's oral Order.

## II. STATEMENT OF FACTS

Plaintiff served its First Request for Production of Documents and First Set of Interrogatories on Mr. Plant on June 22, 2007. Mr. Plant responded to the discovery requests on August 23, 2007. Mr. Plant's original responses included answers, documents and objections. Thereafter, Plaintiff compelled further responses to the discovery. Mr. Plant provided supplemental responses. Plaintiff's counsel's request for sanctions concerns the following discovery requests:

> Interrogatory No. 6 – "Identify all customers to whom you have sold Electroencephalographs ('EEG'), Polysomnograhs ('PSG') and Long-Term Monitoring for Epilepsy ('LTM') Equipment from October 1, 2006 to the present within the State of Florida."

[2] And that Plaintiff's counsel's focus on the upcoming trial was excusable and Defendants' counsel's similar focus was not. Trial Transcript (April 2, 2008), 115:20-23 (**Exhibit A**).
[3] In fact, this Court stated that this issue should have been addressed. Trial Transcript (April 2, 2008), 136:16-24 (**Exhibit A**).
[4] Trial Transcript (April 2, 2008), 94:10-12 (**Exhibit A**).

Document Request No. 3 – "All documents which refer, relate or pertain to the claims, defenses and/or subject matter of this litigation, *Astro-Med, Inc. v. Kevin Plant and Nihon Kohden America, Inc.*, C.A. No. 06-533 ML."

Document Request No. 4 – "All documents which refer, relate or pertain to your sale of Electroencephalographs ("EEG"), Polysomnographs ("PSG") and Long-Term Monitoring for Epilepsy (LTM) Equipment from October 1, 2006 to the present within the State of Florida."

Mr. Plant's supplemental responses to each request stated that documents produced with the discovery responses included responsive documents, if any.[5] From all the documents produced, Plaintiff's counsel separated out a portion of those documents and assumed that they were documents relating to sales (Interrogatory No. 6 and Document Request No. 4).[6] Plaintiff's counsel made further assumptions by separating out those documents that referenced Plaintiff's customers.[7]

Counsel did initially attempt to address the issue of what documents specifically related to Interrogatory No. 6 and Document Request No. 4, as opposed to the other production categories such as the catch-all category which reads "All documents which refer, relate or pertain to the claims, defenses and/or subject matter of this litigation. . . ".[8] However, all counsel did not return to the issue. As to the Defendants it was because counsel was preparing for trial.[9] As to Plaintiff, Plaintiff's counsel admitted that she made a conscious decision not to pursue this matter in discovery by, for example, deposing Mr. Plant.[10] Instead, Plaintiff's counsel determined to rely on her "belief and assumption" about the documents,[11] relying on these dangerous tactics to surprise Defendants with this issue at trial.

---

[5] Trial Transcript (April 2, 2008), 92:3-20; 95:16; 96:18-25 **(Exhibit A)**

[6] Plaintiff's counsel first attempted to have counsel for Defendants specifically designate what documents were response to Interrogatory No. 6 and Document Request No. 4. However, Plaintiff's counsel and counsel for Defendants were unable to finalize this issue, in part because both had turned their attention to preparing for trial. *Id.*

[7] Trial Transcript (April 2, 2008), 99:4-11 **(Exhibit A)**

[8] Trial Transcript (April 2, 2008), 106:6-10 **(Exhibit A)**

[9] Trial Transcript (April 2, 2008), 115:20-23; 125:20-25; 126:2; 136:16-24 **(Exhibit A)**

[10] Trial Transcript (April 2, 2008), 123:13-19; 126:2-12 **(Exhibit A)**

[11] Trial Transcript (April 2, 2008), 126:6-12; 128:1; 128:22-25 **(Exhibit A)**

## III. CONCLUSION

This Court's ruling on Plaintiff's Rule 37 motion midway through trial clearly limited the request for fees to "the amount of time that we have wasted dealing with this issue"[12] (*i.e.*, approximately two hours of time). Plaintiff's counsel, however, has unreasonably and unconscionably attempted to expand this Court's ruling to include work performed over a month before trial and/or this Court's ruling. Moreover, Plaintiff's counsel is even expecting the sanctions to include time spent by her paralegal "awaiting" a response.

Therefore, Nihon Kohden respectfully requests that this Court deny Plaintiff's request for payment of any attorneys' fees. In the alternative, it is respectfully requested that this Court limit the payment of attorneys' fees to two hours of time.

KEVIN PLANT
NIHON KOHDEN AMERICA, INC.
By their Attorneys,

/s/ Bruce W. Gladstone
Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
PHONE: (401) 331-5700
FAX: (401) 331-5787

/s/ E.P. Michael Karcis
E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
PHONE: (310) 450-9353
FAX: (310) 581-8006

Date: April 25, 2008

---

[12] Trial Transcript (April 2, 2008), 137:10-14 **(Exhibit A)**

CERTIFICATION

The undersigned hereby certifies that on the 25th day of April, 2008, a copy of the foregoing **Objection of Counsel for Defendant to Plaintiff's Request for an Award of Attorneys' Fees with Memorandum in Support** was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

Stacey P. Nakasian, Esquire
snakasian@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Building, Suite 1200
Providence, RI 02903

Craig M. Scott, Esquire
cscott@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Robert M. Duffy, Esquire
rduffy@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

/s/ Bruce W. Gladstone