UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC., | : | |
| Plaintiff, | : | |
| vs. | : | C.A. No. 06-533 ML |
| KEVIN PLANT and NIHON KOHDEN AMERICA, INC., | : | |
| Defendants. | : | |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF ASTRO-MED, INC.'S REQUEST FOR ATTORNEYS FEES PURSUANT TO COURT'S RULING AT TRIAL ON ASTRO-MED'S RULE 37 MOTION**

Plaintiff Astro-Med, Inc. ("Astro-Med") submits this reply memorandum in support of its Request for Attorneys Fees pursuant to the Court's ruling at trial on Astro-Med's Rule 37 Motion. The bulk of defense counsel's opposition[1] to Astro-Med's request focuses not on the nature and extent of fees sought, but rather on criticizing the underlying ruling. In response to the amount of fees requested, defense counsel makes only one argument – that the Court's award of fees for " the amount of time that we have wasted dealing with this issue" extended only to the time spent at trial on the issue. But such an interpretation of the Court's ruling would not fully compensate Astro-Med for all time "wasted dealing with [the] issue" created by defense counsel's failure to comply with the rules of discovery.

Plaintiff sought, in an unambiguous interrogatory, to discover the total sales made by Defendant Plant on behalf of Nihon Kohden in Florida. Rather than answer that question with a list of sales, the defense referred to a large and undifferentiated stack of

[1] The Rule 37 sanction was expressly imposed on defense counsel only, and not their clients. Accordingly, the opposition filed was on behalf of the defense lawyers themselves.

documents. The only documents in the set that related to sales for Nihon Kohden were a sizeable pile of quotations. The "issue" created by this discovery response resulted from the defendants' failure to identify which of those quotations responded to the request regarding sales.

The time "wasted" dealing with this issue started shortly after the deficient discovery responses were issued. Astro-Med includes in its fee request the time spent attempting to confer with defense counsel on the discovery issue. Although defense counsel represented that they would respond to Astro-Med's questions about the documents, they ultimately blew Astro-Med's counsel off – as the Court specifically found. In the meantime, Astro-Med's counsel, in order to prepare for trial and meet the pretrial filing deadlines, spent time analyzing the quotations to locate information responsive to the interrogatory and to identify sales in violation of the Court's injunctions. That time all was "wasted" ultimately in light of the defendants' surprise assertion in their opening statement at trial that only a handful of the quotations resulted in sales.

The time "wasted" includes not only all the time spent on Day Two of the trial addressing with the motion, but also the time Astro-Med's counsel spent the night before pulling the documentation together and researching the legal authority for the motion. On the day of the motion, the Court ordered defense counsel to do what they should have done originally – to identify the quotations that they assert led to sales. Time again was "wasted" as the proceedings were recessed and Astro-Med's counsel waited in the Courtroom for the defendants' identification of sale-related documents. Based on the untimely identification, Astro-Med's counsel that night had to substantially revise her outline for the cross examination of Mr. Plant that was scheduled to resume the next morning.

More time was "wasted" on Day Three of the trial, when the defendants offered a new, previously undisclosed exhibit (proposed Exhibit D) that they asserted related solely to sales. Astro-Med's paralegal reviewed that exhibit while the trial continued to avoid further delay of the proceedings.[2] That exhibit was never admitted – so the time spent looking at it also was "wasted." Time also was required to research and draft a supplemental jury instruction to address the evidentiary effect of the defendants' failure to comply with discovery. That instruction would not have been necessary if defense counsel had complied with their pre-trial discovery obligations.

Finally, Astro-Med's counsel had to review its billing records and prepare its request pursuant to the Court's ruling. Astro-Med submits that that time, which would not have been necessary but for the "issue", was also "wasted" and properly within the scope of the Court's ruling.

**CONCLUSION**

Astro-Med requests that its Request for Attorneys' Fees be awarded in full.

ASTRO-MED, INC.
By Its Attorneys,

/s/ Stacey P. Nakasian

Craig M. Scott, Esq. (#4237)
cscott@duffysweeney.com
Stacey P. Nakasian, Esq. (#5069)
snakasian@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile

Dated: April 29, 2008

[2] Specifically, the paralegal carefully reviewed the proposed exhibit to ensure that it included the same documents that the defendants had identified the day before as the quotations relating to sales.

**CERTIFICATE OF SERVICE**

I hereby certify that the within ***Reply Memorandum in Support of Plaintiff Astro-Med, Inc.'s Request for Attorneys' Fees Pursuant to Court's Ruling at Trial on Astro-Med's Rule 37 Motion*** was filed through the ECF system on the 29th day of April, 2008, and will be sent electronically to the counsel-named below as registered participants identified on the Notice of Electronic Filing:

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

and served, via First Class Mail, to the counsel named below who are not registered ECF participants:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

/s/ Stacey P. Nakasian
Stacey P. Nakasian, Esq.

Astro-Med\Plant, Kevin\Pleadings\06-0533 USDC\Reply Memorandum Fees 04-28-08.doc