UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC., | : | |
| Plaintiff, | : | |
| vs. | : | C.A. No. 06-533 ML |
| KEVIN PLANT and NIHON KOHDEN AMERICA, INC., | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF ASTRO-MED, INC.'S OBJECTION TO DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW**

Although the Defendants assert that Plaintiff's case "has been much ado about nothing," in fact, Astro-Med's evidence was more than sufficient not only to have its claims proceed to a jury, but also to provide a legally sufficient basis for the jury's verdict, which issued in favor of Astro-Med on each and every claim asserted in the suit. Because Astro-Med sees little merit in any of the arguments raised in Defendants' motion, and because some of the arguments were not even advanced by the Defendants at trial, Astro-Med will only briefly respond to them in this Memorandum. If the Court feels that additional response is necessary, Astro-Med is prepared to further develop its opposition at oral argument.[1]

[1] Astro-Med is reticent to invest a great deal of time responding to Defendants' Rule 50 arguments, as Defendants have indicated that they will be filing post-judgment motions that will renew most if not all of the arguments contained herein. Astro-Med reserves the right to further develop its arguments at that time.

**Defendants' Argument No. 1: The Non-Compete Provision in Plant's Employee Agreement was Invalid and Unenforceable.**

Defendants argue first that the non-compete provision in Plant's Employee Agreement was unenforceable as written and, second, that even if it was enforceable, no breach could have occurred until after the agreement was interpreted by the Court. The question of the agreement's enforceability was resolved by the Court appropriately according to controlling Rhode Island case law.

The Defendants misstate Rhode Island law in arguing that they could not have breached Plant's non-compete prior to the Court's December 28, 2006 Injunction Order. In *Durapin, Inc. v. American Products, Inc.*, 559 A.2d 1051 (R.I. 1989), the Rhode Island Supreme Court considered what approach Rhode Island law should take in dealing with restraints on trade found to be overbroad. The Court adopted a rule of partial enforcement, expressly rejecting the alternative all-or-nothing and blue pencil rules of enforcement. Under the partial enforcement rule as announced in *Durapin*, an overbroad but otherwise valid non-competition agreement is enforced to the extent reasonable to protect an employer's legitimate business interest. 559 A.2d at 1058.

Defendants posit that a non-compete provision capable of partial enforcement under *Durapin* is unenforceable until such time as a court declares its reasonable scope. But none of the cases cited by the Defendants, including *Durapin,* stand for that proposition. Nor is the proposition practical, as it would render all non-compete agreements at least temporarily unenforceable. Employees universally would assert that their non-competes are unenforceable, thereby buying themselves some free time to compete while their former employers are forced to bring suit to determine the scope of the restraint. Such a result is particularly absurd in cases like this where the employee

concealed his competing employment from his former employer, thereby further delaying enforcement under Defendants' misconceived rule. The proposition also would greatly assist subsequent employers, like Nihon Kohden, in defending against tortious interference claims. They would take the position that their conduct could not constitute improper interference unless a Court had previously declared the scope of the non-compete.

Defendants' argument equates to saying that a contract subject to two or more interpretations cannot be breached until the Court declares its meaning. This is obviously not the law. The Defendants' position, which the Court properly rejected at trial, would only serve to engender litigation. Employers seeking to enforce non-competes would be forced to bring a declaratory judgment action as a predicate to a breach of contract action. Not only is there no authority to suggest a breach could not have occurred prior to the Court's injunction order, but a rule to that effect would lead to impractical and unfair results.

**<u>Defendants' Argument No. 2</u>: Plaint's Non-compete was Voided by Material Changes in Plant's Employment.**

The Defendants cite only one case, *AFC Cable Systems v. Clisham,* 62 F. Supp. 2d 167 (D. Mass. 1999), in support of its argument. *Clisham*, a case applying Massachusetts law, is inapposite because in that case there was evidence that the parties intended to enter into a new contract, but did not.

Even if *Clisham* were relevant and controlling, there is ample evidence from which the Jury could determine that the changes in Plant's employment did not void his non-compete agreement. The Jury reasonably could conclude that the Employee Agreement applied to all positions at Astro-Med and, therefore, that Plant's transition

from a product specialist to sales person did not affect his Employee Agreement. Plant also argues that his Employee Agreement was voided when Astro-Med unilaterally reduced his sales territory. However, Plant admitted that he had been advised when he accepted the sales position that that such a change might occur in the future. *See* Transcript of April 2, 2008 [Docket No. 182], at 87. The compensation plan Astro-Med provided to Plant as a salesperson also put him on notice that territory assignments are determined by the Company and may be modified at any time. *See* Plaintiff's Exhibit 9. Because Astro-Med retained the right to change territories and because Plant was on notice that it might do so, the Jury reasonably could find that the change did not constitute a material alteration in his employment.

**<u>Defendants' Argument No. 3</u>:** **Astro-Med Breached Plant's Employee Agreement When it Reduced His Territory, Thereby Relieving Him of Any Obligations He Owed to Astro-Med Under the Agreement.**

*See* Astro-Med's Opposition to Defendants' Argument No. 2.

**<u>Defendants' Argument No. 4</u>:** **Plaint's Non-Compete Agreement is Unenforceable Because it is Not Supported by a Legitimate Business Interest.**

The substantial training that Astro-Med provided to Plant, as well as the exposure it gave him to its confidential and proprietary business information, is more than sufficient to support the non-compete provision in Plant's Employee Agreement. Astro-Med presented sufficient evidence of these legitimate business interests, and the question regarding the enforceability of the Employee Agreement was properly presented to the Court.

**Defendants' Argument No. 5: Astro-Med Failed to Mitigate Its Damages.**

Astro-Med submits that this is not a basis for a Rule 50 Motion, as failure to mitigate is an affirmative defense to be established and proven by the Defendants in their case. But, in any event, the Defendants did not offer at trial any of the evidence they refer to in their Motion. Had they tried, it likely would have been excluded, as such evidence is inadmissible pursuant to Federal Rule of Evidence 408.

**Defendant's Argument No. 6: There was no Evidence of Trade Secret Misappropriation.**

Plant himself admitted at trial that he contacted for Nihon Kohden customers with whom he had done business at Astro-Med. *See* Transcript of April 3, 2008 [Docket No. 182], at 33-34, 119-120, 122-124. In addition, Plant acknowledged that Nihon Kohden issued over $2 Million in quotes to customers on Astro-Med's customer lists, none of which were customers of Nihon Kohden. *Id.* at 63. From this evidence, and other evidence produced at trial, a reasonable jury could find that the Defendants misappropriated trade secrets of Astro-Med.

**CONCLUSION**

For the foregoing reasons, there is no merit to Defendants' Motion for Judgment as a Matter of Law, and the Motion should be denied.

Respectfully submitted,

ASTRO-MED, INC.

/s/ Stacey P. Nakasian

Stacey P. Nakasian (#5069)
Craig M. Scott, Esq. (# 4237)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile

Dated: May 6, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that the within ***Memorandum of Law in Support of Plaintiff Astro-Med, Inc.'s Objection to Defendants' Motion for Judgment as a Matter of Law*** was filed through the ECF system on the 6th day of May, 2008, and will be sent electronically to counsel named below who are registered participants identified on the Notice of Electronic Filing:

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

and was served, via First Class Mail, to the counsel named below who is not a registered ECF participant:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

/s/ Stacey P. Nakasian
Stacey P. Nakasian, Esq.

Astro-Med\Plant, Kevin\Pleadings\06-0533 USDC\Obj Defs M Judgment as Matter of Law 05-02-08