**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ASTRO-MED, INC.,

Plaintiff,

v.

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.

Defendants.

C.A. No. 06-533-ML

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendants Nihon Kohden America, Inc. ("Nihon Kohden") and Kevin Plant, through counsel, hereby submits this Response to Plaintiff's Objection to Defendants' Motion Judgment as a Matter of Law, which requests that this Court enter judgment in Defendants' favor on each of Plaintiff's claims.

## I. INTRODUCTION

Plaintiff's Objection to Defendants' Motion for Judgment consists of hollow arguments, mis-cited legal authority and no factual support. Based on the evidence presented (or lack thereof), Plaintiff should not, as a matter of law, prevail on its claims for breach of contract, misappropriation of trade secrets, unfair competition, and interference with a contractual relationship.

## II. ARGUMENT

To allow judgment on any of Plaintiff's claims is contrary to legal authority, unsupported factually or both. Pursuant to Federal Rules of Civil Procedure 50, "judgment as a matter of law is appropriate when the evidence 'would not permit a reasonable jury to find in favor of [the

nonmoving party] on any permissible claim or theory.' Espada v. Lugo, 312 F.3d 1, 2 (1st Cir. 2002) (internal quotation marks omitted)." Energy North Natural Gas, Inc. v. Century Indem. Co., 452 F.3d 44, 50 (1st Cir. 2006). As discussed below, a reasonable jury could not have made a liability finding on under any legal theory asserted by Plaintiff's claims because the evidence did not support such a finding.

## A. Plaintiff's Breach of Contract Claim Against Mr. Plant Fails On Multiple Grounds

### 1. The Non-Competition Provision Was Unenforceable Against Mr. Plant Before It Was Reformed By This Court.

Mr. Plant did not breach an enforceable non-competition provision in the Employee Agreement (**Exhibit 1 (Trial Exhibit 3)**) because the Agreement -- as written -- was not enforceable against Mr. Plant.[1] Ignoring this fact, Plaintiff argues that an employer -- even though it drafted the unenforceable or ambiguous non-competition provision -- should be allowed to enforce the overly broad non-competition agreement until an employee seeks relief from the court. Plaintiff's argument contradicts the legal cannon that ambiguities in a written agreement are construed against the drafter. *See, e.g.*, Hilton v. Fraioli, 763 A.2d 599, 602 (R.I. 2004). Moreover, Plaintiff's position is illogical and unfair.

Plaintiff's argument would have the absurd result of allowing employers to prevent former employees from working anywhere in the world for any competitor, as was done in the Employee Agreement, until an employee -- who signs the agreement in order to earn a living -- obtains declaratory relief. Thus, an employee would be required to incur the legal expense to have such a provision declared unenforceable (or reformed), which is contrary to the spirit of Nestle Food Co. v. Miller, 836 F. Supp. 69, 75, n. 19 (D.R.I. 1993) (a former employer's mere

---

[1] The post-employment restriction in the Employee Agreement purported to prohibit Mr. Plant from working in all of North America and Europe.

desire to be free from competition, by itself, is not a "protectable interest"). The clearly overbroad geographic restriction in Employee Agreement was just that -- Plaintiff's desire to be free from any competition.

In addition, Plaintiff's Objection ignores the fact that an overly broad geographic restriction in a non-competition provision makes the provision unenforceable. For example, the clear language of the New Hampshire Supreme Court in Merrimack Valley Wood Prods. v. Near, 152 N.H. 192, 876 A.2d 757 (N.H. 2005), which followed the analysis in Dial Media, Inc. v. Arthur Schiff, 12 F. Supp. 1483 (R.I. 1985) undermines Plaintiff's position. As in the case at bar, the Near court analyzed a non-competition provision and found that it was "too broad." At that point, there is not an enforceable non-competition provision. As stated in Near, "[b]ecause the restrictive covenant fails the first prong of the reasonableness test [*i.e.*, "whether the restriction is greater than necessary to protect the legitimate interests of the employer"], it is unreasonable, **and therefore unenforceable**." *Id.* (emphasis added). It is only after a court's decision to reform the provision that the prohibition against competition become enforceable.

