**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ASTRO-MED, INC.,<br>Plaintiff,<br>v.<br>KEVIN PLANT; NIHON KOHDEN AMERICA, INC.<br>Defendants. | C.A. No. 06-533-ML |

**OBJECTION BY DEFENDANTS' NIHON KOHDEN AMERICA, INC. AND KEVIN PLANT TO PLAINTIFF ASTRO-MED, INC.'S MOTION FOR ATTORNEYS' FEES AND EXEMPLARY DAMAGES**

Now come the Defendants, Nihon Kohden America, Inc. and Kevin Plant (the "Defendants"), and hereby object to the Plaintiff, Astro-Med, Inc.'s Motion for Attorneys' Fees and Exemplary Damages. In support of this Objection, the Defendants rely on the accompanying Memorandum of Law, the accompanying Affidavit of E.P. Michael Karcis and the accompanying Affidavit of J. Ronald Fishbein, Esq.

KEVIN PLANT
NIHON KOHDEN AMERICA, INC.

By their Attorneys,

/s/ Bruce W. Gladstone
Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
PHONE: (401) 331-5700
FAX: (401) 331-5787

Date: May 30, 2008

/s/ E.P. Michael Karcis
E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
PHONE: (310) 450-9353
FAX: (310) 581-8006

Date: May 30, 2008

## CERTIFICATION

The undersigned hereby certifies that on the 30 day of May, 2008, a copy of the foregoing was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

Stacey P. Nakasian, Esquire
snakasian@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Building, Suite 1200
Providence, RI 02903

Craig M. Scott, Esquire
cscott@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Robert M. Duffy, Esquire
rduffy@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

/s/ Bruce W. Gladstone

G:\pec\PLANT, KEVIN\Pleadings\objmofees.doc

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ASTRO-MED, INC.,

Plaintiff,

v.

C.A. No. 06-533-ML

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTION BY DEFENDANTS NIHON KOHDEN AND KEVIN PLANT TO PLAINTIFF ASTRO-MED'S MOTION FOR ATTORNEYS' FEES AND EXEMPLARY DAMAGES**

Defendants Nihon Kohden America, Inc. and Kevin Plant, by and through their counsel, hereby submit the following memorandum in support of their Objection to Plaintiff Astro-Med, Inc.'s Motion for Attorneys' Fees and Exemplary Damages.

## I. INTRODUCTION

A vast majority of the attorneys' fees and costs incurred by plaintiff Astro-Med, Inc. ("Astro-Med") in the prosecution of its claims could have -- and should have -- been avoided had Astro-Med considered a substantial settlement offer by defendant Kevin Plant ("Mr. Plant") *less than three weeks* after Astro-Med filed its Complaint. But Astro-Med's counsel, Duffy, Sweeney & Scott Ltd., never discussed the settlement offer with their client and thus, Astro-Med never responded to the settlement offer. Moreover, Astro-Med has failed to provide the requisite documentation to support its request for costs and have requested attorneys' fees at rates beyond the range of fees charged by Rhode Island lawyers with similar experience and qualifications.

Awarding attorneys' fees, costs, and exemplary damages to Astro-Med would not result in substantial justice

The Court should deny Astro-Med's request that the Court exercise its discretion to double the jury's unsupported award of damages. The Rhode Island Uniform Trade Secrets Act (R.I. Gen. Laws § 6-41-1 *et seq.*) does not mandate an award of exemplary damages. The Court may exercise its independent judgment as to whether it should double a damage award. However, because Astro-Med presented no evidence that it suffered damages as a result of any misappropriation of its trade secrets, Nihon Kohden and Mr. Plant request that Plaintiff's request for exemplary damages be denied.

