# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,
Plaintiff,

v. C.A. No. 06-533-ML

KEVIN PLANT,
NIHON KOHDEN AMERICA, INC.,
Defendants.

**MODIFIED INTERIM INJUNCTION ORDER**

This matter is before the Court on Plaintiff Astro-Med, Inc.'s Motion for a Preliminary Injunction. The Court held an evidentiary hearing on December 27-28, 2006, resulting in the entry of an Interim Injunction Order, dated December 28, 2006. After meeting with the parties in a chambers conference on February 5, 2007, it is hereby ORDERED:

1.) Defendant, Kevin Plant, and those in concert with him, is enjoined and restrained from engaging in any sales activity on behalf of Nihon Kohden America, Inc., and all its affiliates and those in concert with it, with respect to the offering for sale or selling electroencephalograph (EEG), polysomnograph (PSG), and long-term monitoring for epilepsy (LTM) equipment, and related products (collectively, the "Medical Equipment"); however, Plant may sell Medical Equipment within the State of Florida for use within Florida provided that he, and those in concert with him, neither contact, market, or sell Medical Equipment to any of Astro-Med's customers or prospective customers as identified on the customer list ("Astro-Med Customer List") to be provided by Astro-Med on or before February 23, 2007, to Plant's counsel, which shall maintain physical possession of said Astro-Med Customer List and shall not make any

copies or derivations thereof. The Astro-Med Customer List includes existing Astro-Med customers in Florida and prospective Astro-Med customers located in Florida that were on any lead sheet given to Plant within 90 days before Plant terminated his employment with Astro-Med. The Astro-Med Customer List shall be designated "Confidential - Attorneys' Eyes Only" pursuant to the Protective Order entered in this case, but may be shown to and discussed with Plant who shall not disclose, discuss, or disseminate the information contained in the Astro-Med Customer List in any way, including, without limitation, any form of disclosure to Nihon Kohden, its agents, affiliates, employees, and those in active concert with it.

2.) Within three days of receiving Astro-Med's Customer List, Plant will provide counsel for Astro-Med with a list of those Nihon Kohden Medical Equipment customers in Florida who overlap those on Astro-Med's Customer List. Plant's customer list ("Plant's Customer List") shall be designated as "Confidential - Attorneys' Eyes Only" pursuant to the Protective Order entered in this case. Plant shall provide a monthly affidavit to Astro-Med's counsel confirming that he has not contacted any individual or entity on Astro-Med's Customer List. Plant shall be prohibited from contacting, marketing, and/or selling any Medical Equipment to any Nihon Kohden customers that overlap with any individuals or entities identified in Astro-Med's Customer List.

3.) Plant may not use or disclose any proprietary or confidential information acquired during his employment at Astro-Med, Inc., including research and development information, customer and prospect lists, and pricing strategies.

4.) The Court has considered the imposition of a bond under Federal Rule of Civil Procedure 65(c), and has found that the giving of security by Astro-Med, Inc., is not necessary in

this matter because Astro-Med, Inc., is a financially viable company for which additional security is not warranted.

5.) This Order shall be in effect until further order of the Court, and will dissolve no later than December 28, 2007, or unless modified by the Court.

SO ORDERED.

Mary M. Lisi

Mary M. Lisi
Chief United States District Judge
February 16, 2007