# EXHIBIT A

McLEAN & McLEAN LLP
A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

3001 2ND STREET, SUITE E
SANTA MONICA, CALIFORNIA 90405

TELEPHONE 310.450.9353
FACSIMILE 310.581.8006

December 21, 2006

**VIA FACSIMILE TO 401-455-0701**
**& U.S. MAIL**

Craig M. Scott, Esq.
DUFFY SWEENEY & SCOTT LTD
One Turks Head Place, Suite 1200
Providence, RI 02903

**Re** **Astro-Med, Inc. v. Kevin Plant**
**U. S. District Court, R.I. Case No. 06-CV-00533-ML**

Dear Attorney Scott:

This will confirm our conversation of yesterday, December 20, 2006, following the conference in Chief Judge Lisi's chambers. Chief Judge Lisi denied Astro-Med's Application for a Temporary Restraining Order and set the Preliminary Injunction hearing for Wednesday, December 27, 2006. The Court then ordered counsel to meet outside chambers to discuss resolving this matter.

Despite the Court's comment that Astro-Med's "Employee Agreement" is overbroad and the very clear concerns expressed about the Agreement's enforceability, you regrettably refused even to stipulate to any agreement allowing Mr. Plant to continue earning his livelihood as a Nihon Kohden salesperson whether in Florida, where he has resided for over two years, or anywhere else. We trust that your client made this decision to reject our clients' invitation to informally resolve this matter after carefully considering our December 19, 2006 letter, which sets forth the framework for a settlement agreement, and is much more protective of Astro-Med's "protectable interests" then any order the court could or would grant (under even your unrealistic factual contentions).

As explained in our December 19th letter, our clients, Nihon Kohden and Mr. Plant, are prepared to compromise with Astro-Med and voluntarily implement protections for its trade secrets and customer relationships, so long as Astro-Med would allow Mr. Plant to continue earning his living as a Nihon Kohden salesman in Florida. We proposed an out-of-court resolution of this matter whereby: (1) Mr. Plant covenants to

refrain from contacting an agreed-upon list of Astro-Med customers, for the remainder of the non-compete period, and agrees not to use or disclose any of Astro-Med's trade secrets he may have information about; and (2) Nihon Kohden agrees to strictly enforce these covenants. Such an agreement would serve Mr. Plant's and Astro-Med's interests more effectively than any determination made by a court lacking jurisdiction over Nihon Kohden. Given the Court's apparent reluctance to enforce the "Employee Agreement" we believe Astro-Med would at least be interested in *attempting* to reach a resolution with our clients.

Please be aware that any proposed terms that would prohibit Mr. Plant from working for Nihon Kohden in Florida would be unacceptable to us. Such a request would only aim to punish Mr. Plant, rather than reasonably safeguarding Astro-Med's legally protectable interests (the protection of trade secrets and confidential business information). We do not believe Astro-Med wishes to take a punitive position toward Mr. Plant, but if it pursues such a vindictive course of action, we would prefer the Court's intervention.

We ask that you and your client reconsider your position on this matter; an attempt by the parties to reach an out-of-court resolution remains the most efficient and effective way to address our respective clients' issues -- issues which actually might be quite easy to resolve.

If you wish to discuss this matter, please feel free to contact me or Mark A. McLean of this office at (310) 450-9353.

Sincerely yours,

Michael Karcis /jh.

E.P. Michael Karcis
of McLean & McLean LLP

EPMK/jh

cc: Lisa M. Martinelli, Esq.
Mark A. McLean, Esq.