UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,
Plaintiff,

v. C.A. No. 06-533 ML

KEVIN PLANT and NIHON KOHDEN
AMERICA, INC.,
Defendants.

# MEMORANDUM AND ORDER

Plaintiff Astro-Med, Inc. ("Astro-Med") filed a complaint alleging breach of contract and unfair competition against Defendant Kevin Plant ("Plant"), tortious interference with contract against Defendant Nihon Kohden America, Inc. ("Nihon Kohden"), and misappropriation of trade secrets against both Defendants. The case proceeded to trial. After Plaintiff presented its case, Defendants moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 50. For the reasons set forth below, Defendants' motion is DENIED.

## I. Background

This case arises from a salesperson's decision to leave one medical devices company to work for a competitor. The salesperson in question, Defendant Plant, began working for Plaintiff Astro-Med as a product specialist in 2002. (Trial Tr. 50:17-24, Apr. 1, 2008.) Upon entering Astro-Med's employment, he signed a noncompete agreement which prohibited him from working for a competitor or disclosing Astro-Med's

confidential information. (Trial Ex. 3.) Plant transferred into a sales position in the summer of 2004. (Trial Tr. 87:5-10, Apr. 2, 2008.) In this role, he sold medical devices for sleep-related disorders such as electroencephalographs in a territory comprising the southeastern United States. (Trial Tr. 87:11-88:10, Apr. 2, 2008.) In 2006, Plant resigned from Astro-Med and began work at Defendant Nihon Kohden, a competitor, selling the same devices in some of the same territory. (Trial Tr. 14:15-25, Apr. 3, 2008; Trial Tr. 65:17-22, Apr. 2, 2008; Trial Tr. 60:11-13, Apr. 1, 2008.) Shortly thereafter, Astro-Med filed the complaint described above.

## II. Analysis

A court may grant judgment as a matter of law when a party has been "fully heard" during a jury trial and a "reasonable jury would not have a legally sufficient evidentiary basis to find for the party." Fed. R. Civ. P. 50(a)(1). When considering a motion for judgment as a matter of law, the court must take all reasonable inferences from the evidence in favor of the party opposing the motion. See Jordan-Milton Machinery, Inc. v. F/V Teresa Marie, II, 978 F.2d 32, 34 (1st Cir. 1992). The trial court is not free to make credibility determinations or to weigh evidence. Id.

Defendants first argue that, until the Court modified the noncompete agreement, it was unenforceable. This Court already ruled on the issue on March 31, 2008 when it denied Defendants' Motion in Limine to exclude any evidence of breach of the noncompete agreement before it was modified by the Court. Leaving aside this ruling, Defendants' argument does not make sense. This Court incorporates Plaintiffs' argument on this point by reference. Neither do Defendants offer any legal authority to support their proposition that an overbroad noncompete agreement is unenforceable until such

time as it is modified by the court. Rather, under Rhode Island law, a noncompete agreement will be enforced to the extent it is reasonable. See Durapin, Inc. v. American Products, Inc., 559 A.2d 1051, 1058 (R.I. 1989). Here, this Court determined the extent to which the contract is enforceable in its Interim Injunction Order on December 28, 2006. That determination governs the contract at all times unless further modified by the court.

Defendants next contend that material changes in Plant's employment status voided the noncompetition provision. This time, Defendants base their argument on Massachusetts law, offering no authority that a material change in employment status voids a noncompetition provision in Rhode Island. Moreover, Plaintiff presented evidence that the noncompete provision applied to *all* positions at Astro-Med. (Trial Tr. 75:24-76:2, Apr. 1, 2008.) Thus, making all inferences in favor of the Plaintiff, the Court must find that the noncompete agreement applied to Plant regardless of changes in his role at Astro-Med.

Defendants also argue that the noncompete agreement is unenforceable because Plaintiff breached the agreement first. They contend that when Plaintiff unilaterally decreased Plant's sales territory, Plaintiff severed any obligation Plant had pursuant to the agreement. Again, Defendants offer no Rhode Island authority for their argument. However, even assuming that Defendants are correct on the law that, by unilaterally decreasing Plant's territory, Plaintiff breached the noncompete agreement, Plaintiff has presented evidence that the decrease in territory was not unilateral. Plant admitted in his testimony at trial that Astro-Med had informed him when he accepted the sales position that his sales territory might be partly reallocated in the future. (Trial Tr. 87:11-16, Apr.

2, 2008.) The possibility that the sales territory might be divided was therefore a matter of mutual agreement.

Defendants proffer one more argument that the noncompete agreement was unenforceable. They contend that the noncompete agreement cannot be enforced because Plaintiff had no legitimate business interest to protect. Under Rhode Island law, a company has a legitimate business interest in confidential customer lists or in specific or otherwise unknown needs of a nonconfidential list of customers. See Durapin, Inc., 559 A.2d at 1057. At trial, Plaintiff presented evidence both that its customer list was confidential and that Plant knew specific information about the customers such as pricing which was unknown to competitors. (Trial Tr. 70:23-71:12, Apr. 2, 2008; Trial Tr. 52:6-53:17, 154:8-155:14, Apr. 1, 2008.) Again, Defendants' argument fails.

Attacking on another front, Defendants argue that Plaintiff failed to mitigate its damages. As Plaintiff points out, however, Plaintiff cannot be faulted for this because mitigation of damages is an affirmative defense which Defendants must prove in their case at trial. Here, Defendants moved for judgment as a matter of law only at the conclusion of Plaintiff's case.

Finally, Defendants aver that there was no evidence of trade secret misappropriation. As discussed above, however, Plant had trade information such as confidential customer lists and proprietary information about those customers. See Home Gas Corp. of Mass., Inc. v. DeBlois Oil Co., 691 F.Supp. 567, 575 (D.R.I. 1987); Rego Displays, Inc. v. Fournier, 379 A.2d 1098, 1102 (R.I. 1977). Plaintiff presented evidence at trial that Plant misappropriated that information by soliciting customers on the list. (See, e.g., Trial Tr. 27:21-28:8, 40:8-41:9, 49:4-24, Apr. 3, 2008.)

Accordingly, Defendants' motion for judgment as a matter of law is denied.

SO ORDERED

Mary M. Lisi

Mary M. Lisi
United States District Judge
July 9, 2008