# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,
Plaintiff,

v.

KEVIN PLANT; NIHON KOHDEN AMERICA, INC.
Defendants.

C.A. No. 06-533-ML

## DEFENDANTS' MOTION FOR STAY

Defendants Nihon Kohden America, Inc. ("Nihon Kohden") and Kevin Plant, through counsel, hereby submit their Motion for Stay, requesting that this Court issue an Order staying any execution on the July 25, 2008 Judgment until twenty (20) days after this Court's ruling on Defendants' Motion for a New Trial.

KEVIN PLANT
NIHON KOHDEN AMERICA, INC.
By their Attorneys,

/s/ Bruce W. Gladstone
Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
PHONE: (401) 331-5700
FAX: (401) 331-5787

/s/ E.P. Michael Karcis
E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
PHONE: (310) 450-9353
FAX: (310) 581-8006

Date: August 4, 2008

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ASTRO-MED, INC.,<br>Plaintiff,<br>v.<br>KEVIN PLANT; NIHON KOHDEN AMERICA, INC.<br>Defendants. | C.A. No. 06-533-ML |

## I. INTRODUCTION

Defendants request a 20-day stay of the Court's Judgment dated July 25, 2008 pending the resolution of their Motion for New Trial (filed concurrently herewith).

## II. LEGAL ARGUMENT

Federal Rule of Civil Procedure Rule 62(b) gives a Court the power to grant a stay pending the hearing on a motion for a new trial or a remittitur under Rule 59. The stay may set the terms for the security of the opposing party.

The First Circuit has confirmed that District Courts have discretionary power under Rule 62(b) "to 'stay the execution of or any proceedings to enforce a judgment pending the disposition' of motions … justifying relief from the operation of the judgment." United States Use of Larkin v. Platt Contracting Co., 324 F.2d 95, 97 (1st Cir. 1963).

In this case, a stay without security is appropriate. The same grounds for decline to require security should apply to Defendants that applied to Plaintiff when this Court did not require Plaintiff to post a bond in connection with the preliminary injunction earlier in this action. At the time of the preliminary injunction, this Court did not require Plaintiff to post a bond, because it was "a financially viable company." Nihon Kohden is likewise financially viable and should not be required to post a bond during the stay of the July 25, 2008 judgment.

## III. CONCLUSION

Based on the foregoing, Defendants Nihon Kohden America, Inc. and Kevin Plant request that the Court stay enforcement of the July 25, 2008 Judgment until 20 days after consideration of Defendants' Motion for New Trial.

KEVIN PLANT
NIHON KOHDEN AMERICA, INC.
By their Attorneys,

/s/ Bruce W. Gladstone

Bruce W. Gladstone (#2643)
bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
PHONE: (401) 331-5700
FAX: (401) 331-5787

/s/ E.P. Michael Karcis

E.P. Michael Karcis, Esq.
michael@mcleanfirm.com
McLean & McLean LLP
3001 2nd St., Suite E
Santa Monica, CA 90405
PHONE: (310) 450-9353
FAX: (310) 581-8006

Date: August 4, 2008

G:\pec\PLANT, KEVIN\8-08 NEW\NK Motion For Stay.doc

CERTIFICATION

The undersigned hereby certifies that on the 4th day of August, 2008, a copy of the foregoing Defendants' Motion for Stay was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

Stacey P. Nakasian, Esquire
snakasian@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Building, Suite 1200
Providence, RI 02903

Craig M. Scott, Esquire
cscott@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Robert M. Duffy, Esquire
rduffy@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

/s/ Bruce W. Gladstone