# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

* * * * * * * * * * * * * * * * C.A. NO. 06-533ML
ASTRO-MED, INC. *
VS. * APRIL 4, 2008
* 9:30 A.M.
KEVIN PLANT, et al *
* * * * * * * * * * * * * * * * PROVIDENCE, RI

BEFORE THE HONORABLE MARY M. LISI,
CHIEF JUDGE

(Jury Trial)

APPEARANCES:

FOR THE PLAINTIFF: STACEY P. NAKASIAN, ESQ.
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

FOR THE DEFENDANTS: BRUCE W. GLADSTONE, ESQ.
Cameron & Mittleman
56 Exchange Terrace
Providence, RI 02903

E.P. MICHAEL KARCIS, ESQ.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

Court Reporter: Karen M. Wischnowsky, RPR-RMR-CRR
One Exchange Terrace
Providence, RI 02903

witnesses. In other words, you are not limited to what you see and hear as the witnesses testify.

You are permitted to draw from facts which you find have been proven such reasonable inferences as seem justified in light of your experience.

Inferences are simply deductions or conclusions which reason and common sense lead you to draw from facts which have been established by the evidence in the case. Inferences, however, may not be based on speculation or conjecture.

In this action, Plaintiff Astro-Med issued an interrogatory or written question to the Defendant, Kevin Plant, asking him to identify all sales he made on behalf of Nihon Kohden in Florida.

The Court also ordered Kevin Plant to produce documents to the Plaintiff regarding his consummated sales for Nihon Kohden in Florida.

Kevin Plant responded to the interrogatory by referring to the documents he produced, which consisted of sales quotations.

The Plaintiff asserts that Mr. Plant had in his possession documents and information from which he could have identified his actual sales but which he did not produce.

If you find that Kevin Plant failed to produce

documents or information concerning the actual sales that he made on behalf of Nihon Kohden in the state of Florida, you may infer from Kevin Plant's nonproduction that the documents and information are unfavorable to the defense.

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witnesses, the manner in which the witness testified, the character of the testimony given and evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified and every matter in evidence which tends to show whether a witness is worthy of belief.

Consider each witness's intelligence, motive, state of mind and demeanor or manner while on the stand.

Consider the witness's ability to observe the matters as to which he or she has testified and whether he or she impresses you as having an accurate recollection of these matters.

Consider, also, any relation each witness may

courtroom.

I think it's also significant that the only witness Nihon Kohden brought here for this trial was Michael Ohsawa. Mr. Ohsawa was very candid. He doesn't know anything about the sales process at Nihon Kohden. He doesn't supervise it. He's not responsible for it. He's in California. He's the HR -- head of HR, and he deals with operations.

Now, he did write two very nice letters, which the Defendants highlight in this case, in which he told Kevin Plant, You know, you really should -- we need you to abide by your obligations. Those are very nice letters, and they got put in the file to use in the circumstance that they got sued.

They knew it was a risk. I'd write a letter, too, if I thought I was going to be sued and I'd want to use it in trial.

But where are the people who knew what was going on? Where's Mr. Keogh, where's Mr. Reasoner to come here and tell you, Oh, no, we took these steps to make sure that Nihon Kohden didn't violate the Court's rules, we did this to make sure that neither we or Kevin Plant did anything to prejudice Astro-Med.

Not one witness from Nihon Kohden here to tell you that because they didn't take any steps, and the