**EXHIBIT F**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

* * * * * * * * * * * * * * * * * C.A. NO. 06-533ML

ASTRO-MED, INC. *

VS. * DECEMBER 28, 2006

* 11:00 A.M.

KEVIN PLANT *

* * * * * * * * * * * * * * * * * PROVIDENCE, RI

BEFORE THE HONORABLE MARY M. LISI,

DISTRICT JUDGE

(Preliminary Injunction Hearing)

APPEARANCES:

FOR THE PLAINTIFF: CRAIG M. SCOTT, ESQ.
ROBERT J. O'KEEFE, ESQ.
Duffy, Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

FOR THE DEFENDANT: E.P. MICHAEL KARCIS, ESQ.
McLean & McLean, LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

LISA M. MARTINELLI, ESQ.
Partridge, Snow & Hahn, LLP
180 South Main Street
Providence, RI 02903

Court Reporter: Karen M. Wischnowsky, RPR-RMR-CRR
One Exchange Terrace
Providence, RI 02903

he has developed in the course of his employment to a competitor.

In this case, it is the determination of this Court, at least on an interim basis, that the Defendant's employment at Nihon Kohden, particularly in the areas of overlap, that is, in his sales of EEG, PSG and LTM equipment, is in direct contravention of the agreement that he signed when he became employed with Astro-Med.

I have only heard, however, that his activities within the state of Florida are those that are in contravention of that agreement. As I explained to counsel yesterday, the sheer breadth of the geographic limitation contained in the agreement, it seems to me, unless there's a whole lot more that I haven't heard, I don't think is enforceable under Rhode Island law.

But at the very least, it seems to me, Mr. Plant, that when you accepted employment with Astro-Med, you made a promise and the promise was that you would not compete and that you would not disclose confidential and proprietary information and that by going to a direct competitor and selling precisely the same equipment that you were selling for Astro-Med, that you took a chance. And that chance, unfortunately for you, is in contravention of that agreement.