UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC., | : | |
| Plaintiff, | : | |
| vs. | : | C.A. No. 06-533 ML |
| KEVIN PLANT and NIHON KOHDEN AMERICA, INC., | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF ASTRO-MED, INC.'S OBJECTION TO DEFENDANTS' MOTION FOR STAY**

Defendants Nihon Kohden America, Inc. ("Nihon Kohden") and Kevin Plant ("Plant") have asked the Court to stay execution on the July 25, 2008 Judgment until after this Court rules on defendants' Motion for a New Trial. However, the defendants do not want to have to post security as a condition of the stay. For the reasons set forth herein, the defendants' request for an unsecured stay is totally without legal grounds and should be denied.

In support of their motion, defendants rely upon Rule 62(b) of the Federal Rules of Civil Procedure. That rule authorizes the Court to stay execution of a judgment pending the resolution of post-judgment motions "[o]n appropriate terms for the opposing party's security." It is well recognized that "Rule 62, taken in its entirety, indicates a policy against any unsecured stay of execution after the expiration of the time for filing a Motion for New Trial." *Int'l Wood Processors v. Power Dry, Inc.*, 102 F.R.D. 212, 214 (D.S.C. 1984). "If an unsecured stay is to be granted, the burden is on the defendants to demonstrate affirmatively that posting a bond or otherwise providing adequate security is impossible or impractical." *Id.* (denying motion to grant unsecured stay under Rule 62(b)).

In this case, defendants have offered no evidence that posting a bond in connection with the stay sought would be either impossible or impractical. Indeed, they argue the opposite. They assert that Nihon Kohden is "financially viable" and, for that reason, should not be required to post a bond as a condition of the stay.[1] Defendants cite no authority for the proposition that their financial viability, by itself, is grounds for the Court to waive the security requirement of Rule 62. In *Fuels v. Westchester Fire Insurance Company*, 2006 WL 952,203 (W.D. PA. 2006), the defendants argued, as here, that an unsecured stay was appropriate based on the defendants' financial ability to pay the judgment. The *Fuels* court expressly rejected the defendants' argument that it was "good for" the judgment as grounds to waive security for the stay. The court noted: "if anything, defendants' alleged financial position is such that the defendants should have no difficulty posting adequate security." 2006 WL 952, 203 at *2. The same is true in this case. Moreover, there is a particular need for security here since Nihon Kohden's assets lie outside this judicial district. *See Int'l Wood*, 102 F.R.D. at 215 (noting aggravated risk presented by defendant's assets being outside the district where judgment entered).

Because defendants have not provided any authority for their request and have not satisfied their burden to justify an unsecured stay under Rule 62(b), their Motion should be denied.

[1] Defendants also make the ridiculous argument that because plaintiff was not required to post a bond in connection with the injunction entered in this action, defendants should not be required to do so now. This argument does not even merit a response.

Respectfully submitted,

ASTRO-MED, INC.

/s/ Stacey P. Nakasian

Stacey P. Nakasian, Esq. (#5069)
snakasian@duffysweeney.com
Craig M. Scott, Esq. (# 4237)
cscott@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile

Dated: August 8, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that the within ***Plaintiff Astro-Med, Inc.'s Objection to Defendants' Motion for Stay*** was filed through the ECF system on the 8th day of August, 2008, and will be sent electronically to counsel named below who are registered participants identified on the Notice of Electronic Filing:

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

and was served, via First Class Mail, to the counsel named below who is not a registered ECF participant:

E.P. Michael Karcis, Esq.
McLean & McLean LLP
3001 2nd Street, Suite E
Santa Monica, CA 90405

/s/ Stacey P. Nakasian
Stacey P. Nakasian, Esq.

Astro-Med\Plant, Kevin\Pleadings\06-0533 USDC\Obj Motion for Stay 08-07-08.doc