UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ASTRO-MED, INC.,
    Plaintiff,

v.                                                                                               C.A. No. 06-533 ML

KEVIN PLANT and NIHON KOHDEN
AMERICA, INC.,
    Defendants.

## **MEMORANDUM AND ORDER**

Plaintiff Astro-Med, Inc. ("Astro-Med") filed a complaint alleging breach of contract and unfair competition against Defendant Kevin Plant ("Plant"), tortious interference with contract against Defendant Nihon Kohden America, Inc. ("Nihon Kohden"), and misappropriation of trade secrets against both Defendants. The case proceeded to trial and the jury found in favor of Plaintiff on all counts. Defendants now move for a new trial pursuant to Fed. R. Civ. P. 59 or, in the alternative, for remittitur. For the reasons set forth below, Defendants' motion is DENIED.

### I. Background

This case arises from a salesperson's decision to leave one medical devices manufacturer and supplier to work for a competitor. The salesperson in question, Defendant Plant, began working for Plaintiff Astro-Med as a product specialist in 2002. (Trial Tr. 50:17-24, Apr. 1, 2008.) Upon entering Astro-Med's employment, Plant signed a noncompetition agreement which prohibited him from working for a competitor or

disclosing Astro-Med's confidential information. (Trial Ex. 3.) Plant transferred into a sales position in the summer of 2004. (Trial Tr. 87:5-10, Apr. 2, 2008.) In this role, he sold medical devices for sleep-related disorders in a territory comprising the southeastern United States. (Trial Tr. 87:11-88:10, Apr. 2, 2008.) In 2006, Plant resigned from Astro-Med and immediately began work at Defendant Nihon Kohden, a direct competitor, selling the same devices in some of the same territory. (Trial Tr. 14:15-25, Apr. 3, 2008; Trial Tr. 65:17-22, Apr. 2, 2008; Trial Tr. 60:11-13, Apr. 1, 2008.) Shortly thereafter, Astro-Med filed the complaint described above.

## II. Analysis

A motion for a new trial may be granted "only if the verdict, though rationally based on the evidence, 'was so clearly against the weight of the evidence as to amount to a manifest miscarriage of justice.'" Fernandez v. Corporacion Insular De Seguros, 79 F.3d 207, 211 (1st Cir. 1996) (quoting Lama v. Borras, 16 F.3d 473, 477 (1st Cir. 1994)). Here, Defendants must show that the alleged errors of law or fact were "so grievous as to have rendered the trial unfair." Parker v. Town of Swansea, 310 F. Supp. 2d 356, 370 (D. Mass. 2004) (quoting MacNeill Eng'g Co., Inc. v. Trisport, Ltd., 126 F. Supp. 2d 51, 63 (D. Mass. 2001)). Furthermore, the moving party should not offer arguments and objections for the first time in its motion for a new trial. See Harley-Davidson Motor Co., Inc., v. Bank of New England-Old Colony, N.A., 897 F.2d 611, 616 (1st Cir. 1990). "Motions under Rule 59 must raise matters that were brought to the attention of the district judge during the trial, unless the alleged error was fundamental." Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 283-84 (1st Cir. 1993).

Defendants raise nine errors of law and fact, each of which they claim necessitates a new trial. Because this Court has already addressed the five alleged errors regarding liability and damages in previous opinions, this Court need not conduct a lengthy analysis. This Court disposed of Defendants' two arguments that the noncompetition agreement was unenforceable in its Memorandum and Order of July 9, 2008. This Court also addressed Defendants' contention that Plaintiff failed to establish the misappropriation of trade secrets in its Memoranda and Orders of both July 9, 2008 and July 25, 2008. To the extent that this argument is based on an error of fact, the Court's memoranda identify the evidence presented at trial on which a jury could reasonably rely to find Defendant Plant misappropriated trade secrets. See Rivera Castillo, 379 F.3d at 13. Furthermore, Defendants' two arguments on damages were addressed by this Court's Memorandum and Order on July 25, 2008. Plaintiff both presented evidence of damages and met its burden of proof to support the jury's verdict in Plaintiff's favor. See id.

As an alternative to their claim for a new trial, Defendants argue that remittitur is a proper remedy on the issue of damages. "In cases involving economic losses, remittitur or a new trial on the issue of damages is to be granted only when the jury's award exceeds 'any rational appraisal or estimate of the damages that could be based upon the evidence before it.'" Cahill v. TIG Premier Ins. Co., 47 F. Supp. 2d 87, 89 (D. Mass. 1999) (quoting Kolb v. Goldring, Inc., 694 F.2d 869, 871 (1st Cir. 1982)). A district court has discretion in determining whether to grant remittitur. Conjugal P'ship v. Conjugal P'ship, 22 F.3d 391, 397 (1st Cir. 1994). However, when considering a challenge to a jury award, the evidence must be viewed in the light most favorable to the verdict. Smith v. Kmart Corp., 177 F.3d 19, 30 (1st Cir. 1999).

