UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRO-MED, INC., Plaintiff, | : | |
| v. | : | CA 06-533 ML |
| KEVIN PLANT and NIHON KOHDEN AMERICA, INC., Defendants. | : | |

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court are two motions:

1. Plaintiff Astro-Med, Inc.'s Motion to Amend Judgment (Doc. #232) ("Motion to Amend Judgment" or "Motion to Amend"); and

2. Plaintiff Astro-Med, Inc.'s Motion to Enforce Surety's Liability (Doc. #236) ("Motion to Enforce Surety's Liability" or "Motion to Enforce") (collectively the "Motions").

The Motions have been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B).[1] After reviewing the filings, listening to oral argument, and performing independent research, I recommend that

---

[1] At the January 13, 2010, hearing on the Motions, counsel for Plaintiff Astro-Med, Inc. ("Astro-Med"), suggested that the Court could enter an order granting the Motion to Enforce Surety's Liability and address the Motion to Amend Judgment in a report and recommendation. Subsequent to the hearing, this Magistrate Judge confirmed with Chief Judge Lisi that both Motions are to be addressed by a report and recommendation.

the Motions be granted for the reasons stated below.

**I. Facts**

On April 7, 2008, a jury hearing this matter found that Defendants Kevin Plant ("Plant") and Nihon Kohden America, Inc. ("Nihon Kohden") (collectively "Defendants"), had misappropriated trade secrets from Plaintiff Astro-Med, Inc. ("Plaintiff" or "Astro-Med"), and that the misappropriation was willful and malicious. See Verdict Form (Doc. #179) at 2. The jury awarded damages totaling $375,800.00. See id. at 1-2; see also Docket Entry for Doc. #179.

On May 6, 2008, Astro-Med filed a motion seeking attorneys' fees in the amount of $212,179.35 and non-taxable costs in the amount of $11,844.37. See Plaintiff Astro-Med, Inc.'s Motion for Attorneys' Fees and Exemplary Damages (Doc. #194) ("Motion for Attorneys' Fees and Exemplary Damages") at 1. In the same motion, Astro-Med also requested an award of exemplary damages in the amount of $560,000.00. See id. On July 25, 2008, District (now Chief) Judge Mary M. Lisi granted the request for attorneys' fees in part,[2] awarding $209,911.85, and granted Astro-

[2] The request for attorneys' fees was granted "in part," Memorandum and Order (Doc. #207) ("Memorandum and Order of 7/25/08") at 12, because Chief Judge Lisi deducted $2,267.50 from the attorneys' fees that Defendants were responsible for paying and ordered that this amount be paid by Defendants' counsel as a sanction pursuant to Fed. R. Civ. P. 37, id. at 3, 12. Thus, the total amount of attorneys' fees awarded to Astro-Med actually equaled the amount requested. Defendants were ordered to pay $209,911.85 in attorneys' fees and their counsel were ordered to pay $2,267.50. These sums total $212,179.35, the amount of attorneys' fees which Astro-Med requested.

Med's entire request for $11,844.37 in costs. See Memorandum and Order (Doc. #207) ("Memorandum and Order of 7/25/08") at 12. Judge Lisi also awarded Astro-Med $560,000.00 in exemplary damages. See id. On the same date, judgment was entered against Defendants in the amount of $1,157,556.22.[3] See Judgment (Doc. #208).

On October 17, 2008, Defendants appealed from the Judgment to the United States Court of Appeals for the First Circuit ("First Circuit"). See Notice of Appeal by the Defendants, Nihon Kohden America, Inc. and Kevin Plant (Doc. #218). To stay execution of the Judgment during the pendency of the appeal pursuant to Fed. R. Civ. P. 62(d), the American Contractors Indemnity Company ("American"), as surety for Defendants, filed with the clerk of this Court a written undertaking to pay Astro-Med the amount of the Judgment and all costs incurred up to $1,276,806.09 if the appeal was dismissed or the Judgment of this Court was affirmed. See Bond (Doc. #226).

On October 22, 2009, the First Circuit entered judgment affirming the Judgment of this Court. See First Circuit Judgment (Doc. #231). The First Circuit's Mandate (Doc. #235) was issued

---

See Plaintiff Astro-Med, Inc.'s Motion for Attorneys' Fees and Exemplary Damages ("Motion for Attorneys' Fees and Exemplary Damages").