Here, this Court found that Astro-Med's Employee Agreement was overly broad because it purported to restrict Mr. Plant from working in all of North America and Europe. Such a finding is consistent with Rhode Island law -- an overly broad geographic restriction in a non-competition agreement makes it unenforceable. *See, e.g.*, Dryvit Sys. v. Healy, 1989 R.I. Super. LEXIS 105, 13-15 (holding that, when a restrictive covenant proscribes a geographic restraint covering where the plaintiff conducted business was unenforceable).

Under Rhode Island law, the non-competition provision in the Employee Agreement was unenforceable until this Court reformed it by its December 28, 2006 Interim Preliminary Injunction Order (and, subsequently, in its February 16, 2007 Modified Interim Injunction

Order).[2] Because of this fact, any evidence of Mr. Plant breaching the non-competition restriction before December 28, 2006 is irrelevant. The only evidence Plaintiff cites concerning Mr. Plant's breach of the non-competition provision is contact with two of his former customers prior to this Court's December 28 Order.[3] (Even so, Plaintiff offered no evidence supporting a claim that Mr. Plant's contact with those two former customers resulted in a sales of Nihon Kohden equipment.)

### 2. Material Changes In Mr. Plant's Employment Status With Plaintiff Voided The Non-Competition Restriction

Whether a material change in the employment relationship voids prior employment agreements, including non-competition agreements, is a question of law.[4] *See*, *e.g.*, AFC Cable Sys. v. Clisham, 62 F. Supp. 2d 167, 172-73 (D.Mass. 1999) (applying Massachusetts law). In Clisham, the court clearly stated that it was the change in the defendant-employee's relationship with the plaintiff-employer was a "new relationship" that voided a prior non-competition agreement. *Id.*, at 173. Contrary to Plaintiff's assertions, the fact that the plaintiff-employer sought to have the defendant-employee execute a new non-competition was not the reason that the prior non-competition agreement was held to be unenforceable. The change in the defendant-employee's job, "coupled with [the plaintiff-employer]'s repeated efforts to have [him] sign a new non-compete agreement, *make it clear* that [the defendant-employee] had

---

[2] It remains Defendants' position that equity required that the non-competition agreement should not been enforced, because of Plaintiff's patently overreaching attempt to limit Mr. Plant's ability to work. *See, e.g.*, Nestle Food, *supra*, 836 F. Supp. at 75, n. 19.

[3] *See* Plaintiff's Objection, Defendant's Argument No. 6, p. 5, where Plaintiff cites *Transcript*, April 3, 2008, pp. 33-34, 119-120, and 122-124.

entered a new employment relationship with [the plaintiff-employer], thereby voiding the 1992 Agreement." *Id.* (emphasis added). Thus, it was the material change in the defendant-employee's employment status that required the execution of a new agreement, and the plaintiff-employer's efforts to have a new agreement executed just confirmed that the prior agreement was void.

The material changes in Mr. Plant's employment with Plaintiff[5] following execution of the Employee Agreement voided the non-competition restriction in the Employee Agreement. Thus, Mr. Plant should not have been subject to any working restriction.

### B. There Was No Evidence Of Trade Secret Misappropriation Against Either Defendant, Nor Was There Evidence Of Unfair Competition Against Mr. Plant

Plaintiff presented no evidence supporting its claim that Mr. Plant has used or disclosed any of Plaintiff's trade secret or confidential information since Mr. Plant terminated his employment with Plaintiff. Nor was there evidence that Nihon Kohden used any of Plaintiff's trade secret or confidential information. In fact, Plaintiff's witnesses testified that they had no evidence of trade secret misappropriation. For example, Plaintiff's Chief Operating Officer, Everett Pizzuti, testified that he was unaware of any damages Plaintiff sustained as a result of Mr. Plant allegedly using Plaintiff's trade secrets. *Transcript*, April 3, 2008, pp. 138-145 (**Exhibit 2**).

---

[4] Thus, Plaintiff's speculation about the jury possibly concluding that the Employee Agreement applied to all of Plaintiff's employment positions is not relevant. Moreover, the jury could not have made such a conclusion given the fact that the Employee Agreement clearly does not apply to salespersons, and should not have made such a conclusion because the issue is a question of law.