## II. ASTRO-MED REQUESTS AN UNREASONABLE AMOUNT OF ATTORNEYS' FEES AND COSTS

At most, Astro-Med may only receive reasonable attorneys' fees and costs under Mr. Plant's Employment Agreement and the Rhode Island Uniform Trade Secrets Act. Under the Rhode Island Uniform Trade Secrets Act, a court may, but is not required, to award reasonable attorneys' fees. R.I. Gen. Laws § 6-41-4. The Employment Agreement, likewise, provides that Astro-Med may only receive reasonable attorneys' fees and costs. *See* Exhibit 3 to Astro-Med's Motion for Attorneys' Fees and Exemplary Damages.

The criteria for a reasonable attorneys' fee award include: (1) the time and labor required; (2) the novelty and difficulty of the question presented; (3) the skill required to perform the legal services; (4) the customary fee in the community; (5) the experience, reputation and ability of the attorney; and (6) the nature and length of the professional relationship with the client. Souza v. Bradford Southworth, 564 F. 2d 609, 611 (1st Cir. 1977).

Based on its refusal to consider a substantial settlement offer, the over-staffing of attorneys, excessive and unreasonable rates and fees, and inadequate billing records, Astro-Med's application for attorneys' fees should be denied or, at minimum, significantly reduced.

### A. Astro-Med's Counsel Rejecting Defendants' Substantial Settlement Offer Limits The Amount Of Attorneys' Fees And Costs Astro-Med May Recover

Substantial settlement offers should be considered by this Court in determining whether to award reasonable attorneys' fees or the amount of such an award. Attorneys' fees accumulated after a party rejects a substantial offer provide minimal benefit to the prevailing party, and thus a reasonable attorneys' fee may be less than the lodestar calculation. An offer to settle is substantial if the offered amount appears to be roughly equal to or more than the total damages recovered by the prevailing party. In such circumstances, the district court should consider whether to award only a percentage (including zero percent) of the attorneys' fees that were incurred after the date of the settlement offer. Moriarty v. Svec, 233 F. 3d 955, 967 (7th Cir. 2000).

On December 19, 2006 (less than three weeks after Astro-Med filed its original complaint), counsel for Defendants, Mark A. McLean of McLean & McLean LLP, responded to a letter from Craig M. Scott of Duffy, Sweeney, & Scott Ltd., counsel for Astro-Med, addressed to Nihon Kohden's President. *See* Exhibit A. In his December 19, 2006 letter, Mr. McLean proposed a settlement that provided Astro-Med with all, if not more, of the protections it sought by filing this lawsuit (*i.e.*, the restrictions imposed by this Court in its February 16, 2007 Interim Injunction Order). *See* Exhibit B. Specifically, Defendants offered to enter into the following settlement agreement with Astro-Med:

(1) Defendants would grant Astro-Med a reasonable restrictive covenant protecting Astro-Med's existing customer relationships, and any prospective Astro-Med

customers known to Mr. Plant, for a period of one-year from the date of his separation.

(2) Defendants would further provide Astro-Med with written assurances, confirming that Mr. Plant has not and will not -- for the one year period -- solicit or attempt to solicit the purchase of neurological sleep-monitoring devices from any Astro-Med customers Mr. Plant transacted with through his date of separation.

(3) Mr. Plant would abide by a mutual understanding outlining the scope of his business activities, in further assurance that he will not use any proprietary information in any way that threatens the legitimate business interests of Astro-Med in its sales of neurological sleep-monitoring devices, whether in competition with Astro-Med or otherwise.

*See* Exh. A at p. 2.

Defendants made their settlement offer less than three weeks after Astro-Med filed its complaint on December 1, 2006. According to the time sheets submitted in support of its motion, Astro-Med had incurred only $9,925.50 in attorneys' fees and costs at the time its attorneys reviewed and -- *only internally* -- discussed Defendants' settlement offer on December 22, 2006.[1] Moreover, Defendants' settlement offer occurred <u>prior</u> <u>to</u> Astro-Med's amending its Complaint to join Nihon Kohden. Nevertheless, counsel for Astro-Med, Duffy, Sweeney & Scott Ltd., ***failed to inform their client of the settlement offer***[2] and never responded to Defendants' settlement offer; instead, pressing forward by (1) presenting evidence at the December 27 and 28, 2006 hearings, (2) adding Nihon Kohden as a defendant, (3) continuing to litigate this matter through trial.