As discussed at length in this Court's Memorandum and Order dated July 25, 2008, the jury's award of $280,000 for misappropriation of trade secrets is a rational estimate of the damages. See Cahill, 47 F. Supp. 2d at 89. Plaintiff presented two lines of evidence from which the jury calculated a reasonable amount of damages for misappropriation of trade secrets. Moreover, the claims for breach of contract, tortious interference with contract, and unfair competition were based on essentially the same facts as the misappropriation claim: Plant's sales to Plaintiff's former customers. The damages the jury awarded for these claims are all well below the damages awarded for misappropriation. Thus, this Court finds that the jury's award did not "exceed[] 'any rational appraisal or estimate of the damages that could be based upon the evidence before it.'" See id. (quoting Kolb, 694 F.2d at 871).

Defendants also argue that the jury's award is nonsensical because the awards for each claim are inconsistent with each other. Defendants, however, do not explain how the awards are inconsistent or why they are confusing. This Court need not consider an argument which the party has not bothered to develop. See Ryan v. Royal Ins. Co. of Am., 916 F.2d 731, 734 (1st Cir. 1990).

Defendants claim this Court made four errors of law on evidentiary matters. Firstly, Defendants argue that this Court should have admitted testimony from Plaintiff's former employees regarding Plaintiff's alleged inconsistent enforcement of its noncompetition agreements. This Court did not admit the testimony of these additional witnesses because none were comparable to Defendant Plant. Thus, their testimony was not relevant to show that Astro-Med inconsistently enforced the noncompetition agreement against Plant.

Secondly, Defendants contend that this Court should have allowed Brian Kehoe to testify. Defendants, however, failed to name Kehoe as a witness in their pretrial memorandum as required by this Court in its Pretrial Order of February 5, 2007. This Court made clear the consequences of not complying with its order: "Failure to strictly comply with this order will result in appropriate sanctions which may include dismissal, default, or exclusion of evidence." (Pretrial Order, Feb. 5, 2007.) Defendants could not reasonably expect to surprise the opposing party by being permitted to introduce a witness at the last minute in violation of this Court's order.

Thirdly, Defendants contend that this Court allowed questioning of Defendant Plant which violated the attorney-client privilege, work product doctrine and the prohibition against requiring a witness to make legal conclusions. This Court finds no merit in these claims.

Finally, Defendants claim that the Court erroneously instructed the jury that Plant should have produced commission statements although he testified that he did not know if he had any commission statements. (See Jury Instructions at I.8 (Docket # 178).) One of the central issues in this trial was whether Defendant Plant or others in concert with him made sales to former customers of Plaintiff Astro-Med on behalf of Defendant Nihon Kohden in violation of the noncompetition agreement and this Court's injunctions. As the jury instructions state:

> In this action, plaintiff Astro-Med issued an interrogatory, or written question, to the defendant Kevin Plant asking him to identity [sic] all sales he made on behalf of Nihon Kohden in Florida. The Court also ordered Kevin Plant to produce documents to the plaintiff regarding his consummated sales for Nihon Kohden in Florida. Kevin Plant responded to the interrogatory by referring to the documents he produced, which consisted of sales quotations.
> The plaintiff asserts that Mr. Plant had in his possession documents and information from which he could have identified his actual sales, but which he did

> not produce. If you find that Kevin Plant failed to produce documents or information concerning the actual sales that he made on behalf of Nihon Kohden in the State of Florida, you may infer from Kevin Plant's non-production that the documents and information are unfavorable to the defense.

(See id.)

Defendants argue that, because Plant never admitted that he had the relevant commission statements, a failure to produce those statements during discovery should not be held against him. The jury instructions, however, do not go so far. Instead of assuming that Plant had commission statements which he failed to produce, the jury instructions merely instructed the jury that it could make an unfavorable inference *if* it found that Plant "failed to produce documents or information concerning . . . actual sales." (See id.) The jury may properly make a credibility determination as to whether a witness is telling the truth about the existence of a document. Fed. R. Evid. 1008 ("[W]hen an issue is raised [as to] (a) whether the asserted writing ever existed . . . the issue is for the trier of fact to determine as in the case of other issues of fact."). Thus, this Court properly left the credibility determination as to whether Plant in fact possessed commission statements or other evidence of consummated sales in the jury's hands. However, if the jury found that Plant did have such a document and failed to produce it, the jury may make an unfavorable inference from that finding. See Knightsbridge Mktg. Services, Inc. v. Promociones y Proyectos, 728 F.2d 572, 575 (1st Cir. 1984). "The failure or refusal to produce a relevant document . . . is evidence *from which alone* its contents may be inferred to be unfavorable to the possessor . . . ." Id. (quoting 2 Wigmore on Evidence § 291, at 228 (Chadbourn rev. 1979)).

### III. Conclusion

Accordingly, for the reasons set forth above, Defendants' motion for a new trial or, in the alternative, for remittitur is denied.


SO ORDERED

*[signature]*
Mary M. Lisi
United States District Judge
September 22, 2008