[3] The Judgment of $1,157,556.22 is the sum of $375,800.00 (jury award) plus $560,000.00 (exemplary damages) plus $209,911.85 (attorneys' fees) plus $11,844.37 (costs).

on November 13, 2009. Astro-Med filed the Motion to Amend Judgment on November 12, 2009, and the Motion to Enforce Surety's Liability on November 18, 2009. Defendants filed an objection to the Motion to Amend on November 30, 2009, see Defendants Nihon Kohden America, Inc.'s and Kevin Plant's Objection to Plaintiff's Motion to Amend Judgment (Doc. #238), and an objection to the Motion to Enforce on December 7, 2009, see Defendants Nihon Kohden America, Inc.'s and Kevin Plant's Objection to Plaintiff's Motion to Enforce Surety Liability (Doc. #240). A hearing on the Motions was held on January 13, 2010.

## II. Motion to Amend Judgment

By the Motion to Amend, Astro-Med seeks to amend paragraph four of the Judgement to include additional attorneys' fees in the amount of $71,690.50 and additional costs in the amount of $1,040.83. See Motion to Amend at 1. The amounts sought are for the attorneys' fees and costs incurred by Astro-Med since April 30, 2008, which period includes Defendants' unsuccessful appeal to the First Circuit. See Plaintiff Astro-Med, Inc.'s Memorandum in Support of Motion to Amend Judgment ("Astro-Med's Mem. Re Motion to Amend") at 1. In support of the Motion to Amend, Astro-Med has submitted an affidavit from Attorney Stacey P. Nakasian with an attached exhibit which details the work performed by Astro-Med's attorneys since April 30, 2008, and the hourly rates charged by these attorneys during 2008 and 2009.

See Affidavit of Stacey P. Nakasian in Support of Plaintiff Astro-Med, Inc.'s Motion to Amend Judgment (Doc. #233) ("Nakasian Aff.").

Defendants raise a number of objections to the Motion to Amend. See Defendants Nihon Kohden America, Inc.'s and Kevin Plant's Memorandum in Support of Their Objection to Plaintiff's Motion to Amend Judgment ("Defendants' Mem. Re Motion to Amend"). First, Defendants suggest that because the First Circuit did not award Astro-Med any fees or costs on appeal, this Court is precluded from doing so. Id. at 2.[4] However, as Astro-Med notes, see Reply Brief in Support of Plaintiff Astro-Med, Inc.'s Motion to Amend Judgment (Doc. #239) at 1-2, the fact that the Court of Appeals did not award attorneys' fees and costs does not preclude this Court from doing so, see Souza v. Southworth, 564 F.2d 609, 613 (1st Cir. 1977)("It would be a waste of judicial resources if [after appeal of the merits and remand] a district court were barred from assessing the appeal in considering a fee award."); see also Perkins v. Standard Oil Co. of California, 399 U.S. 222, 223, 90 S.Ct. 1989 (1970)(explaining that the failure to make explicit mention of attorneys' fees in its mandate "simply left the matter open for consideration by the District Court, to which the mandate was directed"). Accordingly, the Court rejects

[4] The first page of Defendants' Mem. Re Motion to Amend is numbered 3. The Court disregards this number and treats the first page of the memorandum as page 1.

Defendants' suggestion that it is precluded from awarding attorneys' fees to Astro-Med for work performed in connection with Defendants' appeal to the First Circuit.

Defendants next argue that the Court should deny Astro-Med's request for post-Judgment fees and costs because Judge Lipez, in his concurring opinion affirming the Judgment, stated that "[t]his case highlights an analytical flaw in our precedent ...." Defendants' Mem. Re Motion to Amend, Ex. C (Astro-Med, Inc. v. Nihon Kohden America, Inc., Nos. 08-2334 and 08-2335, slip op. (1st Cir. Oct. 22, 2009)("Astro-Med, Inc.")) at 45 (Lipez, J., concurring). Defendants assert that this phrase "underscor[e]s the reasonableness of the issues Defendants raised on appeal -- significant open issues based on prior precedents which the First Circuit clarified in its opinion."[5] Defendants' Mem. Re Motion to Amend at 1. Thus, Defendants contend that their appeal was reasonable, that it had a beneficial effect, and that, therefore, this Court should deny Astro-Med's request for attorneys' fees and costs associated with defending its judgment on appeal. The Court is not so persuaded.

In his concurring opinion Judge Lipez commented on an inconsistency which he had pointed out previously regarding the application of the Calder v. Jones, 465 U.S. 783, 789, 104 S.Ct.

---

[5] Defendants misquote Judge Lipez by adding an "s" to the word precedent. See Defendants' Mem. Re Motion to Amend at 1.