[5] In 2004, Mr. Plant's position materially changed from "Product Specialist" in Rhode Island (his position at the time of his hire in 2002), to a salesperson position in Florida, and, in June 2006, Plaintiff again substantially and unilaterally changed Mr. Plant's employment relationship, when it cut a significant portion of his sales territory -- and, thus, his earning potential -- and assigned it to another, untrained salesperson.

Plaintiff exaggerates Mr. Plant's two contacts with former customers and failed to introduce any evidence that those contacts resulted in damages. Mr. Plant did contact two of his former customers after being employed by Nihon Kohden. However, those contacts were well before this Court entered its December 28 Interim Preliminary Injunction Order **and** there was no evidence that any sales resulted from those contacts.

Because Plaintiff testified that it has no evidence that neither Mr. Plant nor Nihon Kohden has used or disclosed any of Plaintiff's trade secret or confidential information, there is insufficient evidentiary support for a finding of liability against either Defendant for misappropriation of trade secrets, or against Mr. Plant for unfair competition.

### C. Plaintiff Did Not Present Evidence Of Cognizable Damages

Even if one could argue liability existed on at least one of the claims asserted against Defendants, Plaintiff presented no evidence of damages under any legal theory it asserted. After repeatedly attempting to avoid answering, Mr. Pizzuti confirmed that he did not know if Plaintiff lost any sales to Mr. Plant and Nihon Kohden as a result of Mr. Plant competing against Plaintiff or using Plaintiff's trade secrets. *Transcript*, April 3, 2008, pp. 138-145 (**Exhibit 2**). In New England Surfaces v. E.I. DuPont, 2007 U.S. Dist. LEXIS 90057, 2 (D.Me.), the plaintiff alleged that the defendant tortiously interfered with contractual rights and prospective economic interests by wrongfully acquiring the plaintiff's customer list. In granting the defendants' motion in limine to preclude evidence of "lost profits and loss of the value of the company due to lost ... sales," the court stated that such evidence was "simply not relevant to" the plaintiff's claim. *Id.*, 2-3 Moreover, the E.I. DuPont court stated that a lost profits claim based on the termination of a distribution would be speculative and based only on assumptions. *Id.* 3.

Similarly, Plaintiff's claim for lost profits based solely on the fact Mr. Plant left Plaintiff's employment and Plaintiff's sales decreased is speculative. Thus, Plaintiff presented no evidence of cognizable or legally sustainable damages. This fact is confirmed by the irreconcilable jury findings that are inconsistent ($41,900 as damages for Mr. Plant's alleged breach of contract, $280,000 for misappropriation of trade secrets and $12,000 for unfair

competition). Moreover, the damage awards are unsupported by and unrelated to any testimony or trial exhibit, as no testimony or trial exhibit could be interpreted to establish damages of $41,900, $280,000 or $12,000 (or any other number). Thus, each damage award should be reduced to zero.

## III. CONCLUSION

Plaintiff did not, as a matter of law, present sufficient evidence to support liability under any claim it asserted or that it suffered any cognizable damages. Thus, Defendants are entitled to an order entering judgment in their favor and against Plaintiff on each of Plaintiff's claims.

KEVIN PLANT
NIHON KOHDEN AMERICA, INC.

By their Attorneys,

/s/ Bruce W. Gladstone
Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
PHONE: (401) 331-5700
FAX: (401) 331-5787

Date: May 30, 2008

/s/ E.P. Michael Karcis
E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
PHONE: (310) 450-9353
FAX: (310) 581-8006

Date: May 30, 2008

CERTIFICATION

The undersigned hereby certifies that on the 30 day of May, 2008, a copy of the foregoing was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

Stacey P. Nakasian, Esquire
snakasian@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Building, Suite 1200
Providence, RI 02903

Craig M. Scott, Esquire
cscott@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Robert M. Duffy, Esquire
rduffy@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

/s/ Bruce W. Gladstone

G:\pec\PLANT, KEVIN\Pleadings\Motion for Nonsuit Response to Objection.doc