Based on the foregoing, Defendants respectfully request that Astro-Med's motion for attorney fees and costs be denied or, in the alternative, limited to $9,925.50.

---

1 Affidavit of Stacey Nakassian in Support of Astro-Med's Motion of Attorneys' Fees And Exemplary Damages ("Nakassian Aff.") Exh. A (entry dated 12/22/2006).

2 *Id.* at Exh. A; Karcis Aff. ¶¶ 3 and 4.

## B. Astro-Med Based Its Fee Request On Unreasonable Rates And Hours Spent Litigating This Matter

The lodestar formula is the method used to determine reasonable attorneys' fees in a given matter -- multiplying the number of hours reasonably expended by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933 (1983). The number of hours reasonably expended on a matter includes time spent drafting and revising pleadings, meeting with clients, preparing the case for trial and handling an appeal (if any). Hensley, 461 U.S. at 430, fn. 4. When the documentation is inadequate or the time was not "reasonably expended" (*e.g.*, where the record reflects duplicative efforts or excessive staffing), the court may reduce the hours claimed. Saizan v. Delta Concrete Products Co., Inc., 448 F3d 795, 800 (5th Cir. 2006) (reduction to lodestar proper where documentation failed to show "billing judgment" because vague records did not indicate time written off as excessive or unproductive). Moreover, a claim that several lawyers were required to perform a single set of tasks should ordinarily be greeted with "healthy skepticism." Lipsett v. Blanco, 975 F. 2d 934, 938 (1st Cir. 1992).

Astro-Med's case was overstaffed with several partners, charged at excessive rates for its attorneys, and its counsel failed to demonstrate that it exercised any "billing judgment." Except for December 2006, during the vast majority of this case, Duffy, Sweeney & Scott staffed the case with three to four partners, in addition to two or three associates and a paralegal. Nakassian Aff., ¶ 4. Each of the partners assigned to the case billed Astro-Med hourly fees that were well over the customary hourly for their services. Affidavit of J. Ronald Fishbein ¶ 6. In addition, Duffy, Sweeney & Scott charged well over the customary hourly rate for its associates. *Id.* Finally, the billing statements submitted in support of Astro-Med's Motion for Attorneys' Fees include "finance charges" and do not indicate any time written off as excessive or unproductive. *See* Nakassian Decl., Exh. A.

Accordingly, any award of attorneys' fees should be reduced to reflect actual reasonable rates charged in Rhode Island as well as a reduction for Duffy, Sweeney & Scott's failure to exercise "billing judgment."

## III. ASTRO-MED FAILED TO PROPERLY REQUEST AN AWARD OF COSTS

The supporting affidavit of Astro-med's counsel, Stacey P. Nakassian, lacks the requisite specificity to warrant an award of costs. Unless otherwise authorized by statute or contract, the types of costs that may be awarded under Federal Rule of Civil Procedure 54(d) are limited to those enumerated in 28 U.S.C. § 1920. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-442, 107 S. Ct. 2494, 2497-2498 (1987). The party seeking costs must provide sufficient documentation to justify the amounts sought. Claims for items not properly documented should be disallowed. Collins v. Gorman, 96 F. 3d 1057, 1058 (7th Cir. 1996) (vacating award of costs because appellate court could not "make head nor tail of the bill of costs"). Moreover, a general claim stating that "each item of cost or disbursement claimed above is correct and has been necessarily incurred in the above action" falls short of the requisite specificity where the necessity and reasonableness of the costs have been challenged. Berryman v. Hofbauer, 161 F.R.D 341, 344, fn 2; *See* Massaro v. Chelsey (In re San Juan Dupont Plaza Hotel Fire Litig.) 111 F. 3d 220, 237 (1st Cir. 1997).