1482 (1984), "effects" test to the personal jurisdiction inquiry. Astro-Med, Inc., at 45. His comments are less concerned with the merits of Defendants' appeal than with the evolution of the First Circuit's decisions concerning this principle. See id. at 45-46. Read in its entirely, the First Circuit's opinion reflects that Defendants' arguments were uniformly rejected and, as to some issues, strongly rejected, see, e.g., id. at 15 (finding "Nihon Kohden's position ... manifestly untenable"); id. at 16 (stating that "Nihon Kohden's earnest complaint about undue burden rings hollow"); id. at 20 (disagreeing with Defendants' claim that "the evidence strongly supported (almost mandated) a defense verdict"); id. at 24 n.7 (noting that Defendants cited two cases in support of proposition that a non-competition clause cannot be breached until it is modified, but neither case "says such a thing"); id. at 25 (stating that "Defendants' contention does not withstand analysis"); id. at 33 ("there was ample evidence that the very reason Nihon Kohden hired Plant was to obtain access to his intimate knowledge of Astro-Med's business"); id. at 36 (rejecting Defendants' claim that jury verdict was inconsistent and nonsensical where "Defendants have not explained why these monetary awards are inconsistent"). Accordingly, to the extent that Defendants content that the Motion to Amend should be denied because of the alleged reasonableness of the issues which they raised on appeal and the claimed beneficial effect of having the

First Circuit address those issues, the Court is unpersuaded by this argument.

Furthermore, regardless of any claimed reasonableness of Defendants' appeal, Plant is contractually obligated, as a result of his breach of the noncompete and nondisclosure agreement, to pay all legal and other expenses reasonably incurred by Astro-Med in connection with the enforcement of Plant's obligations or Astro-Med's rights under the agreement. See Memorandum and Order of 7/25/08 at 7. In addition, under the Rhode Island Trade Secrets Act, the court may award reasonable attorneys' fees to the prevailing party if the jury finds that the misappropriation was willful and malicious. See id. Here the jury made such a finding as to both Plant and Nihon Kohden. See Verdict Form at 2. Thus, there is ample basis for the Court to award attorneys' fees and costs to Astro-Med for defending its judgment even if the issues raised on appeal were as reasonable as Defendants contend and resulted in the "clarifi[cation]," Defendants' Mem. Re Motion to Amend at 1, which Defendants claim.

Defendants next challenge Astro-Med's right to request attorneys' fees for the period predating the Judgment, or specifically the period from May 1, 2008, to July 25, 2008. See Defendants' Mem. Re. Motion to Amend at 2 (asserting that the Memorandum and Order of 7/25/08 "is the Court's definitive ruling on Plaintiff's pre-July 25 request for fees and costs" and

arguing that "all fees and costs Plaintiff incurred before the Judgment was entered have been decided by this Court (or Plaintiff has had the opportunity to have this Court consider them)"). Defendants further claim that Astro-Med has "fail[ed] to distinguish between the legal fees allegedly incurred pre- and post-Judgment." Id.

Addressing these arguments in order, Astro-Med has the right to its attorneys' fees and costs at all phases of the litigation because its contract with Plant specifically provides attorneys' fees to the prevailing party and because the jury found that Defendants' misappropriation of trade secrets was committed willfully and maliciously. The Court rejects Defendants' argument that because Astro-Med's Motion for Attorneys' Fees and Exemplary Damages (filed on May 6, 2008) sought attorneys' fees and costs through April 30, 2008, that Astro-Med somehow forfeited its right to seek attorneys' fees and costs for work performed after that date. The Court also rejects Defendants' argument that because Chief Judge Lisi granted Astro-Med's request for attorneys' fees "in part," Memorandum and Order of 7/25/08 at 12, she was indicating that no further requests for attorneys' fees and costs would be granted by the Court.[6] As for Defendants' contention that Astro-Med has failed to differentiate between attorneys' fees and costs incurred pre-Judgment and post-

[6] See n.2.

Judgment, this contention is baseless given that Exhibit A to the Nakasian Aff. itemizes by date the fees and costs sought. Accordingly, this additional argument is rejected.

Defendants state that if the Court determines that Astro-Med is entitled to an additional award of fees and costs, Defendants alternatively request that the Court continue the hearing on the Motion to Compel and order Astro-Med's counsel "to produce the legal services invoices relied upon to allow Defendants to present affidavits regarding the reasonableness and applicability of Plaintiff's request." Defendants' Mem. Re Motion to Amend at 3. The Court sees no need to order production of these invoices. The fees and costs at issue are itemized in billing records attached as Exhibit A to the Nakasian Aff. From these records, it is clear what services were provided and when. With respect to Defendants' request that they be allowed to present affidavits, there is no reason why Defendants could not have presented affidavits regarding the reasonableness of the fees and costs after they received the Nakasian Aff. on November 12, 2009. Had they done so, any objection to the fees and costs sought could have been addressed at the January 13, 2010, hearing. Therefore, Defendants' request for additional time to present affidavits should be denied.