Here, Astro-Med failed to submit a bill of costs and only provided a general affidavit stating that its counsel billed Astro-Med for the costs. *See* Nakassian Aff., ¶ 9. Nowhere in its moving papers does Astro-Med provide any supporting documentation for the costs requested (*e.g.*, receipts for courier services, reasons that "finance charges" were necessary to the litigation, the number of copies, the cost of each copy, or a breakdown of the reasons why photocopying of certain documents was necessary). *See* Massaro, 111 F. 3d at 237, fn. 20. Accordingly, Astro-

Med's requests for costs should be denied for failure to submit a bill of costs and for failing to properly document the necessity and reasonableness of the costs with sufficient specificity.

## III. THE EXEMPLARY DAMAGES REQUESTED BY ASTRO-MED IN THIS MATTER ARE IMPERMISSIBLE GIVEN THE EVIDENCE AT TRIAL

Finally, exemplary damages are not appropriate under the circumstances. In cases where supporting evidence is lacking, a jury's finding of willful and malicious misappropriation does not require imposition of exemplary damages against the defendant. Pearl Investments, LLC v. Standard I/O, Inc., 297 F. Supp. 2d 335, 339 (D.Me. 2004) (the court may make an independent determination of whether exemplary damages are appropriate). Under the Rhode Island Uniform Trade Secrets Act, a court may, but is not required to, "award exemplary damages not exceeding twice an award made under subsection (a)." R.I. Gen. Laws § 6-31-3(b). Damages under the Uniform Trade Secrets Act include loss or unjust enrichment caused by misappropriation. R.I. Gen. Laws § 6-31-3(a).

In the four-day trial, Astro-Med failed to present any evidence that it suffered any loss as a result of any misappropriation of its trade secrets.[3] Instead, Astro-Med's Chief Operating Officer, Everett Pizzuti, testified that he was unaware of any damages Plaintiff sustained as a result of Mr. Plant allegedly using Plaintiff's trade secrets. *Transcript*, April 3, 2004, pp. 138-145 (Exhibit C). Specifically, Mr. Pizzuti confirmed that he did not know if Plaintiff lost any sales to Mr. Plant and Nihon Kohden as a result of Mr. Plant competing against Plaintiff or using Plaintiff's trade secrets. *Id.* Accordingly, Defendants request that the Court deny Astro-Med's request for exemplary damages because the doubling of an unsupported damages award would be unjust.

---

[3] Defendants' Motion for Judgment as a Matter of Law -- filed concurrently herewith -- addresses Astro-Med inability to prove damages in more detail.

## IV. CONCLUSION

Based on the foregoing, Defendants Nihon Kohden America, Inc. and Kevin Plant respectfully request that the Court:

(1) Deny Astro-Med's request for attorneys fees or, in the alternative, reduce the award of attorneys' fees to a reasonable amount;

(2) Deny Astro-Med's request for costs because it is not supported by sufficiently specific bill of costs or affidavit; and

(3) Deny Astro-Med's request for exemplary damages.

KEVIN PLANT
NIHON KOHDEN AMERICA, INC.

By their Attorneys,

/s/ Bruce W. Gladstone
Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
PHONE: (401) 331-5700
FAX: (401) 331-5787

Date: May 30, 2008

/s/ E.P. Michael Karcis
E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
PHONE: (310) 450-9353
FAX: (310) 581-8006

Date: May 30, 2008

## CERTIFICATION

The undersigned hereby certifies that on the 30th day of May, 2008, a copy of the foregoing was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

Stacey P. Nakasian, Esquire
snakasian@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Building, Suite 1200
Providence, RI 02903

Robert M. Duffy, Esquire
rduffy@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Craig M. Scott, Esquire
cscott@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

/s/ Bruce W. Gladstone

G:\pec\PLANT, KEVIN\Pleadings\memoobjmofees.doc