Defendants state that "[i]n the second alternative, it is respectfully requested that this Court conduct an *in camera*

review of the billing records upon which Plaintiff is relying in its request for attorneys' fees and costs to determine reasonableness and applicability." Defendants' Mem. Re Motion to Amend at 3. For the reasons already expressed in the preceding paragraph, the Court sees no need for an *in camera* review. The Court is able to determine the reasonableness and applicability of the fees and costs sought from Exhibit A to the Nakasian Aff. Having reviewed Exhibit A, the Court finds the fees and costs sought to be reasonable.

For the reasons stated above, I recommend that the Motion to Amend be granted and that $72,731.33 (attorneys' fees of $71,690.50 + costs of $1,040.83 = $72,731.33) be added to the $1,157,556.22 Judgment for a total amended judgment against Defendants of $1,230,287.55, plus interest.

**III. Motion to Enforce Surety's Liability**

The Motion to Enforce is brought pursuant to Fed. R. Civ. P. 65.1 and District of Rhode Island Local Rule 65.1. See Motion to Enforce at 1. Astro-Med seeks to enforce the surety's liability for the final judgment against Defendants in the amount of $1,157,556.22, see Judgment, plus the $72,731.33 sought by Astro-Med in the Motion to Amend, for a total of $1,230,287.55, plus interest. See id.

Fed. R. Civ. P. 65.1 states:

> Whenever these rules (including the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture

> Actions) require or allow a party to give security, and security is given through a bond or other undertaking with one or more sureties, each surety submits to the court's jurisdiction and irrevocably appoints the court clerk as its agent for receiving service of any papers that affect its liability on the bond or undertaking. The surety's liability may be enforced on motion without an independent action. The motion and any notice that the court orders may be served on the court clerk, who must promptly mail a copy of each to every surety whose address is known.

Fed. R. Civ. P. 65.1.

Astro-Med represents that it has satisfied all of the conditions under Rule 65.1 to proceed against the surety, American. See Memorandum in Support of Plaintiff Astro-Med, Inc.'s Motion to Enforce Surety's Liability ("Astro-Med's Mem. Re Motion to Enforce") at 1. First, Astro-Med states that American is a surety as contemplated under Rule 65.1. See id. Second, the First Circuit entered a final judgment in Astro-Med's favor and has issued its Mandate. See id.

Defendants argue that the Motion to Enforce is premature. See Defendants Nihon Kohden America, Inc.'s and Kevin Plant's Memorandum in Support of Their Objection to Plaintiff's Motion to Enforce Surety's Liability ("Defendants' Mem. Re Motion to Enforce") at 1. They object to the enforcement against the surety "until a reasonable time after this Court issues its ruling on Plaintiff's motion to amend the Judgment." Id. Defendants further request the opportunity to pay the final judgment without the need to enforce against the surety. Id.

The Court does not view the Motion to Enforce as premature. Defendants have had more than two months to pay at least the $1,159.823.60 judgment which the First Circuit affirmed on October 22, 2009, and as to which the Mandate issued on November 13, 2009. This amount would not change even if this Court were to deny the Motion to Amend. Thus, Defendants have had "the opportunity to pay" the original Judgment for weeks. There is no substantial reason for Defendants not to have already availed themselves of the "opportunity" which they now ask the Court to give them.

Perhaps if Defendants had demonstrated their willingness and ability to satisfy the judgment by paying the $1,157,556.22 (or a substantial portion thereof), the Court might view their present request differently. However, the fact that they have not paid anything makes Astro-Med's decision to seek payment directly from American eminently reasonable. This case has continued long enough. Astro-Med is entitled to the compensation which it has been awarded without further delay by Defendants.

Accordingly, the Motion to Enforce the Surety's Liability in the amount of $1,230,287.55 should be granted. I so recommend.

**IV. Conclusion**

For the reasons stated above, I recommend that the Motion to Amend Judgment be granted and that $72,731.33 be added to the $1,157,556.22 Judgment for a total amended judgment against

Defendants of $1,230,287.55, plus interest. I further recommend that the Motion to Enforce Surety's Liability be granted, allowing Astro-Med to enforce liability against American Contractors Indemnity Company in the amount of $1,230,287.55, plus interest.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
January 28, 2010